Lansing R. Palmer (LP-4179)
AKERMAN SENTERFITT LLP
335 Madison Avenue, 26th Floor
New York, N.Y. 10017-4636
(212) 880-3800

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
_____/

| | |
|---|---|
| L & L WINGS, INC., | **ECF CASE** |
| Plaintiff, | 07 Civ 4137 (BSJ)(GWG) |
| - against - | ANSWER TO COMPLAINT AND COUNTERCLAIMS |
| MARCO-DESTIN INC., 1000 HIGHWAY 98 EAST CORP, PANAMA SURF & SPORT, INC. and E & T INC., | JURY TRIAL DEMANDED on COUNTERCLAIMS |
| Defendants. | |

_____/

Defendants, MARCO-DESTIN, INC., 1000 HIGHWAY 98 EAST CORP., PANAMA

SURF & SPORT, INC. and E & T INC., by and through counsel, hereby respond to the

Complaint as follows:

<u>NATURE OF ACTION</u>

Defendants acknowledge that Plaintiff purports to bring an action for service mark and

trademark infringement, unfair competition and related causes of action as set forth in the

Complaint, but deny any violation of any rights as more specifically set forth herein.

JURISDICTION AND VENUE

Defendants do not dispute that the Court has subject matter jurisdiction, personal

jurisdiction over all Defendants, and does not dispute venue in this Court, but otherwise deny the

allegations in this section of the Complaint.

PARTIES

1.      Plaintiff, having insufficient information to form a belief, neither admits nor

denies the allegations of paragraph 1 of the Complaint, leaving Plaintiff to its proofs.

2.      Admitted.

3.      Admitted.

4.      Admitted.

5.      Admitted.

6.      Plaintiff, having insufficient information to form a belief, neither admits nor

denies the allegations of paragraph 6 of the Complaint, leaving Plaintiff to its proofs.

7.      Plaintiff, having insufficient information to form a belief, neither admits nor

denies the allegations of paragraph 7 of the Complaint, leaving Plaintiff to its proofs.

8.      Plaintiff, having insufficient information to form a belief, neither admits nor

denies the allegations of paragraph 8 of the Complaint, leaving Plaintiff to its proofs.

9.      Plaintiff, having insufficient information to form a belief, neither admits nor

denies the allegations of paragraph 9 of the Complaint, leaving Plaintiff to its proofs, but

expressly denies that the Mark is recognized by consumers as representing Plaintiff's retail stores

and business operations because, inter alia, two of the Defendants used the Mark for a substantial

period of time since 1985.

10.     Plaintiff, having insufficient information to form a belief, neither admits nor denies the allegations of paragraph 10 of the Complaint, leaving Plaintiff to its proofs, but expressly denies that the Mark is recognized by consumers as representing Plaintiff's retail stores and business operations because, inter alia, two of the Defendants used the Trade Dress for a substantial period of time since 1985.

11.     Plaintiff, having insufficient information to form a belief, neither admits nor denies the allegations of paragraph 11 of the Complaint, leaving Plaintiff to its proofs that the Mark is recognized by beachware retail industry and by the consuming public as representing Plaintiff's retail stores and business operations because, inter alia, two of the Defendants used the Mark for a substantial period of time since 1985.

12.     Plaintiff, having insufficient information to form a belief, neither admits nor denies the allegations of paragraph 12 of the Complaint, leaving Plaintiff to its proofs that the Trade Dress has acquired a secondary meaning and become distinctive in the minds of the consuming public because, inter alia, two of the Defendants used the Mark for a substantial period of time since 1985.

13.     Denied.

14.     Admitted that part of the promises and representations made by Plaintiff and/or its principals is set forth in paragraph 14 of the Complaint.

15.     Denied.

16.     Denied.

17.     Denied.

18.     Denied.

19.     Denied.

20.    Denied, except that Defendants admit that the quoted language appears in the Exhibit A.

21.    Denied.

22.    Denied.

23.    Denied as stated because prior to the time period referred to in this paragraph of the Complaint, the Plaintiff had no control over the business practices of Defendants.

24.    Denied.

25.    Denied.

26.    Defendants acknowledge that Plaintiffs have purported to send what Plaintiff contends to be notice.

27.    Denied.

28.    Denied.

COUNT I

29.    Defendants repeat and reallege the responses contained in paragraphs 1 through 28 of this Answer and Counterclaim as if fully set forth herein.

30.    Defendants acknowledge that Plaintiff seeks to plead a cause of action pursuant to § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), but otherwise deny the allegations of paragraph 30 of the Complaint.

31.    Denied.

32.    Denied.

33.    Denied.

34.    Denied.

35.    Denied.

36.     Denied.

37.     Denied.

38.     Denied.

COUNT II

39.     Defendants repeat and reallege the responses contained in paragraphs 1 through 38 of this Answer and Counterclaim as if fully set forth herein.

40.     Defendants acknowledge that Plaintiff seeks to plead a cause of action pursuant to § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), but otherwise deny the allegations of paragraph 40 of the Complaint.

41.     Denied.

42.     Denied.

43.     Denied.

44.     Denied.

45.     Denied.

46.     Denied.

47.     Denied.

48.     Denied.

COUNT III

49.     Defendants repeat and reallege the responses contained in paragraphs 1 through 48 of this Answer and Counterclaim as if fully set forth herein.

50.     Defendants deny that Plaintiff seeks to plead a cause of action for injury to business reputation and dilution under § 360-l of the New York General Business Law, acknowledge that Plaintiff may be seeking to plead a cause of action for injury to business

reputation and dilution under § 368-d of the New York General Business Law, and for use of

name or address within intent to deceive under § 133 of the New York General Business Law,

but otherwise deny the allegations of paragraph 50 of the Complaint.

    51.    Denied.

    52.    Denied.

COUNT IV

    53.    Defendants repeat and reallege the responses contained in paragraphs 1 through

52 of this Answer and Counterclaim as if fully set forth herein.

    54.    Defendants acknowledge that Plaintiff seeks to plead a cause of action under the

common law but otherwise deny the allegations of paragraph 54 of the Complaint.

    55.    Denied.

    56.    Denied.

    57.    Denied.

    58.    Denied.

    59.    Denied.

COUNT V

    60.    Defendants repeat and reallege the responses contained in paragraphs 1 through

59 of this Answer and Counterclaim as if fully set forth herein.

    61.    Defendants acknowledge that Plaintiff seeks to plead a cause of action under the

New York common law of unfair competition but otherwise deny the allegations of paragraph 61

of the Complaint.

    62.    Denied.

    63.    Denied.

<u>COUNT VI</u>

64.     Defendants repeat and reallege the responses contained in paragraphs 1 through 63 of this Answer and Counterclaim as if fully set forth herein.

65.     Denied.

66.     Denied.

67.     Denied.

68.     Denied.

69.     Denied.

70.     Denied.

71.     Denied.

72.     Denied.

73.     Denied.

**<u>AFFIRMATIVE DEFENSES</u>**

<u>FIRST AFFIRMATIVE DEFENSE</u>

74.     The Complaint fails in whole or in part to state a claim upon which relief can be granted and the same should be dismissed.

<u>SECOND AFFIRMATIVE DEFENSE</u>

75.     Plaintiff's action for breach of contract is barred by Plaintiff's own breach of contract.

<u>THIRD AFFIRMATIVE DEFENSE</u>

76.     Plaintiff's failure to mitigate its alleged damages acts as a bar to the relief that Plaintiff seeks in its Complaint.

## FOURTH AFFIRMATIVE DEFENSE

77.     Plaintiff has acted with unclean hands which acts as a bar to the relief that Plaintiff seeks in the Complaint.

## FIFTH AFFIRMATIVE DEFENSE

78.     The Licens[ing] Agreement referred to in the Complaint was entered into under duress.

## SIXTH AFFIRMATIVE DEFENSE

79.     As more fully set forth below, Defendants were induced by the fraud of Plaintiff to enter into the Licens[ing] Agreement referred to in the Complaint.

## SEVENTH AFFIRMATIVE DEFENSE

80.     Plaintiff is barred by waiver and estoppel from enforcing the Licens[ing] Agreement referred to in the Complaint.

## RESERVATION

81.     Should any of the foregoing affirmative defenses be deemed to be counterclaims, they are hereby designated as such.

## **COUNTERCLAIMS**

82.     This Court has personal jurisdiction over the parties and venue is proper in this Court.

83.     This Court has subject matter jurisdiction over these counterclaims pursuant to Rule 13, Federal Rules of Civil Procedure.

84.     Plaintiff L & L Wings, Inc., is, on information and belief, a South Carolina corporation authorized to do business in the State of New York and having its principal place of business at 8 East 41st Street, in the City, County and State of New York.

85.    Defendant Marco-Destin, Inc. is a Florida corporation having a place of business located at 10400 Northwest 33rd Street, Miami, Florida.

86.    Defendant Highway 98 East Corp., is a Florida corporation having a place of business located at 10400 Northwest 33rd Street, Miami, Florida.

87.    Defendant Panama Surf & Sport, Inc., is a Florida corporation having a place of business located at 10400 Northwest 33rd Street, Miami, Florida.

88.    Defendant E & T Inc., is a South Carolina corporation having a place of business located at 10400 Northwest 33rd Street, Miami, Florida.

89.    Since at least as early as 1985, Plaintiff and Defendant Marco-Destin, Inc. and Defendant E & T Inc. operated various retail stores selling beachware and related merchandise at least under the trademark WINGS.

90.    Since long prior to November 1, 1998, Plaintiff, and one of Defendants Marco-Destin, Inc. and E & T, Inc., operated various retail stores in the same city selling beachware and related merchandise at least under the trademark WINGS.

91.    Prior to November 1, 1998, in connection with operating retail stores as set forth in these Counterclaims, Plaintiff controlled the finances of Defendants Marco-Destin Inc. and E & T Inc., but did not control the day-to-day operations of the retail stores and/or the use of the trademark WINGS.

92.    Despite numerous demands, Plaintiff L & L Wings, Inc. never provided a complete and proper accounting to Defendant Marco-Destin Inc. and/or E & T Inc. (or any other Defendant) relative to Plaintiff's control over the finances of one or more of the Defendants.

93.    On or about November 1, 1998, as part of an agreement to return to Defendants certain assets to which they were entitled, Plaintiff and the four Defendants negotiated some of

the terms for future operations of various retail stores for the selling of beachware and related merchandise.

94.     For the next approximately 18 months, Plaintiff continued to withhold assets duly belonging to one or more of the Defendants while continuing to negotiate various terms for a formal agreement.

95.     On or about February 17, 2000, Mr. Shaul Levy was present in Florida with Mr. Eli Tabib.  A total of 33 pages were forwarded to Florida by facsimile machine at which time various pages were signed in response to various representations made by Mr. Shaul Levy as will be more fully set forth below.  The 33 pages were not complete agreements but were essentially signature pages.

96.     One of the issues being negotiated was the failure of Plaintiff to provide a complete and proper financial accounting.  Another of the issues being negotiated was the length of time that one or more Defendants could use the trademark WINGS with respect to which one or more of the Defendants participated in creating any and all good-will.  A third issue being negotiated was the length of time that one or more Defendants could use what Plaintiff refers to as Trade Dress with respect to which one or more of the Defendants participated in creating any and all good-will.

97.     On February 17, 2000, the matters referred to in paragraph 96 of this Counterclaim were still being negotiated.  Mr. Shaul Levy indicated that Plaintiff would not release any funds which Plaintiff had agreed belonged to one or more Defendants, unless Defendants signed the various pages which had been sent via facsimile to Florida and which were referred to in paragraph 95 of these Counterclaims.  Second, Mr. Shaul Levy represented to Defendants that the issue of Defendants' continued use of what Plaintiff refers to as the Mark and

Trade Dress would be resolved as requested by Defendants, namely, the Defendants' rights would be in perpetuity as long as there was no material change in ownership of the Defendant corporations.  In confirmation and furtherance of these representations, Mr. Shaul Levy did <u>not</u> sign the Licensing Agreement and represented that the issues would be resolved <u>before</u> Plaintiff signed the Licensing Agreement.

98.     The representations of Mr. Shaul Levy were false, were knowingly false, and were made with the intention that Defendants would rely on those representations.

99.     Defendants did rely on the aforementioned representations of Mr. Shaul Levy to their detriment and signed the signature pages.

100.     After the pages were signed, copies of the signed pages were sent via facsimile from Florida to New York.  Immediately, Mr. Meier Levy crossed out the name of Mr. Shaul Levy on the Licensing Agreement and signed on behalf of Plaintiff.

FIRST COUNTERCLAIM

101.     Defendants repeat and reallege the allegations contained in paragraphs 82 through 100 of the Counterclaims as fully and completely as if set forth herein verbatim.

102.     This Counterclaim is for rescission, revocation and/or reformation of the Licensing Agreement referred to in the Complaint.

103.     Plaintiff never had any intention of honoring its representations to Defendants relative to the issues still remaining to be negotiated as of February 17, 2000.

104.     Plaintiff expressly misrepresented the facts and fraudulently induced Defendants to rely thereon and to sign the Licensing Agreement.

105.     Defendants reasonably relied on the false representations of Plaintiff to its detriment, not knowing that they were false, and signed the Licensing Agreement.

106.    Accordingly, the Licensing Agreement should be set aside, rescinded, revoked and or reformed.

SECOND COUNTERCLAIM

107.    Defendants repeat and reallege the allegations contained in paragraphs 82 through 106 of the Counterclaims as fully and completely as if set forth herein verbatim.

108.    This Counterclaim is brought solely by Defendant 1000 Highway 98 East Corp. against Plaintiff.

109.    Plaintiff knew from its many years of dealing with Defendants, that Defendant Defendant 1000 Highway 98 East Corp. never operated a retail store under the names Wings and/or under what Plaintiff refers to as its Trade Dress prior to November 1, 1998.

110.    Defendant 1000 Highway 98 East Corp. was induced by the fraudulent representations as aforesaid to sign the Licensing Agreement.

111.    Defendant 1000 Highway 98 East Corp. has never operated a retail store under the names Wings and/or under what Plaintiff refers to as its Trade Dress subsequent to November 1, 1998.

112.    The action brought against Defendant 1000 Highway 98 East Corp was brought and is being maintained in bad faith.

113.    Defendant 1000 Highway 98 East Corp. seeks its reasonable attorneys' fees in defending against the Complaint herein.

THIRD COUNTERCLAIM

114.    Defendants repeat and reallege the allegations contained in paragraphs 82 through 113 of the Counterclaims as fully and completely as if set forth herein verbatim.

115.   This Counterclaim is brought solely by Defendant Panama Surf & Sport, Inc. against Plaintiff.

116.   Plaintiff knew, from its many years of dealing with Defendants, that Defendant Panama Surf & Sport, Inc. never operated a retail store under the names Wings and/or under what Plaintiff refers to as its Trade Dress prior to November 1, 1998.

117.   Defendant Panama Surf & Sport, Inc. was induced by the fraudulent representations as aforesaid to sign the Licensing Agreement.

118.   Defendant Panama Surf & Sport, Inc. has never operated a retail store under the names Wings and/or under what Plaintiff refers to as its Trade Dress subsequent to November 1, 1998.

119.   The action brought against Defendant Panama Surf & Sport, Inc. was brought and is being maintained in bad faith.

120.   Defendant Panama Surf & Sport, Inc. seeks its reasonable attorneys' fees in defending against the Complaint herein.

## FOURTH COUNTERCLAIM

121.   Defendants repeat and reallege the allegations contained in paragraphs 82 through 120 of the Counterclaims as fully and completely as if set forth herein verbatim.

122.   This Counterclaim seeks an equitable accounting as among the parties.

123.   As part of the negotiations and obtaining signatures to various documents on or about February 17, 2000, Plaintiff promised a complete and accurate accounting from its operation of Marco-Destin, Inc., and E & T Inc.

124.    During the time that Plaintiff controlled the books and records of Marco-Destin, Inc., and E & T Inc., Plaintiff held a position of trust in the nature of a fiduciary position and fiduciary relationship to the other owners of said entities and to Mr. Eli Tabib.

125.    Plaintiff had no incentive to allocate expenses properly because Plaintiff would receive the same net revenue whether the expense was paid by Plaintiff or from one of the Defendant corporations.

126.    Plaintiff failed to allocate expenses properly and failed to provide a proper accounting of the charges, costs and expenses allocated to one or more Defendants. Defendants seek an equitable accounting from Plaintiff with respect to all activities taken during the time that Plaintiff had legal, equitable and/or de facto control of the books and records of one or more Defendants.

WHEREFORE, Defendants pray as follows:

1.    For judgment against Plaintiff on the Complaint;

2.    For reformation, revocation and/or rescission of the Licensing Agreement;

3.    For judgment on the Counterclaims;

4.    For reasonable attorneys' fees of Defendant 1000 Highway 98 East Corp in responding to the Complaint;

5.    For reasonable attorneys' fees of Defendant Panama Surf & Sport, Inc., in responding to the Complaint;

6.    For an equitable accounting;

7.    For reasonable attorneys' fees, costs and such other and further relief as to the

Court appears just and proper.

Dated:  September 18, 2007

Respectfully submitted,

/s/ *Lansing R. Palmer*
Lansing R. Palmer (LP-4179)
AKERMAN SENTERFITT LLP
335 Madison Avenue, 26th Floor
New York, N.Y. 10017-4636
(212) 880-3800

*Attorneys for Defendants*