## CONSULTING AGREEMENT

This Consulting Agreement dated as of _____, 2000 by and between L & L Wings, Inc., a _____ corporation (the "Company"), having its principal office at _____, and Eli Tabib (the "Consultant"), having an address at _____.

## P R E A M B L E

The Company and its affiliates sell at retail clothing and related merchandise in various locations in, inter alia, the Southern United States. The Consultant is chief executive officer of various clothing retailers with operations in the Southern United States. In the course of his duties with such retailers, the Consultant has become expert in the management and operation of the industry in the Southern United States area. The Company desires to make available to its officers and those of its affiliates the consulting services of consultant and Consultant is willing to do so from time to time, all on the terms and conditions hereinafter set forth.

NOW, THEREFORE, in consideration of the premises and the mutual covenants contained herein, the parties hereto hereby agree as follows:

1.    Consulting.

The Company hereby retains Consultant and Consultant hereby agrees to consult with the Company and its executives (and those of its affiliates) for the period set forth in Section 2 hereof, subject to and upon the other terms and conditions herein provided.

2.    Term of Consulting.

The period of Consultant's consulting under this Agreement shall commence as of the date hereof and shall continue thereafter for _____, 2020 (the "Term"). In the event that the Consultant continues to consult with the Company after the end of the Term, such continued employment shall be subject to such terms and conditions as the Company and the Consultant may then agree.

3.    Responsibilities and Duties.

(a)    During the period of his retention hereunder, Consultant agrees to consult with the Company and its executives (and those of its affiliates) at their request given to him from time to time and upon reasonable notice. Consultant shall not be required as a condition of his compensation to render any minimum level of consultation during any period , it being understood and agreed that Consultant shall render his services only as requested by the

234426

MD 00202
MARCO/L&L WINGS

Company and its affiliates and that Consultant has in the past furnished other services and good and sufficient consideration for the obligations of the Company hereunder. Any travel or other expenses required of Consultant to render services hereof shall be at the sole expense of the Company and shall be payable upon presentation of suitable documentation therefor by Consultant.

(b)    This Agreement shall not be deemed to create any employer-employee relationship.

4.    Compensation.

(a)    For all services rendered by Consultant during his retention hereunder, the Company shall pay to Consultant the annual amount of $_____ during the Term, payable not less often than annually.

5.    Death or Disability.

(a)    In the event that by reason of any disability, Consultant shall be unable to perform his duties hereunder, he shall, nevertheless, be entitled to continue to receive the compensation due hereunder. During any such period Consultant shall endeavor to make available to the Company for consultation other appropriate executives in his organizations without additional compensation.

(b) In the event of the death of Consultant either during his disability or otherwise during the period of his employment hereunder, the Company shall continue to pay to Consultant's beneficiary or beneficiaries designated by written notice to the Company or, if there be none, to Consultant's estate, his annual compensation otherwise due hereunder and such compensation shall not cease until the end of the Term.

6.    Binding Agreement.

This Agreement shall be binding upon, and inure to the benefit of, Consultant and the Company and their respective heirs, personal representatives, successors and assigns. Neither the Company nor the Consultant may assign or otherwise encumber this Agreement or any rights or obligations of such party hereunder without the prior written consent of the other party.

7.    Modification and Waiver.

(a)    Amendment of Agreement. This Agreement may not be modified or amended, terminated or cancelled except by a written instrument signed by the parties hereto.

(b)    Waiver. No term or condition of this Agreement shall be deemed to have been waived, nor shall there be any estoppel against the enforcement of any provision of this Agreement, except by written instrument of the party charged with such waiver or estoppel. No such written waiver shall be deemed a continuing waiver unless specifically stated therein, and each such waiver shall operate only as to the specific term or condition waived and shall not

234426                                              -2-

MD 00203
MARCO/L&L WINGS

constitute a waiver of such term or condition for the future or as to any act other than that specifically waived.

### 8.    Severability.

If, for any reason, any provision of this Agreement is held invalid, such invalidity shall not affect any other provision of this Agreement not held so invalid, and each such other provision shall to the full extent consistent with law continue in full force and effect.

### 9.    Headings.

The headings of the Sections herein are included solely for convenience of reference and shall not control the meaning or interpretation of any of the provisions of this Agreement.

### 10.    Governing Law.

This Agreement has been executed and delivered in the State of New York, and its validity, interpretation, performance, and enforcement shall be governed by the laws of said State.

11.    Notices. Any notices or other communications to be given hereunder shall be deemed to have been given if delivered personally to the party to which directed, or if mailed, then by registered or certified mail, return receipt requested, directed to the address of the party first hereinabove set forth. Any party may change his or its address for purposes of this Section 11 by giving written notice thereof hereunder.

12.    Due Authorization. The Company hereby warrants and represents to the Consultant that the execution, delivery and performance hereof by the Company has been duly authorized by all requisite or appropriate corporate and shareholder action.

13.    Attorneys' Fees. In the event that it shall be necessary for the Consultant to retain legal counsel and/or incur other costs and expenses in connection with the enforcement hereof whether by a judicial action or proceeding or by arbitration, the Consultant shall to the extent he shall prevail (whether by settlement or by judicial or arbitral action or otherwise) be entitled to recover from the Company his reasonable attorneys' fees and costs and expenses in connection with such enforcement.

14.    Arbitration. Each of the parties hereto shall have the option, exercisable by a writing given to the other party at any time (but in no event later than 45 days after the other party shall have commenced an action or proceeding in court to enforce this Agreement), to demand arbitration of any and all disputes or other controversies arising under, out of or in respect of this Agreement before the American Arbitration Association in the City of New York and before three arbitrators, in accordance with, and subject to, the rules and procedures of said Association. Judgment on any award rendered in any such arbitration proceeding may be entered in any court having jurisdiction over the party sought to be charged. The parties shall each bear

234426                                    -3-

MD 00204
MARCO/L&L WINGS

such share of the fees and costs of the arbitration as shall be determined by the arbitrators, and if Consultant shall prevail in such arbitration the arbitrators shall award Consultant, in addition, the reasonable fees of his counsel.

IN WITNESS WHEREOF, the Company has caused this Agreement to be executed by its officer thereunto duly authorized, and Consultant has signed this Agreement, in the City of New York as of the day and year first above written.

L & L Wings, Inc.

By:_____

_____
ELI TABIB, Individually

234426                                    -4-

MD 00205
MARCO/L&L WINGS

01/26/00  12:25 FAX  2  554 7700       MOSES & SINGER LLP                          ☒001

```
                    *****************************
               ***     MULTI TX/RX REPORT     ***
                    *****************************
    TX/RX NO          3045
    PGS.              35
    TX/RX INCOMPLETE  -----
    TRANSACTION OK    (1)    8806935101915164327016
                      (2)    8806935101913056655501

    ERROR INFORMATION -----
```

# MOSES & SINGER LLP

1301 Avenue of the Americas, New York, NY 10019-6076
Telephone: 212.554.7800        Facsimile: 212.554.7700

# Facsimile Transmission
# Cover Sheet

Date:        January 26, 2000

To                    Firm name              Fax number transmitted to

Bennett Krasner, Esq.                         516 432-7016
Morty Etgar, CPA      Etgar & Gerhardt        305 665 5501

From:        Steven Glaser, Esq.             Phone:  212 554 7820

Client/Matter:  06935/00101

Number of Pages:  3 4
(Including cover page)

Comments:  Here are revised drafts of the Purchase Agreement and of the Licensing
Agreement (marked to show changes from Bennett's version), as well as drafts of the
Consulting Agreement for Eli and of the Promissory Note (to be used for the notes to be
issued by Marco-Destin et al to Wings and for the note to be issued by Eli to Shaul and
Meir (based on the excess of 50% of the 1998 book values of the companies which Eli
will own over 50% of the book value of the company is selling and the property which
1000 Highway will deed to Shaul and Meir in redemption --if we decide to go the part
redemption route).

    cc: Gideon Rothschild, Esq. w/encl.

MD 00206
MARCO/L&L WINGS

01/26/00  16:02 FA.  2  554 7700    MOSES & SINGER LLP    ☑001

```
            ********************
        ***    TX REPORT    ***
            ********************


TRANSMISSION OK

TX/RX NO              3434
CONNECTION TEL        06935101913054719398
SUBADDRESS
CONNECTION ID        Marco Destin Fax
ST. TIME             01/26 15:51
USAGE T              10'59
PGS. SENT            37
RESULT               OK
```

# MOSES & SINGER L.L.P

1301 Avenue of the Americas, New York, NY 10019-6076
Telephone: 212.554.7800          Facsimile: 212.554.7700

# Facsimile Transmission
# Cover Sheet

Date:          January 26, 2000

To                    Firm name              Fax number transmitted to

Mr. Nir Tzanani                              305-471-9398

From:          Steven Glaser, Esq.           Phone:  212-554-7820

Client/Matter:  06935/101

Number of Pages:    36
(Including cover page)

Comments: _____

MD 00207
MARCO/L&L WINGS

# MOSES & SINGER LLP

1301 Avenue of the Americas, New York, NY 10019-6076
Telephone: 212.554.7800          Facsimile: 212.554.7700

# Facsimile Transmission
# Cover Sheet

Date:          January 26, 2000

To                    Firm name                Fax number transmitted to

Mr. Nir Tzanani                                 305-471-9398

From:          Steven Glaser, Esq.        Phone:  212-554-7820

Client/Matter:    06935/101

Number of Pages:    36
(Including cover page)

Comments: _____

_bhasswer @ opimic.net_

If you do not receive all pages, or have any other problems receiving this transmission, please call 212-554-7800 and ask for the telecopy operator.

CONFIDENTIALITY NOTE
This facsimile transmission contains information intended for the exclusive use of the individual or entity to whom it is addressed and may contain information that is proprietary, confidential, and/or exempt from disclosure under applicable law.

If you are not the intended recipient (or an employee or agent responsible for delivering this facsimile transmission to the intended recipient), you are hereby notified that any copying, disclosure or distribution of this information may be subject to legal restriction or sanction. Please notify the sender by telephone to arrange for the return or destruction of the information and all copies.

MD 00208
MARCO/L&L WINGS

06935/101
Con

**Steven J. Glaser**

| | |
|---|---|
| **From:** | Steven J. Glaser |
| **Sent:** | Wednesday, October 28, 1998 11:48 AM |
| **To:** | 'bdkrasner@erols.com' |
| **Cc:** | Gideon Rothschild |
| **Subject:** | Eli Tabib/Shaul Levy |

Eli Tabib will meet with Gideon and me next Tuesday afternoon.  Will it be possible for you Andrew Lichy to prepare any documentation for Eli to review with us then.  Also, will it be possible for Andrew to get to us the real estate files for the properties which Eli is to get directly or through 1000 Highway (including  mortgage amortization and or lease payment schedules)?

1

*ET, Tabib/Corr*
*06935/101*

## LICENSING AGREEMENT *Add Shoul + Neir*

THIS AGREEMENT dated for purposes of reference as of the 1st day of ~~mber~~, 1998, is made by and between L & L WINGS, INC. d/b/a Wings, a South ~~arolina~~ Corporation with an address at 18 East 42nd Street, New York, New York 10017, ("Licensor") and Marco-Destin Inc. (hereinafter, "Marco-Destin") and E&T Inc. (hereinafter, "ET"), being Florida and South Carolina corporations respectively, and both having an address at
(collectively, hereinafter, "Licensee").

*All our of Panamana City + room th day*

WHEREAS, Licensor is the owner of the unregistered servicemark, "Wings" and is the owner of trade dress rights to its distinctive design; and

WHEREAS, Licensor is and has been for many years doing business as "Wings"; and

WHEREAS, Licensor adorns some of its retail locations with a unique wave sculpture design highlighted with a signature colored neon light combination, (hereinafter, Licensor's "Trade Dress"); and

WHEREAS, Licensee recognizes the goodwill, reputation and strong marketing value of using the "Wings" name as a trade/servicemark and trade name and its Trade Dress in the operation of its retail business establishments; and

WHEREAS, Licensee desires to do business using the name "Wings" in the "Territory" hereinafter defined; and

WHEREAS, Licensor desires to grant a license to Licensee to use the name "Wings" and the Trade Dress in the Territory upon the terms and conditions set forth below.

NOW, THEREFORE, in consideration of the covenants and agreements hereinafter set forth, and other valuable consideration, the receipt and sufficiency of which hereby are acknowledged, the parties hereto agree as follows:

1. **Definitions.** The following terms as used in this Agreement shall have the meanings set forth below:

1.1 "Trade Dress" shall mean the unique wave sculpture design highlighted with a signature colored neon light combination used by Licensor in connection with some of its business locations.

1.2 "Territory" shall include the following geographic areas: (i) Within the city limits of Marco Island, Florida, St. Augustine, Florida, and Pigeon Forge, Tennessee; (ii)

*06935.101*

MD 00210
MARCO/L&L WINGS

Eli Tabib (Estate P.
06935|101

THE LAW OFFICES OF
# BENNETT DAVID KRASNER
1233 Beech Street, No. 49
Atlantic Beach, N.Y. 11509
(516) 889-9353  Fax (516) 432-7016
New York Office
747 Third Avenue
New York, New York 10017
(212) 588-0330  Fax (212) 588-0440

Of Counsel
Bonnie Ellen Krasner

Reply To: **Long Island Office**

September 3, 1999

## FAX Transmission Sheet

From:       Bennett D. Krasner, Esq.

To:         Steven  J. Glaser, Esq. / Gideon Rothchild, Esq.

Company:    Moses & Singer, Llp

Subject:    Eli Tabib

Fax No.:    1(212) 554-7700

You should receive 8 page(s) **including this cover sheet.** If you do not receive all pages, please call (516) 889-9353.

## COMMENTS:

Dear Steve and Gideon:

In reviewing the file, I noticed that this may not have been sent back on August 12th when I spoke with you and told you it was ready. If you have a copy in your file then just discard it otherwise review it and call me with your comments to both this and the entire agreement sent to you on August 4th.

Regards,

*Bennett D. Krasner*

## CONFIDENTIALITY NOTE:

THE INFORMATION CONTAINED IN THIS TELECOPY (FAX) MESSAGE IS BEING TRANSMITTED TO AND IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY ADVISED THAT ANY DISSEMINATION, DISTRIBUTION OR COPY THIS TELECOPY (FAX) IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS TELECOPY (FAX) IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND DESTROY THIS TELECOPY (FAX) MESSAGE.

MD 00211
MARCO/L&L WINGS

Sep-03-99 11:5E    3ENNETT D. KRASNER ESQ.    5˙5 432 70˙            P.02

## LICENSING AGREEMENT

THIS AGREEMENT dated for purposes of reference as of the 1st day of November, 1998, is made by and between L & L WINGS, INC. d/b/a Wings, a South Carolina Corporation with an address at 18 East 42nd Street, New York, New York 10017, ("Licensor") and Marco-Destin Inc. (hereinafter, "Marco-Destin") and E&T Inc. (hereinafter, "ET"), being Florida and South Carolina corporations respectively, and both having an address at
(collectively, hereinafter, "Licensee").

WHEREAS, Licensor is the owner of the unregistered servicemark, "Wings" and is the owner of trade dress rights to its distinctive design; and

WHEREAS, Licensor is and has been for many years doing business as "Wings"; and

WHEREAS, Licensor adorns some of its retail locations with a unique wave sculpture design highlighted with a signature colored neon light combination, (hereinafter, Licensor's "Trade Dress"); and

WHEREAS, Licensee recognizes the goodwill, reputation and strong marketing value of using the "Wings" name as a trade/servicemark and trade name and its Trade Dress in the operation of its retail business establishments; and

WHEREAS, Licensee desires to do business using the name "Wings" in the "Territory" hereinafter defined; and

WHEREAS, Licensor desires to grant a license to Licensee to use the name "Wings" and the Trade Dress in the Territory upon the terms and conditions set forth below.

NOW, THEREFORE, in consideration of the covenants and agreements hereinafter set forth, and other valuable consideration, the receipt and sufficiency of which hereby are acknowledged, the parties hereto agree as follows:

1. **Definitions.** The following terms as used in this Agreement shall have the meanings set forth below:

1.1 "Trade Dress" shall mean the unique wave sculpture design highlighted with a signature colored neon light combination used by Licensor in connection with some of its business locations.

1.2 "Territory" shall include the following geographic areas: (i) Within the city limits of Marco Island, Florida, St. Augustine, Florida, and Pigeon Forge, Tennessee; (ii)

At the individual stores located at 11-A Highway 17 North, North Myrtle Beach, South Carolina and 102 Highway 17 North, North Myrtle Beach, South Carolina; and (iii) in the geographic area from Panama City Beach, Florida west to the Alabama-Mississippi state line and only 10 miles inland from the coast line. All areas not specifically included herein are specifically excluded from the Territory.

1.3 "Termination Date" shall be October 31, 2003 or such other date as the license granted hereunder may be terminated pursuant to the terms of this Agreement.

2. **Grant of License.** So long as Eli Tabib shall be the sole (100%) shareholder of Licensee (and Licensee operates the location without any partnership, joint venture or other interested parties) Licensee shall have a license to use the name "Wings" and the Licensor's Trade Dress in connection with Licensee's business establishments located in the Territory only, and only for the term commencing from the date hereof until October 31, 2003, unless sooner terminated or extended as provided herein (hereinafter, the "Termination Date"). This License shall not apply to any location outside the Territory. The License granted hereunder shall be exclusive in the Territory with the exception of the State of South Carolina, where the License shall be non-exclusive.

3. **Advertising Reimbursement.** If Licensor, in its sole discretion, shall advertise the name "Wings" in the Territory, Licensee shall pay to Licensor at its address set forth above, Licensee's pro rata share of all advertising costs incurred for advertising in the Territory. (By way of example, Licensee operates two (2) stores and Licensor operates twenty (20) stores in the Myrtle Beach, South Carolina region. Therefore, if Licensor advertises in that region, Licensee shall pay 1/11 of the advertising costs incurred by Licensor.) On or before September 30th of any year, Licensor shall render to Licensee a statement of such advertising costs, which statement shall be deemed conclusive substantiation for such costs. Payment of the statement shall be due within fifteen (15) days of the date thereof. At Licensor's option, Licensor may provide statements at shorter intervals but in no event less than once per year.

4. **Termination.** Licensor may, at its option, terminate the license and rights granted in this Agreement to Licensee immediately and without prior notice upon the occurrence of any of the following events:

4.1. If Licensee files a voluntary petition in bankruptcy or is adjudicated bankrupt or insolvent or files any petition or answer seeking any reorganization, arrangement, composition, adjustment or readjustment, liquidation, dissolution or similar relief under the present or any future Federal Bankruptcy Act or any present or future application United States federal, state or other statute or law, or seeks or consents to, or acquiesces in, the appointment or any trustee, receiver, conservator in, the appointment of nay trustee, receiver, conservator or liquidator of Licensee, or of all or any substantial part of its properties or of its interests.

Page -2-

MD 00213
MARCO/L&L WINGS

Sep-03-99 11:55A   .NM゛゛T D. KRASNER ESQ.    51゛ 432 7016    P.04

4.2. If within ninety (90) days after the commencement of any proceeding against Licensee seeking any bankruptcy, reorganization, arrangement, compostiion , adjustment or readjustment, liquidation, dissolution or similar relief under the present or any future applicable United States federal, state or other statute or law the proceeding is not dismissed, or if within ninety (90) days after the expiration of any stay, the appointment is not vacated.

4.3. If Licensee executes an assignment of substantially all of its assets or any other similar agreement for the benefit of creditors.

4.4. If Licensee fails to pay any amounts to Licensor pursuant to this Agreement or fails to meet any of the obligations set forth in this Agreement in ¶¶6,7, 8, 9, 11 or of any other obligation contained in this Agreement.

4.5. If Licensee initiates any action, proceeding or claim against Licensor challenging any provision or the validity of this Agreement.

4.6. If there is any change in ownership of Licensee. Notwithstanding the foregoing, Licensee's shareholder may transfer ownership to family members upon death whereupon this Agreement shall terminate within six months of the date of death of the principal shareholder.

5. **Obligations and Responsibilities Upon Termination.** Upon expiration or termination of the License granted hereunder, by operation of law or otherwise:

5.1. All rights of Licensee granted hereunder, including the right to use the name "Wings" and the Licensor's Trade Dress shall cease.

5.2. Licensee, at its own cost and expense, shall remove and/or cause to be removed, all materials, signs, promotions, bags, and any and all other items, bearing the name and/or mark "Wings" and/or the Trade Dress or any evidence of the Trade Dress licensed hereunder. Thereafter, Licensee shall not, in any manner whatsoever, use the name "Wings", any similar name or any name created by changing, adding or dropping one or more letters from the name "Wings", (hereinafter, collectively, referred to as "Similar Name") nor shall Licensee use Licensor's Trade Dress in any form whatsoever. Without limiting any of Licensee's obligations herein contained, after the Termination Date Licensee hereby gives Licensor the right to enter upon its business locations and to remove any and all materials, signs, promotions, bags, other items, etc. bearing the name "Wings" or any other Similar Name and any evidence of Licensor's Trade Dress. Licensee agrees to cooperate with such efforts and shall not interfere therewith.

5.3. Licensee shall pay any and all outstanding statements for advertising within ten (10) days of the termination or expiration hereof.

Page -3-

MD 00214
MARCO/L&L WINGS

5.4. In the event Licensee fails to promptly fulfill all of its obligations upon the termination or expiration of this Agreement, Licensor shall have the right to pursue all legal remedies including, but not limited to, an action for trademark and/or servicemark infringement and/or for trade dress infringement.

## 6. Infringement.

6.1. In the event Licensee learns of any infringement or alleged infringement of Licensor's mark, "Wings" or of its Trade Dress, or that any third party alleges or claims that the mark or Trade Dress are likely to cause deception or confusion to the public, Licensee shall promptly notify Licensor with the particulars thereof.

6.2. In the event Licensor decides to pursue any infringement claim against a third party in the Territory, Licensor may request that Licensee join in or assist in any of the steps necessary to enforce the infringement claim. In the event Licensee agrees to assist, then each party shall bear one-half of the costs of any action. In the event Licensee does not agree to assist, then Licensor may terminate this License Agreement. In all events, Licensee shall cooperate with Licensor in the pursuit of any action.

## 7. Indemnification.

7.1. Licensee, jointly and severally, shall hold Licensor harmless and shall indemnify Licensor from any and all liabilities, injuries, damages, claims, suits, attorney's fees, etc., sustained by Licensor by reason of this or any other agreement which Licensee has, may have or which may hereinafter exist with Licensor or due to Licensee's operation of its business, use of the Licensor's Trade Dress, and/or use of the name "Wings". Licensee will, at all times, act and conduct business in such a manner so as not to adversely affect or otherwise harm the good will and reputation associated with the name "Wings", and will immediately comply with all notices from Licensor with respect thereto. Licensee will, at all times, maintain general liability, errors and omissions (including sexual harassment) insurance naming Licensor as an additional insured. Notwithstanding anything herein contained to the contrary, Licensor may terminate this Agreement effective immediately upon written notice to Licensee in the event that Licensee shall be investigated by any governmental agency or sued by any entity or individual concerning any matter which would diminish the reputation and/or good will of the name "Wings", including, but not limited to, trade/servicemark and or other intellectual property violations, discrimination, sexual harassment, deceptive business practices, wage and hour, employment practices, and the like. Licensee understands that Licensor is or may be bound by and subject to certain Court orders, consent orders, stipulations, agreements and the like and Licensee agrees that, in the conduct of its business, it shall abide by any such Court orders, consent orders, stipulations, agreements and the like, including, in particular, those with Anheuser Busch Incorporated and Two's Company, a Rhode Island Corporation. Licensee acknowledges that it has had ample opportunity to review the existing Court orders,

Page -4-

Sep-03-99 11:56,   JEN TT D. KRASNER ESQ.    5 ' 432 701             P.06

consent orders, stipulations and agreements.

7.2. Licensee shall notify Licensor of any claims (including, without limitation, customer complaints, sexual harassment charges and/or allegations, infringement allegations, etc.) to which ¶7.1 applies within three days from when Licensee learns thereof.

8. Ownership Designation. Licensee shall, at all times, post a placard in a clearly visible and unobstructed location situated at the entranceway to each of its stores doing business as "Wings", which placard shall be at least 12 inches by 18 inches and shall bear the inscription "THIS STORE IS OWNED AND OPERATED BY" and name the appropriate entity. The lettering of the inscription shall be no smaller than one inch high. In addition, immediately upon execution of this Agreement, Licensee shall file a certificate of assumed name with the appropriate governmental agencies.

9. Breach of Related Agreements. If Licensor and Licensee, or their assigns, are now or hereafter both parties to any other contract(s), leases or subleases, then the failure to comply with any term or condition contained herein shall be deemed a material default under such contract, lease or sublease, and any default under such contract(s), lease or sublease shall be deemed a material default hereunder and shall automatically terminate the license granted hereunder.

10. Liquidated Damages. Licensee specifically acknowledges that the use of the name "Wings" or any Similar Name and/or the use of Licensor's Trade Dress after the Termination Date will cause Licensor to suffer irreparable harm, damages for which would be extremely difficult to ascertain. Therefore, in addition to all other remedies in the event of Licensee's breach of this Agreement to which Licensor shall be entitled, Licensor shall be entitled to injunctive relief, and liquidated damages in the sum of $200.00 per day per business establishment utilizing the name "Wings" or any Similar Name or Trade Dress until cessation of said use, together with all costs and disbursements, including reasonable attorney's fees arising from Licensee's failure to cease using the name "Wings" or any Similar Name or Trade Dress.

11. Assignment Prohibited. Except as explicitly stated herein, this Agreement shall not be assignable either in whole or in part. Nothing in this Agreement is intended or shall be construed to confer upon or to give to any person, firm, or corporation, other than the parties hereto, any right, remedy, or claim under or by reason of this Agreement. All terms and conditions in this Agreement shall be for the sole and exclusive benefit of the parties. Nothing contained in this Agreement shall be deemed or construed to create or effectuate the relationship of principal and agent or of franchisor and franchisee or of partnership or joint venture between the parties hereto.

12. Waiver. No failure by Licensor to insist upon the strict performance of any term of condition of this Agreement or to exercise any right or remedy consequent upon the breach, and no acceptance of full or partial payments due under this Agreement

Page -5-

MD 00216
MARCO/L&L WINGS

during the continuance of any breach, shall constitute a waiver of the breach or the term or condition. No term or condition of this Agreement to be performed or observed by Licensee and no breach shall be waived, altered or modified except by written instrument executed by Licensor. No waiver of any breach shall affect or alter this Agreement but each term and condition of this Agreement shall remain and continue in effect with respect to any other existing or subsequent breach. No delay or failure by either party to exercise any right under this Agreement, and no partial or single exercise of that right, shall constitute a waiver of that or any other right. No waiver, modification or amendment of this Agreement shall be valid unless in writing signed by the party to be charged.

### 13. Licensor's Paramount Rights.

13.1. Licensee shall not contest Licensor's exclusive ownership of all rights including trademark and/or servicemark rights to the name "Wings" or copyright rights to any element of the Trade Dress. Licensee shall not at any time apply for a registration for the name "Wings" or any confusingly similar mark or for any other right in the name anywhere in the world nor shall Licensee file any opposition or in any other manner hinder any application for registration of the mark "Wings" that Licensor has, will or may make.

13.2. Licensee acknowledges and agrees that any and all rights and assets, including, but not limited to, goodwill, accruing and/or arising from the use of the mark "Wings" and/or its Trade Dress, shall belong to and be the property of Licensor free of any and all claims of Licensee.

14. **Governing Law.** This Agreement shall be governed solely by the laws of the State of New York without giving effect to any conflict of laws provisions thereof. Any and all matters of dispute between the parties which are to be settled by litigation, negotiations or arbitration at any time by reason of this Agreement, shall be negotiated, tried, litigated, conducted and/or arbitrated in New York County, New York State and shall include jurisdiction in the federal courts of the Southern District of New York. Licensee hereby consents to jurisdiction as set forth herein.

15. **Attorneys' Fees.** If Licensor files any action against Licensee for any breach of this Agreement, Licensor shall be entitled to recover from Licensee reasonable attorneys' fees incurred in so doing.

16. **Notices.** Notices required under this Agreement shall be made or given to the parties at the addresses specified at the beginning of this Agreement or at any other address that the parties may, by notice, specify. Copies of all notices shall be sent to the attorney for the party. Notices shall be deemed given 5 days after mailing by certified or registered mail, return receipt requested (unless sent by overnight mail service in which event notice shall be deemed given 1 day after mailing).

MD 00217
MARCO/L&L WINGS

Sep-03-99 11:57.  3ENF TT D. KRASNER ESQ.    5?  432 70:                    P.08

17. **Binding Effect.** This Agreement shall be binding upon the parties and their heirs, agents, executors, administrators, and successors, including, without limitation, successor officers, directors and trustees, if any, of the Licensor or Licensee.

18. **Headings.** The headings for each paragraph are simply for the convenience of the parties and shall not be used to interpret the meaning of any of the provisions.

19. **Time of the Essence.** All dates and obligations contained in this agreement which rely upon specific dates or periods of time shall be deemed to be "time of the essence" and any failure to timely comply with any such obligations and/or dates shall be deemed a material breach of this Agreement.

20. **Entire Agreement.** This Agreement contains the entire agreement between the parties and supersedes all agreements and understandings previously made between the parties relating to its subject matter, all of which have been merged herein. There are no other understandings or agreements between them, nor are there any representations made which are not herein contained. This agreement shall be governed in accordance with the laws of the State of New York, the courts of which shall have exclusive jurisdiction.

IN WITNESS WHEREOF, the parties have set their hands hereto as of the day and date above first appearing.

L & L WINGS, INC.:


_____
By: Shaul Levy, President

Marco-Destin, Inc.


_____
By: Eli Tabib, President

E&T Inc.


_____
By: Eli Tabib, President

MD 00218
MARCO/L&L WINGS

# MOSES & SINGER LLP

1301 Avenue of the Americas, New York, NY 10019-6076
Telephone: 212.554.7800          Facsimile: 212.554.7700

# Facsimile Transmission
# Cover Sheet

Date:          September 9, 1999

<u>To</u>                    <u>Firm name</u>                    <u>Fax number transmitted to</u>
Eli Tabib                                            305-471-9398

From:          Gideon Rothschild, Esq.          Phone:  212-554-7806

Client/Matter:  06935/00101

Number of Pages:     9
(Including cover page)

Comments: _____

If you do not receive all pages, or have any other problems receiving this transmission, please call 212-554-7800 and ask for the telecopy operator.

**CONFIDENTIALITY NOTE**
This facsimile transmission contains information intended for the exclusive use of the individual or entity to whom it is addressed and may contain information that is proprietary, confidential, and/or exempt from disclosure under applicable law.

If you are not the intended recipient (or an employee or agent responsible for delivering this facsimile transmission to the intended recipient), you are hereby notified that any copying, disclosure or distribution of this information may be subject to legal restriction or sanction. Please notify the sender by telephone to arrange for the return or destruction of the information and all copies.

MD 00219
MARCO/L&L WINGS

Sep-03-99 11:5!   BENNETT D. KRASNER ESQ.    5˜5 432 70       P.01

THE LAW OFFICES OF
# BENNETT DAVID KRASNER
1233 Beech Street, No. 49
Atlantic Beach, N.Y. 11509
(516) 889-9353   Fax (516) 432-7016
New York Office
747 Third Avenue
New York, New York 10017
(212) 588-0330   Fax (212) 588-0440

Of Counsel
Bonnie Ellen Krasner

Reply To: **Long Island Office**

September 3, 1999

## FAX Transmission Sheet

From:        Bennett D. Krasner, Esq.

To:          Steven J. Glaser, Esq. / Gideon Rothchild, Esq.

Company:     Moses & Singer, Llp

Subject:     Eli Tabib

Fax No.:     1(212) 554-7700

You should receive 8 page(s) **including this cover sheet.** If you do not receive all pages, please call (516) 889-9353.

### COMMENTS:

Dear Steve and Gideon:

In reviewing the file, I noticed that this may not have been sent back on August 12th when I spoke with you and told you it was ready. If you have a copy in your file then just discard it otherwise review it and call me with your comments to both this and the entire agreement sent to you on August 4th.

Regards,

*Bennett D. Krasner*

### CONFIDENTIALITY NOTE:

**THE INFORMATION CONTAINED IN THIS TELECOPY (FAX) MESSAGE IS BEING TRANSMITTED TO AND IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY ADVISED THAT ANY DISSEMINATION, DISTRIBUTION OR COPY THIS TELECOPY (FAX) IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS TELECOPY (FAX) IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND DESTROY THIS TELECOPY (FAX) MESSAGE.**

Sep-03-99 11:5    BENNETT D. KRASNER ESQ.    5 5 432 70    P.02

# LICENSING AGREEMENT

**THIS AGREEMENT** dated for purposes of reference as of the 1st day of November, 1998, is made by and between L & L WINGS, INC. d/b/a Wings, a South Carolina Corporation with an address at 18 East 42nd Street, New York, New York 10017, ("Licensor") and Marco-Destin Inc. (hereinafter, "Marco-Destin") and E&T Inc. (hereinafter, "ET"), being Florida and South Carolina corporations respectively, and both having an address at
(collectively, hereinafter, "Licensee").

**WHEREAS,** Licensor is the owner of the unregistered servicemark, "Wings" and is the owner of trade dress rights to its distinctive design; and

**WHEREAS,** Licensor is and has been for many years doing business as "Wings"; and

**WHEREAS,** Licensor adorns some of its retail locations with a unique wave sculpture design highlighted with a signature colored neon light combination, (hereinafter, Licensor's "Trade Dress"); and

**WHEREAS,** Licensee recognizes the goodwill, reputation and strong marketing value of using the "Wings" name as a trade/servicemark and trade name and its Trade Dress in the operation of its retail business establishments; and

**WHEREAS,** Licensee desires to do business using the name "Wings" in the "Territory" hereinafter defined; and

**WHEREAS,** Licensor desires to grant a license to Licensee to use the name "Wings" and the Trade Dress in the Territory upon the terms and conditions set forth below.

**NOW, THEREFORE,** in consideration of the covenants and agreements hereinafter set forth, and other valuable consideration, the receipt and sufficiency of which hereby are acknowledged, the parties hereto agree as follows:

1. **Definitions.** The following terms as used in this Agreement shall have the meanings set forth below:

1.1 "Trade Dress" shall mean the unique wave sculpture design highlighted with a signature colored neon light combination used by Licensor in connection with some of its business locations.

1.2 "Territory" shall include the following geographic areas: (I) Within the city limits of Marco Island, Florida, St. Augustine, Florida, and Pigeon Forge, Tennessee; (ii)

MD 00221
MARCO/L&L WINGS

Sep-03-99 11:5    BENNETT D. KRASNER ESQ.    F 5 432 70    P.03

At the individual stores located at 11-A Highway 17 North, North Myrtle Beach, South Carolina and 102 Highway 17 North, North Myrtle Beach, South Carolina; and (iii) In the geographic area from Panama City Beach, Florida west to the Alabama-Mississippi state line and only 10 miles inland from the coast line. All areas not specifically included herein are specifically excluded from the Territory.

1.3 "Termination Date" shall be October 31, 2003 or such other date as the license granted hereunder may be terminated pursuant to the terms of this Agreement.

2. **Grant of License.** So long as Eli Tabib shall be the sole (100%) shareholder of Licensee (and Licensee operates the location without any partnership, joint venture or other interested parties), Licensee shall have a license to use the name "Wings" and the Licensor's Trade Dress in connection with Licensee's business establishments located in the Territory only, and only for the term commencing from the date hereof until October 31, 2003, unless sooner terminated or extended as provided herein (hereinafter, the "Termination Date"). This License shall not apply to any location outside the Territory. The License granted hereunder shall be exclusive in the Territory with the exception of the State of South Carolina, where the License shall be non-exclusive.

3. **Advertising Reimbursement.** If Licensor, in its sole discretion, shall advertise the name "Wings" in the Territory, Licensee shall pay to Licensor at its address set forth above, Licensee's pro rata share of all advertising costs incurred for advertising in the Territory. (By way of example, Licensee operates two (2) stores and Licensor operates twenty (20) stores in the Myrtle Beach, South Carolina region. Therefore, if Licensor advertises in that region, Licensee shall pay 1/11 of the advertising costs incurred by Licensor.) On or before September 30th of any year, Licensor shall render to Licensee a statement of such advertising costs, which statement shall be deemed conclusive substantiation for such costs. Payment of the statement shall be due within fifteen (15) days of the date thereof. At Licensor's option, Licensor may provide statements at shorter intervals but in no event less than once per year.

4. **Termination.** Licensor may, at its option, terminate the license and rights granted in this Agreement to Licensee immediately and without prior notice upon the occurrence of any of the following events:

4.1. If Licensee files a voluntary petition in bankruptcy or is adjudicated bankrupt or insolvent or files any petition or answer seeking any reorganization, arrangement, composition, adjustment or readjustment, liquidation, dissolution or similar relief under the present or any future Federal Bankruptcy Act or any present or future application United States federal, state or other statute or law, or seeks or consents to, or acquiesces in, the appointment or any trustee, receiver, conservator in, the appointment of nay trustee, receiver, conservator or liquidator of Licensee, or of all or any substantial part of its properties or of its interests.

Page -2-

MD 00222
MARCO/L&L WINGS

4.2. If within ninety (90) days after the commencement of any proceeding against Licensee seeking any bankruptcy, reorganization, arrangement, compostiion , adjustment or readjustment, liquidation, dissolution or similar relief under the present or any future applicable United States federal, state or other statute or law the proceeding is not dismissed, or if within ninety (90) days after the expiration of any stay, the appointment is not vacated.

4.3. If Licensee executes an assignment of substantially all of its assets or any other similar agreement for the benefit of creditors.

4.4. If Licensee fails to pay any amounts to Licensor pursuant to this Agreement or fails to meet any of the obligations set forth in this Agreement in ¶¶6,7, 8, 9, 11 or of any other obligation contained in this Agreement.

4.5. If Licensee initiates any action, proceeding or claim against Licensor challenging any provision or the validity of this Agreement.

4.6. If there is any change in ownership of Licensee. Notwithstanding the foregoing, Licensee's shareholder may transfer ownership to family members upon death whereupon this Agreement shall terminate within six months of the date of death of the principal shareholder.

**5. Obligations and Responsibilities Upon Termination.** Upon expiration or termination of the License granted hereunder, by operation of law or otherwise:

5.1. All rights of Licensee granted hereunder, including the right to use the name "Wings" and the Licensor's Trade Dress shall cease.

5.2. Licensee, at its own cost and expense, shall remove and/or cause to be removed, all materials, signs, promotions, bags, and any and all other items, bearing the name and/or mark "Wings" and/or the Trade Dress or any evidence of the Trade Dress licensed hereunder. Thereafter, Licensee shall not, in any manner whatsoever, use the name "Wings", any similar name or any name created by changing, adding or dropping one or more letters from the name "Wings", (hereinafter, collectively, referred to as "Similar Name") nor shall Licensee use Licensor's Trade Dress in any form whatsoever. Without limiting any of Licensee's obligations herein contained, after the Termination Date Licensee hereby gives Licensor the right to enter upon its business locations and to remove any and all materials, signs, promotions, bags, other items, etc. bearing the name "Wings" or any other Similar Name and any evidence of Licensor's Trade Dress. Licensee agrees to cooperate with such efforts and shall not interfere therewith.

5.3. Licensee shall pay any and all outstanding statements for advertising within ten (10) days of the termination or expiration hereof.

Page -3-

MD 00223
MARCO/L&L WINGS

5.4. In the event Licensee fails to promptly fulfill all of its obligations upon the termination or expiration of this Agreement, Licensor shall have the right to pursue all legal remedies including, but not limited to, an action for trademark and/or servicemark infringement and/or for trade dress infringement.

## 6. Infringement.

6.1. In the event Licensee learns of any infringement or alleged infringement of Licensor's mark, "Wings" or of its Trade Dress, or that any third party alleges or claims that the mark or Trade Dress are likely to cause deception or confusion to the public, Licensee shall promptly notify Licensor with the particulars thereof.

6.2. In the event Licensor decides to pursue any infringement claim against a third party in the Territory, Licensor may request that Licensee join in or assist in any of the steps necessary to enforce the infringement claim. In the event Licensee agrees to assist, then each party shall bear one-half of the costs of any action. In the event Licensee does not agree to assist, then Licensor may terminate this License Agreement. In all events, Licensee shall cooperate with Licensor in the pursuit of any action.

## 7. Indemnification.

7.1. Licensee, jointly and severally, shall hold Licensor harmless and shall indemnify Licensor from any and all liabilities, injuries, damages, claims, suits, attorney's fees, etc., sustained by Licensor by reason of this or any other agreement which Licensee has, may have or which may hereinafter exist with Licensor or due to Licensee's operation of its business, use of the Licensor's Trade Dress, and/or use of the name "Wings". Licensee will, at all times, act and conduct business in such a manner so as not to adversely affect or otherwise harm the good will and reputation associated with the name "Wings", and will immediately comply with all notices from Licensor with respect thereto. Licensee will, at all times, maintain general liability, errors and omissions (including sexual harassment) insurance naming Licensor as an additional insured. Notwithstanding anything herein contained to the contrary, Licensor may terminate this Agreement effective immediately upon written notice to Licensee in the event that Licensee shall be investigated by any governmental agency or sued by any entity or individual concerning any matter which would diminish the reputation and/or good will of the name "Wings", including, but not limited to, trade/servicemark and or other intellectual property violations, discrimination, sexual harassment, deceptive business practices, wage and hour, employment practices, and the like. Licensee understands that Licensor is or may be bound by and subject to certain Court orders, consent orders, stipulations, agreements and the like and Licensee agrees that, in the conduct of its business, it shall abide by any such Court orders, consent orders, stipulations, agreements and the like, including, in particular, those with Anheuser Busch Incorporated and Two's Company, a Rhode Island Corporation. Licensee acknowledges that it has had ample opportunity to review the existing Court orders,

Page -4-

Sep-03-99 11:5    BEN ETT D. KRASNER ESQ.    ! 5 432 70                    P.06

consent orders, stipulations and agreements.

7.2. Licensee shall notify Licensor of any claims (including, without limitation, customer complaints, sexual harassment charges and/or allegations, infringement allegations, etc.) to which ¶7.1 applies within three days from when Licensee learns thereof.

8. <u>Ownership Designation.</u> Licensee shall, at all times, post a placard in a clearly visible and unobstructed location situated at the entranceway to each of its stores doing business as "Wings", which placard shall be at least 12 inches by 18 inches and shall bear the inscription "THIS STORE IS OWNED AND OPERATED BY" and name the appropriate entity. The lettering of the inscription shall be no smaller than one inch high. In addition, immediately upon execution of this Agreement, Licensee shall file a certificate of assumed name with the appropriate governmental agencies.

9. <u>Breach of Related Agreements.</u> If Licensor and Licensee, or their assigns, are now or hereafter both parties to any other contract(s), leases or subleases, then the failure to comply with any term or condition contained herein shall be deemed a material default under such contract, lease or sublease, and any default under such contract(s), lease or sublease shall be deemed a material default hereunder and shall automatically terminate the license granted hereunder.

10. <u>Liquidated Damages.</u> Licensee specifically acknowledges that the use of the name "Wings" or any Similar Name and/or the use of Licensor's Trade Dress after the Termination Date will cause Licensor to suffer irreparable harm, damages for which would be extremely difficult to ascertain. Therefore, in addition to all other remedies in the event of Licensee's breach of this Agreement to which Licensor shall be entitled, Licensor shall be entitled to injunctive relief, and liquidated damages in the sum of $200.00 per day per business establishment utilizing the name "Wings" or any Similar Name or Trade Dress until cessation of said use, together with all costs and disbursements, including reasonable attorney's fees arising from Licensee's failure to cease using the name "Wings" or any Similar Name or Trade Dress.

11. <u>Assignment Prohibited.</u> Except as explicitly stated herein, this Agreement shall not be assignable either in whole or in part. Nothing in this Agreement is intended or shall be construed to confer upon or to give to any person, firm, or corporation, other than the parties hereto, any right, remedy, or claim under or by reason of this Agreement. All terms and conditions in this Agreement shall be for the sole and exclusive benefit of the parties. Nothing contained in this Agreement shall be deemed or construed to create or effectuate the relationship of principal and agent or of franchisor and franchisee or of partnership or joint venture between the parties hereto.

12. <u>Waiver.</u>  No failure by Licensor to insist upon the strict performance of any term of condition of this Agreement or to exercise any right or remedy consequent upon the breach, and no acceptance of full or partial payments due under this Agreement

Page -5-

MD 00225
MARCO/L&L WINGS

during the continuance of any breach, shall constitute a waiver of the breach or the term or condition. No term or condition of this Agreement to be performed or observed by Licensee and no breach shall be waived, altered or modified except by written instrument executed by Licensor. No waiver of any breach shall affect or alter this Agreement but each term and condition of this Agreement shall remain and continue in effect with respect to any other existing or subsequent breach. No delay or failure by either party to exercise any right under this Agreement, and no partial or single exercise of that right, shall constitute a waiver of that or any other right. No waiver, modification or amendment of this Agreement shall be valid unless in writing signed by the party to be charged.

### 13. Licensor's Paramount Rights.

13.1. Licensee shall not contest Licensor's exclusive ownership of all rights including trademark and/or servicemark rights to the name "Wings" or copyright rights to any element of the Trade Dress. Licensee shall not at any time apply for a registration for the name "Wings" or any confusingly similar mark or for any other right in the name anywhere in the world nor shall Licensee file any opposition or in any other manner hinder any application for registration of the mark "Wings" that Licensor has, will or may make.

13.2. Licensee acknowledges and agrees that any and all rights and assets, including, but not limited to, goodwill, accruing and/or arising from the use of the mark "Wings" and/or its Trade Dress, shall belong to and be the property of Licensor free of any and all claims of Licensee.

### 14. Governing Law. This Agreement shall be governed solely by the laws of the State of New York without giving effect to any conflict of laws provisions thereof. Any and all matters of dispute between the parties which are to be settled by litigation, negotiations or arbitration at any time by reason of this Agreement, shall be negotiated, tried, litigated, conducted and/or arbitrated in New York County, New York State and shall include jurisdiction in the federal courts of the Southern District of New York. Licensee hereby consents to jurisdiction as set forth herein.

### 15. Attorneys' Fees. If Licensor files any action against Licensee for any breach of this Agreement, Licensor shall be entitled to recover from Licensee reasonable attorneys' fees incurred in so doing. *only if successful*

### 16. Notices. Notices required under this Agreement shall be made or given to the parties at the addresses specified at the beginning of this Agreement or at any other address that the parties may, by notice, specify. Copies of all notices shall be sent to the attorney for the party. Notices shall be deemed given 5 days after mailing by certified or registered mail, return receipt requested (unless sent by overnight mail service in which event notice shall be deemed given 1 day after mailing).

Page -6-

MD 00226
MARCO/L&L WINGS

Sep-03-99 11:5    BE' ETT D. KRASNER ESQ.    : 5 432 70                    P.08

**17. Binding Effect.** This Agreement shall be binding upon the parties and their heirs, agents, executors, administrators, and successors, including, without limitation, successor officers, directors and trustees, if any, of the Licensor or Licensee.

**18. Headings.** The headings for each paragraph are simply for the convenience of the parties and shall not be used to interpret the meaning of any of the provisions.

**19. Time of the Essence.** All dates and obligations contained in this agreement which rely upon specific dates or periods of time shall be deemed to be "time of the essence" and any failure to timely comply with any such obligations and/or dates shall be deemed a material breach of this Agreement.



**20. Entire Agreement.** This Agreement contains the entire agreement between the parties and supersedes all agreements and understandings previously made between the parties relating to its subject matter, all of which have been merged herein. There are no other understandings or agreements between them, nor are there any representations made which are not herein contained. This agreement shall be governed in accordance with the laws of the State of New York, the courts of which shall have exclusive jurisdiction.

IN WITNESS WHEREOF, the parties have set their hands hereto as of the day and date above first appearing.

L & L WINGS, INC.:

_____

By: Shaul Levy, President

Marco-Destin, Inc.


_____

By: Eli Tabib, President

E&T Inc.


_____

By: Eli Tabib, President

MD 00227
MARCO/L&L WINGS

09/09/99  18:51 FA`    2  5⁵⁴ 7700    MOSES & SINGER LLP    ☑001

```
********************
***   TX REPORT   ***
********************
```

TRANSMISSION OK

TX/RX NO              0338
CONNECTION TEL        06935101913054719398
SUBADDRESS
CONNECTION ID         Marco Destin Fax
ST. TIME              09/09 18:48
USAGE T               03'18
PGS. SENT                  9
RESULT                OK

# MOSES & SINGER LLP

1301 Avenue of the Americas, New York, NY 10019-6076
Telephone: 212.554.7800          Facsimile: 212.554.7700

# Facsimile Transmission
# Cover Sheet

Date:        September 9, 1999

To                        Firm name                Fax number transmitted to
Eli Tabib                                          305-471-9398

From:        Gideon Rothschild, Esq.              Phone:  212-554-7806

Client/Matter:  06935/00101

Number of Pages:    9
(Including cover page)

Comments:

MD 00228
MARCO/L&L WINGS

Sep-03-99 11:5L    BENN**TT D. KRASNER ESQ.    5l    432 70    P.01

THE LAW OFFICES OF

# BENNETT DAVID KRASNER

1233 Beech Street, No. 49
Atlantic Beach, N.Y. 11509
(516) 889-9353  Fax (516) 432-7016
New York Office
747 Third Avenue
New York, New York 10017
(212) 588-0330  Fax (212) 588-0440

*06935/101*
*Car*

Of Counsel
Bonnie Ellen Krasner

Reply To: **Long Island Office**

September 3, 1999

*SG*
*notes*
*based*
*on*
*disc w/Tabib*

## FAX Transmission Sheet

From:        Bennett D. Krasner, Esq.

To:          Steven J. Glaser, Esq. / Gideon Rothchild, Esq.

Company:     Moses & Singer, Llp

Subject:     Eli Tabib

Fax No.:     1(212) 554-7700

You should receive 8 page(s) **including this cover sheet.** If you do not receive all pages, please
call (516) 889-9353.

## COMMENTS:

Dear Steve and Gideon:
    In reviewing the file, I noticed that this may not have been sent back on August 12th when I
spoke with you and told you it was ready. If you have a copy in your file then just discard it
otherwise review it and call me with your comments to both this and the entire agreement sent to
you on August 4th.
Regards,
*Bennett D. Krasner*

## CONFIDENTIALITY NOTE:

THE INFORMATION CONTAINED IN THIS TELECOPY (FAX) MESSAGE IS BEING TRANSMITTED
TO AND IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL NAMED ABOVE. IF THE
READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY ADVISED
THAT ANY DISSEMINATION, DISTRIBUTION OR COPY THIS TELECOPY (FAX) IS STRICTLY
PROHIBITED. IF YOU HAVE RECEIVED THIS TELECOPY (FAX) IN ERROR, PLEASE
IMMEDIATELY NOTIFY US BY TELEPHONE AND DESTROY THIS TELECOPY (FAX) MESSAGE.

MD 00229
MARCO/L&L WINGS

Sep-03-99 11:5L   BENNETT D. KRASNER ESQ.    51 .432 70.          P.02

## LICENSING AGREEMENT *all Shall + their*

THIS AGREEMENT dated for purposes of reference as of the 1st day of November, 1998, is made by and between L & L WINGS, INC. d/b/a Wings, a South Carolina Corporation with an address at 18 East 42nd Street, New York, New York 10017, ("Licensor") and Marco-Destin Inc. (hereinafter, "Marco-Destin") and E&T Inc. (hereinafter, "ET"), being Florida and South Carolina corporations respectively, and both having an address at
(collectively, hereinafter, "Licensee"). *Att our cf Panama City + roof Hwy*

WHEREAS, Licensor is the owner of the unregistered servicemark, "Wings" and is the owner of trade dress rights to its distinctive design; and

WHEREAS, Licensor is and has been for many years doing business as "Wings"; and

WHEREAS, Licensor adorns some of its retail locations with a unique wave sculpture design highlighted with a signature colored neon light combination, (hereinafter, Licensor's "Trade Dress"); and

WHEREAS, Licensee recognizes the goodwill, reputation and strong marketing value of using the "Wings" name as a trade/servicemark and trade name and its Trade Dress in the operation of its retail business establishments; and

WHEREAS, Licensee desires to do business using the name "Wings" in the "Territory" hereinafter defined; and

WHEREAS, Licensor desires to grant a license to Licensee to use the name "Wings" and the Trade Dress in the Territory upon the terms and conditions set forth below.

NOW, THEREFORE, in consideration of the covenants and agreements hereinafter set forth, and other valuable consideration, the receipt and sufficiency of which hereby are acknowledged, the parties hereto agree as follows:

1. **Definitions.** The following terms as used in this Agreement shall have the meanings set forth below:

1.1 "Trade Dress" shall mean the unique wave sculpture design highlighted with a signature colored neon light combination used by Licensor in connection with some of its business locations.

1.2 "Territory" shall include the following geographic areas: (i) Within the city limits of Marco Island, Florida, St. Augustine, Florida, and Pigeon Forge, Tennessee; (ii) *Add Naples*

MD 00230
MARCO/L&L WINGS

At the individual stores located at 11-A Highway 17 North, North Myrtle Beach, South Carolina and 102 Highway 17 North, North Myrtle Beach, South Carolina; and (iii) In the geographic area from Panama City Beach, Florida west to the Alabama-Mississippi state line and only 10 miles inland from the coast line. All areas not specifically included herein are specifically excluded from the Territory.

1.3 "Termination Date" shall be October 31, 2003 or such other date as the license granted hereunder may be terminated pursuant to the terms of this Agreement.

2. **Grant of License.** So long as Eli Tabib shall be the sole (100%) shareholder of Licensee (and Licensee operates the location without any partnership, joint venture or other interested parties), Licensee shall have a license to use the name "Wings" and the Licensor's Trade Dress in connection with Licensee's business establishments located in the Territory only, and only for the term commencing from the date hereof until October 31, 2003, unless sooner terminated or extended as provided herein (hereinafter, the "Termination Date"). This License shall not apply to any location outside the Territory. The License granted hereunder shall be exclusive in the Territory with the exception of the State of South Carolina, where the License shall be non-exclusive.

3. **Advertising Reimbursement.** If Licensor, in its sole discretion, shall advertise the name "Wings" in the Territory, Licensee shall pay to Licensor at its address set forth above, Licensee's pro rata share of all advertising costs incurred for advertising in the Territory. (By way of example, Licensee operates two (2) stores and Licensor operates twenty (20) stores in the Myrtle Beach, South Carolina region. Therefore, if Licensor advertises in that region, Licensee shall pay 1/11 of the advertising costs incurred by Licensor.) On or before September 30th of any year, Licensor shall render to Licensee a statement of such advertising costs, which statement shall be deemed conclusive substantiation for such costs. Payment of the statement shall be due within fifteen (15) days of the date thereof. At Licensor's option, Licensee may provide statements at shorter intervals but in no event less than once per year.

4. **Termination.** Licensor may, at its option, terminate the license and rights granted in this Agreement to Licensee immediately and without prior notice upon the occurrence of any of the following events:

4.1. If Licensee files a voluntary petition in bankruptcy or is adjudicated bankrupt or insolvent or files any petition or answer seeking any reorganization, arrangement, composition, adjustment or readjustment, liquidation, dissolution or similar relief under the present or any future Federal Bankruptcy Act or any present or future application United States federal, state or other statute or law, or seeks or consents to, or acquiesces in, the appointment or any trustee, receiver, conservator in, the appointment of nay trustee, receiver, conservator or liquidator of Licensee, or of all or any substantial part of its properties or of its interests.

Page -2-

MD 00231
MARCO/L&L WINGS

4.2. If within ninety (90) days after the commencement of any proceeding against Licensee seeking any bankruptcy, reorganization. arrangement, composition , adjustment or reacjustment, liquidation, dissolution or similar relief under the present or any future applicable United States federal, state or other statute or law the proceeding is not dismissed, or if within ninety (90) days after the expiration of any stay, the appointment is not vacated.

4.3. If Licensee executes an assignment of substantially all of its assets or any other similar agreement for the benefit of creditors.

4.4. If Licensee fails to pay any amounts to Licensor pursuant to this Agreement or fails to meet any of the obligations set forth in this Agreement in ¶¶6,7, 8, 9, 11 or of any other obligation contained in this Agreement.

4.5. If Licensee initiates any action, proceeding or claim against Licensor challenging any provision or the validity of this Agreement.

4.6. If there is any change in ownership of Licensee. Notwithstanding the foregoing, Licensee's shareholder may transfer ownership to family members upon death whereupon this Agreement shall terminate within six months of the date of death of the principal shareholder.

**5. Obligations and Responsibilities Upon Termination.** Upon expiration or termination of the License granted hereunder, by operation of law or otherwise:

5.1. All rights of Licensee granted hereunder, including the right to use the name "Wings" and the Licensor's Trade Dress shall cease.

5.2. Licensee, at its own cost and expense, shall remove and/or cause to be removed, all materials, signs, promotions, bags, and any and all other items, bearing the name and/or mark "Wings" and/or the Trade Dress or any evidence of the Trade Dress licensed hereunder. Thereafter, Licensee shall not, in any manner whatsoever, use the name "Wings", any similar name or any name created by changing, adding or dropping one or more letters from the name "Wings", (hereinafter, collectively, referred to as "Similar Name") nor shall Licensee use Licensor's Trade Dress in any form whatsoever. Without limiting any of Licensee's obligations herein contained, after the Termination Date Licensee hereby gives Licensor the right to enter upon its business locations and to remove any and all materials, signs, promotions, bags, other items, etc. bearing the name "Wings" or any other Similar Name and any evidence of Licensor's Trade Dress. Licensee agrees to cooperate with such efforts and shall not interfere therewith.

5.3. Licensee shall pay any and all outstanding statements for advertising within ten (10) days of the termination or expiration hereof.

Page -3-

MD 00232
MARCO/L&L WINGS

5.4. In the event Licensee fails to promptly fulfill all of its obligations upon the termination or expiration of this Agreement, Licensor shall have the right to pursue all legal remedies including, but not limited to, an action for trademark and/or servicemark infringement and/or for trade dress infringement.

## 6. Infringement.

6.1. In the event Licensee learns of any infringement or alleged infringement of Licensor's mark, "Wings" or of its Trade Dress, or that any third party alleges or claims that the mark or Trade Dress are likely to cause deception or confusion to the public, Licensee shall promptly notify Licensor with the particulars thereof.

6.2. In the event Licensor decides to pursue any infringement claim against a third party in the Territory, Licensor may request that Licensee join in or assist in any of the steps necessary to enforce the infringement claim. In the event Licensee agrees to assist, then each party shall bear one-half of the costs of any action. In the event Licensee does not agree to assist, then Licensor may terminate this License Agreement. In all events, Licensee shall cooperate with Licensor in the pursuit of any action.

## 7. Indemnification.

7.1. Licensee, jointly and severally, shall hold Licensor harmless and shall indemnify Licensor from any and all liabilities, injuries, damages, claims, suits, attorney's fees, etc., sustained by Licensor by reason of this or any other agreement which Licensee has, may have or which may hereinafter exist with Licensor or due to Licensee's operation of its business, use of the Licensor's Trade Dress, and/or use of the name "Wings". Licensee will, at all times, act and conduct business in such a manner so as not to adversely affect or otherwise harm the good will and reputation associated with the name "Wings", and will immediately comply with all notices from Licensor with respect thereto. Licensee will, at all times, maintain general liability, errors and omissions (including sexual harassment) Insurance naming Licensor as an additional insured. Notwithstanding anything herein contained to the contrary, Licensor may terminate this Agreement effective immediately upon written notice to Licensee in the event that Licensee shall be investigated by any governmental agency or sued by any entity or individual concerning any matter which would diminish the reputation and/or good will of the name "Wings", including, but not limited to, trade/servicemark and or other intellectual property violations, discrimination, sexual harassment, deceptive business practices, wage and hour, employment practices, and the like. Licensee understands that Licensor is or may be bound by and subject to certain Court orders, consent orders, stipulations, agreements and the like and Licensee agrees that, in the conduct of its business, it shall abide by any such Court orders, consent orders, stipulations, agreements and the like, including, in particular, those with Anheuser Busch Incorporated and Two's Company, a Rhode Island Corporation. Licensee acknowledges that it has had ample opportunity to review the existing Court orders,

Page -4-

MD 00233
MARCO/L&L WINGS

consent orders, stipulations and agreements.

7.2. Licensee shall notify Licensor of any claims (including, without limitation, customer complaints, sexual harassment charges and/or allegations, infringement allegations, etc.) to which ¶7.1 applies within three days from when Licensee learns thereof.

8. <u>Ownership Designation.</u> Licensee shall, at all times, post a placard in a clearly visible and unobstructed location situated at the entranceway to each of its stores doing business as "Wings", which placard shall be at least 12 inches by 18 inches and shall bear the inscription "THIS STORE IS OWNED AND OPERATED BY" and name the appropriate entity. The lettering of the inscription shall be no smaller than one inch high. In addition, immediately upon execution of this Agreement, Licensee shall file a certificate of assumed name with the appropriate governmental agencies.

9. <u>Breach of Related Agreements.</u> If Licensor and Licensee, or their assigns, are now or hereafter both parties to any other contract(s), leases or subleases, then the failure to comply with any term or condition contained therein shall be deemed a material default under such contract, lease or sublease, and any default under such contract(s), lease or sublease shall be deemed a material default hereunder and shall automatically terminate the license granted hereunder.

10. <u>Liquidated Damages.</u> Licensee specifically acknowledges that the use of the name "Wings" or any Similar Name and/or the use of Licensor's Trade Dress after the Termination Date will cause Licensor to suffer irreparable harm, damages for which would be extremely difficult to ascertain. Therefore, in addition to all other remedies in the event of Licensee's breach of this Agreement to which Licensor shall be entitled, Licensor shall be entitled to injunctive relief, and liquidated damages in the sum of $200.00 per day per business establishment utilizing the name "Wings" or any Similar Name or Trade Dress until cessation of said use, together with all costs and disbursements, including reasonable attorney's fees arising from Licensee's failure to cease using the name "Wings" or any Similar Name or Trade Dress.

11. <u>Assignment Prohibited.</u> Except as explicitly stated herein, this Agreement shall not be assignable either in whole or in part. Nothing in this Agreement is intended or shall be construed to confer upon or to give to any person, firm, or corporation, other than the parties hereto, any right, remedy, or claim under or by reason of this Agreement. All terms and conditions in this Agreement shall be for the sole and exclusive benefit of the parties. Nothing contained in this Agreement shall be deemed or construed to create or effectuate the relationship of principal and agent or of franchisor and franchisee or of partnership or joint venture between the parties hereto.

12. <u>Waiver.</u> No failure by Licensor to insist upon the strict performance of any term of condition of this Agreement or to exercise any right or remedy consequent upon the breach, and no acceptance of full or partial payments due under this Agreement

MD 00234
MARCO/L&L WINGS

during the continuance of any breach, shall constitute a waiver of the breach or the term or condition. No term or condition of this Agreement to be performed or observed by Licensee and no breach shall be waived, altered or modified except by written instrument executed by Licensor. No waiver of any breach shall affect or alter this Agreement but each term and condition of this Agreement shall remain and continue in effect with respect to any other existing or subsequent breach. No delay or failure by either party to exercise any right under this Agreement, and no partial or single exercise of that right, shall constitute a waiver of that or any other right. No waiver, modification or amendment of this Agreement shall be valid unless in writing signed by the party to be charged.

### 13. Licensor's Paramount Rights.

13.1. Licensee shall not contest Licensor's exclusive ownership of all rights including trademark and/or servicemark rights to the name "Wings" or copyright rights to any element of the Trade Dress. Licensee shall not at any time apply for a registration for the name "Wings" or any confusingly similar mark or for any other right in the name anywhere in the world nor shall Licensee file any opposition or in any other manner hinder any application for registration of the mark "Wings" that Licensor has, will or may make.

13.2. Licensee acknowledges and agrees that any and all rights and assets, including, but not limited to, goodwill, accruing and/or arising from the use of the mark "Wings" and/or its Trade Dress, shall belong to and be the property of Licensor free of any and all claims of Licensee.

### 14. Governing Law. This Agreement shall be governed solely by the laws of the State of New York without giving effect to any conflict of laws provisions thereof. Any and all matters of dispute between the parties which are to be settled by litigation, negotiations or arbitration at any time by reason of this Agreement, shall be negotiated, tried, litigated, conducted and/or arbitrated in New York County, New York State and shall include jurisdiction in the federal courts of the Southern District of New York. Licensee hereby consents to jurisdiction as set forth herein.

### 15. Attorneys' Fees. If Licensor files any action against Licensee for any breach of this Agreement, Licensor shall be entitled to recover from Licensee reasonable attorneys' fees incurred in so doing.

### 16. Notices. Notices required under this Agreement shall be made or given to the parties at the addresses specified at the beginning of this Agreement or at any other address that the parties may, by notice, specify. Copies of all notices shall be sent to the attorney for the party. Notices shall be deemed given 5 days after mailing by certified or registered mail, return receipt requested (unless sent by overnight mail service in which event notice shall be deemed given 1 day after mailing).

Page -6-

**17. Binding Effect.** This Agreement shall be binding upon the parties and their heirs, agents, executors, administrators, and successors, including, without limitation, successor officers, directors and trustees, if any, of the Licensor or Licensee.

**18. Headings.** The headings for each paragraph are simply for the convenience of the parties and shall not be used to interpret the meaning of any of the provisions.

**19. Time of the Essence.** All dates and obligations contained in this agreement which rely upon specific dates or periods of time shall be deemed to be "time of the essence" and any failure to timely comply with any such obligations and/or dates shall be deemed a material breach of this Agreement.

**20. Entire Agreement.** This Agreement contains the entire agreement between the parties and supersedes all agreements and understandings previously made between the parties relating to its subject matter, all of which have been merged herein. There are no other understandings or agreements between them, nor are there any representations made which are not herein contained. This agreement shall be governed in accordance with the laws of the State of New York, the courts of which shall have exclusive jurisdiction.

IN WITNESS WHEREOF, the parties have set their hands hereto as of the day and date above first appearing.

L & L WINGS, INC.:


_____

By: Shaul Levy, President

Marco-Destin, Inc.


_____

By: Eli Tabib, President

E&T Inc.


_____

By: Eli Tabib, President

MD 00236
MARCO/L&L WINGS