guaranteed, become joint and severally liable for various obligations and acted as sureties for each other (all of these obligations are hereinafter referred to as "Potential Obligations"). The extent of the parties' liability based upon Potential Obligations is vast and the parties are unable, with any reasonable certainty, to provide any compendium to each other or even to list the obligees of any Potential Obligations. Therefore, Wings and Morehead (hereinafter "Wings' Group") on the one hand, and Eli, 1000 Highway, Marco-Destin and Panama City (hereinafter "Eli's Group"), on the other hand, agree to indemnify and hold each other harmless from and against all liability, claim, loss, damage or expense, including reasonable attorneys' fees, incurred or required to be paid by such other party by reason of any Potential Obligation. Furthermore, if said claim, loss, damage or expense relates to real and/or personal property, including, but not limited to, any leasehold interest, the party incurring such payment shall be entitled to immediate possession of the subject real and/or personal property, including, but not limited to, any leasehold interest, free and clear of any right, title and/or interest of the other party. (By way of example, if Eli's Group or any member thereof, defaults on a mortgage payment on real property held by 1000 Highway and any party of Wings' Group is called upon, by virtue of it's guarantee, to correct the default, then such party of Wings' Group shall be entitled to immediate possession of the real property free and clear of any interest any party of Eli's Group may have.)

### 13. Entire Agreement.

This agreement contains all of the terms agreed upon between the parties with respect to the subject matters hereof. This agreement has been entered into after full

Page -15-

# DRAFT

MD 00278
MARCO/L&L WINGS

Aug-04-99 06:1    BENNETT D. KRASNER ESQ.    516 432 76    P.17

investigation. All prior oral or written statements, representations, promises, understandings and agreements of the parties are merged into and superseded by this agreement, which alone fully and completely expresses their agreement.

### 14. Miscellaneous.

14.1. No delay or omission by any of the parties in exercising any right shall operate as a waiver of such right or of any other right.

14.2. This agreement may not be altered, amended, changed, modified, waived or terminated in any respect or particular unless the same shall be in writing signed by the party to be bound.

14.3. No waiver by any party of any breach hereunder shall be deemed a waiver of any other or subsequent breach.

14.4. The Exhibits annexed to this agreement are an integral part of this agreement, and where there is any reference to this agreement it shall be deemed to include said Exhibits.

14.5. This agreement shall be governed by and construed in accordance with the laws of the State of New York.

14.6. If any provision of this agreement shall be unenforceable or invalid, such unenforceability or invalidity shall not affect the remaining provisions of this agreement.

14.7. This agreement shall not be considered an offer or an acceptance of an offer by any party, and shall not be binding upon any party until executed and delivered by that party.

Page -16-

# DRAFT

MD 00279
MARCO/L&L WINGS

Aug-04-99 06:1?   BENNETT D. KRASNER ESQ.   516 432 70   P.18

14.8. Upon such execution and delivery, this agreement shall be binding upon and inure to the benefit of the parties hereto and their respective heirs, executors, administrators, successors and permitted assigns.

DRAFT

DRAFT

08/04/99   WED 18:16   [TX/RX NO 5654]

MD 00280
MARCO/L&L WINGS

Aug-04-99 06:11    BENNETT D. KRASNER ESQ.    516 432 70    P.19

In witness whereof, the parties hereto have hereunto set their hands and seals as of the date first above written.

_____                    _____
Shaul Levy                                  Meir Levy

_____
Eli Tabib

L&L Wings, Inc.                             1000 Highway 98 East Corp.

_____                    _____
By: Shaul Levy, President                   By:

Marco-Destin Inc.                           100 South Morehead Ave. Corp.

_____                    _____
By:                                         By:

Panama City Surf & Sport Inc.               Shaul & Meir Levy Partnership

_____                    _____
By:                                         By:

DRAFT

Page -18-

MD 00281
MARCO/L&L WINGS

Aug-04-99 06:1:    BEN ETT D. KRASNER ESQ.    5    432 70    P.01

06935101
Capn.

THE LAW OFFICES OF
# BENNETT DAVID KRASNER
123J Beech Street, No. 49
Atlantic Beach, N.Y. 11509
(516) 889-9353   Fax (516) 432-7016
New York Office
747 Third Avenue
New York, New York 10017
(212) 588-0330   Fax (212) 588-0440

Of Counsel
Bonnie Ellen Krasner

Reply To: **Long Island Office**

August 4, 1999

## FAX Transmission Sheet

From:       Bennett D. Krasner, Esq.

To:         Steven J. Glaser, Esq.

Subject:    Eli Tabib with Levy

Fax No.:    212-554-7700

You should receive 19 page(s) including this cover sheet.  If you do not receive all pages,
please call (516) 889-9353.

### COMMENTS:

Proposed agreement follows. Please call me if there are any questions or comments. I will be in
my office all day Thursday. Thank you.

### CONFIDENTIALITY NOTE:

THE INFORMATION CONTAINED IN THIS TELECOPY (FAX) MESSAGE IS BEING TRANSMITTED
TO AND IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL NAMED ABOVE. IF THE
READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY ADVISED
THAT ANY DISSEMINATION, DISTRIBUTION OR COPY THIS TELECOPY (FAX) IS STRICTLY
PROHIBITED. IF YOU HAVE RECEIVED THIS TELECOPY (FAX) IN ERROR, PLEASE
IMMEDIATELY NOTIFY US BY TELEPHONE AND DESTROY THIS TELECOPY (FAX) MESSAGE.

08/04/99  WED 18:16  [TX/RX NO 5664]

MD 00282
MARCO/L&L WINGS

Aug-04-99 06:12    BENNETT D. KRASNER ESQ.    5    432 701    P.02

Agreement made this __DRAFT__ July, 1999, and effective as of December 31, 1998, by and between on the one hand, Shaul Levy (hereinafter, "Shaul"), Meir Levy (hereinafter, "Meir"), (both Shaul Levy and Meir Levy are hereinafter collectively referred to as "Levy"), L&L Wings, Inc. (hereinafter, "L&L"), Shaul and Meir Levy Partnership (hereinafter, "SMP"), (Shaul Levy, Meir Levy, L&L and SMP, are all from time to time, hereinafter collectively referred to as "Wings"), and on the other hand, Eli Tabib (hereinafter, "Eli"), 1000 Highway 98 East Corp. (hereinafter, "1000 Highway"), Marco-Destin Inc. (hereinafter, "Marco-Destin"), 100 South Morehead Ave. Corp. (hereinafter, "Morehead"), and Panama City Surf & Sport Inc. (hereinafter, "Panama City").

WHEREAS, Shaul, Meir and Eli are the sole shareholders of Morehead; and

WHEREAS, Shaul, Meir and Eli are the sole shareholders of 1000 Highway; and

WHEREAS, Shaul, Meir and Eli are the sole shareholders of Marco-Destin; and

WHEREAS, Shaul, Meir and Eli are the sole shareholders of Panama City; and

WHEREAS, Shaul and Meir are the sole partners in SMP; and

WHEREAS, all of the parties, in one form or another, are engaged in the business of owning and operating retail stores; and

WHEREAS, all of the stores affected by this agreement are operated under the name "Wings"; and

WHEREAS, Marco-Destin operated various stores leased to L&L without a lease and has since abandoned them; and

WHEREAS, Marco-Destin holds leases on stores operated by L&L and desires to assign such leases to L&L; and

# DRAFT

08/04/99   WED 18:16   [TX/RX NO 5664]

MD 00283
MARCO/L&L WINGS

WHEREAS, Shaul and Meir are desirous of acquiring and 1000 Highway desires to sell certain real property; and

WHEREAS, Levy and Eli have determined that it is in their best interests and in the best interests of the various corporate entities named hereinabove to amicably part ways; and

WHEREAS, Levy and Eli have determined that it is in their best interests and in the best interests of the various corporate entities named hereinabove if Levy and Eli cease to own shares of stock in the same entities;

NOW, THEREFORE, in consideration of the covenants and agreements hereinafter set forth, and other valuable consideration, the receipt and sufficiency of which hereby are acknowledged, the parties hereto agree as follows:

## 1. Transfers of Shares of Stock.

1.1. <u>100 South Morehead Ave. Corp.</u> Eli agrees to sell, transfer and deliver to Shaul and Meir, in equal shares, and Shaul and Meir agree to purchase, upon the terms and conditions hereinafter set forth, all Eli's shares of the capital stock of Morehead, which shares constitute one-half of the authorized and issued shares of Morehead. The purchase price to be paid by Shaul and Meir for Eli's said shares shall be $_____, payable at the "Closing" (hereinafter defined).

1.2. <u>1000 Highway 98 East Corp.</u> Shaul and Meir each, for himself, agree to sell, transfer and deliver to Eli and Eli agrees to purchase, upon the terms and conditions hereinafter set forth, all their shares of the capital stock of 1000 Highway, which shares constitute one-half of the authorized and issued shares of 1000 Highway,

Page -2-

# DRAFT

MD 00284
MARCO/L&L WINGS

The purchase price to be paid by Eli for said shares shall be $_____, payable at the Closing.

1.3. Marco-Destin Inc. Shaul and Meir each, for himself, agree to sell, transfer and deliver to Eli and Eli agrees to purchase, upon the terms and conditions hereinafter set forth, all their shares of the capital stock of Marco-Destin, which shares constitute one-half of the authorized and issued shares of Marco-Destin. The purchase price to be paid by Eli for said shares shall be $_____, payable at the Closing.

1.4. Panama City Surf & Sport Inc. Shaul and Meir each for himself, agree to sell, transfer and deliver to Eli and Eli agrees to purchase, upon the terms and conditions hereinafter set forth, all their shares of the capital stock of Panama City, which shares constitute one-half of the authorized and issued shares of Panama City. The purchase price to be paid by Eli for said shares shall be $_____, payable at the Closing.

## 2. Transfers of Leasehold Interests and Property.

2.1. 106A N. New River Drive, Surf City, NC. Eli and Marco-Destin shall execute a surrender of any leasehold right, whether oral or written, which he, it or they may have in and to the lease agreement entered into between Coastal Land Ventures, Inc. as Landlord and L&L as Tenant, for the premises known by the parties as store #766 located at 106A N. New River Drive, Surf City, NC. This store was formerly operated by Marco-Destin and since abandoned. The proposed surrender agreement is annexed hereto as Exhibit A.

Page -3-

# DRAFT

MD 00285
MARCO/L&L WINGS

2.2. <u>15 East 1st Street, Ocean Isle, NC.</u> In consideration of the sum of

$_____, Marco-Destin shall assign to L & L the lease between Ralph

Shama and Yaron Shama collectively as Landlord and Marco-Destin as Tenant,

together with all right, title and interest of the tenant thereunder, for the premises known

by the parties as store #767 located at 15 East 1st Street, Ocean Isle, NC. Eli and

Marco-Destin further agree to execute any and all documents which may be required to

effectuate the assignment and further agree that, if required by Landlord, they and/or

either or both of them, shall remain liable for the lease obligations of Tenant. This store

was formerly operated by Marco-Destin and since abandoned.

2.3. <u>1014 N. Lake Park Road, Carolina Beach, NC (transfer of real property).</u> In

consideration of the sum of $_____, 1000 Highway shall sell, transfer and

convey to Shaul and Meir and/or their assignees and/or designees, the real property,

together with the buildings and improvements thereon located, known by the parties as

store #765 located at 1014 N. Lake Park Road, Carolina Beach, NC.

2.3.1. To effectuate the transfer of the property, 1000 Highway shall deliver to

Shaul and Meir and/or their assignees and/or designees, a warranty deed in proper

statutory form for recording so as to transfer full ownership (fee simple title) to the real

property, together with the buildings and improvements located therein subject to the

existing mortgage(s) and U.C.C. security interests known to and previously consented

to by Shaul & Meir. 1000 Highway represents and warrants, in connection with the

conveyance, that all taxes, including, but not limited to, real estate taxes and arrears, if

any, and mortgage payments will be current to the date of transfer and that there are no

Page -4-

DRAFT

MD 00286
MARCO/L&L WINGS

Aug-04-99  06:19    BENNETT D.  KRASNER ESQ.    5 : 432 701    P.06

known condemnation proceedings and/or building code or other violations affecting the real property and/or buildings and improvements located therein.

2.4. 1014 N. Lake Park Road, Carolina Beach, NC (transfer of leasehold interest). In consideration of the sum of $1.00, Marco-Destin shall assign to L & L any right, title or interest it has or may claim to have as Tenant and shall surrender to L & L any claims to the business operated in the premises known by the parties as store #765 located at 1014 N. Lake Park Road, Carolina Beach, NC. Eli, 1000 Highway and Marco-Destin further agree to execute any and all documents which may be required to effectuate the assignment. This store was formerly operated by Marco-Destin and since abandoned. The proposed assignment and surrender agreement is annexed hereto as Exhibit B.

2.5. 9952 Beach Road, Calabash, NC. In consideration of _____, Eli and 1000 Highway shall assign to L & L and or its assignees, any right, title or interest either or both of them has or may have or may claim to have in and to the land and/or buildings and improvements located thereon and known by the parties as store #605 located at 9952 Beach Road, Calabash, NC. The parties acknowledge and understand that the said real property is owned by SMP; that the building and improvements thereon were paid for by 1000 Highway in repayment of money owed to L & L and carried on the books of 1000 Highway as accounts payable; and that, however, 1000 Highway inadvertently and erroneously booked the building on its books. The book value of the building and equipment shall be offset by the accounts payable owing to L & L in the amount of $ _____.

Page -5-

# DRAFT

MD 00287
MARCO/L&L WINGS

2.6. 581 South Collier Boulevard, Marco Island, FL. (correction of title). The parties acknowledge that 1000 Highway is the lawful owner of the land with the buildings and improvements thereon located at 581 South Collier Boulevard, Marco Island, Florida and known by the parties as store #317. Shaul, Meir, Eli and 1000 Highway acknowledge, each for it, him and themselves, that the deed of conveyance incorrectly reflects that they are the owners of the property while the corporate books of 1000 Highway correctly reflect that it owns the said property. In order to correct this error, Shaul, Meir, Eli and 1000 Highway, agree that they and each of them shall execute a correction deed and any and all documents necessary to correct title to the property. Said property is conveyed subject to all existing mortgage(s) and U.C.C. security interests known to and previously consented to by Eli, 1000 Highway and Marco-Destin.

2.7. 581 South Collier Boulevard, Marco Island, FL (transfer of leasehold interest). In consideration of the sum of $1.00, Wings shall assign to Marco-Destin any right, title or interest it has or may claim to have as Tenant and shall surrender to Marco-Destin any claims to the business operated in the premises known by the parties as store #317 located at 581 South Collier Boulevard, Marco Island, Florida. Wings further agrees to execute any and all documents which may be required to effectuate the assignment. This store was formerly operated by L & L and since abandoned. The proposed assignment and surrender agreement is annexed hereto as Exhibit C.

2.8. 2673 Parkway, Pigeon Forge, TN. Wings shall assign to Marco-Destin the lease between Michael Shaler as Landlord and L&L as Tenant, together with all right, title and interest of the Tenant thereunder, in and to the premises known by the parties

Page -6-

# DRAFT

MD 00288
MARCO/L&L WINGS

as store #801 located at 2673 Parkway, Pigeon Forge, TN. Wings further agrees to execute any and all documents which may be required to effectuate the assignment and further agrees that, if required by Landlord, it shall remain liable for the lease obligations of Tenant.

2.9. 1251 A Miracle Strip Parkway, Ft. Walton Beach, FL.  Wings shall assign to 1000 Highway the lease between Noric, Inc. as Landlord and L&L as Tenant, together with all right, title and interest of the Tenant thereunder, in and to the premises known by the parties as store #748 located at 1251A Miracle Strip Parkway, Ft. Walton Beach, FL. The lease contains a right of assignment so long as Tenant remains liable on the lease. The parties acknowledge and agree that L&L de facto assigned the lease to 1000 Highway; that 1000 Highway built the store; and that the store is operated by Marco-Destin pursuant to a de facto sublet from 1000 Highway.


**3. License of Mark.**

L&L shall grant to Marco-Destin a non-exclusive license to use the trademark name "Wings" for all stores currently operated by Marco-Destin in the state of Florida subject to a separate licensing agreement. The proposed agreement is annexed hereto as Exhibit D.


**4. Execution and Delivery of Documents.**

4.1. At the closing the parties shall execute and deliver by, to and among them, as necessary to effectuate the intent of this agreement, the following documents and items:

Page -7-

# DRAFT

MD 00289
MARCO/L&L WINGS

Aug-04-99 06:14    BENNETT D. KRASNER ESQ.    5    432 7017    P. 09

4.1.1. The certificate or certificates for the shares of stock in the respective corporations, duly endorsed so as to effectively transfer ownership of the respective corporations as provided in this agreement, together with all appropriate Federal and State transfer tax stamps affixed.

4.1.2. Letters of resignation from each director and officer of the respective corporations, effective as of the closing hereunder.

4.1.3. The Certificate of Incorporation and/or other organizational documents of any corporation transferred pursuant to this agreement, and the bylaws, minute book, stock certificate book, and seal of any such corporation.

4.1.4. Any bills, vouchers, and/or other records showing the ownership of the furniture, furnishings, equipment, and other property used in the operation of the business of any corporation transferred pursuant to this agreement.

4.1.5. All other books of account, records and contracts of any corporation transferred pursuant to this agreement.

4.1.6. All such other instruments as may be necessary or proper to transfer to a transferee hereunder all other ownership interests in the Corporation transferred pursuant to this agreement.

4.1.7. In the case of the transfer of real property pursuant to this agreement, all deeds of conveyance, tax returns, affidavits, evidences of debt, assignments, and any and all other documents which may be

Page -8-

# DRAFT

MD 00290
MARCO/L&L WINGS

necessary or required to complete the transfer of real property provided for in this agreement.

4.1.8. All business licenses, permits, etc., which may be required for the business operated in a premises subject to this agreement, which licenses, permits, etc., shall be endorsed, assigned and/or otherwise transferred to the transferee of the property hereunder, in such form and manner as to meet the requirements of the issuing authority.

4.2. The Parties hereto agree to execute any and all such other and further documents as may be required to complete the transfers and conveyances provided for in this agreement.

4.3. The Parties hereto agree to take all steps necessary to assure that the documents provided for hereunder shall be valid and binding and effective to transfer property in the State (or States as the case may be) and local jurisdictions to which any property transferred hereunder may be subject.

## 5. Assumption of Secured Debt.

5.1. At the closing parties shall execute and deliver to, between and among them, as necessary to effectuate the intent of this agreement, assignments and assumptions of all existing Secured Debt covering the property, including the Corporations, affected by this Agreement, in form and substance satisfactory to the various Lenders and to the respective attorneys for the parties. The parties acknowledge that the corporations, and property, both real and personal, assigned or otherwise transferred pursuant to this Agreement, is/are encumbered and are assigned

Page -9-

# DRAFT

MD 00291
MARCO/L&L WINGS

Aug-04-99 06:14  BENNETT D. KRASNER ESQ.

or otherwise transferred hereunder subject to any such encumbrances, notwithstanding that all the parties know that an assignment, sale and/or transfer may violate the terms and/or conditions of the encumbrances.

5.2. The parties acknowledge that adequate disclosure of all encumbrances has been made and that they and each of them are fully aware of and familiar with the encumbrances on the property affected by this Agreement.

5.3 In the event a party (herein, "the defaulting party"), who, pursuant to this agreement, receives real and/or personal property, including any assignment of lease, fails to timely and duly fulfill any and/or all obligations in connection with any such encumbrance and/or other obligations assumed, (including, but not limited to, the payment of any mortgage or note or payment of rent) and such failure continues for more than 5 days after notice by another party to this Agreement still obligated for the liability (the "non-defaulting party"), (whether such "non-defaulting party" is primarily liable for the obligation, as guarantor or otherwise); then, the said non-defaulting party may satisfy, fulfill and/or discharge the liability whereupon the non-defaulting party shall be entitled to reimbursement for all payments and costs by the defaulting party and/or shall be entitled to immediate possession of the previously transferred real and/or personal property and/or leasehold interest to which the liability relates, free and clear of any right, title and/or interest of the defaulting party.

## 6. The Closing and Payment of Consideration.

6.1. All consideration to be paid hereunder shall be paid at the Closing (as hereinafter defined), it being understood and agreed between the parties that, with the

Page -10-

# DRAFT

MD 00292
MARCO/L&L WINGS

Aug-04-99 06:16    BENNETT D. KRASNER ESQ.    5   632 7012    P. 12

agreement of the payee party, an obligated party hereunder may pay any part or all of the consideration by the due execution and issuance of a promissary note in form satisfactory and acceptable to the payee party.

6.2. The "Closing" means the settlement of the obligations of the parties to each other pursuant to this agreement, including the payment of any and all consideration provided for herein and the delivery by the parties of all documents (including the Exhibits hereto), necessary to complete the transfers of property and other actions provided for in this agreement.

## 7. Representations and Warranties.

7.1. The parties represent and warrant, each for it, him, themselves, to the others, as follows:

7.2. The corporations affected hereby are duly organized and validly existing under the laws of the states in which they were incorporated and are duly qualified to do business in the states in which they operate.

7.3. The parties have full power and authority to carry out and perform their respective undertakings and obligations as provided herein.

7.4. The execution and delivery by the parties of this agreement and the consummation of the transactions contemplated hereby have been duly authorized by the Boards of Directors of the affected corporations and will not conflict with or breach any provision of the certificates of incorporation or bylaws of these corporations.

7.5. Shaul, Meir and Eli each own the respective shares of stock in the Corporations sold by them hereunder. All of the shares are no par value, are fully paid

Page -11-

# DRAFT

08/04/99   WED 18:18   [TX/RX NO 5664]

MD 00293
MARCO/L&L WINGS

Aug-04-99 06:15 BENNETT D. KRASNER ESQ. 5.5 432 701F P.15

and non-assessable, and have not been assigned, pledged or hypothecated, and are free of all liens, claims and encumbrances, except as set forth herein.

7.6. There are no violations of any law or governmental rule or regulation pending against any of the parties and/or the property and/or the entities transferred hereunder and affecting the entities and/or the property transferred hereunder and affected hereby, to the best of the respective knowledge of the parties. The parties agree to clear all violations against their respective properties to the date of closing.

7.7. The parties are all fully aware of the financial condition, liens and/or encumbrances and leases affecting the corporations and/or property (both real and personal), transferred pursuant to this Agreement and acknowledge that full disclosure of same has been made to them.

7.8. The parties acknowledge that they are fully familiar with any written contracts or agreements for the employment of any employee of any business transferred hereby;

7.9. The entities transferred hereunder have filed all tax returns, including without limitation, all income, excise, property, gain, sales, franchise and license tax returns, required to be filed by them prior to the date hereof. The parties are fully familiar with all such tax filings and the respective transferees hereunder agree to assume liability for the payment of all taxes owed, owing or assessed against the transferred entities.

7.10. The parties represent each for him, it, themselves and to each other, that all rent, mortgage payments, real estate taxes and arrears, if any, and violations, which may affect any property, whether real or personal property and including any lease

Page -12-

# DRAFT

08/04/99  WED 18:16  [TX/RX NO 6664]

MD 00294
MARCO/L&L WINGS

Aug-04-99 06:16P  BENNETT D. KRASNER ESQ.    5   432 7016

interest, transferred hereunder or otherwise affected by this Agreement, have been fully paid and will be paid current to the date of the transfer hereunder.

7.11. The parties acknowledge that they have not made to each other nor has any representative or agent of any of them made any representation or warranty (expressed or implied) regarding any matter or thing affecting or relating to this agreement, except as specifically set forth in this agreement. No party shall be liable or bound in any manner by any oral or written statement, representation, warranty, agreement or information pertaining to this agreement unless specifically set forth in this agreement.

## 8. Indemnification.

Each party hereto shall indemnify and hold the other parties harmless from and against all liability, claim, loss, damage or expense, including reasonable attorneys' fees, incurred or required to be paid by such other parties by reason of any breach or failure of observance or performance of any representation, warranty or covenant or other provision of this agreement by such party.

## 9. Assignment Prohibited.

No party shall assign this agreement without the prior written consent of the other parties in each instance unless specifically provided hereinabove. Any attempted assignment without consent of all parties shall be null and void.

Page -13-

# DRAFT

08/04/99  WED 18:16  [TX/RX NO 5664]

MD 00295
MARCO/L&L WINGS

Aug-04-99  08:16  BENNETT D. KRASNER ESQ.   516 432 7016   P.19

### 10. Notices.

All notices, demands and other communications required or permitted to be given hereunder shall be in writing and shall be deemed to have been properly given if delivered by hand or by overnight courier or by registered or certified mail, return receipt requested, with postage prepaid, to the party or parties (as the case may be), to be charged, at it, his, their address first above written, or at such other address as he, it, they may designate by notice given hereunder. Copies of all such notices, demands and other communications simultaneously shall be given in the aforesaid manner to Wing's attorney, Bennett D. Krasner, Esq., at 1233 Beech St. No. 49, Atlantic Beach, NY 11509, and to Eli's attorney, Gideon Rothchild, Esq., Moses and Singer LLP at 1301 Avenue of the Americas, New York, NY 10019. The respective attorneys for the parties hereby are authorized to give any notice required or permitted hereunder and to agree to adjournments of the Closing.

### 11. Further Actions.

In connection with the transactions contemplated by this agreement, the parties agree to execute and deliver such further instruments, and to take such further actions, as may be reasonably necessary or proper to effectuate and carry out the transactions contemplated in this agreement.

### 12. Joint Liability, Guarantees and Sureties.

All the parties acknowledge that, during the course of their long business relationship, they and each of them have, from time to time, guaranteed, cross-

Page -14-

# DRAFT

08/04/99  WED 18:16  [TX/RX NO 5664]

MD 00296
MARCO/L&L WINGS

guaranteed, become joint and severally liable for various obligations and acted as sureties for each other (all of these obligations are hereinafter referred to as "Potential Obligations"). The extent of the parties' liability based upon Potential Obligations is vast and the parties are unable, with any reasonable certainty, to provide any compendium to each other or even to list the obligees of any Potential Obligations. Therefore, Wings and Morehead (hereinafter "Wings' Group") on the one hand, and Eli, 1000 Highway, Marco-Destin and Panama City (hereinafter "Eli's Group"), on the other hand, agree to indemnify and hold each other harmless from and against all liability, claim, loss, damage or expense, including reasonable attorneys' fees, incurred or required to be paid by such other party by reason of any Potential Obligation. Furthermore, if said claim, loss, damage or expense relates to real and/or personal property, including, but not limited to, any leasehold interest, the party incurring such payment shall be entitled to immediate possession of the subject real and/or personal property, including, but not limited to, any leasehold interest, free and clear of any right, title and/or interest of the other party. (By way of example, if Eli's Group or any member thereof, defaults on a mortgage payment on real property held by 1000 Highway and any party of Wings' Group is called upon, by virtue of it's guarantee, to correct the default, then such party of Wings' Group shall be entitled to immediate possession of the real property free and clear of any interest any party of Eli's Group may have.)

**13. Entire Agreement.**

This agreement contains all of the terms agreed upon between the parties with respect to the subject matters hereof. This agreement has been entered into after full

Page -15-

# DRAFT

08/04/99   WED 18:16   [TX/RX NO 5664]

MD 00297
MARCO/L&L WINGS

investigation. All prior oral or written statements, representations, promises,

understandings and agreements of the parties are merged into and superseded by this

agreement, which alone fully and completely expresses their agreement.

### 14. Miscellaneous.

14.1. No delay or omission by any of the parties in exercising any right shall

operate as a waiver of such right or of any other right.

14.2. This agreement may not be altered, amended, changed, modified, waived

or terminated in any respect or particular unless the same shall be in writing signed by

the party to be bound.

14.3. No waiver by any party of any breach hereunder shall be deemed a waiver

of any other or subsequent breach.

14.4. The Exhibits annexed to this agreement are an integral part of this

agreement, and where there is any reference to this agreement it shall be deemed to

include said Exhibits.

14.5. This agreement shall be governed by and construed in accordance with the

laws of the State of New York.

14.6. If any provision of this agreement shall be unenforceable or invalid, such

unenforceability or invalidity shall not affect the remaining provisions of this agreement.

14.7. This agreement shall not be considered an offer or an acceptance of an

offer by any party, and shall not be binding upon any party until executed and delivered

by that party.

Page -16-

# DRAFT

MD 00298
MARCO/L&L WINGS

Aug-04-99 06:18   BENNETT D. KRASNER ESQ.    516 432 701F    P.18

14.8. Upon such execution and delivery, this agreement shall be binding upon and inure to the benefit of the parties hereto and their respective heirs, executors, administrators, successors and permitted assigns.

DRAFT

Page -17-

**DRAFT**

08/04/99   WED 18:16   [TX/RX NO 5864]

MD 00299
MARCO/L&L WINGS

Aug-04-99 06:18    BENNETT D. KRASNER ESQ.    516 432 7017

In witness whereof, the parties hereto have hereunto set their hands and seals

as of the date first above written.

_____          _____
Shaul Levy                         Meir Levy

_____
Eli Tabib

L&L Wings, Inc.                    1000 Highway 98 East Corp.

_____          _____
By: Shaul Levy, President          By:

Marco-Destin Inc.                  100 South Morehead Ave. Corp.

_____          _____
By:                                By:

Panama City Surf & Sport Inc.      Shaul & Meir Levy Partnership

_____          _____
By:                                By:

# DRAFT

Page -18-

08/04/99  WED 18:16  [TX/RX NO 5664]

MD 00300
MARCO/L&L WINGS

*0693./101*
*Tabib*
*Corr.*

# M O S E S   &   S I N G E R   L L P

1301 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6076

STEVEN GLASER
DIRECT DIAL (212) 554-7820

(212) 554-7800

FACSIMILE
(212) 554-7700

email: sglaser@mosessinger.com

March 19, 1999

Bennett Krasner, Esq.
1233 Beech Street, #49
Atlantic Beach, New York  11509

     Re:  LL Wings

Dear Bennett:

    Notwithstanding your many promises, we have still not received any documentation on the proposed transaction between our client Eli Tabib and Levys.

    Kindly inform me when we can expect it.

Very truly yours,

Steven Glaser

SG/fb
cc:   Gideon Rothschild, Esq.
     Mr. Eli Tabib

01/11/99  MON 10:2'    X 3054719398          MARCO DESTIN INC 001                      @001

*Tabib/Estate Planning*
*06935/101*

# MARCO DESTIN, INC. *Coll.*

## 1040 N.W. 33RD ST. #110, Miami, Florida 33172
### Tel.: 305 471-9394   Fax: (305) 471-9398

# FAX COVER LETTER

**TO:**  _Gideon Rothchild_

**FROM:**  _Nir Yavani_

**REF.:**  _Enclosed Document_

**DATE:**  _01-11-99_

**FAX #:**  _212-554-7700_

## MESSAGE:

**Total Pages:** _____

01/11/99  MON 10:17  [TX/RX NO 6679]

MD 00302
MARCO/L&L WINGS

01/11/99  MON 10:1    AX 3054718398          MARCO LESTIN INC  1                  @002
01/07/99  15:20 FAX  212 92  308          L & L WINGS

# L & L WINGS, INC.

ALEX D. KOZLOWSKY

Office of the
Chief Financial Officer

December 10, 1998

Florida Department of Revenue

To Whom It May Concern:

This letter shall serve to confirm that:

(1)  Shaul Levy and Meir Levy are the  (i) sole partners of the Shaul & Meir
Levy Partnership, and (ii) sole shareholders of L & L Wings, Inc.

(2)  L & L Wings, Inc. and Shaul Levy, individually and Meir Levy,
individually, are guarantors for mortgage loans of the following properties
owned by the Shaul & Meir Levy Partnership:

    A)    301 Key West
    B)    303 Deerfield Beach
    C)    305 St. Petersburg
    D)    306 Hollywood Beach
    E)    317 Marco Island
    F)    318 Destin

(3)  As a result the funds advanced to the Partnership are actually advances
to pay the mortgages and should not be considered rent.

Please feel free to contact the undersigned should you have any
questions. With kindest regards, I am,

Very truly yours,

ALEX KOZLOWSKY

1B East 42nd Street, New York. New York 10017
Phone (212) 922-9087  -  Facsimile (212) 922-9306

01/11/99  MON 10:17  [TX/RX NO 6679]

MD 00303
MARCO/L&L WINGS

# MOSES & SINGER LLP

*Tab.6*
*06935/101*
*(6...*

1301 Avenue of the Americas, New York, NY 10019-6076
Telephone: 212.554.7800          Facsimile: 212.554.7700

# Facsimile Transmission
# Cover Sheet

Date: *1/5/99*

To:                    Firm name:              Fax number transmitted to:

*B. Krasner, Esq*                              *516 432 7016*

_____      _____     _____

_____      _____     _____

_____      _____     _____

From: *S Glaser*                   Phone: (212) 554- *7820*

Client/Matter: *06935-101 (Tab.6)*

Number of Pages: _____
(Including cover page)

Comments: *Let's Discuss ASAP!*

179726If you do not receive all pages, or have any other problems receiving this transmission, please call
212-554-7800 and ask for the telecopy operator.

CONFIDENTIALITY NOTE
This facsimile transmission contains information intended for the exclusive use of the individual or entity to whom it is addressed and
may contain information that is proprietary, confidential, and/or exempt from disclosure under applicable law.

If you are not the intended recipient (or an employee or agent responsible for delivering this facsimile transmission to the intended
recipient), you are hereby notified that any copying, disclosure or distribution of this information may be subject to legal restriction or
sanction. Please notify the sender by telephone to arrange for the return or destruction of the information and all copies.

MD 00304
MARCO/L&L WINGS

P. 03

1900  21:09

# COMMERCIAL RENTAL INCOME INVESTIGATION QUESTIONNAIRE

Please answer the following questions to the best of your ability.

1. *Is this property location currently listed as a landlord location with the State of Florida Department of Revenue for the remittance of commercial rental tax?*  YES_____  NO_____
   If yes, what is the certificate number ?_____
   What is the name on the certificate ?_____
   What is the address on the certificate ?_____

2. *Has the property been rented or leased in the past sixty (60) months?*  YES_____  NO_____

2. *Is the property at 581 S Collier Blvd Marco Island FL 34145.....(Check all that apply)*

   ( ) Used by one corporation owned by a related corporation
   ( ) Occupied by a corporation in which a corporate officer is the property owner.
   ( ) Occupied by my corporation, which pays me, rent as the property owner.
   ( ) Used by a third party or corporation which pays me a fee/favor to use or occupy the property.
   ( ) Leased to a third party.
   ( ) Used by a related business entity.
   ( ) Used by you as the owner personally.
   ( ) Other (please explain) _____

4. *What is the name of the business occupying this property?*_____
   *What is this businesses major business activity?*_____

5. *If this business is related to you, which of the following considerations are received by you:  (Check all that apply)*

   ( ) The corporation remits payment for the mortgage loan.
   ( ) I receive rental income from this related entity.
   ( ) I do not receive rental income, but the related entity pays the mortgage payments.
   ( ) I receive other consideration of some kind instead of cash for the rental.
   ( ) No consideration is received from this related entity.
   ( ) Other (please explain) _____

6. *If this location is leased to a third party, who receives the rental payments?*

   ( ) Paid directly to the mortgage company/lien holder on my behalf.
   ( ) The rental payments are sent to a property management company.
   ( ) The rental payments are sent to this office.
   ( ) I receive a fee/favor for the right of occupancy from the third party.
   ( ) Other (please explain) _____

7. *Whom or what parties are equally liable for the debt on the mortgage loan on the property?*
   _____

8. *If you have hired a property management company to handle income from this property, please provide the name, address and phone number of the management company.*
   Name of Agent _____  Phone _____
   Address_____

9. *How many units does this property include?*_____
   *How many units vacant ?*_____

P.04

21:10

what has been the gross rental income of the property?

1998_____ ( )monthly ( )annual
1997_____ ( )monthly ( )annual
1996_____ ( )monthly ( )annual

1995_____ ( )monthly ( )annual
1994_____ ( )monthly ( )annual
1993_____ ( )monthly ( )annual

11. **Is there any other income from the property (other than rental income)?** ( )yes ( )no
If yes, what is the amount?_____ ( )annual ( )monthly
What is the source of this other income? (Check all that apply)

( ) Vending machines
( ) Parking space/lot rental
( ) Security services
( ) Storage space
( ) Furniture Rental
( ) Coin operated amusement machines
( ) Location extras (i.e., waterfront, second floor, etc.)
( ) common area Maintenance charges (CAM's), i.e., insurance, electricity, services
( ) Other (please explain)_____

12. **Who pays the real estate (ad valorem) property taxes?**

( ) The corporation remits payment for the property taxes.
( ) The tenant pays these taxes to the property management company.
( ) The tenant pays these taxes directly to the county tax collectors office.
( ) The tenant pays these taxes directly to my office, as landlord.
( ) As owner, I pay all real estate taxes, without reimbursement from the tenant.
( ) Other_____

13. **What is the amount of real estate taxes has been paid on the property?**

1998_____ ( )monthly ( )annual
1997_____ ( )monthly ( )annual
1996_____ ( )monthly ( )annual

1995_____ ( )monthly ( )annual
1994_____ ( )monthly ( )annual
1993_____ ( )monthly ( )annual

14. **Do you own/manage other property in the State of Florida?** ( )yes ( )no
If yes, please attach a listing of the property addresses.

Eli Tabib Officer/Owner Signature
581 S Collier Blvd
_Marco Island FL 34145

Title

Date

Federal Employer ID Number

Phone

Please Return Questionnaire _before **1/11/99**

Number

TOTAL P.04

MD 00306
MARCO/L&L WINGS

`01/05/99  TUE 17:42    212 554 7700      MOSES & SINGER LLP                          ☒001

```
                    ********************
                    ***   TX REPORT   ***
                    ********************

    TRANSMISSION OK

    TX/RX NO            1940
    CONNECTION TEL      06935101915164327016
    SUBADDRESS
    CONNECTION ID
    ST. TIME            01/05 17:40
    USAGE T             01'49
    PGS.                   4
    RESULT             OK
```

# MOSES & SINGER LLP

1301 Avenue of the Americas, New York, NY 10019-6076
Telephone: 212.554.7800          Facsimile: 212.554.7700

# Facsimile Transmission
# Cover Sheet

Date: *1/5/99*

To: *B. Krasner, Esq*

Firm name: _____

Fax number transmitted to: *516 432 7016*

From: *S Glasn*

Phone: (212) 554- *7820*

Client/Matter: *06935-101 (Tab, 6)*

Number of Pages: _____
(Including cover page)

Comments: *Let's Discuss ASAP!*

MD 00307
MARCO/L&L WINGS

*Tab 6/Estate Plang*
*06935/101*
*Cov*

# MARCO DESTIN, INC.

10400 N.W. 33RD ST. #110, Miami, Florida 33172
Tel.: 305 471-9394  Fax: (305) 471-9398

# FAX COVER LETTER

**TO:** MR GIDEON ROTHSCHILD.

**FROM:** RAFI ZARARI

**REF.:** DEPARTMENT of REVENUE letter.

**DATE:** 1-4-99.

**FAX #:** 212-554-7700.

**MESSAGE:** Please call me Back
When Receiving this fax
thank you.
Rafi.

**Total Pages:** 4.

MD 00308
MARCO/L&L WINGS

JAN-04-1900  21:09                                                            P.02



# DEPARTMENT OF REVENUE

TALLAHASSEE, FLORIDA 32399-0100

December 16, 1998

L. H. Fuchs
Executive Director

General Tax Administration
Child Support Enforcement
Property Tax Administration
Administrative Services
Information Services

Eli Tabib
18 E 42nd St
New York NY 10017

Dear Property Owner:

We have obtained records that indicate Eli Tabib is the owner of commercial real property located at 581 S Collier Blvd Marco Island FL 34145.

Please be advised the above referenced property appears to be subject to sales tax pursuant to Chapter 212, Florida Statutes. Effective July 1, 1969, the rental of most real property is taxable under the sales and use tax laws.

The tenant or person actually occupying, using, or entitled to use any real property from which rental or license fee is subject to taxation under s. 212.031, F.S., and shall pay the tax to his immediate landlord or other person to occupy or use such real property. The sales tax rate is six percent (6%) for Collier County Florida.

You or your company may be required to be registered as a landlord under our tax laws if it is determined that any income generated from owning the property is subject to Florida Sales Tax under 212.031, Florida Statutes. Enclosed is a questionnaire to assist in determining whether the income received from the property is subject to Sales and Use Tax.

It is the Florida Department of Revenues mission to reduce the burden on those we serve and assist with voluntary compliance with Florida's tax laws. According to Rule 12A-1.070(6), Florida Administrative Code, " each place of business is required to be registered separately by the owner, landlord, agent, or other person who collect or receive rents or license fees on behalf of owners or lessors." A Sales Tax Application (form # DR-1) is also enclosed for this purpose. Along with the completed application and five dollars ($5.00) registration fee, please provide a detailed month by month breakdown of rent (or mortgage payment) amounts and property taxes that you received from your tenant (or tenant paid on your behalf) for the last sixty(60) months.

Please take a few moments to complete the enclosed questionnaire or sales tax application *whichever applies to your situation.* These forms should be signed by the owner/officer and returned to the address listed below by **1/11/99** if you have any questions, please feel free to contact the agent listed below at (407) 504-0975. If you are already registered as a landlord with the Florida Department of Revenue, please note your certificate of registration number on the questionnaire and we will update our records with the corrected information.

Sincerely,

David Pratt, Revenue Specialist
Florida Department of Revenue
Enforcement Operations Unit
3200 Bailey Lane ste # 150
Naples, FL 34105-8523
(941) 436-1055

01/04/99  MON 16:03  FAX 3054718384     MARCO DESTIN INC 001                    ☑002

MD 00309
MARCO/L&L WINGS

JAN-04-1900  21:09

# COMMERCIAL RENTAL INCOME INVESTIGATION QUESTIONAIRE

Please answer the following questions to the best of your ability.

1.  *Is this property location currently listed as a landlord location with the State of Florida Department of Revenue for the remittance of commercial rental tax?* YES_____ NO_____
    If yes, what is the certificate number? _____
    What is the name on the certificate? _____
    What is the address on the certificate? _____

2.  *Has the property been rented or leased in the past sixty (60) months?* YES_____ NO_____

2.  *Is the property at 581 S Collier Blvd Marco Island FL 34145.....(Check all that apply)*

    ( ) Used by one corporation owned by a related corporation
    ( ) Occupied by a corporation in which a corporate officer is the property owner.
    ( ) Occupied by my corporation, which pays me, rent as the property owner.
    ( ) Used by a third party or corporation which pays me a fee/favor to use or occupy the property.
    ( ) Leased to a third party.
    ( ) Used by a related business entity.
    ( ) Used by you as the owner personally.
    ( ) Other (please explain) _____

4.  *What is the name of the business occupying this property?* _____
    *What is this businesses major business activity?* _____

5.  *If this business is related to you, which of the following considerations are received by you?* (Check all that apply)

    ( ) The corporation remits payment for the mortgage loan.
    ( ) I receive rental income from this related entity.
    ( ) I do not receive rental income, but the related entity pays the mortgage payments.
    ( ) I receive other consideration of some kind instead of cash for the rental.
    ( ) No consideration is received from this related entity.
    ( ) Other (please explain) _____

6.  *If this location is leased to a third party, who receives the rental payments?*

    ( ) Paid directly to the mortgage company/lien holder on my behalf.
    ( ) The rental payments are sent to a property management company.
    ( ) The rental payments are sent to this office.
    ( ) I receive a fee/favor for the right of occupancy from the third party.
    ( ) Other (please explain) _____

7.  *Whom or what parties are equally liable for the debt on the mortgage loan on the property?*
    _____

8.  *If you have hired a property management company to handle income from this property, please provide the name, address and phone number of the management company.*
    Name of Agent _____  Phone _____
    Address _____

9.  *How many units does this property include?* _____
    *How many units vacant?* _____

MD 00310
MARCO/L&L WINGS

JAN-04-1900  21:10                                                    P.04

**10. What has been the gross rental income of the property?**

| | | |
|---|---|---|
| 1998_____ ( )monthly ( )annual | 1995_____ ( )monthly ( )annual |
| 1997_____ ( )monthly ( )annual | 1994_____ ( )monthly ( )annual |
| 1996_____ ( )monthly ( )annual | 1993_____ ( )monthly ( )annual |

**11. Is there any other income from the property (other than rental income)?**    ( )yes  ( )no

If yes, what is the amount?_____ ( )annual ( )monthly

What is the source of this other income? (Check all that apply)

( ) Vending machines
( ) Parking space/lot rental
( ) Security services
( ) Storage space
( ) Furniture Rental
( ) Coin operated amusement machines
( ) Location extras (i.e., waterfront, second floor, etc.)
( ) common area Maintenance charges (CAM's), i.e., insurance, electricity, services
( ) Other (please explain)_____

**12. Who pays the real estate (ad valorem) property taxes?**

( ) The corporation remits payment for the property taxes.
( ) The tenant pays these taxes to the property management company.
( ) The tenant pays these taxes directly to the county tax collectors office.
( ) The tenant pays these taxes directly to my office, as landlord.
( ) As owner, I pay all real estate taxes, without reimbursement from the tenant.
( ) Other_____

**13. What is the amount of real estate taxes has been paid on the property?**

| | | |
|---|---|---|
| 1998_____ ( )monthly ( )annual | 1995_____ ( )monthly ( )annual |
| 1997_____ ( )monthly ( )annual | 1994_____ ( )monthly ( )annual |
| 1996_____ ( )monthly ( )annual | 1993_____ ( )monthly ( )annual |

**14. Do you own/manage other property in the State of Florida?** ( )yes ( )no
If yes, please attach a listing of the property addresses.

_____
Eli Tabib Officer/Owner Signature
581 S Collier Blvd.
Marco Island FL 34145

_____
Title

Please Return Questionnaire _before    **1/11/99**

_____
Date

_____
Federal Employer ID Number

_____
Phone                                                            Number

TOTAL P.04

MD 00311
MARCO/L&L WINGS

# L & L Wings, Inc.

*Tab 16 / Estate*
*Planning*
*06935/101*
*C/w*

## FACSIMILE MESSAGE

TO FAX NO:    554 - 7700

ATTENTION:    GIDEON ROTHSCHILD

COMPANY:    M + S

DATE:    12/2/98

TOTAL NO.
OF PAGES:    4    (INCLUDING
COVER PAGE)

FROM:    ALEX KOZLOWSKY, C.F.O.

SUBJECT:

MESSAGE:    DEAR GIDEON,

PLEASE CALL TO DISCUSS.

THANKS,

Alex

(212) 922 - 9087 ext. 41

WARNING: The information contained in this transmission is privileged under one or more of various privileges. This confidential information is intended only for the use of the addressee. Any distribution or copy made of the information contained in this communication is strictly prohibited. If you have received this facsimile message in error, please call the sender by telephone immediately and return the original fax page(s) and cover sheet to us at the address below via U.S. Mail.

Also, if you do not receive all pages transmitted or if any are illegible, please call the operator listed above.

THANK YOU.

18 EAST 42ND STREET, NEW YORK, NEW YORK 10017
PHONE 212-922-9087 - FAX 212-922-9346

MD 00312
MARCO/L&L WINGS

12/02/98  17:19 FAX    922 9306    L & L WINGS    ☒002

*I thought 11/1*

AGREEMENT made as of November 30, 1998, between Shaul Levy and Meir Levy, each with an address c/o 604 Oak Street, Myrtle Beach, South Carolina (the "Sellers"), and Eliezer Tabib with an address c/o 10400 Northwest 33rd Street, Suite 110, Miami, Florida 33172, (the "Purchaser").

Recitals

The Sellers and Purchaser, are the owners of all the corporate shares of the Marco Destin, Inc., a Florida Corporation (the "Corporation"); owning a total of 100 authorized and outstanding shares of the Corporation.

The Sellers have offered to sell to the Purchaser 50 shares, the same being all the shares of the Corporation now owned by them (the "Shares").

Purchaser has offered to Purchase from Sellers 50 shares, the same being all the shares of the Corporation now owned by Seller,

It is therefore agreed:        *I N U 4*

1. Sale. the Sellers shall sell to the purchaser 50 shares of the Corporation for a total consideration of ($1,875,000 Dollars, and shall deliver such shares to the Purchaser at the closing. For the consideration described in this agreement the Purchaser shall purchase and take delivery such shares.

2. Title. The Sellers warrant and represent that they are the sole owners of the shares and that they have the right to sell all the shares of the Corporation covered by this agreement, and that all the shares are now and at closing will be free of all encumbrances, and will not be disposed of except pursuant to the terms of this agreement, and at closing the Purchaser shall receive good marketable title to all of the shares deliverable under this agreement.

3. Closing.  Closing shall take place immediately upon the execution hereof: at closing:

(a) The Sellers:

(i)    shall endorse certificates representing the Shares of the Corporation, and shall deliver the Shares to the Purchaser; and,

(ii)    Tender their resignation as officers and directors of the Corporation

(b)    Purchaser shall deliver to Seller the consideration as follows:

(I)    Upon delivery of the Shares shall pay to the Seller, by certified or bank check, or an attorney's trust account check, the sum of

MD 00313
MARCO/L&L WINGS

'12/02/08  17:19 FAX  922 9308    L & L WINGS                                  ☒003

$200,000 dollars.

(li)    deliver a note in the sum of six hundred seventy-five thousand
$675,000 dollars, bearing interest at one percent over the prime rate
of CitiBank from the date hereof, and shall be due and payable
August 31, 1999.

(li)    deliver a note in the sum of one million $1,000,000 dollars, bearing
interest at one percent over the prime rate of CitiBank from the date
hereof, and shall be due and payable, August 31, 2000.

4.    Indemnity: The parties acknowledge that they have inspected to their
satisfaction the books and records of the Corporation. Seller represents the accuracy of
the books and records as inspected as of November 30, 1998. Seller shall indemnify and
hold Purchaser harmless from a breach of the warranties and representations contained
in this paragraph, including any actions, causes of action, debts, taxes, and payroll taxes
in the name of the Corporation or accruing or accrued prior to November 30, 1998, plus
all reasonable attorneys fees, in the event of any litigation to collect said amounts. It is
intended that this paragraph shall survive closing.

5.    Notice. Any notice required to be given to the Seller under this
agreement shall be proper if in writing and mailed by registered or certified mail to them
at the address specified above. Any notice of the legal representative of the seller shall
be property mailed to the address of such representative.

6.    Benefit. This agreement shall be binding upon and inure to the
benefit of the parties, the legal representatives, and assigns.

IN WITNESS WHEREOF the parties have signed this agreement.

_____                    _____
SHAUL LEVY                                  ELIEZER TABIB

_____
MEIR LEVY

① what about allocation of "5" corp Income for you?

MD 00314
MARCO/L&L WINGS

12/02/98  17:19 FAX    922 9306    L & L WINGS    ☒004

# RESIGNATION AS AN OFFICER AND DIRECTOR
# OF
# MARCO DESTIN, INC.

We the undersigned hereby resign as officers and directors of Marco Destin, Inc.  Said resignation shall be effective immediately.

Dated: As of November 30, 1998

_____
SHAUL LEVY

_____
MEIR LEVY

MD 00315
MARCO/L&L WINGS

Aug-04-99 06:12P BENNETT D. KRASNER ESQ.    516 432 7016    P.01

THE LAW OFFICES OF

# BENNETT DAVID KRASNER

1233 Beech Street, No. 49
Atlantic Beach, N.Y. 11509
(516) 889-9353   Fax (516) 432-7016
New York Office
747 Third Avenue
New York, New York 10017
(212) 588-0330   Fax (212) 588-0440

Of Counsel
Bonnie Ellen Krasner

Reply To: **Long Island Office**

August 4, 1999

## FAX Transmission Sheet

From:     Bennett D. Krasner, Esq.

To:       Steven J. Glaser, Esq.

Subject:  Eli Tabib with Levy

Fax No.:  212-554-7700

You should receive 19 page(s) including this cover sheet. If you do not receive all pages,
please call (516) 889-9353.

## COMMENTS:

Proposed agreement follows. Please call me if there are any questions or comments. I will be in
my office all day Thursday. Thank you.

### CONFIDENTIALITY NOTE:

THE INFORMATION CONTAINED IN THIS TELECOPY (FAX) MESSAGE IS BEING TRANSMITTED
TO AND IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL NAMED ABOVE. IF THE
READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY ADVISED
THAT ANY DISSEMINATION, DISTRIBUTION OR COPY THIS TELECOPY (FAX) IS STRICTLY
PROHIBITED. IF YOU HAVE RECEIVED THIS TELECOPY (FAX) IN ERROR, PLEASE
IMMEDIATELY NOTIFY US BY TELEPHONE AND DESTROY THIS TELECOPY (FAX) MESSAGE.

08/04/89  WED 18:16  [TX/RX NO 5664]

MD 00316
MARCO/L&L WINGS

Aug-04-99 06:12P BENNETT D. KRASNER ESQ.    516 432 7016    P.02

Agreement made this ___**DRAFT**___ day of July, 1999, and effective as of December 31, 1998, by and between on the one hand, Shaul Levy (hereinafter, "Shaul"), Meir Levy (hereinafter, "Meir"), (both Shaul Levy and Meir Levy are hereinafter collectively referred to as "Levy"), L&L Wings, Inc. (hereinafter "L&L"), Shaul and Meir Levy Partnership (hereinafter, "SMP"), (Shaul Levy, Meir Levy, L&L and SMP, are all from time to time, hereinafter collectively referred to as "Wings"), and on the other hand, Eli Tabib (hereinafter, "Eli"), 1000 Highway 98 East Corp. (hereinafter, "1000 Highway"), Marco-Destin Inc. (hereinafter, "Marco-Destin"), 100 South Morehead Ave. Corp. (hereinafter, "Morehead"), and Panama City Surf & Sport Inc. (hereinafter, "Panama City").

WHEREAS, Shaul, Meir and Eli are the sole shareholders of Morehead; and

WHEREAS, Shaul, Meir and Eli are the sole shareholders of 1000 Highway; and

WHEREAS, Shaul, Meir and Eli are the sole shareholders of Marco-Destin; and

WHEREAS, Shaul, Meir and Eli are the sole shareholders of Panama City; and

WHEREAS, Shaul and Meir are the sole partners in SMP; and

WHEREAS, all of the parties, in one form or another, are engaged in the business of owning and operating retail stores; and

WHEREAS, all of the stores affected by this agreement are operated under the name "Wings"; and

WHEREAS, Marco-Destin operated various stores leased to L&L without a lease and has since abandoned them; and

WHEREAS, Marco-Destin holds leases on stores operated by L&L and desires to assign such leases to L&L; and

# DRAFT

08/04/99  WED 18:16  [TX/RX NO 5664]

MD 00317
MARCO/L&L WINGS

WHEREAS, Shaul and Meir are desirous of acquiring and 1000 Highway desires to sell certain real property; and

WHEREAS, Levy and Eli have determined that it is in their best interests and in the best interests of the various corporate entities named hereinabove to amicably part ways; and

WHEREAS, Levy and Eli have determined that it is in their best interests and in the best interests of the various corporate entities named hereinabove if Levy and Eli cease to own shares of stock in the same entities;

NOW, THEREFORE, in consideration of the covenants and agreements hereinafter set forth, and other valuable consideration, the receipt and sufficiency of which hereby are acknowledged, the parties hereto agree as follows:

## 1. Transfers of Shares of Stock.

1.1. 100 South Morehead Ave. Corp. Eli agrees to sell, transfer and deliver to Shaul and Meir, in equal shares, and Shaul and Meir agree to purchase, upon the terms and conditions hereinafter set forth, all Eli's shares of the capital stock of Morehead, which shares constitute one-half of the authorized and issued shares of Morehead. The purchase price to be paid by Shaul and Meir for Eli's said shares shall be $_____, payable at the "Closing" (hereinafter defined).

1.2. 1000 Highway 98 East Corp. Shaul and Meir each, for himself, agree to sell, transfer and deliver to Eli and Eli agrees to purchase, upon the terms and conditions hereinafter set forth, all their shares of the capital stock of 1000 Highway, which shares constitute one-half of the authorized and issued shares of 1000 Highway,

Page -2-

# DRAFT

MD 00318
MARCO/L&L WINGS

Aug-04-99 06:12P BENNETT D. KRASNER ESQ.    516 432 7016    P.04

The purchase price to be paid by Eli for said shares shall be $_____, payable at the Closing.

    1.3. <u>Marco-Destin Inc.</u>  Shaul and Meir each, for himself, agree to sell, transfer and deliver to Eli and Eli agrees to purchase, upon the terms and conditions hereinafter set forth, all their shares of the capital stock of Marco-Destin, which shares constitute one-half of the authorized and issued shares of Marco-Destin. The purchase price to be paid by Eli for said shares shall be $_____, payable at the Closing.

    1.4. <u>Panama City Surf & Sport Inc.</u>  Shaul and Meir each for himself, agree to sell, transfer and deliver to Eli and Eli agrees to purchase, upon the terms and conditions hereinafter set forth, all their shares of the capital stock of Panama City, which shares constitute one-half of the authorized and issued shares of Panama City. The purchase price to be paid by Eli for said shares shall be $_____, payable at the Closing.

## 2. Transfers of Leasehold Interests and Property.

    2.1. <u>106A N. New River Drive, Surf City, NC.</u>  Eli and Marco-Destin shall execute a surrender of any leasehold right, whether oral or written, which he, it or they may have in and to the lease agreement entered into between Coastal Land Ventures, Inc. as Landlord and L&L as Tenant, for the premises known by the parties as store #766 located at 106A N. New River Drive, Surf City, NC.  This store was formerly operated by Marco-Destin and since abandoned. The proposed surrender agreement is annexed hereto as Exhibit A.

Page -3-

# DRAFT

MD 00319
MARCO/L&L WINGS

Aug-04-99 06:13P BENNETT D. KRASNER ESQ.    516 432 7016    P.05

2.2. 15 East 1st Street, Ocean Isle, NC. In consideration of the sum of

$_____, Marco-Destin shall assign to L & L the lease between Ralph

Shama and Yaron Shama collectively as Landlord and Marco-Destin as Tenant,

together with all right, title and interest of the tenant thereunder, for the premises known

by the parties as store #767 located at 15 East 1st Street, Ocean Isle, NC. Eli and

Marco-Destin further agree to execute any and all documents which may be required to

effectuate the assignment and further agree that, if required by Landlord, they and/or

either or both of them, shall remain liable for the lease obligations of Tenant. This store

was formerly operated by Marco-Destin and since abandoned.

2.3. 1014 N. Lake Park Road, Carolina Beach, NC (transfer of real property). In

consideration of the sum of $_____, 1000 Highway shall sell, transfer and

convey to Shaul and Meir and/or their assignees and/or designees, the real property,

together with the buildings and improvements thereon located, known by the parties as

store #765 located at 1014 N. Lake Park Road, Carolina Beach, NC.

2.3.1. To effectuate the transfer of the property, 1000 Highway shall deliver to

Shaul and Meir and/or their assignees and/or designees, a warranty deed in proper

statutory form for recording so as to transfer full ownership (fee simple title) to the real

property, together with the buildings and improvements located therein subject to the

existing mortgage(s) and U.C.C. security interests known to and previously consented

to by Shaul & Meir. 1000 Highway represents and warrants, in connection with the

conveyance, that all taxes, including, but not limited to, real estate taxes and arrears, if

any, and mortgage payments will be current to the date of transfer and that there are no

Page -4-

DRAFT

08/04/99  WED 18:16  [TX/RX NO 5664]

MD 00320
MARCO/L&L WINGS

known condemnation proceedings and/or building code or other violations affecting the real property and/or buildings and improvements located therein.

2.4. <u>1014 N. Lake Park Road, Carolina Beach, NC (transfer of leasehold interest).</u> In consideration of the sum of $1.00, Marco-Destin shall assign to L & L any right, title or interest it has or may claim to have as Tenant and shall surrender to L & L any claims to the business operated in the premises known by the parties as store #765 located at 1014 N. Lake Park Road, Carolina Beach, NC. Eli, 1000 Highway and Marco-Destin further agree to execute any and all documents which may be required to effectuate the assignment. This store was formerly operated by Marco-Destin and since abandoned. The proposed assignment and surrender agreement is annexed hereto as Exhibit B.

2.5. <u>9952 Beach Road, Calabash, NC.</u> In consideration of _____, Eli and 1000 Highway shall assign to L & L and or its assignees, any right, title or interest either or both of them has or may have or may claim to have in and to the land and/or buildings and improvements located thereon and known by the parties as store #605 located at 9952 Beach Road, Calabash, NC. The parties acknowledge and understand that the said real property is owned by SMP; that the building and improvements thereon were paid for by 1000 Highway in repayment of money owed to L & L and carried on the books of 1000 Highway as accounts payable; and that, however, 1000 Highway inadvertently and erroneously booked the building on its books. The book value of the building and equipment shall be offset by the accounts payable owing to L & L in the amount of $ _____.

Page -5-
# DRAFT

MD 00321
MARCO/L&L WING!

Aug-04-99 06:13P BENNETT D. KRASNER ESQ.    516 452 7010

2.6. 581 South Collier Boulevard, Marco Island, FL. (correction of title). The parties acknowledge that 1000 Highway is the lawful owner of the land with the buildings and improvements thereon located at 581 South Collier Boulevard, Marco Island, Florida and known by the parties as store #317. Shaul, Meir, Eli and 1000 Highway acknowledge, each for it, him and themselves, that the deed of conveyance incorrectly reflects that they are the owners of the property while the corporate books of 1000 Highway correctly reflect that it owns the said property. In order to correct this error, Shaul, Meir, Eli and 1000 Highway, agree that they and each of them shall execute a correction deed and any and all documents necessary to correct title to the property. Said property is conveyed subject to all existing mortgage(s) and U.C.C. security interests known to and previously consented to by Eli, 1000 Highway and Marco-Destin.

2.7. 581 South Collier Boulevard, Marco Island, FL (transfer of leasehold interest). In consideration of the sum of $1.00, Wings shall assign to Marco-Destin any right, title or interest it has or may claim to have as Tenant and shall surrender to Marco-Destin any claims to the business operated in the premises known by the parties as store #317 located at 581 South Collier Boulevard, Marco Island, Florida. Wings further agrees to execute any and all documents which may be required to effectuate the assignment. This store was formerly operated by L & L and since abandoned. The proposed assignment and surrender agreement is annexed hereto as Exhibit C.

2.8. 2673 Parkway, Pigeon Forge, TN. Wings shall assign to Marco-Destin the lease between Michael Shaler as Landlord and L&L as Tenant, together with all right, title and Interest of the Tenant thereunder, in and to the premises known by the parties

Page -6-

# DRAFT

08/04/99  WED 18:16  [TX/RX NO 5664]

MD 00322
MARCO/L&L WINGS

as store #801 located at 2673 Parkway, Pigeon Forge, TN. Wings further agrees to execute any and all documents which may be required to effectuate the assignment and further agrees that, if required by Landlord, it shall remain liable for the lease obligations of Tenant.

2.9. <u>1251 A Miracle Strip Parkway, Ft. Walton Beach, FL.</u> Wings shall assign to 1000 Highway the lease between Noric, Inc. as Landlord and L&L as Tenant, together with all right, title and interest of the Tenant thereunder, in and to the premises known by the parties as store #748 located at 1251A Miracle Strip Parkway, Ft. Walton Beach, FL. The lease contains a right of assignment so long as Tenant remains liable on the lease. The parties acknowledge and agree that L&L <u>de facto</u> assigned the lease to 1000 Highway; that 1000 Highway built the store; and that the store is operated by Marco-Destin pursuant to a <u>de facto</u> sublet from 1000 Highway.

## 3. License of Mark.

L&L shall grant to Marco-Destin a non-exclusive license to use the trademark name "Wings" for all stores currently operated by Marco-Destin in the state of Florida subject to a separate licensing agreement. The proposed agreement is annexed hereto as Exhibit D.

## 4. Execution and Delivery of Documents.

4.1. At the closing the parties shall execute and deliver by, to and among them, as necessary to effectuate the intent of this agreement, the following documents and items:

Page -7-

# DRAFT

MD 00323
MARCO/L&L WINGS

Aug-04-99 06:14P BENNETT D. KRASNER ESQ.     516 452 7018     P.03

4.1.1. The certificate or certificates for the shares of stock in the respective corporations, duly endorsed so as to effectively transfer ownership of the respective corporations as provided in this agreement, together with all appropriate Federal and State transfer tax stamps affixed.

4.1.2. Letters of resignation from each director and officer of the respective corporations, effective as of the closing hereunder.

4.1.3. The Certificate of Incorporation and/or other organizational documents of any corporation transferred pursuant to this agreement, and the bylaws, minute book, stock certificate book, and seal of any such corporation.

4.1.4. Any bills, vouchers, and/or other records showing the ownership of the furniture, furnishings, equipment, and other property used in the operation of the business of any corporation transferred pursuant to this agreement.

4.1.5. All other books of account, records and contracts of any corporation transferred pursuant to this agreement.

4.1.6. All such other instruments as may be necessary or proper to transfer to a transferee hereunder all other ownership interests in the Corporation transferred pursuant to this agreement.

4.1.7. In the case of the transfer of real property pursuant to this agreement, all deeds of conveyance, tax returns, affidavits, evidences of debt, assignments, and any and all other documents which may be

Page -8-

# DRAFT

MD 00324
MARCO/L&L WINGS

Aug-04-99  06:14P  BENNETT D. KRASNER ESQ.

necessary or required to complete the transfer of real property provided for in this agreement.

4.1.8. All business licenses, permits, etc., which may be required for the business operated in a premises subject to this agreement, which licenses, permits, etc., shall be endorsed, assigned and/or otherwise transferred to the transferee of the property hereunder, in such form and manner as to meet the requirements of the issuing authority.

4.2. The Parties hereto agree to execute any and all such other and further documents as may be required to complete the transfers and conveyances provided for in this agreement.

4.3. The Parties hereto agree to take all steps necessary to assure that the documents provided for hereunder shall be valid and binding and effective to transfer property in the State (or States as the case may be) and local jurisdictions to which any property transferred hereunder may be subject.

## 5. Assumption of Secured Debt.

5.1. At the closing parties shall execute and deliver to, between and among them, as necessary to effectuate the intent of this agreement, assignments and assumptions of all existing Secured Debt covering the property, including the Corporations, affected by this Agreement, in form and substance satisfactory to the various Lenders and to the respective attorneys for the parties. The parties acknowledge that the corporations, and property, both real and personal, assigned or otherwise transferred pursuant to this Agreement, is/are encumbered and are assigned

Page -9-
# DRAFT

MD 00325
MARCO/L&L WINGS

or otherwise transferred hereunder subject to any such encumbrances, notwithstanding that all the parties know that an assignment, sale and/or transfer may violate the terms and/or conditions of the encumbrances.

5.2. The parties acknowledge that adequate disclosure of all encumbrances has been made and that they and each of them are fully aware of and familiar with the encumbrances on the property affected by this Agreement.

5.3 In the event a party (herein, "the defaulting party"), who, pursuant to this agreement, receives real and/or personal property, including any assignment of lease, fails to timely and duly fulfill any and/or all obligations in connection with any such encumbrance and/or other obligations assumed, (including, but not limited to, the payment of any mortgage or note or payment of rent) and such failure continues for more than 5 days after notice by another party to this Agreement still obligated for the liability (the "non-defaulting party"), (whether such "non-defaulting party" is primarily liable for the obligation, as guarantor or otherwise); then, the said non-defaulting party may satisfy, fulfill and/or discharge the liability whereupon the non-defaulting party shall be entitled to reimbursement for all payments and costs by the defaulting party and/or shall be entitled to immediate possession of the previously transferred real and/or personal property and/or leasehold interest to which the liability relates, free and clear of any right, title and/or interest of the defaulting party.

## 6. The Closing and Payment of Consideration.

6.1. All consideration to be paid hereunder shall be paid at the Closing (as hereinafter defined), it being understood and agreed between the parties that, with the

Page -10-

# DRAFT

MD 00326
MARCO/L&L WINGS

Aug.-04-99 06:15P BENNETT D. KRASNER ESQ.    510 752 7510

agreement of the payee party, an obligated party hereunder may pay any part or all of the consideration by the due execution and issuance of a promissary note in form satisfactory and acceptable to the payee party.

6.2. The "Closing" means the settlement of the obligations of the parties to each other pursuant to this agreement, including the payment of any and all consideration provided for herein and the delivery by the parties of all documents (including the Exhibits hereto), necessary to complete the transfers of property and other actions provided for in this agreement.

## 7. Representations and Warranties.

7.1. The parties represent and warrant, each for it, him, themselves, to the others, as follows:

7.2. The corporations affected hereby are duly organized and validly existing under the laws of the states in which they were incorporated and are duly qualified to do business in the states in which they operate.

7.3. The parties have full power and authority to carry out and perform their respective undertakings and obligations as provided herein.

7.4. The execution and delivery by the parties of this agreement and the consummation of the transactions contemplated hereby have been duly authorized by the Boards of Directors of the affected corporations and will not conflict with or breach any provision of the certificates of incorporation or bylaws of these corporations.

7.5. Shaul, Meir and Eli each own the respective shares of stock in the Corporations sold by them hereunder. All of the shares are no par value, are fully paid

Page -11-

# DRAFT

MD 00327
MARCO/L&L WINGS

Aug-04-99 08:13P BENNETT B. KRASNER

and non-assessable, and have not been assigned, pledged or hypothecated, and are free of all liens, claims and encumbrances, except as set forth herein.

7.6. There are no violations of any law or governmental rule or regulation pending against any of the parties and/or the property and/or the entities transferred hereunder and affecting the entities and/or the property transferred hereunder and affected hereby, to the best of the respective knowledge of the parties. The parties agree to clear all violations against their respective properties to the date of closing.

7.7. The parties are all fully aware of the financial condition, liens and/or encumbrances and leases affecting the corporations and/or property (both real and personal), transferred pursuant to this Agreement and acknowledge that full disclosure of same has been made to them.

7.8. The parties acknowledge that they are fully familiar with any written contracts or agreements for the employment of any employee of any business transferred hereby;

7.9. The entities transferred hereunder have filed all tax returns, including without limitation, all income, excise, property, gain, sales, franchise and license tax returns, required to be filed by them prior to the date hereof. The parties are fully familiar with all such tax filings and the respective transferees hereunder agree to assume liability for the payment of all taxes owed, owing or assessed against the transferred entities.

7.10. The parties represent each for him, it, themselves and to each other, that all rent, mortgage payments, real estate taxes and arrears, if any, and violations, which may affect any property, whether real or personal property and including any lease

Page -12-

# DRAFT

MD 00328
MARCO/L&L WINGS

Aug-04-99 06:16P BENNETT D. KRASNER ESQ.

interest, transferred hereunder or otherwise affected by this Agreement, have been fully paid and will be paid current to the date of the transfer hereunder.

7.11. The parties acknowledge that they have not made to each other nor has any representative or agent of any of them made any representation or warranty (expressed or implied) regarding any matter or thing affecting or relating to this agreement, except as specifically set forth in this agreement. No party shall be liable or bound in any manner by any oral or written statement, representation, warranty, agreement or information pertaining to this agreement unless specifically set forth in this agreement.

## 8. Indemnification.

Each party hereto shall indemnify and hold the other parties harmless from and against all liability, claim, loss, damage or expense, including reasonable attorneys' fees, incurred or required to be paid by such other parties by reason of any breach or failure of observance or performance of any representation, warranty or covenant or other provision of this agreement by such party.

## 9. Assignment Prohibited.

No party shall assign this agreement without the prior written consent of the other parties in each instance unless specifically provided hereinabove. Any attempted assignment without consent of all parties shall be null and void.



Page -13-

# DRAFT

MD 00329
MARCO/L&L WINGS

Aug-04-99  08:18P  BENNETT D. KRASNER ESQ.

## 10. Notices.

All notices, demands and other communications required or permitted to be given hereunder shall be in writing and shall be deemed to have been properly given if delivered by hand or by overnight courier or by registered or certified mail, return receipt requested, with postage prepaid, to the party or parties (as the case may be), to be charged, at it, his, their address first above written, or at such other address as he, it, they may designate by notice given hereunder. Copies of all such notices, demands and other communications simultaneously shall be given in the aforesaid manner to Wing's attorney, Bennett D. Krasner, Esq., at 1233 Beech St. No. 49, Atlantic Beach, NY 11509, and to Eli's attorney, Gideon Rothchild, Esq., Moses and Singer LLP at 1301 Avenue of the Americas, New York, NY 10019. The respective attorneys for the parties hereby are authorized to give any notice required or permitted hereunder and to agree to adjournments of the Closing.

## 11. Further Actions.

In connection with the transactions contemplated by this agreement, the parties agree to execute and deliver such further instruments, and to take such further actions, as may be reasonably necessary or proper to effectuate and carry out the transactions contemplated in this agreement.

## 12. Joint Liability, Guarantees and Sureties.

All the parties acknowledge that, during the course of their long business relationship, they and each of them have, from time to time, guaranteed, cross-

Page -14-

# DRAFT

MD 00330
MARCO/L&L WINGS

guaranteed, become joint and severally liable for various obligations and acted as sureties for each other (all of these obligations are hereinafter referred to as "Potential Obligations"). The extent of the parties' liability based upon Potential Obligations is vast and the parties are unable, with any reasonable certainty, to provide any compendium to each other or even to list the obligees of any Potential Obligations. Therefore, Wings and Morehead (hereinafter "Wings' Group") on the one hand, and Eli, 1000 Highway, Marco-Destin and Panama City (hereinafter "Eli's Group"), on the other hand, agree to indemnify and hold each other harmless from and against all liability, claim, loss, damage or expense, including reasonable attorneys' fees, incurred or required to be paid by such other party by reason of any Potential Obligation. Furthermore, if said claim, loss, damage or expense relates to real and/or personal property, including, but not limited to, any leasehold interest, the party incurring such payment shall be entitled to immediate possession of the subject real and/or personal property, including, but not limited to, any leasehold interest, free and clear of any right, title and/or interest of the other party. (By way of example, if Eli's Group or any member thereof, defaults on a mortgage payment on real property held by 1000 Highway and any party of Wings' Group is called upon, by virtue of it's guarantee, to correct the default, then such party of Wings' Group shall be entitled to immediate possession of the real property free and clear of any interest any party of Eli's Group may have.)

**13. Entire Agreement.**

This agreement contains all of the terms agreed upon between the parties with respect to the subject matters hereof. This agreement has been entered into after full

Page -15-

# DRAFT

MD 00331
MARCO/L&L WINGS

investigation. All prior oral or written statements, representations, promises, understandings and agreements of the parties are merged into and superseded by this agreement, which alone fully and completely expresses their agreement.

### 14. Miscellaneous.

14.1. No delay or omission by any of the parties in exercising any right shall operate as a waiver of such right or of any other right.

14.2. This agreement may not be altered, amended, changed, modified, waived or terminated in any respect or particular unless the same shall be in writing signed by the party to be bound.

14.3. No waiver by any party of any breach hereunder shall be deemed a waiver of any other or subsequent breach.

14.4. The Exhibits annexed to this agreement are an integral part of this agreement, and where there is any reference to this agreement it shall be deemed to include said Exhibits.

14.5. This agreement shall be governed by and construed in accordance with the laws of the State of New York.

14.6. If any provision of this agreement shall be unenforceable or invalid, such unenforceability or invalidity shall not affect the remaining provisions of this agreement.

14.7. This agreement shall not be considered an offer or an acceptance of an offer by any party, and shall not be binding upon any party until executed and delivered by that party.

Page -16-

# DRAFT

MD 00332
MARCO/L&L WINGS

Aug-04-99 06:16P BENNETT D. KRASNER

14.8. Upon such execution and delivery, this agreement shall be binding upon and inure to the benefit of the parties hereto and their respective heirs, executors, administrators, successors and permitted assigns.

DRAFT

Page -17-

# DRAFT

08/04/99 WED 18:16 [TX/RX NO 5664]

MD 00333
MARCO/L&L WINGS

Aug-04-99 06:18P BENNETT D. KRASNER ESQ.    ___ ___

In witness whereof, the parties hereto have hereunto set their hands and seals as of the date first above written.

_____          _____
Shaul Levy                                Meir Levy

_____
Eli Tabib

L&L Wings, Inc.                           1000 Highway 98 East Corp.

_____          _____
By: Shaul Levy, President                 By:

Marco-Destin Inc.                         100 South Morehead Ave. Corp.

_____          _____
By:                                       By:

Panama City Surf & Sport Inc.             Shaul & Meir Levy Partnership

_____          _____
By:                                       By:

# DRAFT

Page -18-

08/04/99  WED 18:16  [TX/RX NO 5664]

MD 00334
MARCO/L&L WINGS