Actions of
The Sole Director and Shareholder
Of
1000 Highway 98 East Corp.

The undersigned, being the sole shareholder and director of 1000 Highway 98 East Corp., a Florida corporation (the "Corporation"), does hereby adopt, consent to and record the following resolutions with the same force and effect as if such resolutions had been adopted at a duly constituted joint meeting of the Shareholders and the Board of Directors of the Corporation:

RESOLVED, that Art. III, Section 3 of the By-Laws of the Corporation is hereby amended to provide that the number of directors shall be not less than one (1) and not more than three (3), the actual number of directors to be as the Shareholders shall determine by resolution from time to time, and it is hereby provided that the number of directors shall be one (1) until further action by the Shareholders; and be it further

RESOLVED, that the Board of Directors of the Corporation shall consist of Eli Tabib, said individual to serve until his successor shall have been elected or appointed and qualified at a duly constituted meeting of the Shareholders of the Corporation; and be it further

RESOLVED, that the officers of the Corporation shall be the following individuals, each of such individuals to serve in such office or offices until his successor shall have been appointed or elected and qualified: Eli Tabib, President and Chief Executive Officer; Nir Tzanani, Chief Operating Officer, Vice President and Secretary-Treasurer; Raffi Zabari, Chief Financial Officer and Assistant Treasurer; and Dror Levy, Management Information Systems Director.

Dated: _____, 2000

_____
ELI TABIB, as sole shareholder and director

250396

MD 00468
MARCO/L&L WINGS

Actions of
The Sole Director and Shareholder
Of
Marco Destin, Inc.


The undersigned, being the sole shareholder and director of Marco Destin, Inc., a Florida corporation (the "Corporation"), does hereby adopt, consent to and record the following resolutions with the same force and effect as if such resolutions had been adopted at a duly constituted joint meeting of the Shareholders and the Board of Directors of the Corporation:

RESOLVED, that Article III, Section 2 of the By-Laws of the Corporation is hereby amended to provide that the number of directors shall be not less than one (1) and not more than three (3), the actual number of directors to be as the Shareholders shall determine by resolution from time to time, and it is hereby provided that the number of directors shall be one (1) until further action by the Shareholders; and be it further

RESOLVED, that the Board of Directors of the Corporation shall consist of Eli Tabib, said individual to serve until his successor shall have been elected or appointed at a duly constituted meeting of the Shareholders of the Corporation; and be it further

RESOLVED, that the officers of the Corporation shall be the following individuals, each of such individuals to serve in such office or offices until his successor shall have been appointed or elected and qualified: Eli Tabib, President and Chief Executive Officer; Nir Tzanani, Chief Operating Officer, Vice President and Secretary-Treasurer; Raffi Zabari, Chief Financial Officer and Assistant Treasurer; and Dror Levy, Management Information Systems Director.

Dated: _____, 2000


_____
ELI TABIB, as sole shareholder and
director

250340

MD 00469
MARCO/L&L WINGS

Actions of
The Sole Director and Shareholder
Of
Panama Surf & Sport, Inc.

The undersigned, being the sole shareholder and director of Panama Surf & Sport, Inc., a Florida corporation (the "Corporation"), does hereby adopt, consent to and record the following resolutions with the same force and effect as if such resolutions had been adopted at a duly constituted joint meeting of the Shareholders and the Board of Directors of the Corporation:

> RESOLVED, that Article III, Section 2 of the By-Laws of the Corporation is hereby amended to provide that the number of directors shall be not less than one (1) and not more than three (3), the actual number of directors to be as the Shareholders shall determine by resolution, from time to time and it is hereby provided that the number of directors shall be one (1) until further action by the Shareholders; and be it further

> RESOLVED, that the Board of Directors of the Corporation shall consist of Eli Tabib, said individual to serve until his successor shall have been elected or appointed at a duly constituted meeting of the Shareholders of the Corporation; and be it further

> RESOLVED, that the officers of the Corporation shall be the following individuals, each of such individuals to serve in such office or offices until his successor shall have been appointed or elected and qualified: Eli Tabib, President and Chief Executive Officer; Nir Tzanani, Chief Operating Officer, Vice President and Secretary-Treasurer; Raffi Zabari, Chief Financial Officer and Assistant Treasurer; and Dror Levy, Management Information Systems Director.

Dated: _____, 2000

_____
ELI TABIB, as sole shareholder and
director

250394

MD 00470
MARCO/L&L WINGS

Actions of
The Sole Director and Shareholder
Of
E&T, Inc.

The undersigned, being the sole shareholder and director of E&T, Inc., a South Carolina corporation (the "Corporation"), does hereby adopt, consent to and record the following resolutions with the same force and effect as if such resolutions had been adopted at a duly constituted joint meeting of the Shareholders and the Board of Directors of the Corporation:

>RESOLVED, that the By-Laws of the Corporation are hereby amended to extent necessary so that they shall provide that the number of directors shall be not less than one (1) and not more than three (3), the actual number of directors to be as the Shareholders shall determine by resolution from time to time, and it is hereby provided that the number of directors shall be one (1) until further action by the Shareholders; and be it further

>RESOLVED, that the Board of Directors of the Corporation shall consist of Eli Tabib, said individual to serve until his successor shall have been elected or appointed at a duly constituted meeting of the Shareholders of the Corporation; and be it further

>RESOLVED, that the officers of the Corporation shall be the following individuals, each of such individuals to serve in such office or offices until his successor shall have been appointed or elected and qualified: Eli Tabib, President and Chief Executive Officer; Nir Tzanani, Chief Operating Officer, Vice President and Secretary-Treasurer; Raffi Zabari, Chief Financial Officer and Assistant Treasurer; and Dror Levy, Management Information Systems Director.

Dated: _____, 2000


_____
ELI TABIB, as sole shareholder and
director

250395

MD 00471
MARCO/L&L WINGS

# MOSES & SINGER LLP

*Tab.6*
*06935/101*
*Cor*

1301 Avenue of the Americas, New York, NY 10019-6076
Telephone: 212.554.7800          Facsimile: 212.554.7700

# Facsimile Transmission
# Cover Sheet

Date:          March 23, 2000

| To | Firm name | Fax number transmitted to |
|---|---|---|
| Nir Tzanani | Marco Destin | 305 471-9398 |

From:          Steven Glaser, Esq.          Phone:   212 554-7820

Client/Matter:   06935/101

Number of Pages:
(Including cover page)

Comments: Here are the revised promissory note for Eli and his revised consulting agreement. I have changed the amounts in these items per Morty's fax to me dated 3/22/00.

If you do not receive all pages, or have any other problems receiving this transmission, please call 212-554-7800 and ask for the telecopy operator.

**CONFIDENTIALITY NOTE**
This facsimile transmission contains information intended for the exclusive use of the individual or entity to whom it is addressed and may contain information that is proprietary, confidential, and/or exempt from disclosure under applicable law.

If you are not the intended recipient (or an employee or agent responsible for delivering this facsimile transmission to the intended recipient), you are hereby notified that any copying, disclosure or distribution of this information may be subject to legal restriction or sanction. Please notify the sender by telephone to arrange for the return or destruction of the information and all copies.

**MD 00472**
**MARCO/L&L WINGS**

NON-NEGOTIABLE NOTE

New York, New York
As of October 31, 1999

FOR VALUE RECEIVED, Eli Tabib ("Maker"), having an address c/o Marco-Destin Inc., at 10400 N.W. 33rd St., Miami, Florida hereby promises to pay to Shaul Levy and Meir Levy ("Payee"), having an address at c/o L&L Wings, Inc., 18 E. 42nd St., New York, N.Y., or such other address as may be designated by Payee by written notice to Maker, the sum of $1,927,165, with interest at the per annum rate of 6.31 per cent.

The Note shall be payable in ten equal annual installments of principal and interest in the amount of $265,699.12, commencing October 31, 2000, and continuing on each anniversary of such date thereafter until October 31, 2009, when the remaining unpaid amount of the Note and accrued interest shall be due and payable.

This Note may be prepaid in whole or in part, at any time.

This Note shall be governed by and be enforceable in accordance with the laws of the State of New York applicable to contracts made and to be performed wholly within such State.

This Note may not be modified, orally or otherwise, except by a writing duly executed by the Payee and the Maker.

_____
Eli Tabib

234425v4

MD 00473
MARCO/L&L WINGS

## CONSULTING AGREEMENT
### (ELI TABIB)

This Consulting Agreement dated as of October 31, 1999 by and between Shaul Levy and Meir Levy, (collectively, the "Shareholders"), having an address c/o L&L Wings Inc., a South Carolina corporation (the "Company"), 18 E. 42nd Street, New York, New York, and Eli Tabib (the "Consultant"), having an address c/o Marco-Destin Inc., 10400 N.W. 33rd St., Miami, Florida.

## P R E A M B L E

The Company and its affiliates sell at retail clothing and related merchandise in various locations in, inter alia, the Southern United States. The Shareholders control the Company. The Consultant is chief executive officer of various clothing retailers with operations in the Southern United States. In the course of his duties with such retailers, the Consultant has become expert in the management and operation of the industry in the Southern United States area. The Shareholders desire to make available to themselves and to the officers of the Company and those of its affiliates the consulting services of Consultant and Consultant is willing to do so from time to time, all on the terms and conditions hereinafter set forth.

NOW, THEREFORE, in consideration of the premises and the mutual covenants contained herein and for other good and valuable consideration heretofore or simultaneously with the execution hereof furnished by each party to the other, the sufficiency of which the parties hereby acknowledge, the parties hereto hereby agree as follows:

1.     Consulting.

The Shareholders hereby retain Consultant and Consultant hereby agrees to consult with the Shareholders and the Company and its executives (and those of its affiliates) for the period set forth in Section 2 hereof, subject to and upon the other terms and conditions herein provided.

2.     Term of Consulting.

The period of Consultant's consulting under this Agreement shall commence as of the date hereof and shall continue thereafter until October 31, 2009 (the "Term"). In the event that the Consultant continues to consult with the Shareholders and/or the Company and its affiliates after the end of the Term, such continued employment shall be subject to such terms and conditions as the Shareholders and the Consultant may then agree.

234426v6

MD 00474
MARCO/L&L WINGS

3.    Responsibilities and Duties.

(a)    During the period of his retention hereunder, Consultant agrees to consult with the Shareholders and the Company and its executives (and those of its affiliates) at the request of the Shareholders given to him from time to time and upon reasonable notice (and, in this connection, taking into account the reasonable needs of Consultant's other enterprises and interests for his services). Consultant shall not be required as a condition of his compensation to render any minimum level of consultation during any period , it being understood and agreed that Consultant shall render his services only as requested by the Shareholders hereunder and further that such services shall be rendered by Consultant solely within (or from) the State of Florida and finally that Consultant has in the past furnished other services and other good and sufficient consideration for the obligations of the Company hereunder in addition to his undertakings hereunder. Any travel or other expenses required of Consultant (for example to the Company's North and South Carolina stores) to render services hereof shall be at the sole expense of the Shareholders and shall be payable upon presentation of suitable documentation therefor by Consultant.

(b)    This Agreement shall not be deemed to create any employer-employee relationship.

4.    Compensation.

(a)    For all services rendered by Consultant during his retention hereunder, the Shareholders shall pay to Consultant the annual amount of $265,699.12 during the Term, payable in arrears annually on each anniversary date hereof, the final payment to be due on October 31, 2009. The Shareholders shall be jointly and severally liable therefor.

5.    Death or Disability.

(a)    In the event that by reason of any disability, Consultant shall be unable to perform his duties hereunder, he shall, nevertheless, be entitled to continue to receive the compensation due hereunder until the end of the Term on October 31, 2009. During any such period Consultant shall endeavor to make available to the Shareholders for consultation other appropriate executives in his organizations without additional compensation.

(b) In the event of the death of Consultant either during his disability or otherwise during the period of his employment hereunder, the Shareholders shall continue to pay to Consultant's beneficiary or beneficiaries designated by written notice to the Company or, if there be none, to Consultant's estate, his annual compensation otherwise due hereunder and such compensation shall in no event cease until the end of the Term on October 31, 2009.

6.    Binding Agreement.

This Agreement shall be binding upon, and inure to the benefit of, Consultant and the Shareholders and their respective heirs, personal representatives, successors and assigns. Neither the Shareholders nor the Consultant may assign or otherwise encumber this Agreement

MD 00475
MARCO/L&L WINGS

or any rights or obligations of such party hereunder without the prior written consent of the other party.

7.    Modification and Waiver.

(a)    Amendment of Agreement.  This Agreement may not be modified or amended, terminated or cancelled except by a written instrument signed by the parties hereto.

(b)    Waiver.  No term or condition of this Agreement shall be deemed to have been waived, nor shall there be any estoppel against the enforcement of any provision of this Agreement, except by written instrument of the party charged with such waiver or estoppel. No such written waiver shall be deemed a continuing waiver unless specifically stated therein, and each such waiver shall operate only as to the specific term or condition waived and shall not constitute a waiver of such term or condition for the future or as to any act other than that specifically waived.

8.    Severability.

If, for any reason, any provision of this Agreement is held invalid, such invalidity shall not affect any other provision of this Agreement not held so invalid, and each such other provision shall to the full extent consistent with law continue in full force and effect.

9.    Headings.

The headings of the Sections herein are included solely for convenience of reference and shall not control the meaning or interpretation of any of the provisions of this Agreement.

10.    Governing Law.

This Agreement shall be governed solely by the laws of the State of New York without giving effect to any conflict of laws provisions thereof. Any and all matters of dispute between the parties hereunder or in connection herewith shall be resolved in New York County, New York State by arbitration before the American Arbitration Association and shall include the jurisdiction in the federal courts of the Southern District of New York and of the state courts of the State of New York in New York County to enforce such arbitration and/or confirm any award thereof. Licensee and Licensor hereby consent to jurisdiction as set forth herein. Furthermore, notwithstanding the foregoing, in the event of a timely objection to arbitration, either party may commence a proceeding in Supreme Court of the State of New York and County of New York and/or Federal District Court for the Southern District of New York.

11.    Notices.

Any notices or other communications to be given hereunder shall be deemed to have been given if delivered personally to the party to which directed, or if mailed, then by registered or certified mail, return receipt requested, directed to the address of the party first

234426v6                                    3

MD 00476
MARCO/L&L WINGS

hereinabove set forth. Any party may change his or its address for purposes of this Section 11 by giving written notice thereof hereunder.

   12. Due Capacity.

   The Shareholders hereby warrant and represent to the Consultant that they have the full capacity and power to delivery and perform this Agreement.

   13. Attorneys' Fees.

   In the event that it shall be necessary for either party hereto to retain legal counsel and/or incur other costs and expenses in connection with the enforcement hereof whether by a judicial action or proceeding or by arbitration, such party shall to the extent it shall prevail (whether by settlement or by judicial or arbitral action or otherwise) be entitled to recover from the other party such first party's reasonable attorneys' fees and costs and expenses in connection with such enforcement.

   IN WITNESS WHEREOF, the parties have signed this Agreement, in the City of New York as of the day and year first above written.

          _____

          SHAUL LEVY, individually

          _____

          MEIR LEVY, individually

          _____

          ELI TABIB, individually

MD 00477
MARCO/L&L WINGS

03/23/00  13:27 FAX   2 554 7700        MOSES & SINGER LLP                    ☑001

```
          ***********************
          ***   TX REPORT   ***
          ***********************

     TRANSMISSION OK

     TX/RX NO              4755
     CONNECTION TEL        06935101913054719398
     SUBADDRESS
     CONNECTION ID         Marco Destin Fax
     ST. TIME              03/23 13:25
     USAGE T               02'02
     PGS. SENT             6
     RESULT                OK
```

# MOSES & SINGER LLP

1301 Avenue of the Americas, New York, NY 10019-6076
Telephone: 212.554.7800        Facsimile: 212.554.7700

# Facsimile Transmission
# Cover Sheet

Date:        March 23, 2000

To           Firm name               Fax number transmitted to
Nir Tzanani  Marco Destin            305 471-9398

From:        Steven Glaser, Esq.     Phone:  212 554-7820

Client/Matter:  06935/101

Number of Pages:
(Including cover page)

Comments:  Here are the revised promissory note for Eli and his  revised consulting
agreement.  I have changed the amounts in these items per Morty's fax to me dated
3/22/00.

MD 00478
MARCO/L&L WINGS

*06975.101*
*Corres*

# MOSES & SINGER LLP

1301 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6076

WRITER'S DIRECT DIAL
(212) 554- 7861

(212) 554-7800

FACSIMILE
(212) 554-7700

email: cleschack@mosessinger.com

March 8, 2000

Mr. Eli Tabib    4282 4858 8829
Marco Destin, Inc.
10400 NW 33rd Street
Miami, Florida 33172

    Re:  Purchase Agreement with Wings et al.

Dear Mr. Tabib:

    Please find enclosed pursuant to the above referenced transaction, a velobound set of photocopies of the closing documents.

    If we can be of further assistance, please do not hesitate to contact either Steve Glaser at (212) 554-7820 or me at (212) 554-7861.

              Sincerely yours,

              MOSES & SINGER LLP

              Charles M. LeSchack
              Legal Assistant

Enclosure

cc:    Morty Etgar, CPA (w/enclosure)    4282 4858 8840
       Bennett D. Krasner, Esq. (w/enclosure)    4282 4858 8830
       Steven Glaser, Esq. (w/o enclosure)
       Gideon Rothschild, Esq. (w/o enclosure)

243455

*Tabib*
*06?35?...*
*C...*

# MOSES & SINGER LLP

1301 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6076

WRITER'S DIRECT DIAL
(212) 554- 7861

(212) 554-7800

FACSIMILE
(212) 554-7700

email: cleschack@mosessinger.com

March 8, 2000

Mr. Eli Tabib
Marco Destin, Inc.
10400 NW 33rd Street
Miami, Florida 33172

Re:  Purchase Agreement with Wings et al.

Dear Mr. Tabib:

Please find enclosed pursuant to the above referenced transaction, a velobound set of photocopies of the closing documents.

If we can be of further assistance, please do not hesitate to contact either Steve Glaser at (212) 554-7820 or me at (212) 554-7861.

Sincerely yours,

MOSES & SINGER LLP

Charles M. LeSchack
Legal Assistant

Enclosure

cc:    Morty Etgar, CPA (w/enclosure)
       Bennett D. Krasner, Esq. (w/enclosure)
       Steven Glaser, Esq. (w/o enclosure)
       Gideon Rothschild, Esq. (w/o enclosure)

243455

MD 00480
MARCO/L&L WINGS

06935.101
Cortes

## Steven J. Glaser

From:       Bennett D. Krasner [bkrasner@optonline.net]
Sent:       Wednesday, March 08, 2000 8:20 AM
To:         Steve Glaser; Bennett Krasner
Subject:    (no subject)



assignment and
surrender from ...        Dear Steve:

   Here is the agreement in msword. When I read it I found an error
(it was missing " hereby assign and/or surrender unto") a typo so I put
it in. Read it and if all is okay, I'll have it signed.
Regards,
Bennett

   The information transmitted is intended only for the person or
entity to which it is addressed and may contain confidential and/or
privileged material. Any review, retransmission, dissemination or other
use of, or taking of any action in reliance upon, this information by
persons or entities other than the intended recipient is prohibited.
If you received this in error, please immediately contact the sender and
delete the material from any computer.

1

MD 00481
MARCO/L&L WINGS

## ASSIGNMENT / SURRENDER AND ASSUMPTION OF LEASES

**KNOW THAT**, one dollar ($1.00) and other valuable consideration, Shaul Levy, Meir Levy, L & L Wings, Inc., a South Carolina corporation and Shaul & Meir Levy Partnership, a South Carolina partnership, each having an address at 18 East 42nd Street, New York, NY 10017,  (collectively hereinafter referred to as "Assignors") hereby assign and/or surrender unto Marco Destin, Inc., a Florida  corporation and 1000 Highway 98 East Corp., a Florida corporation, each having an address at 10400 Northwest 33rd Street, Miami, Florida (collectively hereinafter referred to as "Assignees"), all right, title and interest of the lessees and/or leasehold interests under those certain Leases more particularly described in Exhibit A hereto,

**TO HAVE AND TO HOLD** the same unto Assignees and the heirs, executors, administrators, legal representatives, successors and assigns of Assignees from the date hereof for the rest of the terms of said Leases, as said Leases may be modified or extended.

This Assignment/Surrender and Assumption of Leases is given without representation or warranty by Assignors, whether express or implied, and without recourse against Assignors in any possible event.

Assignees hereby assume and agree to pay and perform all of the obligations of the lessees under the Leases.  Assignees hereby agree to indemnify and hold Assignors harmless from and against any and all liability, claim, loss, damage or expense, including reasonable attorneys' fees, incurred in connection with, or arising or asserted with respect to the Leases or this Assignment.

**IN WITNESS WHEREOF,** Assignors and Assignees have duly executed this Assignment and Assumption of Leases as of November 1, 1998.

_____
Shaul Levy

_____
Meir Levy

L & L WINGS, INC.

By _____
Shaul Levy, President

SHAUL & MEIR LEVY PARTNERSHIP

By _____
Shaul Levy, General Partner

MARCO DESTIN, INC.

By _____
Eli Tabib, President

1000 HIGHWAY 98 EAST CORP.

By _____
Eli Tabib, President

## EXHIBIT A

The following leased property:

2

MD 00483
MARCO/L&L WINGS

1.    581 South Collier Boulevard, Marco Island, Florida, commonly known as Store #317.

1.    2673 Parkway, Pigeon Forge, Tennessee, commonly known as Store #801.

1.    1251 A Miracle Strip Parkway, Ft. Walton Beach, Florida, commonly known as Store #748.

3

MD 00484
MARCO/L&L WINGS

Tab.b
06935/101

Corr

**Steven J. Glaser**

| | |
|---|---|
| From: | Bennett D. Krasner [bkrasner@optonline.net] |
| Sent: | Wednesday, March 08, 2000 8:20 AM |
| To: | Steve Glaser; Bennett Krasner |
| Subject: | (no subject) |

Correct one

assignment and
surrender from ...    Dear Steve:

Here is the agreement in msword. When I read it I found an error
(it was missing " hereby assign and/or surrender unto") a typo so I put
it in. Read it and if all is okay, I'll have it signed.
Regards,
Bennett

The information transmitted is intended only for the person or
entity to which it is addressed and may contain confidential and/or
privileged material. Any review, retransmission, dissemination or other
use of, or taking of any action in reliance upon, this information by
persons or entities other than the intended recipient is prohibited.
If you received this in error, please immediately contact the sender and
delete the material from any computer.

1

MD 00485
MARCO/L&L WINGS

## ASSIGNMENT / SURRENDER AND ASSUMPTION OF LEASES

**KNOW THAT**, one dollar ($1.00) and other valuable consideration, Shaul Levy, Meir Levy, L & L Wings, Inc., a South Carolina corporation and/or Shaul & Meir Levy Partnership, a South Carolina partnership, each having an address at 18 East 42nd Street, New York, NY 10017, (collectively hereinafter referred to as "Assignors") hereby assign and/or surrender unto Marco Destin, Inc., a Florida corporation, having an address at 10400 Northwest 33rd Street, Miami, Florida (hereinafter referred to as "Assignee"), all right, title and interest of the lessees and/or leasehold interests under those certain Leases more particularly described in Exhibit A hereto,

**TO HAVE AND TO HOLD** the same unto Assignee and the heirs, executors, administrators, legal representatives, successors and assigns of Assignee from the date hereof for the rest of the terms of said Leases, as said Leases may be modified or extended.

This Assignment/Surrender and Assumption of Leases is given without representation or warranty by Assignors, whether express or implied, and without recourse against Assignors in any possible event.

Assignee hereby assume and agree to pay and perform all of the obligations of the lessees under the Leases. Assignee hereby agree to indemnify and hold Assignors harmless from and against any and all liability, claim, loss, damage or expense, including reasonable attorneys' fees, incurred in connection with, or arising or asserted with respect to the Leases or this Assignment.

**IN WITNESS WHEREOF**, Assignors and Assignee have duly executed this Assignment and Assumption of Leases as of November 1, 1998.

_____
Shaul Levy

_____
Meir Levy

L & L WINGS, INC.

By _____
Shaul Levy, President

SHAUL & MEIR LEVY PARTNERSHIP

By _____
Shaul Levy, General Partner

MARCO DESTIN, INC.

By _____
Eli Tabib, President

**EXHIBIT A**

2

MD 00487
MARCO/L&L WINGS

The following leased property:

1.  581 South Collier Boulevard, Marco Island, Florida, commonly known as Store #317.

2.  2673 Parkway, Pigeon Forge, Tennessee, commonly known as Store #801.

3.  1251 A Miracle Strip Parkway, Ft. Walton Beach, Florida, commonly known as Store #748.

3

MD 00488
MARCO/L&L WINGS

*C6935/101*
*Con*

# MOSES & SINGER LLP

1301 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6076

STEVEN GLASER
DIRECT DIAL (212) 554-7820

(212) 554-7800

FACSIMILE
(212) 554-7700

March 7, 2000

**Via Federal Express**
Mr. Eli Tabib
Marco-Destin, Inc.
10400 N.W. 33rd Street, Suite 110
Miami, Florida 33172

Re: <u>Marco Island Deed/North Carolina Deed</u>

Dear Eli:

Enclosed is the Deed for Marco Island (Store #317) from the Levys and yourself to 1000 Highway. It has already been signed by Shaul and Meir. I have marked with a yellow tab the line for your signature on the Deed. The blue tab indicates the two lines on which two other individuals should sign as witnesses. The silver tab on the second page of the Deed indicates the place for a notarial acknowledgement of your signature.

Also enclosed in connection with the Marco Island Deed is an Affidavit and a Florida Department of Revenue Form DR-219. The Affidavit requires your signature where the yellow tab appears and a silver tab marks the notarial acknowledgement. The Florida Department of Revenue form requires only your signature in the place indicated by the yellow tab.

I note that wherever these forms call for your address, you must insert your <u>home</u> address.

You should deliver the Deed, the Affidavit and the Department of Revenue Form to Brent Wolmer, Esq. (who prepared all of the documents) for recording in Florida. Note that there is a transfer tax of $2,695 payable by 1000 Highway. I believe also that Mr. Wolmer may require certain other payments, but you should determine these directly with him. Wolmer's address is Cohen, Norris, Scherer, Weinberger & Wolmer, 712 U.S. Highway One, Suite 400, N. Palm Beach, Florida 33408-7146.

Also enclosed is a Deed to Shaul and Meir from 1000 Highway 98 East Corporation for certain property in Carolina Beach, N.C. I have marked with a yellow tab on this Deed the place where you need to sign on behalf of 1000 Highway and with a silver tab where your signature requires a notarial acknowledgment. This document should be returned to Andrew Lichy, Esq. at Wings in New York.

Document #: 243394

MD 00489
MARCO/L&L WINGS

MOSES & SINGER LLP

If you have a questions do not hesitate to contact me.

Sincerely yours,

Steven Glaser

SG/fb
cc:    Gideon Rothschild, Esq.

MD 00490
MARCO/L&L WINGS

*, a, b, b*
*06935/101*
*Corr*

# M O S E S   &   S I N G E R   L L P

### 1301 AVENUE OF THE AMERICAS
### NEW YORK, NEW YORK 10019-6076

STEVEN GLASER
DIRECT DIAL (212) 554-7820

(212) 554-7800

FACSIMILE
(212) 554-7700

March 7, 2000

**Via Federal Express**
Mr. Eli Tabib
Marco-Destin, Inc.
10400 N.W. 33rd Street, Suite 110
Miami, Florida 33172

Re:  Marco Island Deed/North Carolina Deed

Dear Eli:

Enclosed is the Deed for Marco Island (Store #317) from the Levys and yourself to 1000 Highway. It has already been signed by Shaul and Meir. I have marked with a yellow tab the line for your signature on the Deed. The blue tab indicates the two lines on which two other individuals should sign as witnesses. The silver tab on the second page of the Deed indicates the place for a notarial acknowledgement of your signature.

Also enclosed in connection with the Marco Island Deed is an Affidavit and a Florida Department of Revenue Form DR-219. The Affidavit requires your signature where the yellow tab appears and a silver tab marks the notarial acknowledgement. The Florida Department of Revenue form requires only your signature in the place indicated by the yellow tab.

You should deliver the Deed, the Affidavit and the Department of Revenue Form to Brent Wolmer, Esq. (who prepared all of the documents) for recording in Florida. Note that there is a transfer tax of $2,695 payable by 1000 Highway. I believe also that Mr. Wolmer may require certain other payments, but you should determine these directly with him.

Also enclosed is a Deed to Shaul and Meir from 1000 Highway 98 East Corporation for certain property in Carolina Beach, N.C. I have marked with a yellow tab on this Deed the place where you need to sign on behalf of 1000 Highway and with a silver tab where your signature requires a notarial acknowledgment. This document should be returned to Andrew Lichy, Esq. at Wings in New York.

Document #: 243394

MD 00491
MARCO/L&L WINGS

MOSES & SINGER LLP

If you have a questions do not hesitate to contact me.

Sincerely yours,

Steven Glaser

SG/fb
cc:    Gideon Rothschild, Esq.

Document #: 243394

MD 00492
MARCO/L&L WINGS

# L & L WINGS, INC.

*Tabb*
*0693 5/101*
*Cov*

Office of the
General Counsel

ANDREW D. LICHY, ESQ.

March 6, 2000

**BY HAND**

Steve Glaser, Esq.
Moses & Singer LLP
1301 Avenue of the Americas
40th Floor
New York, New York 10019

RE:    Levy with Tabib

Dear Steve:

Enclosed are the following with respect to the above referenced matter:

1)    Florida Warranty Deed for 581 South Collier Boulevard, Marco Island, Florida, ("Collier Deed");
2)    Owner's Affidavit;
3)    Florida Department of Revenue form DR-219; and,
4)    North Carolina Warranty Deed for 1014 North Lake Park Boulevard, Carolina Beach, North Carolina, ("Lake Park Deed").

Please note that the Collier Deed and Owner's Affidavit are partially executed originals. In addition, the Collier Deed, Owner's Affidavit and DR-219 are sent to you in escrow pending delivery to me of the Lake Park Deed.

Thank you for your cooperation in this matter.

Very truly yours,

ANDREW LICHY

Enc.

18 East 42nd Street, New York, New York 10017
Phone (212) 922-9087 - Facsimile (212) 922-9306

MD 00493
MARCO/L&L WINGS

# L & L WINGS, INC. *06935/101*

Office of the
General Counsel

ANDREW D. LICHY, ESQ.

March 6, 2000

**BY HAND**

Steve Glaser, Esq.
Moses & Singer LLP
1301 Avenue of the Americas
40th Floor
New York, New York 10019

RE:    Levy with Tabib

Dear Steve:

Enclosed are the following with respect to the above referenced matter:

1)    Florida Warranty Deed for 581 South Collier Boulevard, Marco Island, Florida, ("Collier Deed");
2)    Owner's Affidavit;
3)    Florida Department of Revenue form DR-219; and,
4)    North Carolina Warranty Deed for 1014 North Lake Park Boulevard, Carolina Beach, North Carolina, ("Lake Park Deed").

Please note that the Collier Deed and Owner's Affidavit are partially executed originals. In addition, the Collier Deed, Owner's Affidavit and DR-219 are sent to you in escrow pending delivery to me of the Lake Park Deed.

Thank you for your cooperation in this matter.

Very truly yours,

ANDREW LICHY

Enc.

MD 00494
MARCO/L&L WINGS

**FLORIDA DEPARTMENT OF REVENUE**
RETURN FOR TRANSFERS OF INTEREST IN REAL PROPERTY
(PLEASE READ INSTRUCTIONS ON THE BACK OF THIS FORM BEFORE COMPLETING)

PHOTOCOPIES OF THIS FORM NOT ACCEPTABLE

DR-219
FL 07/98

Use black ink. Enter numbers as shown below.   If typing, enter numbers as shown below.
`0 1 2 3 4 5 6 7 8 9`   `0123456789`

1. **Parcel Identification Number** (If Parcel ID not available please call County Property Appraiser's Office) →
`5 7 6 8 5 6 0 0 0 7`

2. **Mark (x) all that apply** — Multi-parcel transaction? → [ ]   Transaction is a split or cutout from another parcel? → [ ]   Property was improved with building(s) at time of sale/transfer? → [X]

3. **Grantor (Seller):**  Last: TABIB   First: ELI   MI: ___   Corporate Name (if applicable): ___
Mailing Address: 10400 NW 33 ST #110   City: Miami   State: FL   Zip Code: 33172   Phone No. ( )

4. **Grantee (Buyer):**  Last: ___   First: ___   MI: ___   Corporate Name (if applicable): 1000 HIGHWAY 98 EAST CORP.
Mailing Address: 10400 NW 33 ST #110   City: Miami   State: FL   Zip Code: 33172   Phone No. ( )

5. **Date of Sale/Transfer:** [ ][ ] / [ ][ ] / [ ][ ][ ][ ]   Month / Day / Year
Sale/Transfer Price $ [ ][ ],3 8 5,0 0 0 . 0 0 (Round to the nearest dollar.)
Property Located in [2][1] County Code (County Codes on Reverse)

6. **Type of Document:** [ ] Contract/Agreement for Deed   [ ] Other   [X] Warranty Deed   [ ] Quit Claim Deed

7. **Are any mortgages on the property? If "Yes", outstanding mortgage balance:** (Round to the nearest dollar.) $ [ ][ ][ ],3 8 5,0 0 0 . 0 0   YES [X] / NO [ ]

8. **To the best of your knowledge, were there unusual circumstances or conditions to the sale/transfer such as: Forced sale by court order? Foreclosure pending? Distress Sale? Title defects? Corrective Deed? Mineral rights? Sale of a partial or undivided interest? Related to seller by blood or marriage.**   YES [ ] / NO [X]

9. **Was the sale/transfer financed?** YES [ ] / NO [X] If "Yes", please indicate type or types of financing:
Conventional [ ]   Seller Provided [ ]   Agreement or Contract for Deed [ ]   Other [ ]

10. **Property Type: Mark (x) all that apply**
Residential [ ]   Commercial [X]   Industrial [ ]   Agricultural [ ]   Institutional/Miscellaneous [ ]   Government [ ]   Vacant [ ]   Acreage [ ]   Timeshare [ ]

11. **To the best of your knowledge, was personal property included in the sale/transfer? If "Yes", please state the amount attributable to the personal property. (Round to nearest dollar.)**   YES [ ] / NO [X]   $ [ ][ ][ ][ ][ ][ ] . 0 0 Cents

12. **Amount of Documentary Stamp Tax**   $ [ ][ ][ ][ ][2],6 9 5 . 0 0

13. **If no tax is due in number 12, is deed exempt from Documentary Stamp Tax under s. 201.02(6), Florida Statutes?**   YES [ ] / NO [ ]

Under penalties of perjury, I declare that I have read the foregoing return and that the facts stated in it are true. If prepared by someone other than the taxpayer, his/her declaration is based on all information of which he/she has any knowledge.

Signature of Grantor or Grantee or Agent _____   Date _____

WARNING: FAILURE TO FILE THIS RETURN OR ALTERNATIVE FORM APPROVED BY THE DEPARTMENT OF REVENUE SHALL RESULT IN A PENALTY OF $25.00 IN ADDITION TO ANY OTHER PENALTY IMPOSED BY THE REVENUE LAW OF FLORIDA.

| (To be completed by the Clerk of the Circuit Court's Office) | Clerks Date Stamp |
| --- | --- |
| O. R. Book and Page Number and File Number | |
| Date Recorded [ ][ ] / [ ][ ] / [ ][ ][ ][ ]  Month / Day / Year | |

WHITE COPY TO DEPARTMENT OF REVENUE OFFICE

CANARY COPY TO PROPERTY APPRAISER

MD 00495
MARCO/L&L WINGS