## MINUTES OF A SPECIAL MEETING OF THE BOARD OF DIRECTORS OF MARCO DESTIN, INC. A FLORIDA CORPORATION

Pursuant to Written Waiver of Notice and Consent thereto, a Special Meeting of the Board of Directors of MARCO DESTIN, INC., a Florida corporation, was held on the _____ day of May, 1996, at ____:00 o'clock, __.M., of said day at the offices of _____

Corporation:

There were present the following Directors, constituting all of the Directors of the Corporation:

> Shaul Levy
> Meir Levy
> Eliezer Tabid

The Chairman announced that the purpose of the Meeting was to approve that certain construction loan (the "Loan") from Barnett Bank of Northwest Florida ("Lender") to 1000 Highway 98 East Corp., a Florida corporation ("1000 Highway"), in the amount of $843,800.00, encumbering property located at 34888 Emerald Coast Parkway, Destin, Florida, known as Lot 1, Crystal Beach Plaza, Okaloosa County, Florida, and to authorize Shaul Levy, President, to execute for and on behalf of the Corporation, and under its seal, any and all guarantees to secure the Loan, and such other instruments as required by Lender and as may be acceptable to President.

Upon motion duly made and seconded, it was unanimously RESOLVED as follows:

"RESOLVED that Shaul Levy, President, is hereby authorized and directed to perform any and all acts and to execute and deliver for and on behalf of the Corporation, any and all documents necessary, but not limited to, an Unconditional and Irrevocable Guaranty of Payment, and to pay and disburse any and all funds necessary to obtain the Loan.

BE IT FURTHER RESOLVED that Corporation is an active Corporation, duly authorized to do business in the State of Florida, and that shareholder approval is not required under the Articles and Bylaws of the Corporation or pertinent state law for Corporation to enter into this Loan.

BE IT FURTHER RESOLVED that because Shaul Levy and Meir Levy are principals of Corporation and of 1000 Highway, and Corporation is the proposed tenant on the property encumbered by the Loan, and because the Loan furthers the goals of the Corporation and of 1000 Highway, a commonality of interests exists between Corporation, 1000 Highway, Meir Levy and Shaul Levy, and the guaranty of Corporation is therefore in the best interests of Corporation."

Upon motion duly made, seconded and unanimously adopted, all of the foregoing affirmances, ratifications and authorizations were unanimously passed and adopted.

There being no further business to come before the Meeting, and upon motion duly made and unanimously carried, it was adjourned.

_____
Director

_____
Director

_____
Director

MD 00566
MARCO/L&L WINGS

## WAIVER OF NOTICE OF SPECIAL MEETING OF
## BOARD OF DIRECTORS OF
## MARCO DESTIN, INC.

The undersigned, Shaul Levy, Meir Levy and Eliezer Tabid, being all of the

Directors of MARCO DESTIN, INC., a Florida corporation, hereby waive all the statutory and

other requirements as to Notice of the time, place and purpose of a Special Meeting of the

Directors of said Corporation and the publication thereof, and consent that a Special Meeting

shall be held at the offices of _____, on the ____ day of May,

1996, at __:00 o'clock, ___.M.; the undersigned further consents to the transaction of any and all

business transacted at such Meeting which may lawfully come before the Meeting.

DATED this 8th day of May, 1996.

_____
Director

_____
Director

_____
Director

MD 00567
MARCO/L&L WINGS

MD 00568
MARCO/L&L WINGS



# State of Florida

## Department of State

I certify the attached is a true and correct copy of the Articles of Incorporation of 1000 HIGHWAY 98 EAST CORP., a Florida corporation, filed on October 17, 1994, as shown by the records of this office.

The document number of this corporation is P94000076214.

Given under my hand and the Great Seal of the State of Florida, at Tallahassee, the Capital, this the Eighteenth day of October, 1994

Jim Smith
Secretary of State

CR2E022 (2-91)

FILED

1994 OCT 17 AM 6: 3~

SECRE~~~~~
TALL~~~~~~~~~

ARTICLES OF INCORPORATION

OF

1000 HIGHWAY 98 EAST CORP.

The undersigned sole incorporator, being a natural person competent to contract and desiring to form a corporation under Title XXXV, Chapter 607 of the revised Florida Statutes, herewith submits the following information:

1. The name of the corporation is 1000 HIGHWAY 98 EAST CORP.

2. The duration of the corporation shall be perpetual.

3. The general purpose or purposes for which this corporation is being formed are to include the transaction of any or all lawful business for which corporations may be incorporated under this chapter.

4. The aggregate number of shares which the corporation shall have authority to issue is 200 shares, all without par value and of one class.

5. The principal address and mailing address of the corporation will be 3958 N. Ocean Drive, Fort Lauderdale, FL 33308, and the name of its initial registered agent at such address is Ezra Barukh.

6. The number of directors constituting the initial board of directors is one and the name and address of each person who is to serve as a member thereof is as follows:

Ezra Barukh
3958 N. Ocean Drive
Fort Lauderdale, FL 33308

MD 00569
MARCO/L&L WINGS

7.    The name and address of the sole incorporator is:

Catharine Leach
c/o XL CORPORATE & RESEARCH SERVICES, INC.
62 White Street, 2nd Floor
New York, NY 10013

IN WITNESS WHEREOF, the undersigned, as sole incorporator of this corporation has executed these Articles of Incorporation.

Date: 10-11-94

_____
Sole Incorporator

STATE OF New York

COUNTY OF New York

I HEREBY CERTIFY, that on this day, before me, a Notary Public duly authorized in the state and county named above to take acknowledgements, personally appeared to me Catharine Leach, known to be the person described as the subscriber in and who executed the foregoing Articles of Incorporation and acknowledged before me that he subscribed to those Articles of Incorporation.

WITNESS my hand and official seal in the county and state named above this 11th day of October, 1994.

_____
Notary Public

MARC D. MOEL
Notary Public, State of New York
No. 31-4934580
Qualified in New York County
Commission Expires August 28, 19__

I, the undersigned, hereby accept appointment as Registered Agent of the above named corporation.

_____
Ezra Barukh
Registered Agent

MD 00570
MARCO/L&L WINGS

02/17/2000  17:57  13056727959
02/17/00  16:53  FAX 212 554 7700   MOSES & SINGER LLP                    WINGS:307

PAGE  23
@ 023/033

MD 00571
MARCO/L&L WINGS



## RESIGNATION

Each of the undersigned hereby resigns any officership or directorship and/or any employment status which the undersigned may have in or with respect to the following corporations, effective as of November 1, 1998:

1000 Highway 98 East Corp.

Marco Destin, Inc.

Panama Surf and Sport Shop Inc.

Shaul Levy

Meir Levy

Dated:    February 17, 2000

2155752

02/18/00  13:51 FAX 212 922 9306    L & L WINGS    @005

## RESIGNATION

Each of the undersigned hereby resigns any officership or directorship and/or any employment status which the undersigned may have in or with respect to the following corporations, effective as of November 1, 1998:

1000 Highway 98 East Corp.

Marco Destin, Inc.

Panama Surf and Sport Shop Inc.

Shaul Levy

Meir Levy

Dated:    February _11_, 2000

MD 00572
MARCO/L&L WINGS

23587502

MD 00573
MARCO/L&L WINGS



# State of Florida

## Department of State

I certify from the records of this office that 1000 HIGHWAY 98 EAST CORP., is a corporation organized under the laws of the State of Florida, filed on October 17, 1994.

The document number of this corporation is P94000076214.

I further certify that said corporation has paid all fees and penalties due this office through December 31, 1995, that its most recent annual report was filed on July 28, 1995, and its status is active.

I further certify that said corporation has not filed Articles of Dissolution.

Given under my hand and the
Great Seal of the State of Florida,
at Tallahassee, the Capital, this the
Twenty-second day of January, 1996

Sandra B. Mortham
Secretary of State

CR2E022 (1-95)

STATE OF ALABAMA



OFFICE OF THE SECRETARY OF STATE

BUSINESS DIVISION

P.O. BOX 5616
MONTGOMERY, AL 36103

JIM BENNETT
SECRETARY OF STATE

May 2, 1996

Andrew Lichy
1000 Highway 98 East Corp
c/o 18 East 42nd Street
New York NY 10017

Re: 1000 Highway 98 East Corp., a Florida corporation

Dear Mr. Lichy:

This will acknowledge receipt of certified copy of Articles
of Incorporation of the above named corporation, together with
the Application for Certificate of Authority, in duplicate, and
check in the amount of $185.00, which is the correct fee for
expeditiously qualifying a foreign corporation in the State of
Alabama.

I am returning certified copy of said Application for
Certificate of Authority. You will note that your authority to
transact business has been granted as of the above date.

Sincerely yours,

Jim Bennett
Secretary of State

JB/rhh

CORPORATIONS
(334) 242-5324

LANDS & TRADEMARKS
(334) 242-5325

UNIFORM COMMERCIAL CODE
(334) 242-5231

MD 00574
MARCO/L&L WINGS

# STATE OF ALABAMA

## APPLICATION FOR CERTIFICATE OF AUTHORITY
## OF A FOREIGN CORPORATION TO TRANSACT BUSINESS IN ALABAMA

### To the Secretary of State of the State of Alabama,

PURSUANT TO THE PROVISIONS OF THE ALABAMA BUSINESS CORPORATION ACT, THE UNDERSIGNED CORPORATION HEREBY APPLIES FOR A CERTIFICATE OF AUTHORITY TO TRANSACT BUSINESS IN ALABAMA, AND FOR THAT PURPOSE SUBMITS THE FOLLOWING STATEMENTS.

1. The exact name of the corporation.
   1000 HIGHWAY 98 EAST CORP.

2. If your corporate title does not include "Corporation," "Corp," "Incorporated" or "Inc," one of these must be added for use in Alabama. Please list your exact corporate title with the addition of one of these words.
   N/A

3. State or Country of incorporation:    FLORIDA

4. Date of incorporation:    OCTOBER 17, 1994 Duration of corporation:    PERPETUAL

5. Street address of principal office:
   3958 N. OCEAN DREIVE, FORT LAUDERDALE, FLORIDA  33308

6. Name and **street address (NO PO BOX)** of registered agent in Alabama:    SHAUL LEVY
   27433 PERDIDO BLVD., ORANGE BEACH  36561

7. The names and addresses of its directors and officers are:

| NAME | OFFICE/TITLE | MAILING ADDRESS |
|------|--------------|-----------------|
| SHAUL LEVY | PRESIDENT | 18 E. 42ND ST., NEW YORK, NY  10017 |
| MEIR LEVY | SECRETARY | 18 E. 42ND ST., NEW YORK, NY  10017 |
| ELI TABIB | VICE PRESIDENT | 18 E. 42ND ST., NEW YORK, NY  10017 |

8. This application is accompanied by a copy of articles of incorporation and all amendments thereto, duly certified by the proper official of the state under the laws of which it is incorporated, together with the filing fee of $175.00. The non-profit corporation filing fee is $75.00. (The certification by the Secretary of State or the equivalent in your state must be an original, currently dated, not over six months old.)

9. Date:    MARCH 26, 1996

SHAUL LEVY, PRESIDENT

Type or Print Corporate Officer's Name and Title

Signature of Officer

MAIL DUPLICATE ORIGINALS OF THIS APPLICATION, A CERTIFIED COPY OF THE CHARTER AND THE FILING FEE TO:
SECRETARY OF STATE, CORPORATE SECTION, POST OFFICE BOX 5616, MONTGOMERY, ALABAMA 36103-5616
(334)242-5324

CD.2

**FILED IN OFFICE**
MAY - 2 1996
SECRETARY OF STATE

MD 00575
MARCO/L&L WINGS



## STATE OF ALABAMA
## OFFICE OF THE SECRETARY OF STATE

*I hereby certify that this is a true and complete copy of the document filed in this office on* May 12 1996

May 31 1996
**Date**

Jim Bennett
Secretary of State

MD 00576
MARCO/L&L WINGS

BYLAWS

OF

## ARTICLE I - OFFICES

### SECTION 1. PRINCIPAL PLACE OF BUSINESS

The initial location of the principal place of business of the corporation shall be as specified in the articles of incorporation and may be changed from time to time by resolution of the board of directors. It may be located at any place within or outside the State of Florida. [BCA Sec. 607.0202(b)]

The principal place of business of the corporation shall also be known as the principal office of the corporation.

### SECTION 2. OTHER OFFICES

The corporation may also have offices at such other places as the board of directors may from time to time designate, or as the business of the corporation may require.

## ARTICLE II - SHAREHOLDERS

### SECTION 1. PLACE OF MEETINGS

All meetings of the shareholders shall be held at the principal place of business of the corporation or at such other place, within or outside the State of Florida, as may be determined by the board of directors. [BCA Secs. 607.0701(2) & 607.0702(2)]

### SECTION 2. ANNUAL MEETINGS

The annual meeting of the shareholders shall be held on the ____ in each year, at ____ o'clock ___ M., at which time the shareholders shall elect a board of directors and transact any other proper business. If this date falls on a legal holiday, then the meeting shall be held on the following business day at the same hour. [BCA Sec. 607.0701(1)]

### SECTION 3. SPECIAL MEETINGS

Special meetings of the shareholders may be called by the board of directors or by the shareholders. In order for a special meeting to be called by the shareholders, 10 percent or more of all the votes entitled to be cast on any issue proposed to be

Bylaws 1

MD 00577
MARCO/L&L WINGS

BYLAWS

OF

# 1000 HIGHWAY 98 EAST CORP.

## ARTICLE I - OFFICES

### SECTION 1. PRINCIPAL PLACE OF BUSINESS

The initial location of the principal place of business of the corporation shall be as specified in the articles of incorporation and may be changed from time to time by resolution of the board of directors. It may be located at any place within or outside the State of Florida. [BCA Sec. 607.0202(b)]

The principal place of business of the corporation shall also be known as the principal office of the corporation.

### SECTION 2. OTHER OFFICES

The corporation may also have offices at such other places as the board of directors may from time to time designate, or as the business of the corporation may require.

## ARTICLE II - SHAREHOLDERS

### SECTION 1. PLACE OF MEETINGS

All meetings of the shareholders shall be held at the principal place of business of the corporation or at such other place, within or outside the State of Florida, as may be determined by the board of directors. [BCA Secs. 607.0701(2) & 607.0702(2)]

### SECTION 2. ANNUAL MEETINGS

The annual meeting of the shareholders shall be held on the 15 of the month of January in each year, at 11 o'clock A.M., at which time the shareholders shall elect a board of directors and transact any other proper business. If this date falls on a legal holiday, then the meeting shall be held on the following business day at the same hour. [BCA Sec. 607.0701(1)]

### SECTION 3. SPECIAL MEETINGS

Special meetings of the shareholders may be called by the board of directors or by the shareholders. In order for a special meeting to be called by the shareholders, 10 percent or more of all the votes entitled to be cast on any issue proposed to be

Bylaws 1

MD 00578
MARCO/L&L WINGS

considered at the proposed special meeting shall sign, date and deliver to the secretary one or more written demands for the meeting describing the purpose or purposes for which it is to be held. [BCA Sec. 607.0702]

The secretary shall issue the call for special meetings unless the president, the board of directors, or the shareholders designate another person to make the call.

## SECTION 4. NOTICE OF MEETINGS

Notice of all shareholders' meetings, whether annual or special, shall be given to each shareholder of record entitled to vote at such meeting no fewer than 10 or more than 60 days before the meeting date. The notice shall include the date, time and place of the meeting and in the case of a special meeting the purpose or purposes for which the meeting is called. Only the business within the purpose or purposes included in the notice of special meeting may be conducted at a special shareholders' meeting.

Notice of shareholders' meetings may be given orally or in writing, by or at the direction of the president, the secretary or the officer or persons calling the meeting. Notice of meetings may be communicated in person; by telephone, telegraph, teletype, facsimile machine, or other form of electronic communication; or by mail. If mailed, notice shall be deemed to be delivered when deposited in the United States mail, addressed to the shareholder at the shareholder's address as it appears on the stock transfer books of the corporation, with postage prepaid.

When a meeting is adjourned to a different date, time or place, it shall not be necessary to give any notice of the adjourned meeting if the new date, time or place is announced at the meeting at which the adjournment is taken, and any business may be transacted at the adjourned meeting that might have been transacted on the original date of the meeting. If, however, after the adjournment, the board fixes a new record date for the adjourned meeting, notice of the adjourned meeting in accordance with the preceding paragraphs of this bylaw shall be given to each person who is a shareholder as of the new record date and is entitled to vote at such meeting. [BCA Secs. 607.0141 & 607.0705]

## SECTION 5. WAIVER OF NOTICE

A shareholder may waive any notice required by the Business Corporation Act, the articles of incorporation or these bylaws before or after the date and time stated in the notice. The waiver must be in writing, be signed by the shareholder entitled to the notice, and be delivered to the corporation for inclusion in the minutes or filing with the corporate records. Neither the business to be transacted at nor the purpose of any annual or special

Bylaws 2

MD 00579
MARCO/L&L WINGS

meeting of the shareholders need be specified in any written waiver of notice. [BCA Sec. 607.0706(1)]

## SECTION 6. ACTION WITHOUT MEETING

Any action which is required by law to be taken at an annual or special meeting of shareholders, or any action which may be taken at any annual or special meeting of shareholders, may be taken without a meeting, without prior notice, and without a vote if one or more written consents, setting forth the action so taken, shall be dated and signed by the holders of outstanding shares having not less than the minimum number of votes that would be necessary to authorize or take such action at a meeting at which all shares entitled to vote thereon were present and voted. Written consents shall not be effective to take corporate action unless, within 60 days of the date of the earliest written consent relating to the action, the signed written consents of the number of holders required to take the action are delivered to the corporation.

Within 10 days after obtaining any such authorization by written consent, notice must be given to those shareholders who have not consented in writing or who are not entitled to vote on the action. The notice shall fairly summarize the material features of the authorized action. [BCA Sec. 607.0704]

## SECTION 7. QUORUM AND SHAREHOLDER ACTION

A majority of the shares entitled to vote, represented in person or by proxy, shall constitute a quorum at a meeting of shareholders. Unless otherwise provided under law, the articles of incorporation or these bylaws, if a quorum is present, action on a matter, other than the election of directors, shall be approved if the votes cast by the holders of the shares represented at the meeting and entitled to vote favoring the action exceed the votes cast opposing the action. Directors shall be elected by a plurality of the votes cast by the shares entitled to vote in the election at a meeting at which a quorum is present.

After a quorum has been established at a shareholders' meeting, the subsequent withdrawal of shareholders, so as to reduce the number of shares entitled to vote at the meeting below the number required for a quorum, shall not affect the validity of any action taken at the meeting or any adjournment thereof. [BCA Secs. 607.0727 & 607.0728]

## SECTION 8. VOTING OF SHARES

Each outstanding share shall be entitled to one vote on each matter submitted to a vote at a meeting of shareholders, except as may be provided under law or the articles of incorporation. A shareholder may vote either in person or by proxy executed in

Bylaws 3

MD 00580
MARCO/L&L WINGS

writing by the shareholder or the shareholder's duly authorized attorney-in-fact.

At each election of directors, each shareholder entitled to vote at such election shall have the right to vote, in person or by proxy, the number of shares owned by the shareholder, for as many persons as there are directors to be elected at that time and for whose election the shareholder has a right to vote. [BCA Secs. 607.0721 & 607.0728]

## SECTION 9. PROXIES

A shareholder, or the shareholder's attorney in fact, may appoint a proxy to vote or otherwise act for the shareholder. An executed telegram or cablegram appearing to have been transmitted by such person, or a photographic, photostatic, or equivalent reproduction of an appointment form, shall be a sufficient appointment form.

An appointment of a proxy is effective when received by the secretary or other officer or agent authorized to tabulate votes. An appointment is valid for up to 11 months unless a longer period is specified in the appointment form.

An appointment of a proxy is revocable by the shareholder unless the appointment form conspicuously states that it is revocable and the appointment is coupled with an interest as provided in Section 607.0722(5) of the Business Corporation Act. [BCA Sec. 607.0722]

## SECTION 10. RECORD DATE FOR DETERMINING SHAREHOLDERS

The board of directors may fix in advance a date as the record date for the purpose of determining shareholders entitled to notice of a shareholders' meeting, to demand a special meeting, to vote, or to take any other action. In no event may a record date fixed by the board of directors be a date preceding the date upon which the resolution fixing the record date is adopted. A record date may not be specified to be more than 70 days before the meeting or action.

Unless otherwise specified by resolution of the board of directors, the following record dates shall be operative:

1. The record date for determining shareholders entitled to demand a special meeting is the date the first shareholder delivers the shareholder's demand to the corporation.

2. If no prior action is required by the board of directors pursuant to the Business Corporation Act, the record date for determining shareholders entitled to take action without a meeting

Bylaws 4

MD 00581
MARCO/L&L WINGS

is the date the first signed written consent relating to the proposed action is delivered to the corporation.

3. If prior action is required by the board of directors pursuant to the Business Corporation Act, the record date for determining shareholders entitled to take action without a meeting is at the close of business on the day on which the board of directors adopts the resolution taking such prior action.

4. The record date for determining shareholders entitled to notice of and to vote at a meeting of shareholders is at the close of business on the day before the first notice is delivered to the shareholders. [BCA Sec. 607.0707]

SECTION 11. SHAREHOLDERS' LIST

After a record date is fixed or determined in accordance with these bylaws, the secretary shall prepare an alphabetical list of the names of all its shareholders who are entitled to notice of a shareholders' meeting. The list shall show the addresses of, and the number and class and series, if any, of shares held by, each person.

The shareholders' list shall be available for inspection by any shareholder for a period of 10 days prior to the meeting, or such shorter time as exists between the record date and the meeting, and continuing through the meeting, at the corporation's principal place of business. [BCA Sec. 607.0720]

## ARTICLE III - DIRECTORS

SECTION 1. POWERS

Except as may be otherwise provided by law or the articles of incorporation, all corporate powers shall be exercised by or under the authority of, and the business and affairs of the corporation shall be managed under the direction of, the board of directors. [BCA Sec. 607.0801(2)]

A director who is present at a meeting of the board of directors or a committee of the board of directors when corporate action is taken shall be deemed to have assented to the action taken unless:

1. The director votes against or abstains from the action taken; or

2. The director objects at the beginning of the meeting, or promptly upon the director's arrival, to holding the meeting or

Bylaws 5

MD 00582
MARCO/L&L WINGS

transacting specified business at the meeting. [BCA Sec. 607.0824(4)]

The board of directors shall have the authority to fix the compensation of directors. [BCA Sec. 607.08101]

SECTION 2. QUALIFICATION AND NUMBER

Directors shall be individuals who are 18 years of age or older but need not be residents of Florida or shareholders of this corporation. [BCA Sec. 607.0802]

The authorized number of directors shall be . This number may be increased or decreased from time to time by amendment to these bylaws, but no decrease shall have the effect of shortening the term of any incumbent director. [BCA Secs. 607.0803 & 607.0805(3)]

SECTION 3. ELECTION AND TENURE OF OFFICE

The directors shall be elected at each annual meeting of the shareholders and each director shall hold office until the next annual meeting of shareholders and until the director's successor has been elected and qualified, or until the director's earlier resignation or removal from office. [BCA Secs. 607.0803(3) & BCA Sec. 607.0805]

SECTION 4. VACANCIES

Unless otherwise provided in the articles of incorporation, any vacancy occurring in the board of directors, including any vacancy created by reason of an increase in the number of directors, may be filled by the affirmative vote of a majority of the remaining directors, though less than a quorum of the board of directors, or by the shareholders. [BCA Sec. 607.0809(1)]

A director elected to fill a vacancy shall hold office only until the next shareholders' meeting at which directors are elected. [BCA Secs. 607.0805(4)]

SECTION 5. REMOVAL

Unless the articles of incorporation provide that a director may only be removed for cause, at a meeting of shareholders called expressly for that purpose, one or more directors may be removed, with or without cause, if the number of votes cast to remove the director exceeds the number of votes cast not to remove the director. [BCA Sec. 607.0808]

SECTION 6. PLACE OF MEETINGS

Meetings of the board of directors shall be held at any place,

Bylaws 6

MD 00583
MARCO/L&L WINGS

within or without the State of Florida, which has been designated in the notice of the meeting or, if not stated in the notice or if there is no notice, at the principal place of business of the corporation or as may be designated from time to time by resolution of the board of directors.

The board of directors may permit any or all directors to participate in meetings by, or conduct the meeting through the use of, any means of communication by which all directors participating can simultaneously hear each other during the meeting. [BCA Sec. 607.0820]

SECTION 7.  ANNUAL AND REGULAR MEETINGS

An annual meeting of the board of directors shall be held without call or notice immediately after and at the same place as the annual meeting of the shareholders.

Other regular meetings of the board of directors shall be held at such times and places as may be fixed from time to time by the board of directors. Call and notice of these regular meetings shall not be required. [BCA Secs. 607.0820(1) & 607.0822(1)]

SECTION 8.  SPECIAL MEETINGS AND NOTICE REQUIREMENTS

Special meetings of the board of directors may be called by the chairman of the board or by the president and shall be preceded by at least 2 days' notice of the date, time, and place of the meeting. Unless otherwise required by law, the articles of incorporation or these bylaws, the notice need not specify the purpose of the special meeting. [BCA Sec. 607.0822(2)]

Notice of directors' meetings may be given orally or in writing, by or at the direction of the president, the secretary or the officer or persons calling the meeting. Notice of meetings may be communicated in person; by telephone, telegraph, teletype, facsimile machine, or other form of electronic communication; or by mail. If mailed, notice shall be deemed to be delivered when deposited in the United States mail, addressed to the director at the director's current address on file with the corporation, with postage prepaid. [BCA Sec. 607.0141]

If any meeting of directors is adjourned to another time or place, notice of any such adjourned meeting shall be given to the directors who were not present at the time of the adjournment and, unless the time and place of the adjourned meeting are announced at the time of the adjournment, to the other directors. [BCA Secs. 607.0820(2)]

SECTION 9.  QUORUM

A majority of the authorized number of directors shall

Bylaws 7

MD 00584
MARCO/L&L WINGS

constitute a quorum for all meetings of the board of directors. [BCA Sec. 607.0824]

SECTION 10. VOTING

If a quorum is present when a vote is taken, the affirmative vote of a majority of directors present at the meeting shall be the act of the board of directors.

A director of the corporation who is present at a meeting of the board of directors when corporate action is taken is taken shall be deemed to have assented to the action taken unless:

1. The director objects at the beginning of the meeting, or promptly upon arriving, to holding the meeting or transacting specified business at the meeting; or

2. The director votes against or abstains from the action taken. [BCA Sec. 607.0824]

SECTION 11. WAIVER OF NOTICE

Notice of a meeting of the board of directors need not be given to any director who signs a waiver of notice either before or after the meeting. Attendance of a director at a meeting shall constitute a waiver of notice of such meeting and a waiver of any and all objections to the place of the meeting, or the manner in which it has been called or convened, except when a director states, at the beginning of the meeting or promptly upon arrival at the meeting, any objection to the transaction of business because the meeting is not lawfully called or convened. [BCA Sec. 607.0823]

SECTION 12. ACTION WITHOUT MEETING

Any action required or permitted to be taken at a board of directors' meeting or committee meeting may be taken without a meeting if the action is taken by all members of the board of directors or of the committee. The action must be evidenced by one or more written consents describing the action taken and signed by each director or committee member. [BCA Sec. 607.0821]

ARTICLE IV -- OFFICERS

SECTION 1. OFFICERS

The officers of the corporation shall consist of a president, a secretary, a treasurer, and such other officers as the board of directors may appoint. A duly appointed officer may appoint one or more officers or assistant officers if authorized by the board of directors.

Bylaws 8

MD 00585
MARCO/L&L WINGS

The same individual may simultaneously hold more than one office in the corporation.

Each officer shall have the authority and shall perform the duties set forth in these bylaws and, to the extent consistent with these bylaws, shall have such other duties and powers as may be determined by the board of directors or by direction of any officer authorized by the board of directors to prescribe the duties of other officers. [BCA Secs. 607.08401 & 607.0841]

## SECTION 2. ELECTION

All officers of the corporation shall be elected or appointed by, and serve at the pleasure of, the board of directors.

The election or appointment of an officer shall not itself create contract rights. [BCA Secs. 607.08401 & 6070843]

## SECTION 3. REMOVAL, RESIGNATION AND VACANCIES

An officer may resign at any time by delivering notice to the corporation. A resignation is effective when the notice is delivered unless the notice specifies a later effective date. If a resignation is made effective at a later date and the corporation accepts the future effective date, the board of directors may fill the pending vacancy before the effective date if the board provides that the successor does not take office until the effective date.

The board of directors may remove any officer at any time with or without cause. Any officer or assistant officer, if appointed by another officer, may likewise be removed by such officer.

An officer's removal shall not affect the officer's contract rights, if any, with the corporation. An officer's resignation shall not affect the corporation's contract rights, if any, with the officer. [BCA Secs. 607.0842 & 607.0843]

Any vacancy occurring in any office may be filled by the board of directors.

## SECTION 4. PRESIDENT

The president shall be the chief executive officer and general manager of the corporation and shall, subject to the direction and control of the board of directors, have general supervision, direction, and control of the business and affairs of the corporation. He shall preside at all meetings of the shareholders if present thereat and be an ex-officio member of all the standing committees, including the executive committee, if any, and shall have the general powers and duties of management usually vested in the office of president of a corporation.

Bylaws 9

MD 00586
MARCO/L&L WINGS

In the absence or disability of the president, the vice president, if any, shall perform all the duties of the president and, when so acting, shall have all the powers of, and be subject to all the restrictions imposed upon, the president.

SECTION 5. SECRETARY

(a) The secretary shall be responsible for preparing, or causing to be prepared, minutes of all meetings of directors and shareholders and for authenticating records of the corporation. [BCA Sec. 607.08401(3)]

(b) The secretary shall keep, or cause to be kept, at the principal place of business of the corporation, minutes of all meetings of the shareholders or the board of directors; a record of all actions taken by the shareholders or the board of directors without a meeting for the past three years; and a record of all actions taken by a committee of the board of directors in place of the board of directors on behalf of the corporation. [BCA Sec. 607.1601(1)]

(c) Minutes of meetings shall state the date, time and place of the meeting, whether regular or special; how called or authorized; the notice thereof given or the waivers of notice received; the names of those present at directors' meetings; the number of shares present or represented at shareholders' meetings; and an account of the proceedings thereof.

(d) The secretary shall maintain, at the principal place of business of the corporation, a record of its shareholders, showing the names of the shareholders and their addresses, the number, class, and series, if any, held by each, the number and date of certificates issued for shares, and the number and date of cancellation of every certificate surrendered for cancellation. [BCA Sec. 607.1601(3)]

(e) The secretary shall make sure that the following papers and reports are included in the secretary's records kept at the principal place of business of the corporation:

1. The articles or restated articles of incorporation and all amendments to them currently in effect;

2. The bylaws or restated bylaws and all amendments to them currently in effect;

3. Resolutions adopted by the board of directors creating one or more classes or series of shares and fixing their relative rights, preferences, and limitations, if shares issued pursuant to those resolutions are outstanding;

Bylaws 10

MD 00587
MARCO/L&L WINGS

MD 00588
MARCO/L&L WINGS

4. Minutes of all shareholders' meetings and records of all action taken by shareholders without a meeting for the past 3 years;

5. Written communications to all shareholders generally or all shareholders of a class or series within the past 3 years, including the financial statements furnished for the past 3 years under Article VI, Section 2 of these bylaws and any reports furnished during the last 3 years under Article VI, Section 3 of these bylaws;

6. A list of the names and business street addresses of current directors and officers; and

7. The corporation's most recent annual report delivered to the Department of State under Article VI, Section 4 of these bylaws. [BCA Sec. 607.1601(5)]

The secretary shall give, or cause to be given, notice of all meetings of shareholders and directors required to be given by law or by the provisions of these bylaws.

The secretary shall have charge of the seal of the corporation.

In the absence or disability of the secretary, the assistant secretary, or, if there is none or more than one, the assistant secretary designated by the board of directors, shall have all the powers of, and be subject to all the restrictions imposed upon, the secretary.

SECTION 6. TREASURER

The treasurer shall have custody of the funds and securities of the corporation and shall keep and maintain, or cause to be kept and maintained, at the principal business office of the corporation, adequate and correct books and records of accounts of the income, expenses, assets, liabilities, properties and business transactions of the corporation. [BCA Sec. 607.1601(2)]

The treasurer shall prepare, or cause to be prepared, and shall furnish to shareholders, the annual financial statements and other reports required pursuant to Article VI, Sections 2 and 3 of these bylaws.

The treasurer shall deposit monies and other valuables in the name and to the credit of the corporation with such depositories as may be designated by the board of directors. The treasurer shall disburse the funds of the corporation in payment of the just demands against the corporation as authorized by the board of directors and shall render to the president and directors, whenever

requested, an account of all his or her transactions as treasurer and of the financial condition of the corporation.

In the absence or disability of the treasurer, the assistant treasurer, if any, shall perform all the duties of the treasurer and, when so acting, shall have all the powers of and be subject to all the restrictions imposed upon the treasurer.

## SECTION 7. COMPENSATION

The officers of this corporation shall receive such compensation for their services as may be fixed by resolution of the board of directors.

## ARTICLE V - EXECUTIVE AND OTHER COMMITTEES

SECTION 1. EXECUTIVE AND OTHER COMMITTEES OF THE BOARD

The board of directors may, by resolution adopted by a majority of the authorized number of directors, designate from its members an executive committee and one or more other committees each of which, to the extent provided in such resolution, the articles of incorporation or these bylaws, shall have and may exercise the authority of the board of directors, except that no such committee shall have the authority to:

1. Approve or recommend to shareholders actions or proposals required by law to be approved by shareholders.

2. Fill vacancies on the board of directors or any committee thereof.

3. Adopt, amend, or repeal the bylaws.

4. Authorize or approve the reacquisition of shares unless pursuant to a general formula or method specified by the board of directors.

5. Authorize or approve the issuance or sale or contract for the sale of shares, or determine the designation and relative rights, preferences, and limitations of a voting group except that the board of directors may authorize a committee (or a senior executive officer of the corporation) to do so within limits specifically prescribed by the board of directors.

Each such committee shall have two or more members who serve at the pleasure of the board of directors. The board, by resolution adopted by a majority of the authorized number of directors, may designate one or more directors as alternate members of any such committee who may act in the place and stead of any absent member or members at any meeting of such committee.

MD 00589
MARCO/L&L WINGS

The provisions of law, the articles of incorporation and these bylaws which govern meetings, notice and waiver of notice, and quorum and voting requirements of the board of directors shall apply to such committees of the board and their members as well.

Neither the designation of any such committee, the delegation thereto of authority, nor action by such committee pursuant to such authority shall alone constitute compliance by any member of the board of directors not a member of the committee in question with the director's responsibility to act in good faith, in a manner the director reasonably believes to be in the best interests of the corporation, and with such care as an ordinarily prudent person in like position would use under similar circumstances. [BCA Sec. 607.0825]

## ARTICLE VI - CORPORATE BOOKS, RECORDS AND REPORTS

SECTION 1. BOOKS, RECORDS AND RECORDS

The corporation shall keep correct and complete books and records of account; minutes of the proceedings of its shareholders, board of directors, and committees of directors; a record of its shareholders; and such other records and reports as are further described in Article IV, Sections 5 and 6 of these bylaws, at the principal place of business of the corporation.

Any books, records, and minutes may be in written form or in another form capable of being converted into written form within a reasonable time. [BCA Sec. 607.1601(4)]

SECTION 2. ANNUAL FINANCIAL STATEMENTS FOR SHAREHOLDERS

Unless modified by resolution of the shareholders within 120 days of the close of each fiscal year, the corporation shall furnish its shareholders annual financial statements which may be consolidated or combined statements of the corporation and one or more of its subsidiaries, as appropriate, that include a balance sheet as of the end of the fiscal year, an income statement for that year, and a statement of cash flow for that year. If financial statements are prepared on the basis of generally accepted accounting principles, the annual financial statements must also be prepared on that basis.

If the annual financial statements are reported upon by a public accountant, the accountant's report must accompany them. If not, the statements must be accompanied by a statement of the president or the person responsible for the corporation's accounting records:

1. Stating the person's reasonable belief whether the statements were prepared on the basis of generally accepted

Bylaws 13

MD 00590
MARCO/L&L WINGS

accounting principles and, if not, describing the basis of preparation, and

2. Describing any respects in which the statements were not prepared on a basis of accounting consistent with the statements prepared for the preceding year.

The corporation shall mail the annual financial statements to each shareholder within 120 days after the close of each fiscal year or within such additional time thereafter as is reasonably necessary to enable the corporation to prepare its financial statements if, for reasons beyond the corporation's control, it is unable to prepare its financial statements within the prescribed period. Thereafter, on written request from a shareholder who was not mailed the statements, the corporation shall mail the shareholder the latest financial statements. [BCA Sec. 607.1620]

Copies of the annual financial statements shall be kept at the principal place of business of the corporation for at least 5 years, and shall be subject to inspection during business hours by any shareholder or holder of voting trust certificates, in person or by agent.

SECTION 3. OTHER REPORTS TO SHAREHOLDERS

If the corporation indemnifies or advances expenses to any director, officer, employee, or agent, other than by court order or action by the shareholders or by an insurance carrier pursuant to insurance maintained by the corporation, the corporation shall report the indemnification or advance in writing to the shareholders with or before the notice of the next shareholders' meeting, or prior to such meeting if the indemnification or advance occurs after the giving of such notice but prior to the time that such meeting is held. The report shall include a statement specifying the persons paid, the amounts paid, and the nature and status at the time of such payment of the litigation or threatened litigation. [BCA Sec. 607.1621(1)]

If the corporation issues or authorizes the issuance of shares for promises to render services in the future, the corporation shall report in writing to the shareholders the number of shares authorized or issued, and the consideration received by the corporation, with or before the notice of the next shareholders' meeting. [BCA Sec. 607.1621(2)]

SECTION 4. ANNUAL REPORT TO DEPARTMENT OF STATE

The corporation shall prepare and deliver an annual report form to the Department of State each year within the time limits imposed, and containing the information required, by Section 607.1622 of the Business Corporation Act.

Bylaws 14

MD 00591
MARCO/L&L WINGS

SECTION 5.   INSPECTION BY SHAREHOLDERS

(a) A shareholder of the corporation is entitled to inspect and copy, during regular business hours at the corporation's principal office, the records of the corporation described in Article IV, Section 5(e) of these bylaws if the shareholder gives the secretary written notice of the shareholder's demand at least 5 business days before the date on which the shareholder wishes to inspect and copy.

(b) A shareholder of this corporation is entitled to inspect and copy, during regular business hours at a reasonable location specified by the corporation, any of the following records of the corporation if the shareholder meets the requirements of subsection (c) below and gives the corporation written notice of the shareholder's demand at least 5 business days before the date on which the shareholder wishes to inspect and copy:

1. Excerpts from minutes of any meeting of the board of directors, records of any action of a committee of the board of directors while acting in place of the board of directors on behalf of the corporation, minutes of any meeting of the shareholders, and records of action taken by the shareholders or board of directors without a meeting, to the extent not subject to inspection under subsection (a) above;

2. Accounting records of the corporation;

3. The record of shareholders; and

4. Any other books and records of the corporation.

(c) A shareholder may inspect and copy the records described in subsection (b) above only if:

1. The shareholder's demand is made in good faith and for a purpose reasonably related to the shareholder's interest as a shareholder;

2. The demand describes with reasonable particularity the shareholder's purpose and the records the shareholder desires to inspect; and

3. The records requested are directly connected with the shareholder's purpose.

(d) This section of the bylaws does not affect:

1. The right of a shareholder to inspect and copy records under Article II, Section 11 of these bylaws;

Bylaws 15

MD 00592
MARCO/L&L WINGS

2. The power of a court, independently of the Business Corporation Act, to compel the production of corporate records for examination. [BCA Sec. 607.1602]

## SECTION 5.  INSPECTION BY DIRECTORS

Every director shall have the absolute right at any reasonable time to inspect and copy all books, records, and documents of every kind of the corporation and to inspect the physical properties of the corporation. Such inspection by a director may be made in person or by agent or attorney. The right of inspection includes the right to copy and make extracts.

## ARTICLE VII - INDEMNIFICATION AND INSURANCE

### SECTION 1.  INDEMNIFICATION UNDER BCA SECTION 607.0850

The corporation shall have the power to indemnify any director, officer, employee, or agent of the corporation as provided in Section 607.0850 of the Business Corporation Act.

### SECTION 2.  ADDITIONAL INDEMNIFICATION

The corporation may make any other or further indemnification or advancement of expenses of any of its directors, officers, employees, or agents, under any bylaw, agreement, vote of shareholders or disinterested directors, or otherwise, both as to action in the person's official capacity and as to action in another capacity while holding such office. However, such further indemnification or advancement of expenses shall not be made in those instances specified in Section 607.0850(7)(a-d) of the Business Corporation Act.

### SECTION 3.  COURT ORDERED INDEMNIFICATION

Unless otherwise provided by the articles of incorporation, notwithstanding the failure of the corporation to provide indemnification, and despite any contrary determination of the board or of the shareholders in the specific case, a director, officer, employee, or agent of the corporation who is or was a party to a proceeding may apply for indemnification or advancement of expenses, or both, to the court conducting the proceeding, to the circuit court, or to another court of competent jurisdiction in accordance with Section 607.0850(9) of the Business Corporation Act.

### SECTION 4.  INSURANCE

The corporation shall have the power to purchase and maintain insurance on behalf of any person who is or was a director,

Bylaws 16

MD 00593
MARCO/L&L WINGS

officer, employee, or agent of the corporation against any liability asserted against the person and incurred by the person in any such capacity or arising out of the person's status as such, whether or not the corporation would have the power to indemnify the person against such liability under provisions of law. [BCA Sec. 607.0850(12)]

## ARTICLE VIII - SHARES

### SECTION 1. ISSUANCE OF SHARES

The board of directors may authorize shares to be issued for consideration consisting of any tangible or intangible property or benefit to the corporation, including cash, promissory notes, services performed, promises to perform services evidenced by a written contract, or other securities of the corporation.

Before the corporation issues shares, the board of directors shall determine that the consideration received or to be received for shares to be issued is adequate. That determination by the board of directors is conclusive insofar as the adequacy of consideration for the issuance of shares relates to whether the shares are validly issued, fully paid, and nonassessable.

When the corporation receives the consideration for which the board of directors authorized the issuance of shares, the shares issued therefor are fully paid and nonassessable. Consideration in the form of a promise to pay money or a promise to perform services is received by the corporation at the time of the making of the promise, unless the agreement specifically provides otherwise.

The corporation may place in escrow shares issued for a contract for future services or benefits or a promissory note, or make other arrangements to restrict the transfer of the shares, and may credit distributions in respect of the shares against their purchase price, until the services are performed, the note is paid, or the benefits received. If the services are not performed, the shares escrowed or restricted and the distributions credited may be canceled in whole or part. [BCA Sec. 607.0621]

### SECTION 2. CERTIFICATES

After shares in the corporation have been fully paid, the holder of the shares shall be given a certificate representing the shares. At a minimum, each share certificate shall state on its face the following information:

1. the name of the corporation and that the corporation is organized under the laws of Florida;

MD 00594
MARCO/L&L WINGS

2. the name of the person to whom issued;

   3. the number and class of shares and the designation of the series, if any, the certificate represents.

   Each certificate shall be signed, either manually or in facsimile, by the president or a vice president and by the secretary or an assistant secretary of the corporation and may bear the seal of the corporation. [BCA Sec. 607.0625]

## ARTICLE IX - DIVIDENDS

### SECTION 1. PAYMENT OF DIVIDENDS

   The board of directors may authorize, and the corporation may make, dividends on its shares in cash, property, or its own shares and other distributions to its shareholders, subject to any restrictions contained in the articles of incorporation, to the requirements of Sections 607.0623 and 607.06401 of the Business Corporation Act, and to all applicable provisions of law. [BCA Secs. 607.01401(15), 607.0623(2) & 607.06401(3)]

## ARTICLE X - AMENDMENT OF ARTICLES AND BYLAWS

### SECTION 1. AMENDMENT OF ARTICLES OF INCORPORATION

   The board of directors may propose one or more amendments to the articles of incorporation for submission to the shareholders. For the amendment to be effective:

   1. The board of directors must recommend the amendment to the shareholders, unless the board of directors determines that because of conflict of interest or other special circumstances it should make no recommendation and communicates the basis for its determination to the shareholders with the amendment; and

   2. The shareholders entitled to vote on the amendment must approve the amendment as provided below.

   The board of directors may condition its submission of the proposed amendment to the shareholders on any basis. The shareholders shall approve amendments to the articles of incorporation by the vote of a majority of the votes entitled to be cast on the amendment, except as may otherwise be provided by the articles of incorporation, Sections 607.1003 and 607.1004 of the Business Corporation Act and other applicable provisions of law, and these bylaws.

   The corporation shall notify each shareholder, whether or not entitled to vote, of the proposed shareholders' meeting to amend

Bylaws 18

MD 00595
MARCO/L&L WINGS

the articles of incorporation in accordance with Article II, Section 4 of these bylaws. The notice of meeting must state that the purpose, or one of the purposes, of the meeting is to consider the proposed amendment and contain or be accompanied by a copy or summary of the amendment.

Notwithstanding the above provisions of this section and unless otherwise provided in the articles of incorporation, if this corporation has 35 or fewer shareholders then, pursuant to Section 607.1002(6) of the Business Corporation Act, the shareholders may amend the articles of incorporation without an act of the directors at a meeting of the shareholders for which the notice of the changes to be made is given. [BCA Secs. 607.1002 - 607.1005]

SECTION 2. AMENDMENT OF BYLAWS

The board of directors may amend or repeal these bylaws unless:

1. The articles of incorporation or the Business Corporation Act reserves the power to amend the bylaws generally or a particular bylaw provision exclusively to the shareholders; or

2. The shareholders, in amending or repealing the bylaws generally or a particular bylaw provision, provide expressly that the board of directors may not amend or repeal the bylaws or that bylaw provision.

The shareholders may amend or repeal these bylaws even though the bylaws may also be amended or repealed by the board of directors. [BCA Sec. 607.1020]

## CERTIFICATE

This is to certify that the foregoing is a true and correct copy of the Bylaws of the corporation named in the title thereto and that such Bylaws were duly adopted by the board of directors of the corporation on the date set forth below.

Dated: JANUARY 5, 1995

_____ Secretary

SHAUL LEVY

Bylaws 19

MD 00596
MARCO/L&L WINGS

CONSENT TO ACTION TAKEN
IN LIEU OF THE ANNUAL MEETING OF THE DIRECTORS OF

1000 Highway 98 East Corp.

The undersigned, being all the directors of the corporation, hereby unanimously consent to and ratify the action taken as set forth in the following resolutions:

RESOLVED, that the following persons were elected officers of the corporation to serve for one year or until their successors are elected and qualified. The annual salary of each officer was fixed at the amount appearing after the officer's name.

President            SHAUL LEVY
Vice-President       ELI TABIB              —
Secretary            MEIR LEVY
Treasurer            ALEX KOZLOWSKY

The signing of this consent by the undersigned shall constitute full ratification of the action taken as set forth in the foregoing resolutions.

Consent dated   FEBRUARY 7,        1995

_____        _____
Director                        Director

_____        _____
Director                        Director

FL - 11

MD 00597
MARCO/L&L WINGS

# MINUTES OF A REGULAR MEETING OF DIRECTORS

## OF

## 1000 HIGHWAY 98 EAST CORP.

The meeting of directors of the corporation was held at 18 East 42 Street, New York, New York, on October 21, 1998, at 10:00 in the forenoon.

The following directors were present:

Shaul Levy
Meir Levy

being all the directors of the corporation and a quorum.

Shaul Levy was elected chairman of the meeting and Meir Levy was elected secretary of the meeting.

The secretary then presented and read a waiver of notice of the meeting, subscribed by all the directors of the corporation, and it was ordered that it be appended to the minutes of the meeting.

The chairman then stated that the meeting was called for the purpose of election of Officers.

The following were duly nominated and a vote having been taken were unanimously elected officers of the corporation to serve for one year, effective immediately, and until their successors are elected and shall qualify.

President                              SHAUL LEVY
Vice-President                         ELI TABIB
Secretary                              MEIR LEVY
Treasurer/Chief Financial Officer      NIR TZANANI
Assistant Treasurer                    RAFFI ZABARI

There being no further business before the meeting, on motion duly made, seconded and carried, the meeting adjourned.

Dated: October 21, 1998



_____
Secretary

_____
Chairman

The following have been appended to these minutes:

Waiver of Notice

MD 00598
MARCO/L&L WINGS

WAIVER OF NOTICE OF THE REGULAR

MEETING OF DIRECTORS

OF

## 1000 HIGHWAY 98 EAST CORP.

We, the undersigned, being all the directors of the corporation hereby agree and consent that the regular meeting of directors of the corporation be held on the date and the time and at the place stated below for the purpose of transacting any and all business that should properly come before the meeting and hereby waive all notice of the meeting and of any adjournment thereof.

Date of Meeting        October 21, 1998

Time of Meeting        10:00 A.M.

Place of Meeting       18 East 42 Street, New York, New York

Dated:  October 21, 1998

_____
Director-ELI TABIB

MD 00599
MARCO/L&L WINGS

# WAIVER OF NOTICE OF THE REGULAR

## MEETING OF DIRECTORS

### OF

### 1000 HIGHWAY 98 EAST CORP.

We, the undersigned, being all the directors of the corporation hereby agree and consent that the regular meeting of directors of the corporation be held on the date and the time and at the place stated below for the purpose of transacting any and all business that should properly come before the meeting and hereby waive all notice of the meeting and of any adjournment thereof.

Date of Meeting        October 21, 1998

Time of Meeting        10:00 A.M.

Place of Meeting       18 East 42 Street, New York, New York

Dated: October 21, 1998

_____
Director-SHAUL LEVY

_____
Director-MEIR LEVY

MD 00600
MARCO/L&L WINGS



# STATE OF NORTH CAROLINA

## Department of The Secretary of State

## CERTIFICATE OF AUTHORITY

I, RUFUS L. EDMISTEN, Secretary of State of the State of North Carolina, do hereby certify that

### 1000 HIGHWAY 98 EAST CORP.

a corporation organized under the laws of Florida, having filed on this date an application conforming to the requirements of the General Statutes of North Carolina, a copy of which is hereto attached, is hereby granted authority to transact business in the State of North Carolina.

*IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal at the City of Raleigh, this 28th day of February, 1996.*



*Secretary of State*



MD 00601
MARCO/L&L WINGS

C-03899072

FILED

EFFECTIVE
RUFUS L. EDMISTEN
SECRETARY OF STATE
FEB 29 1996

96029907 4

## State of North Carolina
## Department of the Secretary of State

## APPLICATION FOR CERTIFICATE OF AUTHORITY

Pursuant to §§55-15-03 of the General Statutes of North Carolina, the undersigned corporation hereby applies for a Certificate of Authority to transact business in the State of North Carolina, and for that purpose submits the following:

1. The name of the corporation is    1000 HIGHWAY 98 EAST CORP.

   and if the corporate name is unavailable for use in the State of North Carolina, the name the
   corporation wishes to use is:

2. The state or country under whose laws the corporation was organized is:    FLORIDA

3. The date of incorporation was OCT. 27, 1994; its period of duration is: PERPETUAL

4. The street address of the principal office of the corporation is:

   Number and Street    3958 N. OCEAN DR.

   City, State, Zip Code    FT. LAUDERDALE, FL   33308

5. The mailing address if different from the street address of the principal office of the corporation
   is:

   C/O 18 EAST 42ND STREET, NEW YORK, NEW YORK  10017

6. The street address and county of the registered office in the State of North Carolina is:

   Number and Street    200 W. FORT MACON ROAD                    County    CARTERET

   City, State, Zip Code    ATLANTIC BEACH, NC   28512

7. The mailing address if different from the street address of the registered office in the State of
   North Carolina is:

8. The name of the registered agent in the State of North Carolina is:    ELI TABIB

9. The names, titles, and usual business addresses of the current officers of the corporation are:

| Name | Title | Business Address |
|------|-------|------------------|
| SHAUL LEVY | PRESIDENT | 18 EAST 42ND STREET<br>NEW YORK, NEW YORK  10017 |
| ELI TABIB | VICE PRESIDENT | 200 W. FORT MACON ROAD<br>ATLANTIC BEACH, NC  28512 |
| MEIR LEVY | SECRETARY | 18 E. 42ND STREET<br>NEW YORK, NY  10017 |

CORPORATIONS DIVISION     300 N. SALISBURY ST.     RALEIGH, NC 27603-5909

MD 00602
MARCO/L&L WINGS

APPLICATION FOR CERTIFICATE OF AUTHORITY

Page 2

10. Attached is a certificate of existence (or document of similar import), duly authenticated by the secretary of state or other official having custody of corporate records in the state or country of incorporation.

11. If the corporation is required to use a fictitious name in order to transact business in this State, a copy of the resolution of its board of directors, certified by its secretary, adopting the fictitious name is attached.

12. This application will be effective upon filing, unless a delayed date and/or time is specified: _____

This the  26th day of  JANUARY  , 19 96 .

1000 HIGHWAY 98 EAST CORP.
Name of Corporation

Signature

SHAUL LEVY, PRESIDENT
Type or Print Name and Title

NOTES:
1.  Filing fee is $200.  This document  and one exact or conformed copy of this application must be filed with the Secretary of State. (Revised October 1991)

CORPORATIONS DIVISION          300 N. SALISBURY ST.          RALEIGH, NC 27603-5909

MD 00603
MARCO/L&L WINGS

MD 00604
MARCO/L&L WINGS



# State of Florida

## Department of State

I certify from the records of this office that 1000 HIGHWAY 98 EAST CORP., is a corporation organized under the laws of the State of Florida, filed on October 17, 1994.

The document number of this corporation is P94000076214.

I further certify that said corporation has paid all fees and penalties due this office through December 31, 1995, that its most recent annual report was filed on July 28, 1995, and its status is active.

I further certify that said corporation has not filed Articles of Dissolution.

Given under my hand and the
Great Seal of the State of Florida,
at Tallahassee, the Capital, this the
Twenty-second day of January, 1996

Sandra B. Mortham
Secretary of State



CR2E022 (1-95)

## MINUTES OF A SPECIAL MEETING OF
## THE BOARD OF DIRECTORS OF
## 1000 HIGHWAY 98 EAST CORP.,
## A FLORIDA CORPORATION

Pursuant to Written Waiver of Notice and Consent thereto, a Special Meeting of the Board of Directors of 1000 Highway 98 East Corp., a Florida corporation, was held on the _____ day of May, 1996, at __:00 o'clock, ____.M., of said day at the offices of

There were present the following Directors, constituting all of the Directors of the Corporation:

Shaul Levy
Meir Levy
Eliezer Tabib

The Chairman announced that the purpose of the Meeting was to approve that certain construction loan, (the "Loan") from Barnett Bank of Northwest Florida ("Lender") in the amount of $843,800.00, encumbering property located at 34888 Emerald Coast Parkway, Destin, Florida, known as Lot 1, Crystal Beach Plaza, Okaloosa County, Florida, and to authorize Shaul Levy, President, to execute for and on behalf of the Corporation, and under its seal, any and all notes and mortgages to secure the Loan, and such other instruments as required by Lender and as may be acceptable to President.

Upon motion duly made and seconded, it was unanimously RESOLVED as follows:

"RESOLVED that Shaul Levy, President, is hereby authorized and directed to perform any and all acts and to execute and deliver for and on behalf of the Corporation, any and all documents necessary, but not limited to, a Promissory Note, Mortgage and Security Agreement, Loan Agreement, Security Agreement, Assignment of Rent, Financing Statement, and to pay and disburse any and all funds necessary to obtain the Loan, including, but not limited to, loan commitment fee, title insurance premiums, tax certificate, costs of surveys, recording fees and attorneys' fees.

BE IT FURTHER RESOLVED that Corporation is an active Corporation, duly authorized to do business in the State of Florida, and that shareholder approval is not required under the Articles and Bylaws of the Corporation or pertinent state law for Corporation to enter into this Loan."

Upon motion duly made, seconded and unanimously adopted, all of the foregoing affirmances, ratifications and authorizations were unanimously passed and adopted.

There being no further business to come before the Meeting, and upon motion duly made and unanimously carried, it was adjourned.

_____
Director

_____
Director

_____
Director

MD 00605
MARCO\L&L WINGS

## WAIVER OF NOTICE OF SPECIAL MEETING OF
## BOARD OF DIRECTORS OF
## 1000 HIGHWAY 98 EAST CORP.
## A FLORIDA CORPORATION

The undersigned, Shaul Levy, Meir Levy and Eliezer Tabib, being all of the Directors of 1000 Highway 98 East Corp., hereby waive all the statutory and other requirements as to Notice of the time, place and purpose of a Special Meeting of the Directors of said Corporation and the publication thereof, and consent that a Special Meeting shall be held at the offices of _____, on the _____ day of May, 1996, at _____ o'clock, _____.M.; the undersigned further consents to the transaction of any and all business transacted at such Meeting which may lawfully come before the Meeting.

DATED this 8th day of May, 1996.

_____
Director

_____
Director

_____
Director

W:\XB\LO\AN\BB\WINGS\CRYSTAL\1000.CL

MD 00606
MARCO/L&L WINGS



# State of Florida

### Department of State

I certify the attached is a true and correct copy of the Articles of Incorporation of PANAMA SURF & SPORT, INC., a corporation organized under the laws of the State of Florida, filed on February 2, 1998, effective January 30, 1998, as shown by the records of this office.

The document number of this corporation is P98000010452.

Given under my hand and the
Great Seal of the State of Florida
at Tallahassee, the Capitol, this the
Fourth day of February, 1998

Sandra B. Mortham
*Secretary of State*

CR2EO22 (2-95)

MD 00607
MARCO/L&L WINGS



FLORIDA DEPARTMENT OF STATE
Sandra B. Mortham
Secretary of State

February 3, 1998

CSC NETWORKS
1201 HAYS STREET
TALLAHASSEE, FL 32301

The Articles of Incorporation for PANAMA SURF & SPORT, INC. were filed on February 2, 1998, effective January 30, 1998 and assigned document number P98000010452. Please refer to this number whenever corresponding with this office regarding the above corporation.

PLEASE NOTE: COMPLIANCE WITH THE FOLLOWING PROCEDURES IS ESSENTIAL TO MAINTAINING YOUR CORPORATE STATUS. FAILURE TO DO SO MAY RESULT IN DISSOLUTION OF YOUR CORPORATION.

A CORPORATION ANNUAL REPORT MUST BE FILED WITH THIS OFFICE BETWEEN JANUARY 1 AND MAY 1 OF EACH YEAR BEGINNING WITH THE CALENDAR YEAR FOLLOWING THE YEAR OF THE FILING DATE NOTED ABOVE AND EACH YEAR THEREAFTER. FAILURE TO FILE THE ANNUAL REPORT ON TIME MAY RESULT IN ADMINISTRATIVE DISSOLUTION OF YOUR CORPORATION.

A FEDERAL EMPLOYER IDENTIFICATION (FEI) NUMBER MUST BE SHOWN ON THE ANNUAL REPORT FORM PRIOR TO ITS FILING WITH THIS OFFICE. CONTACT THE INTERNAL REVENUE SERVICE TO INSURE THAT YOU RECEIVE THE FEI NUMBER IN TIME TO FILE THE ANNUAL REPORT. TO OBTAIN A FEI NUMBER, CONTACT THE IRS AT 1-800-829-3676 AND REQUEST FORM SS-4.

SHOULD YOUR CORPORATE MAILING ADDRESS CHANGE, YOU MUST NOTIFY THIS OFFICE IN WRITING, TO INSURE IMPORTANT MAILINGS SUCH AS THE ANNUAL REPORT NOTICES REACH YOU.

Should you have any questions regarding corporations, please contact this office at the address given below.

Claretha Golden, Document Specialist
New Filings Section

Letter Number: 798A00005926

Account number: 072100000032

Account charged: 70.00

Division of Corporations - P.O. BOX 6327 -Tallahassee, Florida 32314

MD 00608
MARCO/L&L WINGS

EFFECTIVE DATE

02/30/98

FILED
SECRETARY OF STATE
DIVISION OF CORPORATIONS

98 FEB -2 AM 8: 51

**ARTICLES OF INCORPORATION**
OF
**PANAMA SURF & SPORT, INC.**

ARTICLE I - NAME

The name of this corporation is Panama Surf & Sport, Inc.

ARTICLE II - PRINCIPAL ADDRESS

12208 Front Beach Road
Panama City Beach, Florida 32407

and the mailing address of the corporation shall be the same.

ARTICLE III - COMMENCEMENT

This Corporation shall commence on the date of execution and acknowledgement of these Articles.

ARTICLE IV - PURPOSE

This Corporation is organized for the purpose of transacting any and all lawful business.

ARTICLE V - CAPITAL STOCK

This Corporation is authorized to issue 1,000 shares of $1.00, par value, common stock.

ARTICLE VI - INITIAL REGISTERED OFFICE AND AGENT

The street address of the initial registered office of this Corporation is 500 South Australian Avenue, 10th Floor, West Palm Beach, Florida, 33401 and the name and address of the initial registered agent is Brent G. Wolmer, 500 South Australian Avenue, 10th Floor, West Palm Beach, Florida, 33401.

ARTICLE VII - INITIAL BOARD OF DIRECTORS

All corporate powers shall be exercised by or under the authority of, and the business and affairs of the corporation managed under the direction of its Board of Directors. This Corporation shall have three Directors initially. The number of

1

LERIS, VEGOSEN, ROSENBACH & SILBER, P.A.
500 SOUTH AUSTRALIAN AVENUE   10TH FLOOR, WEST PALM BEACH, FLORIDA 33401

MD 00609
MARCO/L&L WINGS

Directors shall be established by the Bylaws and may be either increased or diminished from time to time as provided in the Bylaws.

## ARTICLE VIII - INCORPORATOR

The name and address of the person signing these Articles is:

Brent G. Wolmer
500 South Australian Avenue, 10th Floor
West Palm Beach, Florida 33401

## ARTICLE IX - BYLAWS

The power to adopt, alter, amend or repeal Bylaws shall be vested in the Board of Directors.

## ARTICLE X - INDEMNIFICATION

Subject to the qualifications contained in Section 607.0850, Florida Statutes, the Corporation shall indemnify its Officers and Directors and former Officers and Directors against expenses (including attorneys fees), judgments, fines and amounts paid in settlement arising out of his or her services as an Officer or Director of the Corporation.

## ARTICLE XI - AMENDMENT

The Corporation reserves the right to amend or repeal any provisions contained in these Articles of Incorporation, or any amendment hereto, and any right conferred upon the Stockholders is subject to this reservation.

## ARTICLE XII - PREEMPTIVE RIGHTS

Every Stockholder, upon the sale for cash or other property of any previously unissued stock of this Corporation of the same kind, class or series as that which he already holds, shall have the right to purchase his prorata share thereof (as nearly as may be done without issuance of fractional shares) at the price at which it is offered to others.

## ARTICLE XIII - TERMS OF EXISTENCE

This Corporation is to exist perpetually.

2

LEWIS, VEGOSEN, ROSENBACH & SILBER, P.A.
500 SOUTH AUSTRALIAN AVENUE    10TH FLOOR, WEST PALM BEACH, FLORIDA 33401

MD 00610
MARCO/L&L WINGS

IN WITNESS WHEREOF, the undersigned Incorporator has executed these Articles of Incorporation this 30 day of January, 1998.

Brent G. Wolmer, Incorporator

STATE OF FLORIDA )
                 ) SS:
COUNTY OF PALM BEACH )

I HEREBY CERTIFY that on this day personally came and appeared before me, the undersigned Notary Public authorized to take acknowledgments in the state and county set forth above, Brent G. Wolmer, known to me and who produced _____ as identification, and known by me to be the person who executed the foregoing Articles of Incorporation, and he acknowledged before me that he executed those Articles of Incorporation.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal this 30 day of January, 1998.



Notary Public
Commission No. _____

NANCY J MULLIGAN
My Commission CC452850
Expires Nov. 19, 1999
Bonded by ANB
800-852-5878

My commission expires:

3

CERTIFICATE DESIGNATING PLACE OF BUSINESS OR DOMICILE FOR THE
SERVICE OF PROCESS WITHIN FLORIDA, NAMING AGENT UPON WHOM
PROCESS MAY BE SERVED

IN COMPLIANCE WITH SECTION 48.091, FLORIDA STATUTES,
THE FOLLOWING IS SUBMITTED:

THAT PANAMA SURF & SPORT, INC., DESIRING TO ORGANIZE OR QUALIFY
UNDER THE LAWS OF THE STATE OF FLORIDA, HAS NAMED BRENT G. WOLMER
LOCATED AT 500 SOUTH AUSTRALIAN AVENUE, 10TH FLOOR, CITY OF WEST
PALM BEACH, STATE OF FLORIDA, 33401, AS ITS AGENT TO ACCEPT SERVICE
OF PROCESS WITHIN FLORIDA.

SIGNATURE: _____
BRENT G. WOLMER, Incorporator

DATED: _____January 20_____, 1998

FILED
SECRETARY OF STATE
DIVISION OF CORPORATIONS

98 FEB -2 AM 8: 51

HAVING BEEN NAMED TO ACCEPT SERVICE OF PROCESS FOR THE ABOVE
STATED CORPORATION, AT THE PLACE DESIGNATED IN THIS CERTIFICATE, I
HEREBY AGREE TO ACT IN THIS CAPACITY, AND I FURTHER AGREE TO COMPLY
WITH THE PROVISIONS OF ALL STATUTES RELATIVE TO THE PROPER AND
COMPLETE PERFORMANCE OF MY DUTIES.

SIGNATURE: _____
BRENT G. WOLMER, Registered Agent

DATED: _____January 20_____, 1998

4

K:\f5000\5184\0023\articles.inc

LEWIS, VEGOSEN, ROSENBACH & SILBER, P.A.
500 SOUTH AUSTRALIAN AVENUE  10TH FLOOR, WEST PALM BEACH, FLORIDA 33401

MD 00612
MARCO/L&L WINGS

EFFECTIVE DATE
01/30/98

FILED
SECRETARY OF STATE
DIVISION OF CORPORATIONS
98 FEB -2 AM 8: 51

ARTICLES OF INCORPORATION
OF
PANAMA SURF & SPORT, INC.

## ARTICLE I - NAME

The name of this corporation is Panama Surf & Sport, Inc.

## ARTICLE II - PRINCIPAL ADDRESS

12208 Front Beach Road
Panama City Beach, Florida 32407

and the mailing address of the corporation shall be the same.

## ARTICLE III - COMMENCEMENT

This Corporation shall commence on the date of execution and acknowledgement of these Articles.

## ARTICLE IV - PURPOSE

This Corporation is organized for the purpose of transacting any and all lawful business.

## ARTICLE V - CAPITAL STOCK

This Corporation is authorized to issue 1,000 shares of $1.00, par value, common stock.

## ARTICLE VI - INITIAL REGISTERED OFFICE AND AGENT

The street address of the initial registered office of this Corporation is 500 South Australian Avenue, 10th Floor, West Palm Beach, Florida, 33401 and the name and address of the initial registered agent is Brent G. Wolmer, 500 South Australian Avenue, 10th Floor, West Palm Beach, Florida, 33401.

## ARTICLE VII - INITIAL BOARD OF DIRECTORS

All corporate powers shall be exercised by or under the authority of, and the business and affairs of the corporation managed under the direction of its Board of Directors. This Corporation shall have three Directors initially. The number of

1

LEWIS, VEGOSEN, ROSENBACH & SILBER, P.A.
500 SOUTH AUSTRALIAN AVENUE   10TH FLOOR, WEST PALM BEACH, FLORIDA 33401

MD 00613
MARCO/L&L WINGS

Directors shall be established by the Bylaws and may be either increased or diminished from time to time as provided in the Bylaws.

## ARTICLE VIII - INCORPORATOR

The name and address of the person signing these Articles is:

Brent G. Wolmer
500 South Australian Avenue, 10th Floor
West Palm Beach, Florida 33401

## ARTICLE IX - BYLAWS

The power to adopt, alter, amend or repeal Bylaws shall be vested in the Board of Directors.

## ARTICLE X - INDEMNIFICATION

Subject to the qualifications contained in Section 607.0850, Florida Statutes, the Corporation shall indemnify its Officers and Directors and former Officers and Directors against expenses (including attorneys fees), judgments, fines and amounts paid in settlement arising out of his or her services as an Officer or Director of the Corporation.

## ARTICLE XI - AMENDMENT

The Corporation reserves the right to amend or repeal any provisions contained in these Articles of Incorporation, or any amendment hereto, and any right conferred upon the Stockholders is subject to this reservation.

## ARTICLE XII - PREEMPTIVE RIGHTS

Every Stockholder, upon the sale for cash or other property of any previously unissued stock of this Corporation of the same kind, class or series as that which he already holds, shall have the right to purchase his prorata share thereof (as nearly as may be done without issuance of fractional shares) at the price at which it is offered to others.

## ARTICLE XIII - TERMS OF EXISTENCE

This Corporation is to exist perpetually.

2

LEWIS, VEGOSEN, ROSENBACK & SILBER, P.A.
500 SOUTH AUSTRALIAN AVENUE    10TH FLOOR, WEST PALM BEACH, FLORIDA 31401

MD 00614
MARCO/L&L WINGS

IN WITNESS WHEREOF, the undersigned Incorporator has executed these Articles of Incorporation this 30 day of January, 1998.



_____
Brent G. Wolmer, Incorporator

STATE OF FLORIDA      )
                      ) SS:
COUNTY OF PALM BEACH  )

I HEREBY CERTIFY that on this day personally came and appeared before me, the undersigned Notary Public authorized to take acknowledgments in the state and county set forth above, Brent G. Wolmer, known to me and who produced _____ as identification, and known by me to be the person who executed the foregoing Articles of Incorporation, and he acknowledged before me that he executed those Articles of Incorporation.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal this 30 day of January, 1998.



_____
Notary Public
Commission No. _____

NANCY J MULLIGAN
My Commission CC452850
Expires May. 18. 1999
Bonded by ANB
800-852-5878

My commission expires:

3

LEWIS, VEGOSEN, ROSENBACH & SILBER, P.A.
500 SOUTH AUSTRALIAN AVENUE   10TH FLOOR, WEST PALM BEACH, FLORIDA 33401

MD 00615
MARCO/L&L WINGS

CERTIFICATE DESIGNATING PLACE OF BUSINESS OR DOMICILE FOR THE
SERVICE OF PROCESS WITHIN FLORIDA, NAMING AGENT UPON WHOM
PROCESS MAY BE SERVED

IN COMPLIANCE WITH SECTION 48.091, FLORIDA STATUTES,
THE FOLLOWING IS SUBMITTED:

THAT PANAMA SURF & SPORT, INC., DESIRING TO ORGANIZE OR QUALIFY
UNDER THE LAWS OF THE STATE OF FLORIDA, HAS NAMED BRENT G. WOLMER
LOCATED AT 500 SOUTH AUSTRALIAN AVENUE, 10TH FLOOR, CITY OF WEST
PALM BEACH, STATE OF FLORIDA, 33401, AS ITS AGENT TO ACCEPT SERVICE
OF PROCESS WITHIN FLORIDA.

FILED
SECRETARY OF STATE
DIVISION OF CORPORATIONS

98 FEB -2  AM 8: 51

SIGNATURE: _____
BRENT G. WOLMER, Incorporator

DATED: _____January 30, 1998_____

HAVING BEEN NAMED TO ACCEPT SERVICE OF PROCESS FOR THE ABOVE
STATED CORPORATION, AT THE PLACE DESIGNATED IN THIS CERTIFICATE, I
HEREBY AGREE TO ACT IN THIS CAPACITY, AND I FURTHER AGREE TO COMPLY
WITH THE PROVISIONS OF ALL STATUTES RELATIVE TO THE PROPER AND
COMPLETE PERFORMANCE OF MY DUTIES.

SIGNATURE: _____
BRENT G. WOLMER, Registered Agent

DATED: _____January 30, 1998_____

K:\f5000\5184\0023\articles.inc

4

LEWIS, VEGOSEN, ROSENBACH & SILBER, P.A.
500 SOUTH AUSTRALIAN AVENUE   10TH FLOOR, WEST PALM BEACH, FLORIDA 33401

MD 00616
MARCO/L&L WINGS

MD 00617
MARCO/L&L WINGS

BY-LAWS

OF

PANAMA SURF & SPORT, INC.

BY-LAWS

OF

PANAMA SURF & SPORT, INC.

## ARTICLE I. OFFICERS

The principal office of the corporation in the state of Florida shall be located in the City an County stated as the initial registered address of the corporation in the Articles of Incorporation.

The corporation may have such other offices, either within or without the state of Florida, as the Board of Directors may designate or as the business of the corporation may require from time to time.

## ARTICLE II. SHAREHOLDERS

SECTION I.  **Annual Meeting.**  The annual meeting of the Shareholders shall be held on the 15 day in the month of February, in each year, beginning with the year 1998, at the hour of 7:30 o'clock p.m. for the purpose of electing Directors and for the transaction of such other business as may come before the meeting. If the day fixed for the annual meeting shall be a legal holiday in the state of Florida, such meeting shall be held on the next succeeding business day. If the election of Directors shall not be held on the day designated herein for any annual meeting of the shareholders or at any adjournment thereof, the Board of

MD 00618
MARCO/L&L WINGS