Directors shall cause the election to be held at a special meeting of the shareholders as soon thereafter as conveniently may be.

SECTION II.    Special Meetings.    Special meeting of the shareholders, for any purpose or purposes, unless otherwise prescribed by statute, may be called by the President or by the Board of Directors, and shall be called by the President at the request of the holders of not less than ten percent (10%) of all the outstanding shares of the corporation entitled to vote at the meeting.    Business transacted at a special meeting shall be confined to the purposes stated in the notice of the meeting.

SECTION III.    Place of Meeting.    The Board of Directors may designate any place, either within or without the State of Florida unless otherwise prescribed by statute, as the place of meeting for any annual meeting or for any special meeting called by the Board of Directors.    A waiver of notice signed by all shareholders entitled to vote at a meeting may designate any place, either within or without the State of Florida, unless otherwise prescribed by statute, as the place for holding of such meeting.    If no designation is made, or if a special meeting be otherwise called, the place of meeting shall be the principal office of the corporation in the State of Florida.

SECTION IV.    Notice of Meeting.    Written notice stating the place, day and hour of the meeting and, in case of special meeting, the specific purpose or purposes for which the meeting is called (a general purpose shall not be sufficient), shall unless otherwise prescribed by statute, be delivered not less than ten (10) nor more

3

MD 00619
MARCO/L&L WINGS

than sixty (60) days before the date of the meeting, either personally or by mail, by or at the direction of the President, or the Secretary, or the persons calling the meeting, to each shareholder of record entitled to vote at such meeting. If mailed, such notice shall be deemed to be delivered when deposited in the United States mail, addressed to the shareholder at his address as it appears on the stock transfer books of the corporation with postage thereon prepaid.

SECTION V. <u>Waiver of Notice</u>. A shareholder, either before or after a shareholders' meeting, may waive notice of the meeting, which waiver of notice must be in writing, and his waiver shall be deemed the equivalent of giving notice. Attendance at a shareholder's meeting, either in person or by proxy of a person entitled to notice shall constitute a waiver of notice the meeting unless he attends for the express purpose of objecting to the transaction of business on the grounds that the meeting was not lawfully called or convened.

SECTION VI. <u>Closing of Transfer Books or Fixing of Record Date</u>. For the purpose of determining shareholders entitled to notice of or to vote at any meeting of shareholders or any adjournment thereof, or shareholders entitled to receive payment of any dividend, or in order to make a determination of shareholders for any other proper purpose, the Board of Directors of the corporation may provide that the stock transfer books shall be closed for a stated period but not to exceed, in any case, sixty (60) days. If the stock transfer books shall be closed for the

4

MD 00620
MARCO/L&L WINGS

purpose of determining shareholders entitled to notice of or to vote at a meeting of shareholders, such books shall be closed for at least ten (10) days immediately preceding such meeting. In lieu of closing the stock transfer books, the Board of Directors may fix in advance a date as the record date for any such determination of shareholders, such date in any case to be not more than sixty (60) days and, in case of a meeting of shareholders, not less then ten (10) days prior to the date on which the particular action, requiring such determination of shareholders, is to be taken. If the stock transfer books are not closed and no record date is fixed for the determination of shareholders, or shareholders entitled to receive payment of a dividend, the date of which notice of the meeting is mailed or the date on which the resolution of the Board of Directors such dividend is adopted, as the case may be, shall be the record date for such determination of shareholders. When a determination of shareholders entitled to vote at any meeting of shareholders has been made as provided in this section, such determination shall apply to any adjournment thereof.

SECTION VII. Voting Lists. The Secretary of the corporation, having control of the stock transfer books for shares of the corporation, shall make, at least ten (10) days before each meeting of shareholders, a complete list of the shareholders entitled to vote at such meeting of shareholders or any adjournment thereof, arranged in alphabetical order, with the address and the number of shares held by each. Such list, for a period of ten (10) days prior to such meeting, shall be kept on file at the principal place

5

MD 00621
MARCO/L&L WINGS

of business of the corporation and shall be subject to the inspection of any shareholder during usual business hours, and shall also be produced and kept open at the time and place of the meeting.

SECTION VIII. Quorum. A majority of the outstanding shares of the corporation entitled to vote, represented in person or by proxy, shall constitute a quorum at a meeting of shareholders. If less than a majority of the outstanding shares are represented at a meeting, a majority of the outstanding shares are represented at a meeting, a majority of the shares so represented may adjourn the meeting from tie to time without further notice. At an adjourned meeting at which a quorum is present or represented, any business may be transacted which could have been transacted at the meeting originally called. The shareholders present at a duly organized meeting may continue to transact business until adjournment, notwithstanding the withdrawal of enough shareholders to leave less than quorum. At a meeting in which a quorum is present, the affirmative vote of a majority of the shares represented a the meeting and entitled to vote on the matter shall be the act of the shareholders, unless the vote of a greater number is required by statute or the Articles of Incorporation or By-Laws.

SECTION IX. Proxies. At all meetings of shareholders, a shareholder may vote in person or by proxy executed in writing by shareholder or by his duly authorized attorney in fact. Such proxy shall be filed with the Secretary of the corporation before or at the time of the meeting. No proxy shall be valid after eleven (11)

6

MD 00622
MARCO/L&L WINGS

months from the date of its execution, unless otherwise provided in the proxy.

SECTION X.   Voting of Shares.   Subject to the provisions of Article XII, each outstanding share entitled to vote shall be entitled to one vote upon each matter submitted to a vote at a meeting of shareholders.

SECTION XI.   Voting of shares by Certain Holders.   Shares standing in the name of another corporation may be voted by such officer, agent or proxy as the By-laws of such corporation may prescribe, or, int eh absence of such provision, as the Board of Directors of such corporation may determine.

Shares held by an administrator, executor, guardian or conservator may be voted by him, either in person or by proxy, without a transfer of such shares into his name. Shares standing in the name of a trustee may be voted by him, either in person or by him without a transfer of such shares into his name.

Shares standing in the name of a receiver may be voted by such receiver, and shares held by or under the control of a receiver may be voted by such receiver without the transfer thereof into his name if authority to do so be contained in an appropriate order of the court by which such receiver was appointed.

A shareholder whose shares are pledged shall be entitled to vote such shares until the shares have been transferred into the name of the pledgee, and thereafter the pledgee shall be entitled to vote the shares have been transferred into the name of the

7

MD 00623
MARCO/L&L WINGS

pledgee, and thereafter the pledgee shall be entitled to vote the shares so transferred.

Treasury shares of this corporation's stock owned by another corporation, the majority of the voting stock of which is owned or controlled by this corporation, and shares of this corporation's stock held by a corporation in a fiduciary capacity, shall not be voted, directly or indirectly, at any meeting, and shall not be counted in determining the total number of outstanding shares at any given time.

SECTION XII.   Informal Action by Shareholders.   Any action required to be taken at a meeting of the shareholders, or any other action which may be taken at any annual or special meeting of the shareholders, may be taken without a meeting, without prior notice, and without a vote, if a consent in writing, setting forth the action so taken, shall be signed by not less than the minimum number of votes that would be necessary to authorize or take such action at a meeting at which all the shareholders entitled to vote thereon were present and voted and filed with the Secretary of the corporation.

ARTICLE III.   BOARD OF DIRECTORS

SECTION I.   General Powers.   The business and affairs of the corporation shall be managed by its Board of Directors, unless the corporation has elected to be a close corporation under Florida law.

8

MD 00624
MARCO/L&L WINGS

SECTION II.  <u>Number and Tenure</u>.  The Board of Directors shall consist of not less than three (3) nor more than five (5) directors.  The initial number of Directors shall be three (3).  Each director shall hold office until the next annual meeting of shareholders and until his successor shall have been elected.

SECTION III.  <u>Annual and Regular Meetings</u>.  A regular meeting of the Board of Directors shall be held without other notice than this By-law immediately after, and at the same place as, the annual meeting or shareholders.  The Board of Directors may provide by resolution, the time and place for the holding of additional regular meetings without other notice than such resolution.

SECTION IV.  <u>Special Meetings</u>.  Special meetings of the Board of Directors may be called by or at the request of the President or any two directors.  The persons authorized to call special meetings of the board of Directors may fix the place for holding any special meeting of the Board of Directors.

SECTION V.  <u>Notice</u>.  Notice of any special meeting shall be given at least two (2) days previously thereto by written notice delivered personally or mailed to each director at his business address, or by telephone, telegram or cablegram.  If mailed, such notice shall be deemed to be delivered when deposited in the United States mail so addressed, wit postage thereon prepaid.  If notice be given by telegram or cablegram, such notice shall be deemed to be delivered when the telegram or cablegram is delivered to the telegraph company.

SECTION VI.  <u>Waiver of Notice</u>.  Any director may waive notice

9

MD 00625
MARCO/L&L WINGS

of any meeting. The attendance of a director at a meeting shall constitute a waiver of notice of such meeting, except where a director attends a meeting for the express purpose of objecting to the transaction of any business because the meeting is not lawfully called or convened. Neither the business to be transacted at, nor the purpose of, any regular or special meeting of the Board of Directors need be specified in the notice or waiver of notice of such meeting.

SECTION VII. <u>Quorum</u>. A majority of the number of directors fixed by Section II of this Article III shall constitute a quorum for the transactio of business at any meeting of the Board of Directors, but if less than such majority is present at a meeting, a majority of the Directors present may adjourn the meeting from time to time without further notice. Members of the Board of Directors shall be deemed present at any meeting by a conference telephone or similar communications equipment by which all persons participating in the meeting can hear each other is used. If a quorum is present, the acts of a majority of the directors in attendance shall be the acts of the Board.

SECTION VIII. <u>Manner of Acting</u>. The act of the majority of the directors present at a meeting at which a quorum is present shall be the act of the Board of Directors.

SECTION IX. <u>Action Without A Meeting</u>. Any action that may be taken by the Board of Directors at a meeting may b taken without a meeting if a consent in writing, setting forth the action so to be taken is signed by all directors and filed in the minutes of the

10

MD 00626
MARCO/L&L WINGS

proceedings of the Board.

SECTION X.  Removal.  The entire Board of Directors, or any individual director may be removed from office with or without caused by the affirmative vote of a majority of the outstanding shares.

SECTION XI.  Vacancies.  Any vacancy occurring in the Board of Directors, including any vacancy created by reason of an increase in the number of directors, may be filled by the affirmative vote of a majority of the remaining directors though less than a quorum of the Board of Directors.  A director elected to fill a vacancy shall be elected for the unexpired term of his predecessor in office.  Any directorship to be filled by reason of an increase in the number of directors may be filled by election by the Board of Directors for a term of office continuing only until the next election of directors by the shareholders.

SECTION XII.  Compensation.  By resolution of the Board of Directors, each director may be paid his expenses, if any, or attendance at each meeting of the Board of Directors and may be paid a stated salary as director or a fixed sum for such attendance or both.  No such payment shall preclude any director from serving the corporation in any other capacity and receiving compensation therefrom.  Directors may set their own compensation for service as officers as well as for service as directors.

SECTION XIII.  Presumption of Assent.  A director of the corporation who his present at a meeting of the Board of Directors at which action on any corporate matter is taken shall be presumed

11

MD 00627
MARCO/L&L WINGS

to have assented to the action taken unless his dissent shall be entered in the minutes of the meeting or unless he shall file his written dissent of such action with the person acting as the Secretary of the meeting before the adjournment thereof or shall forward such dissent by registered mail to the Secretary of the corporation immediately after the adjournment of the meeting. Such right to dissent shall not apply to a Director who voted in favor of such action.

### ARTICLE IV.   OFFICERS

SECTION I.  Number.  The officers of the corporation shall be a President, one or more Vice-Presidents, a Secretary and a Treasurer, each of whom shall be elected by the Board of Directors. Such other officers and assistant officers as may be deemed necessary may be elected or appointed by the Board of Directors. Any two or more offices may be held by the same person.

SECTION II.  Election and Term of Office.  The officers of the corporation shall be elected annually by the Board of Directors at the first meeting of the Board of Directors held after each annual meeting of the shareholders.  If the election of officers shall not be held at such meeting, such election shall be held as soon thereafter as conveniently may be.  Each officer shall hold office until his successor shall have been duly elected and shall have qualified or until his death or until he shall have been removed in the manner hereinafter provided.

SECTION III.  Removal.  Any officer or agent may be removed by

12

MD 00628
MARCO/L&L WINGS

a majority vote of the board of Directors whenever in its judgement, the best interest of the corporation will be served thereby, but such removal shall be without prejudice to the contract rights, if any, of the persons so removed. Election or appointment of an officer or agent shall not of itself create contract rights.

SECTION IV. <u>Vacancies</u>. A vacancy in any office because of death, resignation, removal, disqualification or otherwise, may be filled by the Board of Directors for the unexpired portion of the term.

SECTION V. <u>President: Powers and Duties</u>. The President shall be the principal executive officer of the corporation, and subject to the control of the Board of Directors, shall in general supervise and control all of the business and affairs of the corporation. He shall, when present, preside at all meetings of the shareholders and of the Board of Directors. He may sign, with the Secretary or any other proper officer of the corporation thereunto authorized by the Board of Directors, certificates for shares of the corporation, any deeds, mortgages, bonds, contracts, or other instruments which the Board of Directors has authorized to be executed, except in cases where the signing and execution thereof shall be expressly delegated by the Board of Directors or by these By-laws to some other officer or agent of the corporation,k or shall be required by law to be otherwise signed or executed; and in general shall perform all duties incident to the office of the President and such other duties as may be prescribed

13

MD 00629
MARCO/L&L WINGS

by the Board of Directors from time to time.

SECTION VI.  <u>The Vice-Presidents: Powers and Duties</u>.  In the absence of the President or in event of his death, inability or refusal to act, the first elected Vice-President or a designated Vice-President shall perform the duties of the President, and when so acting, shall have all the powers of and be subject to all the restrictions upon the President.  Such Vice-President shall perform such other duties as from time to time may be assigned to him by the President or the Board of Directors.

SECTION VII.   <u>Secretary: Power and Duties</u>.  The Secretary shall: (a) keep the minutes of the proceedings of the shareholders and of the Board of Directors in one or more books provided for that purpose; (b) see that all notices are duly given in accordance with the provision of these By-laws or as required by law; (c) be custodian of the corporate records and of  the seal of the corporation and see that the seal of the corporation is affixed to all documents the execution of which on behalf of the corporation under its seal is duly authorized; (d) keep a register of the post office address of each shareholder which shall be furnished to the Secretary by such shareholder; (e) sign with the President, certificates for shares of the corporation, the issuance of which shall have been authorized by resolution of the Board of Directors; (f) have general charge of the stock transfer books of the corporation, and (g) in general perform all duties incident to the office of the Secretary and such other duties as from time to time may be assigned to him by the President or by the Board of

14

MD 00630
MARCO/L&L WINGS

Directors.

SECTION VIII.    Treasurer: Power and Duties.    The Treasurer shall: (a) have charge an custody of and be responsible for all funds and securities of the corporation; (b) receive and give receipts for moneys due and payable to the corporation from any source whatsoever, and deposit all such moneys in the name of the corporation in such banks, trust companies or other depositories as shall be selected in accordance with the provisions of the Article V of these By-laws; and (c) in general perform all of the duties as from time to time may be assigned to him by the President or by the Board of Directors.    If required by the Board of Directors, the Treasurer shall give a bond for the faithful discharge of his duties in such sum and with such surety or sureties as the Board of Directors shall determine.    The Assistant Treasurers shall have the powers of the Treasurer, as may be assigned to them by the Board of Directors.

SECTION IX.    Salaries.    The salaries of the officer shall be fixed from time to time by the Board of Directors and no officer shall be prevented from receiving such salary by reason of the fact that he is also a director of the corporation.    The salaries of other agents and employees of the corporation may be fixed by the Board of Directors or by an officer to whom that function has been delegated.

15

MD 00631
MARCO/L&L WINGS

ARTICLE V. CONTRACTS, LOANS, CHECKS AND DEPOSITS

SECTION I.  Contracts.  The Board of Directors may authorize any officer or officers, agent or agents, to enter into any contract or execute and deliver any instrument in the name of and on behalf of the corporation, and such authority may be general or confined to specific instances.

SECTION II.  Loans.  No loans shall be contracted on behalf of the corporation and no evidence of indebtedness shall be issued in its name unless authorized by a resolution of the Board of Directors.  Such authority may be genal or confined to specific instances.

SECTION III.  Checks, Drafts, Etc.  All checks, drafts or other orders for the payment of money, notes or other evidence of indebtedness issued in the name of the corporation, shall be signed by such officer or officers, agent or agents of the corporation and in such manner as shall from time to time be determined by resolution of the Board of Directors.

SECTION IV.  Deposits.  All funds of the corporation note otherwise employed shall be deposited from time to time to the credit of the corporation in such banks, trust companies or other depositories as the Board of Directors may select.

ARTICLE VI.  INDEMNIFICATION

The corporation shall indemnify and hold harmless any person who is a party or is threatened to be made a party to any threatened, pending, or completed action, suit, or proceeding

16

MD 00632
MARCO/L&L WINGS

whether civil, criminal, administrative, or investigative, by reason of the fact that he is or was a director or officer of the corporation or is or was serving at the request of the corporation as a director or officer of any other corporation, partnership, joint venture, trust, or other enterprise, against expenses (including attorneys' fees), judgments, fines, and amounts paid in settlements, actually and reasonably incurred by him in connection with such action, such, or proceeding, including any appeal thereof, if he acted in good faith and in a manner he reasonably believed to be in or not opposed to the best interest of the corporation and, with respect to any criminal action or proceeding, had no reasonable cause to believe his conduct was unlawful. However, no indemnification shall be provided in any action or suit by or in the right of the corporation to procure a judgement in its favor, with respect to any claim, issue, or matter as to which such person is adjudged to be liable for negligence or misconduct in the performance of his duty to the corporation only as authorized in the specific case on a determination by a majority of disinterested directors that such individual met the applicable standard of conduct set forth above.  The termination of any action, suit, or proceeding by judgment, order, settlement, conviction, or on a plea of a nolo contendere or its equivalent, shall not, of itself, create a presumption that the person did not meet the applicable standard of conduct.  Indemnification hereunder shall continue as to a person who has ceased to be a director or officer, and shall

17

MD 00633
MARCO/L&L WINGS

inure to the benefit of the heirs, executors, and administrators of such a person.

## ARTICLE VII, BOOKS AND RECORDS

SECTION I.  <u>Book and Records</u>.  The corporation shall keep correct and complete books and records of account and shall keep minutes of the proceedings of its shareholders and Board of Directors.  It shall keep at its registered office or principal place of business a record of its shareholders, giving the names and addresses of all shareholders, and the number, class and series, if any, of the shares held by each.

SECTION II.  <u>Shareholders' Inspection Rights</u>.  Any person who shall have been a holder of record of one quarter of one percent of shares, or of voting trust certificates, therefor at least six (6) months immediately preceding his demand, or shall be the holder of record of, or the older or record of voting trust certificates for, at least five percent (5%) of the outstanding shares of any class or series of a corporation, upon written demand stating the purpose thereof, shall have the right to examine, in person or by agent or attorney, at any reasonable time or times, for any proper purpose, its relevant books and records of accounts, minutes and records of shareholders, and to make extracts therefrom.

SECTION III.  <u>Financial Information</u>.  No later than four (4) months after the close of each fiscal year, the corporation shall prepare a balance sheet showing in reasonable detail the financial condition of the corporation as of the close of its fiscal year,

18

**MD 00634**
**MARCO/L&L WINGS**

and a profit and loss statement showing the results of the operations of the corporation during its fiscal or calendar year.

Upon written request of any shareholder or holder of voting trust certificates for shares of the corporation, the corporation shall mail to such shareholder or holder of voting trust certificates a copy of the most recent such balance sheet and profit and loss statement.

The balance sheets and profit and loss statements shall be filed in the registered office of the corporation, kept for at least 5 years, and shall be subject to inspection during business hours by any shareholder or holder of voting trust certificates, in person or by agent.

ARTICLE VIII.  CERTIFICATES FOR SHARES AND THEIR TRANSFER

SECTION   I.    <u>Certificates  for  Shares</u>.    Certificates representing shares of the corporation shall be in such form as shall be determined by the Board of Directors.  Such certificates shall be signed by the President and by the Secretary or by such other officers authorized by law an by the Board of Directors to do so, and sealed with the corporate seal.  All certificates for shares shall be consecutively numbered or otherwise identified. The name and address of the person to whom the shares represented thereby are issued, with the number the number of shares and date of issue, shall be entered on the stock transfer books of the corporation.  All certificates surrendered to the corporation for transfer shall be canceled and no new certificate shall be issued

19

MD 00635
MARCO/L&L WINGS

until the former certificate for a like number of shares shall have been surrendered and canceled, except that in the case of a lost, destroyed or mutilated certificate a new one may be issued therefore upon such terms and indemnity to the corporation as the Board of Directors may prescribe.

SECTION II.    <u>Transfer of Shares</u>.    Transfer of shares of the corporation shall be made only on the stock transfer books of the corporation by the holder of record or by his legal representative, who shall furnish proper evidence of authority to transfer, or by his attorney thereunto authorized by power of attorney duly executed and filed with the Secretary of the corporation, and on surrender for cancellation of the shares authorized by power of attorney duly executed and filed with the Secretary of the corporation, and on surrender for cancellation of the certificate for such shares.    The person in whose name shares stand on the books of the corporation shall be deemed by the corporation to be the owner thereof for all purpose.

### ARTICLE IX.    FISCAL YEAR

The fiscal year of the corporation shall begin on the 1st day of January and end the 31st day of December in each year.

### ARTICLE X.    DIVIDENDS

The Board of Directors may from time to time declare, and the corporation may pay, dividends on its outstanding shares in the manner and upon the terms and conditions provided by law and its

MD 00636
MARCO/L&L WINGS

Articles of Incorporation. Dividends may be paid in cash, in property, or in shares of stock, subject to the provisions of the Articles of Incorporation and to law.

### ARTICLE XI. CORPORATE SEAL

The Board of Directors shall provide a corporate seal which shall be circular in form and shall have inscribed thereon the name of the corporation and the state incorporation and the words, "Corporate Seal".

### ARTICLE XII. WAIVER OF NOTICE

Whenever any notice is required to be given to any shareholder or director of the corporation under the provisions of these By-laws or under the provisions of the Articles of Incorporation or under the provisions of the Florida General Corporation Act, a waiver thereof in writing, signed by the person or persons entitled to such notice whether before or after the time stated therein, shall be deemed equivalent to the giving of such notice.

### ARTICLE XIII. AMENDMENTS

These By-laws may be altered, amended or repealed and new By-laws may be adopted by the Board of Directors or by the shareholders at any regular or special meeting of the Board of Directors by a majority vote thereof.

R:\F5000\5184\0023\bylaws

21

MD 00637
MARCO/L&L WINGS

WAIVER OF NOTICE
OF
THE ORGANIZATIONAL MEETING
OF THE SOLE INCORPORATOR
OF
PANAMA SURF & SPORT, INC.

The undersigned, being the sole incorporator of PANAMA SURF &

SPORT, INC., hereby waives all notice of the Organizational Meeting

of the Incorporator of said Corporation, and hereby agrees and

consents that the 5th day of February, 1998, at 2:00 o'clock p.m.,

be and the same is fixed as the time, and 18 East 42nd Street, New

York, New York, 10017 as the place for holding the same; and that

the purpose of the meeting is for (1) organizing the Corporation;

and (2) all such other business that may be transacted there at as

may lawfully come before said meeting.

Dated:  The 5th day of February, 1998.

_____
Brent Wolmer

1

MD 00638
MARCO/L&L WINGS

MINUTES OF ORGANIZATIONAL MEETING
OF THE
SOLE INCORPORATOR
OF
PANAMA SURF & SPORT, INC.

MINUTES of the Organizational Meeting of the Sole Incorporator of the Corporation held at 18 East 42nd Street, New York, New York, 10017, on the 5th day of February, 1998, at 2:00 o'clock p.m.

BRENT WOLMER, the incorporator and signatory to the Articles of Incorporation called this Organizational Meeting to order and stated that the purpose was to organize the Corporation.

Upon Motion duly made an carried, BRENT WOLMER was elected Chairman of the meeting, and Secretary thereof.

The Secretary then called the roll and found that the following Incorporator to the Articles of Incorporation was present: Brent G. Wolmer.

A written Waiver of Notice of the time and place of holding the present meeting, signed by Brent G. Wolmer, the Incorporator of this Corporation, was then presented and read by the Secretary, and same ordered filed and placed int he Minute Book immediately preceding these Minutes.

The Secretary then presented and read a copy of the Certificate of Incorporation of the Corporation, and reported that on the 2nd day of February, 1998, the original thereof was duly filed and recorded in the Office of the Secretary of State, and that a receipt therefore had been given by SANDRA B. MORTHAM, the Secretary of State, on the 2nd day of February, 1998.

2

**MD 00639**
**MARCO/L&L WINGS**

Upon Motion duly made and carried, it was:

RESOLVED THAT said report be accepted as correct and the Secretary be directed to place a copy of such Certificate and receipt in the Minute Book, following these Minutes.

RESOLVED THAT Shaul Levy was elected initial Director of the Corporation to serve until the first meeting of the shareholders and until his successor is elected.

The Chairman then announced that in accordance with Florida law the Corporation's existence commenced as of the date of this Secretary of State acknowledged that the Articles of Incorporation were filed with the Department of State.

There being no further business to come before the Meeting, upon Motion duly made and carried, the Meeting was adjourned. Dated the 5th day of February, 1998.

Brent Wolmer, Chairman

Brent Wolmer, Secretary

3

MD 00640
MARCO/L&L WINGS

WAIVER OF NOTICE
OF
THE ORGANIZATIONAL MEETING
OF THE INITIAL BOARD OF DIRECTORS
OF
PANAMA SURF & SPORT, INC.

The undersigned, being all the Initial Board of Directors of PANAMA SURF & SPORT, INC., hereby waive all notice of the Organizational Meeting of the Initial Board of Directors of said Corporation, and hereby agree and consent that the 5th day of February, 1998, at 2:00 o'clock p.m., be and the same is fixed as the time, and 18 East 42nd Street, New York, New York, 10017 as the place for holding the same; and that the purpose of the meeting is for (1) organizing the Corporation; adopting By-Laws, corporate seal and certificate; electing officers, issuing stock and establishing banking accounts; and (2) all such other business that may be transacted thereat as may lawfully come before said meeting.

Dated:  The 5th day of February, 1998.

_____
Shaul Levy

1

MD 00641
MARCO/L&L WINGS

MINUTES OF ORGANIZATIONAL MEETING
OF THE INITIAL
BOARD OF DIRECTORS
OF
PANAMA SURF & SPORT, INC.

MINUTES of the Organizational Meeting of the Board of Directors of the Corporation held at 18 East 42nd Street, New York, New York, 10017, on the 5th day of February, 1998, at 2:00 o'clock p.m.

SHAUL LEVY, the named Initial Director, called this Organizational Meeting to order and stated that the purposes of the meeting were:

     1.   Organize the Corporation;

     2.   Adopt By-Laws, corporate seal and certificate;

     3.   Elect officers;

     4.   Issue stock; and

     5.   Establish banking accounts.

Upon Motion duly made an carried, SHAUL LEVY was elected Chairman of the meeting and MEIR LEVY, was elected Secretary thereof.

The Chairman then called the roll of the initial Directors of the Corporation, and found the following to be present, therefore constituting a quorum for this meeting:

SHAUL LEVY

The Secretary then presented and read to the Meeting a Waiver of Notice of Meeting, subscribed to by SHAUL LEVY the Director of the Corporation.

Upon Motion duly made and carried, it was RESOLVED, that the said Waiver be accepted and the Secretary be directed

2

MD 00642
MARCO/L&L WINGS

to place it in the Minute Book, immediately preceding these Minutes.

The Secretary then presented and read to the Meeting the Minutes of the Organizational Meeting of the Incorporators, and the same were, on Motion duly made and carried, in all respects ratified, approved and confirmed.

The Secretary then presented and read to the Meeting the proposed By-Laws of the Corporation, prepared by counsel, upon direction of the Chairman.  Upon Motion duly made and carried, the same were in all respects ratified, confirmed and approved, as and for the By-Laws of the said Corporation.

The Chairman then stated that selection of Officers of the Corporation were in order.  The following were elected Officers with the titles and salaries shown to serve until the first Directors' Meeting after the next annual Shareholder's Meeting:

| OFFICE | | SALARY |
|---|---|---|
| President: | ELIEZER TABIB | To be decided |
| Vice President: | SHAUL LEVY | at a later date |
| Secretary: | MEIR LEVY | |
| Treasurer: | | |

The President reported that the incorporates had made arrangements with the law firm of LEWIS VEGOSEN ROSENBACH SILBER & DUNKEL, P.A., for their services in organizing the Corporation, and agreed to pay their fee therefor, in addition to the expense disbursements in connection with the formation of the Corporation, and to retain them for their additional services, as required by the Corporation, and to pay for such services at prevailing professional rates.

3

MD 00643
MARCO/L&L WINGS

Upon Motion duly made and carried, the following actions were taken:

> 1.   The retainer of counsel and the agreement as to the payment of their fees were ratified, and the Treasurer was directed to pay the same.
>
> 2.   The Bond of the Treasurer was fixed at none.
>
> 3.   The Secretary was authorized and empowered to procure, at the expense of the Corporation, the necessary stationery, books, fixtures, and office furniture to operate the Corporation's business.
>
> 4.   The Certificates of the Capital Stock of the Corporation be in the form attached to these Minutes.
>
> 5.   The following form was duly selected as and for the Seal of the Corporation.

The following Resolutions were then adopted:

RESOLVED, that the Treasurer and Secretary be authorized, empowered an directed to adopt the Bank Resolution of, and to open an account with  TO BE DETERMINED  and to deposit therein all funds of the Corporation.

All drafts, checks and notes of the Corporation, payable on said account shall be signed by any one of the officers of the Corporation.

RESOLVED, that the Board shall hold Regular Meetings as required to conduct the business of the Corporation, and that the Annual Meeting of the Board of Directors shall be held on the same day as, and immediately following the Annual Meeting of the Shareholders, and that the fiscal year of the Corporation be as specified in the By-Laws.

4

**MD 00644**
**MARCO/L&L WINGS**

The Chairman then stated that the Corporation had received the following offers to purchase shares of its authorized shares at the consideration indicated:

| NAME | SHARES | CONSIDERA-TION | CAPITAL SURPLUS | FMV |
|------|--------|----------------|-----------------|-----|
| ELIEZER TABIB | 100 | $100.00 | | |
| SHAUL LEVY | 100 | $100.00 | | |
| MEIR LEVY | 100 | $100.00 | | |

Upon Motion duly made and carried, the foregoing offers were accepted, and it was:

>    RESOLVED, that 300 shares of the Corporation's authorized
>    shares be issued for a consideration of $1.00 each,
>    consisting of money paid, labor done and necessary to the
>    Corporation, or property actually received and valued in
>    the judgment or the directors as set forth above; and

>    IT WAS FURTHER RESOLVED, that each certificate so issued,
>    and all other certificates that may be issued in the
>    future comply with the following:

>    1.   Each shall bear a transfer restriction satisfactory
>    to counsel for the Corporation.

>    2.   The stock certificate book have affixed thereto the
>    applicable documentary tax stamps as required by Florida
>    law.

Payment of the consideration was thereupon made and accepted and the certificates were executed, delivered and accepted.

Counsel for the Corporation then pointed out that it was necessary to operate the Corporation in accordance with the applicable state and federal laws, particularly with regard to withholding and unemployment taxes, workman's compensation,

5

MD 00645
MARCO/L&L WINGS

occupational and regulatory licenses, and state and federal security laws and regulations. He advised the officers to obtain further information and instruction form the Internal Revenue Service, State Revenue Department and Workman's Compensation Department. Counsel reminded the Board that his firm had not given any advice whatsoever concerning issuance of the stock of the Corporation so as to comply with either Florida or federal security laws and regulations, and that special counsel must be retained for such purpose.

There being no further business to come before the Meeting, upon Motion duly made and carried, the Meeting was adjourned.

Dated the 5th day of February, 1998.

_____
MEIR LEVY, Secretary

_____
SHAUL LEVY, Chairman

6

MD 00646
MARCO/L&L WINGS

WAIVER OF NOTICE
OF
THE ORGANIZATIONAL MEETING OF SHAREHOLDERS
OF
PANAMA SURF & SPORT, INC.

The Undersigned, being all of the Shareholders, of PANAMA SURF

& SPORT, INC., do hereby waive all notice of the Organizational

Meeting of the Shareholders of the said Corporation, and do hereby

agree and consent that the 5th day of February, 1998 at 2:00

o'clock p.m., be and the same is fixed as the time, and 18 East

42nd Street, New York, New York, 10017, as the place for holding

the same; and that the purpose of the meeting is for (1) approving,

ratifying and confirming all actions taken at the Organizational

Meetings of the Incorporator and Board of Directors and (2) all

such other business that may be transacted thereat as may lawfully

come before said meeting.

Dated  The 5th day of February, 1998.

ELIEZER TABIB

SHAUL LEVY

MEIR LEVY

7

MD 00647
MARCO/L&L WINGS

MINUTES OF THE ORGANIZATIONAL MEETING
OF SHAREHOLDERS
OF
PANAMA SURF & SPORT, INC.

MINUTES of the Organizational Meeting of the Shareholders of the Corporation held a 18 East 42nd Street, New York, New York, 10017 on the 5th day of February, 1998, at 2:00 o'clock p.m.

There were present: ELIEZER TABIB, SHAUL LEVY and MEIR LEVY, consisting a majority of the Shareholders, and therefore, constituting a quorum for this meeting.

Upon Motion duly made and carried, the President and Secretary of the Corporation were nominated and elected Chairman and Secretary, respectively, of this meeting.

The Secretary presented and read the Waiver of Notice of the Meeting, which, upon Motion duly made and carried, was ordered to be placed in the Minute Book immediately preceding these Minutes. The Secretary read the Minutes of the Organizational Meeting of the Incorporators and the Minutes of the Organizational Meeting of the Board of Directors. Upon Motion duly made and carried said Minutes were approved as read.

> Upon Motion duly made and adopted, it was RESOLVED, that all actions taken at the organizational Meetings of the Incorporators and Board of Directors are hereby approved, ratified and confirmed.

As the next order of business, the appointment and election of the following Directors were ratified and reaffirmed and they are to hold office until their successors shall have been elected and qualified.

8

**MD 00648**
**MARCO/L&L WINGS**

Name of Directors:

ELIEZER TABIB

SHAUL LEVY

MEIR LEVY

There being no further business to come before the meeting, upon Motion duly made and carried, the meeting was adjourned.

Dated the 5th day of February, 1998.

SHAUL LEVY, Chairman

MEIR LEVY, Secretary

K:\f5000\5184\0023\corp.min

9

**MD 00649**
**MARCO/L&L WINGS**

## RESIGNATION

Each of the undersigned hereby resigns any officership or directorship and/or any employment status which the undersigned may have in or with respect to the following corporations, effective as of November 1, 1998:

      1000 Highway 98 East Corp.

      Marco Destin, Inc.

      Panama Surf and Sport Shop Inc.


                             Shaul Levy

                             Meir Levy

Dated:      February 17, 2000

233575v2

MD 00650
MARCO/L&L WINGS

02/17/2000  17:57   13056727959          WINGS:307                    PAGE  23
02/17/00  18:53 FAX 212  884 7700      MOSES & SINGER LLP                    023/033

## RESIGNATION

Each of the undersigned hereby resigns any officership or directorship and/or any employment status which the undersigned may have in or with respect to the following corporations, effective as of November 1, 1998:

1000 Highway 98 East Corp.

Marco Destin, Inc.

Panama Surf and Sport Shop Inc.

_____
Shaul Levy

_____
Meir Levy

Dated:       February 17 , 2000

235575v2

MD 00651
MARCO/L&L WINGS

T&b&b
06935/101
(Cor

# MOSES & SINGER LLP

■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■ ■

1301 Avenue of the Americas, New York, NY 10019-6076
Telephone: 212.554.7800          Facsimile: 212.554.7700

# Facsimile Transmission
# Cover Sheet

Date:          February 18, 2000

<u>To</u>                    <u>Firm name</u>                    <u>Fax number transmitted to</u>
Alex Koslovsky          Wings                          212 922-9306

From:          Steven Glaser, Esq.                    Phone:

Client/Matter:    06935/101

Number of Pages:
(Including cover page)

Comments: _____

If you do not receive all pages, or have any other problems receiving this transmission, please call 212-554-7800 and ask for the telecopy operator.

**CONFIDENTIALITY NOTE**
This facsimile transmission contains information intended for the exclusive use of the individual or entity to whom it is addressed and may contain information that is proprietary, confidential, and/or exempt from disclosure under applicable law.

If you are not the intended recipient (or an employee or agent responsible for delivering this facsimile transmission to the intended recipient), you are hereby notified that any copying, disclosure or distribution of this information may be subject to legal restriction or sanction. Please notify the sender by telephone to arrange for the return or destruction of the information and all copies.

**MD 00652**
**MARCO/L&L WINGS**

02/17/2000  17:5,    130⁵⁵727959              WINGS:307            PAGE  3,
02/17/00  16:55 FAX 212   i4 7700        MOSES & SINGER LLP                      ⌀0031/033

NON-NEGOTIABLE NOTE

New York, New York
As of October 31, 1999

FOR VALUE RECEIVED, Marco Destin, Inc. ("Maker"), having an address at 10400 N.W. 33rd St., Miami, Florida hereby promises to pay to L&L Wings, Inc. ("Payee"), having an address at 18 E. 42nd St., New York, N.Y., or such other address as may be designated by Payee by written notice to Maker, the sum of $2,322,310, with interest at the per annum rate of 6.31 per cent.

The Note shall be payable in ten equal annual installments of principal and interest in the amount of $320,177.94, commencing October 31, 2000, and continuing on each anniversary of such date thereafter until October 31, 2009, when the remaining unpaid amount of the Note and accrued interest shall be due and payable.

This Note may be prepaid in whole or in part, at any time.

This Note shall be governed by and be enforceable in accordance with the laws of the State of New York applicable to contracts made and to be performed wholly within such State.

This Note may not be modified, orally or otherwise, except by a writing duly executed by the Payee and the Maker.

Marco Destin, Inc.

By

236093v3

02/18/00  15:08 .  212  554  7700      MOSES & SINGER LLP                    ☎001

```
*********************
***   TX REPORT   ***
*********************

TRANSMISSION OK

TX/RX NO              3849
CONNECTION TEL                    99229306
SUBADDRESS
CONNECTION ID        L & L WINGS
ST. TIME             02/18 15:08
USAGE T              00'46
PGS. SENT            2
RESULT               OK
```

# MOSES & SINGER LLP

1301 Avenue of the Americas, New York, NY 10019-6076
Telephone: 212.554.7800          Facsimile: 212.554.7700

# Facsimile Transmission
# Cover Sheet

Date:        February 18, 2000

                                          Fax number transmitted to

To                 Firm name              212 922-9306
Alex Koslovsky     Wings

                                          Phone:
From:        Steven Glaser, Esq.

Client/Matter:   06935/101

Number of Pages:
(Including cover page)

Comments:

MD 00654
MARCO/L&L WINGS

*Tab 16*
*06935/161*
*Cor*

# M O S E S  &  S I N G E R  L L P

1301 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019·6076

STEVEN GLASER
DIRECT DIAL (212) 554·7820

(212) 554·7800

FACSIMILE
(212) 554·7700

February 18, 2000

**Via Federal Express**

Mr. Eli Tabib
Marco-Destin, Inc.
10400 N.W. 33rd Street
Miami, Florida 33172

Re:  Eli Tabib/Shaul Levy and Meir Levy

Dear Eli:

As you know, Bennett and I completed the closing yesterday.

As part of the transaction I received the corporate minute books for Marco Destin, 1000 Highway and Panama Surf & Sport. Also, as part of the closing Shaul and Meir resigned as officers and directors of these companies. The minute books of the companies indicate that the only remaining officers and directors are as follows:

1000 Highway 98 East Corp.
Eli Tabib – Director and Vice President
Nir Tzanani – Treasurer
Raffi Zabari – Assistant Treasurer
Secretary – none

Panama Surf & Sport
Directors – none (Shaul was the sole director)
President – Eli Tabib
Vice President – none
Secretary – none
Treasurer – none

Marco Destin, Inc.
Eli Tabib – Director and Vice President
Nir Tzanani – Treasurer
Raffi Zabari – Assistant Treasurer
Secretary - none

237239

MD 00655
MARCO/L&L WINGS

*Tab. 16*
*06935/101*
*Cor*

# MOSES & SINGER LLP

1301 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6076

STEVEN GLASER
DIRECT DIAL (212) 554-7820

(212) 554-7800

FACSIMILE
(212) 554-7700

February 18, 2000

**Via Federal Express**

Mr. Eli Tabib
Marco-Destin, Inc.
10400 N.W. 33rd Street
Miami, Florida 33172

Re:  Eli Tabib/Shaul Levy and Meir Levy

Dear Eli:

As you know, Bennett and I completed the closing yesterday.

As part of the transaction I received the corporate minute books for Marco Destin, 1000 Highway and Panama Surf & Sport. Also, as part of the closing Shaul and Meir resigned as officers and directors of these companies. The minute books of the companies indicate that the only remaining officers and directors are as follows:

1000 Highway 98 East Corp.
Eli Tabib – Director and Vice President
Nir Tzanani – Treasurer
Raffi Zabari – Assistant Treasurer
Secretary – none

Panama Surf & Sport
Directors – none (Shaul was the sole director)
President – Eli Tabib
Vice President – none
Secretary – none
Treasurer – none

Marco Destin, Inc.
Eli Tabib – Director and Vice President
Nir Tzanani – Treasurer
Raffi Zabari – Assistant Treasurer
Secretary - none

237239

**MD 00656**
**MARCO/L&L WINGS**

MOSES & SINGER LLP

Mr. Eli Tabib
Page 2
February 18, 2000

You may wish to consider the election of new officers and directors. If so, let us know and we will prepare the appropriate minutes. I note in this respect that under Florida law a single director is permissible if the by-laws so provide. The by-laws of Panama Surf currently require 3 directors (but could be changed); the by-laws for the others are silent.

Further as part of the closing, I received the stock certificates of Shaul and Meir for these companies and will cancel and place them in the appropriate minute books. Since you purchased the shares represented by those certificates from the Levys, I have prepared and enclose new stock certificates for each of the three companies for the shares which you so purchased. You (and in the case of 1000 Highway and Marco Destin, Nir also as Treasurer) should sign these certificates, date them and either retain them with your valuable items or return them to me for placement in the corporate minute books.

We still need to receive a signed deed for the real property in Marco Island, although the actual deed and related papers have been prepared by Brent Wollmer and Alex and Andrew at Wings have said that the Levys will sign the papers next week. When I receive the signed papers, I will send them to you for your execution. Once you have executed the papers you should send them on to Brent Wollmer for recording (along with certain fees he will require). I probably will also be sending you for your signature at the same time a deed for the North Carolina property which is going to the Levys. If the deed for North Carolina should come directly to you, I would suggest that you let us know and that you do not give it to the Levys or Wings until they have given us the signed deed for Marco Island.

At this point I only have the faxed signatures for the various documents which were signed yesterday. When I have received the actual execution pages from you and the Levys, I will prepare appropriate closing sets and will send one down to you. If you need a set of documents before that I can make up a set with the fax signatures. I will fax a copy of the Notes, the Purchase Agreement and the Consulting Agreements to Morty Etgar today for his use.

I will be out of the office next week but will return after that.

Sincerely yours,

Steven Glaser

SG/fb
cc:    Gideon Rothschild, Esq.

Document #: 237239



PANAMA TIRE & SPORT, INC.

TOTAL AUTHORIZED ISSUE
1,000 SHARES PAR VALUE $1.00 EACH
COMMON STOCK

See Reverse for Certain Definitions

This is to Certify that _____ Eli Tabib _____ is the owner of

_____ Two Hundred _____

fully paid and non-assessable shares of the above Corporation transferable only on the books of the Corporation by the holder hereof, in person or by duly authorized Attorney upon surrender of this Certificate properly endorsed.

Witness, the seal of the Corporation and the signatures of its duly authorized officers.

Dated _____ , 2000

SECRETARY

PRESIDENT

© 1967 CORPEX BANKNOTE CO., NEW YORK

MD 00658
MARCO/L&L WINGS



INCORPORATED UNDER THE LAWS OF THE STATE OF FLORIDA

# 1000 HIGHWAY 98 EAST CORP.

Corporation is authorized to issue 200 Common Shares — par value $1.00 each.

This Certifies that    Eli Tabib

is the owner of    Fifty    fully paid and

non-assessable Shares of the above Corporation transferable only on the books of the Corporation by the holder hereof in person or by duly authorized Attorney upon surrender of this Certificate properly endorsed.

In Witness Whereof, the said Corporation has caused this Certificate to be signed by its duly authorized officers and to be sealed with the Seal of the Corporation.

Dated _____, 2000

MD 00659
MARCO/L&L WINGS



INCORPORATED UNDER THE LAWS OF THE STATE OF FLORIDA

# MARCO DESTIN, INC.

This Certifies that

Fifty

Eli Tabib

is the owner of

MD 00660
MARCO/L&L WINGS

# L. & L. WINGS, INC.

*Tab.6*
*06935/101*
*Con*

## FACSIMILE MESSAGE

FAX NUMBER:      212-554-7700

ATTENTION:       **Stevem Glaser, Esq.**

COMPANY:         Moses & Singer LLP

DATE:            February 18, 2000

TOTAL NO.
OF PAGES:                **12**              (INCLUDING
                                            COVER PAGE)

FROM:            ANDREW LICHY, ESQ.

SUBJECT:

## MESSAGE

**WARNING:**  The information contained in this transmission is privileged under one or more of various privileges.  This confidential information is intended only for the use of the addressee.  Any distribution or copy made of the information contained in this communication is strictly prohibited.  If you have received this facsimile message in error, please call the sender by telephone immediately and return the original fax page(s) and cover sheet to us at the address below via U.S. Mail.

Also, if you do not receive all pages transmitted or if any are illegible, please call the operator listed above.

**THANK YOU.**

**18 EAST 42ND STREET, NEW YORK, NEW YORK  10017**
**PHONE 212-922-9087 - FAX 212-922-9306**

MD 00661
MARCO/L&L WINGS

02/18/00  13:51    212 82° 9308      L & L WINGS                    ☒002

## ASSIGNMENT / SURRENDER AND ASSUMPTION OF LEASES

**KNOW THAT**, one dollar ($1.00) and other valuable consideration, Shaul Levy, Meir Levy, L & L Wings, Inc., a South Carolina corporation and/or Shaul & Meir Levy Partnership, a South Carolina partnership, each having an address at 18 East 42nd Street, New York, NY 10017, (collectively hereinafter referred to as "Assignors"), Marco Destin, Inc., a Florida corporation, having an address at 10400 Northwest 33rd Street, Miami, Florida (hereinafter referred to as "Assignee"), all right, title and interest of the lessees and/or leasehold interests under those certain Leases more particularly described in Exhibit A hereto,

**TO HAVE AND TO HOLD** the same unto Assignee and the heirs, executors, administrators, legal representatives, successors and assigns of Assignee from the date hereof for the rest of the terms of said Leases, as said Leases may be modified or extended.

This Assignment/Surrender and Assumption of Leases is given without representation or warranty by Assignors, whether express or implied, and without recourse against Assignors in any possible event.

Assignee hereby assume and agree to pay and perform all of the obligations of the lessees under the Leases. Assignee hereby agree to indemnify and hold Assignors harmless from and against any and all liability, claim, loss, damage or expense, in-cluding reasonable attorneys' fees, incurred in connection with, or arising or asserted with respect to the Leases or this Assignment.

02/18/00  13:51    212 92ᵈ 9306    L & L WINGS    ☑003

**IN WITNESS WHEREOF,** Assignors and Assignee have duly executed this Assignment and Assumption of Leases as of November 1, 1998.

_____
Shaul Levy

_____
Meir Levy

L & L WINGS, INC.

By _____
Shaul Levy, President

SHAUL & MEIR LEVY PARTNERSHIP

By _____
Shaul Levy, General Partner

MARCO DESTIN, INC.

By _____
Eli Tabib, President

2

MD 00663
MARCO/L&L WINGS

02/18/00  13:51    212 82° ¬308      L & L WINGS                    ☎004

## EXHIBIT A

The following leased property:

1.   581 South Collier Boulevard, Marco Island, Florida, commonly known as Store #317.

2.   2673 Parkway, Pigeon Forge, Tennessee, commonly known as Store #801.

3.   1251 A Miracle Strip Parkway, Ft. Walton Beach, Florida, commonly known as Store #748.

3

MD 00664
MARCO/L&L WINGS

RESIGNATION

Each of the undersigned hereby resigns any officership or directorship and/or any employment status which the undersigned may have in or with respect to the following corporations, effective as of November 1, 1998:

        1000 Highway 98 East Corp.

        Marco Destin, Inc.

        Panama Surf and Sport Shop Inc.

 

                                  Shaul Levy

                                    Meir Levy

Dated:        February _____, 2000

235575v2

MD 00665
MARCO/L&L WINGS

Purchase Agreement effective as of November 1, 1998 by and between, on the one hand, Shaul Levy (hereinafter, "Shaul"), Meir Levy (hereinafter, "Meir"), (both Shaul Levy and Meir Levy are hereinafter collectively referred to as "Levy"), L&L Wings, Inc. (hereinafter, "L&L"), Shaul and Meir Levy Partnership (hereinafter, "SMP"), (Shaul Levy, Meir Levy, L&L and SMP, are all from time to time, hereinafter collectively referred to as "Wings"), and, on the other hand, Eli Tabib (hereinafter, "Eli"), 1000 Highway 98 East Corp. (hereinafter, "1000 Highway"), Marco-Destin. Inc. (hereinafter, "Marco-Destin"), 100 South Morehead Ave. Corp. (hereinafter, "Morehead"), and Panama City Surf & Sport Inc. (hereinafter, "Panama City").

WHEREAS, Shaul, Meir and Eli are the sole shareholders of Morehead; and

WHEREAS, Shaul, Meir and Eli are the sole shareholders of 1000 Highway; and

WHEREAS, Shaul, Meir and Eli are the sole shareholders of Marco-Destin; and

WHEREAS, Shaul, Meir and Eli are the sole shareholders of Panama City; and

WHEREAS, Shaul and Meir are the sole partners in SMP; and

WHEREAS, all of the parties, in one form or another, are engaged in the business of owning and operating retail stores; and

WHEREAS, certain of the stores affected by this agreement are operated under the name "Wings"; and

WHEREAS, Marco-Destin operated various stores leased to L&L without a lease and has since abandoned them; and

221819v6

MD 00666
MARCO/L&L WINGS

02/18/00  13:52    212 92⁻ 9308    L & L WINGS    ☑007

14.6.  If any provision of this agreement shall be unenforceable or invalid, such unenforceability or invalidity shall not affect the remaining provisions of this agreement.

14.7.  Upon such execution and delivery, this agreement shall be binding upon and inure to the benefit of the parties hereto and their respective heirs, executors, administrators, successors and permitted assigns.

IN WITNESS WHEREOF, the parties hereto have hereunto set their hands and seals as of the date first above written.

_____
Shaul Levy, individually

_____
Meir Levy, individually

_____
Eli Tabib, individually

L&L Wings, Inc.

1000 Highway 98 East Corp.

By: _____

By: _____

Marco-Destin Inc.

100 South Morehead Ave. Corp.

By: _____

By: _____

Panama City Surf & Sport Inc.

Shaul & Meir Levy Partnership

By: _____

By: _____

E&T, Inc.

By: _____

221819v6

18

MD 00667
MARCO/L&L WINGS

02/18/00  13:52 1   212 92⌐ 0306        L & L WINGS                    ☑008

# CONSULTING AGREEMENT
## (ELI TABIB)

This Consulting Agreement dated as of October 31, 1999 by and between Shaul Levy and Meir Levy, (collectively, the "Shareholders"), having an address c/o L&L Wings Inc., a South Carolina corporation (the "Company"), 18 E. 42nd Street, New York, New York, and Eli Tabib (the "Consultant"), having an address c/o Marco-Destin Inc., 10400 N.W. 33rd St., Miami, Florida.

## P R E A M B L E

The Company and its affiliates sell at retail clothing and related merchandise in various locations in, inter alia, the Southern United States. The Shareholders control the Company. The Consultant is chief executive officer of various clothing retailers with operations in the Southern United States. In the course of his duties with such retailers, the Consultant has become expert in the management and operation of the industry in the Southern United States area. The Shareholders desire to make available to themselves and to the officers of the Company and those of its affiliates the consulting services of Consultant and Consultant is willing to do so from time to time, all on the terms and conditions hereinafter set forth.

NOW, THEREFORE, in consideration of the premises and the mutual covenants contained herein and for other good and valuable consideration heretofore or simultaneously with the execution hereof furnished by each party to the other, the sufficiency of which the parties hereby acknowledge, the parties hereto hereby agree as follows:

1.    Consulting.

The Shareholders hereby retain Consultant and Consultant hereby agrees to consult with the Shareholders and the Company and its executives (and those of its affiliates) for the period set forth in Section 2 hereof, subject to and upon the other terms and conditions herein provided.

2.    Term of Consulting.

The period of Consultant's consulting under this Agreement shall commence as of the date hereof and shall continue thereafter until October 31, 2009 (the "Term"). In the event that the Consultant continues to consult with the Shareholders and/or the Company and its affiliates after the end of the Term, such continued employment shall be subject to such terms and conditions as the Shareholders and the Consultant may then agree.

234426v5

MD 00668
MARCO/L&L WINGS

02/18/00   13:52    212 92~ ~308         L & L WINGS                                    ⧅009

hereinabove set forth. Ary party may change his or its address for purposes of this Section 11 by giving written notice ther~of hereunder.

    12.    Du~ Capacity.

The Share rolders hereby warrant and represent to the Consultant that they have the full capacity and pow~r to delivery and perform this Agreement.

    13.    At orneys' Fees.

In the eve it that it shall be necessary for either party hereto to retain legal counsel and/or incur other costs and expenses in connection with the enforcement hereof whether by a judicial action or procee ing or by arbitration, such party shall to the extent it shall prevail (whether by settlement o· by judicial or arbitral action or otherwise) be entitled to recover from the other party such first party's reasonable attorneys' fees and costs and expenses in connection with such enforcement.

IN WITNESS WHEREOF, the parties have signed this Agreement, in the City of New York as of the day .nd year first above written.

 

SHAUL LEVY, individually

MEIR LEVY, individually

ELI TABIB, individually

MD 00669
MARCO/L&L WINGS

Stock Power
1000 Highway 98 East Corp.

For Value Received, each of Shaul Levy and Meir Levy does hereby sell, assign and transfer unto Eli Tabib (SS#____ _____/_____), their respective shares, aggregating one-half of all the authorized and issued shares of the common stock of 1000 Highway 98 East Corp. (the "Corporation"), standing in their respective names on the books of said Corporation, represented by Certificate Number(s) _____ and each does hereby irrevocably constitute and appoint Eli Tabib, attorney to transfer the said stock belonging to him on the books of the Corporation with full power of substitution in the premises.

Dated:_____ ____

_____
Shaul Levy

_____
Meir Levy

In presence of:

_____
Witness

Document #: 237170

MD 00670
MARCO/L&L WINGS