02/18/00  13:52    212 92` `306    L & L WINGS    ☒011

Stock Power
Marco Destin Inc.

For Value Received, each of Shaul Levy and Meir Levy does hereby sell, assign and transfer unto Eli Tabib (SS#_____/_____), their respective shares, aggregating one-half of all the authorized and issued shares of the common stock of Marco Destin, Inc. (the "Corporation"), standing  n their respective names on the books of said Corporation, represented by Certificate Number(s) _____ and each does hereby irrevocably constitute and appoint Eli Tabib, attorney to trar sfer the said stock belonging to him on the books of the Corporation with full power of substit ation in the premises.

Dated:_____

_____
Shaul Levy

_____
Meir Levy

In presence of:

_____
Witness

Document #: 237168

MD 00671
MARCO/L&L WINGS

Stock Power
Panama Surf & Sport, Inc.

For Value Received, each of Shaul Levy and Meir Levy does hereby sell, assign and transfer
unto Eli Tabib (SS#_____/_____), their respective shares, aggregating
one-half of all the authorized and issued shares of the common stock of Panama Surf & Sport,
Inc. (the "Corporation"), standing in their respective names on the books of said Corporation,
represented by Certificate Number(s) _____ and each does hereby irrevocably constitute
and appoint Eli Tabib, attorney to transfer the said stock belonging to him on the books of the
Corporation with full power of substitution in the premises.

Dated:_____

_____
Shaul Levy

_____
Meir Levy

In presence of:

_____
Witness

Document #: 237169

MD 00672
MARCO/L&L WINGS

02/18/00  13:50    212 5  7700        MOSES & SINGER LLP                          ☑001

```
                              ********************
                              ***   RX REPORT   ***
                              ********************

            RECEPTION OK

            TX/RX NO               7712
            CONNECTION TEL                   212 922 9306
            SUBADDRESS
            CONNECTION ID          L & L WINGS
            ST. TIME               02/18 13:48
            USAGE T                02'20
            PGS.                    12
            RESULT                 OK
```

MD 00673
MARCO/L&L WINGS

# M O S E S  &  S I N G E R  L L P

*Jacob*
*06935/101*
*Con*

1301 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6076

STEVEN GLASER                    (212) 554-7800                    FACSIMILE
DIRECT DIAL (212) 554-7820                                        (212) 554-7700

February 18, 2000

**Via Federal Express**

Mr. Eli Tabib
Marco-Destin, Inc.
10400 N.W. 33rd Street
Miami, Florida 33172

Re:  Eli Tabib/Shaul Levy and Meir Levy

Dear Eli:

As you know, Bennett and I completed the closing yesterday.

As part of the transaction I received the corporate minute books for Marco Destin, 1000 Highway and Panama Surf & Sport.  Also, as part of the closing Shaul and Meir resigned as officers and directors of these companies.  The minute books of the companies indicate that the only remaining officers and directors are as follows:

1000 Highway 98 East Corp.
Eli Tabib – Director and Vice President
Nir Tzanani – Treasurer
Raffi Zabari – Assistant Treasurer
Secretary – none

Panama Surf & Sport
Directors – none (Shaul was the sole director)
President – Eli Tabib
Vice President – none
Secretary – none
Treasurer – none

Marco Destin, Inc.
Eli Tabib – Director and Vice President
Nir Tzanani – Treasurer
Raffi Zabari – Assistant Treasurer
Secretary - none

237239

MD 00674
MARCO/L&L WINGS

MOSES & SINGER LLP

Mr. Eli Tabib
Page 2
February 18, 2000

You may wish to consider the election of new officers and directors. If so, let us know and we will prepare the appropriate minutes. I note in this respect that under Florida law a single director is permissible if the by-laws so provide. The by-laws of Panama Surf currently require 3 directors (but could be changed); the by-laws for the others are silent

Further as part of the closing, I received the stock certificates of Shaul and Meir for these companies and will cancel and place them in the appropriate minute books. Since you purchased the shares represented by those certificates from the Levys, I have prepared and enclose new stock certificates for each of the three companies for the shares which you so purchased. You (and in the case of 1000 Highway and Marco Destin, Nir also as Treasurer) should sign these certificates, date them and either retain them with your valuable items or return them to me for placement in the corporate minute books.

We still need to receive a signed deed for the real property in Marco Island, although the actual deed and related papers have been prepared by Brent Wollmer and Alex and Andrew at Wings have said that the Levys will sign the papers next week. When I receive the signed papers, I will send them to you for your execution. Once you have executed the papers you should send them on to Brent Wollmer for recording (along with certain fees he will require). I probably will also be sending you for your signature at the same time a deed for the North Carolina property which is going to the Levys. If the deed for North Carolina should come directly to you, I would suggest that you let us know and that you do not give it to the Levys or Wings until they have given us the signed deed for Marco Island

At this point I only have the faxed signatures for the various documents which were signed yesterday. When I have received the actual execution pages from you and the Levys, I will prepare appropriate closing sets and will send one down to you. If you need a set of documents before that I can make up a set with the fax signatures. I will fax a copy of the Notes, the Purchase Agreement and the Consulting Agreements to Morty Etgar today for his use.

I will be out of the office next week but will return after that.

Sincerely yours,

Steven Glaser

SG/fb
cc:    Gideon Rothschild, Esq.

Document #- 237239

MD 00675
MARCO/L&L WINGS

**PANAMA SURF & SPORT, INC.**

See Reverse for
Certain Definitions

**TOTAL AUTHORIZED ISSUE**
1,000 SHARES PAR VALUE $1.00 EACH

COMMON STOCK

**This is to Certify that**                                    **is the owner of**

Eli Tabib

Two Hundred

*fully paid and
non-assessable shares of the above Corporation transferable only on the books of the
Corporation by the holder hereof in person or by duly authorized Attorney upon
surrender of this Certificate properly endorsed.*
**Witness,** *the seal of the Corporation and the signatures of its duly authorized officers.*
**Dated** _____, 2000

_____
SECRETARY

© 1987 CORPEX BANKNOTE CO., NEW YORK

MD 00676
MARCO/L&L WINGS

INCORPORATED UNDER THE LAWS OF THE STATE OF FLORIDA

# 1000 HIGHWAY 98 EAST CORP.

The Corporation is authorized to issue 200 Common Shares

**This Certifies that**

Fifty

Eli Tabib

is the owner of

fully paid and

non-assessable Shares of the above Corporation transferable only on the books of the Corporation by the holder hereof in person or by duly authorized Attorney upon surrender of this Certificate properly endorsed.

In Witness Whereof, the said Corporation has caused this Certificate to be signed by its duly authorized officers and to be sealed with the Seal of the Corporation.

Dated _____, 2000

MD 00677
MARCO/L&L WINGS



MARCO DESTIN, INC.

INCORPORATED UNDER THE LAWS OF THE STATE OF FLORIDA

The Corporation is authorized to issue 1000 Common Stock

This Certifies that

Fifty

Eli Tabib

is the owner of
fully paid and
non-assessable Shares of the above Corporation transferable only on the
books of the Corporation by the holder hereof in person or by duly authorized
Attorney upon surrender of this Certificate properly endorsed.

In Witness Whereof, the said Corporation has caused this Certificate to be signed
by its duly authorized officers and to be sealed with the Seal of the Corporation.

Dated _____, 2000

MD 00678
MARCO/L&L WINGS

# MOSES & SINGER LLP

*Tabib*
*06935/101*
*Ca*

1301 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6076

STEVEN GLASER
DIRECT DIAL (212) 554-7820

(212) 554-7800

FACSIMILE
(212) 554-7700

February 18, 2000

*4282 4857 9354*

**Via Federal Express**

Mr. Eli Tabib
Marco-Destin, Inc.
10400 N.W. 33rd Street
Miami, Florida 33172

Re: Eli Tabib/Shaul Levy and Meir Levy

Dear Eli:

As you know, Bennett and I completed the closing yesterday.

As part of the transaction I received the corporate minute books for Marco Destin, 1000 Highway and Panama Surf & Sport. Also, as part of the closing Shaul and Meir resigned as officers and directors of these companies. The minute books of the companies indicate that the only remaining officers and directors are as follows:

1000 Highway 98 East Corp.
Eli Tabib – Director and Vice President
Nir Tzanani – Treasurer
Raffi Zabari – Assistant Treasurer
Secretary – none

Panama Surf & Sport
Directors – none (Shaul was the sole director)
President – Eli Tabib
Vice President – none
Secretary – none
Treasurer – none

Marco Destin, Inc.
Eli Tabib – Director and Vice President
Nir Tzanani – Treasurer
Raffi Zabari – Assistant Treasurer
Secretary - none

237239

MD 00679
MARCO/L&L WINGS

MOSES & SINGER LLP

Mr. Eli Tabib
Page 2
February 18, 2000

You may wish to consider the election of new officers and directors.  If so, let us know and we will prepare the appropriate minutes.  I note in this respect that under Florida law a single director is permissible if the by-laws so provide.  The by-laws of Panama Surf currently require 3 directors (but could be changed); the by-laws for the others are silent

Further as part of the closing, I received the stock certificates of Shaul and Meir for these companies and will cancel and place them in the appropriate minute books.  Since you purchased the shares represented by those certificates from the Levys, I have prepared and enclose new stock certificates for each of the three companies for the shares which you so purchased.  You (and in the case of 1000 Highway and Marco Destin, Nir also as Treasurer) should sign these certificates, date them and either retain them with your valuable items or return them to me for placement in the corporate minute books.

We still need to receive a signed deed for the real property in Marco Island, although the actual deed and related papers have been prepared by Brent Wollmer and Alex and Andrew at Wings have said that the Levys will sign the papers next week.  When I receive the signed papers, I will send them to you for your execution.  Once you have executed the papers you should send them on to Brent Wollmer for recording (along with certain fees he will require).  I probably will also be sending you for your signature at the same time a deed for the North Carolina property which is going to the Levys.  If the deed for North Carolina should come directly to you, I would suggest that you let us know and that you do not give it to the Levys or Wings until they have given us the signed deed for Marco Island.

At this point I only have the faxed signatures for the various documents which were signed yesterday.  When I have received the actual execution pages from you and the Levys, I will prepare appropriate closing sets and will send one down to you.  If you need a set of documents before that I can make up a set with the fax signatures.  I will fax a copy of the Notes, the Purchase Agreement and the Consulting Agreements to Morty Etgar today for his use.

I will be out of the office next week but will return after that.

Sincerely yours,

Steven Glaser

SG/fb
cc:    Gideon Rothschild, Esq.

Document #: 237239

**MD 00680
MARCO/L&L WINGS**

**PANAMA SURF & SPORT, INC.**

*See Reverse for Certain Definitions*

**TOTAL AUTHORIZED ISSUE**
1,000 SHARES PAR VALUE $1.00 EACH

**COMMON STOCK**

**This is to Certify that**                Eli Tabib

**is the owner of**

Two Hundred

*fully paid and non-assessable shares of the above Corporation transferable only on the books of the Corporation by the holder hereof in person or by duly authorized Attorney upon surrender of this Certificate properly endorsed.*

**Witness,** *the seal of the Corporation and the signatures of its duly authorized officers.*

**Dated**                    , 2000

SECRETARY                    PRESIDENT

© 1967 CORPEX BANKNOTE CO., NEW YORK

MD 00681
MARCO/L&L WINGS



INCORPORATED UNDER THE LAWS OF THE STATE OF FLORIDA

## 1000 HIGHWAY 98 EAST CORP.

The Corporation is authorized to Issue 200 Common Shares — No Par Value

This Certifies that

Fifty

Eli Tabib

is the owner of

fully paid and non-assessable Shares of the above Corporation transferable only on the books of the Corporation by the holder hereof in person or by duly authorized Attorney upon surrender of this Certificate properly endorsed.

In Witness Whereof, the said Corporation has caused this Certificate to be signed by its duly authorized officers and to be sealed with the Seal of the Corporation.

Dated _____ , 2000

MD 00682
MARCO/L&L WINGS

INCORPORATED UNDER THE LAWS OF THE STATE OF FLORIDA

# MARCO DESTIN, INC.

This Corporation is Authorized to issue 1000 Common Shares of no par value

**This Certifies that**

Fifty

Eli Tabib

is the owner of

fully paid and non-assessable Shares of the above Corporation transferable only on the books of the Corporation by the holder hereof in person or by duly authorized Attorney upon surrender of this Certificate properly endorsed.

In Witness Whereof, the said Corporation has caused this Certificate to be signed by its duly authorized officers and to be sealed with the Seal of the Corporation.

Dated _____, 2000

MD 00683
MARCO/L&L WINGS

02/18/00  15:07 ℃    212 922 9306          L & L WINGS                    ☑ 001/003

*Tcbb*
*06985/101*
*Cu~*

# L & L WINGS, INC.

## FACSIMILE MESSAGE

**FAX NUMBER:** 212-554-7700

**ATTENTION:** Steven Glaser, Esq.

**COMPANY:** Moses & Singer, LLP

**DATE:** February 18, 2000

**TOTAL NO. OF PAGES:** 3          (INCLUDING COVER PAGE)

**FROM:**     ANDREW LICHY, ESQ.

**SUBJECT:**

## MESSAGE

**WARNING:** The information contained in this transmission is privileged under one or more of various privileges. This confidential information is intended only for the use of the addressee. Any distribution or copy made of the information contained in this communication is strictly prohibited. If you have received this facsimile message in error, please call the sender by telephone immediately and return the original fax page(s) and cover sheet to us at the address below via U.S. Mail.

Also, if you do not receive all pages transmitted or if any are illegible, please call the operator listed above.

**THANK YOU.**

**18 EAST 42ND STREET, NEW YORK, NEW YORK 10017**
**PHONE 212-922-9087 - FAX 212-922-9306**

MD 00684
MARCO/L&L WINGS

# LICENSING AGREEMENT

THIS AGREEMENT dated for purposes of reference as of the 1st day of November, 1998, is made by and between L & L WINGS, INC. d/b/a Wings, a South Carolina Corporation with an address at 18 East 42nd Street, New York, New York 10017, ("Licensor") and Marco-Destin Inc. (hereinafter, "Marco-Destin"), 1000 Highway 98 East Corp. ("Highway"), Panama Surf & Sport, Inc. ("Surf") and E&T Inc. (hereinafter, "ET"), being Florida and South Carolina corporations, and all having an address all c/o Marco Destin 10400 Northwest 33rd Street, Miami, Florida (collectively, hereinafter, "Licensee").

WHEREAS, Licensor is the owner of the unregistered servicemark, "Wings" and is the owner of trade dress rights to its distinctive design; and

WHEREAS, Licensee utilized the mark "Wings" on retail stores that it owns and has been for many years with the permission and an oral license from Licensor who was a one-half owner of the issued and outstanding shares of stock of Licensee (except shares in ET); and

WHEREAS, the ownership by Licensor of the shares of Licensee are being sold simultaneous with the execution of this Agreement; and

WHEREAS, Licensor and Licensee each adorn some of their retail locations with Licensor's unique wave sculpture design highlighted with a signature colored neon light combination, (hereinafter, Licensor's "Trade Dress"); and

WHEREAS, Licensee recognizes the goodwill, reputation and strong marketing value of using the "Wings" name as a trade/servicemark and trade name and its Trade Dress in the operation of its retail business establishments; and

WHEREAS, Licensee desires to continue do business using the name "Wings" in the "Territory" hereinafter defined after the separation of their respective ownership; and

WHEREAS, Licensee and/or entities and/or principals of Licensee are unwilling to enter into the simultaneous agreements purchasing the interest of Licensor and/or its principals interest in Licensee (except any interest in ET) without this Agreement; and

WHEREAS, Licensor is willing to grant a license to Licensee to use "Wings" and the Trade Dress in the Territory upon the terms and conditions set forth below and other than as set-forth hereinafter has the authority to do so;

NOW, THEREFORE, in consideration of the covenants and agreements hereinafter set forth, one dollar ($1.00) and other valuable consideration, the receipt and sufficiency of which hereby are acknowledged, the parties hereto agree as follows:

1. Definitions. The following terms as used in this Agreement shall have the meanings set forth below:

221916v2

MD 00685
MARCO/L&L WINGS

IN WITNESS WHEREOF, the parties have set their hands hereto as of the day and date above first appearing.

L & L WINGS, INC.

By: ~~Shaul Levy, President~~
    METR LEVY, V. President

MARCO-DESTIN, INC.
PANAMA SURF & SPORT, INC.
1000 HIGHWAY 98 EAST CORP.
E&T, INC.

By:  Eli Tabib, President

Eli Tabib

MD 00686
MARCO/L&L WINGS

02/18/00  15:08 l   212  554 7700        MOSES & SINGER LLP                          ☒001

```
                              ********************
                         ***   RX REPORT   ***
                              ********************


            RECEPTION OK

            TX/RX NO              7335
            CONNECTION TEL                212 922 9306
            SUBADDRESS
            CONNECTION ID        L & L WINGS
            ST. TIME             02/18 15:07
            USAGE T              00'54
            PGS.                    3
            RESULT               OK
```

MD 00687
MARCO/L&L WINGS

# L & L WINGS, INC.

## FACSIMILE MESSAGE

*Totals*
*06935/01*
*(or*

| | |
|---|---|
| FAX NUMBER: | 212-554-7700 |
| ATTENTION: | **Stevem Glaser, Esq.** |
| COMPANY: | Moses & Singer LLP |
| DATE: | February 18, 2000 |
| TOTAL NO. OF PAGES: | **12** (INCLUDING COVER PAGE) |

FROM:    ANDREW LICHY, ESQ.

SUBJECT:

## MESSAGE

**WARNING:** The information contained in this transmission is privileged under one or more of various privileges. This confidential information is intended only for the use of the addressee. Any distribution or copy made of the information contained in this communication is strictly prohibited. If you have received this facsimile message in error, please call the sender by telephone immediately and return the original fax page(s) and cover sheet to us at the address below via U.S. Mail.

Also, if you do not receive all pages transmitted or if any are illegible, please call the operator listed above.

**THANK YOU.**

18 EAST 42ND STREET, NEW YORK, NEW YORK 10017
PHONE 212-922-9087 - FAX 212-922-9306

MD 00688
MARCO/L&L WINGS

## ASSIGNMENT / SURRENDER AND ASSUMPTION OF LEASES

KNOW THAT, one dollar ($1.00) and other valuable consideration, Shaul Levy, Meir Levy, L & L Wings, Inc., a South Carolina corporation and/or Shaul & Meir Levy Partnership, a South Carolina partnership, each having an address at 18 East 42nd Street, New York, NY 10017, (collectively hereinafter referred to as "Assignors"), Marco Destin, Inc., a Florida corporation, having an address at 10400 Northwest 33rd Street, Miami, Florida (hereinafter referred to as "Assignee"), all right, title and interest of the lessees and/or leasehold interests under those certain Leases more particularly described in Exhibit A hereto,

TO HAVE AND TO HOLD the same unto Assignee and the heirs, executors, administrators, legal representatives, successors and assigns of Assignee from the date hereof for the rest of the terms of said Leases, as said Leases may be modified or extended.

This Assignment/Surrender and Assumption of Leases is given without representation or warranty by Assignors, whether express or implied, and without recourse against Assignors in any possible event.

Assignee hereby assume and agree to pay and perform all of the obligations of the lessees under the Leases. Assignee hereby agree to indemnify and hold Assignors harmless from and against any and all liability, claim, loss, damage or expense, including reasonable attorneys' fees, incurred in connection with, or arising or asserted with respect to the Leases or this Assignment.

**IN WITNESS WHEREOF**, Assignors and Assignee have duly executed this Assignment and Assumption of Leases as of November 1, 1998.

_____
Shaul Levy

_____
Meir Levy

L & L WINGS, INC.

By _____
Shaul Levy, President

SHAUL & MEIR LEVY PARTNERSHIP

By _____
Shaul Levy, General Partner

MARCO DESTIN, INC.

By _____
Eli Tabib, President

2

MD 00690
MARCO/L&L WINGS

## EXHIBIT A

The following leased property:

1.    581 South Collier Boulevard, Marco Island, Florida, commonly known as Store #317.

2.    2673 Parkway, Pigeon Forge, Tennessee, commonly known as Store #801.

3.    1251 A Miracle Strip Parkway, Ft. Walton Beach, Florida, commonly known as Store #748.

3

MD 00691
MARCO/L&L WINGS

## RESIGNATION

Each of the undersigned hereby resigns any officership or directorship and/or any employment status which the undersigned may have in or with respect to the following corporations, effective as of November 1, 1998:

        1000 Highway 98 East Corp.

        Marco Destin, Inc.

        Panama Surf and Sport Shop Inc.

 

                                         Shaul Levy

                                         Meir Levy

Dated:        February _____, 2000

235575v2

MD 00692
MARCO/L&L WINGS

Purchase Agreement effective as of November 1, 1998 by and between, on the one hand, Shaul Levy (hereinafter, "Shaul"), Meir Levy (hereinafter, "Meir"), (both Shaul Levy and Meir Levy are hereinafter collectively referred to as "Levy"), L&L Wings, Inc. (hereinafter, "L&L"), Shaul and Meir Levy Partnership (hereinafter, "SMP"), (Shaul Levy, Meir Levy, L&L and SMP, are all from time to time, hereinafter collectively referred to as "Wings"), and, on the other hand, Eli Tabib (hereinafter, "Eli"), 1000 Highway 98 East Corp. (hereinafter, "1000 Highway"), Marco-Destin. Inc. (hereinafter, "Marco-Destin"), 100 South Morehead Ave. Corp. (hereinafter, "Morehead"), and Panama City Surf & Sport Inc. (hereinafter, "Panama City").

WHEREAS, Shaul, Meir and Eli are the sole shareholders of Morehead; and

WHEREAS, Shaul, Meir and Eli are the sole shareholders of 1000 Highway; and

WHEREAS, Shaul, Meir and Eli are the sole shareholders of Marco-Destin; and

WHEREAS, Shaul, Meir and Eli are the sole shareholders of Panama City; and

WHEREAS, Shaul and Meir are the sole partners in SMP; and

WHEREAS, all of the parties, in one form or another, are engaged in the business of owning and operating retail stores; and

WHEREAS, certain of the stores affected by this agreement are operated under the name "Wings"; and

WHEREAS, Marco-Destin operated various stores leased to L&L without a lease and has since abandoned them; and

321819v6

MD 00693
MARCO/L&L WINGS

14.6.   If any provision of this agreement shall be unenforceable or invalid, such unenforceability or invalidity shall not affect the remaining provisions of this agreement.

14.7.   Upon such execution and delivery, this agreement shall be binding upon and inure to the benefit of the parties hereto and their respective heirs, executors, administrators, successors and permitted assigns.

IN WITNESS WHEREOF, the parties hereto have hereunto set their hands and seals as of the date first above written.

_____          _____
Shaul Levy, individually                      Meir Levy, individually

_____
Eli Tabib, individually

L&L Wings, Inc.                               1000 Highway 98 East Corp.

_____          _____
By:                                          By:

Marco-Destin Inc.                            100 South Morehead Ave. Corp.

_____          _____
By:                                          By:

Panama City Surf & Sport Inc.                Shaul & Meir Levy Partnership

_____          _____
By:                                          By:

E&T, Inc.

_____
By:

221819v6                              18

MD 00694
MARCO/L&L WINGS

# CONSULTING AGREEMENT
## (ELI TABIB)

This Consulting Agreement dated as of October 31, 1999 by and between Shaul Levy and Meir Levy, (collectively, the "Shareholders"), having an address c/o L&L Wings Inc., a South Carolina corporation (the "Company"), 18 E. 42nd Street, New York, New York, and Eli Tabib (the "Consultant"), having an address c/o Marco-Destin Inc., 10400 N.W. 33rd St., Miami, Florida.

## P R E A M B L E

The Company and its affiliates sell at retail clothing and related merchandise in various locations in, inter alia, the Southern United States. The Shareholders control the Company. The Consultant is chief executive officer of various clothing retailers with operations in the Southern United States. In the course of his duties with such retailers, the Consultant has become expert in the management and operation of the industry in the Southern United States area. The Shareholders desire to make available to themselves and to the officers of the Company and those of its affiliates the consulting services of Consultant and Consultant is willing to do so from time to time, all on the terms and conditions hereinafter set forth.

NOW, THEREFORE, in consideration of the premises and the mutual covenants contained herein and for other good and valuable consideration heretofore or simultaneously with the execution hereof furnished by each party to the other, the sufficiency of which the parties hereby acknowledge, the parties hereto hereby agree as follows:

1.    Consulting.

The Shareholders hereby retain Consultant and Consultant hereby agrees to consult with the Shareholders and the Company and its executives (and those of its affiliates) for the period set forth in Section 2 hereof, subject to and upon the other terms and conditions herein provided.

2.    Term of Consulting.

The period of Consultant's consulting under this Agreement shall commence as of the date hereof and shall continue thereafter until October 31, 2009 (the "Term"). In the event that the Consultant continues to consult with the Shareholders and/or the Company and its affiliates after the end of the Term, such continued employment shall be subject to such terms and conditions as the Shareholders and the Consultant may then agree.

234426v5

hereinabove set forth. Any party may change his or its address for purposes of this Section 11 by giving written notice thereof hereunder.

      12.   <u>Due Capacity</u>.

The Shareholders hereby warrant and represent to the Consultant that they have the full capacity and power to delivery and perform this Agreement.

      13.   <u>Attorneys' Fees</u>.

In the event that it shall be necessary for either party hereto to retain legal counsel and/or incur other costs and expenses in connection with the enforcement hereof whether by a judicial action or proceeding or by arbitration, such party shall to the extent it shall prevail (whether by settlement or by judicial or arbitral action or otherwise) be entitled to recover from the other party such first party's reasonable attorneys' fees and costs and expenses in connection with such enforcement.

IN WITNESS WHEREOF, the parties have signed this Agreement, in the City of New York as of the day and year first above written.

 

                                 _____
                                 SHAUL LEVY, individually

                                 _____
                                 MEIR LEVY, individually

                                 _____
                                 ELI TABIB, individually

MD 00696
MARCO/L&L WINGS

Stock Power
1000 Highway 98 East Corp.

For Value Received, each of Shaul Levy and Meir Levy does hereby sell, assign and transfer unto Eli Tabib (SS#_____/_____), their respective shares, aggregating one-half of all the authorized and issued shares of the common stock of 1000 Highway 98 East Corp. (the "Corporation"), standing in their respective names on the books of said Corporation, represented by Certificate Number(s) _____ and each does hereby irrevocably constitute and appoint Eli Tabib, attorney to transfer the said stock belonging to him on the books of the Corporation with full power of substitution in the premises.

Dated:_____

_____
Shaul Levy

_____
Meir Levy

In presence of:

_____
Witness

Document #: 237170

MD 00697
MARCO/L&L WINGS

Stock Power
Marco Destin Inc.

For Value Received, each of Shaul Levy and Meir Levy does hereby sell, assign and transfer unto Eli Tabib (SS#_____/_____), their respective shares, aggregating one-half of all the authorized and issued shares of the common stock of Marco Destin, Inc. (the "Corporation"), standing in their respective names on the books of said Corporation, represented by Certificate Number(s) _____ and each does hereby irrevocably constitute and appoint Eli Tabib, attorney to transfer the said stock belonging to him on the books of the Corporation with full power of substitution in the premises.

Dated:_____

_____
Shaul Levy

_____
Meir Levy

In presence of:

_____
Witness

Document #: 237168

MD 00698
MARCO/L&L WINGS

L & L WINGS
@012

Stock Power
Panama Surf & Sport, Inc.

For Value Received, each of Shaul Levy and Meir Levy does hereby sell, assign and transfer unto Eli Tabib (SS# _____/_____), their respective shares, aggregating one-half of all the authorized and issued shares of the common stock of Panama Surf & Sport, Inc. (the "Corporation"), standing in their respective names on the books of said Corporation, represented by Certificate Number(s) _____ and each does hereby irrevocably constitute and appoint Eli Tabib, attorney to transfer the said stock belonging to him on the books of the Corporation with full power of substitution in the premises.

Dated:_____

Shaul Levy _____

Meir Levy _____

In presence of:

_____

Witness

Document #: 237169

MD 00699
MARCO/L&L WINGS

MOSES & SINGER LLP

☑001

```
**********************
***   RX REPORT   ***
**********************
```

RECEPTION OK

TX/RX NO             7712
CONNECTION TEL              212 922 9306
SUBADDRESS
CONNECTION ID        L & L WINGS
ST. TIME             02/18 13:48
USAGE T              02'20
PGS.                   12
RESULT               OK

MD 00700
MARCO/L&L WINGS

*Tab 6*
*06935/101*
*Cov*

# MOSES & SINGER LLP

1301 Avenue of the Americas, New York, NY 10019-6076
Telephone: 212.554.7800          Facsimile: 212.554.7700

# Facsimile Transmission
# Cover Sheet

Date:          February 18, 2000

**To**                    **Firm name**                    **Fax number transmitted to**

Morty Etgar, CPA                                          305 665-5501

From:          Steven Glaser, Esq.          Phone:   212 554-7820

Client/Matter:   06935/101

Number of Pages:
(Including cover page)

Comments:  We closed yesterday.  Here are copies of the Purchase Agreement, the
Noted and the Consulting Agreements for your reference.  Thanks for your help.

If you do not receive all pages, or have any other problems receiving this transmission, please call 212-554-7800 and ask for the telecopy operator.

**CONFIDENTIALITY NOTE**
This facsimile transmission contains information intended for the exclusive use of the individual or entity to whom it is addressed and may contain information that is proprietary, confidential, and/or exempt from disclosure under applicable law.

If you are not the intended recipient (or an employee or agent responsible for delivering this facsimile transmission to the intended recipient), you are hereby notified that any copying, disclosure or distribution of this information may be subject to legal restriction or sanction.  Please notify the sender by telephone to arrange for the return or destruction of the information and all copies.

**MD 00701**
**MARCO/L&L WINGS**

Purchase Agreement effective as of November 1, 1998 by and between, on the one hand, Shaul Levy (hereinafter, "Shaul"), Meir Levy (hereinafter, "Meir"), (both Shaul Levy and Meir Levy are hereinafter collectively referred to as "Levy"), L&L Wings, Inc. (hereinafter, "L&L"), Shaul and Meir Levy Partnership (hereinafter, "SMP"), (Shaul Levy, Meir Levy, L&L and SMP, are all from time to time, hereinafter collectively referred to as "Wings"), and, on the other hand, Eli Tabib (hereinafter, "Eli"), 1000 Highway 98 East Corp. (hereinafter, "1000 Highway"), Marco-Destin Inc. (hereinafter, "Marco-Destin"), 100 South Morehead Ave. Corp. (hereinafter, "Morehead"), and Panama City Surf & Sport Inc. (hereinafter, "Panama City").

WHEREAS, Shaul, Meir and Eli are the sole shareholders of Morehead; and

WHEREAS, Shaul, Meir and Eli are the sole shareholders of 1000 Highway; and

WHEREAS, Shaul, Meir and Eli are the sole shareholders of Marco-Destin; and

WHEREAS, Shaul, Meir and Eli are the sole shareholders of Panama City; and

WHEREAS, Shaul and Meir are the sole partners in SMP; and

WHEREAS, all of the parties, in one form or another, are engaged in the business of owning and operating retail stores; and

WHEREAS, certain of the stores affected by this agreement are operated under the name "Wings"; and

WHEREAS, Marco-Destin operated various stores leased to L&L without a lease and has since abandoned them; and

221819v6

MD 00702
MARCO/L&L WINGS

WHEREAS, Marco-Destin holds leases on stores operated by L&L and desires to assign such leases to L&L; and

WHEREAS, Shaul and Meir are desirous of acquiring and 1000 Highway desires to sell certain real property; and

WHEREAS, Levy and Eli have determined that it is in their best interests and in the best interests of the various corporate entities named hereinabove to amicably part ways; and

WHEREAS, Levy and Eli have determined that it is in their best interests and in the best interests of the various corporate entities named hereinabove if Levy and Eli cease to own shares of stock in the same entities;

NOW, THEREFORE, in consideration of the covenants and agreements hereinafter set forth, and other valuable consideration, the receipt and sufficiency of which hereby are acknowledged, the parties hereto agree as follows:

I.    Transfers of Shares of Stock

1.1.    100 South Morehead Ave. Corp. Eli hereby sells, transfers and delivers to Shaul and Meir, in equal shares, and Shaul and Meir hereby purchase, upon the terms and conditions hereinafter set forth, all Eli's shares of the capital stock of Morehead, which shares constitute one-half of the authorized and issued shares of Morehead. The purchase price being paid by Shaul and Meir for Eli's said shares is $65,743 payable by offset against the note being delivered by Eli pursuant to Paragraph 1.2, 1.3 and 1.4. The seller warrants that he has good and marketable title to such shares and that the same are subject to no lien, claim or other encumbrance.

MD 00703
MARCO/L&L WINGS

1.2.    1000 Highway 98 East Corp. Shaul and Meir each, for himself, agree to sell, transfer and deliver to Eli and Eli hereby purchases, upon the terms and conditions hereinafter set forth, all of their shares of the capital stock of 1000 Highway, which shares constitute one-half of the authorized and issued shares of 1000 Highway. The purchase price to be paid by Eli for said shares shall be $568,107, payable by the delivery by Eli of a note therefor and for the purchase prices under paragraph 1.3, and 1.4. The sellers warrant that they have good and marketable title to such shares and that the same are subject to no lien, claim or other encumbrance.

1.3.    Marco-Destin Inc. Shaul and Meir each, for himself, hereby sell, transfer and deliver to Eli and Eli hereby purchases, upon the terms and conditions hereinafter set forth, all their shares of the capital stock of Marco-Destin, which shares constitute one-half of the authorized and issued shares of Marco-Destin. The purchase price being paid by Eli for said shares is $207,341 payable by the delivery by Eli of a note therefor and for the purchase price under Paragraph 1.2 and 1.4. The sellers warrant that they have good and marketable title to such shares and that the same are subject to no lien, claim or other encumbrance.

1.4.    Panama City Surf & Sport Inc. Shaul and Meir each for himself, hereby sell, transfer and deliver to Eli and Eli hereby purchases, upon the terms and conditions hereinafter set forth, all their shares of the capital stock of Panama City, which shares constitute one-half of the authorized and issued shares of Panama City. The purchase price being paid by Eli for said shares is $149,860, by the delivery by Eli of a note therefor and for the purchase prices under Paragraph 1.2 and 1.3. The sellers warrant that they have good and marketable title to such shares and that the same are subject to no lien, claim or other encumbrance.

MD 00704
MARCO/L&L WINGS

1.5.    E&T, Inc.  Shaul and Meir, each for himself, hereby acknowledges and agrees that Eli is the sole owner of the shares of E&T, Inc. and that neither of them has any claim thereto.

1.6.    Wings.  Eli hereby acknowledges and agrees that he does not have any ownership interest in L&L or SMP.

2.    Transfers of Leasehold Interests and Property

2.1.    106A N. New River Drive, Surf City, NC.  In consideration of the sum of $1.00, Eli and Marco-Destin shall execute, as soon as practicable after the Closing, a surrender to L&L of any leasehold right, whether oral or written, (and subject to any and all liens or encumbrances consented to by Shaul, Meir or L&L or their affiliates or of which any of them otherwise have knowledge) which he, it or they may have in and to the lease agreement entered into between Coastal Land Ventures, Inc. as Landlord and L&L as Tenant, for the premises known by the parties as store #766 located at 106A N. New River Drive, Surf City, NC. This store was formerly operated by Marco-Destin and since abandoned. The surrender agreement shall be in form and substance reasonably satisfactory to the parties.

2.2.    15 East 1st Street, Ocean Isle, NC.  In consideration of the sum of $1.00, Marco-Destin shall assign, as soon as practicable after the Closing, to L&L (subject to any and all liens or encumbrances consented to by Shaul, Meir or their affiliates or of which any of them otherwise have knowledge) the lease between Ralph Shama and Yaron Shama collectively as Landlord and Marco-Destin as Tenant, together with all right, title and interest of the tenant thereunder, for the premises known by the parties as store #767 located at 15 East 1st Street,

**MD 00705**
**MARCO/L&L WINGS**

Ocean Isle, NC. The assignment shall be in form and substance reasonably satisfactory to the parties. This store was formerly operated by Marco-Destin and since abandoned.

    2.3.    <u>1014 N. Lake Park Road, Carolina Beach, NC (transfer of real property)</u>. In consideration of $1.00 and a certain sum heretofore paid by it by Shaul and Meir, 1000 Highway shall, as soon as practicable after the Closing sell, transfer and convey to Shaul and Meir and/or L&L or SMP (subject to all liens and encumbrances consented to by Shaul, Meir, or their affiliates or of which any of them otherwise have knowledge), the real property, together with the buildings and improvements thereon located, known by the parties as store #765 located at 1014 N. Lake Park Road, Carolina Beach, pursuant to the form of deed reasonably satisfactory to the parties.

    2.4.    <u>1014 N. Lake Park Road, Carolina Beach, NC (transfer of leasehold interest)</u>. In consideration of the sum of $1.00, Marco-Destin shall, as soon as practicable after the Closing, assign (subject to any liens or encumbrances consented to by Shaul, Meir, L&L or their affiliates or of which any of them otherwise has knowledge) to L&L any right, title or interest it has or may claim to have as Tenant and is surrendering to L&L any claims to the business operated in the premises known by the parties as store #765 located at 1014 N. Lake Park Road, Carolina Beach, NC. Eli, 1000 Highway, pursuant to a form of assignment and surrender agreement reasonably satisfactory to the parties. This store was formerly operated by Marco-Destin and since abandoned.

    2.5.    <u>9952 Beach Road, Calabash, NC</u>. In consideration of the sum of $1.00 and a certain sum heretofore paid by Shaul and Meir to 1000 Highway, Eli and 1000 Highway shall assign, as soon as practicable after the Closing (subject to any liens or encumbrances consented

MD 00706
MARCO/L&L WINGS

to by Shaul, Meir, L&L or their affiliates or of which any of them has knowledge), to L&L and/or Shaul and Meir or SMP, any right, title or interest either or both of them has or may have or may claim to have in and to the land and/or buildings and improvements located thereon and known by the parties as store #605 located at 9952 Beach Road, Calabash, NC, pursuant to an assignment and surrender agreement reasonably satisfactory to the parties.

2.6.   581 South Collier Boulevard, Marco Island, FL (correction of title). The parties hereby agree and acknowledge that 1000 Highway is the lawful owner of the land with the buildings and improvements thereon located at 551 South Collier Boulevard, Marco Island, Florida and known by the parties as store #317. Shaul, Meir, Eli and 1000 Highway hereby further acknowledge and agree, each for it, him and themselves, that the deed of conveyance incorrectly reflects that they are the owners of the property while the corporate books of 1000 Highway correctly reflect that it owns the said property. In order to correct this error, Shaul, Meir, Eli and 1000 Highway, shall as soon as practicable after the Closing, for a consideration of $1.00 execute a correction deed to 1000 Highway in form reasonably satisfactory to the parties. Said property will be conveyed subject to all existing mortgage(s) and U.C.C. security interests known to and previously consented to by Eli, 1000 Highway and Marco-Destin.

2.7.   581 South Collier Boulevard, Marco Island, FL (transfer of leasehold interest). In consideration of the sum of $1.00, Wings shall, as soon as practicable after the Closing, assign to Marco-Destin or any of its affiliates which are parties hereto, pursuant to an assignment and surrender agreement in form and substance reasonably satisfactory to the parties, any right, title or interest it has or may claim to have as Tenant and will surrender to Marco-Destin or any of its affiliates which are parties hereto any claims to the business operated in the premises known by the parties as store #317 located at 581 South Collier Boulevard, Marco Island, Florida.

MD 00707
MARCO/L&L WINGS

2.8.    2673 Parkway, Pigeon Forge, TN. For a consideration of $1.00 Wings shall, as soon as practicable after the Closing, assign to Marco-Destin or any of its affiliates which are parties hereto the lease between Michael Shaler as Landlord and L&L as Tenant, together with all right, title and interest of the Tenant thereunder, in and to the premises known by the parties as store #801 located at 2673 Parkway, Pigeon Forge, TN, pursuant to a assignment agreement in form and substance reasonably satisfactory to the parties.

2.9.    1251 A Miracle Strip Parkway, Ft. Walton Beach, FL. For a consideration of $1.00 Wings shall, as soon as practicable after at the Closing, assign to 1000 Highway or any of its affiliates which are parties hereto any interest it has in the lease between Noric, Inc. as Landlord and L&L as Tenant, together with all right, title and interest of the Tenant thereunder, in and to the premises known by the parties as store #748 located at 1251A Miracle Strip Parkway, Ft. Walton Beach, FL pursuant to an assignment agreement in form and substance reasonably satisfactory to the parties, which lease contains a right of assignment so long as Tenant remains liable on the lease. The parties acknowledge and agree that L&L de facto assigned the lease to 1000 Highway; that 1000 Highway built the store; and that the store is operated by Marco-Destin pursuant to a de facto sublet from 1000 Highway.

2.10.    1115 S. Highway 98 E., Destin, Fl. (Store #749) Shaul and Meir hereby warrant and represent for themselves, Wings and their other affiliates, that they have not recorded any mortgage or security interest which would affect any rights of 1000 Highway in the leasehold for store # 749 or any renewal or the improvements thereof and none of them has any claim thereto and that all improvements have been recorded on the books of Marco-Destin and/or 1000 Highway.

2218196                                         7

**MD 00708**
**MARCO/L&L WINGS**

2.11.    Merrill Lynch Security Interest Release. Shaul, Meir and Wings shall as soon as practicable after the Closing (but in no event later than December 31, 2000) deliver to Eli Tabib and/or the entities controlled after the Closing by Eli releases in form suitable for filing with the appropriate public offices for any and all of the security interests held by (i) Merrill Lynch Pierce Fenner & Smith (or its business credit affiliates), or (ii) any other creditor (including but not limited to Charter)(excluding any mortgagee on a real property mortgage), for each jurisdiction in which any said creditor has filed a lien or security interest against any of the inventory, fixtures, or other personal property of any stores operated by any of such entities controlled by Eli after the Closing (including but not limited to Marco Destin). Shaul, Meir and Wings hereby agree and acknowledge that time is of the essence in respect of such final release date of December 31, 2000 and that Eli, Marco Destin and the other entities Eli controls will suffer substantial injuries if the covenant set forth in this Section 2.11 is not fully performed by such date so that any such liens or security interests are fully released against any of Eli's entities and their stores by such date.

3.    License of Mark.

L&L is at the Closing granting to Marco-Destin and certain other entities controlled by Eli after the Closing a license to use the trademark name "Wings" and certain Trade Dress for all stores currently operated by Marco-Destin and/or such other entity in the state of Florida and certain other store and locations subject to a separate licensing agreement.

4.    Execution and Delivery of Documents.

4.1.    At the closing the parties are executing and delivering by, to and among them, as necessary to effectuate the intent of this agreement, the following documents and items:

MD 00709
MARCO/L&L WINGS

4.1.1.  The certificate or certificates for the shares of stock in the respective corporations, duly endorsed so as to effectively transfer ownership of the respective corporations as provided in this agreement, together with all appropriate Federal and State transfer tax stamps affixed.

4.1.2.  Letters of resignation from each director and officer of the respective corporations for which they are transferring shares, effective as of the Closing.

4.1.3.  The Certificate of Incorporation and/or other organizational documents of any corporation for which shares are being transferred pursuant to this agreement, and the bylaws, minute book, stock certificate book, and seal of any such Corporation

4.1.4.  Any bills, vouchers, and/or other records showing the ownership of the furniture, furnishings, equipment, and other property used in the operation of the business of any corporation for which shares are being transferred pursuant to this agreement.

4.1.5.  All other books of account, records and contracts of any corporation for which shares are being transferred pursuant to this agreement.

4.1.6.  All such other instruments as may be necessary or proper to transfer to a transferee hereunder all other ownership interests in a corporation for which shares are being transferred pursuant to this agreement.

4.1.7.  All business licenses, permits, etc., which may be required for the business operated in a premises subject to this agreement, which licenses, permits, etc., shall be endorsed, assigned and/or otherwise transferred to the transferee of the property hereunder, in such form and manner as to meet the requirements of the issuing authority.

MD 00710
MARCO/L&L WINGS

4.1.8.  Limited releases.

4.2.    The parties hereto agree after the Closing to execute any and all such other and further documents and take such other actions as may be required by any of them to further complete, evidence or perfect the transfers and conveyances provided for or contemplated by this agreement, including in the case of the assignments, transfers and corrective deeds of real property and leases therefor pursuant to this agreement, all deeds of conveyance, tax returns, affidavits, evidences of debt, assignments, surrenders and any and all other documents which may be necessary or required to complete the transfers of real property and leases provided for or contemplated in this agreement.

4.3.    The parties hereto agree to take all other steps necessary to assure that the documents provided for hereunder shall be valid and binding and effective to transfer property in the State (or States as the case may be) and local jurisdictions to which any property transferred hereunder may be subject.

4.4.    The parties agree to procure releases of guarantees, and/or lessee liability and or the like in respect of parties who, or which, as a result of the consummation of the transactions contemplated hereby no longer have any beneficial or equitable interest in a relevant entity lessee or borrower which is a party hereto when the relevant lease, loan agreement or the like has matured by its terms and is being renewed.

5.    Secured Debt.

5.1.    The parties acknowledge that adequate disclosure of all encumbrances has been made and that they and each of them are fully aware of and familiar with the encumbrances on the property affected by this Agreement.

MD 00711
MARCO/L&L WINGS

5.2.    In the event a party (herein, "the defaulting party"), who, pursuant to this agreement, receives real and/or personal property, including any assignment of lease, fails to timely and duly fulfill any and/or all obligations in connection with any such encumbrance and/or other obligations assumed, (including, but not limited to, the payment of any mortgage or note or payment of rent) and such failure continues uncured for more than 120 days after notice by another party to this Agreement still obligated for the liability (the "non-defaulting party"), (whether such "non-defaulting party" is primarily liable for the obligation, as guarantor or otherwise); then, the said non-defaulting party may satisfy, fulfill and/or discharge the liability, whereupon the non-defaulting party shall be entitled to reimbursement for all payments and costs by the defaulting party and/or shall be entitled to immediate possession of the previously transferred real and/or personal property and/or leasehold interest to which the liability relates, free and clear of any right, title and/or interest of the defaulting party (unless such defaulting party shall cure such default prior to the non-defaulting party's actual taking of possession or such property).

6.    Payment of Consideration.

6.1.    All consideration to be paid hereunder shall be paid at the Closing (as hereinabove defined), it being understood and agreed between the parties that, with the agreement of the payee party, an obligated party hereunder may pay any part or all of the consideration by the due execution and issuance of a promissory note in form satisfactory and acceptable to the parties.

MD 00712
MARCO/L&L WINGS

7.    Representations and Warranties.

7.1.    The parties represent and warrant, each for it, him, themselves, to the others, as follows:

7.2.    The corporations affected hereby are duly organized and validly existing under the laws of the states in which they were incorporated and are duly qualified to do business in the states in which they operate.

7.3.    The parties have full power and authority to carry out and perform their respective undertakings and obligations as provided herein.

7.4.    The execution and delivery by the parties of this agreement and the consummation of the transactions contemplated hereby have been duly authorized by the Boards of Directors of the affected corporations (and in the case of SMP by the partners of SMP) and will not conflict with or breach any provision of the certificates of incorporation or bylaws of these corporations (or the partnership agreement in the case of SMP).

7.5.    Shaul, Meir and Eli each own and have good and marketable title to the respective shares of stock in the Corporations sold by them hereunder. All of the shares are no par value, are fully paid and non-assessable, and have not been assigned, pledged or hypothecated, and are free of all liens, claims and encumbrances, except as set forth herein.

7.6.    The parties are all fully aware of the financial condition, liens and/or encumbrances and leases affecting the corporations and/or property (both real and personal), transferred pursuant to this Agreement and acknowledge that full disclosure of same has been made to them and they take subject to same, except as otherwise set forth hereinabove (including

221819v6                                    12

**MD 00713**
**MARCO/L&L WINGS**

but not limited to Section 2.11) and this provision shall not eliminate any express warranty or representation of a party set forth herein relating to the status of any leases, liens or encumbrances.

7.7.    The parties acknowledge that they are fully familiar with any written contracts or agreements for the employment of any employee of any business transferred hereby;

7.8.    The entities transferred hereunder have filed all tax returns, including without limitation, all income, excise, property, gain, sales, franchise and license tax returns, required to be filed by them prior to the date hereof. The parties are fully familiar with all such tax filings and the respective transferees hereunder agree to assume liability for the payment of all taxes owed, owing or assessed against the transferred entities.  The grantee or assignee of any interest in property to be conveyed hereunder shall be responsible for any state or local transfer taxes or excises and for any recording charges.

7.9.    The parties represent each for him, it, themselves and to each other, that all rent, mortgage payments, real estate taxes and arrears, if any, and violations, which may affect any property, whether real or personal property and including any lease interest, transferred hereunder or otherwise affected by this Agreement, have been fully paid and will be paid current to the date of the transfer hereunder.

7.10.    The parties acknowledge that they have not made to each other nor has any representative or agent of any of them made any representation or warranty (expressed or implied) regarding any matter or thing affecting or relating to this agreement, except as specifically set forth in this agreement. No party shall be liable or bound in any manner by any oral or written statement, representation, warranty, agreement or information pertaining to this

MD 00714
MARCO/L&L WINGS

agreement unless specifically set forth in this agreement or in any instrument of transfer executed at the Closing or otherwise in connection herewith.

8.  Indemnification.

Each party hereto shall indemnify and hold the other parties harmless from and against all liability, claim, loss, damage or expense, including reasonable attorneys' fees, incurred or required to be paid by such other parties by reason of any breach or failure of observance or performance of any representation, warranty or covenant or other provision of this agreement by such party.

9.  Assignment Prohibited.

No party shall assign this agreement without the prior written consent of the other parties in each instance unless specifically provided hereinabove. Any attempted assignment without consent of all parties shall be null and void.

10. Notices.

All notices, demands and other communications required or permitted to be given hereunder shall be in writing and shall be deemed to have been properly given if delivered by hand or by overnight courier or by registered or certified mail, return receipt requested, with postage prepaid, to the party or parties (as the case may be), to be charged, at it, his, their address first above written, or at such other address as he, it, they may designate by notice given hereunder. Copies of all such notices, demands and other communications simultaneously shall be given in the aforesaid manner to Wing's attorney, Bennett D. Krasner, Esq., at 1233 Beech St. No. 49, Atlantic Beach, NY 11509, and to Eli's attorney, Gideon Rothchild, Esq., Moses and Singer LLP at 1301 Avenue of the Americas, New York, NY 10019. The respective attorneys for

221819v6                                14

MD 00715
MARCO/L&L WINGS

the parties hereby are authorized to give any notice required or permitted hereunder and to agree to adjournments of the Closing.

11.    Further Actions.

In connection with the transactions contemplated by this agreement, the parties agree to execute and deliver such further instruments, and to take such further actions, as may be reasonably necessary or proper to effectuate and carry out the transactions contemplated in this agreement.

12.    Joint Liability, Guarantees and Sureties.

All the parties acknowledge that, during the course of their long business relationship, they and each of them have, from time to time, guaranteed, cross-guaranteed, become joint and severally liable for various obligations and acted as sureties for each other (all of these obligations are hereinafter referred to as "Potential Obligations"). The extent of the parties' liability based upon Potential Obligations is vast and the parties are unable, with any reasonable certainty, to provide any compendium to each other or even to list the obligees of any Potential Obligations. Therefore, Wings and Morehead (hereinafter "Wings' Group") on the one hand, and Eli, 1000 Highway, Marco-Destin and Panama City (hereinafter "Eli's Group"), on the other hand, agree to indemnify and hold each other harmless from and against all liability, claim, loss, damage or expense, including reasonable attorneys' fees, incurred or required to be paid by such other party by reason of any Potential Obligation. Furthermore, if any said claim, loss damage or expense relates to real and/or personal property including, but not limited to, any leasehold interest, and such indemnification (or reasonable security therefor) is not provided with 120 days after notice from the party incurring such payment to the party from whom (or from

221819v6                                   15

MD 00716
MARCO/L&L WINGS

which) indemnification is due, such first party shall be entitled, in addition to its other rights and remedies, to immediate possession of the subject real and/or personal property, including, but not limited to any leasehold interest, free and clear of any right, title and/or interest of the other party (unless the party from whom or from which indemnification is due shall have provided such indemnification prior to the other party's actual taking of possession).  (By way of example, if Eli's Group or any member thereof, defaults on a mortgage payment on real property held by 1000 Highway and any party of the Wings' Group is called upon, by virtue of its guarantee to correct the default (and Eli's Group shall not have indemnified such payment within the cure period), then such party of Wings' Group shall be entitled to immediate possession of the real property free and clear of any interest any party of Eli's Group may have (unless Eli's Group shall have cured the default prior to the taking by such other party in Wings' Group of such possession))

13.    Entire Agreement.

        This agreement contains all of the terms agreed upon between the parties with respect to the subject matters hereof. This agreement has been entered into after full investigation. All prior oral or written statements, representations, promises, understandings and agreements of the parties are merged into and superseded by this agreement, which alone fully and completely expresses their agreement.

14.    Miscellaneous.

        14.1.    No delay or omission by any of the parties in exercising any right shall operate as a waiver of such right or of any other right.

MD 00717
MARCO/L&L WINGS

14.2.   This agreement may not be altered, amended, changed, modified, waived or terminated in any respect or particular unless the same shall be in writing signed by the party to be bound.

14.3.   No waiver by any party of any breach hereunder shall be deemed a waiver of any other or subsequent breach.

14.4.   Any Exhibits annexed to this agreement are an integral part of this agreement, and where there is any reference to this agreement it shall be deemed to include any said Exhibits.

14.5.   This agreement shall be governed solely by the laws of the State of New York without giving effect to any conflict of laws provisions thereof.  Any and all matters of dispute between the parties hereunder or in connection herewith shall be resolved in New York County, New York State by arbitration before the American Arbitration Association and shall include the jurisdiction in the federal courts of the Southern District of New York and of the state courts of the State of New York in New York County to enforce such arbitration and/or confirm any award thereof.  The parties hereby consent to jurisdiction as set forth herein.  Notwithstanding the foregoing, any party may apply to a court of competent jurisdiction for a temporary restraining order, preliminary or permanent injunction or any other form of relief to assure that any judgment awarded in arbitration is not rendered ineffective and/or prevent termination of possession or other loss of a right or property interest prior to an opportunity to cure in the event of dispute hereunder as to a party's rights and/or obligations.  Furthermore, notwithstanding the foregoing, in the event of a timely objection to arbitration, either party may commence a proceeding in Supreme Court of the State of New York and County of New York and/or Federal District Court for the Southern District of New York.

221819v6                              17

MD 00718
MARCO/L&L WINGS

14.6.  If any provision of this agreement shall be unenforceable or invalid, such unenforceability or invalidity shall not affect the remaining provisions of this agreement.

14.7.  Upon such execution and delivery, this agreement shall be binding upon and inure to the benefit of the parties hereto and their respective heirs, executors, administrators, successors and permitted assigns.

IN WITNESS WHEREOF, the parties hereto have hereunto set their hands and seals as of the date first above written.

_____          _____
Shaul Levy, individually                          Meir Levy, individually

_____
Eli Tabib, individually

L&L Wings, Inc.                                        1000 Highway 98 East Corp.

_____          _____
By:                                                          By:

Marco-Destin Inc.                                    100 South Morehead Ave. Corp.

_____          _____
By:                                                          By:

Panama City Surf & Sport Inc.                 Shaul & Meir Levy Partnership

_____          _____
By:                                                          By:

E&T, Inc.

_____
By:

221819v6                                              18

MD 00719
MARCO/L&L WINGS

02/17/2000  17:57   13056727959              WINGS: 307                    PAGE  19
02/17/00  16:52    212  E   7700      MOSES & SINGER LLP              ☎ 019/033

14.6.   If any provision of this agreement shall be unenforceable or invalid, such unenforceability or invalidity shall not affect the remaining provisions of this agreement.

14.7.   Upon such execution and delivery, this agreement shall be binding upon and inure to the benefit of the parties hereto and their respective heirs, executors, administrators, successors and permitted assigns.

IN WITNESS WHEREOF, the parties hereto have hereunto set their hands and seals as of the date first above written.

_____          _____
Shaul Levy, individually           Meir Levy, individually

_____
Eli Tabib, individually

L&L Wings, Inc.                    1000 Highway 98 East Corp.

By:_____       By:_____

Marco-Destin Inc.                  100 South Morehead Ave. Corp.

By:_____       By:_____

Panama City Surf & Sport Inc.      Shaul & Meir Levy Partnership

By:_____       By:_____

E&T, Inc.

By:_____

721819v6                           18

MD 00720
MARCO/L&L WINGS

## CONSULTING AGREEMENT
### (ELI TABIB)

This Consulting Agreement dated as of October 31, 1999 by and between Shaul Levy and Meir Levy, (collectively, the "Shareholders"), having an address c/o L&L Wings Inc., a South Carolina corporation (the "Company"), 18 E. 42nd Street, New York, New York, and Eli Tabib (the "Consultant"), having an address c/o Marco-Destin Inc., 10400 N.W. 33rd St., Miami, Florida.

### P R E A M B L E

The Company and its affiliates sell at retail clothing and related merchandise in various locations in, inter alia, the Southern United States. The Shareholders control the Company. The Consultant is chief executive officer of various clothing retailers with operations in the Southern United States. In the course of his duties with such retailers, the Consultant has become expert in the management and operation of the industry in the Southern United States area. The Shareholders desire to make available to themselves and to the officers of the Company and those of its affiliates the consulting services of Consultant and Consultant is willing to do so from time to time, all on the terms and conditions hereinafter set forth.

NOW, THEREFORE, in consideration of the premises and the mutual covenants contained herein and for other good and valuable consideration heretofore or simultaneously with the execution hereof furnished by each party to the other, the sufficiency of which the parties hereby acknowledge, the parties hereto hereby agree as follows:

1.    Consulting.

The Shareholders hereby retain Consultant and Consultant hereby agrees to consult with the Shareholders and the Company and its executives (and those of its affiliates) for the period set forth in Section 2 hereof, subject to and upon the other terms and conditions herein provided.

2.    Term of Consulting.

The period of Consultant's consulting under this Agreement shall commence as of the date hereof and shall continue thereafter until October 31, 2009 (the "Term"). In the event that the Consultant continues to consult with the Shareholders and/or the Company and its affiliates after the end of the Term, such continued employment shall be subject to such terms and conditions as the Shareholders and the Consultant may then agree.

234426v5