3.    Responsibilities and Duties.

(a)    During the period of his retention hereunder, Consultant agrees to consult with the Shareholders and the Company and its executives (and those of its affiliates) at the request of the Shareholders given to him from time to time and upon reasonable notice (and, in this connection, taking into account the reasonable needs of Consultant's other enterprises and interests for his services). Consultant shall not be required as a condition of his compensation to render any minimum level of consultation during any period , it being understood and agreed that Consultant shall render his services only as requested by the Shareholders hereunder and further that such services shall be rendered by Consultant solely within (or from) the State of Florida and finally that Consultant has in the past furnished other services and other good and sufficient consideration for the obligations of the Company hereunder in addition to his undertakings hereunder. Any travel or other expenses required of Consultant (for example to the Company's North and South Carolina stores) to render services hereof shall be at the sole expense of the Shareholders and shall be payable upon presentation of suitable documentation therefor by Consultant.

(b)    This Agreement shall not be deemed to create any employer-employee relationship.

4.    Compensation.

(a)    For all services rendered by Consultant during his retention hereunder, the Shareholders shall pay to Consultant the annual amount of $118,508.62 during the Term, payable in arrears annually on each anniversary date hereof, the final payment to be due on October 31, 2009. The Shareholders shall be jointly and severally liable therefor.

5.    Death or Disability.

(a)    In the event that by reason of any disability, Consultant shall be unable to perform his duties hereunder, he shall, nevertheless, be entitled to continue to receive the compensation due hereunder until the end of the Term on October 31, 2009. During any such period Consultant shall endeavor to make available to the Shareholders for consultation other appropriate executives in his organizations without additional compensation.

(b) In the event of the death of Consultant either during his disability or otherwise during the period of his employment hereunder, the Shareholders shall continue to pay to Consultant's beneficiary or beneficiaries designated by written notice to the Company or, if there be none, to Consultant's estate, his annual compensation otherwise due hereunder and such compensation shall in no event cease until the end of the Term on October 31, 2009.

6.    Binding Agreement.

This Agreement shall be binding upon, and inure to the benefit of, Consultant and the Shareholders and their respective heirs, personal representatives, successors and assigns. Neither the Shareholders nor the Consultant may assign or otherwise encumber this Agreement

MD 00722
MARCO/L&L WINGS

or any rights or obligations of such party hereunder without the prior written consent of the other party.

7.    Modification and Waiver.

(a)    Amendment of Agreement.  This Agreement may not be modified or amended, terminated or cancelled except by a written instrument signed by the parties hereto.

(b)    Waiver.  No term or condition of this Agreement shall be deemed to have been waived, nor shall there be any estoppel against the enforcement of any provision of this Agreement, except by written instrument of the party charged with such waiver or estoppel. No such written waiver shall be deemed a continuing waiver unless specifically stated therein, and each such waiver shall operate only as to the specific term or condition waived and shall not constitute a waiver of such term or condition for the future or as to any act other than that specifically waived.

8.    Severability.

If, for any reason, any provision of this Agreement is held invalid, such invalidity shall not affect any other provision of this Agreement not held so invalid, and each such other provision shall to the full extent consistent with law continue in full force and effect.

9.    Headings.

The headings of the Sections herein are included solely for convenience of reference and shall not control the meaning or interpretation of any of the provisions of this Agreement.

10.    Governing Law.

This Agreement shall be governed solely by the laws of the State of New York without giving effect to any conflict of laws provisions thereof. Any and all matters of dispute between the parties hereunder or in connection herewith shall be resolved in New York County, New York State by arbitration before the American Arbitration Association and shall include the jurisdiction in the federal courts of the Southern District of New York and of the state courts of the State of New York in New York County to enforce such arbitration and/or confirm any award thereof. Licensee and Licensor hereby consent to jurisdiction as set forth herein.  Furthermore, notwithstanding the foregoing, in the event of a timely objection to arbitration, either party may commence a proceeding in Supreme Court of the State of New York and County of New York and/or Federal District Court for the Southern District of New York.

11.    Notices.

Any notices or other communications to be given hereunder shall be deemed to have been given if delivered personally to the party to which directed, or if mailed, then by registered or certified mail, return receipt requested, directed to the address of the party first

MD 00723
MARCO/L&L WINGS

hereinabove set forth. Any party may change his or its address for purposes of this Section 11 by giving written notice thereof hereunder.

12.    Due Capacity.

The Shareholders hereby warrant and represent to the Consultant that they have the full capacity and power to delivery and perform this Agreement.

13.    Attorneys' Fees.

In the event that it shall be necessary for either party hereto to retain legal counsel and/or incur other costs and expenses in connection with the enforcement hereof whether by a judicial action or proceeding or by arbitration, such party shall to the extent it shall prevail (whether by settlement or by judicial or arbitral action or otherwise) be entitled to recover from the other party such first party's reasonable attorneys' fees and costs and expenses in connection with such enforcement.

IN WITNESS WHEREOF, the parties have signed this Agreement, in the City of New York as of the day and year first above written.

_____
SHAUL LEVY, individually

_____
MEIR LEVY, individually

_____
ELI TABIB, individually

234426v5                                            4

MD 00724
MARCO/L&L WINGS

02/17/00  16:48  F   .12  55   700        MOSES & SINGER LLP                                    Ø006/033

hereinabove set forth.  Any party may change his or its address for purposes of this Section 11 by giving written notice thereof hereunder.

12.    Due Capacity.

The Shareholders hereby warrant and represent to the Consultant that they have the full capacity and power to delivery and perform this Agreement.

13.    Attorneys' Fees.

In the event that it shall be necessary for either party hereto to retain legal counsel and/or incur other costs and expenses in connection with the enforcement hereof whether by a judicial action or proceeding or by arbitration, such party shall to the extent it shall prevail (whether by settlement or by judicial or arbitral action or otherwise) be entitled to recover from the other party such first party's reasonable attorneys' fees and costs and expenses in connection with such enforcement.

IN WITNESS WHEREOF, the parties have signed this Agreement, in the City of New York as of the day and year first above written.

_____
SHAUL LEVY, individually

_____
MEIR LEVY, individually

_____
ELI TABIB, individually

MD 00725
MARCO/L&L WINGS

## NON-NEGOTIABLE NOTE

New York, New York
As of October 31, 1999

FOR VALUE RECEIVED, Marco Destin, Inc. ("Maker"), having an address at 10400
N.W. 33rd St., Miami, Florida hereby promises to pay to L&L Wings, Inc. ("Payee"), having an
address at 18 E. 42nd St., New York, N.Y., or such other address as may be designated by Payee
by written notice to Maker, the sum of $2,322,310, with interest at the per annum rate of 6.31 per
cent.

The Note shall be payable in ten equal annual installments of principal and interest in the
amount of $320,177.94, commencing October 31, 2000 and continuing on each anniversary of
such date thereafter until October 31, 2009, when the remaining unpaid amount of the Note and
accrued interest shall be due and payable.

This Note may be prepaid in whole or in part, at any time.

This Note shall be governed by and be enforceable in accordance with the laws of the
State of New York applicable to contracts made and to be performed wholly within such State.

This Note may not be modified, orally or otherwise, except by a writing duly executed by
the Payee and the Maker.

Marco Destin, Inc.

By: _____

236033v3

MD 00726
MARCO/L&L WINGS

02/17/00  16:51    212  E    7700    MOSES & SINGER LLP    PAGE  12    Ø016/033

NON-NEGOTIABLE NOTE

New York, New York
As of October 31, 1999

FOR VALUE RECEIVED, 1000 Highway 98 East Corp. ("Maker"), having an address at 10400 N.W. 33rd St., Miami, Florida hereby promises to pay to L&L Wings, Inc. ("Payee"), having an address at 18 E. 42nd St., New York, N.Y., or such other address as may be designated by Payee by written notice to Maker, the sum of $1,355,988, with interest at the per annum rate of 6.31 per cent.

The Note shall be payable in ten equal annual installments of principal and interest in the amount of $186,950.68, commencing October 31, 2000, and continuing on each anniversary of such date thereafter until October 31, 2009, when the remaining unpaid amount of the Note and accrued interest shall be due and payable.

This Note may be prepaid in whole or in part, at any time.

This Note shall be governed by and be enforceable in accordance with the laws of the State of New York applicable to contracts made and to be performed wholly within such State.

This Note may not be modified, orally or otherwise, except by a writing duly executed by the Payee and the Maker.

1000 Highway 98 East Corp.

By: _____

736035v2

MD 00727
MARCO/L&L WINGS

NON-NEGOTIABLE NOTE

New York, New York
As of October 31, 1999

FOR VALUE RECEIVED, E&T Inc. ("Maker") having an address at 10400 N.W. 33rd

St., Miami, Florida hereby promises to pay to L&L Wings, Inc. ("Payee"), having an address at

18 E. 42nd St., New York, N.Y., or such other address as may be designated by Payee by written

notice to Maker, the sum of $341,702, with interest at the per annum rate of 6.31 per cent.

The Note shall be payable in ten equal annual installments of principal and interest in the

amount of $47,110.61, commencing October 31, 2000, and continuing on each anniversary of

such date thereafter until October 31, 2009, when the remaining unpaid amount of the Note and

accrued interest shall be due and payable.

This Note may be prepaid in whole or in part, at any time.

This Note shall be governed by and be enforceable in accordance with the laws of the

State of New York applicable to contracts made and to be performed wholly within such State.

This Note may not be modified, orally or otherwise, except by a writing duly executed by

the Payee and the Maker.

E&T Inc.

By: _____

236036v3

MD 00728
MARCO/L&L WINGS

02/17/2008  17:57  13056727355                WINGS: 307              PAGE  12
02/17/00  16:30 .  212  5   '700          MOSES & SINGER LLP                      012/033

## NON-NEGOTIABLE NOTE

New York, New York
As of October 31, 1999

FOR VALUE RECEIVED, Eli Tabib ("Maker"), having an address c/o Marco-Destin Inc., at 10400 N.W. 33rd St., Miami, Florida hereby promises to pay to Shaul Levy and Meir Levy ("Payee"), having an address at c/o L&L Wings, Inc., 18 E. 42nd St., New York, N.Y., or such other address as may be designated by Payee by written notice to Maker, the sum of $859,565, with interest at the per annum rate of 6.31 per cent.

The Note shall be payable in ten equal annual installments of principal and interest in the amount of $118,508.62, commencing October 31, 2000, and continuing on each anniversary of such date thereafter until October 31, 2009, when the remaining unpaid amount of the Note and accrued interest shall be due and payable.

This Note may be prepaid in whole or in part, at any time.

This Note shall be governed by and be enforceable in accordance with the laws of the State of New York applicable to contracts made and to be performed wholly within such State.

This Note may not be modified, orally or otherwise, except by a writing duly executed by the Payee and the Maker.

_____
Eli Tabib

234425v3

MD 00729
MARCO/L&L WINGS

02/17/00  16:50 :   ξ12  5ξ    700         MOSES & SINGER LLP                        Ø011-033

NON-NEGOTIABLE NOTE

New York, New York
As of October 31, 1999

FOR VALUE RECEIVED, Panama Surf & Sport Inc. ("Maker"), having an address at
10400 N.W. 33rd St., Miami, Florida hereby promises to pay to L&L Wings, Inc. ("Payee"),
having an address at 18 E. 42nd St., New York, N.Y., or such other address as may be designated
by Payee by written notice to Maker, the sum of $24,000, with interest at the per annum rate of
6.31 per cent.

The Note shall be payable in ten equal annual installments of principal and interest in the
amount of $3,308.89, commencing October 31, 2000, and continuing on each anniversary of
such date thereafter until October 31, 2009, when the remaining unpaid amount of the Note and
accrued interest shall be due and payable.

This Note may be prepaid in whole or in part, at any time.

This Note shall be governed by and be enforceable in accordance with the laws of the
State of New York applicable to contracts made and to be performed wholly within such State.

This Note may not be modified, orally or otherwise, except by a writing duly executed by
the Payee and the Maker.

Panama Surf & Sport, Inc.

By: _____

236037v3

MD 00730
MARCO/L&L WINGS

CONSULTING AGREEMENT
(PANAMA SURF & SPORT, INC.)

This Consulting Agreement dated as of October 31, 1999 by and between L & L Wings. Inc., a South Carolina corporation (the "Company"), having its principal office at 18 E. 42nd Street. New York. N.Y., and Panama Surf & Sport, Inc. (the "Consultant"), having an address c/o Marco Destin, Inc. at 10400 N.W. 33rd St., Miami, Florida.

PREAMBLE

The Company and its affiliates sell at retail clothing and related merchandise in various locations in, inter alia, the Southern United States. The Consultant and its executives have become expert in the management and operation of the industry in the Southern United States area. The Company desires to make available to its officers and those of its affiliates the consulting services of Consultant and its executives and Consultant is willing to make the same available from time to time, all on the terms and conditions hereinafter set forth.

NOW, THEREFORE, in consideration of the premises and the mutual covenants contained herein and for other good and valuable consideration heretofore or simultaneously with the execution hereof furnished by each party to the other, the sufficiency of which the parties hereby acknowledge, the parties hereto hereby agree as follows:

1.    Consulting.

The Company hereby retains Consultant and Consultant hereby agrees to provide its executives to consult with the Company and its executives (and those of its affiliates) for the period set forth in Section 2 hereof, subject to and upon the other terms and conditions herein provided.

2.    Term of Consulting.

The period of Consultant's consulting under this Agreement shall commence as of the date hereof and shall continue thereafter until October 31, 2009 (the "Term"). In the event that the Consultant continues to consult with the Company after the end of the Term, such continued employment shall be subject to such terms and conditions as the Company and the Consultant may then agree.

3.    Responsibilities and Duties.

(a)    During the period of his retention hereunder, Consultant agrees to provide its executives to consult with the Company and its executives (and those of its affiliates) at their request given to it from time to time and upon reasonable notice (and, in this connection,

236093v3

MD 00731
MARCO/L&L WINGS

taking into account the reasonable needs of the Consultant for the services of its executives in its own business). Consultant and its executives shall not be required as a condition of its compensation to render any minimum level of consultation during any period , it being understood and agreed that Consultant shall render its services through its executives only as requested by the Company and its affiliates hereunder and further that such services shall be rendered by Consultant and its executives solely within (or from) the State of Florida and finally that Consultant has in the past furnished other services and other good and sufficient consideration for the obligations of the Company hereunder in addition to its undertakings hereunder. Any travel or other expenses required of Consultant and its executives (for example, for travel to the Company's North and South Carolina stores) to render services hereof shall be at the sole expense of the Company and shall be payable upon presentation of suitable documentation therefor by Consultant.

(b)     This Agreement shall not be deemed to create any employer-employee relationship or joint venture.

4.     Compensation.

(a)     For all services rendered by Consultant and its executives during its retention hereunder, the Company shall pay to Consultant the annual amount of $3,308.89 during the Term, payable in arrears annually on each anniversary date hereof, the final payment to be due on October 31, 2009.

5.     Death or Disability; Merger etc.

(a)     In the event that by reason of any death or disability of its executives, Consultant shall be unable to perform its duties hereunder, it shall, nevertheless, be entitled to continue to receive the compensation due hereunder until the end of the Term on October 31, 2009.

(b) In the event of any merger, consolidation, sale or liquidation of Consultant during the term, the Company shall continue to pay to Consultant's successors or assigns (including but not limited to its shareholders) designated by written notice to the Company, its annual compensation otherwise due hereunder and such compensation shall not cease until the end of the Term on October 31, 2009. If Consultant is a surviving entity in any merger or consolidation or other such transaction it shall endeavor to continue to make its executives available hereunder but its compensation hereunder shall in no event cease until the end of the Term on October 31, 2009.

6.     Binding Agreement.

This Agreement shall be binding upon, and inure to the benefit of, Consultant and the Company and their respective, successors and assigns. Neither the Company nor the Consultant may assign or otherwise encumber this Agreement or any rights or obligations of such party hereunder without the prior written consent of the other party.

236093v2                                            2

MD 00732
MARCO/L&L WINGS

7.    Modification and Waiver.

(a)    Amendment of Agreement.  This Agreement may not be modified or amended, terminated or cancelled except by a written instrument signed by the parties hereto.

(b)    Waiver.  No term or condition of this Agreement shall be deemed to have been waived, nor shall there be any estoppel against the enforcement of any provision of this Agreement, except by written instrument of the party charged with such waiver or estoppel. No such written waiver shall be deemed a continuing waiver unless specifically stated therein, and each such waiver shall operate only as to the specific term or condition waived and shall not constitute a waiver of such term or condition for the future or as to any act other than that specifically waived.

8.    Severability.

If, for any reason, any provision of this Agreement is held invalid, such invalidity shall not affect any other provision of this Agreement not held so invalid, and each such other provision shall to the full extent consistent with law continue in full force and effect.

9.    Headings.

The headings of the Sections herein are included solely for convenience of reference and shall not control the meaning or interpretation of any of the provisions of this Agreement.

10.    Governing Law.

This Agreement shall be governed solely by the laws of the State of New York without giving effect to any conflict of laws provisions thereof. Any and all matters of dispute between the parties hereunder or in connection herewith shall be resolved in New York County, New York State by arbitration before the American Arbitration Association and shall include the jurisdiction in the federal courts of the Southern District of New York and of the state courts of the State of New York in New York County to enforce such arbitration and/or confirm any award thereof. The parties hereby consent to jurisdiction as set forth herein. Furthermore, notwithstanding the foregoing, in the event of a timely objection to arbitration, either party may commence a proceeding in Supreme Court of the State of New York and County of New York and/or Federal District Court for the Southern District of New York.

11.    Notices.

Any notices or other communications to be given hereunder shall be deemed to have been given if delivered personally to the party to which directed, or if mailed, then by registered or certified mail, return receipt requested, directed to the address of the party first hereinabove set forth.  Any party may change his or its address for purposes of this Section 11 by giving written notice thereof hereunder.

MD 00733
MARCO/L&L WINGS

02/17/2000 17:57   13056727959   WINGS:387   PAGE 09
02/17/00 16:49   212   14 7700   MOSES & SINGER LLP   Ø010/033

12.   Due Authorization.

The Company hereby warrants and represents to the Consultant that the execution, delivery and performance hereof by the Company has been duly authorized by all requisite or appropriate corporate and shareholder action.

13.   Attorneys' Fees.

In the event that it shall be necessary for either party to retain legal counsel and/or incur other costs and expenses in connection with the enforcement hereof whether by a judicial action or proceeding or by arbitration, such party shall to the extent it shall prevail (whether by settlement or by judicial or arbitral action or otherwise) be entitled to recover from the other party such first party's reasonable attorneys' fees and costs and expenses in connection with such enforcement.

IN WITNESS WHEREOF, the Company and the Consultant have caused this Agreement to be executed by their officers thereunto duly authorized, in the City of New York as of the day and year first above written.

L & L Wings, Inc.

By: _____

Panama Surf & Sport, Inc.

By: _____

236093v2

4

MD 00734
MARCO/L&L WINGS

CONSULTING AGREEMENT
(1000 HIGHWAY 98 EAST CORP.)


This Consulting Agreement dated as of October 31, 1999 by and between L & L Wings, Inc., a South Carolina corporation (the "Company"), having its principal office at 18 E. 42nd Street, New York, N.Y., and 1000 Highway 98 East Corp. (the "Consultant"), having an address c.o Marco Destin. Inc. at 10400 N.W. 33rd St., Miami, Florida.


P R E A M B L E


The Company is engaged in real estate operations for its affiliates which sell at retail clothing and related merchandise in various locations in, inter alia, the Southern United States. The Company and its executives have become expert in the management and operation of real estate for the retail clothing industry in the Southern United States area. The Company desires to make available to its officers and those of its affiliates the consulting services of Consultant and its executives and Consultant is willing to make the same available from time to time, all on the terms and conditions hereinafter set forth.

NOW, THEREFORE, in consideration of the premises and the mutual covenants contained herein and for other good and valuable consideration heretofore or simultaneously with the execution hereof furnished by each party to the other, the sufficiency of which the parties hereby acknowledge, the parties hereto hereby agree as follows:

1.    Consulting.

The Company hereby retains Consultant and Consultant hereby agrees to provide its executives to consult with the Company and its executives (and those of its affiliates) for the period set forth in Section 2 hereof, subject to and upon the other terms and conditions herein provided.

2.    Term of Consulting.

The period of Consultant's consulting under this Agreement shall commence as of the date hereof and shall continue thereafter until October 31, 2009 (the "Term"). In the event that the Consultant continues to consult with the Company after the end of the Term, such continued employment shall be subject to such terms and conditions as the Company and the Consultant may then agree.

3.    Responsibilities and Duties.

(a)    During the period of his retention hereunder, Consultant agrees to provide its executives to consult with the Company and its executives (and those of its affiliates)

236094v3

MD 00735
MARCO/L&L WINGS

at their request given to it from time to time and upon reasonable notice (and, in this connection, taking into account the reasonable needs of the Consultant for the services of its executives in its own business). Consultant and its executives shall not be required as a condition of its compensation to render any minimum level of consultation during any period , it being understood and agreed that Consultant shall render its services through its executives only as requested by the Company and its affiliates hereunder and further that such services shall be rendered by Consultant and its executives solely within (or from) the State of Florida and finally that Consultant has in the past furnished other services and other good and sufficient consideration for the obligations of the Company hereunder in addition to its undertakings hereunder. Any travel or other expenses required of Consultant and its executives (for example, for travel to the Company's North and South Carolina stores) to render services hereof shall be at the sole expense of the Company and shall be payable upon presentation of suitable documentation therefor by Consultant.

(b)     This Agreement shall not be deemed to create any employer-employee relationship or joint venture.

4.     Compensation.

(a)     For all services rendered by Consultant and its executives during its retention hereunder, the Company shall pay to Consultant the annual amount of $186,950.68 during the Term, payable in arrears annually on each anniversary date hereof, the final payment to be due on October 31, 2009.

5.     Death or Disability; Merger etc.

(a)     In the event that by reason of any death or disability of its executives, Consultant shall be unable to perform its duties hereunder, it shall, nevertheless, be entitled to continue to receive the compensation due hereunder until the end of the Term on October 31, 2009.

(b) In the event of any merger, consolidation, sale or liquidation of Consultant during the term, the Company shall continue to pay to Consultant's successors or assigns (including but not limited to its shareholders) designated by written notice to the Company, its annual compensation otherwise due hereunder and such compensation shall not cease until the end of the Term on October 31, 2009. If Consultant is a surviving entity in any merger or consolidation or other such transaction it shall endeavor to continue to make its executives available hereunder but its compensation hereunder shall in no event cease until the end of the Term on October 31, 2009.

6.     Binding Agreement.

This Agreement shall be binding upon, and inure to the benefit of, Consultant and the Company and their respective, successors and assigns. Neither the Company nor the Consultant may assign or otherwise encumber this Agreement or any rights or obligations of such party hereunder without the prior written consent of the other party.

236094v3                                    2

MD 00736
MARCO/L&L WINGS

7.    Modification and Waiver.

(a)    Amendment of Agreement. This Agreement may not be modified or amended, terminated or cancelled except by a written instrument signed by the parties hereto.

(b)    Waiver. No term or condition of this Agreement shall be deemed to have been waived, nor shall there be any estoppel against the enforcement of any provision of this Agreement, except by written instrument of the party charged with such waiver or estoppel. No such written waiver shall be deemed a continuing waiver unless specifically stated therein, and each such waiver shall operate only as to the specific term or condition waived and shall not constitute a waiver of such term or condition for the future or as to any act other than that specifically waived.

8.    Severability.

If, for any reason, any provision of this Agreement is held invalid, such invalidity shall not affect any other provision of this Agreement not held so invalid, and each such other provision shall to the full extent consistent with law continue in full force and effect.

9.    Headings.

The headings of the Sections herein are included solely for convenience of reference and shall not control the meaning or interpretation of any of the provisions of this Agreement.

10.    Governing Law.

This Agreement shall be governed solely by the laws of the State of New York without giving effect to any conflict of laws provisions thereof. Any and all matters of dispute between the parties hereunder or in connection herewith shall be resolved in New York County, New York State by arbitration before the American Arbitration Association and shall include the jurisdiction in the federal courts of the Southern District of New York and of the state courts of the State of New York in New York County to enforce such arbitration and/or confirm any award thereof. The parties hereby consent to jurisdiction as set forth herein. Furthermore, notwithstanding the foregoing, in the event of a timely objection to arbitration, either party may commence a proceeding in Supreme Court of the State of New York and County of New York and/or Federal District Court for the Southern District of New York.

11.    Notices.

Any notices or other communications to be given hereunder shall be deemed to have been given if delivered personally to the party to which directed, or if mailed, then by registered or certified mail, return receipt requested, directed to the address of the party first hereinabove set forth. Any party may change his or its address for purposes of this Section 11 by giving written notice thereof hereunder.

236094v3                                3

MD 00737
MARCO/L&L WINGS

02/17/00  16:49      212  54 7700      MOSES & SINGER LLP

12.    Due Authorization.

The Company hereby warrants and represents to the Consultant that the execution, delivery and performance hereof by the Company has been duly authorized by all requisite or appropriate corporate and shareholder action.

13.    Attorneys' Fees.

In the event that it shall be necessary for either party to retain legal counsel and/or incur other costs and expenses in connection with the enforcement hereof whether by a judicial action or proceeding or by arbitration, such party shall to the extent it shall prevail (whether by settlement or by judicial or arbitral action or otherwise) be entitled to recover from the other party such first party's reasonable attorneys' fees and costs and expenses in connection with such enforcement.

IN WITNESS WHEREOF, the Company and the Consultant have caused this Agreement to be executed by their officers thereunto duly authorized, in the City of New York as of the day and year first above written.

L & L Wings, Inc.

By: _____

1000 Highway 98 East Corp.

By: _____

236094v3                                    4

MD 00738
MARCO/L&L WINGS

CONSULTING AGREEMENT
(MARCO DESTIN, INC.)


This Consulting Agreement dated as of October 31, 1999 by and between L & L Wings. Inc.. a South Carolina corporation (the "Company"), having its principal office at 18 E. 42nd Street, New York. N.Y., and Marco Destin. Inc. (the "Consultant"), having an address at 10400 N.W. 33rd St., Miami, Florida.


P R E A M B L E


The Company and its affiliates sell at retail clothing and related merchandise in various locations in, inter alia, the Southern United States. The Consultant and its executives have become expert in the management and operation of the industry in the Southern United States area. The Company desires to make available to its officers and those of its affiliates the consulting services of Consultant and its executives and Consultant is willing to make the same available from time to time, all on the terms and conditions hereinafter set forth.

NOW, THEREFORE, in consideration of the premises and the mutual covenants contained herein and for other good and valuable consideration heretofore or simultaneously with the execution hereof furnished by each party to the other, the sufficiency of which the parties hereby acknowledge, the parties hereto hereby agree as follows:

1.    Consulting.

The Company hereby retains Consultant and Consultant hereby agrees to provide its executives to consult with the Company and its executives (and those of its affiliates) for the period set forth in Section 2 hereof, subject to and upon the other terms and conditions herein provided.

2.    Term of Consulting.

The period of Consultant's consulting under this Agreement shall commence as of the date hereof and shall continue thereafter until October 31, 2009 (the "Term"). In the event that the Consultant continues to consult with the Company after the end of the Term, such continued employment shall be subject to such terms and conditions as the Company and the Consultant may then agree.

3.    Responsibilities and Duties.

(a)    During the period of his retention hereunder, Consultant agrees to provide its executives to consult with the Company and its executives (and those of its affiliates) at their request given to it from time to time and upon reasonable notice (and, in this connection,

235983v3

MD 00739
MARCO/L&L WINGS

taking into account the reasonable needs of the Consultant for the services of its executives in its own business). Consultant and its executives shall not be required as a condition of its compensation to render any minimum level of consultation during any period , it being understood and agreed that Consultant shall render its services through its executives only as requested by the Company and its affiliates hereunder and further that such services shall be rendered by Consultant and its executives solely within (or from) the State of Florida and finally that Consultant has in the past furnished other services and other good and sufficient consideration for the obligations of the Company hereunder in addition to its undertakings hereunder. Any travel or other expenses required of Consultant and its executives (for example, for travel to the Company's stores in North and South Carolina) to render services hereof shall be at the sole expense of the Company and shall be payable upon presentation of suitable documentation therefor by Consultant.

(b)     This Agreement shall not be deemed to create any employer-employee relationship or joint venture.

4.     Compensation.

(a)     For all services rendered by Consultant and its executives during its retention hereunder, the Company shall pay to Consultant the annual amount of $320,177.94 during the Term, payable in arrears annually on each anniversary date hereof, the final payment to be due on October 31, 2009.

5.     Death or Disability; Merger etc.

(a)     In the event that by reason of any death or disability of its executives, Consultant shall be unable to perform its duties hereunder, it shall, nevertheless, be entitled to continue to receive the compensation due hereunder until the end of the Term on October 31, 2009.

(b) In the event of any merger, consolidation, sale or liquidation of Consultant during the term, the Company shall continue to pay to Consultant's successors or assigns (including but not limited to its shareholders) designated by written notice to the Company, its annual compensation otherwise due hereunder and such compensation shall not cease until the end of the Term on October 31, 2009. If Consultant is a surviving entity in any merger or consolidation or other such transaction it shall endeavor to continue to make its executives available hereunder but its compensation hereunder shall in no event cease until the end of the Term on October 31, 2009.

6.     Binding Agreement.

This Agreement shall be binding upon, and inure to the benefit of, Consultant and the Company and their respective, successors and assigns. Neither the Company nor the Consultant may assign or otherwise encumber this Agreement or any rights or obligations of such party hereunder without the prior written consent of the other party.

235983v3                                      2

7.     Modification and Waiver.

(a)     Amendment of Agreement. This Agreement may not be modified or amended, terminated or cancelled except by a written instrument signed by the parties hereto.

(b)     Waiver. No term or condition of this Agreement shall be deemed to have been waived, nor shall there be any estoppel against the enforcement of any provision of this Agreement, except by written instrument of the party charged with such waiver or estoppel. No such written waiver shall be deemed a continuing waiver unless specifically stated therein, and each such waiver shall operate only as to the specific term or condition waived and shall not constitute a waiver of such term or condition for the future or as to any act other than that specifically waived.

8.     Severability.

If, for any reason, any provision of this Agreement is held invalid, such invalidity shall not affect any other provision of this Agreement not held so invalid, and each such other provision shall to the full extent consistent with law continue in full force and effect.

9.     Headings.

The headings of the Sections herein are included solely for convenience of reference and shall not control the meaning or interpretation of any of the provisions of this Agreement.

10.     Governing Law.

This Agreement shall be governed solely by the laws of the State of New York without giving effect to any conflict of laws provisions thereof. Any and all matters of dispute between the parties hereunder or in connection herewith shall be resolved in New York County, New York State by arbitration before the American Arbitration Association and shall include the jurisdiction in the federal courts of the Southern District of New York and of the state courts of the State of New York in New York County to enforce such arbitration and/or confirm any award thereof. The parties hereby consent to jurisdiction as set forth herein. Furthermore, notwithstanding the foregoing, in the event of a timely objection to arbitration, either party may commence a proceeding in Supreme Court of the State of New York and County of New York and/or Federal District Court for the Southern District of New York.

11.     Notices.

Any notices or other communications to be given hereunder shall be deemed to have been given if delivered personally to the party to which directed, or if mailed, then by registered or certified mail, return receipt requested, directed to the address of the party first hereinabove set forth. Any party may change his or its address for purposes of this Section 11 by giving written notice thereof hereunder.

MD 00741
MARCO/L&L WINGS

02/17/00  16:55 F   212  774 7700     MOSES & SINGER LLP

12.    Due Authorization.

The Company hereby warrants and represents to the Consultant that the execution, delivery and performance hereof by the Company has been duly authorized by all requisite or appropriate corporate and shareholder action.

13.    Attorneys' Fees.

In the event that it shall be necessary for either party hereto to retain legal counsel and/or incur other costs and expenses in connection with the enforcement hereof whether by a judicial action or proceeding or by arbitration, such party shall to the extent it shall prevail (whether by settlement or by judicial or arbitral action or otherwise) be entitled to recover from the other party such first party's reasonable attorneys' fees and costs and expenses in connection with such enforcement.

IN WITNESS WHEREOF, the Company and the Consultant have caused this Agreement to be executed by their officers thereunto duly authorized, in the City of New York as of the day and year first above written.

L & L Wings, Inc.

By: _____

Marco Destin, Inc.

By: _____

235983v3                                    4

MD 00742
MARCO/L&L WINGS

CONSULTING AGREEMENT
(E&T. INC.)

    This Consulting Agreement dated as of October 31, 1999 by and between L & L Wings, Inc., a South Carolina corporation (the "Company"), having its principal office at 18 E. 42nd Street, and E&T. Inc. (the "Consultant"), having an address c/o Marco Destin, Inc. at 10400 N.W. 33rd St., Miami, Florida.

P R E A M B L E

    The Company and its affiliates sell at retail clothing and related merchandise in various locations in, inter alia, the Southern United States. The Consultant and its executives have become expert in the management and operation of the industry in the Southern United States area. The Company desires to make available to its officers and those of its affiliates the consulting services of Consultant and its executives and Consultant is willing to make the same available from time to time, all on the terms and conditions hereinafter set forth.

    NOW, THEREFORE, in consideration of the premises and the mutual covenants contained herein and for other good and valuable consideration heretofore or simultaneously with the execution hereof furnished by each party to the other, the sufficiency of which the parties hereby acknowledge, the parties hereto hereby agree as follows:

    1.    Consulting.

    The Company hereby retains Consultant and Consultant hereby agrees to provide its executives to consult with the Company and its executives (and those of its affiliates) for the period set forth in Section 2 hereof, subject to and upon the other terms and conditions herein provided.

    2.    Term of Consulting.

    The period of Consultant's consulting under this Agreement shall commence as of the date hereof and shall continue thereafter until October 31, 2009 (the "Term"). In the event that the Consultant continues to consult with the Company after the end of the Term, such continued employment shall be subject to such terms and conditions as the Company and the Consultant may then agree.

    3.    Responsibilities and Duties.

    (a)    During the period of his retention hereunder, Consultant agrees to provide its executives to consult with the Company and its executives (and those of its affiliates) at their request given to it from time to time and upon reasonable notice (and, in this connection,

236091v3

MD 00743
MARCO/L&L WINGS

taking into account the reasonable needs of the Consultant for the services of its executives in its own business). Consultant and its executives shall not be required as a condition of its compensation to render any minimum level of consultation during any period , it being understood and agreed that Consultant shall render its services through its executives only as requested by the Company and its affiliates hereunder and further that such services shall be rendered by Consultant and its executives solely within (or from) the State of Florida and finally that Consultant has in the past furnished other services and other good and sufficient consideration for the obligations of the Company hereunder in addition to its undertakings hereunder. Any travel or other expenses required of Consultant and its executives (for example, for travel to the Company's stores in North and South Carolina) to render services hereof shall be at the sole expense of the Company and shall be payable upon presentation of suitable documentation therefor by Consultant.

(b)    This Agreement shall not be deemed to create any employer-employee relationship or joint venture.

4.    Compensation.

(a)    For all services rendered by Consultant and its executives during its retention hereunder, the Company shall pay to Consultant the annual amount of $47,110.61 during the Term, payable in arrears annually on each anniversary date hereof, the final payment to be due on October 31, 2009.

5.    Death or Disability; Merger etc.

(a)    In the event that by reason of any death or disability of its executives, Consultant shall be unable to perform its duties hereunder, it shall, nevertheless, be entitled to continue to receive the compensation due hereunder until the end of the Term on October 31, 2009.

(b) In the event of any merger, consolidation, sale or liquidation of Consultant during the term, the Company shall continue to pay to Consultant's successors or assigns (including but not limited to its shareholders) designated by written notice to the Company, its annual compensation otherwise due hereunder and such compensation shall not cease until the end of the Term on October 31, 2009. If Consultant is a surviving entity in any merger or consolidation or other such transaction it shall endeavor to continue to make its executives available hereunder but its compensation hereunder shall in no event cease until the end of the Term on October 31, 2009.

6.    Binding Agreement.

This Agreement shall be binding upon, and inure to the benefit of, Consultant and the Company and their respective, successors and assigns. Neither the Company nor the Consultant may assign or otherwise encumber this Agreement or any rights or obligations of such party hereunder without the prior written consent of the other party.

MD 00744
MARCO/L&L WINGS

7.    Modification and Waiver.

(a)    Amendment of Agreement.  This Agreement may not be modified or amended, terminated or cancelled except by a written instrument signed by the parties hereto.

(b)    Waiver.  No term or condition of this Agreement shall be deemed to have been waived, nor shall there be any estoppel against the enforcement of any provision of this Agreement, except by written instrument of the party charged with such waiver or estoppel. No such written waiver shall be deemed a continuing waiver unless specifically stated therein, and each such waiver shall operate only as to the specific term or condition waived and shall not constitute a waiver of such term or condition for the future or as to any act other than that specifically waived.

8.    Severability.

If, for any reason, any provision of this Agreement is held invalid, such invalidity shall not affect any other provision of this Agreement not held so invalid, and each such other provision shall to the full extent consistent with law continue in full force and effect.

9.    Headings.

The headings of the Sections herein are included solely for convenience of reference and shall not control the meaning or interpretation of any of the provisions of this Agreement.

10.    Governing Law.

This Agreement shall be governed solely by the laws of the State of New York without giving effect to any conflict of laws provisions thereof. Any and all matters of dispute between the parties hereunder or in connection herewith shall be resolved in New York County, New York State by arbitration before the American Arbitration Association and shall include the jurisdiction in the federal courts of the Southern District of New York and of the state courts of the State of New York in New York County to enforce such arbitration and/or confirm any award thereof. The parties hereby consent to jurisdiction as set forth herein.  Furthermore, notwithstanding the foregoing, in the event of a timely objection to arbitration, either party may commence a proceeding in Supreme Court of the State of New York and County of New York and/or Federal District Court for the Southern District of New York.

11.    Notices.

Any notices or other communications to be given hereunder shall be deemed to have been given if delivered personally to the party to which directed, or if mailed, then by registered or certified mail, return receipt requested, directed to the address of the party first hereinabove set forth.  Any party may change his or its address for purposes of this Section 11 by giving written notice thereof hereunder.

MD 00745
MARCO/L&L WINGS

12.  Due Authorization.

The Company hereby warrants and represents to the Consultant that the execution, delivery and performance hereof by the Company has been duly authorized by all requisite or appropriate corporate and shareholder action.

13.  Attorneys' Fees.

In the event that it shall be necessary for either party to retain legal counsel and/or incur other costs and expenses in connection with the enforcement hereof whether by a judicial action or proceeding or by arbitration, such party shall to the extent it shall prevail (whether by settlement or by judicial or arbitral action or otherwise) be entitled to recover from the other party such first party's reasonable attorneys' fees and costs and expenses in connection with such enforcement.

IN WITNESS WHEREOF, the Company and the Consultant have caused this Agreement to be executed by their officers thereunto duly authorized, in the City of New York as of the day and year first above written.

L & L Wings, Inc.

By: _____

E&T, Inc.

By: _____

236091v3

4

MD 00746
MARCO/L&L WINGS

```
*********************
***   TX REPORT    ***
*********************

TRANSMISSION OK

TX/RX NO              3602
CONNECTION TEL        06935101913056655501
SUBADDRESS
CONNECTION ID
ST. TIME             02/18 16:13
USAGE T              02'51
PGS. SENT              46
RESULT               OK
```

# MOSES & SINGER LLP

1301 Avenue of the Americas, New York, NY 10019-6076
Telephone: 212.554.7800          Facsimile: 212.554.7700

# Facsimile Transmission
# Cover Sheet

Date:        February 18, 2000

To                    Firm name                  Fax number transmitted to
Morty Etgar, CPA                                 305 665-5501

From:        Steven Glaser, Esq.                 Phone:  212 554-7820

Client/Matter:   06935/101

Number of Pages:
(Including cover page)

Comments: We closed yesterday.  Here are copies of the Purchase Agreement, the
Noted and the Consulting Agreements for your reference.  Thanks for your help.

MD 00747
MARCO/L&L WINGS