Purchase By Eli Tabib of the Interests
of the Levys in Marco Destin, Inc, 1000 Highway 98 East Corp.
and Panama Surf & Sport Inc. and Purchase By the Levys
of the Interest of Eli Tabib in 100 South Morehead Avenue Corp.

Closed on February 17, 2000

For Eli Tabib:        Moses & Singer LLP by Steven Glaser, Esq.
For the Levys:        Bennett Krasner, Esq.

The closing took place at the offices of Moses & Singer LLP by facsimile transmissions, certain
of the principals being situated in the State of Florida and another being in the State of New
York.

Item:

1. Purchase Agreement by and among Shaul Levy ("Shaul"), Meir Levy ("Meir"), (Shaul and
   Meir, collectively, the "Levys"), Shaul and Meir Levy Partnership ("SML"), 100 South
   Morehead Avenue Corp. ("Morehead Ave. Corp."), L&L Wings, Inc. ("Wings"), Eli Tabib
   ("Eli"), Marco Destin, Inc. ("MDI"), Panama Surf & Sport Inc. ("Panama"), 1000 Highway
   98 East Corp. ("1000 Highway"), and E&T, Inc. ("ETI").
2. Stock certificates from the Levys for their shares in MDI, 1000 Highway, and Panama, with
   blank stock powers.
3. Affidavit of Lost Stock Certificate from Eli for his shares in Morehead Ave. Corp., with
   blank stock power.
4. Resignation of the Levys as officers, directors and/or employees of MDI, Panama and 1000
   Highway.
5. Resignation of Eli as officer, director and/or employee of Morehead Ave. Corp.
6. Assignment/Surrender and Assumption of Leases made by the Levys, Wings and SMP to
   MDI.
7. Assignment/Surrender and Assumption of Leases made by Eli, MDI and 1000 Highway to
   Wings and SMP.
8. Non-negotiable promissory note of Eli made to the Levys for their shares in MDI, Panama
   and 1000 Highway (reduced by the amount owed by the Levys to Eli for his shares in
   Morehead Ave. Corp.)
9. Consulting Agreement between Eli and the Levys.
10. Non-negotiable promissory notes made by each of MDI, Panama, 1000 Highway and E&T to
    Wings.
11. Consulting agreements between each of MDI, Panama, 1000 Highway, E&T and Wings.
12. Licensing Agreement between Wings and MDI, 1000 Highway, Panama and E&T.

MD 00748
MARCO/L&L WINGS

MD 00749
MARCO/L&L WINGS



INCORPORATED UNDER THE LAWS OF THE STATE OF FLORIDA

MARCO DESTIN INC.

***SHAUL LEVY***

This Certifies That

***TWENTY-FIVE***

...is the owner of fully paid and non-assessable Shares of the above Corporation transferable only on the books of the Corporation by the holder hereof in person or by duly authorized Attorney upon surrender of this Certificate properly endorsed.

In Witness Whereof, the said Corporation has caused this Certificate to be signed by its duly authorized officers and to be sealed with the Seal of the Corporation.

Dated FEBRUARY 15, 1995

MD 00750
MARCO/L&L WINGS

Stock Power
Marco Destin Inc.

For Value Received, each of Shaul Levy and Meir Levy does hereby sell, assign and transfer unto Eli Tabib (SS#_____/_____), their respective shares, aggregating one-half of all the authorized and issued shares of the common stock of Marco Destin, Inc. (the "Corporation"), standing in their respective names on the books of said Corporation, represented by Certificate Number(s) _____ and each does hereby irrevocably constitute and appoint Eli Tabib, attorney to transfer the said stock belonging to him on the books of the Corporation with full power of substitution in the premises.

Dated:_____

_____
Shaul Levy

_____
Meir Levy

In presence of:

_____
Witness

Document #: 237168

MD 00751
MARCO/L&L WINGS



MARCO DESIGN, INC.

INCORPORATED UNDER THE LAWS OF THE STATE OF FLORIDA

***MEIR LEVY***

This Certifies that

***TWENTY-FIVE***

is the owner of

fully paid and non-assessable Shares of the above Corporation transferable only on the books of the Corporation by the holder hereof in person or by duly authorized Attorney upon surrender of this Certificate properly endorsed.

In Witness Whereof, the said Corporation has caused this Certificate to be signed by its duly authorized officers and to be sealed with the Seal of the Corporation.

Dated   FEBRUARY 15, 1995

Stock Power
Marco Destin Inc.

For Value Received, each of Shaul Levy and Meir Levy does hereby sell, assign and transfer unto Eli Tabib (SS#_____ _____/_____), their respective shares, aggregating one-half of all the authorized and issued shares of the common stock of Marco Destin, Inc. (the "Corporation"), standing in their respective names on the books of said Corporation, represented by Certificate Number(s) _____ and each does hereby irrevocably constitute and appoint Eli Tabib, attorney to transfer the said stock belonging to him on the books of the Corporation with full power of substitution in the premises.

Dated:_____ ____

_____
Shaul Levy

_____
Meir Levy

In presence of:

_____
Witness

Document #: 237168

MD 00753
MARCO/L&L WINGS

MD 00754
MARCO/L&L WINGS



INCORPORATED UNDER THE LAWS OF THE STATE OF FLORIDA

**1000 HIGHWAY 98 EAST CORP.**

***SHAUL LEVY***

This Certifies that

****TWENTY-FIVE****

is the owner of _____ fully paid and non-assessable Shares of the above Corporation transferable only on the books of the Corporation by the holder hereof in person or by duly authorized Attorney upon surrender of this Certificate properly endorsed.

In Witness Whereof, the said Corporation has caused this Certificate to be signed by its duly authorized officers and to be sealed with the Seal of the Corporation.

Dated JANUARY 5, 1995

MD 00755
MARCO/L&L WINGS

## Stock Power
### 1000 Highway 98 East Corp.

For Value Received, each of Shaul Levy and Meir Levy does hereby sell, assign and transfer unto Eli Tabib (SS#_____/_____), their respective shares, aggregating one-half of all the authorized and issued shares of the common stock of 1000 Highway 98 East Corp. (the "Corporation"), standing in their respective names on the books of said Corporation, represented by Certificate Number(s) _____ and each does hereby irrevocably constitute and appoint Eli Tabib, attorney to transfer the said stock belonging to him on the books of the Corporation with full power of substitution in the premises.

Dated:_____

                                                    _____
                                                    Shaul Levy

                                                    _____
                                                    Meir Levy

In presence of:

_____
Witness

Document #: 237170

MD 00756
MARCO/L&L WINGS



INCORPORATED UNDER THE LAWS OF THE STATE OF FLORIDA

# 1000 HIGHWAY 98 EAST CORP.

**This Certifies that** ***MEIR LEVY*****

***TWENTY-FIVE*****

is the owner of

fully paid and non-assessable Shares of the above Corporation transferable only on the books of the Corporation by the holder hereof in person or by duly authorized Attorney upon surrender of this Certificate properly endorsed.

In Witness Whereof, the said Corporation has caused this Certificate to be signed by its duly authorized officers and to be sealed with the Seal of the Corporation.

Dated _____ JANUARY 5, 1995

MD 00757
MARCO/L&L WINGS

Stock Power
1000 Highway 98 East Corp.

For Value Received, each of Shaul Levy and Meir Levy does hereby sell, assign and transfer unto Eli Tabib (SS#_____/_____), their respective shares, aggregating one-half of all the authorized and issued shares of the common stock of 1000 Highway 98 East Corp. (the "Corporation"), standing in their respective names on the books of said Corporation, represented by Certificate Number(s) _____ and each does hereby irrevocably constitute and appoint Eli Tabib, attorney to transfer the said stock belonging to him on the books of the Corporation with full power of substitution in the premises.

Dated:_____

Shaul Levy _____

Meir Levy _____

In presence of:

_____
Witness

Document #: 237170

MD 00758
MARCO/L&L WINGS

MD 00759
MARCO/L&L WINGS



PANAM SHIPS & SPORT, INC

INCORPORATED UNDER THE LAWS OF THE STATE OF FLORIDA

See Reverse for Certain Definitions

TOTAL AUTHORIZED ISSUE
1,000 SHARES PAR VALUE $1.00 EACH

COMMON STOCK

**This is to Certify that** _____

**\*\*ONE HUNDRED\*\***

_____ is the owner of _____

_____ fully paid and

non-assessable shares of the above Corporation transferable only on the books of the
Corporation by the holder hereof in person or by duly authorized Attorney upon
surrender of this Certificate properly endorsed.

**Witness,** the seal of the Corporation and the signatures of its duly authorized officers.

**Dated** this 5th day of February, 1998.

SHAUL LEVI

MD 00760
MARCO/L&L WINGS

Stock Power
Panama Surf & Sport, Inc.

For Value Received, each of Shaul Levy and Meir Levy does hereby sell, assign and transfer
unto Eli Tabib (SS#_____/_____), their respective shares, aggregating
one-half of all the authorized and issued shares of the common stock of Panama Surf & Sport,
Inc. (the "Corporation"), standing in their respective names on the books of said Corporation,
represented by Certificate Number(s) _____ and each does hereby irrevocably constitute
and appoint Eli Tabib, attorney to transfer the said stock belonging to him on the books of the
Corporation with full power of substitution in the premises.

Dated:_____

_____
Shaul Levy

_____
Meir Levy

In presence of:

_____
Witness

Document #: 237169

MD 00761
MARCO/L&L WINGS



Case 1:07-cv-11178-PKC-THK    Document 44-11    Filed 05/30/2008    Page 15 of 68

# L. NAVA SPORTS, INC.

INCORPORATED UNDER THE LAWS OF THE STATE OF FLORIDA

**TOTAL AUTHORIZED ISSUE**
1,000 SHARES PAR VALUE $1.00 EACH

COMMON STOCK

See Reverse for
Certain Definitions

**This is to Certify that**

**\*\*ONE HUNDRED\*\***

MEIR LEVY

*is the owner of*

*fully paid and non-assessable shares of the above Corporation transferable only on the books of the Corporation by the holder hereof in person or by duly authorized Attorney upon surrender of this Certificate properly endorsed.*

*Witness, the seal of the Corporation and the signatures of its duly authorized officers.*

*Dated this 5th day of February, 1998.*

SECRETARY                    PRESIDENT

MD 00782
MARCO/L&L WINGS

Stock Power
Panama Surf & Sport, Inc.

For Value Received, each of Shaul Levy and Meir Levy does hereby sell, assign and transfer unto Eli Tabib (SS#_____/_____), their respective shares, aggregating one-half of all the authorized and issued shares of the common stock of Panama Surf & Sport, Inc. (the "Corporation"), standing in their respective names on the books of said Corporation, represented by Certificate Number(s) _____ and each does hereby irrevocably constitute and appoint Eli Tabib, attorney to transfer the said stock belonging to him on the books of the Corporation with full power of substitution in the premises.

Dated:_____

Shaul Levy _____

Meir Levy _____

In presence of:

_____

Witness

Document #: 237169

MD 00763
MARCO/L&L WINGS

MD 00764
MARCO/L&L WINGS

## AFFIDAVIT OF LOST STOCK CERTIFICATE

STATE OF _____
COUNTY OF _____ ss:

Eli Tabib, being duly sworn, deposes and says:

I am the owner of one-half of all the authorized and issued shares of the common no par value stock of 100 South Morehead Ave. Corp. and make this affidavit in connection with the sale of my shares of stock to Shaul Levy and Meir Levy.

The stock certificate or certificates representing the one-half of all the authorized and issued shares have been lost. I hereby certify that I have neither otherwise sold, transferred, conveyed, pledged, hypothecated or otherwise encumbered my one-half of all the authorized and issued shares of stock.

I further represent that in the event the said certificate or certificates are located I will promptly endorse same to Shaul and Meir Levy in connection with the sale.

_____
Eli Tabib

Sworn to before me this _____ day of
_____, 2000.


_____
Notary Public
My commission expires on _____.

MD 00765
MARCO/L&L WINGS

## Stock Power

For Value Received, Eli Tabib, does hereby sell, assign and transfer unto Shaul and Meir Levy (SS#_____/_____) one-half of all the authorized and issued shares of the common no par value stock of 100 South Morehead Ave. Corp. (the "Corporation") standing in his name on the books of said Corporation, represented by Certificate Number (s) _____ and does hereby irrevocably constitute and appoint Shaul Levy and/or Meir Levy, attorney to transfer the said stock on the books of the Corporation with full power of substitution in the premises.

Dated: _____


_____
Eli Tabib


In presence of:


_____
Witness

MD 00766
MARCO/L&L WINGS

MD 00767
MARCO/L&L WINGS

## RESIGNATION

Each of the undersigned hereby resigns any officership or directorship and/or any employment status which the undersigned may have in or with respect to the following corporations, effective as of November 1, 1998:

1000 Highway 98 East Corp.

Marco Destin, Inc.

Panama Surf and Sport Shop Inc.

Shaul Levy

Meir Levy

Dated:      February ___ 17, 2000

235575v2

MD 00768
MARCO/L&L WINGS

## RESIGNATION

Each of the undersigned hereby resigns any officership or directorship and/or any employment status which the undersigned may have in or with respect to the following corporations, effective as of November 1, 1998:

    1000 Highway 98 East Corp.

    Marco Destin, Inc.

    Panama Surf and Sport Shop Inc.

Shaul Levy

Meir Levy

Dated:        February 17, 2000

MD 00769
MARCO/L&L WINGS

MD 00770
MARCO/L&L WINGS

## RESIGNATION

The undersigned hereby resigns any officership or directorship and/or any employment status which the undersigned may have in or with respect to the following corporations, effective as of November 1, 1998:

L&L Wings, Inc.

100 S. Morehead Ave. Corp.

Eli Tabib

Dated:        February 12, 2000

257136

MD 00771
MARCO/L&L WINGS

MD 00772
MARCO/L&L WINGS

## ASSIGNMENT / SURRENDER AND ASSUMPTION OF LEASES

**KNOW THAT**, one dollar ($1.00) and other valuable consideration, Shaul Levy, Meir Levy, L & L Wings, Inc., a South Carolina corporation and/or Shaul & Meir Levy Partnership, a South Carolina partnership, each having an address at 18 East 42nd Street, New York, NY 10017, (collectively hereinafter referred to as "Assignors") hereby assign and/or surrender unto Marco Destin, Inc., a Florida corporation, having an address at 10400 Northwest 33rd Street, Miami, Florida (hereinafter referred to as "Assignee"), all right, title and interest of the lessees and/or leasehold interests under those certain Leases more particularly described in Exhibit A hereto,

**TO HAVE AND TO HOLD** the same unto Assignee and the heirs, executors, administrators, legal representatives, successors and assigns of Assignee from the date hereof for the rest of the terms of said Leases, as said Leases may be modified or extended.

This Assignment/Surrender and Assumption of Leases is given without representation or warranty by Assignors, whether express or implied, and without recourse against Assignors in any possible event.

Assignee hereby assume and agree to pay and perform all of the obligations of the lessees under the Leases. Assignee hereby agree to indemnify and hold Assignors harmless from and against any and all liability, claim, loss, damage or expense, including reasonable attorneys' fees, incurred in connection with, or arising or asserted with respect to the Leases or this Assignment.

**MD 00773**
**MARCO/L&L WINGS**

**IN WITNESS WHEREOF**, Assignors and Assignee have duly executed this Assignment and Assumption of Leases as of November 1, 1998.

_____
Shaul Levy

_____
Meir Levy

L & L WINGS, INC.

By _____
Shaul Levy, President

SHAUL & MEIR LEVY PARTNERSHIP

By _____
Shaul Levy, General Partner

MARCO DESTIN, INC.

By _____
Eli Tabib, President

2

MD 00774
MARCO/L&L WINGS

**IN WITNESS WHEREOF**, Assignors and Assignee have duly executed this Assignment and Assumption of Leases as of November 1, 1998.

Shaul Levy

Meir Levy

L & L WINGS, INC.

By _____
Shaul Levy, President

SHAUL & MEIR LEVY PARTNERSHIP

By _____
Shaul Levy, General Partner

MARCO DESTIN, INC.

By _____
Eli Tabib, President

2

## EXHIBIT A

The following leased property:

1.    581 South Collier Boulevard, Marco Island, Florida, commonly known as Store #317.

2.    2673 Parkway, Pigeon Forge, Tennessee, commonly known as Store #801.

3.    1251 A Miracle Strip Parkway, Ft. Walton Beach, Florida, commonly known as Store #748.

3

MD 00776
MARCO/L&L WINGS

MD 00777
MARCO/L&L WINGS

## ASSIGNMENT / SURRENDER AND ASSUMPTION OF LEASES

**KNOW THAT**, one dollar ($1.00) and other valuable consideration, Eli Tabib, Marco Destin, Inc., a Florida corporation and 1000 Highway 98 East Corp., a Florida corporation, each having an address at 10400 Northwest 33rd Street, Miami, Florida, (collectively hereinafter referred to as "Assignors"), hereby assign and/or surrender unto L & L Wings, Inc., a South Carolina corporation and/or Shaul & Meir Levy Partnership, a South Carolina partnership, each having an address at 18 East 42nd Street, New York, NY 10017 (collectively hereinafter referred to as "Assignees"), all right, title and interest of the lessees and/or leasehold interests under those certain Leases more particularly described in Exhibit A hereto,

**TO HAVE AND TO HOLD** the same unto Assignees and the heirs, executors, administrators, legal representatives, successors and assigns of Assignees from the date hereof for the rest of the terms of said Leases, as said Leases may be modified or extended.

This Assignment/Surrender and Assumption of Leases is given without representation or warranty by Assignors, whether express or implied, and without recourse against Assignors in any possible event.

Assignees hereby assume and agree to pay and perform all of the obligations of the lessees under the Leases. Assignees hereby agree to indemnify and hold Assignors harmless from and against any and all liability, claim, loss, damage or expense, including reasonable attorneys' fees, incurred in connection with, or arising or asserted with respect to the Leases or this Assignment.

IN WITNESS WHEREOF, Assignors and Assignees have duly executed this
Assignment and Assumption of Leases as of November 1, 1998.

_____
Eli Tabib

MARCO DESTIN, INC.

By _____
Eli Tabib, President

1000 HIGHWAY 98 EAST CORP.

By _____
Eli Tabib, President

L & L WINGS, INC.

By _____
Shaul Levy, President

SHAUL & MEIR LEVY PARTNERSHIP

By _____
Shaul Levy, General Partner

2

MD 00779
MARCO/L&L WINGS

## EXHIBIT A

The following leased property:

1.  106A N. New River Drive, Surf City, North Carolina, commonly known as Store #766.

2.  15 East 1st Street, Ocean Isle, North Carolina, commonly known as Store #767.

3.  1014 N. Lake Park Road, Carolina, Beach, North Carolina, commonly known as Store #765.

4.  9952 Beach Road, Calabash, North Carolina, commonly known as Store #605.

3

MD 00780
MARCO/L&L WINGS

MD 60781
MARCO/L&L WINGS

## NON-NEGOTIABLE NOTE

New York, New York
As of October 31, 1999

FOR VALUE RECEIVED, Eli Tabib ("Maker"), having an address c/o Marco-Destin Inc., at 10400 N.W. 33rd St., Miami, Florida hereby promises to pay to Shaul Levy and Meir Levy ("Payee"), having an address at c/o L&L Wings, Inc., 18 E. 42nd St, New York, N.Y., or such other address as may be designated by Payee by written notice to Maker, the sum of $859,565, with interest at the per annum rate of 6.31 percent.

The Note shall be payable in ten equal annual installments of principal and interest in the amount of $118,508.62, commencing October 31, 2000, and continuing on each anniversary of such date thereafter until October 31, 2009, when the remaining unpaid amount of the Note and accrued interest shall be due and payable.

This Note may be prepaid in whole or in part, at any time.

This Note shall be governed by and be enforceable in accordance with the laws of the State of New York applicable to contracts made and to be performed wholly within such State.

This Note may not be modified, orally or otherwise, except by a writing duly executed by the Payee and the Maker.

Eli Tabib

2344425v3

MD 00782
MARCO/L&L WINGS

MD 00783
MARCO/L&L WINGS

MD 00784
MARCO/L&L WINGS

CONSULTING AGREEMENT
(ELI TABIB)

This Consulting Agreement dated as of October 31, 1999 by and between Shaul Levy and Meir Levy, (collectively, the "Shareholders"), having an address c/o L&L Wings Inc., a South Carolina corporation (the "Company"), 18 E. 42nd Street, New York, New York, and Eli Tabib (the "Consultant"), having an address c/o Marco-Destin Inc., 10400 N.W. 33rd St., Miami, Florida.

P R E A M B L E

The Company and its affiliates sell at retail clothing and related merchandise in various locations in, inter alia, the Southern United States. The Shareholders control the Company. The Consultant is chief executive officer of various clothing retailers with operations in the Southern United States. In the course of his duties with such retailers, the Consultant has become expert in the management and operation of the industry in the Southern United States area. The Shareholders desire to make available to themselves and to the officers of the Company and those of its affiliates the consulting services of Consultant and Consultant is willing to do so from time to time, all on the terms and conditions hereinafter set forth.

NOW, THEREFORE, in consideration of the premises and the mutual covenants contained herein and for other good and valuable consideration heretofore or simultaneously with the execution hereof furnished by each party to the other, the sufficiency of which the parties hereby acknowledge, the parties hereto hereby agree as follows:

1.    Consulting.

The Shareholders hereby retain Consultant and Consultant hereby agrees to consult with the Shareholders and the Company and its executives (and those of its affiliates) for the period set forth in Section 2 hereof, subject to and upon the other terms and conditions herein provided.

2.    Term of Consulting.

The period of Consultant's consulting under this Agreement shall commence as of the date hereof and shall continue thereafter until October 31, 2009 (the "Term"). In the event that the Consultant continues to consult with the Shareholders and/or the Company and its affiliates after the end of the Term, such continued employment shall be subject to such terms and conditions as the Shareholders and the Consultant may then agree.

MD 00785
MARCO/L&L WINGS

3.    Responsibilities and Duties.

(a)    During the period of his retention hereunder, Consultant agrees to consult with the Shareholders and the Company and its executives (and those of its affiliates) at the request of the Shareholders given to him from time to time and upon reasonable notice (and, in this connection, taking into account the reasonable needs of Consultant's other enterprises and interests for his services). Consultant shall not be required as a condition of his compensation to render any minimum level of consultation during any period , it being understood and agreed that Consultant shall render his services only as requested by the Shareholders hereunder and further that such services shall be rendered by Consultant solely within (or from) the State of Florida and finally that Consultant has in the past furnished other services and other good and sufficient consideration for the obligations of the Company hereunder in addition to his undertakings hereunder. Any travel or other expenses required of Consultant (for example to the Company's North and South Carolina stores) to render services hereof shall be at the sole expense of the Shareholders and shall be payable upon presentation of suitable documentation therefor by Consultant.

(b)    This Agreement shall not be deemed to create any employer-employee relationship.

4,    Compensation.

(a)    For all services rendered by Consultant during his retention hereunder, the Shareholders shall pay to Consultant the annual amount of $118,508.62 during the Term, payable in arrears annually on each anniversary date hereof, the final payment to be due on October 31, 2009. The Shareholders shall be jointly and severally liable therefor.

.5.    Death or Disability.

(a)    In the event that by reason of any disability, Consultant shall be unable to perform his duties hereunder, he shall, nevertheless, be entitled to continue to receive the compensation due hereunder until the end of the Term on October 31, 2009. During any such period Consultant shall endeavor to make available to the Shareholders for consultation other appropriate executives in his organizations without additional compensation.

(b) In the event of the death of Consultant either during his disability or otherwise during the period of his employment hereunder, the Shareholders shall continue to pay to Consultant's beneficiary or beneficiaries designated by written notice to the Company or, if there be none, to Consultant's estate, his annual compensation otherwise due hereunder and such compensation shall in no event cease until the end of the Term on October 31, 2009.

6.    Binding Agreement.

This Agreement shall be binding upon, and inure to the benefit of, Consultant and the Shareholders and their respective heirs, personal representatives, successors and assigns. Neither the Shareholders nor the Consultant may assign or otherwise encumber this Agreement

MD 00786
MARCO/L&L WINGS

or any rights or obligations of such party hereunder without the prior written consent of the other party.

7.    Modification and Waiver.

(a)    Amendment of Agreement.  This Agreement may not be modified or amended, terminated or cancelled except by a written instrument signed by the parties hereto.

(b)    Waiver.  No term or condition of this Agreement shall be deemed to have been waived, nor shall there be any estoppel against the enforcement of any provision of this Agreement, except by written instrument of the party charged with such waiver or estoppel. No such written waiver shall be deemed a continuing waiver unless specifically stated therein, and each such waiver shall operate only as to the specific term or condition waived and shall not constitute a waiver of such term or condition for the future or as to any act other than that specifically waived.

8.    Severability.

If, for any reason, any provision of this Agreement is held invalid, such invalidity shall not affect any other provision of this Agreement not held so invalid, and each such other provision shall to the full extent consistent with law continue in full force and effect.

9.    Headings.

The headings of the Sections herein are included solely for convenience of reference and shall not control the meaning or interpretation of any of the provisions of this Agreement.

10.    Governing Law.

This Agreement shall be governed solely by the laws of the State of New York without giving effect to any conflict of laws provisions thereof. Any and all matters of dispute between the parties hereunder or in connection herewith shall be resolved in New York County, New York State by arbitration before the American Arbitration Association and shall include the jurisdiction in the federal courts of the Southern District of New York and of the state courts of the State of New York in New York County to enforce such arbitration and/or confirm any award thereof. Licensee and Licensor hereby consent to jurisdiction as set forth herein. Furthermore, notwithstanding the foregoing, in the event of a timely objection to arbitration, either party may commence a proceeding in Supreme Court of the State of New York and County of New York and/or Federal District Court for the Southern District of New York.

11.    Notices.

Any notices or other communications to be given hereunder shall be deemed to have been given if delivered personally to the party to which directed, or if mailed, then by registered or certified mail, return receipt requested, directed to the address of the party first

MD 00787
MARCO/L&L WINGS

hereinabove set forth. Any party may change his or its address for purposes of this Section 11 by giving written notice thereof hereunder.

    12.    <u>Due Capacity</u>.

    The Shareholders hereby warrant and represent to the Consultant that they have the full capacity and power to delivery and perform this Agreement.

    13.    <u>Attorneys' Fees</u>.

    In the event that it shall be necessary for either party hereto to retain legal counsel and/or incur other costs and expenses in connection with the enforcement hereof whether by a judicial action or proceeding or by arbitration, such party shall to the extent it shall prevail (whether by settlement or by judicial or arbitral action or otherwise) be entitled to recover from the other party such first party's reasonable attorneys' fees and costs and expenses in connection with such enforcement.

    IN WITNESS WHEREOF, the parties have signed this Agreement, in the City of New York as of the day and year first above written.

SHAUL LEVY, individually

MEIR LEVY, individually

ELI TABIB, individually

234426v5

4

hereinabove set forth.  Any party may change his or its address for purposes of this Section 11 by giving written notice thereof hereunder.

12.     Due Capacity.

The Shareholders hereby warrant and represent to the Consultant that they have the full capacity and power to delivery and perform this Agreement.

13.     Attorneys' Fees.

In the event that it shall be necessary for either party hereto to retain legal counsel and/or incur other costs and expenses in connection with the enforcement hereof whether by a judicial action or proceeding or by arbitration, such party shall to the extent it shall prevail (whether by settlement or by judicial or arbitral action or otherwise) be entitled to recover from the other party such first party's reasonable attorneys' fees and costs and expenses in connection with such enforcement.

IN WITNESS WHEREOF, the parties have signed this Agreement, in the City of New York as of the day and year first above written.

SHAUL LEVY, individually

MEIR LEVY, individually

ELI TABIB, individually

234426v5                                           4

MD 00789
MARCO/L&L WINGS

MD 00790
MARCO/L&L WINGS

NON-NEGOTIABLE NOTE

New York, New York
As of October 31, 1999

FOR VALUE RECEIVED, Marco Destin, Inc. ("Maker"), having an address at 10400 N.W. 33rd St., Miami, Florida hereby promises to pay to L&L Wings, Inc. ("Payee"), having an address at 18 E. 42nd St., New York, N.Y., or such other address as may be designated by Payee by written notice to Maker, the sum of $2,322,310, with interest at the per annum rate of 6.31 per cent.

The Note shall be payable in ten equal annual installments of principal and interest in the amount of $320,177.94, commencing October 31, 2000, and continuing on each anniversary of such date thereafter until October 31, 2009, when the remaining unpaid amount of the Note and accrued interest shall be due and payable.

This Note may be prepaid in whole or in part, at any time.

This Note shall be governed by and be enforceable in accordance with the laws of the State of New York applicable to contracts made and to be performed wholly within such State.

This Note may not be modified, orally or otherwise, except by a writing duly executed by the Payee and the Maker.

Marco Destin, Inc.

By _____

236033v3

MD 00791
MARCO/L&L WINGS

NON-NEGOTIABLE NOTE

New York, New York
As of October 31, 1999

FOR VALUE RECEIVED, Panama Surf & Sport Inc. ("Maker"), having an address at 10400 N.W. 33rd St., Miami, Florida hereby promises to pay to L&L Wings, Inc. ("Payee"), having an address at 18 E. 42nd St., New York, N.Y., or such other address as may be designated by Payee by written notice to Maker, the sum of $24,000, with interest at the per annum rate of 6.31 per cent.

The Note shall be payable in ten equal annual installments of principal and interest in the amount of $3,308.89, commencing October 31, 2000, and continuing on each anniversary of such date thereafter until October 31, 2009, when the remaining unpaid amount of the Note and accrued interest shall be due and payable.

This Note may be prepaid in whole or in part, at any time.

This Note shall be governed by and be enforceable in accordance with the laws of the State of New York applicable to contracts made and to be performed wholly within such State.

This Note may not be modified, orally or otherwise, except by a writing duly executed by the Payee and the Maker.

Panama Surf & Sport, Inc.

By

73G037v3

MD 00792
MARCO/L&L WINGS

# NON-NEGOTIABLE NOTE

New York, New York
As of October 31, 1999

FOR VALUE RECEIVED, 1000 Highway 98 East Corp. ("Maker"), having an address at 10400 N.W. 33rd St., Miami, Florida hereby promises to pay to L&L Wings, Inc. ("Payee"), having an address at 18 E. 42nd St., New York, N.Y., or such other address as may be designated by Payee by written notice to Maker, the sum of $1,355,988, with interest at the per annum rate of 6.31 per cent.

The Note shall be payable in ten equal annual installments of principal and interest in the amount of $186,950.68, commencing October 31, 2000, and continuing on each anniversary of such date thereafter until October 31, 2009, when the remaining unpaid amount of the Note and accrued interest shall be due and payable.

This Note may be prepaid in whole or in part, at any time.

This Note shall be governed by and be enforceable in accordance with the laws of the State of New York applicable to contracts made and to be performed wholly within such State.

This Note may not be modified, orally or otherwise, except by a writing duly executed by the Payee and the Maker.

1000 Highway 98 East Corp.

By _____

136035v2

MD 00793
MARCO/L&L WINGS

## NON-NEGOTIABLE NOTE

New York, New York
As of October 31, 1999

FOR VALUE RECEIVED, E&T Inc. ("Maker"), having an address at 10400 N.W. 33rd St., Miami, Florida hereby promises to pay to L&L Wings, Inc. ("Payee"), having an address at 18 E. 42nd St., New York, N.Y., or such other address as may be designated by Payee by written notice to Maker, the sum of $341,702, with interest at the per annum rate of 6.31 per cent.

The Note shall be payable in ten equal annual installments of principal and interest in the amount of $47,110.61, commencing October 31, 2000, and continuing on each anniversary of such date thereafter until October 31, 2009, when the remaining unpaid amount of the Note and accrued interest shall be due and payable.

This Note may be prepaid in whole or in part, at any time.

This Note shall be governed by and be enforceable in accordance with the laws of the State of New York applicable to contracts made and to be performed wholly within such State.

This Note may not be modified, orally or otherwise, except by a writing duly executed by the Payee and the Maker.

E&T Inc.

By: _____

z36036v3

MD 00794
MARCO/L&L WINGS

1

MD 00795
MARCO/L&L WINGS

## CONSULTING AGREEMENT
### (MARCO DESTIN, INC.)

This Consulting Agreement dated as of October 31, 1999 by and between L & L Wings, Inc., a South Carolina corporation (the "Company"), having its principal office at 18 E. 42nd Street, New York, N.Y., and Marco Destin, Inc. (the "Consultant"), having an address at 10400 N.W. 33rd St., Miami, Florida.

## P R E A M B L E

The Company and its affiliates sell at retail clothing and related merchandise in various locations in, inter alia, the Southern United States. The Consultant and its executives have become expert in the management and operation of the industry in the Southern United States area. The Company desires to make available to its officers and those of its affiliates the consulting services of Consultant and its executives and Consultant is willing to make the same available from time to time, all on the terms and conditions hereinafter set forth.

NOW, THEREFORE, in consideration of the premises and the mutual covenants contained herein and for other good and valuable consideration heretofore or simultaneously with the execution hereof furnished by each party to the other, the sufficiency of which the parties hereby acknowledge, the parties hereto hereby agree as follows:

1.    Consulting.

The Company hereby retains Consultant and Consultant hereby agrees to provide its executives to consult with the Company and its executives (and those of its affiliates) for the period set forth in Section 2 hereof, subject to and upon the other terms and conditions herein provided.

2.    Term of Consulting.

The period of Consultant's consulting under this Agreement shall commence as of the date hereof and shall continue thereafter until October 31, 2009 (the "Term"). In the event that the Consultant continues to consult with the Company after the end of the Term, such continued employment shall be subject to such terms and conditions as the Company and the Consultant may then agree.

3.    Responsibilities and Duties.

(a)    During the period of his retention hereunder, Consultant agrees to provide its executives to consult with the Company and its executives (and those of its affiliates) at their request given to it from time to time and upon reasonable notice (and, in this connection,

235983v3

MD 00796
MARCO/L&L WINGS

taking into account the reasonable needs of the Consultant for the services of its executives in its own business). Consultant and its executives shall not be required as a condition of its compensation to render any minimum level of consultation during any period , it being understood and agreed that Consultant shall render its services through its executives only as requested by the Company and its affiliates hereunder and further that such services shall be rendered by Consultant and its executives solely within (or from) the State of Florida and finally that Consultant has in the past furnished other services and other good and sufficient consideration for the obligations of the Company hereunder in addition to its undertakings hereunder. Any travel or other expenses required of Consultant and its executives (for example, for travel to the Company's stores in North and South Carolina) to render services hereof shall be at the sole expense of the Company and shall be payable upon presentation of suitable documentation therefor by Consultant.

      (b)    This Agreement shall not be deemed to create any employer-employee relationship or joint venture.

    4.    <u>Compensation.</u>

      (a)    For all services rendered by Consultant and its executives during its retention hereunder, the Company shall pay to Consultant the annual amount of $320,177.94 during the Term, payable in arrears annually on each anniversary date hereof, the final payment to be due on October 31, 2009.

    5.    <u>Death or Disability; Merger etc.</u>

      (a)    In the event that by reason of any death or disability of its executives, Consultant shall be unable to perform its duties hereunder, it shall, nevertheless, be entitled to continue to receive the compensation due hereunder until the end of the Term on October 31, 2009.

      (b) In the event of any merger, consolidation, sale or liquidation of Consultant during the term, the Company shall continue to pay to Consultant's successors or assigns (including but not limited to its shareholders) designated by written notice to the Company, its annual compensation otherwise due hereunder and such compensation shall not cease until the end of the Term on October 31, 2009. If Consultant is a surviving entity in any merger or consolidation or other such transaction it shall endeavor to continue to make its executives available hereunder but its compensation hereunder shall in no event cease until the end of the Term on October 31, 2009.

    6.    <u>Binding Agreement.</u>

    This Agreement shall be binding upon, and inure to the benefit of, Consultant and the Company and their respective, successors and assigns. Neither the Company nor the Consultant may assign or otherwise encumber this Agreement or any rights or obligations of such party hereunder without the prior written consent of the other party.

MD 00797
MARCO/L&L WINGS

7.    Modification and Waiver.

(a)    Amendment of Agreement.  This Agreement may not be modified or amended, terminated or cancelled except by a written instrument signed by the parties hereto.

(b)    Waiver.  No term or condition of this Agreement shall be deemed to have been waived, nor shall there be any estoppel against the enforcement of any provision of this Agreement, except by written instrument of the party charged with such waiver or estoppel. No such written waiver shall be deemed a continuing waiver unless specifically stated therein, and each such waiver shall operate only as to the specific term or condition waived and shall not constitute a waiver of such term or condition for the future or as to any act other than that specifically waived.

8.    Severability.

If, for any reason, any provision of this Agreement is held invalid, such invalidity shall not affect any other provision of this Agreement not held so invalid, and each such other provision shall to the full extent consistent with law continue in full force and effect.

9.    Headings.

The headings of the Sections herein are included solely for convenience of reference and shall not control the meaning or interpretation of any of the provisions of this Agreement.

10.    Governing Law.

This Agreement shall be governed solely by the laws of the State of New York without giving effect to any conflict of laws provisions thereof. Any and all matters of dispute between the parties hereunder or in connection herewith shall be resolved in New York County, New York State by arbitration before the American Arbitration Association and shall include the jurisdiction in the federal courts of the Southern District of New York and of the state courts of the State of New York in New York County to enforce such arbitration and/or confirm any award thereof. The parties hereby consent to jurisdiction as set forth herein. Furthermore, notwithstanding the foregoing, in the event of a timely objection to arbitration, either party may commence a proceeding in Supreme Court of the State of New York and County of New York and/or Federal District Court for the Southern District of New York.

11.    Notices.

Any notices or other communications to be given hereunder shall be deemed to have been given if delivered personally to the party to which directed, or if mailed, then by registered or certified mail, return receipt requested, directed to the address of the party first hereinabove set forth. Any party may change his or its address for purposes of this Section 11 by giving written notice thereof hereunder.

MD 00798
MARCO/L&L WINGS

12.    Due Authorization.

The Company hereby warrants and represents to the Consultant that the execution, delivery and performance hereof by the Company has been duly authorized by all requisite or appropriate corporate and shareholder action.

13.    Attorneys' Fees.

In the event that it shall be necessary for either party hereto to retain legal counsel and/or incur other costs and expenses in connection with the enforcement hereof whether by a judicial action or proceeding or by arbitration, such party shall to the extent it shall prevail (whether by settlement or by judicial or arbitral action or otherwise) be entitled to recover from the other party such first party's reasonable attorneys' fees and costs and expenses in connection with such enforcement.

IN WITNESS WHEREOF, the Company and the Consultant have caused this Agreement to be executed by their officers thereunto duly authorized, in the City of New York as of the day and year first above written.

L & L Wings, Inc.

By: _____

Marco Destin, Inc.

By: _____

235983v3                                4

MD 00799
MARCO/L&L WINGS

MD 00800
MARCO/L&L WINGS

# CONSULTING AGREEMENT
## (PANAMA SURF & SPORT, INC.)

This Consulting Agreement dated as of October 31, 1999 by and between L & L Wings, Inc., a South Carolina corporation (the "Company"), having its principal office at 18 E. 42nd Street, New York, N.Y., and Panama Surf & Sport, Inc. (the "Consultant"), having an address c o Marco Destin, Inc. at 10400 N.W. 33rd St., Miami, Florida.

## P R E A M B L E

The Company and its affiliates sell at retail clothing and related merchandise in various locations in, inter alia, the Southern United States. The Consultant and its executives have become expert in the management and operation of the industry in the Southern United States area. The Company desires to make available to its officers and those of its affiliates the consulting services of Consultant and its executives and Consultant is willing to make the same available from time to time, all on the terms and conditions hereinafter set forth.

NOW, THEREFORE, in consideration of the premises and the mutual covenants contained herein and for other good and valuable consideration heretofore or simultaneously with the execution hereof furnished by each party to the other, the sufficiency of which the parties hereby acknowledge, the parties hereto hereby agree as follows:

1.     Consulting.

The Company hereby retains Consultant and Consultant hereby agrees to provide its executives to consult with the Company and its executives (and those of its affiliates) for the period set forth in Section 2 hereof, subject to and upon the other terms and conditions herein provided.

2.     Term of Consulting.

The period of Consultant's consulting under this Agreement shall commence as of the date hereof and shall continue thereafter until October 31, 2009 (the "Term"). In the event that the Consultant continues to consult with the Company after the end of the Term, such continued employment shall be subject to such terms and conditions as the Company and the Consultant may then agree.

3.     Responsibilities and Duties.

(a)     During the period of his retention hereunder, Consultant agrees to provide its executives to consult with the Company and its executives (and those of its affiliates) at their request given to it from time to time and upon reasonable notice (and, in this connection,

236093v2

MD 00801
MARCO/L&L WINGS

taking into account the reasonable needs of the Consultant for the services of its executives in its own business). Consultant and its executives shall not be required as a condition of its compensation to render any minimum level of consultation during any period , it being understood and agreed that Consultant shall render its services through its executives only as requested by the Company and its affiliates hereunder and further that such services shall be rendered by Consultant and its executives solely within (or from) the State of Florida and finally that Consultant has in the past furnished other services and other good and sufficient consideration for the obligations of the Company hereunder in addition to its undertakings hereunder. Any travel or other expenses required of Consultant and its executives (for example, for travel to the Company's North and South Carolina stores) to render services hereof shall be at the sole expense of the Company and shall be payable upon presentation of suitable documentation therefor by Consultant.

(b)    This Agreement shall not be deemed to create any employer-employee relationship or joint venture.

4.    Compensation.

(a)    For all services rendered by Consultant and its executives during its retention hereunder, the Company shall pay to Consultant the annual amount of $3,308.89 during the Term, payable in arrears annually on each anniversary date hereof, the final payment to be due on October 31, 2009.

5.    Death or Disability; Merger etc.

(a)    In the event that by reason of any death or disability of its executives, Consultant shall be unable to perform its duties hereunder, it shall, nevertheless, be entitled to continue to receive the compensation due hereunder until the end of the Term on October 31, 2009.

(b) In the event of any merger, consolidation, sale or liquidation of Consultant during the term, the Company shall continue to pay to Consultant's successors or assigns (including but not limited to its shareholders) designated by written notice to the Company, its annual compensation otherwise due hereunder and such compensation shall not cease until the end of the Term on October 31, 2009. If Consultant is a surviving entity in any merger or consolidation or other such transaction it shall endeavor to continue to make its executives available hereunder but its compensation hereunder shall in no event cease until the end of the Term on October 31, 2009.

6.    Binding Agreement.

This Agreement shall be binding upon, and inure to the benefit of, Consultant and the Company and their respective, successors and assigns. Neither the Company nor the Consultant may assign or otherwise encumber this Agreement or any rights or obligations of such party hereunder without the prior written consent of the other party.

MD 00802
MARCO/L&L WINGS

7.    Modification and Waiver.

(a)    Amendment of Agreement.  This Agreement may not be modified or amended, terminated or cancelled except by a written instrument signed by the parties hereto.

(b)    Waiver.  No term or condition of this Agreement shall be deemed to have been waived, nor shall there be any estoppel against the enforcement of any provision of this Agreement, except by written instrument of the party charged with such waiver or estoppel. No such written waiver shall be deemed a continuing waiver unless specifically stated therein, and each such waiver shall operate only as to the specific term or condition waived and shall not constitute a waiver of such term or condition for the future or as to any act other than that specifically waived.

8.    Severability.

If, for any reason, any provision of this Agreement is held invalid, such invalidity shall not affect any other provision of this Agreement not held so invalid, and each such provision shall to the full extent consistent with law continue in full force and effect.

9.    Headings.

The headings of the Sections herein are included solely for convenience of reference and shall not control the meaning or interpretation of any of the provisions of this Agreement.

10.    Governing Law.

This Agreement shall be governed solely by the laws of the State of New York without giving effect to any conflict of laws provisions thereof. Any and all matters of dispute between the parties hereunder or in connection herewith shall be resolved in New York County, New York State by arbitration before the American Arbitration Association and shall include the jurisdiction in the federal courts of the Southern District of New York and of the state courts of the State of New York in New York County to enforce such arbitration and/or confirm any award thereof. The parties hereby consent to jurisdiction as set forth herein.  Furthermore, notwithstanding the foregoing, in the event of a timely objection to arbitration, either party may commence a proceeding in Supreme Court of the State of New York and County of New York and/or Federal District Court for the Southern District of New York.

11.    Notices.

Any notices or other communications to be given hereunder shall be deemed to have been given if delivered personally to the party to which directed, or if mailed, then by registered or certified mail, return receipt requested, directed to the address of the party first hereinabove set forth.  Any party may change his or its address for purposes of this Section 11 by giving written notice thereof hereunder.

MD 00803
MARCO/L&L WINGS

12.    Due Authorization.

     The Company hereby warrants and represents to the Consultant that the execution, delivery and performance hereof by the Company has been duly authorized by all requisite or appropriate corporate and shareholder action.

13.    Attorneys' Fees.

     In the event that it shall be necessary for either party to retain legal counsel and/or incur other costs and expenses in connection with the enforcement hereof whether by a judicial action or proceeding or by arbitration, such party shall to the extent it shall prevail (whether by settlement or by judicial or arbitral action or otherwise) be entitled to recover from the other party such first party's reasonable attorneys' fees and costs and expenses in connection with such enforcement.

     IN WITNESS WHEREOF, the Company and the Consultant have caused this Agreement to be executed by their officers thereunto duly authorized, in the City of New York as of the day and year first above written.

L & L Wings, Inc.

By: _____

Panama Surf & Sport, Inc.

By: _____

236093v2

4

MD 00804
MARCO/L&L WINGS

MD 00805
MARCO/L&L WINGS

CONSULTING AGREEMENT
(1000 HIGHWAY 98 EAST CORP.)

This Consulting Agreement dated as of October 31, 1999 by and between L & L Wings, Inc., a South Carolina corporation (the "Company"), having its principal office at 18 E. 42nd Street, New York, N.Y., and 1000 Highway 98 East Corp. (the "Consultant"), having an address c/o Marco Destin, Inc. at 10400 N.W. 33rd St., Miami, Florida.

PREAMBLE

The Company is engaged in real estate operations for its affiliates which sell at retail clothing and related merchandise in various locations in, inter alia, the Southern United States. The Consultant and its executives have become expert in the management and operation of real estate for the retail clothing industry in the Southern United States area. The Company desires to make available to its officers and those of its affiliates the consulting services of Consultant and its executives and Consultant is willing to make the same available from time to time, all on the terms and conditions hereinafter set forth.

NOW, THEREFORE, in consideration of the premises and the mutual covenants contained herein and for other good and valuable consideration heretofore or simultaneously with the execution hereof furnished by each party to the other, the sufficiency of which the parties hereby acknowledge, the parties hereto hereby agree as follows:

1.    Consulting.

The Company hereby retains Consultant and Consultant hereby agrees to provide its executives to consult with the Company and its executives (and those of its affiliates) for the period set forth in Section 2 hereof, subject to and upon the other terms and conditions herein provided.

2.    Term of Consulting.

The period of Consultant's consulting under this Agreement shall commence as of the date hereof and shall continue thereafter until October 31, 2009 (the "Term"). In the event that the Consultant continues to consult with the Company after the end of the Term, such continued employment shall be subject to such terms and conditions as the Company and the Consultant may then agree.

3.    Responsibilities and Duties.

(a)    During the period of his retention hereunder, Consultant agrees to provide its executives to consult with the Company and its executives (and those of its affiliates)

MD 00806
MARCO/L&L WINGS

at their request given to it from time to time and upon reasonable notice (and, in this connection, taking into account the reasonable needs of the Consultant for the services of its executives in its own business). Consultant and its executives shall not be required as a condition of its compensation to render any minimum level of consultation during any period , it being understood and agreed that Consultant shall render its services through its executives only as requested by the Company and its affiliates hereunder and further that such services shall be rendered by Consultant and its executives solely within (or from) the State of Florida and finally that Consultant has in the past furnished other services and other good and sufficient consideration for the obligations of the Company hereunder in addition to its undertakings hereunder. Any travel or other expenses required of Consultant and its executives (for example, for travel to the Company's North and South Carolina stores) to render services hereof shall be at the sole expense of the Company and shall be payable upon presentation of suitable documentation therefor by Consultant.

(b)    This Agreement shall not be deemed to create any employer-employee relationship or joint venture.

4.    Compensation.

(a)    For all services rendered by Consultant and its executives during its retention hereunder, the Company shall pay to Consultant the annual amount of $186,950.68 during the Term, payable in arrears annually on each anniversary date hereof, the final payment to be due on October 31, 2009.

5.    Death or Disability; Merger etc.

(a)    In the event that by reason of any death or disability of its executives, Consultant shall be unable to perform its duties hereunder, it shall, nevertheless, be entitled to continue to receive the compensation due hereunder until the end of the Term on October 31, 2009.

(b) In the event of any merger, consolidation, sale or liquidation of Consultant during the term, the Company shall continue to pay to Consultant's successors or assigns (including but not limited to its shareholders) designated by written notice to the Company, its annual compensation otherwise due hereunder and such compensation shall not cease until the end of the Term on October 31, 2009. If Consultant is a surviving entity in any merger or consolidation or other such transaction it shall endeavor to continue to make its executives available hereunder but its compensation hereunder shall in no event cease until the end of the Term on October 31, 2009.

6.    Binding Agreement.

This Agreement shall be binding upon, and inure to the benefit of, Consultant and the Company and their respective, successors and assigns. Neither the Company nor the Consultant may assign or otherwise encumber this Agreement or any rights or obligations of such party hereunder without the prior written consent of the other party.

MD 00807
MARCO/L&L WINGS

7.    Modification and Waiver.

(a)    Amendment of Agreement.  This Agreement may not be modified or amended, terminated or cancelled except by a written instrument signed by the parties hereto.

(b)    Waiver.  No term or condition of this Agreement shall be deemed to have been waived, nor shall there be any estoppel against the enforcement of any provision of this Agreement, except by written instrument of the party charged with such waiver or estoppel. No such written waiver shall be deemed a continuing waiver unless specifically stated therein, and each such waiver shall operate only as to the specific term or condition waived and shall not constitute a waiver of such term or condition for the future or as to any act other than that specifically waived.

8.    Severability.

If, for any reason, any provision of this Agreement is held invalid, such invalidity shall not affect any other provision of this Agreement not held so invalid, and each such other provision shall to the full extent consistent with law continue in full force and effect.

9.    Headings.

The headings of the Sections herein are included solely for convenience of reference and shall not control the meaning or interpretation of any of the provisions of this Agreement.

10.    Governing Law.

This Agreement shall be governed solely by the laws of the State of New York without giving effect to any conflict of laws provisions thereof. Any and all matters of dispute between the parties hereunder or in connection herewith shall be resolved in New York County, New York State by arbitration before the American Arbitration Association and shall include the jurisdiction in the federal courts of the Southern District of New York and of the state courts of the State of New York in New York County to enforce such arbitration and/or confirm any award thereof. The parties hereby consent to jurisdiction as set forth herein. Furthermore, notwithstanding the foregoing, in the event of a timely objection to arbitration, either party may commence a proceeding in Supreme Court of the State of New York and County of New York and/or Federal District Court for the Southern District of New York.

11.    Notices.

Any notices or other communications to be given hereunder shall be deemed to have been given if delivered personally to the party to which directed, or if mailed, then by registered or certified mail, return receipt requested, directed to the address of the party first hereinabove set forth.  Any party may change his or its address for purposes of this Section 11 by giving written notice thereof hereunder.

12.   Due Authorization.

The Company hereby warrants and represents to the Consultant that the execution, delivery and performance hereof by the Company has been duly authorized by all requisite or appropriate corporate and shareholder action.

13.   Attorneys' Fees.

In the event that it shall be necessary for either party to retain legal counsel and/or incur other costs and expenses in connection with the enforcement hereof whether by a judicial action or proceeding or by arbitration, such party shall to the extent it shall prevail (whether by settlement or by judicial or arbitral action or otherwise) be entitled to recover from the other party such first party's reasonable attorneys' fees and costs and expenses in connection with such enforcement.

IN WITNESS WHEREOF, the Company and the Consultant have caused this Agreement to be executed by their officers thereunto duly authorized, in the City of New York as of the day and year first above written.

L & L Wings, Inc.

By: _____

1000 Highway 98 East Corp.

By: _____

236094v3                                      4

MD 00809
MARCO/L&L WINGS

MD 00810
MARCO/L&L WINGS

# CONSULTING AGREEMENT
## (E&T, INC.)

This Consulting Agreement dated as of October 31, 1999 by and between L & L Wings, Inc., a South Carolina corporation (the "Company"), having its principal office at 18 E. 42nd Street, and E&T, Inc. (the "Consultant"), having an address c/o Marco Destin, Inc. at 10400 N.W. 33rd St., Miami, Florida.

## P R E A M B L E

The Company and its affiliates sell at retail clothing and related merchandise in various locations in, inter alia, the Southern United States. The Consultant and its executives have become expert in the management and operation of the industry in the Southern United States area. The Company desires to make available to its officers and those of its affiliates the consulting services of Consultant and its executives and Consultant is willing to make the same available from time to time, all on the terms and conditions hereinafter set forth.

NOW, THEREFORE, in consideration of the premises and the mutual covenants contained herein and for other good and valuable consideration heretofore or simultaneously with the execution hereof furnished by each party to the other, the sufficiency of which the parties hereby acknowledge, the parties hereto hereby agree as follows:

1.    Consulting.

The Company hereby retains Consultant and Consultant hereby agrees to provide its executives to consult with the Company and its executives (and those of its affiliates) for the period set forth in Section 2 hereof, subject to and upon the other terms and conditions herein provided.

2.    Term of Consulting.

The period of Consultant's consulting under this Agreement shall commence as of the date hereof and shall continue thereafter until October 31, 2009 (the "Term"). In the event that the Consultant continues to consult with the Company after the end of the Term, such continued employment shall be subject to such terms and conditions as the Company and the Consultant may then agree.

3.    Responsibilities and Duties.

(a)    During the period of his retention hereunder, Consultant agrees to provide its executives to consult with the Company and its executives (and those of its affiliates) at their request given to it from time to time and upon reasonable notice (and, in this connection,

236091v3

MD 00811
MARCO/L&L WiNGS

taking into account the reasonable needs of the Consultant for the services of its executives in its own business). Consultant and its executives shall not be required as a condition of its compensation to render any minimum level of consultation during any period , it being understood and agreed that Consultant shall render its services through its executives only as requested by the Company and its affiliates hereunder and further that such services shall be rendered by Consultant and its executives solely within (or from) the State of Florida and finally that Consultant has in the past furnished other services and other good and sufficient consideration for the obligations of the Company hereunder in addition to its undertakings hereunder. Any travel or other expenses required of Consultant and its executives (for example, for travel to the Company's stores in North and South Carolina) to render services hereof shall be at the sole expense of the Company and shall be payable upon presentation of suitable documentation therefor by Consultant.

(b)     This Agreement shall not be deemed to create any employer-employee relationship or joint venture.

4.     <u>Compensation</u>.

(a)     For all services rendered by Consultant and its executives during its retention hereunder, the Company shall pay to Consultant the annual amount of $47,110.61 during the Term, payable in arrears annually on each anniversary date hereof, the final payment to be due on October 31, 2009.

5.     <u>Death or Disability; Merger etc</u>.

(a)     In the event that by reason of any death or disability of its executives, Consultant shall be unable to perform its duties hereunder, it shall, nevertheless, be entitled to continue to receive the compensation due hereunder until the end of the Term on October 31, 2009.

(b) In the event of any merger, consolidation, sale or liquidation of Consultant during the term, the Company shall continue to pay to Consultant's successors or assigns (including but not limited to its shareholders) designated by written notice to the Company, its annual compensation otherwise due hereunder and such compensation shall not cease until the end of the Term on October 31, 2009. If Consultant is a surviving entity in any merger or consolidation or other such transaction it shall endeavor to continue to make its executives available hereunder but its compensation hereunder shall in no event cease until the end of the Term on October 31, 2009.

6.     <u>Binding Agreement</u>.

This Agreement shall be binding upon, and inure to the benefit of, Consultant and the Company and their respective, successors and assigns. Neither the Company nor the Consultant may assign or otherwise encumber this Agreement or any rights or obligations of such party hereunder without the prior written consent of the other party.

MD 00812
MARCO/L&L WINGS

7.    Modification and Waiver.

(a)    Amendment of Agreement.  This Agreement may not be modified or amended, terminated or cancelled except by a written instrument signed by the parties hereto.

(b)    Waiver.  No term or condition of this Agreement shall be deemed to have been waived, nor shall there be any estoppel against the enforcement of any provision of this Agreement, except by written instrument of the party charged with such waiver or estoppel. No such written waiver shall be deemed a continuing waiver unless specifically stated therein, and each such waiver shall operate only as to the specific term or condition waived and shall not constitute a waiver of such term or condition for the future or as to any act other than that specifically waived.

8.    Severability.

If, for any reason, any provision of this Agreement is held invalid, such invalidity shall not affect any other provision of this Agreement not held so invalid, and each such other provision shall to the full extent consistent with law continue in full force and effect.

9.    Headings.

The headings of the Sections herein are included solely for convenience of reference and shall not control the meaning or interpretation of any of the provisions of this Agreement.

10.    Governing Law.

This Agreement shall be governed solely by the laws of the State of New York without giving effect to any conflict of laws provisions thereof. Any and all matters of dispute between the parties hereunder or in connection herewith shall be resolved in New York County, New York State by arbitration before the American Arbitration Association and shall include the jurisdiction in the federal courts of the Southern District of New York and of the state courts of the State of New York in New York County to enforce such arbitration and/or confirm any award thereof. The parties hereby consent to jurisdiction as set forth herein.  Furthermore, notwithstanding the foregoing, in the event of a timely objection to arbitration, either party may commence a proceeding in Supreme Court of the State of New York and County of New York and/or Federal District Court for the Southern District of New York.

11.    Notices.

Any notices or other communications to be given hereunder shall be deemed to have been given if delivered personally to the party to which directed, or if mailed, then by registered or certified mail, return receipt requested, directed to the address of the party first hereinabove set forth.  Any party may change his or its address for purposes of this Section 11 by giving written notice thereof hereunder.

MD 00813
MARCO/L&L WINGS

12.  Due Authorization.

The Company hereby warrants and represents to the Consultant that the execution, delivery and performance hereof by the Company has been duly authorized by all requisite or appropriate corporate and shareholder action.

13.  Attorneys' Fees.

In the event that it shall be necessary for either party to retain legal counsel and/or incur other costs and expenses in connection with the enforcement hereof whether by a judicial action or proceeding or by arbitration, such party shall to the extent it shall prevail (whether by settlement or by judicial or arbitral action or otherwise) be entitled to recover from the other party such first party's reasonable attorneys' fees and costs and expenses in connection with such enforcement.

IN WITNESS WHEREOF, the Company and the Consultant have caused this Agreement to be executed by their officers thereunto duly authorized, in the City of New York as of the day and year first above written.

L & L Wings, Inc.

By: _____

E&T, Inc.

By: _____

236091v3                          4

MD 00814
MARCO/L&L WINGS

MD 00815
MARCO/L&L WINGS