Purchase Agreement effective as of November 1, 1998 by and between, on the one hand, Shaul Levy (hereinafter, "Shaul"), Meir Levy (hereinafter, "Meir"), (both Shaul Levy and Meir Levy are hereinafter collectively referred to as "Levy"), L&L Wings, Inc. (hereinafter, "L&L"), Shaul and Meir Levy Partnership (hereinafter, "SMP"), (Shaul Levy, Meir Levy, L&L and SMP, are all from time to time, hereinafter collectively referred to as "Wings"), and, on the other hand, Eli Tabib (hereinafter, "Eli"), 1000 Highway 98 East Corp. (hereinafter, "1000 Highway"), Marco-Destin Inc (hereinafter, "Marco-Destin"), 100 South Morehead Ave. Corp (hereinafter, "Morehead"), and Panama City Surf & Sport Inc. (hereinafter, "Panama City").

WHEREAS, Shaul, Meir and Eli are the sole shareholders of Morehead; and

WHEREAS, Shaul, Meir and Eli are the sole shareholders of 1000 Highway; and

WHEREAS, Shaul, Meir and Eli are the sole shareholders of Marco-Destin; and

WHEREAS, Shaul, Meir and Eli are the sole shareholders of Panama City; and

WHEREAS, Shaul and Meir are the sole partners in SMP; and

WHEREAS, all of the parties, in one form or another, are engaged in the business of owning and operating retail stores; and

WHEREAS, certain of the stores affected by this agreement are operated under the name "Wings"; and

WHEREAS, Marco-Destin operated various stores leased to L&L without a lease and has since abandoned them; and

221819\6

MD 00816
MARCO/L&L WINGS

WHEREAS, Marco-Destin holds leases on stores operated by L&L and desires to assign such leases to L&L; and

WHEREAS, Shaul and Meir are desirous of acquiring and 1000 Highway desires to sell certain real property; and

WHEREAS, Levy and Eli have determined that it is in their best interests and in the best interests of the various corporate entities named hereinabove to amicably part ways; and

WHEREAS, Levy and Eli have determined that it is in their best interests and in the best interests of the various corporate entities named hereinabove if Levy and Eli cease to own shares of stock in the same entities;

NOW, THEREFORE, in consideration of the covenants and agreements hereinafter set forth, and other valuable consideration, the receipt and sufficiency of which hereby are acknowledged, the parties hereto agree as follows:

1   Transfers of Shares of Stock

1.1.   100 South Morehead Ave. Corp. Eli hereby sells, transfers and delivers to Shaul and Meir, in equal shares, and Shaul and Meir hereby purchase, upon the terms and conditions hereinafter set forth, all Eli's shares of the capital stock of Morehead, which shares constitute one-half of the authorized and issued shares of Morehead. The purchase price being paid by Shaul and Meir for Eli's said shares is $65,743 payable by offset against the note being delivered by Eli pursuant to Paragraph 1.2, 1.3 and 1.4   The seller warrants that he has good and marketable title to such shares and that the same are subject to no lien, claim or other encumbrance.

MD 00817
MARCO/L&L WINGS

1.2. <u>1000 Highway 98 East Corp.</u> Shaul and Meir each, for himself, agree to sell, transfer and deliver to Eli and Eli hereby purchases, upon the terms and conditions hereinafter set forth, all of their shares of the capital stock of 1000 Highway, which shares constitute one-half of the authorized and issued shares of 1000 Highway. The purchase price to be paid by Eli for said shares shall be $568,107, payable by the delivery by Eli of a note therefor and for the purchase prices under paragraph 1.3, and 1.4. The sellers warrant that they have good and marketable title to such shares and that the same are subject to no lien, claim or other encumbrance.

1.3. <u>Marco-Destin Inc.</u> Shaul and Meir each, for himself, hereby sell, transfer and deliver to Eli and Eli hereby purchases, upon the terms and conditions hereinafter set forth, all their shares of the capital stock of Marco-Destin, which shares constitute one-half of the authorized and issued shares of Marco-Destin. The purchase price being paid by Eli for said shares is $207,341 payable by the delivery by Eli of a note therefor and for the purchase price under Paragraph 1.2 and 1.4. The sellers warrant that they have good and marketable title to such shares and that the same are subject to no lien, claim or other encumbrance.

1.4. <u>Panama City Surf & Sport Inc.</u> Shaul and Meir each for himself, hereby sell, transfer and deliver to Eli and Eli hereby purchases, upon the terms and conditions hereinafter set forth, all their shares of the capital stock of Panama City, which shares constitute one-half of the authorized and issued shares of Panama City. The purchase price being paid by Eli for said shares is $149,860, by the delivery by Eli of a note therefor and for the purchase prices under Paragraph 1.2 and 1.3. The sellers warrant that they have good and marketable title to such shares and that the same are subject to no lien, claim or other encumbrance.

MD 00818
MARCO/L&L WINGS

1.5  <u>E&I, Inc.</u> Shaul and Meir, each for himself, hereby acknowledges and agrees that Eli is the sole owner of the shares of E&I, Inc. and that neither of them has any claim thereto

1.6  <u>Wings</u>. Eli hereby acknowledges and agrees that he does not have any ownership interest in L&L or SMP.

2  <u>Transfers of Leasehold Interests and Property</u>

2.1  <u>106A N. New River Drive, Surf City, NC</u>. In consideration of the sum of $1.00, Eli and Marco-Destin shall execute, as soon as practicable after the Closing, a surrender to L&L of any leasehold right, whether oral or written, (and subject to any and all liens or encumbrances consented to by Shaul, Meir or L&L or their affiliates or of which any of them otherwise have knowledge) which he, it or they may have in and to the lease agreement entered into between Coastal Land Ventures, Inc. as Landlord and L&L as Tenant, for the premises known by the parties as store #766 located at 106A N. New River Drive, Surf City, NC. This store was formerly operated by Marco-Destin and since abandoned. The surrender agreement shall be in form and substance reasonably satisfactory to the parties

2.2  <u>15 East 1st Street, Ocean Isle, NC</u>. In consideration of the sum of $1.00, Marco-Destin shall assign, as soon as practicable after the Closing, to L&L (subject to any and all liens or encumbrances consented to by Shaul, Meir or their affiliates or of which any of them otherwise have knowledge) the lease between Ralph Shama and Yaron Shama collectively as Landlord and Marco-Destin as Tenant, together with all right, title and interest of the tenant thereunder, for the premises known by the parties as store #767 located at 15 East 1st Street,

MD 00819
MARCO/L&L WINGS

Ocean Isle, NC The assignment shall be in form and substance reasonably satisfactory to the parties. This store was formerly operated by Marco-Destin and since abandoned.

2.3. <u>1014 N. Lake Park Road, Carolina Beach, NC (transfer of real property)</u> In consideration of $1.00 and a certain sum heretofore paid by it by Shaul and Meir, 1000 Highway shall, as soon as practicable after the Closing sell, transfer and convey to Shaul and Meir and/or L&L or SMP (subject to all liens and encumbrances consented to by Shaul, Meir, or their affiliates or of which any of them otherwise have knowledge), the real property, together with the buildings and improvements thereon located, known by the parties as store #765 located at 1014 N Lake Park Road, Carolina Beach, pursuant to the form of deed reasonably satisfactory to the parties.

2.4 <u>1014 N. Lake Park Road, Carolina Beach, NC (transfer of leasehold interest)</u> In consideration of the sum of $1.00, Marco-Destin shall, as soon as practicable after the Closing, assign (subject to any liens or encumbrances consented to by Shaul, Meir, L&L or their affiliates or of which any of them otherwise has knowledge) to L&L any right, title or interest it has or may claim to have as Tenant and is surrendering to L&L any claims to the business operated in the premises known by the parties as store #765 located at 1014 N Lake Park Road, Carolina Beach, NC. Eli, 1000 Highway, pursuant to a form of assignment and surrender agreement reasonably satisfactory to the parties. This store was formerly operated by Marco-Destin and since abandoned

2.5. <u>9952 Beach Road, Calabash, NC</u>. In consideration of the sum of $1.00 and a certain sum heretofore paid by Shaul and Meir to 1000 Highway, Eli and 1000 Highway shall assign, as soon as practicable after the Closing (subject to any liens or encumbrances consented

MD 00820
MARCO/L&L WINGS

to by Shaul, Meir, L&L or their affiliates or of which any of them has knowledge), to L&L and/or Shaul and Meir or SMP, any right, title or interest either or both of them has or may have or may claim to have in and to the land and/or buildings and improvements located thereon and known by the parties as store #605 located at 9952 Beach Road, Calabash, NC, pursuant to an assignment and surrender agreement reasonably satisfactory to the parties

2.6. <u>581 South Collier Boulevard, Marco Island, FL (correction of title)</u>. The parties hereby agree and acknowledge that 1000 Highway is the lawful owner of the land with the buildings and improvements thereon located at 551 South Collier Boulevard, Marco Island, Florida and known by the parties as store #317. Shaul, Meir, Eli and 1000 Highway hereby further acknowledge and agree, each for it, him and themselves, that the deed of conveyance incorrectly reflects that they are the owners of the property while the corporate books of 1000 Highway correctly reflect that it owns the said property. In order to correct this error, Shaul, Meir, Eli and 1000 Highway, shall as soon as practicable after the Closing, for a consideration of $1.00 execute a correction deed to 1000 Highway in form reasonably satisfactory to the parties. Said property will be conveyed subject to all existing mortgage(s) and U.C.C. security interests known to and previously consented to by Eli, 1000 Highway and Marco-Destin.

2.7 <u>581 South Collier Boulevard, Marco Island, FL (transfer of leasehold interest)</u>. In consideration of the sum of $1.00, Wings shall, as soon as practicable after the Closing, assign to Marco-Destin or any of its affiliates which are parties hereto, pursuant to an assignment and surrender agreement in form and substance reasonably satisfactory to the parties, any right, title or interest it has or may claim to have as Tenant and will surrender to Marco-Destin or any of its affiliates which are parties hereto any claims to the business operated in the premises known by the parties as store #317 located at 581 South Collier Boulevard, Marco Island, Florida.

221819-6                                6

2.8  **2673 Parkway, Pigeon Forge, TN** For a consideration of $1.00 Wings shall, as soon as practicable after the Closing, assign to Marco-Destin or any of its affiliates which are parties hereto the lease between Michael Shaler as Landlord and L&L as Tenant, together with all right, title and interest of the Tenant thereunder, in and to the premises known by the parties as store #801 located at 2673 Parkway, Pigeon Forge, TN, pursuant to a assignment agreement in form and substance reasonably satisfactory to the parties.

2.9  **1251 A Miracle Strip Parkway, Ft. Walton Beach, FL**. For a consideration of $1.00 Wings shall, as soon as practicable after at the Closing, assign to 1000 Highway or any of its affiliates which are parties hereto any interest it has in the lease between Noric, Inc. as Landlord and L&L as Tenant, together with all right, title and interest of the Tenant thereunder, in and to the premises known by the parties as store #748 located at 1251A Miracle Strip Parkway, Ft. Walton Beach, FL pursuant to an assignment agreement in form and substance reasonably satisfactory to the parties, which lease contains a right of assignment so long as Tenant remains liable on the lease. The parties acknowledge and agree that L&L de facto assigned the lease to 1000 Highway; that 1000 Highway built the store; and that the store is operated by Marco-Destin pursuant to a de facto sublet from 1000 Highway.

2.10  **1115 S. Highway 98 E., Destin, Fl. (Store #749)** Shaul and Meir hereby warrant and represent for themselves, Wings and their other affiliates, that they have not recorded any mortgage or security interest which would affect any rights of 1000 Highway in the leasehold for store # 749 or any renewal or the improvements thereof and none of them has any claim thereto and that all improvements have been recorded on the books of Marco-Destin and/or 1000 Highway.

2218196                                7

2.11. <u>Merrill Lynch Security Interest Release</u>. Shaul, Meir and Wings shall as soon as practicable after the Closing (but in no event later than December 31, 2000) deliver to Eli Tabib and/or the entities controlled after the Closing by Eli releases in form suitable for filing with the appropriate public offices for any and all of the security interests held by (i) Merrill Lynch Pierce Fenner & Smith (or its business credit affiliates), or (ii) any other creditor (including but not limited to Charter)(excluding any mortgagee on a real property mortgage), for each jurisdiction in which any said creditor has filed a lien or security interest against any of the inventory, fixtures, or other personal property of any stores operated by any of such entities controlled by Eli after the Closing (including but not limited to Marco Destin). Shaul, Meir and Wings hereby agree and acknowledge that time is of the essence in respect of such final release date of December 31, 2000 and that Eli, Marco Destin and the other entities Eli controls will suffer substantial injuries if the covenant set forth in this Section 2.11 is not fully performed by such date so that any such liens or security interests are fully released against any of Eli's entities and their stores by such date

3   <u>License of Mark</u>

L&L is at the Closing granting to Marco-Destin and certain other entities controlled by Eli after the Closing a license to use the trademark name "Wings" and certain Trade Dress for all stores currently operated by Marco-Destin and/or such other entity in the state of Florida and certain other store and locations subject to a separate licensing agreement.

4   <u>Execution and Delivery of Documents</u>.

4.1   At the closing the parties are executing and delivering by, to and among them, as necessary to effectuate the intent of this agreement, the following documents and items:

MD 00823
MARCO/L&L WINGS

4.1.1 The certificate or certificates for the shares of stock in the respective corporations, duly endorsed so as to effectively transfer ownership of the respective corporations as provided in this agreement, together with all appropriate Federal and State transfer tax stamps affixed

4.1.2 Letters of resignation from each director and officer of the respective corporations for which they are transferring shares, effective as of the Closing.

4.1.3 The Certificate of Incorporation and/or other organizational documents of any corporation for which shares are being transferred pursuant to this agreement, and the bylaws, minute book, stock certificate book, and seal of any such Corporation

4.1.4. Any bills, vouchers, and/or other records showing the ownership of the furniture, furnishings, equipment, and other property used in the operation of the business of any corporation for which shares are being transferred pursuant to this agreement.

4.1.5 All other books of account, records and contracts of any corporation for which shares are being transferred pursuant to this agreement.

4.1.6. All such other instruments as may be necessary or proper to transfer to a transferee hereunder all other ownership interests in a corporation for which shares are being transferred pursuant to this agreement

4.1.7 All business licenses, permits, etc , which may be required for the business operated in a premises subject to this agreement, which licenses, permits, etc., shall be endorsed, assigned and/or otherwise transferred to the transferee of the property hereunder, in such form and manner as to meet the requirements of the issuing authority

MD 00824
MARCO/L&L WINGS

4 1 8    Limited releases.

4 2    The parties hereto agree after the Closing to execute any and all such other and further documents and take such other actions as may be required by any of them to further complete, evidence or perfect the transfers and conveyances provided for or contemplated by this agreement, including in the case of the assignments, transfers and corrective deeds of real property and leases therefor pursuant to this agreement, all deeds of conveyance, tax returns, affidavits, evidences of debt, assignments, surrenders and any and all other documents which may be necessary or required to complete the transfers of real property and leases provided for or contemplated in this agreement.

4 3    The parties hereto agree to take all other steps necessary to assure that the documents provided for hereunder shall be valid and binding and effective to transfer property in the State (or States as the case may be) and local jurisdictions to which any property transferred hereunder may be subject

4 4.    The parties agree to procure releases of guarantees, and/or lessee liability and or the like in respect of parties who, or which, as a result of the consummation of the transactions contemplated hereby no longer have any beneficial or equitable interest in a relevant entity lessee or borrower which is a party hereto when the relevant lease, loan agreement or the like has matured by its terms and is being renewed

5.    <u>Secured Debt</u>.

5 1.    The parties acknowledge that adequate disclosure of all encumbrances has been made and that they and each of them are fully aware of and familiar with the encumbrances on the property affected by this Agreement.

MD 00825
MARCO/L&L WINGS

5 2    In the event a party (herein, "the defaulting party"), who, pursuant to this agreement, receives real and/or personal property, including any assignment of lease, fails to timely and duly fulfill any and/or all obligations in connection with any such encumbrance and/or other obligations assumed, (including, but not limited to, the payment of any mortgage or note or payment of rent) and such failure continues uncured for more than 120 days after notice by another party to this Agreement still obligated for the liability (the "non-defaulting party"), (whether such "non-defaulting party" is primarily liable for the obligation, as guarantor or otherwise); then, the said non-defaulting party may satisfy, fulfill and/or discharge the liability, whereupon the non-defaulting party shall be entitled to reimbursement for all payments and costs by the defaulting party and/or shall be entitled to immediate possession of the previously transferred real and/or personal property and/or leasehold interest to which the liability relates, free and clear of any right, title and/or interest of the defaulting party (unless such defaulting party shall cure such default prior to the non-defaulting party's actual taking of possession or such property).

6.    Payment of Consideration.

6 1.    All consideration to be paid hereunder shall be paid at the Closing (as hereinabove defined), it being understood and agreed between the parties that, with the agreement of the payee party, an obligated party hereunder may pay any part or all of the consideration by the due execution and issuance of a promissory note in form satisfactory and acceptable to the parties.

7.  Representations and Warranties

   7.1. The parties represent and warrant, each for it, him, themselves, to the others, as follows:

   7.2 The corporations affected hereby are duly organized and validly existing under the laws of the states in which they were incorporated and are duly qualified to do business in the states in which they operate.

   7.3. The parties have full power and authority to carry out and perform their respective undertakings and obligations as provided herein.

   7.4 The execution and delivery by the parties of this agreement and the consummation of the transactions contemplated hereby have been duly authorized by the Boards of Directors of the affected corporations (and in the case of SMP by the partners of SMP) and will not conflict with or breach any provision of the certificates of incorporation or bylaws of these corporations (or the partnership agreement in the case of SMP).

   7.5. Shaul, Meir and Eli each own and have good and marketable title to the respective shares of stock in the Corporations sold by them hereunder. All of the shares are no par value, are fully paid and non-assessable, and have not been assigned, pledged or hypothecated, and are free of all liens, claims and encumbrances, except as set forth herein.

   7.6 The parties are all fully aware of the financial condition, liens and/or encumbrances and leases affecting the corporations and/or property (both real and personal), transferred pursuant to this Agreement and acknowledge that full disclosure of same has been made to them and they take subject to same, except as otherwise set forth hereinabove (including

221819v6                          12

MD 00827
MARCO/L&L WINGS

but not limited to Section 2.11) and this provision shall not eliminate any express warranty or representation of a party set forth herein relating to the status of any leases, liens or encumbrances

7.7. The parties acknowledge that they are fully familiar with any written contracts or agreements for the employment of any employee of any business transferred hereby;

7.8. The entities transferred hereunder have filed all tax returns, including without limitation, all income, excise, property, gain, sales, franchise and license tax returns, required to be filed by them prior to the date hereof. The parties are fully familiar with all such tax filings and the respective transferees hereunder agree to assume liability for the payment of all taxes owed, owing or assessed against the transferred entities. The grantee or assignee of any interest in property to be conveyed hereunder shall be responsible for any state or local transfer taxes or excises and for any recording charges

7.9 The parties represent each for him, it, themselves and to each other, that all rent, mortgage payments, real estate taxes and arrears, if any, and violations, which may affect any property, whether real or personal property and including any lease interest, transferred hereunder or otherwise affected by this Agreement, have been fully paid and will be paid current to the date of the transfer hereunder.

7.10 The parties acknowledge that they have not made to each other nor has any representative or agent of any of them made any representation or warranty (expressed or implied) regarding any matter or thing affecting or relating to this agreement, except as specifically set forth in this agreement No party shall be liable or bound in any manner by any oral or written statement, representation, warranty, agreement or information pertaining to this

221819v6                              13

MD 00828
MARCO/L&L WINGS

agreement unless specifically set forth in this agreement or in any instrument of transfer executed at the Closing or otherwise in connection herewith

8  Indemnification

Each party hereto shall indemnify and hold the other parties harmless from and against all liability, claim, loss, damage or expense, including reasonable attorneys' fees, incurred or required to be paid by such other parties by reason of any breach or failure of observance or performance of any representation, warranty or covenant or other provision of this agreement by such party.

9.  Assignment Prohibited

No party shall assign this agreement without the prior written consent of the other parties in each instance unless specifically provided hereinabove  Any attempted assignment without consent of all parties shall be null and void.

10.  Notices.

All notices, demands and other communications required or permitted to be given hereunder shall be in writing and shall be deemed to have been properly given if delivered by hand or by overnight courier or by registered or certified mail, return receipt requested, with postage prepaid, to the party or parties (as the case may be), to be charged, at it, his, their address first above written, or at such other address as he, it, they may designate by notice given hereunder  Copies of all such notices, demands and other communications simultaneously shall be given in the aforesaid manner to Wing's attorney, Bennett D Krasner, Esq., at 1233 Beech St. No. 49, Atlantic Beach, NY 11509, and to Eli's attorney, Gideon Rothchild, Esq., Moses and Singer LLP at 1301 Avenue of the Americas, New York, NY 10019. The respective attorneys for

MD 00829
MARCO/L&L WINGS

the parties hereby are authorized to give any notice required or permitted hereunder and to agree to adjournments of the Closing

11. Further Actions.

In connection with the transactions contemplated by this agreement, the parties agree to execute and deliver such further instruments, and to take such further actions, as may be reasonably necessary or proper to effectuate and carry out the transactions contemplated in this agreement.

12  Joint Liability, Guarantees and Sureties

All the parties acknowledge that, during the course of their long business relationship, they and each of them have, from time to time, guaranteed, cross-guaranteed, become joint and severally liable for various obligations and acted as sureties for each other (all of these obligations are hereinafter referred to as "Potential Obligations") The extent of the parties' liability based upon Potential Obligations is vast and the parties are unable, with any reasonable certainty, to provide any compendium to each other or even to list the obligees of any Potential Obligations Therefore, Wings and Morehead (hereinafter "Wings' Group") on the one hand, and Eli, 1000 Highway, Marco-Destin and Panama City (hereinafter "Eli's Group"), on the other hand, agree to indemnify and hold each other harmless from and against all liability, claim, loss, damage or expense, including reasonable attorneys' fees, incurred or required to be paid by such other party by reason of any Potential Obligation. Furthermore, if any said claim, loss damage or expense relates to real and/or personal property including, but not limited to, any leasehold interest, and such indemnification (or reasonable security therefor) is not provided with 120 days after notice from the party incurring such payment to the party from whom (or from

MD 00830
MARCO/L&L WINGS

which) indemnification is due, such first party shall be entitled, in addition to its other rights and remedies, to immediate possession of the subject real and/or personal property, including, but not limited to any leasehold interest, free and clear of any right, title and/or interest of the other party (unless the party from whom or from which indemnification is due shall have provided such indemnification prior to the other party's actual taking of possession) (By way of example, if Eli's Group or any member thereof, defaults on a mortgage payment on real property held by 1000 Highway and any party of the Wings' Group is called upon, by virtue of its guarantee to correct the default (and Eli's Group shall not have indemnified such payment within the cure period), then such party of Wings' Group shall be entitled to immediate possession of the real property free and clear of any interest any party of Eli's Group may have (unless Eli's Group shall have cured the default prior to the taking by such other party in Wings' Group of such possession))

13    Entire Agreement

This agreement contains all of the terms agreed upon between the parties with respect to the subject matters hereof This agreement has been entered into after full investigation. All prior oral or written statements, representations, promises, understandings and agreements of the parties are merged into and superseded by this agreement, which alone fully and completely expresses their agreement.

14    Miscellaneous

14.1.   No delay or omission by any of the parties in exercising any right shall operate as a waiver of such right or of any other right

MD 00831
MARCO/L&L WINGS

14.2. This agreement may not be altered, amended, changed, modified, waived or terminated in any respect or particular unless the same shall be in writing signed by the party to be bound.

14.3. No waiver by any party of any breach hereunder shall be deemed a waiver of any other or subsequent breach

14.4 Any Exhibits annexed to this agreement are an integral part of this agreement, and where there is any reference to this agreement it shall be deemed to include any said Exhibits.

14.5. This agreement shall be governed solely by the laws of the State of New York without giving effect to any conflict of laws provisions thereof. Any and all matters of dispute between the parties hereunder or in connection herewith shall be resolved in New York County, New York State by arbitration before the American Arbitration Association and shall include the jurisdiction in the federal courts of the Southern District of New York and of the state courts of the State of New York in New York County to enforce such arbitration and/or confirm any award thereof. The parties hereby consent to jurisdiction as set forth herein. Notwithstanding the foregoing, any party may apply to a court of competent jurisdiction for a temporary restraining order, preliminary or permanent injunction or any other form of relief to assure that any judgment awarded in arbitration is not rendered ineffective and/or prevent termination of possession or other loss of a right or property interest prior to an opportunity to cure in the event of dispute hereunder as to a party's rights and/or obligations. Furthermore, notwithstanding the foregoing, in the event of a timely objection to arbitration, either party may commence a proceeding in Supreme Court of the State of New York and County of New York and/or Federal District Court for the Southern District of New York.

MD 00832
MARCO/L&L WINGS

14.6   If any provision of this agreement shall be unenforceable or invalid, such unenforceability or invalidity shall not affect the remaining provisions of this agreement.

14.7   Upon such execution and delivery, this agreement shall be binding upon and inure to the benefit of the parties hereto and their respective heirs, executors, administrators, successors and permitted assigns.

IN WITNESS WHEREOF, the parties hereto have hereunto set their hands and seals as of the date first above written.

_____          _____
Shaul Levy, individually                    Meir Levy, individually

_____
Eli Tabib, individually

L&L Wings, Inc.                              1000 Highway 98 East Corp.

By: _____          By: _____

Marco-Destin Inc.                           100 South Morehead Ave. Corp.

By: _____          By: _____

Panama City Surf & Sport Inc.        Shaul & Meir Levy Partnership

By: _____          By: _____

E&T, Inc.

By: _____

221810v6                                18

MD 00833
MARCO/L&L WINGS

02/17/2000  17:57  13056727959                    WINGS: 307                          PAGE  19
   02/17/00  16:52 FAX 212  554 7700     MOSES & SINGER LLP                           @019/033

14.6. If any provision of this agreement shall be unenforceable or invalid, such unenforceability or invalidity shall not affect the remaining provisions of this agreement.

14.7. Upon such execution and delivery, this agreement shall be binding upon and inure to the benefit of the parties hereto and their respective heirs, executors, administrators, successors and permitted assigns.

IN WITNESS WHEREOF, the parties hereto have hereunto set their hands and seals as of the date first above written.

_____  
Shaul Levy, individually

_____  
Eli Tabib, individually

L&L Wings, Inc.  
By: _____

Marco-Destin Inc.  
By: _____ x

Panama City Surf & Sport Inc.  
By: _____ x

E&T, Inc.  
By: _____ x

_____  
Meir Levy, individually

1000 Highway 98 East Corp.  
By: _____ x

100 South Morehead Ave. Corp.  
By: _____ x

Shaul & Meir Levy Partnership  
By: _____

221810v6                                  18

MD 00834
MARCO/L&L WINGS