UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

| | | |
|---|---|---|
| L & L WINGS, INC., | : | **ECF CASE** |
| Plaintiff, | : | 07 Civ. 4137 (BSJ) (GWG) |
| - against - | : | **AFFIDAVIT OF DROR LEVY IN SUPPORT OF THE MOTION OF DEFENDANTS, 1000 HIGHWAY 98 EAST CORP. AND PANAMA SURF & SPORT, INC. FOR SUMMARY JUDGMENT** |
| MARCO-DESTIN INC., 1000 HIGHWAY 98 EAST CORP., PANAMA SURF & SPORT, INC. and E & T INC., | : | |
| | : | |
| Defendants. | : | |

-----------------------------------------------------------------x

STATE OF FLORIDA    )
                    )
COUNTY OF MIAMI-DADE )

BEFORE ME, the undersigned authority, this day personally appeared Dror Levy, who, having first been duly sworn, deposes and says:

1. I am Vice President of all four Defendants in this case, specifically, Marco-Destin, Inc., 1000 Highway 98 East Corp., Panama Surf & Sport, Inc., and E & T Inc., and I have personal knowledge of the facts stated herein.

2. I make this Affidavit in support of the Motion of Defendants 1000 Highway 98 East Corp and Defendant Panama Surf & Sport, Inc. (the "Moving Defendants") for Summary Judgment Dismissal of the Complaint against them, and adjudging that the Moving Defendants have no obligation and no liability to Plaintiff under a Licensing Agreement, dated as of November 1, 1998 (the "Licensing Agreement").

3. Plaintiff L& L Wings, Inc., alleges that it is a South Carolina Corporation having its principal place of business at 8 East 41st Street, New York, New York. Complaint ¶ 1.

4.   Defendant 1000 Highway 98 East Corp. is a Florida Corporation having its principal place of business at 10400 Northwest 33rd Street, Miami, Florida.

5.   Defendant Panama Surf & Sport, Inc., is a Florida Corporation having its principal place of business at 10400 Northwest 33rd Street, Miami, Florida.

6.   According to the Complaint in this case, all four Defendants are accused of improperly using the service mark WINGS and certain "trade dress" in connection with the operation of retail stores specializing in the sale of beach apparel, in violation of the Licensing Agreement, by using the service mark and trade dress after October 31, 2006 which is, according to the terms of the Licensing Agreement, the expiration date of the Licensing Agreement. Complaint ¶ 21.

7.   Defendant 1000 Highway 98 East Corp. is a real estate holding company which leases real estate to others.

8.   Defendant 1000 Highway 98 East Corp. does not use the service mark WINGS, does not use any trade dress, and does not operate any stores. The leases between 1000 Highway 98 East Corp. as owner/landlord and any tenant do not refer to the service mark WINGS nor any other service mark, nor to any trade dress and do not authorize, license, sublicense, require or permit any tenant or anyone else to use any particular service mark or trade dress. Defendant 1000 Highway 98 East Corp. certainly did not use the service mark or trade dress after October 31, 2006.

9.   Defendant Panama Surf & Sport, Inc., provides senior management level consultants for certain stores owned and operated by others.

10.   Defendant Panama Surf & Sport, Inc., does not use the service mark WINGS, does not use any trade dress, and is not involved in the day-to-day operation of any stores. The

agreements between Panama Surf & Sport, Inc., as the provider of senior management level consultants and any store which is a "customer" of Panama Surf & Sport, Inc., do not refer to the use of the service mark WINGS nor to any other service mark, nor to any trade dress and do not authorize, license, sublicense, require or permit any store owner or store operator or anyone else to use any particular service mark or trade dress. Defendant Panama Surf & Sport, Inc., certainly did not use the service mark or trade dress after October 31, 2006.

11. Defendant 1000 Highway 98 East Corp. did sign the Licensing Agreement "dated for reference purposes as of the 1st day of November 1998" but did not do any of the other acts alleged in the Complaint and did not do any act in violation of the Licensing Agreement.

12. Defendant Panama Surf & Sport, Inc., did sign the Licensing Agreement "dated for reference purposes as of the 1st day of November 1998" but did not do any of the other acts alleged in the Complaint and did not do any act in violation of the Licensing Agreement.

13. Defendant 1000 Highway 98 East Corp. is not aware of any legitimate basis or reason for which it was required to sign the Licensing Agreement.

14. Defendant Panama Surf & Sport, Inc., is not aware of any legitimate basis or reason for which it was required to sign the Licensing Agreement.

15. Assuming the Licensing Agreement to be valid and enforceable, the Licensing Agreement has a termination date of October 31, 2006. Licensing Agreement ¶ 1.3.

16. There is no basis in fact to suggest that either 1000 Highway 98 East Corp. or Panama Surf & Sport, Inc. used the service mark WINGS or the trade dress which are the subject matter of the Complaint at any time.

17.   There is no basis in fact to suggest that either 1000 Highway 98 East Corp. or Panama Surf & Sport, Inc., used the service mark WINGS or the trade dress which are the subject matter of the Complaint after the October 31, 2006 expiration of the Licensing Agreement.

FURTHER AFFIANT SAYETH NAUGHT.

_____
Dror Levy

Sworn to and subscribed before me this 14 day of December, 2007, by Dror Levy, who is personally known by me or who produced _____ as identification and who took an oath.

NOTARY PUBLIC-STATE OF FLORIDA
Julie R. Peterson
Commission # DD717467
Expires:   JAN. 15, 2012
BONDED THRU ATLANTIC BONDING CO., INC.

Julie R. Peterson
Type or Print Name of Notary
Notary Public - State of Florida at Large
My Commission Expires:   1/15/12

_____

{WP450295;2}