UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

| | | |
|---|---|---|
| L & L WINGS, INC., | : | ECF CASE |
| Plaintiff, | : | 07 Civ. 4137 (BSJ) (GWG) |
| - against - | : | |
| MARCO-DESTIN INC., 1000 HIGHWAY 98 EAST CORP., PANAMA SURF & SPORT, INC. and E & T INC., | : | |
| Defendants. | : | |

------------------------------------------------------------x

## MEMORANDUM OF LAW IN SUPPORT OF MOTION OF DEFENDANTS 1000 HIGHWAY 98 EAST CORP. AND PANAMA SURF & SPORT, INC. FOR SUMMARY JUDGMENT

Defendants, 1000 Highway 98 East Corp. and Panama Surf & Sport, Inc. (the "Moving Defendants"), by and through their undersigned counsel, respectfully submit this Memorandum of Law in support of their motion for an Order pursuant to Fed. R. Civ. P. 56(b) granting summary judgment dismissing Plaintiff's Complaint as to the Moving Defendants, with prejudice. This motion is supported by the record evidence, the Declaration and Affidavit submitted herewith in support of the motion, and Defendants' Local Rule 56.1 Statement of Undisputed Material Facts in Support of Defendants' Motion for Summary Judgment.[1]

### PRELIMINARY STATEMENT

The Moving Defendants, 1000 Highway 98 East Corp. and Panama Surf & Sport, Inc., should never have been named as Defendants. On or about May 23, 2007, Plaintiff, L & L

---

[1] Defendants' Local Rule 56.1 Statement of undisputed material facts is filed concurrently with this motion, and will be cited to herein as "Defs Facts ¶ ___."

{NY022967;3}

Wings, initiated this lawsuit against four Defendants (including the Moving Defendants) asserting various claims and theories based on the alleged use of a certain service mark WINGS and certain trade dress and certain violations of a Licensing Agreement, dated as of November 1, 1998 (the "Licensing Agreement"), a copy of which is annexed to the moving Declaration of Lansing R. Palmer, dated December 14, 2007. Not only have the Moving Defendants ***never*** used the WINGS service mark or the alleged trade dress, but they ***never*** should have been required to sign the Licensing Agreement in the first instance. The Licensing Agreement, assuming it to be valid and enforceable, expired by its express terms as of October 31, 2006. There was no factual or legal basis to include the Moving Defendants, who never used the service mark or trade dress at all, or to allege that they used the service mark and trade dress after October 31, 2006.

Since the Moving Defendants have no liability under an expired agreement, they should be summarily dismissed as Defendants.

## SUMMARY OF UNDISPUTED FACTS

Plaintiff, L & L Wings, Inc., claims to own, operate, and manage retail stores throughout the United States, specializing in the sale of beachwear, souvenirs, tee shirts, sunglasses, and other related items. [Defs Facts ¶ 4]. In connection with its ownership and operation of its retail stores, Plaintiff claims to use the unregistered service mark, "WINGS," and a decorative trade dress. [Defs Facts ¶ 5].

Defendant 1000 Highway 98 East Corp. is a real estate holding company which leases certain real property to others. [Defs Facts ¶ 7]. Defendant Panama Surf & Sport, Inc., provides senior management level consultants for certain stores owned and operated by others. [Defs Facts ¶ 9].

According to the Complaint, all four Defendants are accused of improperly using the service mark WINGS and certain trade dress [Defs Facts ¶ 6], and violating the terms of the Licensing Agreement "dated for reference purposes as of the 1st day of November 1998" and which expired by its terms on October 31, 2006. [Defs Facts ¶¶ 11, 12, 15].

Neither of the Moving Defendants has used the service mark or trade dress, or has authorized, licensed, sublicensed, required or permitted any third party to use the service mark and/or the trade dress [Defs Facts ¶¶ 8, 10], or has done any of the other acts alleged in the Complaint. [Defs Facts ¶¶ 11, 12]. There apparently was no legitimate basis to require either 1000 Highway 98 East Corp. or Panama Surf & Sport, Inc. to sign the Licensing Agreement in the first instance [Defs Facts ¶¶ 13, 14], but in any event the Licensing Agreement expired on October 31, 2006 [Defs Facts ¶ 15], and there is no reason to conclude that these Defendants used the service mark or trade dress which is the subject matter of the Complaint **after** the expiration of the Licensing Agreement. [Defs Facts ¶ 17].

## ARGUMENT

### I. Standard For Summary Judgment

Pursuant to Rule 56 of the Federal Rules of Civil Procedure ("Rule 56"), a party against whom a claim is asserted or who seeks to recover on a claim, counterclaim, or cross-claim may "move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof." Fed. R. Civ. P. 56(b), (c). Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

A party seeking summary judgment bears the initial burden of identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," demonstrate the absence of a genuine issue as to any material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 2552-53 (1986). Once this burden has been met, the non-moving party must come forward with affirmative evidence that genuine issues of fact do exist. Id. at 324. That is, the non-moving party may not rest on the pleadings alone, but by affidavits or otherwise, must set forth specific facts showing that there is a genuine issue of fact to be tried. Id.; see also Project Release v. Prevost, 722 F.2d 960, 968 (2d Cir. 1983) (recognizing that "mere allegations in the non-moving party's pleadings are insufficient to show that there is a triable issue of fact," but rather the non-moving party must "produce 'significant probative evidence tending to support its position'"). If the non-moving party fails to demonstrate that a genuine issue of fact exists to be tried, summary judgment is appropriate. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87, 106 S. Ct. 1348, 1355-56 (1986).

Where, as in this case, the non-moving party bears the burden of proof at trial, the moving party may satisfy its Rule 56 burden by demonstrating the absence of material evidence supporting an essential element of the plaintiff's claims. Repp v. Webber, 132 F.3d 882, 889-90 (2d Cir. 1997) (citing Celotex, 477 U.S. at 325). Summary judgment is appropriate in this case on all of Plaintiff's claims against Defendants 1000 Highway 98 East Corp. and Panama Surf & Sport, Inc., because there is a complete lack of evidence supporting the essential elements of Plaintiff's claims and thus no genuine issue of fact exists to be tried.

## II.     Summary Judgment Dismissal of the Complaint Should Be Granted

On May 23, 2007, Plaintiff filed its six-count Complaint against four Defendants: (1) Marco-Destin Inc., (2) E & T Inc., (3) 1000 Highway 98 East Corp., and (4) Panama Surf & Sport, Inc. The present motion is brought on behalf of the latter two Defendants.

The Complaint generally alleges that all Defendants are liable for: (1) False Designation of Origin under §43(a) of the Lanham Act as to use of the service mark ("Count I"); (2) False Designation of Origin under §43(a) of the Lanham Act as to use of the trade dress ("Count II"); (3) Injury to Reputation and Dilution of the service mark under §360-l (mis-cited in the Complaint as §360-I) and §133 of the New York General Business Law ("Count III"); (4) Common Law Service Mark Infringement ("Count IV"); (5) Common Law Unfair Competition ("Count V"); and (6) Breach of Contract ("Count VI"). While the elements of each of these claims may differ, essential to all of these claims is proof that the Defendants used or adopted Plaintiff's service mark or trade dress and thereafter used the same in violation of the Licensing Agreement. However, as to the Moving Defendants, 1000 Highway 98 East Corp. and Panama Surf & Sport, Inc., such proof does not exist because these Defendants did not and do not use the service mark or trade dress.

Each of Plaintiff's claims against the Moving Defendants requires an affirmative act by Defendants, namely, use of the service mark and trade dress without permission or authority from Plaintiff. However, neither of the Moving Defendants has ever used the service mark or trade dress <u>at all</u>. For liability to exist, it must be shown that Defendants have "use[d] [the service mark or the trade dress] in commerce." 15 U.S.C. § 1125(a)(1); see <u>1-800 Contacts, Inc. v. WhenU.com, Inc.</u>, 414 F.3d 400, 412 (2d Cir. 2005) (noting that "use must be decided as a threshold matter…[as] no such activity is actionable under the Lanham Act

absent use of a trademark")(emphasis added). Similarly, Defendants can only be found liable under Count III, for "Injury to Reputation and Dilution of the Mark," if they are shown to have "adopt[ed] or use[d]" the service mark or the trade dress. See N.Y. Gen. Bus. Law § 133. Likewise, under Count IV, for common law service mark infringement, Defendants' "use of the [Mark]" must be likely to cause confusion. Allied Maintenance Corp. v. Allied Mech. Trades, Inc., 42 N.Y.2d 538, 543, 369 N.E.2d 1162 (1977) (emphasis added). Moreover, to sustain its claim for common law unfair competition in Count V of the Complaint, Plaintiff must show that Defendants "misappropriated [P]laintiff's labors or expenditures." Davis & Co. Auto Parts, Inc. v. Allied Corp., 651 F. Supp. 198, 203 (S.D.N.Y. 1986). Finally, as the Plaintiff itself recognized in Count VI, Defendants' alleged breach of the Licensing Agreement rests on Defendants' alleged "fail[ure] to cease using the service mark and the trade dress." Compl. ¶ 68.

Thus, in order for Plaintiff to be successful on any of its claims against 1000 Highway 98 East Corp. and/or Panama Surf & Sport, Inc., Plaintiff must show that one (or both) has used or adopted the service mark or the trade dress **after the October 31, 2006 expiration of the Licensing Agreement**. Based upon the undisputed material facts, such a showing cannot be made. Defendant 1000 Highway 98 East Corp. is a real estate holding company and Defendant Panama Surf & Sport, Inc., provides senior management level consulting services, but neither uses, licenses, sublicenses, authorizes, requires or permits any use of either the service mark or the trade dress at all, let alone after the expiration of the Licensing Agreement. These Defendants are entitled to summary judgment in their favor as a matter of law on all of Plaintiff's claims.

### III. Defendants Have No Liability Under an Expired Agreement

The Complaint refers to a certain Licensing Agreement signed by Plaintiff and all four Defendants "dated for reference purposes as of the 1st day of November 1998" and which expired or terminated on October 31, 2006. Assuming for the purposes of the present motion that the Licensing Agreement is valid and enforceable, it has no applicability to either 1000 Highway East Corp. or Panama Surf & Sport, Inc., since neither Moving Defendant ever operated under the provisions of the Licensing Agreement: i.e., they never used the service mark and/or the trade dress, and certainly did not do so after October 31, 2006. The now-expired Licensing Agreement imposes no post-expiration obligation on the moving Defendants. Accordingly, they should be granted summary judgment of no liability and no obligations under the now-expired Licensing Agreement.

### CONCLUSION

WHEREFORE, Defendants 1000 Highway 98 East Corp. and Panama Surf & Sport, Inc., respectfully request that this Court enter an Order pursuant to Fed. R. Civ. P. 56 granting summary judgment dismissing Plaintiff's Complaint as to these Defendants, adjudging that they have no liability and no obligations under the Licensing Agreement, and granting these Defendants such other and further relief as this Court may deem just and proper.

Dated: New York, New York  
December 14, 2007

Respectfully submitted,

/s/ Lansing R. Palmer  
Lansing R. Palmer (LP 4719)  
Akerman Senterfitt LLP  
335 Madison Avenue, 26th Floor  
New York, New York  10017-4636  
Telephone: (212) 880-3800  
Facsimile: (212) 880-8965

- and -

Jerold I. Schneider, *pro hac vice*
**Akerman Senterfitt**
222 Lakeview Avenue
West Palm Beach, FL 33401
Telephone: 561-671-3661
Facsimile: 561-659-6313

*Attorneys for Defendants*