## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHER DISTRICT OF NEW YORK

BENNETT D. KRASNER, ESQ.  (bk 8375)
1233 Beech Street #49
Atlantic Beach, NY 11509
(516) 889-9353
*Attorney for Plaintiff, L & L Wings, Inc.*

ECF Case

L & L WINGS, INC.

Plaintiff,

-against-

MARCO-DESTIN INC., 1000 HIGHWAY
98 EAST CORP., PANAMA SURF &
SPORT, INC., and E & T INC.,

Defendants.

Civil Action No. CV-07-4137
(BSJ) (GWG)

**DECLARATION OF BENNETT D.
KRASNER IN OPPOSITION TO
MOTION OF DEFENDANTS 1000
HIGHWAY 98 EAST CORP. AND
PANAMA SURF & SPORT INC. FOR
SUMMARY JUDGMENT**

**BENNETT D. KRASNER** declares under penalty of perjury:

1.      I am a member of the Bar of the State of New York and of this Court. I am the

attorney for the Plaintiff, L & L Wings, Inc. (herein, "Wings") in this action.

2.      I respectfully submit that there are genuine issues of material fact which preclude

summary judgment in favor of Defendants, 1000 Highway 98 East Corp., and Panama Surf &

Sport, Inc., herein. Indeed the conclusory statements to the effect that these two Defendants did

not violate Plaintiff's proprietary rights, are contradicted by *hard* evidence. The affidavit of

Plaintiff's Vice President, Ariel Levy, annexed hereto as Exhibit 1, and the exhibits thereto

clearly demonstrate that Defendants' motion is without merit.

3.      Since my adversary has written at length regarding the Licensing Agreement

Exhibit to the Complaint, I feel constrained to respond. The Licensing Agreement was

inadvertently not attached as Exhibit A to the Complaint. When my adversary, Mr. Palmer,

brought it to my attention, I requested that he stipulate to amend the complaint to add the Exhibit.

He declined. Thereafter, when we worked out the proposed scheduling order he graciously

agreed to stipulate to amend the complaint without the need for motion practice. Thereafter,

Magistrate Gorenstein's Scheduling Order was issued which was unlike the proposed scheduling

order. Magistrate Gorenstein's Scheduling Order did not provide for the amendment without a

motion. Furthermore, Magistrate Gorenstein issued an Order directing the parties to appear for a

Settlement Conference.

4.      It was clear from Mr. Palmer's oral argument at the initial hearing before

Magistrate Gorenstein that he possessed and does possess a copy of the Licensing Agreement.

Indeed, he has  attached a copy as Exhibit B to Defendants' moving papers. A cursory

comparison of the said Exhibit B to my copy of the Licensing Agreement shows that Exhibit B to

the moving papers appears to be the same Licensing Agreement document in my possession

although I have not read it word for word.

5.      Since my adversary appeared to have a copy of the Licensing Agreement and the

parties were proceeding to a settlement conference, it did not seem in the spirit of settlement to

begin motion practice prior to the Conference. Therefore I have not as yet made a motion to

amend the complaint to insert the Licensing Agreement exhibit.

6.      Just as I did and do not believe that a motion to amend was in keeping with the

proper spirit to approach a settlement conference, I believe Defendants' instant motion is

likewise contrary to the spirit of settling the matter; Defendants' motion is at the very least

premature since there has been no discovery. Defendants' motion may perhaps even be

considered frivolous conduct by the moving Defendants.

7.     As Exhibit B to Defendants' moving papers demonstrates, both Defendants

Panama Surf & Sport, Inc. (hereinafter "Panama") and 1000 Highway 98 Corp. (hereinafter

"1000 Highway") (collectively the "Moving Defendants") executed a Licensing Agreement

whereby Moving Defendants licensed the mark which forms the basis of Plaintiff's Complaint.

The Moving Defendants were represented by competent legal counsel of their own choosing with

respect to the Licensing Agreement, namely, the law firm of Moses & Singer LLP.

8.     It is only now that Defendant, 1000 Highway, claims it is a real estate holding

company that does not use the mark "Wings" or any trade dress or operate any retail stores.

Whether or not that is the case is an issue for the trier of fact. Defendants have set forth on this

motion nothing more than conclusory statements which are unsupported by evidence.

9.     Furthermore, 1000 Highway claims that the lease between 1000 Highway as

landlord and its tenants does not provide a license, or authorization for use of any mark or trade

dress (See, affidavit of Dror Levy annexed to the moving papers at ¶¶ 7 & 8). It is interesting to

note that no lease was annexed to the moving papers; however, even if such a lease were offered,

prior to Plaintiff having an opportunity to conduct both document discovery and depositions to

verify the information, a summary dismissal would be inappropriate based on the existence of the

Licensing Agreement (Exhibit B to the moving papers).

10.     The evidence strongly contradicts Defendant's 1000 Highway's statements

regarding the nature of its business activity. Annexed to the Affidavit of Plaintiff's Vice

President, Ariel Levy (Exhibit 1 thereto), is the report of R.E.I. Investigations, a private

investigation service. The report is dated March 18, 2007. According to the report, on that date

the investigator arrived at the property known as 1000 Highway 98 East, in Destin, Florida

(which property is believed to be owned by Defendant, 1000 Highway) and observed thereon a store being operated under the name "Wings" (See affidavit of Ariel Levy, Exhibit 1hereto at ¶7).

11.    An expired License Agreement, a store located on property which Defendant, 1000 Highway, does not deny that it owns, and utilizing Plaintiff's mark and trade dress after the expiration of the License Agreement, clearly underscores that triable issues of fact exist regarding the liability of Defendant, 1000 Highway, for damages as alleged in the Complaint.

12.    Defendant, Panama, claims it "....provides senior management level consultants for certain stores owned and operated by others." (See, affidavit of Dror Levy annexed to the moving papers at ¶ 9).  Prior to any document discovery or depositions, this conclusory allegation is suspect at best.

13.  Plaintiff obtained a <u>D & B Business Background Report</u>™[1] for Defendant, Panama Surf & Sport Inc. (herein, as previously set forth, "Panama") dated December 28, 2007 and last updated December 13, 2007 (See, affidavit of Ariel Levy at ¶8 and Exhibit B thereto). The report lists the address for Panama Surf & Sport, Inc. at 12208 Front Beach Road, Panama City, Florida and a business office address at 10400 NW 33rd St. #110, Miami, Florida. (The same address for all the Defendants herein as well as the address admitted to at ¶3 of the Local Rule 56.1 Statement of Undisputed Material Facts by the Moving Defendants.) The "operations" of the company are described as "Retails surf apparel (90%) and surf equipment (10%)..." (See, Affidavit of Ariel Levy, Exhibit B thereto at "Operations"). The report lists the following trade names for Defendant, Panama: "+Trader Ricks Surf Shop", "Trader Ricks Surf Shop" and

---

[1]D & B Business Background Report™ is the trademark of Dun & Bradstreet a well recognized and highly respected source of business and financial information.

"*Wings*" [emphasis added] (See, Affidavit of Ariel Levy, Exhibit B thereto at "Operations").

14.     As more fully set forth in the accompanying affidavit of Plaintiff's Vice President, Ariel Levy, Plaintiff engaged a private investigator from the firm of Middlebrooks, Richter and Associates, who visited the store located at 12208 Front Beach Road, Panama City, Florida on March 27, 2007 and observed the store operating under the name "Wings".  (See Affidavit of Ariel Levy at ¶9 and Exhibit C thereto).

15.     The expired License Agreement and the evidence that Defendant, Panama, is operating a store location utilizing Plaintiff's mark and trade dress after the expiration of the License Agreement, underscores that there are triable issues of fact as to this Defendant's liability for damages as alleged in the Complaint.

16.     The Moving Defendants offer the affidavit of Dror Levy in support of the motion. According to Mr. Levy's affidavit, he is Vice President of all four Defendants in this action. (See, affidavit of Dror Levy at ¶1).  Mr. Dror Levy's affidavit fails to offer any facts to support Defendants' within motion. Indeed, the only undisputed fact revealed by the affidavit is that all four Defendants are intimately related. Moreover, it is undisputed that all four Defendants executed the Licensing Agreement which underlies this action. Discovery is required to allow Plaintiff to sort out the business operations of each of these Defendants and to clarify their relationship to one another. Prior to any document discovery or depositions, the crucial facts in this action support judgment in Plaintiff's favor. Only after completion of discovery will Plaintiff able to ascertain the extent of each Defendants' use of the mark and trade dress.

WHEREFORE, Plaintiff, L & L Wings, Inc., respectfully requests that this Court enter an Order denying the Moving Defendants' within motion for summary judgment and granting

Plaintiff such other and further relief as this Court may deem just and proper.

I declare under penalties of perjury that the foregoing is true and correct. Executed this 31st day of December, 2007.

Respectfully submitted,

*/s/ Bennett D. Krasner*

_____

**BENNETT D. KRASNER, ESQ.** (bk 8375)
*Attorney for Plaintiff, L & L Wings, Inc.*
1233 Beech Street #49
Atlantic Beach, New York 11509
Tel. 516-889-9353

# UNITED STATES DISTRICT COURT

### for the

## SOUTHERN DISTRICT OF NEW YORK

---

L&L WINGS, INC.,

                    Plaintiff,               Civil Action No. CV-07-4137

v.                                     (BSJ) (GWG)

MARCO-DESTIN INC., 1000 HIGHWAY 98
EAST CORP., PANAMA SURF & SPORT, INC.,
and E&T INC.,

                    Defendants.

---

## AFFIRMATION AND AFFIDAVIT IN OPPOSITION
## TO MOTION FOR SUMMARY JUDGMENT

---

Counsel for Plaintiff:

*Bennett D. Krasner*

_____
Bennett D. Krasner, Esq. (bk 8375)
1233 Beech Street #49
Atlantic Beach, New York 11509
Tel. 516-889-9353