IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTER DISTRICT OF NEW YORK

BENNETT D. KRASNER, ESQ. (bk 8375)
1233 Beech Street #49
Atlantic Beach, NY 11509
(516) 889-9353
*Attorney for Plaintiff, L & L Wings, Inc.*

| | |
|---|---|
| L & L WINGS, INC.<br><br>Plaintiff,<br>-against-<br><br>MARCO-DESTIN INC., 1000 HIGHWAY 98 EAST CORP., PANAMA SURF & SPORT, INC., and E & T INC.,<br><br>Defendants. | Civil Action No. CV-07-4137 (BSJ) (GWG) |

**MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANTS', 1000 HIGHWAY 98 EAST CORP. AND
PANAMA SURF & SPORT, INC., MOTION FOR SUMMARY JUDGMENT**

Plaintiff, L & L Wings, Inc., by and through its undersigned counsel, respectfully submits this Memorandum of Law in opposition to Defendants', Panama Surf & Sport, Inc. (herein, "Panama") and 1000 Highway 98 Corp. (herein, "1000 Highway") (herein, alternatively, collectively, "the Moving Defendants"), motion for an Order pursuant to Fed. R. Civ. P. 56(b) for summary judgment. This opposition is supported by the record evidence, the Declaration and Affidavit submitted herewith in opposition to the motion and Plaintiff's responses to Moving Defendants' Local Rule 56.1 Statement of Undisputed Material Facts Supporting their motion.

**PRELIMINARY STATEMENT**

The Licensing Agreement annexed to Moving Defendants' motion papers and the affidavit of Plaintiff's Vice President, Ariel Levy, clearly demonstrate that Moving Defendants

are proper parties in this lawsuit and that there are genuine issues of material fact regarding Defendants' Panama and 1000 Highway violation of Plaintiff's proprietary rights in its mark and trade dress. The Moving Defendants were parties to the Licensing Agreement, were represented by counsel prior to signing the Licensing Agreements and to all accounts were and are still utilizing the mark and trade dress in question in this litigation.

## ARGUMENT

Plaintiff does not dispute the standards for summary judgment quoted by the Moving Defendants and therefore will not burden the Court with another recitation of those standards. However, Plaintiff supplements the statement of the standards with one important addition as follows:

> "The party seeking summary judgment bears the burden of establishing that no genuine issue of material fact exists and that the undisputed facts establish her right to judgment as a matter of law." *Rodriguez v. City of New York*, 72 F.3d 1051, 1060-61 (2d Cir. 1995). In determining whether a genuine issue of material fact exists, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 89 L. Ed. 2d 538, 106 S. Ct. 1348 (1986); *Gibbs-Alfano v. Burton*, 281 F.3d 12, 18 (2d Cir. 2002).

Coast to Coast Installations, Inc. v. Iron Workers Locals 40, 361 & 417 Union Sec. Funds, 174 L.R.R.M. 3010 (D.N.Y. 2004).

Defendants have failed to satisfy the standards for summary judgment. By Defendants' own admission all four Defendants are somehow related; Defendants have offered no evidence, beyond conclusory statements, to show how they are related or that Defendants' business operations (retail stores utilizing the mark "Wings" and its trade dress) have nothing to do with

the Moving Defendants despite available public information and appearances to the contrary. The affidavit of Defendants' Vice President Dror Levy, fails to set forth an undisputed facts, except, perhaps, to underscore the intimate relationship among all four Defendants.

The Moving Defendants argue as follows in the first paragraph under the heading "**I. Standards For Summary Judgment**" at page 3 of Defendants' Memorandum of Law in support of the within motion:

> Summary Judgment is appropriate if "the pleadings, **depositions, answers to interrogatories**, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact....[emphasis added]

The Moving Defendants are well aware that discovery has not yet begun in this action. The Moving Defendants requested that the Settlement Conference be rescheduled for a date nearly *two months past* the original scheduled date. In the spirit of settlement, moving forward with discovery and depositions would be counter productive.

Plaintiff has met its burden of demonstrating that genuine issues of material fact exist and that summary judgment in favor of Defendants, Panama and 1000 Highway, is improper under the circumstances. Plaintiffs offer the Licensing Agreement to which the Moving Defendants are parties. Moreover, Plaintiffs offer evidence to show that each of the Moving Defendants were and are still utilizing Plaintiff's mark and trade dress as alleged in the Complaint. While the Moving Defendants may deny the allegations, they do not deny entering into a Licensing Agreement.

The affidavit of Plaintiff's Vice President, Ariel Levy, and its accompanying exhibits demonstrate that there are triable issues of fact as to the Moving Defendants' use of Plaintiff's

mark and trade dress, both during the term of the Licensing Agreement and more importantly, today. The evidence proffered by Plaintiff also raises the issue of the truth of the affidavit of the Moving Defendants' Vice President, Mr. Dror Levy. The current usage of the mark and trade dress bear directly on Moving Defendants' liability for damages to Plaintiff.

While Plaintiff is certain that it has met its burden in opposing the Moving Defendants' motion for summary judgment, should the Court determine otherwise, then it is respectfully submitted that the Court should still deny the Moving Defendants' motion based upon Fed. R. Civ. P. 56(f) and the declaration of Plaintiff's counsel herein.

## CONCLUSION

WHEREFORE, Plaintiff, L & L Wings, Inc., respectfully requests that this Court enter an Order denying the Moving Defendants' motion for summary judgment in its entirety and granting to Plaintiff such other and further relief as this Court may deem just and proper.

Dated: Atlantic Beach, New York
December 31, 2007

                                            Respectfully submitted,

                                            /s/ *Bennett D. Krasner*

                                            _____
                                            **BENNETT D. KRASNER, ESQ.** (bk 8375)
                                            *Attorney for Plaintiff, L & L Wings, Inc.*
                                            1233 Beech Street #49
                                            Atlantic Beach, New York 11509
                                            Tel. 516-889-9353

UNITED STATES DISTRICT COURT

for the

SOUTHERN DISTRICT OF NEW YORK

---

L&L WINGS, INC.,

               Plaintiff,           Civil Action No. CV-07-4137

v.                                           (BSJ) (GWG)

MARCO-DESTIN INC., 1000 HIGHWAY 98
EAST CORP., PANAMA SURF & SPORT, INC.,
and E&T INC.,

               Defendants.

---

**MEMORANDUM OF LAW IN OPPOSITION
TO MOTION FOR SUMMARY JUDGMENT**

---

Counsel for Plaintiff:

*Bennett D. Krasner*

_____
Bennett D. Krasner, Esq. (bk 8375)
1233 Beech Street #49
Atlantic Beach, New York 11509
Tel. 516-889-9353