UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

| | | |
|---|---|---|
| L & L WINGS, INC., | : | **ECF CASE** |
| Plaintiff, | : | 07 Civ. 4137 (BSJ) (GWG) |
| - against - | : | |
| MARCO-DESTIN INC., 1000 HIGHWAY 98 EAST CORP., PANAMA SURF & SPORT, INC. and E & T INC., | : | |
| | : | |
| Defendants. | : | |

------------------------------------------------------------x

### REPLY MEMORANDUM IN SUPPORT OF MOTION OF DEFENDANTS 1000 HIGHWAY 98 EAST CORP. AND PANAMA SURF & SPORT, INC. FOR SUMMARY JUDGMENT

**Akerman Senterfitt LLP**
ATTORNEYS AT LAW
*Attorneys for Defendants*
335 Madison Avenue, 26th Floor
New York, New York 10017-4636
(212) 880-3800

# TABLE OF CONTENTS

| | | |
|---|---|---|
| **TABLE OF CONTENTS** | | i |
| **TABLE OF AUTHORITIES** | | ii |
| **PRELIMINARY REPLY STATEMENT** | | 1 |
| **ARGUMENT** | | 2 |
| 1. | **Plaintiff's Inadmissible Hearsay Should Be Disregarded and Stricken** | 2 |
| 2. | **Plaintiff's Conjecture and Speculation Is Not Evidence to Fill-In The "Gaps" In Its Opposition Evidence** | 3 |
| | A. Conjecture, Speculation and "Missing Evidence" (Gaps in the Evidence) as to Moving Defendant 1000 Highway 98 East Corp. | 3 |
| | B. Conjecture, Speculation and "Missing Evidence" (Gaps in the Evidence) as to Moving Defendant Panama Surf & Sport, Inc. | 5 |
| 3. | **Plaintiff Failed to Demonstrate Genuine Issues of Material Facts** | 6 |
| 4. | **Plaintiff Has Not Met Its Burden of Proof** | 8 |
| **CONCLUSION** | | 9 |

## TABLE OF AUTHORITIES

**Cases**                                                                                              **Pages**

*Bickerstaff v. Vassar College*, 196 F. 3d 435 (2d Cir. 1999)                                           3, 5, 9

*Bowles v. New York City Transit Auth.*, No. 00 Civ. 4213 BSJ MHD,                                      5, 9
03 Civ. 3073 BSJ MHD, 2006 WL 1418602 (S.D.N.Y May 23, 2006)

*During v. City Univ. of New York*, No. 01 Civ. 9584 (BSJ),                                             4, 8
2005 WL 2276875 (S.D.N.Y Sept. 19, 2005)

*Evans v. City of New York*, No. 00 Civ 4197 (BSJ), 2003 WL 22339468                                    3, 4-5, 8-9
(S.D.N.Y Oct. 13, 2003)

*Ying Jang Gan v. City of New York*, 996 F.2d 522 (2d Cir. 1993)                                        4, 8

### Statutes and Rules

                                                                                                   **Pages**

Fed.R.Civ.P. 56                                                                                         1, 10

Fed.R.Civ.P. 56(b)                                                                                      6

Fed.R.Civ.P. 56(e)                                                                                      passim

Fed.R.Civ.P. 56(f)                                                                                      7

Fed.R.Civ.P. 56 (g)                                                                                     8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

L & L WINGS, INC., : **ECF CASE**

                  Plaintiff, : 07 Civ. 4137 (BSJ) (GWG)

     - against - :

MARCO-DESTIN INC., 1000 HIGHWAY :
98 EAST CORP., PANAMA SURF &
SPORT, INC. and E & T INC., :

                  Defendants. :

------------------------------------------------------------x

## REPLY MEMORANDUM IN SUPPORT OF MOTION OF DEFENDANTS 1000 HIGHWAY 98 EAST CORP. AND PANAMA SURF & SPORT, INC. FOR SUMMARY JUDGMENT

Defendants, 1000 Highway 98 East Corp. and Panama Surf & Sport, Inc. (the "Moving Defendants"),[1] by and through their undersigned counsel, respectfully submit this Reply Memorandum of Law in support of their motion for an Order pursuant to FED. R. CIV. P. 56 granting summary judgment dismissing Plaintiff's Complaint as to the Moving Defendants with prejudice.

### PRELIMINARY REPLY STATEMENT

The Moving Defendants seek summary judgment dismissal because they did not use Plaintiff's alleged trademark or trade dress after the October 31, 2006 expiration of the Licensing Agreement (Exhibit B to the Palmer Declaration dated December 13, 2007 (Document No. 20-2)). (Nor did they use Plaintiff's alleged trademark or trade dress during the period of the Licensing Agreement, although "licensed" to do so).

---

[1] This memorandum incorporates by reference the terms defined in Moving Defendants' Memorandum of Law in Support of Summary Judgment, dated December 14, 2007 (Document No. 21).

{NY023732;3}                             1

Plaintiff's opposition to Summary Judgment (1) relies on inadmissible hearsay contrary to the requirements of FED. R. CIV. P. 56(e), (2) relies on conjecture and speculation and asks the Court to "fill in the gaps" which are missing in Plaintiff's "opposition" evidence, (3) fails to demonstrate the existence of a genuine issue of material fact, and (4) fails to meet Plaintiff's burden in opposition to summary judgment. These defects in Plaintiff's opposition are addressed seriatim.

## ARGUMENT

**1.   Plaintiff's Inadmissible Hearsay Should Be Disregarded and Stricken**

FED R. CIV. P. 56(e) (1) states in pertinent part (emphasis added):

> In General. A supporting or opposing affidavit must be made on *personal knowledge*, set out facts that would be *admissible in evidence*, and show that the affiant is *competent to testify* on the matters stated.

Plaintiff submits an affidavit (Declaration) of Mr. Krasner, counsel for Plaintiff (Document No. 23), and an affidavit of Mr. Ariel Levy, a Vice President of Plaintiff (Document No. 23-2) in opposition to summary judgment. Both of these affidavits are replete with hearsay and lack any showing that the affiant is competent to testify on the matters stated. Mr. Levy's Affidavit relies on, expounds upon, and attaches unverified reports of third parties, and Mr. Krasner's Declaration expounds upon Mr. Levy's affidavit.[2]

If Mr. Krasner is merely repeating facts from Plaintiff or third parties, then his affidavit is inadmissible because he would not be competent to testify on those matters at trial. The Moving Defendants object to paragraphs 8-16 of the Krasner Declaration as hearsay, and respectfully request that they be stricken or at least disregarded.

---

[2]   This should be contrasted to Mr. Palmer's Declaration, submitted by the Moving Defendants (Document No. 20), which verifies certain documents but does not seek to add, comment on, or elaborate upon, substantive evidence.

NY023732;3}                                                  2

Mr. Ariel Levy's affidavit relies on his attorney's statement (Ariel Levy Affidavit ¶ 4) and the unverified statements and reports of third parties (*Id.* ¶¶ 5-10). Since these paragraphs contain only hearsay, they are inadmissible. For this reason, the Moving Defendants object to paragraphs 5-10 of the Ariel Levy Affidavit, and respectfully request that they be stricken or at least disregarded by the Court.

As this Court previously noted, "hearsay . . . by the party resisting summary judgment cannot defeat the motion." *Evans v. City of New York,* No. 00 Civ 4197 (BSJ), 2003 WL 22339468 at *8 (S.D.N.Y. October 13, 2003) (citing *Bickerstaff v. Vassar College*, 196 F.3d 435, 452 (2d Cir. 1999)). This is fully in accord with FED. R. CIV. P. 56 (e)(1) which, as noted above, *requires* admissible evidence from competent witnesses to defeat summary judgment.

Stripped of inadmissible hearsay, Plaintiff has presented *no* admissible evidence in opposition to summary judgment. Plaintiff's Local Rule 56.1 Opposition (Document No. 25) denies only paragraphs 7-14, 16 and 17 of the Moving Defendants' Local Rule 56.1 Statement (Document No. 22). However, these "denials" rely solely upon the inadmissible hearsay contained in paragraphs 6-10 of the Ariel Levy Affidavit. On the present record, there is no *admissible* evidence to rebut or deny any fact in the Moving Defendants' Local Rule 56.1 Statement. On this basis alone, summary judgment should be granted.

2. **Plaintiff's Conjecture and Speculation Is Not Evidence To Fill-In The "Gaps" in its Opposition Evidence**

   A. **Conjecture, Speculation and "Missing Evidence" (Gaps in the Evidence) as to Moving Defendant 1000 Highway 98 East Corp.**

The first step in Plaintiff's opposition *theory* as to this Moving Defendant is that there is a retail store at "1000 Highway 98 East" in Destin, Florida where the trademark and trade dress are used. The next step in Plaintiff's *theory* is that a Moving Defendant is named "1000 Highway 98

East Corp." The third step in Plaintiff's *theory*, which is the missing evidence or the "gap" in Plaintiff's opposition evidence, is that the Moving Defendant 1000 Highway 98 East Corp. *must, ipso facto,* be the entity *operating* the store at that address, and therefore infringement exists.

Even if Plaintiff had submitted admissible evidence about the existence of the retail store at the Destin Florida address, and admissible evidence that the trademark and trade dress were being used at that retail store, Plaintiff's theory in opposing summary judgment is based on speculation and conjecture and Plaintiff improperly asks the Court to fill in the "gaps" in the evidence.[3] Plaintiff has proffered no admissible evidence of what entity owns the retail store and what entity operates the retail store.

Even if a Moving Defendant owns the property at the 1000 Highway 98 East address (a "gap" in Plaintiff's opposition evidence), there is no evidence that a Moving Defendant is anything more than a landlord at that address, and no evidence that a Moving Defendant operates the store at that address. To the contrary, the Moving Defendants' evidence affirmatively states that the Moving Defendants do *not* operate any stores at all, let alone any stores using the trade mark or trade dress. (*See* Moving Defendants' Local Rule 56.1 Statement (Document No. 22) at ¶¶ 7, 8, 9, 10)(citing to Dror Levy Affidavit (Document No. 20-3)).

The legal requirement imposed on the party opposing summary judgment is straightforward, that being "the non-moving party may not rely on 'conclusory statements. . . .'" *Evans, supra* at *3 (quoting Fed.R.Civ.P. 56(e) and citing *Ying Jang Gan v. City of New York*, 996 F.2d 522, 535 (2d Cir. 1993)); *see also During v. City Univ. of New York*, No. 01 Civ. 9584 (BSJ), 2005 WL 2276875 at *2 (S.D.N.Y. Sept. 19, 2005). Otherwise stated, "[c]onclusory statements, mere conjecture, hearsay or speculation by the party resisting summary judgment

---

[3] Even Plaintiff's contention that there is such a store at the Destin, Florida address, is based on inadmissible hearsay.

NY023732;3}                                4

cannot defeat the motion." *Evans, supra* at *8 (citing *Bickerstaff v. Vassar College*, 196 F.3d 435, 452 (2d Cir. 1999)); *see also Bowles v. New York City Transit Auth.*, No. 00 Civ. 4213 BSJ MHD, 03 Civ. 3073 BSJ MHD, 2006 WL 1418602 at *8 (S.D.N.Y. May 23, 2006) (a party cannot defeat motion for summary judgment by offering conclusory allegations or speculative evidence, rather the opposing party must set forth concrete particulars by means of admissible evidence).

Accordingly, Plaintiff's "theory" as to Moving Defendant 1000 Highway 98 East Corp. is based on conjecture and speculation, with "gaps" in the evidence. Summary judgment as to this Moving Defendant should be granted.

**B.    Conjecture, Speculation and "Missing Evidence" (Gaps in the Evidence) as to Moving Defendant Panama Surf & Sport, Inc. .**

The first step in Plaintiff's opposition *theory* as to this Moving Defendant is that there is a retail store at "12208 Front Beach Road, Panama City, Florida" where the trademark and trade dress are used. The next step in Plaintiff's *theory* is that a Moving Defendant, Panama Surf & Sport, Inc., has a business address at that same location according to a D&B (Dun & Bradstreet) Report, annexed to the Ariel Levy affidavit (Document No. 23-4). The third step in Plaintiff's *theory*, which is the missing evidence or "gap" in Plaintiff's opposition evidence, is that the moving Defendant Panama Surf & Sport, Inc., *must, ipso facto*, be the entity *operating* the store, and therefore infringement exists.

Again, even if Plaintiff had submitted admissible evidence in support of the first two steps in its theory, there is still a "gap" in Plaintiff's theory, and Plaintiff improperly asks the Court to fill in the gap. Stated simply, Plaintiff has proffered no admissible evidence of what entity actually operates the store. Plaintiff's evidence falls short of rebutting the Moving Defendants' evidence which affirmatively states that the Moving Defendants do *not* operate any

stores at all, let alone any stores using the trade mark or trade dress. (*See* Moving Defendants' Local Rule 56.1 Statement (Document No. 22) at ¶¶ 7, 8, 9, 10)(citing to Dror Levy Affidavit (Document No. 20-3)).

Plaintiff has again improperly relied on conclusory statements and hear say, and Plaintiff's theory as to Moving Defendant Panama Surf & Sport, Inc., based on conjecture and speculation, is not sufficient to fill in the gaps in the evidence. Summary judgment as to this Moving Defendant should be granted.

3.   **Plaintiff Failed to Demonstrate Genuine Issues of Material Facts**

Fed. R. Civ. P. 56(e)(2) provides (emphasis added):

> Opposing Party's Obligation to Respond. When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response *must*—by affidavits or as otherwise provided in this rule—*set out specific facts showing a genuine issue for trial*. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

Plaintiff, as opposing party, has failed to demonstrate, with admissible evidence, any genuine issue of material fact. All of Plaintiff's "disputed facts" (Plaintiff's Local Rule 56.1 Counter Statement (Document No. 25)) cite to inadmissible hearsay. Plaintiff's approach is legally insufficient to defeat summary judgment.

Plaintiff *argues* (not in its opposition Memorandum, Document No. 24, but in the Krasner Declaration, Document No. 23 ¶ 6), that the summary judgment motion is premature and not in the "spirit of settlement." First, FED. R. CIV. P. 56(b) expressly permits the defending party to move for summary judgment *at any time*. (Emphasis added). Second, Plaintiff's "spirit of settlement" argument is misplaced because it does not override the Court deadline of December 17, 2007 for initiating discovery, and Plaintiff failed to meet this deadline and has not

initiated discovery. (*See* Pretrial Order, Document No. 16 ¶ 1.)[4]  Finally, Plaintiff's "spirit of settlement" argument is misplaced because Plaintiff has also failed to serve its settlement demand 10 business days prior to the settlement conference as required by the Order Scheduling Settlement Conference (Document No. 17, last paragraph).[5]

Plaintiff argues that there must be some intimate relationship among all four Defendants. (Plaintiff's Opposition, page 3 (Document No. 24)).  Even if true, that does not create a genuine issue of *material* fact sufficient to defeat summary judgment, since no *alter ego* or conspiracy theory has been alleged.

Plaintiff fails to demonstrate any ambiguities or *reasonable* inferences which should be resolved against the Moving Defendants.  No *evidence* by Plaintiff, even the inadmissible evidence, demonstrates any ambiguity relative to any fact set forth in the Moving Defendants' evidence.  Plaintiff suggests that the Court *infer* not only that there is some nefarious relationship among the Defendants, but also that based on the unspecified nefarious relationship, the Moving Defendants are responsible for some activities of the non-moving Defendants.  That is not a reasonable inference, certainly not in the face of the contrary evidence provided by the Moving Defendants.

Finally, Plaintiff's suggestion that because depositions and interrogatories can be used to support or oppose summary judgment, the Court should deny summary judgment under FED.R.CIV.P. 56(f), is disingenuous for at least two reasons.  First, Plaintiff has not initiated discovery.  Second, there is no showing of why Plaintiff cannot present relevant facts in

---

[4]  The Order Scheduling Settlement Conference (Document No. 17) expressly indicates that other deadlines are not changed and Defendants have timely initiated discovery pursuant to Local Rule 33.3(a).

[5]  The Settlement Conference is scheduled for January 17th, 2008.  Plaintiff was required to serve its settlement demand no later than January 3, 2008, prior to the date that this Reply was to be filed. In fact, Plaintiff's settlement demand was not delivered until after close of business, at approximately 5:15 p.m., on January 7, 2008.

NY023732;3}                                          7

opposition to summary judgment. Plaintiff does nothing more than speculate as to what it might find during discovery. Plaintiff's opposition is so misdirected that the opposition affidavit predicated on hearsay appears to be made in bad faith or solely for purpose of delay, contrary to FED.R.CIV.P. 56(g). For each of these reasons, Plaintiff failed to demonstrate genuine issues of material fact sufficient to defeat summary judgment.

### 4. Plaintiff Has Not Met Its Burden of Proof

As the party opposing summary judgment, Plaintiff had two choices. The first choice, albeit risky, was merely to argue the insufficiency of the Moving Defendants' evidence and/or to merely argue that the Moving Defendants did not meet their burden of proof and did not demonstrate entitlement to summary judgment assuming all facts alleged by the Moving Defendants to be true. That "risky" first choice was not followed by Plaintiff.

The second choice was to submit (or attempt to submit) evidence demonstrating either the existence of genuine issues of material fact or that the Moving Defendants are not otherwise entitled to summary judgment. But the burden in response to a summary judgment motion is on the party opposing summary judgment which, in this case, is the Plaintiff. As this Court previously held, if the party moving for summary judgment meets its burden in demonstrating the absence of a genuine issue of material fact, "the burden shifts to the party opposing summary judgment to set forth 'specific facts showing that there is a genuine issue for trial.'" *Evans, supra* at *3 (quoting Fed.R.Civ.P. 56(e)).

Plaintiff has not met this burden. As this Court also held in *Evans*, "however, the non-moving party may not rely on 'conclusory statements or on contentions that the affidavits supporting the motion are not credible.'" *Id.* (citing *Ying Jang Gan v. City of New York*, 996 F.2d 522, 535 (2d Cir. 1993)); *see also During, supra* at *2. Otherwise stated, "[c]onclusory

statements, mere conjecture, hearsay or speculation by the party resisting summary judgment cannot defeat the motion." *Evans, supra* at *8 (citing *Bickerstaff v. Vassar College*, 196 F.3d 435, 452 (2d Cir. 1999)); *see also Bowles, supra* at *8 (a party cannot defeat motion for summary judgment by offering conclusory allegations or speculative evidence, rather the opposing party must set forth concrete particulars by means of admissible evidence).

Plaintiff relies on inadmissible hearsay. Other than presenting arguments to attack the Moving Defendants' evidence by supposition and conjecture, Plaintiff has done nothing. Plaintiff does not challenge the Moving Defendants' analysis of the various counts of the Complaint, nor the Moving Defendants' analysis of the legal requirements for relief under each count of the Complaint.

## CONCLUSION

The record as a whole demonstrates that there is (a) no genuine issue of material fact, (b) no admissible evidence from which reasonable inferences can be drawn in favor of Plaintiff to defeat summary judgment, (c) no admissible evidence from which ambiguities should be resolved in favor of Plaintiff to defeat summary judgment, (d) no factual basis upon which summary judgment should be denied, and (e) no basis in law upon which summary judgment should be denied.

The Moving Defendants have demonstrated that they do not use the trademark and trade dress, have not used the trademark or trade dress subsequent to the expiration of the Licensing Agreement on October 31, 2006, and have not used the trademark or trade dress at all. Since the only allegations in the Complaint as to any alleged violation of Plaintiff's rights by the Moving Defendants relate to use of the trademark and trade dress *subsequent* to the expiration of the

Licensing Agreement, the Moving Defendants should be granted summary judgment of no liability and no obligations under the now-expired Licensing Agreement.

WHEREFORE, the Moving Defendants, 1000 Highway 98 East Corp. and Panama Surf & Sport, Inc., respectfully request that this Court enter an Order pursuant to FED. R. CIV. P. 56 granting summary judgment dismissing Plaintiff's Complaint as to these Defendants, adjudging that they have no liability and no obligations under the Licensing Agreement, and granting these Moving Defendants such other and further relief as this Court may deem just and proper.

Dated: New York, New York
January 8, 2008

Respectfully submitted,

/s/ *Lansing R. Palmer*
Lansing R. Palmer (LP 4719)
Scott M. Kessler (SK 5510)
Akerman Senterfitt LLP
335 Madison Avenue, 26th Floor
New York, New York 10017-4636
Telephone: (212) 880-3800
Facsimile: (212) 880-8965

- and -

Jerold I. Schneider, *pro hac vice*
Akerman Senterfitt
222 Lakeview Avenue
West Palm Beach, FL 33401
Telephone: 561-671-3661
Facsimile: 561-659-6313

*Attorneys for Defendants*