Richard S. Taffet
Diane C. Hertz
John P. Son
BINGHAM McCUTCHEN LLP
399 Park Avenue
New York, New York 10022
Tel: (212) 705-7000

and

Bennett D. Krasner
1233 Beech Street #49
Atlantic Beach, NY 11509
Tel: (516) 889-9353

*Attorneys for Plaintiff*
*L & L Wings, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| L & L WINGS, INC., | ECF Case |
| Plaintiff and Counterclaim Defendant, | Civil Action No. CV-07-4137 (BSJ) (GWG) |
| -against- | |
| MARCO-DESTIN INC., 1000 HIGHWAY 98 EAST CORP., PANAMA SURF & SPORT, INC. AND E & T INC., | |
| Defendants and Counterclaim Plaintiffs. | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION
FOR LEAVE TO AMEND ITS REPLY TO COUNTERCLAIMS**

**INTRODUCTION**

Plaintiff L & L Wings, Inc. ("Wings"), by its counsel, respectfully moves this Court for

leave, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, to amend its Reply to the

Counterclaims herein to add the defenses of Statute of Limitations and estoppel.[1]  Defendants will not be prejudiced by such an amendment, there has been no undue delay by Plaintiff in seeking this relief, and the amendment is meritorious.  Accordingly, Plaintiff's motion should be granted.[2]

## FACTS

Plaintiff's original Reply to Counterclaims with Affirmative Defenses was served on October 11, 2007.  *See* Hertz Decl., ¶ 2.  Since that time, there has been limited written discovery and no depositions have been taken.  Moreover, the parties have nearly three months, or until May 15, 2008, to complete discovery.  10/30/07 Pretrial Order, ¶ 2.  Any discovery directed to these newly added defenses can be easily completed within that time period.

Moreover, Wings recently retained Bingham McCutchen LLP to act as lead counsel and to assist its current counsel, Bennett Krasner, Esq., a sole practitioner, with the prosecution of this case.  *See* Hertz Decl., ¶ 3.  On February 7, 2008, within two weeks of retaining new counsel, Wings requested a pre-motion conference.[3]  By Order dated February 11, this Court permitted Plaintiff's filing of this Motion for Leave to Amend.

## ARGUMENT

Rule 15 allows a party to amend its pleading at any time when leave of court is granted, and provides that "leave shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a). The Supreme Court reiterated the strength of this mandate in *Foman v. Davis,* 371 U.S. 178 (1962), stating that "[i]n the absence of any apparent or declared reason--such as undue delay,

---

[1]    Wings' Proposed Amended Reply to Counterclaims is attached to the Hertz Declaration, submitted herewith as Exh. A.

[2]    Wings also moves to amend its Reply to remove its Fifth Affirmative Defense of laches, which is duplicative of its Third Affirmative Defense.

[3]    A request to Defendants' counsel to consent to this motion was made on January 29 and again on February 6, 2008, but such request was declined.  *See* Hertz Decl., ¶ 4.

bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.--the leave sought should, as the rules require, be 'freely given.'"  371 U.S. at 182.  Here, under the *Foman* factors, leave to amend should be granted.

### A.    There Has Been No Delay in Bringing This Motion

Wings has not delayed in making this Motion.  Not only is discovery in the early stages, but new lead counsel was just recently retained, and there is no court-ordered deadline for bringing motions to amend the pleadings.  *See Vysovsky v. Glassman*, No. 01 Civ. 2531(LMM), 2007 WL 3130562, at *3 (S.D.N.Y. Oct. 23, 2007) (granting defendants leave to amend answer to include affirmative defenses of estoppel, release, Statute of Frauds and waiver fifteen months after filing of original answer and four months after close of discovery, as additional defenses "[did] not raise new areas of inquiry such that Plaintiffs [were] likely to be prejudiced" and "[e]xtensive discovery was conducted on the circumstances . . . addressed by Defendants' affirmative defenses")[4]; s*ee also Allendale Mutual Ins. Co. v. Rutherford,* 178 F.R.D. 1, 3 (D. Me. 1998) (noting that three month delay "is not nearly as extreme as the delays in cases in which motions to amend are routinely denied" (citing *Grant v. New Group Boston, Inc.*, 55 F.3d 1, 6 (1st Cir. 1995) (delay of fourteen months); *Tiernan v. Blyth, Eastman, Dillon & Co.,* 719 F.2d 1, 4 (1st Cir. 1983) (delay of two years))).

In *Allendale Mutual*, the district court granted defendant's motion to amend her answer with a Statute of Limitations affirmative defense, when the motion was made four and a half months after the answer had been filed, nine days after defendant's new counsel had entered his

---

[4]         All unreported decisions cited herein are attached for the Court's reference.

appearance, and almost three months *after* the deadline for amendment of pleadings had passed. *Allendale Mutual*, 178 F.R.D. at 2-3.  In granting defendant's motion to amend, the district court noted that there had been a substitution of counsel and in that context voiced its reluctance "to severely penalize parties for pleading errors in the early stages of litigation without evidence of bad faith, dilatory tactics, or undue prejudice to the opposing party." *Id.* at 3; *see also Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993) ("Mere delay, however, absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend" (internal quotations omitted)).

Here, as in *Allendale Mutual*, Wings' original reply was filed less than four months ago, counsel has been recently retained, and there is no evidence of bad faith or prejudice.  To deny leave to amend, therefore, would be contrary to the purpose and clear language of Rule 15(a). Indeed, the Southern District has recently held that "the Federal Rules and the law of this Circuit recognize a strong policy in favor of allowing the amendment of pleadings to facilitate resolution of disputes on the merits."  *Hewlett Packard Co. v. Factory Mutual Ins. Co.*, No. 04 Civ. 2791 TPG/DF, 2006 WL 1788946, at *17 (S.D.N.Y. June 28, 2006) (granting Rule 15(a) motion to amend, notwithstanding substantial delay and necessity for opposing party to "re-conduct" discovery).

**B.    Defendants Will Suffer No Prejudice**

Wings' amendment also will not cause Defendants to suffer any prejudice.  *See Vysovsky*, 2007 WL 3130562, at *3 (granting leave to amend answer to include defenses of estoppel, release, Statute of Frauds and waiver, as doing so would not likely prejudice plaintiff); *Allendale Mutual,* 178 F.R.D. at 3 (granting defendant's motion to amend to include Statute of Limitations defense where plaintiff was not prejudiced).

A/72401819.3

The Second Circuit has made clear that "[t]he rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith. . . . In determining what constitutes 'prejudice,' we consider whether the assertion of the new claim would: (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." *Block*, 988 F.2d at 350.

Wings' estoppel and Statute of Limitations defenses will cause Defendants no prejudice. Any discovery on these affirmative defenses can be easily accomplished within the existing discovery period. *See Allendale Mutual,* 178 F.R.D. at 3 (noting that even if some additional discovery might be needed, plaintiff would not be prejudiced).

Moreover, where, as here, Defendants have already produced evidence that would support the Statute of Limitations and estoppel defenses to their Counterclaims as a matter of law, the amendment should be granted. *See Lamontagne v. North American Specialty Ins. Co.*, Civil No. 04-192-P-C, 2005 U.S. Dist. LEXIS 1352, at *3 (D. Me. Feb. 1, 2005) (granting motion to amend where new claims were supported by evidence already in the record); *McMillan,* 168 F.R.D. at 98 (granting motion to amend despite discovery having been closed -- amended counterclaims would not require non-movant to provide further briefing to the court, as materials already submitted by non-movant would "apply with same force" to amended counterclaims).

Defendants bring four Counterclaims, the First, Second and Third of which appear to be claims for fraud, although the First Counterclaim is styled as a claim for "rescission, revocation and/or reformation of the Licensing Agreement referred to in the Complaint." Counterclaims

¶ 102.[5]  Specifically, Defendants allege that Wings fraudulently induced them into signing a License Agreement on February 17, 2000, the terms of which Agreement had allegedly been misrepresented to them, despite the fact that they were represented by able counsel. Counterclaims ¶¶ 93-100.

That Defendants knew or should have known of the alleged "fraud" with respect to the License Agreement (which Plaintiff adamantly denies) no later than March 8, 2000, is evidenced by the documents produced by Defendants in this case.  On March 8, 2000, Eli Tabib, the principal of Defendants, received a binder containing photocopies of all closing documents from Defendants' then-counsel, Moses & Singer, including copies of the License Agreement as executed by Wings and the Defendants.  *See* Exh. B to Hertz Decl., ¶ 6.  As such, Defendants' own evidence demonstrates that they were on notice of the actual terms of the License Agreement, and the facts giving rise to their alleged claims of fraud, nearly eight years ago and well outside of the six year statute of limitations for fraud in New York.  N.Y. Civ. Prac. Law & Rules § 213(8).

As demonstrated above, because the amendment will cause no prejudice to Defendants, leave to amend should be granted.

---

[5]     To the extent that the First Counterclaim "is for rescission, revocation and/or reformation of the Licensing Agreement," it is not an affirmative claim, but rather, is solely an affirmative defense.  *See, e.g., Resolution Trust Corp. v. Midwest Federal Savings Bank of Minot*, 36 F.3d 785, 791-92 (9th Cir. 1993) ("Although [defendant's] response is labeled as a 'counterclaim,' we conclude a better description of the reformation claim is 'affirmative defense.' . . . We conclude that in this case justice requires us to treat [defendant's] 'Counterclaim' as an affirmative defense of mutual mistake.").  *See also Hinfin Realty Corp. v. Pittston Co.*, 206 F.R.D. 350, 354 (E.D.N.Y. 2002) (holding that where allegations in counterclaim were "purely defensive and not offensive" and where the defendant asserting the counterclaim "would not be entitled to recover damages independent of the plaintiffs' claim," a defense labeled as both a "counterclaim" and an affirmative defense is solely an affirmative defense and not a counterclaim).

3.     <u>**Wings' Proposed Amendment Is Meritorious**</u>

Wings' amendment is meritorious, and therefore is not futile. Accordingly, the amendment should be permitted. *See Sotheby's Int'l Realty, Inc. v. Black*, No. 06 Civ. 1725(GEL), 2007 WL 4438145, at *1 (S.D.N.Y. Dec. 17, 2007) (motions to amend "made early in the proceedings" should only be denied where the amended pleading would be subject to "immediate dismissal" for failure to state a claim upon which relief can be granted, or some other basis); *see also Lamontagne,* 2005 U.S. Dist. LEXIS 1352, at *2 (granting plaintiff's motion to amend upon showing that new claims had merit, were supported by evidence already in the record, and that non-movant would suffer no prejudice as no additional discovery was necessary).

Defendants' "fraud" Counterclaims allege that on or about February 17, 2000, Defendants were fraudulently induced into executing the License Agreement. Counterclaims ¶¶ 97-100. Defendants' Fourth Counterclaim seeks an equitable accounting allegedly arising out of an oral promise made by Wings, on or about February 17, 2000, that it would provide a "complete and accurate accounting from its operation of Marco-Destin, Inc. and E & T, Inc." Counterclaims ¶¶ 123-126. With respect to any of these four claims, the six year statute of limitations both for fraud and for equitable accounting necessarily ran, at the latest, on February 16, 2006.[6] Moreover, even in the event Defendants contend that the Statute of Limitations was somehow tolled, and therefore began to run sometime after February 17, 2000, this merely serves to raise issues of fact as to the defense. It does not, however, make the defense futile.

Similarly, by their failure to bring their claims within a reasonable time of being fully aware of all facts giving rise to these claims, Defendants are estopped from bringing these claims

---

[6]     *See* N.Y. Civ. Prac. Law & Rules §§ 213(1) and (8).

A/72401819.3

now.  By their unreasonable delay, Defendants have prejudiced Wings, who reasonably relied upon Defendants' acknowledgement of the License Agreement's validity and Defendants' performance thereunder.  *See Total Control Apparel, Inc. v. DMD Int'l Imports, LLC*, 409 F. Supp. 2d 403, 409 (S.D.N.Y. 2006) (a plaintiff may be estopped when "its unreasonable delay in bringing the action causes prejudice to the defendant").  Therefore, far from being futile, Wings' proposed amendments are both meritorious and supported by the undisputed facts.

## Conclusion

For the foregoing reasons, Plaintiff L & L Wings, Inc. respectfully requests that its Motion for Leave to Amend its Reply to Counterclaims be granted in its entirety.

Dated:  New York, New York.
      February 26, 2008

BINGHAM McCUTCHEN LLP

By: /s/ John P. Son
    Richard S. Taffet
    (richard.taffet@bingham.com)
    Diane C. Hertz
    (diane.hertz@bingham.com)
    John P. Son
    (john.son@bingham.com)
    Bennett D. Krasner
    (bkrasner@bdklaw.net)
    399 Park Avenue
    New York, NY  10022-4689
    Telephone:  (212) 705-7000

    -and-

    Bennett D. Krasner
    (bkrasner@bdklaw.net)
    1233 Beech Street #49
    Atlantic Beach, NY 11509
    Telephone: (516) 889-9353

    *Attorneys for Plaintiff*

A/72401819.3