LEXSEE 2005 U.S. DIST. LEXIS 1352



Analysis
As of: Feb 21, 2008

ROSEMERIE S. LAMONTAGNE and DONALD LAMONTAGNE, Plaintiffs, v.
NORTH AMERICAN SPECIALTY INSURANCE CO., Defendant

Civil No. 04-192-P-C

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE

2005 U.S. Dist. LEXIS 1352

February 1, 2005, Decided

**PRIOR HISTORY:** *Lamontagne v. N. Am. Specialty Ins. Co., 353 F. Supp. 2d 129, 2005 U.S. Dist. LEXIS 1361 (D. Me., Jan. 31, 2005)*

**DISPOSITION:** Plaintiffs' motion to amend complaint was granted.

**COUNSEL:** [*1] For ROSEMERIE S LAMONTAGNE, DONALD LAMONTAGNE, Plaintiffs: ROBERT A. LASKOFF, LASKOFF & ASSOCIATES, LEWISTON, ME; SCOTT A. QUIGLEY, LASKOFF & ASSOCIATES, LEWISTON, ME.

For NATIONWIDE MUTUAL INSURANCE COMPANY, Defendant: CHRISTOPHER C. DINAN, MONAGHAN LEAHY, LLP, PORTLAND, ME.

For NORTH AMERICAN SPECIALTY INSURANCE COMPANY, Defendant: JOHN S. WHITMAN, RICHARDSON, WHITMAN, LARGE & BADGER, PORTLAND, ME.

**JUDGES:** Gene Carter, Senior District Judge.

**OPINION BY:** Gene Carter

**OPINION**

**ORDER GRANTING PLAINTIFFS' MOTION TO AMEND COMPLAINT**

Gene Carter, Senior District Judge

Now before the Court is Plaintiffs' Motion to Amend Complaint (Docket Item No. 24) pursuant to *Fed. R. Civ. P. 15(a)*. *Rule 15(a)* states in pertinent part:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely [*2] given when justice so requires.

Leave to amend is to be "freely given," . . . unless it would be futile . . . or reward, *inter alia*, undue or intended delay. *Resolution Trust Corp. v. Gold, 30 F.3d 251, 252 (1st Cir. 1994)*; *see also Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)* ("if the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be

afforded an opportunity to test his claim on the merits.").

Defendant opposes Plaintiffs' proposed amendment on the ground that it would be futile. *See* Defendant's Objection and Memorandum in Opposition to Plaintiffs' Motion to Amend Complaint (Docket Item No. 33) at 3. Defendant bases this futility contention on the same arguments set forth in its Motion for Summary Judgment (Docket Item No. 19), and on the ground that when a plaintiff files a motion to amend the complaint subsequent to the filing of a defense motion for summary judgment, a court should hold a plaintiff to a heightened standard when considering the proposed amendment. *See Torres-Matos v. St. Lawrence Garment Co., 901 F.2d 1144, 1146 (1st Cir. 1990)* [*3] ("given the pendency of the summary judgment motion, appellants were required to show that these proposed amendments had substantial merit and were supported by substantial and convincing evidence.") (internal citation omitted).

As evidenced by this Court's Order Denying Defendant's Motion for Summary Judgment (Docket Item No. 34), Defendant's futility argument does not support a denial of Plaintiffs' Motion. The Court is satisfied that Plaintiffs' proposed amendment generates issues having merit and that the new claims are supported by evidence already in the record. Defendant will suffer no prejudice as a result of the amendment as no additional discovery appears to be necessary. Accordingly, Plaintiffs' Motion to Amend Complaint be, and it is hereby, **GRANTED**.

### GENE CARTER

United States Senior District Judge

Dated at Portland, Maine this 1st day of February, 2005.

Copyright 2008 SHEPARD'S(R) - 2 Citing references

**Lamontagne v. N. Am. Specialty Ins. Co., 2005 U.S. Dist. LEXIS 1352 (D. Me. Feb. 1, 2005)**

**SHEPARD'S Signal(TM):** *Citing Refs. With Analysis Available*

Restrictions: *Unrestricted*
FOCUS(TM) Terms: *No FOCUS terms*
Print Format: *FULL*
Citing Ref. Signal: *Hidden*

### SHEPARD'S SUMMARY

**Unrestricted *Shepard's* Summary**

**No subsequent appellate history. Prior history available.**

**Citing References: None**

**PRIOR HISTORY** ( 2 citing references )

1. *Lamontagne v. Nationwide Mut. Ins. Co.*, 345 F. Supp. 2d 1, 2004 U.S. Dist. LEXIS 23674 (D. Me. 2004)

2. **Summary judgment denied by:**

    *Lamontagne v. N. Am. Specialty Ins. Co.*, 353 F. Supp. 2d 129, 2005 U.S. Dist. LEXIS 1361 (D. Me. 2005)

*Motion granted by (CITATION YOU ENTERED):*

SHEPARD'S® - 2005 U.S. Dist. LEXIS 1352 - 2 Citing References

*Lamontagne v. N. Am. Specialty Ins. Co.*, 2005 U.S. Dist. LEXIS 1352 (D. Me. Feb. 1, 2005)