UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

L & L WINGS, INC.,                                :          ECF CASE

                Plaintiff,     :          07 Civ. 4137 (BSJ) (GWG)

      - against -                          :

MARCO-DESTIN INC., 1000 HIGHWAY          :
98 EAST CORP., PANAMA SURF &
SPORT, INC. and E & T INC.,              :

                Defendants.    :

------------------------------------------------------------------x

**REBUTTAL MEMORANDUM OF LAW IN SUPPORT OF MOTION OF
DEFENDANTS 1000 HIGHWAY 98 EAST CORP. AND
PANAMA SURF & SPORT, INC., FOR SUMMARY JUDGMENT**

      Defendants, 1000 HIGHWAY 98 EAST CORP. and PANAMA SURF & SPORT, INC. (the Moving Defendants) by and through their undersigned counsel respectfully submit this Rebuttal Memorandum of Law in support of their motion for an Order pursuant to FED. R. CIV. P. 56 granting summary judgment dismissing Plaintiff's Complaint as to the Moving Defendants with prejudice. This Court's Endorsed Letter-Order (Docket Entry No. 33, February 19, 2008) granted Defendants permission to file this Rebuttal Memorandum

**PRELIMINARY REBUTTAL STATEMENT**

      The Moving Defendants are accused <u>only</u> of using Plaintiff's alleged trademark and trade dress in the operation of retail stores after the October 31, 2006 expiration of a Licensing Agreement. The Moving Defendants seek summary judgment dismissal because they did not use Plaintiff's alleged trademark or trade dress after the October 31, 2006 expiration of the Licensing Agreement. (In fact, although "licensed" to do so, they did not even use Plaintiff's alleged

{WP478125;1}

trademark or trade dress during the period of the Licensing Agreement because they did not operate any stores.)

Plaintiff's original opposition to Summary Judgment (a) relied on inadmissible hearsay contrary to the requirements of FED. R. CIV. P. 56(e), (b) relied on conjecture and speculation and asks the Court to "fill in the gaps" which were missing in Plaintiff's "opposition" evidence, (c) failed to demonstrate a genuine issue of material fact, and (d) failed to meet Plaintiff's burden in opposition to summary judgment. These defects in Plaintiff's opposition were addressed in the Moving Defendants' Reply In Support of Summary Judgment. (Docket Entry No. 26, filed January 8, 2008)

Plaintiff's Supplemental Opposition to Summary Judgment (Docket Entry No. 29 filed February 7, 2008) with supporting supplemental declarations attempts to cure the hearsay defect but continues to rely on conjecture and speculation, and therefore does not cure the remaining defects in Plaintiff's Opposition.

## ARGUMENT

I. **The Fundamental Issue – The Moving Defendants Do NOT Use The Disputed Trademarks Or Trade Dress.**

The Moving Defendants have demonstrated that they do not use the alleged trademarks or trade dress which are at issue in this case, and they do not operate any stores. To the extent that this was not made clear in the original Declaration of Dror Levy, Vice President of all Defendants, it is made clear in paragraphs 4-9 of the Second Declaration of Dror Levy, filed concurrently, which states (in rebuttal to the Supplemental Declarations of Tina Combs and Michael Herbert submitted by Plaintiffs):

4. In my prior Declaration, I indicated that neither 1000 Highway 98 East Corp nor Panama Surf & Sport, Inc. operates any store at all, and therefore neither operates any store using the trademark WINGS or the trade dress which are involved in the present dispute.

5. I have read the information provided by Michael Herbert and Tina Combs submitted in opposition to Summary Judgment.

6. Mr. Herbert states that according to his report of March 18, 2007, he went to five specific stores (including one located at the address 1000 Highway 98 East and another located at the address 1115 Highway 98 East) in Destin and Ft. Walton Beach, Florida, and made certain observations and certain purchases.

7. I have stated that 1000 Highway 98 East Corp. owns buildings but does not operate any stores. I have stated that Panama Surf & Sport, Inc., does not operate any stores. At no time does Mr. Herbert state that 1000 Highway 98 East Corp. operates any stores. At no time does Mr. Herbert state that Panama Surf & Sport, Inc., operates any stores. Therefore, Mr. Herbert has not disputed anything in my prior Declaration regarding which entity operates the stores that he visited.

8.  Ms. Combs states that according to her report of March 27, 2007, she went to a specific store in Panama City Beach, and made certain observations and a certain purchase.

9.  I have stated that 1000 Highway 98 East Corp. owns buildings but does not operate any stores. I have stated that Panama Surf & Sport, Inc., does not operate any stores. At no time does Ms. Combs state that 1000 Highway 98 East Corp. operates any stores. At no time does Ms. Combs state that Panama Surf & Sport, Inc., operates any stores. Therefore, Ms. Combs has not disputed anything in my prior Declaration regarding which entity operates the store that she visited.

## II. Plaintiff's "Opposition" Is Only A Theory Based On Speculation And Conjecture.

### A. The Present Motion Is Ripe For Adjudication.

Plaintiff has <u>not</u> alleged that it can not oppose summary judgment without taking discovery and has <u>not</u> alleged that it is unable to provide affidavits or evidence in opposition to summary judgment under any of the provisions of FED R. CIV. P. 56(e), (f). To the contrary, Plaintiff has twice responded to the Summary Judgment. Accordingly, the present Motion is ripe for adjudication without further submissions.

### B. Plaintiff's Evidence Is Irrelevant.

Plaintiff has established that the moving defendants <u>did</u> execute the Licensing Agreement and that <u>someone</u> is operating stores at various locations using the trademark and trade dress which are in dispute.

Everything that Plaintiff has established is legally irrelevant to the issue of whether or not it is the Moving Defendants who are using the trademarks or trade dress at all, whether before or <u>after</u> the termination date specified in the Licensing Agreement.  Nothing that Plaintiff has established refutes the unequivocal statements of Dror Levy in his original and Supplemental Declarations that 1000 Highway 98 East Corp. and Panama Surf & Sport, Inc., (which have been referred to as the Moving Defendants) do <u>not</u> operate <u>any</u> stores and therefore can not be the entities who are using the disputed trademark and trade dress.

### C. Plaintiff's Local Rule 56.1 Opposition Is Unsupported.

Plaintiff filed a Local Rule 56.1 Opposition (Docket Entry No. 25, filed December 21, 2007) purporting to create a genuine issue of material fact by disputing which entity operates certain stores based on the hearsay Declarations that the stores are being operated [by someone] using the disputed trademark and trade dress.

Plaintiff seeks, by conjecture and speculation, to have the Court fill in the missing gaps in the evidence.  Plaintiff seeks to have this Court infer, merely because the Moving Defendants signed a Licensing Agreement and because <u>someone</u> obviously is operating the stores, that there is a genuine issue, i.e., a dispute of fact, as to <u>who</u> operates the stores, with the result that summary judgment must be denied.  But the requested inference is unwarranted because the original and Supplemental Declarations of Dror Levy are expressly to the contrary.

The supplemental declarations submitted by Plaintiff cure the hearsay defects that <u>someone</u> operates the stores and that the disputed name is used at those stores.  But Plaintiff has still not demonstrated that a Moving Defendant operates any store at all, let alone any of the stores identified in those supplemental declarations.  Thus Plaintiff's "denials" in its Local Rule 56.1 Opposition Statement remain unsupported even with Plaintiff's supplemental Declarations.

### D.     Plaintiff's Theory Is Not A Substitute For Evidence.

Plaintiff's unique theory is that the owner of a building <u>must</u> be the entity which operates the businesses within that building.  Therefore, according to Plaintiff's unique theory, the Court should infer that a Moving Defendant operates the businesses, uses the disputed trademark and trade dress, and therefore Summary Judgment should be denied.  The bootstrap result is that without producing any evidence on the issue of operation of the business, i.e., without producing any evidence on <u>who</u> uses the disputed trademarks, an inference is sufficient to contradict the two Declarations of Mr. Dror Levy.  Thus the two Declarations of Mr. Dror Levy, which expressly indicate that the Moving Defendants do <u>not</u> operate any stores, can be ignored because the <u>inference alone</u> creates a genuine issue or dispute of fact which precludes Summary Judgment.

Plaintiff has cited no authority for the proposition that an inference is sufficient to contradict an express contrary statement and thus create a genuine issue of fact.  Even if there was such authority, however, Plaintiff's opposition to Summary Judgment still falls because Plaintiff has cited no authority for their underlying theory, i.e., a presumption that the owner of the building operates the premises.  Stated simply, Plaintiff theorizes that the landlord <u>must</u> be the tenant.  According to Plaintiff, there is now a presumption that for every office building in Manhattan where a law firm was a tenant, the "landlord" operates the premises, and is engaged in the unauthorized practice of law.  Under Plaintiff's theory, for every office building in Manhattan having multiple businesses, the "landlord" is presumed to be the owner/operator of all the businesses.

It is submitted that Plaintiff's theory is not a substitute for evidence and does not create a genuine issue of material fact.  Even in the absence of the original and Supplemental

Declarations of Dror Levy in support of Summary Judgment for the Moving Defendants, the Plaintiff has not established that the Moving Defendants used the trademark or trade dress after the expiration of the Licensing agreement. When confronted with those Declarations, however, Plaintiff has utterly failed to demonstrate a genuine issue of material fact.

## CONCLUSION

For each of the foregoing reasons, as well as for the reasons in the initial Memorandum and the Reply Memorandum of the Moving Defendants (Docket Entries Nos. 26 and 33), since there is no evidence of any alleged violation of Plaintiff's rights by the Moving Defendants <u>subsequent</u> to the expiration of the Licensing Agreement, the Moving Defendants should be granted summary judgment of no liability and no obligations under the now-expired Licensing Agreement.

WHEREFORE Defendants, 1000 HIGHWAY 98 EAST CORP. and PANAMA SURF & SPORT, INC., respectfully request that this Court enter an Order pursuant to FED. R. CIV. P. 56 granting summary judgment dismissing Plaintiff's Complaint as to these Defendants, adjudging that they have no liability and no obligations and no obligations under the Licensing Agreement, and granting these Moving Defendants such other and further relief as this Court may deem just and proper.

Dated:  March 5, 2008.  
       West Palm Beach, FL.

Respectfully submitted,

    */s/ John C. Vetter*  
John C. Vetter  (JV8584)  
Jerold I. Schneider *pro hac vice*  
**AKERMAN SENTERFITT**  
222 Lakeview Avenue  
West Palm Beach, FL 33401  
Telephone: (561) 653-5000  
Facsimile:  (561) 659-6313  
Attorneys for Defendants

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 5, 2008, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                      By:  /s/ John C. Vetter
                                                            John C. Vetter

## SERVICE LIST
L&L Wings, Inc. v. Marco-Destin Inc., et al.
Case no. 07-Civ-4137(BSJ) (GWG)
United States District Court, Southern District of New York

| | |
|---|---|
| **Bennett David Krasner**<br>The Law Offices of Bennett D. Krasner<br>1233 Beech Street<br>No. 49<br>Atlantic Beach, NY 11509<br>(516) 889-9353<br>Fax: (516) 432-7016<br>Email: bkrasner@optonline.net<br><br>*Attorneys for Plaintiff,*<br>Service by Notice of Electronic Filing | **Diane C Hertz**<br>diane.hertz@bingham.com<br>**Richard S. Taffet**<br>richard.taffet@bingham.com<br>**John Paul Son**<br>john.son@bingham.com<br>Bingham McCutchen LLP (NY)<br>399 Park Avenue<br>New York, NY 10022<br>212-705-7000<br>Fax: 212-752-5378<br><br>*Attorneys for Plaintiff,*<br>Service by Notice of Electronic Filing |
| **John C. Vetter**<br>john.vetter@akerman.com<br>**Jerold Ira Schneider**<br>jerold.schneider@akerman.com<br>Akerman Senterfitt<br>222 Lakeview Avenue<br>West Palm Beach, FL 33401<br>(561) 653-5000<br>Fax: (561) 659-6313<br><br>*Attorneys for Defendants,*<br>Service by Notice of Electronic Filing | |