UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____/

L&L WINGS, INC.,                                    07 cv 4137 (BSJ)

              Plaintiff,                    **SECOND DECLARATION OF DROR LEVY
                                                    IN SUPPORT OF "MOVING"
- against -                                         DEFENDANTS' MOTION FOR
                                                    SUMMARY JUDGMENT**

MARCO-DESTIN INC., 1000 HIGHWAY 98
EAST CORP, PANAMA SURF & SPORT, INC.
and E&T INC.,

              Defendants.
_____/

      DROR LEVY, hereby declares as follows:

      1.     I am competent to testify to the following if called as a witness.

      2.     I am Vice President of all four defendants.

      3.     I make this Second Declaration in support of the Motion of 1000 Highway 98 East Corp and Panama Surf & Sport, Inc., for Summary Judgment.

      4.     In my prior Declaration, I indicated that neither 1000 Highway 98 East Corp nor Panama Surf & Sport, Inc. operates any store at all, and therefore neither operates any store using the trademark WINGS or the trade dress which are involved in the present dispute.

      5.     I have read the information provided by Michael Herbert and Tina Combs submitted in opposition to Summary Judgment.

      6.     Mr. Herbert states that according to his report of March 18, 2007, he went to five specific stores (including one located at the address 1000 Highway 98 East and another located at the address 1115 Highway 98 East) in Destin and Ft. Walton Beach, Florida, and made certain observations and certain purchases.

7. I have stated that 1000 Highway 98 East Corp. owns buildings but does not operate any stores. I have stated that Panama Surf & Sport, Inc., does not operate any stores. At no time does Mr. Herbert state that 1000 Highway 98 East Corp. operates any stores. At no time does Mr. Herbert state that Panama Surf & Sport, Inc., operates any stores. Therefore, Mr. Herbert has not disputed anything in my prior Declaration regarding which entity operates the stores that he visited.

8. Ms. Combs states that according to her report of March 27, 2007, she went to a specific store in Panama City Beach, and made certain observations and a certain purchase.

9. I have stated that 1000 Highway 98 East Corp. owns buildings but does not operate any stores. I have stated that Panama Surf & Sport, Inc., does not operate any stores. At no time does Ms. Combs state that 1000 Highway 98 East Corp. operates any stores. At no time does Ms. Combs state that Panama Surf & Sport, Inc., operates any stores. Therefore, Ms. Combs has not disputed anything in my prior Declaration regarding which entity operates the store that she visited.

I declare under penalty of perjury that the foregoing is true and correct. Executed in West Palm Beach, Florida on March 4, 2008.

_____
DROR LEVY

2

{WP477969;1}