John C. Vetter
Jerold I. Schneider *pro hac vice*
AKERMAN SENTERFITT LLP
222 Lakeview Avenue
West Palm Beach, FL 33401
Tel: (561) 653-5000

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x

| | | |
|---|---|---|
| L & L WINGS, INC., | : | **ECF CASE** |
| Plaintiff, | : | 07 Civ. 4137 (BSJ) (GWG) |
| - against - | : | **DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF** |
| MARCO-DESTIN INC., 1000 HIGHWAY 98 EAST CORP., PANAMA SURF & SPORT, INC. and E & T INC., | : | **DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND COSTS** |
| Defendants. | : | |

-----------------------------------------------------------------x

Defendants, MARCO-DESTIN INC., 1000 HIGHWAY 98 EAST CORP., PANAMA SURF & SPORT, INC., and E & T INC. (collectively, "Defendants"), by and through their undersigned counsel, hereby file this Memorandum of Law in Support of Defendants' Motion for Attorneys' Fees and Costs, filed concurrently therewith.

**I.   INTRODUCTION AND BACKGROUND**

Plaintiff, L & L Wings, Inc. ("Plaintiff") filed the Complaint in this matter on or about May 23, 2007, alleging that Defendants infringed on Plaintiff's trademark and trade dress. A Settlement Conference was scheduled for January 17, 2008 before Magistrate Judge Gorenstein. Defendants' two senior officers and Defendants lead counsel traveled to New York from Florida

{WP473284;1}

to attend the Settlement Conference. (See, Declaration of Jerold I. Schneider (Exhibit A) and Declaration of Dror Levy (Exhibit B) filed concurrently.)

At the beginning of the Settlement Conference, Plaintiff's original counsel announced that Plaintiff had recently learned new information regarding the Defendants which made Plaintiff's position non-negotiable. Thus, Plaintiff's original counsel indicated that Plaintiff was unwilling to compromise any part of its claim. (See, Exhibit B, ¶ 7)[1]

After being questioned by this Court, Plaintiff's counsel indicated that Plaintiff learned this "new information" a few days prior to the Settlement Conference. However, despite having at least a few days in which to notify the Court and seek to cancel the Settlement Conference, Plaintiff and its counsel did nothing.

The failure to notify this Court of the known futility of the Settlement Conference resulted in a waste of this Court's time, and caused Defendants to needlessly incur attorneys' fees and travel expenses for both their two officers and their attorney to attend a Settlement Conference that could not possibly result in a settlement.

Accordingly, Defendants should be awarded their reasonable attorneys' fees and travel expenses for themselves and their attorney.

## II.   ARGUMENT

### Liability of Plaintiff

Ten days prior to the Settlement Conference, Mr. Shaul Levy, one of Plaintiff's officers, learned this "new information" which, in Plaintiff's opinion, made any compromise impossible. Proof that Plaintiff learned this "new information" no later than January 7, 2008, is demonstrated

---

[1]   Plaintiff's original or initial counsel is Mr. Bennett Krasner, who is still counsel of record for Plaintiff. The Defendants do not seek any award against, or recovery from, Plaintiff's new counsel who entered their appearance after the aborted Settlement Conference

by the concurrently filed Declaration of Dror Levy, Exhibit B, ¶¶ 7-10 reflecting a phone call from Mr. Shaul Levy and Mr. Dror Levy's return call.

This Court has the inherent power to assess attorney fees and costs against the Plaintiff. As the Appellate Court stated in *Oliveri v. Thompson*, 803 F.2d 1265, 1272 (2d Cir. 1986) "Awards under the inherent power exception to the American Rule may be made against the losing party or against the attorney for the losing party." (citing *Dow Chemical Pacific Ltd. v. Rascator Maritime S.A.*, 782 F.2d 329, 344 (2d Cir. 1986)) ; *see also Hirschfeld v. Bd. of Elections*, 984 F.2d 35, 40 (2d Cir. 1992) (awarding attorneys' fees against defendant, Board of Elections under the inherent power of the Court).

In order to asses fees against a particular party, there must be clear evidence of bad faith by that particular party. *Dow Chemical*, *supra,* at 344. Thus, for example, a finding that one defendant acted in bad faith does not warrant an award of fees against a co-defendant. *Id.*

Here, the issue is not whether Plaintiff was entitled to take the "no compromise" position, or even whether Plaintiff's "no compromise" position was taken in good faith or in bad faith. Here, the bad faith is the failure to notify the Court that settlement was futile. Here, the bad faith was also the failure to notify Defendants or Defendants' counsel that their trip from Florida to New York was doomed before they boarded the airplane. Since Plaintiff had no trouble calling Defendants' cell phone number on January 7, 2008, (Exhibit B, Levy Declaration, ¶ 9) there was nothing which prohibited Plaintiff from calling Defendants again, in advance of January 17, to indicate a "no compromise" position.

Plaintiff was obviously angry over this "other incident' (Exhibit B, Levy Declaration, ¶¶ 7-9) and sought revenge or retaliation without regard to the Court or the costs to Defendants.

Plaintiff wanted to "teach Defendants a lesson".  Accordingly, Plaintiff's actions could be nothing <u>other than</u> bad faith, and an award of attorney fees and costs is appropriate.

### Liability of Plaintiff's Original Counsel

Under the inherent power of the Court, as described above, which is applicable to both a party and counsel, and under 28 U.S.C. § 1927, counsel may be found liable for attorneys' fees, costs, and expenses if he has unreasonably and vexatiously multiplied the proceedings in any case.  In the Second Circuit, a movant must show something "akin to bad faith" in order to be awarded attorneys' fees and expenses under § 1927.  *State Street Bank & Trust Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 180 (2d Cir. 2004) (citing *Sakon v. Andreo*, 119 F.3d 109, 114 (2d Cir. 1997)).  An award of attorneys' fees and expenses is proper when the attorney's conduct is so "completely without merit as to require the conclusion that [it] must have been undertaken for some improper purpose." *State Street Bank*, 374 F.3d at 180.

In the instant case, Plaintiff's counsel's conduct is completely without merit or justification.  Even if Plaintiff's counsel only learned of the "new information" a few days before the Settlement Conference,  (Plaintiff itself learned this "new information" at least as early as January 7, 2008 – at least <u>ten</u> days (not a few days) prior to the Settlement Conference), those "few days" provide ample time for counsel to alert the Court..

Once Plaintiff's counsel knew that Plaintiff was unwilling to settle the case by any form of compromise, thus making the scheduled Settlement Conference nothing more than an exercise in futility, Plaintiff's counsel should have taken some appropriate action.  Plaintiff's counsel knew that the Defendants and their attorneys had to travel from Florida to attended the scheduled Settlement Conference in New York.  Yet Plaintiff's counsel failed to inform the Court of Plaintiff's position and failed to inform the Court (and opposing counsel) in a timely and

{WP473284;1}

- 4 -

appropriate fashion that settlement was not an option. Counsel had multiple options. First, contact the Court and propose that the Settlement Conference be cancelled. Second, contact Defendants counsel and propose a joint contact to the Court. Third, Plaintiff's counsel could have tried anything else to advise the Court of the futility of the upcoming settlement conference.

Given these choices (and perhaps more which are not enumerated here) and the fact that Plaintiff's counsel elected <u>none</u> of the choices, Plaintiff's counsel's failure to communicate is completely without merit, and there is absolutely no evidence that such silence was strategic. *See Richard A. Leslie, Co. v. Birdie, LLC*, 2007 WL 4245847, *6 (S.D.N.Y. 2007) (awarding attorneys' fees when attorney's failure to communicate with the court and opposing counsel resulted in an unnecessary motion, as there was no evidence that the attorney's silence was strategic); *see also S & D California Fruit Exch., Inc. v. Gurino*, 783 F.2d 345, 347 (2d Cir. 1986) (awarding attorneys' fees and expenses where attorney failed to inform the court that the case on appeal had settled prior to submitting the appeal for decision).

The purpose of 28 U.S.C. § 1927 is to deter frivolous litigation and abusive practices by an attorney who demonstrates a "blatant disregard of the rules and regulations which permit the judicial machinery to function smoothly." *Forman v. Mount Sinai Med. Center*, 128 F.R.D. 591, 600 (S.D.N.Y. 1989) (quoting *Warner Bros. Inc. v. Dae Rim Trading, Inc.*, 877 F.2d 1120, 1128 (2d Cir. 1989)). Plaintiff's counsel wasted this Court's time in addition to causing Defendants to needlessly incur attorneys' fees and travel expenses to attend a Settlement Conference which was doomed in advance. Accordingly, the record in this case justifies an award of attorneys' fees and costs against Plaintiff's counsel under 28 U.S.C. § 1927.

**Reasonableness of Amount**

The amount requested is calculated as follows:

{WP473284;1}

| | |
|---|---:|
| Defendants' air fare[2] | 872.00 |
| Defendants' counsel's air fare[3] | 407.50 |
| Meals | 18.68 |
| Car Transportation | 167.50 |
| Legal Fees | <u>6825.00</u> |
| **Total** | **8289.08** |

## III.   CONCLUSION

Based on the foregoing, Defendants, MARCO-DESTIN, INC., 1000 HIGHWAY 98 EAST CORP., PANAMA SURF & SPORT, INC., and E & T, INC., respectfully requests that this Court enter an Order entitling awarding Defendants reimbursement of costs, attorneys' fees and attorney travel expenses in the total amount of $8289.08 against Plaintiff and Plaintiff's initial counsel, jointly and severally.

Dated:  March 5, 2008.
        New York, N.Y.

Respectfully submitted,

　　  */s/ John C. Vetter*
John C. Vetter (JV8584)
Jerold I. Schneider *pro hac vice*
**AKERMAN SENTERFITT**
222 Lakeview Avenue
West Palm Beach, FL 33401
Telephone: (561) 653-5000
Facsimile:  (561) 659-6313

*Attorneys for Defendants*

---

[2]   Defendants two senior officers, Exhibit B, Levy Declaration, ¶ 5.
[3]   All items other than Defendants' air fare is supported by Exhibit A, Schneider Declaration, ¶¶ 4-6

{WP473284;1}

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 6, 2008, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: /s/ John C. Vetter
      John C. Vetter

## SERVICE LIST
L&L Wings, Inc. v. Marco-Destin Inc., et al.
Case no. 07-Civ-4137(BSJ) (GWG)
United States District Court, Southern District of New York

| | |
|---|---|
| **Bennett David Krasner**<br>The Law Offices of Bennett D. Krasner<br>1233 Beech Street<br>No. 49<br>Atlantic Beach, NY 11509<br>(516) 889-9353<br>Fax: (516) 432-7016<br>Email: bkrasner@optonline.net<br><br>*Attorneys for Plaintiff,*<br>Service by Notice of Electronic Filing | **Diane C Hertz**<br>diane.hertz@bingham.com<br>**Richard S. Taffet**<br>richard.taffet@bingham.com<br>**John Paul Son**<br>john.son@bingham.com<br>Bingham McCutchen LLP (NY)<br>399 Park Avenue<br>New York, NY 10022<br>212-705-7000<br>Fax: 212-752-5378<br><br>*Attorneys for Plaintiff,*<br>Service by Notice of Electronic Filing |
| **John C. Vetter**<br>john.vetter@akerman.com<br>**Jerold Ira Schneider** *pro hac vice*<br>jerold.schneider@akerman.com<br>Akerman Senterfitt<br>222 Lakeview Avenue<br>West Palm Beach, FL 33401<br>(561) 653-5000<br>Fax: (561) 659-6313<br><br>*Attorneys for Defendants,*<br>Service by Notice of Electronic Filing | |