John C. Vetter
Jerold I. Schneider *pro hac vice*
AKERMAN SENTERFITT LLP
222 Lakeview Avenue
West Palm Beach, FL 33401
Tel: (561) 653-5000

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x

| | | |
|---|---|---|
| L & L WINGS, INC., | : | **ECF CASE** |
| Plaintiff, | : | 07 Civ. 4137 (BSJ) (GWG) |
| - against - | : | **DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO** |
| MARCO-DESTIN INC., 1000 HIGHWAY 98 EAST CORP., PANAMA SURF & SPORT, INC. and E & T INC., | : | **PLAINTIFF'S MOTION FOR LEAVE TO AMEND ITS REPLY TO** |
| | : | **COUNTERCLAIMS** |
| Defendants. | : | |

-----------------------------------------------------------------x

Defendants Marco-Destin, Inc.; 1000 Highway 98 East Corp.; Panama Surf & Sport, Inc.; and E & T Inc. ("Defendants"), by their attorneys Akerman Senterfitt, oppose Plaintiff's Motion For Leave To Amend Its Reply To Counterclaims and request that the Motion be denied.

Plaintiff seeks to add "estoppel" and "statute of limitations" as new defenses to their Reply to the Counterclaims. The original Reply was filed October 11, 2007. *Foman v. Davis*, 371 U.S. 178, 182 (1962), prohibits amendment of pleadings under FED. R. CIV. P. 15 if there is undue delay, undue prejudice to Defendants or if the amendments are futile. Any one of these would be sufficient to deny Plaintiff's motion. Here, however, each of these requirements presents a barrier to Plaintiff's proposed amendment as explained below.

## ARGUMENT

### A.   The Proposed New Defenses are Futile.

The underlying issue relates to a Licensing Agreement signed in February 2000, including a certain provision under which Defendants were to cease using a trademark and certain trade dress by October 21, 2006. The facts and circumstances of the actual signing of the Licensing Agreement, including the intent of the parties, may form part of the dispute.

Each party had affirmative obligations under the Licensing Agreement which they ignored, thus confirming Defendants' belief that the Licensing Agreement was not the actual agreement and understanding between the parties.

In late 2006 or early 2007, Plaintiff issued its written demand that Defendants cease using the trademark and trade dress, (i.e., an alleged violation of the "Licensing Agreement"). That written demand was the first time that Plaintiff demonstrated its position that the Licensing Agreement was a binding document. At that time, Defendants' cause of action (e.g., fraudulent inducement to sign the Licensing Agreement) first accrued.[1]

The statute of limitations defense is futile. Whatever the parties were doing in the two years <u>before</u> the Licensing Agreement was signed, e.g., sharing certain advertising expenses, they continued to do thereafter. No evidence exists that either side did anything differently <u>after</u> the Licensing Agreement was signed (until Plaintiff's written demand in 2006) and therefore no basis existed for challenging a document that both sides were ignoring.[2]  It is untenable to

---

[1]   Suit was filed in 2007, the Counterclaim was filed in 2007, and the Reply to Counterclaim was filed in October 2007.

[2]   A fact issues exists as to whether the statute of limitations, if applicable, was tolled, but that issue need not be addressed since the claim did not arise until late 2006 when Plaintiff first evidenced its position that the Licensing Agreement was binding.

suggest that the cause of action accrued in 2000, when all parties continued to ignore the document after it was signed.

The futility of the statute of limitations defense should not be confused with Plaintiff's position on the merits that there was no fraudulent inducement. However, Plaintiff's "merits position" should not serve as a bootstrap to allow the pleading to be amended.

The failure of Plaintiff to provide a proper accounting as part of the February 2000 signing of documents is a separate claim. If the signing of the Licensing Agreement was fraudulently induced, one aspect of the fraud could be the incomplete and therefore improper accounting. On the other hand, even if the accounting was proper and complete, that does not detract from the fraudulent inducement claim.

The only evidence relied upon by Plaintiff in support of its proposed amendment to the Reply are the documents associated with the parties' transaction in 2000, and particularly the Licensing Agreement. None of these documents, which were negotiated and ignored, establish that Defendants knew or should of known of the "fraud." Plaintiff's Memorandum in Support of its Motion For Leave to Amend fails to set forth any action by either party between 2000 and 2006 which would suggest otherwise. At best, Plaintiff has alleged a factual dispute as to the merits of the "fraud" claim, but not a bona-fide statute of limitations defense.

Plaintiff's defense of estoppel is unsupported. Since the equitable defense of "waiver" already existed in the pleadings, (and was set forth as two separate affirmative defenses in the Reply), it might not be unreasonable to allow Plaintiff to amend the Reply to assert estoppel, especially since waiver and estoppel are frequently considered together, *if* Plaintiff had made some showing in its Motion that estoppel was a meritorious defense. However, Plaintiff fails to specify what "actions" of Defendants (and what actions by Plaintiff in reliance thereon) are

3

alleged to constitute the estoppel? Plaintiff's moving papers do not specify any "action" by Defendants in reliance on which Plaintiff took (or failed to take) any action. Therefore, on the face of Plaintiff's motion, the "estoppel" defense is also futile. Of course amending the Reply to allege "estoppel" should not be used as a bootstrap for allowing the statute of limitations defense.

For each of these reasons, the Motion For Leave to Amend should be denied.

**B.     Plaintiff Has Improperly and Inexcusably Delayed.**

The answer and counterclaim giving rise to the defenses that Plaintiffs now seek to add was filed nearly six months ago on September 18, 2007. Plaintiff's original Reply was filed five months ago on October 11, 2007. New counsel filed their appearance in January, 2008, after certain improper conduct relative to the handling of a settlement conference, i.e., failure to notify the Court that Plaintiff refused to make any compromise and therefore the settlement conference would be an exercise in futility. (New counsel was not involved relative to the settlement conference.)

There is no assertion that prior counsel engaged in excusable neglect. There is no assertion that the statute of limitations could <u>not</u> have been raised earlier along with the seven other affirmative defenses which were raised. There is no explanation for the delay other than new counsel with a new strategy. No authority has been found to support the argument that <u>merely</u> shifting counsel justifies amending the pleadings. There is no assertion that new documents have been discovered justifying a new defense. As such, the delay in not excused and is therefore unreasonable.

The concept of the statute of limitations is that the Defendants waited too long to raise their "fraudulent inducement" claim. But Plaintiff apparently gave some thought to this issue and elected to raise only laches as its Third Affirmative Defense. As such, on the present record,

4

the failure to plead the statute of limitations was a strategic decision and constituted a knowing waiver *Litton Indus. Inc. v. Lehman Bros. Kuhn Loeb, Inc.,* 967 F.2d 742 (2nd Cir. 1992)(citing FED. R. CIV. P. 8(c)). Plaintiff has proffered no evidence (and no argument) to the contrary. Thus the liberal approach of FED. R. CIV. P. 15 can not override a waiver which, from the present record, appears to have been a knowing decision.

Plaintiff's argument (that the evidence to support its new defenses is already of record, i.e., the Licensing Agreement itself) weights against the amendment to the Reply since the evidence is not newly discovered, but rather has been in Plaintiff's possession long before the Reply was filed. Indeed, the Licensing Agreement was identified as Exhibit 5 to Plaintiff's Complaint (although not actually filed with the Complaint).

Each party served its initial discovery before the "statute of limitations" and "estoppel" defenses were raised.[3] The new defenses of estoppel and statute of limitations should have been contemplated but were not asserted timely in the original reply. Nothing produced in response to discovery triggered these new defenses.

Plaintiff's reliance on *Vysovsky v. Glassman*, No. 01 Civ. 2531 (LMM), 2007 WL 3130562, at *3 (S.D.N.Y. October 23, 2007) is misplaced, since, in that case, the Court held that the amendment did not raise new areas of inquiry and extensive discovery had already been taken on the issue. Here, to the contrary, while there has not been extensive discovery (only interrogatories and document requests were served prior to the Motion For Leave to Amend being filed) new areas of inquiry <u>are</u> raised, and new discovery will need to be taken on issues relating to tolling, etc.

---

[3] In fact, Plaintiff failed to timely serve its initial discovery.

Since the Court is already aware of the dilatory tactics of Plaintiff's original counsel (documents consistently filed late or not filed at all), even if those tactics do not arise to the level of bad faith, the record as a whole demonstrates that a dilatory strategy.[4]

On this basis, the Motion For Leave to Amend should be denied.

### C. Defendants Will Be Prejudiced by the Amendment.

Defendants' Counterclaims did not trigger a Reply which included either the statute of limitations or estoppel. Defendants and their counsel would have been expected to make certain strategic decisions based on the defenses actually presented.[5]

Defendants will be prejudiced if the amendment is permitted. Defendants should not be put in a position of potentially changing litigation strategy, embarking on new discovery on the statute of limitations defense and tolling of the statute, etc.[6] Defendants should not be required to rework their position to accommodate defenses that could have easily have been identified and asserted in the original reply.

Plaintiff has alleged, without support, that there is no prejudice to Defendants. A mere allegation should be insufficient. While *Block v. First Blood Assoc.*, 988 F.2d 344, 350 (2d Cir. 1993) suggests that the nonmovant must demonstrate the prejudice, Defendants submit that their

---

[4]   Plaintiff's reliance on *Allendale Mutual Ins. Co. v. Rutherford*, 178 F.R.D. 1, 3 (D. Me. 1998) for the proposition allowing the amendment after substitution of counsel is inapposite since, in this case, original counsel for Plaintiff remains as counsel of record.

[5]   Defendants have demonstrated that the statute of limitations defense is futile. However, in litigation, it is recognized that there are no guarantees. Accordingly, it would be expected for the attorney and client to assess the likelihood of success of the statute of limitations defense had it been raised, and the likelihood of success of "tolling" the running of the statute, albeit not necessarily in those legal terms. The existence of evidence relating to "tolling" the running of the statute of limitations would be an expected topic of inquiry between client and attorney, as well as the resulting discovery to be undertaken, e.g., what documentary requests to include, what witnesses to identify, and even what position to take in the Court-ordered settlement discussions. Apart from the litigation issues, it is reasonable to presume that business decisions would be made based on assessment of the litigation. To avoid waiving the attorney-client privilege, Defendants' counsel should not be required to state what was actually discussed.

[6]   Prudence would dictate all these actions and the associated expenses be undertaken since, as noted in footnote 5, *supra*, no outcome is guaranteed notwithstanding that the statute of limitations defense is futile.

explanation regarding litigation strategy (and potential business decisions) is sufficient to meet their burden. If the preceding explanation is not sufficient to demonstrate prejudice, then any allegation by any moving party of "no prejudice" could be used as a sword to force the nonmovant to prematurely disclose litigation strategy or alternative potentially waive the attorney client privilege. Defendants submit that the entire concept of opposing an amendment to the pleadings did not contemplate placing a party in such an untenable position.

Accordingly, based on the prejudice to Defendants, Plaintiff's Motion For Leave to Amend should be denied.

## CONCLUSION

For each of the foregoing reasons, Plaintiff's Motion For Leave to Amend its Reply to the Counterclaims, to assert the defenses of estoppel and statute of limitations should be denied.

Dated: March 14, 2008  
West Palm Beach, FL

Respectfully submitted,

　　  /s/ John C. Vetter  
John C. Vetter (JV8584)  
Jerold I. Schneider *pro hac vice*  
**AKERMAN SENTERFITT LLP**  
222 Lakeview Avenue  
West Palm Beach, FL 33401  
Telephone: (561) 653-5000

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 14, 2008, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By:  */s/ John C. Vetter*
      John C. Vetter

{WP480372;2}

**SERVICE LIST**
L&L Wings, Inc. v. Marco-Destin Inc., et al.
Case no. 07-Civ-4137(BSJ) (GWG)
United States District Court, Southern District of New York

| | |
|---|---|
| **Bennett David Krasner**<br>The Law Offices of Bennett D. Krasner<br>1233 Beech Street<br>No. 49<br>Atlantic Beach, NY 11509<br>(516) 889-9353<br>Fax: (516) 432-7016<br>Email: bkrasner@optonline.net<br><br>*Attorneys for Plaintiff,*<br>Service by Notice of Electronic Filing | **Diane C Hertz**<br>diane.hertz@bingham.com<br>**Richard S. Taffet**<br>richard.taffet@bingham.com<br>**John Paul Son**<br>john.son@bingham.com<br>Bingham McCutchen LLP (NY)<br>399 Park Avenue<br>New York, NY 10022<br>212-705-7000<br>Fax: 212-752-5378<br><br>*Attorneys for Plaintiff,*<br>Service by Notice of Electronic Filing |
| **John C. Vetter**<br>Akerman Senterfitt<br>222 Lakeview Avenue<br>West Palm Beach, FL 33401<br>(561) 653-5000<br>Fax: (561) 659-6313<br>Email: john.vetter@akerman.com<br><br>*Attorneys for Defendants,*<br>Service by Notice of Electronic Filing | |

{WP480372;2}