Richard S. Taffet
Diane C. Hertz
John P. Son
BINGHAM McCUTCHEN LLP
399 Park Avenue
New York, New York 10022
Tel: (212) 705-7000

and

Bennett D. Krasner
1233 Beech Street #49
Atlantic Beach, NY 11509
Tel: (516) 889-9353

*Attorneys for Plaintiff*
*L & L Wings, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| L & L WINGS, INC.,<br><br>   Plaintiff and Counterclaim Defendant,<br><br>   -against-<br><br>MARCO-DESTIN INC., 1000 HIGHWAY 98 EAST CORP., PANAMA SURF & SPORT, INC. AND E & T INC.,<br><br>   Defendants and Counterclaim Plaintiffs. | ECF Case<br><br>Civil Action No. CV-07-4137 (BSJ) (GWG) |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFF'S
MOTION FOR LEAVE TO AMEND ITS REPLY TO COUNTERCLAIMS**

  Defendants' opposition to Plaintiff L&L Wings, Inc.'s ("Wings") Motion to Amend, which contains only manufactured defenses, made without legal or evidentiary support of any kind, merely affirms the merits of Wings' motion. As demonstrated below, Wings' proposed amendment is meritorious. Wings did not unduly delay in making its motion, and defendants will not be prejudiced as a result. Thus, Wings' motion to amend should be granted.

A/72471478.2

**ARGUMENT**

I.    **WINGS' PROPOSED AMENDMENT IS MERITORIOUS**

Applicable case law makes clear that where movant has colorable grounds to amend a pleading, he must be given the opportunity to test the merits of that claim. *See Foman v. Davis,* 371 U.S. 178, 182 (1962). As courts in the Second Circuit have made clear, this "extremely liberal standard" . . . "is to be heeded." *CBS, Inc. v. Ahern*, 108 F.R.D 15, 18 (S.D.N.Y. 1985); *see Tokio Marine & Fire Ins. Co. v. Employers Ins. of Wausau*, 786 F.2d 101, 103 (2d Cir. 1986); *In re Investors Funding Corp.*, 100 F.R.D. 64, 65 (S.D.N.Y. 1983).

Despite this clear mandate, defendants argue - without legal citation or support - that Wings must demonstrate a "bona-fide statute of limitations" defense before it may be allowed to amend. Opposition Memorandum ("Opp. Mem."), p. 3. This is not the law. Courts in this Circuit have interpreted the "colorable grounds" requirement to mandate an inquiry comparable to that required by F.R.C.P. 12(b)(6) and 12(f) as to whether the proposed amendments state a cognizable claim or defense. *See CBS,* 108 F.R.D. at 18 (noting that that the standard to be met to obtain a F.R.C.P. 12(b)(6) dismissal is "quite stringent"); *Rapf v. Suffolk County of New York*, 755 F.2d 282, 290 (2d Cir. 1985) *superseded by statute on other grounds as recognized by Syms v. Olin Corp.*, 408 F.3d 95, 109 (2d Cir. 2005) (under F.R.C.P. 12(b)(6), a complaint may only be dismissed if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of the claim which would entitled the plaintiff to relief."). Moreover, "an analysis of the sufficiency of plaintiff's proposed amended pleading must remain subordinate to Rule 15 principles." *Banco de Desarrollo Agropecuario, S.A. v. Gibbs*, 116 F.R.D. 548, 549 (S.D.N.Y. 1987).

As set forth in its Moving Memorandum, Wings has, at a minimum, established colorable defenses of both the statute of limitations and estoppel. Moving Mem. p. 7-8. On February 17, 2000, the parties all executed a fully negotiated License Agreement. Defendants contend that

Wings fraudulently induced them into signing that Agreement (Counterclaims ¶¶ 93-100), despite the fact that defendants were represented by able counsel in the negotiating and drafting thereof. Defendants further allege that based upon an oral promise made by Wings on or about February 17, 2000, they were entitled to an accounting from Wings with respect to its operation of Marco Destin and E & T. Counterclaims ¶¶ 123-126. Thereafter, on March 8, 2000, Eli Tabib, the principal of defendants, received a velobound copy of all the closing documents, including the License Agreement, from his then-counsel, Moses & Singer. Exh. B to Hertz Decl., ¶ 6. Thus, as of March 8, 2000, defendants were fully aware of both the alleged oral promise for an accounting, and the terms of the License Agreement. As such, the applicable six-year statute of limitations, which would have run from March 8, 2000 at the latest, has long since expired. Similarly, given that defendants were on notice of their alleged counterclaims by March 8, 2000, they likewise should be estopped from bringing such claims eight years later.[1]

Wings' amendment clearly states "colorable" defenses and, as such, Wings is entitled to test the merits of those defenses in this case.

## II. DEFENDANTS HAVE FAILED TO ESTABLISH THE REQUISITE PREJUDICE

To defeat a motion to amend, the nonmoving parties must demonstrate they will suffer prejudice if the amendment is granted. Without evidentiary support of any kind, defendants baldly assert that they will be prejudiced by Wings' proposed amendment because they will be "put in a position of potentially changing litigation strategy, embarking on new discovery on the statute of limitations defense and tolling of the statute, etc." Opp. Mem. p. 6. Without legal support or citation, defendants argue that this is sufficient prejudice to deny Wings' motion. Again, defendants are wrong as a matter of law.

Alleged prejudice as a result of the "time, effort and money. . . expended in litigating" a

---

[1] Defendants' allegation of "tolling" regarding Wings' statute of limitations defense -- at most -- raises an issue of fact. It does not, however, render the amendment futile.

matter does not constitute the requisite prejudice sufficient to preclude amendment. *Block v. First Blood Assoc.,* 988 F.3d 344, 351 (2d Cir. 1993) (affirming amendment to include statute of limitations defense three years after commencement of action and in conjunction with defendants' motion for summary judgment); *see Monahan v. New York City Dep't of Corrections*, 214 F.3d 275, 284 (2d Cir.), *cert. denied,* 531 U.S. 1035 (2000) (affirming that alleged prejudice based on "misallocated resources" -- specifically, wasted time and money deposing witnesses and preparing for trial -- did not "warrant a deviation from the rule broadly allowing amendment to pleadings.").

Moreover, defendants' contention that Wings' motion to amend must be denied because it will require defendants to pursue additional discovery is unavailing.  Discovery in this case is in the early stages, defendants have yet to make their document production and no party depositions have been taken.  Additionally, there is more than adequate time to pursue discovery on these affirmative defenses within the discovery time-period allotted by the Court.  Thus, the amendment will cause no prejudice to defendants. *See Allendale Mutual Ins. Co. v. Rutherford,* 178 F.R.D. 1, 3 (D. Me. 1998) (where some additional discovery might be needed as a result of an amendment, plaintiff would not be prejudiced).

### III.    WINGS DID NOT UNDULY DELAY IN SEEKING THIS AMENDMENT

Wings did not delay in bringing this motion, as the original reply was filed less than four months prior to the date Wings made its motion to amend.  Moreover, "mere delay, absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." *Block*, 988 F.2d at 350; *Hewlett Packard Co. v. Factory Mutual Ins. Co*., No. 04 Civ. 2791 TPG/DF, 2006 WL 1788946, at *17 (S.D.N.Y. June 28, 2006) (granting Rule 15(a) motion to amend, notwithstanding substantial delay and need for opposing party to "re-conduct" discovery) (attached to Wings' Moving Memorandum).  As demonstrated above and in Wings' Moving Memorandum, as defendants have failed to demonstrate either bad faith or undue

prejudice, this motion to amend should be granted.[2]

## CONCLUSION

For the foregoing reasons and those set forth in Plaintiff L & L Wings, Inc.'s Moving Memorandum, L&L Wings, Inc. respectfully requests that its Motion for Leave to Amend its Reply to Counterclaims be granted in its entirety.

Dated: New York, New York.  
       March 18, 2008

BINGHAM McCUTCHEN LLP

By: s/ Diane C. Hertz
    Richard S. Taffet
    (richard.taffet@bingham.com)
    Diane C. Hertz
    (diane.hertz@bingham.com)
    John P. Son
    (john.son@bingham.com)

    399 Park Avenue
    New York, NY 10022-4689
    Telephone: (212) 705-7000

    -and-

    Bennett D. Krasner
    (bkrasner@bdklaw.net)
    1233 Beech Street #49
    Atlantic Beach, NY 11509
    Telephone: (516) 889-9353

*Attorneys for Plaintiff*

---

[2] Without providing any support whatsoever, defendants baldly assert that "Plaintiff apparently gave some thought to [raising the statute of limitations defense and] . . . the failure to plead the statute of limitations was a strategic decision and constituted a knowing waiver." Opp. Mem. p. 5. This artificially manufactured, and wholly unsupported, argument should be disregarded by the Court.