Richard S. Taffet
Diane C. Hertz
John P. Son
BINGHAM McCUTCHEN LLP
399 Park Avenue
New York, New York 10022
Tel: (212) 705-7000

and

Bennett D. Krasner
1233 Beech Street #49
Atlantic Beach, NY 11509
Tel: (516) 889-9353

*Attorneys for Plaintiff*
*L & L Wings, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| L & L WINGS, INC., <br><br> Plaintiff and Counterclaim Defendant, <br><br> -against- <br><br> MARCO-DESTIN INC., 1000 HIGHWAY 98 EAST CORP., PANAMA SURF & SPORT, INC. AND E & T INC., <br><br> Defendants and Counterclaim Plaintiffs. | ECF Case <br><br> Civil Action No. CV-07-4137 (BSJ) (GWG) |

**PLAINTIFF L & L WINGS, INC.'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND COSTS**

Plaintiff L & L Wings, Inc. ("Wings") submits this memorandum of law in opposition to defendants' Motion for Attorneys' Fees and Costs in connection with the Settlement Conference held in this case. Not only is defendants' motion utterly groundless, as demonstrated below, but it also epitomizes the type of conduct that serves only to "vexatiously" multiply the proceedings in a case.

**FACTUAL BACKGROUND**

As directed by the Court pursuant to its October 30, 2007 Order Scheduling Settlement Conference ("October Order"), and its Standing Order in Cases Referred for Settlement to Magistrate Judge Gabriel W. Gorenstein ("Standing Order"), incorporated by reference therein, Wings attended a Settlement Conference before Judge Gorenstein on January 17, 2008. As directed by both the October Order and the Standing Order, the parties were required, *inter alia*, to have in attendance a person "with responsibility for determining the amount of any ultimate settlement and who has not had limitations placed by another person with respect to his or her authority to settle." Standing Order, ¶ 6; October Order, at 1. In accordance with the Orders, the owners of L & L Wings, Inc., Shaul Levy and Meir Levy, attended the Settlement Conference, together with their counsel, and had full authority for settlement, as required.

At the beginning of the Settlement Conference, during his opening statement, Wings' counsel stated his clients' settlement position prior to the negotiations; that Wings believed it was entitled to the full amount of its claim. Thereafter, in ex parte communications with Judge Gorenstein, Wings agreed, however, to substantially compromise that position in an effort to resolve this matter in the early stages. In fact, Wings' representatives believed, after the second ex parte discussion with the Court, that the parties had reached a settlement. Shortly thereafter, however, Wings was informed by the Court that the matter was not settled, and that the Conference was concluded.

**ARGUMENT**

Defendants' entire argument rests on the contention that Wings allegedly knew it would take a "no compromise" position at the Settlement Conference, and that it acted in bad faith by failing to "notify the Court that settlement was futile" and to "notify Defendants or Defendants' counsel that their trip from Florida to New York was doomed before they boarded the airplane."

Defendants' Memorandum of Law In Support, at 3. This alleged conduct, according to Defendants, warrants the imposition of attorneys' fees and costs against Wings and its counsel, and in favor of Defendants. However, both the facts and the law make clear that defendants' motion must be denied.

First, as this Court is aware through its mediation of the Settlement Conference and ex parte discussions with Wings' representatives and counsel (the contents of which discussions will not be disclosed here), Wings agreed to compromise its initial position in an effort to foster settlement of this case. Indeed, *it was the defendants* who rejected Wings' offer of settlement and concluded the discussions. Thus, defendants' entire argument that Wings knew the Settlement Conference was futile is based on a falsity.

Second, even in the event Wings had refused to negotiate its position at the Settlement Conference -- which is unequivocally not the case -- that conduct does not warrant sanctions under applicable law.

Pursuant to FED R. CIV. P. 16(c)(1), "a court may require that a party or its representative be present or reasonably available by telephone to consider possible settlement." The Advisory Committee Notes for Rule 16 make clear that the purpose of this subsection was not "to impose settlement negotiations on unwilling litigants." FED R. CIV. P. 16(c), advisory committee notes (1983); *Kothe v. Smith*, 771 F.2d 667, 669 (2d Cir. 1985) (vacating award of sanctions against attorney for failing to settle prior to first day of trial). Rather, it is "believed that providing a neutral forum for discussing the subject [of settlement] might foster it." FED R. CIV. P. 16(c), advisory committee notes (1983).

In this case, the Court entered the October Order, which required, *inter alia*, the parties to have in attendance a person with authority to settle. Standing Order, ¶ 6.[1] A corporate representative with authority to settle is required to hold a position "allowing him to speak definitively and to commit the corporation to a particular position in the litigation. . . . [A]uthority to settle [is not] a requirement that corporate representatives must come to court willing to settle on someone else's terms, but only that they come to court in order to consider the possibility of settlement." *G. Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 653 (7th Cir. 1989) (recognizing that the Advisory Committee Notes to Rule 16 "clearly draw a distinction between being required to attend a settlement conference [which defendant Joseph Oat Corp. failed to do, in violation of a court order] and being required to participate in settlement negotiations."). The *G. Heileman* court made clear that it would not countenance a situation in which a corporate representative, in attendance at a settlement conference, "was sanctioned because that person refused to make an offer to pay money." *Id.*; *see also Dawson v. U.S.*, 68 F.3d 886, 897 (5th Cir. 1995) (reversing sanctions for failure to make settlement offer).

As the corporate representatives for Wings, Messrs. Shaul and Meir Levy were fully authorized to speak on its behalf. Not only did they attend the Settlement Conference, as required, but they actively engaged in settlement discussions with Judge Gorenstein, which led to a compromise of Wings' original settlement position. Thus, there is no basis whatsoever, in law or logic, for the imposition of sanctions against Wings. Moreover, Wings' counsel's conduct in giving his client's opening position at the settlement conference was fully in compliance with the Standing Order (*see* paragraph 4), and in no way constituted bad faith so as to justify sanctions.

---

[1] Defendants do not contend that Wings violated any other provisions of either the October Order or the Standing Order.

-4-

The case law relied upon by defendants in support of their motion is inapposite, as it addresses conduct not remotely relevant even to defendants' rendition of the facts. *See S.D. Cal. Fruit Exch., Inc. v. Gurino*, 783 F.2d 345 (2d Cir. 1986) (sanctioned attorney failed to inform the court that the case had settled prior to his filing of an appeal and failed to respond to telephone calls from the Court inquiring as to the status of settlement); *Richard A. Leslie Co., Inc. v. Birdie, LLC*, No. 07 Civ. 5933, 2007 WL 4245847 (S.D.N.Y. Nov. 26, 2007) (plaintiff sanctioned for failing to conduct discovery for over nine months and failing to respond to communications from the court and opposing counsel); *Forman v. Mount Sinai Med. Ctr.*, 128 F.R.D. 591 (S.D.N.Y. 1989) (sanctioned attorney, *inter alia*, withheld information from the Court, refused to obey Court orders, and used the nonpayment of expert fees to delay settlement); *Hirschfeld v. Bd. of Elections*, 984 F.2d 35 (2d Cir. 1993) (party sanctioned for timing its notice of appeal and motion for stay so another party would not be permitted to participate in an election); *Warner Bros., Inc. v. Dae Rim Trading, Inc.*, 877 F.2d 1120 (2d Cir. 1989) (attorney sanctioned in connection with an appeal).[2]

As set forth above, there is no factual or legal basis on which to impose sanctions against Wings, as it fully complied in good faith with its obligations in connection with the Settlement Conference.

## **CONCLUSION**

For the foregoing reasons and those set forth in Plaintiff L & L Wings, Inc.'s Moving Memorandum, L & L Wings, Inc. respectfully requests that defendants' Motion for Attorneys'

---

[2] In a number of cases relied upon by defendants, the Second Circuit refused to award sanctions altogether. *See Oliveri v. Thompson*, 803 F.2d 1265, 1277 (2d Cir. 1986); *State St. Bank and Trust Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158 (2d Cir. 2004); *Sakon v. Andreo*, 119 F.3d 109 (2d Cir. 1997).

A/72474731.1

Fees and Costs be denied in its entirety, and further, that Wings be awarded its costs and fees incurred in connection with opposing defendants' motion.

| | |
|---|---|
| Dated: New York, New York.<br>March 24, 2008 | BINGHAM McCUTCHEN LLP<br><br>By: s/ Diane C. Hertz<br>    Richard S. Taffet<br>    (richard.taffet@bingham.com)<br>    Diane C. Hertz<br>    (diane.hertz@bingham.com)<br>    John P. Son<br>    (john.son@bingham.com)<br><br>    399 Park Avenue<br>    New York, NY 10022-4689<br>    Telephone: (212) 705-7000<br><br>    -and-<br><br>    Bennett D. Krasner<br>    (bkrasner@bdklaw.net)<br>    1233 Beech Street #49<br>    Atlantic Beach, NY 11509<br>    Telephone: (516) 889-9353<br><br>    *Attorneys for Plaintiff* |