John C. Vetter
Jerold I. Schneider *pro hac vice*
AKERMAN SENTERFITT LLP
222 Lakeview Avenue
West Palm Beach, FL 33401
Tel: (561) 653-5000

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x

| | | |
|---|---|---|
| L & L WINGS, INC., | : | **ECF CASE** |
| Plaintiff, | : | 07 Civ. 4137 (BSJ) (GWG) |
| - against - | : | |
| MARCO-DESTIN INC., 1000 HIGHWAY 98 EAST CORP., PANAMA SURF & SPORT, INC. and E & T INC., | : | |
| Defendants. | : | |

-----------------------------------------------------------------x

**DEFENDANTS' REPLY IN SUPPORT OF MOTION**
**FOR ATTORNEY FEES AND COSTS**
**REGARDING SETTLEMENT CONFERENCE**

**FACTUAL BACKGROUND**

At the beginning of the settlement conference, Wings' counsel stated his client's position that because of an admittedly unrelated incident (which had recently occurred in Miami Beach, Florida), Plaintiff L & L Wings was not willing to compromise its "claim" in this case. The "claim" in this case was that Defendants violated the termination provision in a certain Licensing Agreement and were (a) required to cease using the trademark and trade dress, and (b) pay the liquidated damages clause under the Licensing Agreement.

{WP484917;1}

Thereafter, during the series of ex-parte settlement communications with Magistrate Judge Gorenstein, the substance of which will not be placed on the public record, Plaintiff L & L Wings sought to inject a new condition for settlement. This new condition was not anything that Plaintiff would be entitled to under the Licensing Agreement, even if Plaintiff had prevailed on every one of its theories set forth in the complaint. When the Court understood the significance of this new condition, coupled with Plaintiff's other settlement demands, the Court indicated that the matter could not be settled and ended the Settlement Conference.

## **ARGUMENT**

If the parties had been negotiating only (a) the date (if at all) upon which those two Defendants who were using the trademark and trade dress would cease use of the trademark and trade dress and (b) the amount to be paid (if any), and the parties reached an impasse, the instant motion never would have been brought. Good faith negotiations do not require that a compromise be reached.

In opposition to the present motion, Wings takes the position that as long they were willing to compromise on anything they might receive after a trial on the merits, then regardless of what additional, more onerous term was demanded as the *quid pro quo* for a compromise, they were negotiating in good faith. Wings' position is disingenuous. Based on Wings' theory of "good faith", a party can <u>never</u> fail to negotiate in good faith, <u>regardless</u> of what it additional demands it asserts as the *quid pro quo* as long as that party is willing to compromise on "something". Wings' position just absolutely defies logic. And, in the context of Plaintiff's

counsel's opening statement, injecting this new condition as a settlement demand absolutely sabotaged the settlement efforts and constituted bad faith.[1]

Plaintiff's analysis of the case law is both accurate and irrelevant. The issue is not what some Courts may have awarded, or not awarded, but whether the Court has the authority and discretion to award attorney fees and costs if the Court is satisfied that the actions of Plaintiff and its original counsel constituted bad faith. There is no dispute that the Court has both the authority and discretion to do so.

It is clear from the statements made and the tenor of the settlement discussions, including the new demand of Plaintiff, that Plaintiff was unwilling to participate in good faith settlement negotiations. This is not a situation where Defendants seek monetary sanctions because Plaintiff refused to compromise. Each party has the full right to refuse to compromise. Defendants seek sanctions only because the Plaintiff knew that it was taking this position, more than a week before the settlement conference, based upon an admittedly unrelated incident.

---

[1] Had Plaintiff or its original counsel informed the Court and Defendants, ten days before the Settlement Conference, that because of this unrelated event in Miami Beach, Florida, Plaintiff was unwilling to compromise its claim in the present suit unless the unrelated Miami Beach issue could also be resolved, the present motion would never have been brought.

## **CONCLUSION**

For the foregoing reasons, as well as the reasons set forth in Defendants' initial Motion and Memorandum of Law in Support of Attorney Fees and Costs, the Defendants request this Court to grant it its attorney fees and costs in connection with the January 17, 2008 Settlement Conference.

Dated:  March 28, 2008.                                        Respectfully submitted,
              West Palm Beach, FL

                                                                                   */s/ John C. Vetter*
                                                                                John C. Vetter (JV8584)
                                                                                Jerold I. Schneider, *pro hac vice*
                                                                                **AKERMAN SENTERFITT**
                                                                                222 Lakeview Avenue
                                                                                West Palm Beach, FL 33401
                                                                                Telephone: (561) 653-5000
                                                                                Facsimile:  (561) 659-6313

                                                                                *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 28, 2008, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: */s/ John C. Vetter*
John C. Vetter

**SERVICE LIST**

L&L Wings, Inc. v. Marco-Destin Inc., et al.
Case no. 07-Civ-4137(BSJ) (GWG)
United States District Court, Southern District of New York

| | |
|---|---|
| **Bennett David Krasner**<br>The Law Offices of Bennett D. Krasner<br>1233 Beech Street<br>No. 49<br>Atlantic Beach, NY 11509<br>(516) 889-9353<br>Fax: (516) 432-7016<br>Email: bkrasner@optonline.net<br><br>*Attorneys for Plaintiff,*<br>Service by Notice of Electronic Filing | **Diane C Hertz**<br>diane.hertz@bingham.com<br>**Richard S. Taffet**<br>richard.taffet@bingham.com<br>**John Paul Son**<br>john.son@bingham.com<br>Bingham McCutchen LLP (NY)<br>399 Park Avenue<br>New York, NY 10022<br>212-705-7000<br>Fax: 212-752-5378<br><br>*Attorneys for Plaintiff,*<br>Service by Notice of Electronic Filing |
| **John C. Vetter**<br>john.vetter@akerman.com<br>**Jerold Ira Schneider** *pro hac vice*<br>jerold.schneider@akerman.com<br> Akerman Senterfitt<br>222 Lakeview Avenue<br>West Palm Beach, FL 33401<br>(561) 653-5000<br>Fax: (561) 659-6313<br><br>*Attorneys for Defendants,*<br>Service by Notice of Electronic Filing | |