UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
L&L WINGS, :

                         Plaintiff, :

              -v.- : ORDER

: 07 Civ. 4137 (BSJ) (GWG)

MARCO-DESTIN, INC. et al., :

:
                         Defendants.
-----------------------------------------------------------------x

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

      Plaintiff moves for leave to amend its reply to counterclaims to add statute of limitations and estoppel defenses. Under Fed. R. Civ. P. 15(a)(2), a court "should freely give leave [to amend] when justice so requires." While the decision to grant leave to amend a pleading is within the discretion of the court, the court must have "good reason" to deny leave to amend. See Acito v. IMCERA Group, Inc., 47 F.3d 47, 55 (2d Cir. 1995) (citing S.S. Silberblatt, Inc. v. East Harlem Pilot Block-Bldg. 1 Hous. Dev. Fund Co., 608 F.2d 28, 42 (2d Cir. 1979)). Leave to amend may be denied only where there has been "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . [or] futility of amendment." Foman v. Davis, 371 U.S. 178, 182 (1962). Defendants oppose the motion on the grounds of prejudice, futility, and delay.

      To establish prejudice, a party opposing the motion to amend must show that the amendment would "(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." Block v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir. 1993). Defendants refer obliquely to unspecified "litigation strategy" and "business decisions" that were undertaken in reliance on the defenses in the original reply. Such statements are wholly conclusory, however, and obviously do not meet the defendants' burden to show prejudice.

      As to futility, defendants argue that plaintiff will be unable to prove the proposed defenses. Notably, the consideration of the "futility" of a proposed amendment to a pleading is one of "discretion." Grace v. Rosenstock, 228 F.3d 40, 53 (2d Cir. 2000). Here, what must be tested is not the validity of a proposed claim but rather of proposed defenses, which are not required to be supported by factual allegations. Thus, the usual method for considering the futility of a proposed amendment – asking whether the pleading could withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) – cannot be used. Inasmuch as neither of the proposed defenses is "frivolous" or "legally insufficient on its face," the futility of the proposed

amendment has not been shown. See Wright & Miller, Federal Practice & Procedure, § 1487, at 637 (1990). Even on a motion to strike a defense – where the standard if anything should be more exacting than on a motion opposing leave to amend – "courts are very reluctant to determine disputed or substantial issues of law." Id. § 1381, at 424. Thus, this Court will not, at this stage of the proceedings, make a judgment as to the merits of the defenses.

To the extent defendants have any valid argument regarding delay, such an argument could not prevent the amendment inasmuch as "mere delay is not, of itself, sufficient to justify denial of a Rule 15(a) motion." Parker v. Columbia Pictures Indus., 204 F.3d 326, 339 (2d Cir. 2000) (citation and internal quotation marks omitted); accord Rachman Bag Co. v. Liberty Mut. Ins. Co., 46 F.3d 230, 234-35 (2d Cir. 1995) ("[d]elay alone . . . does not usually warrant denial of leave to amend"). In any event, the delay here was not inordinate and there is no evidence that the initial failure to include these defenses was a "strategic decision," as defendants assert.

Accordingly, the motion to amend (Docket # 35) is granted. The proposed amended reply shall be filed forthwith.

SO ORDERED.

Dated: New York, New York
April 7, 2008

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge