Jones/S

Richard S. Taffet
Diane C. Hertz
John P. Son
Bingham McCutchen LLP
399 Park Avenue
New York, NY 10022-4689
Telephone: 212.705.7000

and

Bennett D. Krasner
1233 Beech Street #49
Atlantic Beach, NY 11509
Telephone: 516.889.9353

*Attorneys for Plaintiff*
L & L Wings, Inc.



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/24/08 dc

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| L & L WINGS, INC., <br><br>             Plaintiff and Counterclaim Defendant, <br><br> -against- <br><br> MARCO-DESTIN INC., 1000 HIGHWAY 98 EAST CORP., PANAMA SURF & SPORT, INC. AND E & T INC., <br><br>             Defendants and Counterclaim Plaintiffs. | ECF Case <br><br> Civil Action No. CV-07-4137 (BSJ) (GWG) <br><br> **STIPULATED PROTECTIVE ORDER** |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and pursuant to the stipulation and agreement of the parties,

IT IS HEREBY ORDERED, that if, in the course of either of the above-captioned case, any party has the occasion to disclose information deemed by such party to constitute

A/72454238.2

confidential proprietary information of the type contemplated by F.R.C.P. 26(c), the following procedures shall be employed and the following restrictions shall govern:

1. Each party shall have the right to designate as confidential and subject to this Protective Order any and all documents, information or other materials which the designating party reasonably believes to be of a proprietary business or financial nature which is not readily available to competitors, potential competitors and/or other non parties ("Confidential Information"). Any documents, answers or responses to interrogatories or document requests, deposition transcripts, hearing transcripts, responses to requests for admissions, or any other material in paper or electronic form (hereinafter "Material") provided by a party ("Producing Party") to the other parties ("Receiving Parties") during the pendency of this case which contains Confidential Information may be designated and marked, in whole or in part, "Confidential" by counsel for the Producing Party at the time of production thereof. Any materials created by the Receiving Parties which include Confidential Information, including copies, abstracts, summaries or information derived therefrom, or notes or other records, shall also be deemed Confidential and the same terms regarding confidentiality of these materials shall apply as apply to the originals, and shall hereinafter be referred to as Confidential Information. Such Confidential Information shall be used only for purposes directly related to the above-captioned case, and for no other purpose whatsoever.

2. To the extent that Material is so marked Confidential, such Material shall only be revealed to or used by (a) a party, including in-house counsel, officers, executives, employees, officers and directors; (b) outside counsel of record for the parties to this case, including said counsels' associate attorneys, legal assistants and/or paralegals and stenographic and clerical employees who are involved with this case; and (c) any experts employed or retained by a party

or its attorneys in connection with this case pursuant to the limitations set forth in paragraph 5(b).

3. Any party may further have the right to designate as "Highly Confidential" and subject to this Protective Order any and all documents, information or other materials which a designating party reasonably believes to contain, reflect, or otherwise disclose (1) trade secrets, (2) highly sensitive business related information, such as, but not limited to, customer, supplier or financial information, or (3) information that the Producing Party believes to be competitive business information or that relate to competitive decision making (collectively, "Highly Confidential Material"). As to documents produced to the opposing party in the course of this case, this designation shall be made by stamping or otherwise labeling each page or thing containing Confidential Information with the legend "Highly Confidential/Attorneys' Eyes Only" prior to its production or, if inadvertently produced without such legend, by furnishing written notice to the Receiving Party that the information shall be considered Highly Confidential under this Protective Order.

4. To the extent that Material is so marked Highly Confidential, such Material shall only be revealed to or used by Qualified Persons as provided for in paragraph 5 hereof and shall not be communicated in any manner, either directly or indirectly, to any person or entity not permitted disclosure pursuant to this Protective Order. Any materials created by the Receiving Party which include Highly Confidential Materials, including copies, abstracts, summaries or information derived therefrom, or notes or other records, shall also be deemed Highly Confidential and the same terms regarding confidentiality of these materials shall apply as apply to the originals, and shall hereinafter be referred to as Highly Confidential Material. Such

Highly Confidential Material shall be used only for purposes directly related to this case, and for no other purpose whatsoever.

5. As used herein, the term "Qualified Persons" means:

(a) Outside counsel of record for the parties to this case, including said counsels' associate attorneys, legal assistants and/or paralegals and clerical employees who are involved with this case;

(b) Any experts employed or retained by a party or its attorneys in connection with this case, provided that the expert executed a Confidentiality Undertaking pursuant to paragraph 6 of this Protective Order and opposing counsel has not objected within ten (10) business days following opposing counsels' receipt of the expert's executed Confidentiality Undertaking and a list of the expert's prior experience(s) and current affiliation(s).

6. Each person designated in subsection (b) of paragraph 5 shall agree to hold such Confidential/Highly Confidential Material in confidence pursuant to the terms of this Protective Order, and, ten (10) days prior to disclosure to such person of such Confidential/Highly Confidential Material, shall be required to sign a Confidentiality Undertaking in the form as follows:

> The undersigned has read the Stipulated Protective Order entered in this case and confirms: (1) that he/she shall fully abide by the terms thereof; (2) that he/she shall not disclose the Confidential/Highly Confidential Material to or discuss the Confidential/Highly Confidential Material with any person who is not authorized pursuant to the terms of said Protective Order to receive the disclosure thereof; (3) that he/she shall not use such Confidential/Highly Confidential Material for any purpose other than for the purposes of this case; and (4) that he/she subjects himself/herself to the jurisdiction of the Court for enforcement of this Order.

7. Acceptance by a party of any Material designated Confidential/Highly Confidential shall not constitute a concession that the Material is Confidential/Highly

4

A/72454238.2



Confidential. Any party may contest a claim of confidentiality. In the event that any Receiving Party disagrees with the designation and marking by the Producing Party of any material as Confidential, then the parties shall first try to resolve such dispute on an informal basis. If agreement cannot be reached between counsel, then such dispute shall be presented to the Court for resolution.

8. The subject matter of all depositions given in connection with these proceedings and the original and all copies of the transcript of any such deposition, shall be deemed to come within the term Highly Confidential referred to above for a period ending thirty (30) calendar days after the transcript is received by counsel. On or before the thirtieth (30th) calendar day after any such transcript is received by counsel, such transcript may be designated and marked, in whole or in part, "Confidential" or "Highly Confidential" by counsel for the respective party, and the portions of the transcript of the deposition so marked shall be subject to the provisions of this Protective Order. Following the thirtieth (30th) calendar day after any such transcript is received by counsel, if by that time counsel for the respective party has not made said confidentiality designation(s) or marking(s), the portions of said transcript not designated or marked shall be deemed to be publicly available information and outside of the protections of this Stipulated Protective Order.

9. Where Material contains portions which have been designated Confidential or Highly Confidential, such Confidential/Highly Confidential Material shall be deleted therefrom before disclosing such Material to any person other than Qualified Persons as defined in paragraph 5.

10. Deletions made from any Confidential/Highly Confidential Material in accordance with the terms of this Protective Order shall not affect the admissibility of any such Material into evidence in these proceedings.

11. If Confidential/Highly Confidential Material is to be made of record in this action, it shall be submitted to the Court in a separate sealed envelope or other sealed container bearing the caption and Civil Action Number of this action, an indication of the general nature of the contents of the envelope or container, and, in large letters, the designation "CONFIDENTIAL" and "FILED UNDER SEAL."

12. Inadvertent failure to designate documents Confidential/Highly Confidential shall be handled as follows:

(a) In the event that a Producing Party inadvertently fails to designate any Material pursuant to paragraphs 1 or 3, it may later so designate by notifying the Receiving Parties in writing. The Receiving Parties shall take reasonable steps to see that the Material is thereafter treated in accordance with the designation.

(b) It shall be understood however, that no person or party shall incur any liability hereunder with respect to disclosure that occurred prior to receipt of written notice of a belated designation.

13. Nothing in the Order shall prevent a party from showing any document, regardless of its description, to any third party, if said third party is shown on the face of the document to be an author or prior recipient of that document.

14. The parties hereto also acknowledge that regardless of the Producing Party's diligence, an inadvertent production of privileged or attorney work product Material may occur. They therefore agree that if a party through inadvertence produces or provides Material that it

believes is subject to a claim of attorney-client privilege or work product immunity, the Producing Party may give written notice to the Receiving Parties that the Material is subject to a claim of attorney-client privilege or work product immunity and request that the Material be returned to the Producing Party. The Receiving Parties shall return to the disclosing party such Material. Return of the Material shall not constitute an admission or concession, or permit any inference, that the returned Material is, in fact, properly subject to a claim of attorney-client privilege or work product immunity, nor shall it foreclose any party from moving the Court for an Order that such Material has been improperly designated or should be producible for other reasons than a waiver caused by the inadvertent production.

15. Any third party producing Material (including giving testimony pursuant to a subpoena, notice or request) may designate said Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." The parties agree that they will treat Material produced by third parties according to the terms of this Order.

16. If any Receiving Party is subpoenaed in another action or proceeding or served with a document demand, other than in the above-captioned proceedings, and such subpoena or document seeks Confidential/Highly Confidential Material of a Producing Party, the Receiving Party shall give prompt written notice to counsel for the Producing Party prior to the deadline for complying with the subpoena or responding to the document demand. No compulsory disclosure to third parties of material exchanged under this Order shall be deemed a waiver of any claim of confidentiality, except as expressly found by a court or judicial authority of competent jurisdiction.

17. After the termination of this action, the Court will continue to have jurisdiction to enforce this Order.

A/72454238.2

18. Within sixty calendar days after the final completion of this case, including all appeals, counsel for all parties shall either return all Confidential/Highly Confidential Material and copies thereof to the Producing Party, or certify in writing that all such Confidential/Highly Confidential Material and copies have been destroyed. Counsel shall be responsible for ensuring that any experts who have received Confidential/Highly Confidential Material have either returned it to the Producing Party or certified that such Confidential/Highly Confidential Material has been destroyed. Notwithstanding the above, outside trial counsel of record for each party may retain one archive copy of all litigation documents and discovery material, even if they contain or reflect another party's Confidential/Highly Confidential Material. Trial counsel's archive copy shall remain subject to all obligations of this Order.

19. By signing below, the parties agree as between themselves to be immediately mutually bound by all of the obligations and restrictions applicable to them as set forth herein, until such time as this particular Order is entered and/or superseded by the Court, or any reviewing court, in its present form.

SO ORDERED this 24th day of _____April_____, 2008.

_____
JUDGE

The undersigned hereby stipulate to the above Order to be entered by the Court.

| Akerman Senterfitt LLP | Bingham McCutchen LLP |
|---|---|
| By: _____<br>Scott Kessler<br>scott.kessler@akerman.com<br>Jerold Schneider. | By: _____<br>Richard S. Taffet<br>richard.taffet@bingham.com<br>Diane C. Hertz<br>diane.hertz@bingham.com |

8

A/72454238.2

jerold.schneider@akerman.com  
335 Madison Avenue  
26th Floor  
New York, NY 10017-4636  
212. 880.3800  

*Attorneys for Defendants*  
*Marco-Destin Inc., 1000 Highway 98 East Corp., Panama Surf & sport, Inc. And E & T Inc.*

John P. Son  
john.son@bingham.com  
399 Park Avenue  
New York, NY 10022-4689  
212.705.7000  

and  

Bennett D. Krasner  
bkrasner@bdklaw.net  
1233 Beech Street #49  
Atlantic Beach, NY 11509  
516.889-9353  

*Attorneys for Plaintiff*  
*L & L Wings, Inc.*