John C. Vetter
Jerold I. Schneider *pro hac vice*
AKERMAN SENTERFITT LLP
222 Lakeview Avenue
West Palm Beach, FL 33401
Tel: (561) 653-5000

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x

| | | |
|---|---|---|
| L & L WINGS, INC., | : | **ECF CASE** |
| Plaintiff, | : | 07 Civ. 4137 (BSJ) (GWG) |
| - against - | : | **DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF** |
| MARCO-DESTIN INC., 1000 HIGHWAY 98 EAST CORP., PANAMA SURF & SPORT, INC. and E & T INC., | : | **DEFENDANTS' MOTION TO COMPEL DISCOVERY** |
| Defendants. | : | |

-----------------------------------------------------------------x

Defendants, MARCO-DESTIN INC., 1000 HIGHWAY 98 EAST CORP., PANAMA SURF & SPORT, INC., and E & T INC. (collectively, "Defendants"), by and through their undersigned counsel, hereby file this Memorandum of Law in Support of Defendants' Motion To Compel, filed concurrently therewith.

**I.       INTRODUCTION AND BACKGROUND**

    **A.       Nature of this Suit**

This suit involves claims by Plaintiff that the Defendants are using Plaintiff's trademark (service mark) in violation of the termination clause of a License Agreement. Plaintiff has now disclaimed "secondary meaning" of its trademark and has disclaimed any "damages" for the

{WP508186;1}

alleged trademark infringement. Accordingly, Plaintiff seeks liquidated damages under the License Agreement and Defendants' profits for alleged trademark infringement.

### B.  Selected Defenses to the Complaint

Defendants, in their Answer to the Complaint (DE #9) have alleged *inter alia,* failure to mitigate (Count III), that the Licen[sing] Agreement was entered into under duress and that Defendants were induced by fraud to enter into the Licen[sing] Agreement (Counts V and VI). Defendants seek, *inter alia,* the equitable remedy of reformation of the Licensing Agreement {Counterclaim I)

### C.  The Relevant Discovery

Plaintiff previously served document requests seeking certain financial information from Defendants. By agreement, certain of those requests were narrowed.

Then, Defendants served their Second Requests for Production of Documents on April 28, 2008, using the same requests which Plaintiff previously served, and concurrently indicating that the requests were to be considered narrowed to the same extent that Plaintiff had narrowed its own prior requests.

. Plaintiff responded on June 2, 2008, objecting to producing any financial documents, contending that the requests were overly broad, unduly burdensome, and sought the production of irrelevant documents. As will be pointed out, Plaintiff's objections are meritless in the context of this case, and Plaintiff's disclaimer of certain remedies does not save Plaintiff from document production.

The text of Defendants' Requests and Plaintiff's Responses are recited below:

**REQUEST NO. 41.**

All financial statements, balance sheets, income statements, and general ledgers for L & L Wings, whether audited or unaudited, for each month, quarter,

{WP508186;1}

and annual period during the period from January 1, 1998 to the present. [Note, by agreement this Request was limited to annual reports and annual federal tax returns.]

**RESPONSE TO REQUEST NO. 41:**

Wings objects to this Request on the grounds that it is overly broad, unduly burdensome, and calls for the production of documents that are neither relevant nor likely to lead to the discovery of admissible evidence.

**REQUEST NO. 50:**

All documents concerning Plaintiff's sale or distribution of any product or item bearing the Mark and/or Trade Dress, including labels, receipts, hang tags, merchandise, shopping bags, store displays, and signage ("Covered Products") to any person, whether or not a natural person or a corporation, including without limitation, documents reflecting: (1) the identity of the purchaser or recipient of the Covered Products; (2) the location of the purchaser or recipient of the Covered Products; (3) the style number, SKU, or any other product identifier for each type of Covered Products sold or distributed to each such source; (4) the volume (in dollars and units) of each Covered Products by type (by style number, SKU, or any other product identifier) sold or distributed by Plaintiff; and (5) the date of each sale or distribution. [Note, by agreement this Request was limited to annual reports and annual federal tax returns.]

**RESPONSE TO REQUEST NO. 50:**

Wings objects to this Request on the grounds that it is overly broad, unduly burdensome, and calls for the production of documents that are neither relevant nor likely to lead to the discovery of admissible evidence.

**REQUEST NO. 51:**

All documents concerning Plaintiff's sale or offer for sale of any Covered Products, including without limitation, documents reflecting: (1) the style number, SKU, or any other product identifier for each type of Covered Products sold or offered for sale; (2) the total volume (in dollars and units) of Covered Products by type (by style number, SKU, or any other product identifier) sold or offered for sale; (3) the first and last date, if applicable, that such sales or offers of sale were made; and (4) the location from which such sales or offers of sale were made. [Note, by agreement this Request was limited to annual reports and annual federal tax returns.]

**RESPONSE TO REQUEST NO. 51:**

      Wings objects to this Request on the grounds that it is overly broad, unduly burdensome, and calls for the production of documents that are neither relevant nor likely to lead to the discovery of admissible evidence.

The parties have met and conferred on this issue. A Pre-Motion Conference with the Court, pursuant to the Individual Practices of Magistrate Judge Gorenstein was held on June 19, 2008, in which Defendants were granted leave to file the accompanying Motion to Compel Discovery.

## II. ARGUMENT

One counterclaim seeks reformation of the Licensing Agreement. The Licensing Agreement contains a liquidated damages clause. The Licensing Agreement indicates that New York law applies, and under New York law, a liquidated damages provision fixing damages in event of a breach of contract will be enforced if the "amount liquidated bears a reasonable proportion to the probable loss and the amount of actual loss is incapable or difficult of precise estimation." *Truck Rent-A-Center, Inc. v. Puritan Farms 2nd, Inc.*, 361 N.E.2d 1015, 1018 (N.Y. 1977). However, if the liquidated damages amount is grossly disproportionate to the probable loss, then the provision will constitute a penalty and will not be enforced. *Id.* (noting that a disproportionate liquidated damages clause is not intended to provide adequate compensation in the event of a breach and instead is impermissibly intended to compel performance). In making a determination of whether a liquidated damages clause constitutes a penalty, it is immaterial whether the parties have chosen to call the provision one for "liquidated damages" or have chosen to call it a "penalty." *Id.*

Under New York law, the burden of establishing that a liquidated damages provision is unenforceable as a penalty is on the party seeking to avoid liquidated damages. *JMD Holding*

*Corp. v. Congress Fin. Corp.*, 828 N.E.2d 604, 609 (N.Y. 2005), and any doubt regarding whether the provision is an unenforceable penalty should be resolved in favor of construing that provision as a penalty. *Bristol Invest. Fund, Inc. v. Carnegie Int'l Corp.*, 310 F. Supp. 2d 556, 566 (S.D.N.Y. 2003) (citations omitted) (applying New York law).

To demonstrate that the liquidated damages clause is a penalty, Defendants seek evidence of Plaintiff's revenue (income, expense, profit) and will seek to demonstrate that there has been absolutely no financial harm to Plaintiff. This is not a situation involving the difficulty of proof of damages, rather, Defendants seek to demonstrate the absence of harm. For this reason, Plaintiff's financial documents are, at a minimum, discoverable even if not ultimately admissible.

In *Evangelista v. Ward*, 764 N.Y.S.2d 705, 705 (N.Y. App. Div. 2003), payment of $150 per day as liquidated damages for not timely vacating premises was held to be an unenforceable penalty because the damages were "plainly disproportionate to the injury" and because plaintiff's actual loss could reasonably be calculated.

In *Quaker Oats Co. v. Reilly*, 711 N.Y.S.2d 498, 498 (N.Y. App. Div. 2000), a flat fee increasing one party's obligation by $125,000 as "liquidated damages" was struck down as "grossly disproportionate" to the probable actual damages and thus an unenforceable penalty to "secure performance by threat of a large payment rather than to provide a reasonable assessment of probable damages."

Finally, in *Bristol Investment Fund, supra,* where the total principal underlying obligation was $250,000 (two agreements) accumulated liquidated damages of $68,000 and $73,000 (totaling $141,000) constituted an unenforceable penalty, as they were not intended to compensate plaintiff for defendant's breach.

In the instant case, <u>there is no licensing fee</u> required. That is, under any version or interpretation of the Licensing Agreement, even an interpretation most favorable to Plaintiff, Defendants were <u>not required to pay anything</u> during the eight year period expressly noted in the Licensing Agreement.[1] A liquidated damages provision of $200 per day (per store), which is $73,000 per year per store, is grossly disproportionate to any loss or damage Plaintiff may have incurred. Certainly there is no direct financial liability under the Licensing Agreement. Therefore, Defendants are entitled to discovery of Plaintiff's financial information to demonstrate the financial loss, if any, which this liquidated damages clause is intended to address.

Defendants submit that it would be improper and inequitable to tie their hands behind their backs, by placing the burden of proof on Defendants (on the issue of the liquidated damages clause constituting a penalty) but denying Defendants discovery on whether or not Plaintiff has suffered any financial loss at all and/or the magnitude of any such loss.

### III. CONCLUSION

Based on the foregoing, Defendants respectfully request that this Court enter an Order compelling Plaintiff to produce the requested documents within 5 days and requiring Plaintiff to produce for deposition its witnesses knowledgeable about these documents

.

Dated:  June 24, 2008  
       West Palm Beach, FL

Respectfully submitted,

/s/ *John C. Vetter*  
John C. Vetter (JV8584)  
Jerold I. Schneider *pro hac vice*  
**AKERMAN SENTERFITT**

---

[1] While a termination date of October 31, 2006, which appears in the License Agreement, Defendants do not waive any defenses or arguments including, by way of example and not by way of limitation, their position that no such termination date was agreed upon.

{WP508186;1}

- 7 -

222 Lakeview Avenue
West Palm Beach, FL 33401
Telephone: (561) 653-5000
Facsimile: (561) 659-6313

*Attorneys for Defendants*

{WP508186;1}

- 8 -

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 24, 2008, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: /s/ John C. Vetter
     John C. Vetter

## SERVICE LIST
L&L Wings, Inc. v. Marco-Destin Inc., et al.
Case no. 07-Civ-4137(BSJ) (GWG)
United States District Court, Southern District of New York

| | |
|---|---|
| **Bennett David Krasner**<br>The Law Offices of Bennett D. Krasner<br>1233 Beech Street<br>No. 49<br>Atlantic Beach, NY 11509<br>(516) 889-9353<br>Fax: (516) 432-7016<br>Email: bkrasner@optonline.net<br><br>*Attorneys for Plaintiff,*<br>Service by Notice of Electronic Filing | **Diane C Hertz**<br>diane.hertz@bingham.com<br>**Richard S. Taffet**<br>richard.taffet@bingham.com<br>**John Paul Son**<br>john.son@bingham.com<br>Bingham McCutchen LLP (NY)<br>399 Park Avenue<br>New York, NY 10022<br>212-705-7000<br>Fax: 212-752-5378<br><br>*Attorneys for Plaintiff,*<br>Service by Notice of Electronic Filing |
| **John C. Vetter**<br>john.vetter@akerman.com<br>**Jerold Ira Schneider** *pro hac vice*<br>jerold.schneider@akerman.com<br>Akerman Senterfitt<br>222 Lakeview Avenue<br>West Palm Beach, FL 33401<br>(561) 653-5000<br>Fax: (561) 659-6313<br><br>*Attorneys for Defendants,*<br>Service by Notice of Electronic Filing | |

{WP508186;1}