```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
                                    :
L & L WINGS, INC.,                  :
                                    :
                Plaintiff,          :
                                    :
        v.                          :
                                    :
MARCO-DESTIN INC., 1000 HIGHWAY     :    07 Civ. 4137 (BSJ)(GWG)
98 EAST CORP., PANAMA SURF &        :
SPORT, INC., and E & T INC.,        :
                                    :
                Defendants.         :    Order
                                    :
------------------------------------x
```

**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/25/08

In this trademark infringement action, Plaintiff L&L Wings, Inc. ("Wings") alleges that Defendants Marco-Destin Inc., 1000 Highway 98 East Corp. ("1000 Highway"), Panama Surf & Sport, Inc. ("Panama Surf") and E & T Inc. ("E&T")(collectively, "Defendants"), continued to use its trademark and trade dress at specific locations following the expiration of a licensing agreement ("the Agreement") entered into by the parties. Defendants 1000 Highway and Panama Surf (the "Moving Defendants") have moved for summary judgment under Federal Rule of Civil Procedure 56(b).

The Moving Defendants assert that they never used the trademark and trade dress during the Agreement term, and that they have not used the trademark and trade dress since the license granted by the Agreement expired. However, because

1

genuine issues of material fact remain as to whether 1000 Highway and Panama Surf have used Wings' trademark and trade dress since their licenses under the Agreement expired, in violation of the Agreement, the motion for summary judgment is DENIED.

## I. BACKGROUND

Prior to November 1, 1998, Shaul Levy and Meir Levy, the principals of Wings, shared ownership rights in Marco Destin, Inc., 1000 Highway, and Panama Surf with Eliezer Tabib ("Tabib"), Defendants' current owner. During that period, Defendants owned, operated and managed retail stores bearing Wings' trademark and trade dress[1] in Florida, Alabama and Tennessee.

Eventually, the owners of Wings agreed to transfer to Tabib their ownership interest in Defendants' stock. On or about November 1, 1998, Wings entered into the Agreement with all of the Defendants in the present suit, whereby Defendants were given a license to use the Wings trademark and trade dress for a definite term. The Agreement explicitly set the termination date for each Defendant's license as October 31, 2006. On May 23, 2007, Wings brought suit complaining that Defendants

---

[1]   The Wings trade dress consists of a "wave sculpture design highlighted with a signature colored neon light combination." Moving Defs.' R. 56.1 Stmt. ¶ 6.

2

continued to use its trademark and trade dress in violation of the Agreement.[2]

Prior to discovery in this case, 1000 Highway and Panama Surf moved for summary judgment asserting that they had neither used the trademark or trade dress during the Agreement term nor used the trademark or trade dress since their respective licenses had expired. 1000 Highway and Panama Surf offer the affidavit of their Vice President, Dror Levy ("Levy"), who serves as Vice President of each of the Defendant corporations in this action. Levy declares that 1000 Highway is merely a real estate holding company and landlord, which enters into leases with various tenants but in no way uses or authorizes the use of Wings' trademark and/or trade dress. Levy also states that Panama Surf only provides senior management level consultants to various retail stores, and that it in no way uses or authorizes the use of Wings' trademark and/or trade dress in connection with those stores.

Wings did not file an affidavit pursuant to Federal Rule of Civil Procedure 56(f) to preclude summary judgment prior to

---

[2] The Complaint alleges six claims against each Defendant: 1) false designation of origin under section 43(a) of the Lanham Act as to use of the service mark, 2) false designation of origin under section 43(a) of the Lanham Act as to the use of the trade dress, 3) injury to reputation and dilution of the service mark under section 360-1 and section 133 of the New York General Business Law, 4) common law service mark infringement, 5) common law unfair competition, and 6) breach of contract. As the Moving Defendants note, "essential to all of these claims is proof that the Defendants used or adopted Plaintiff's service mark or trade dress and thereafter used the same in violation of the Agreement." Defs.' Mem. in Supp. at 5.

discovery,[3] and, instead, opposes the Moving Defendants' motion with sworn affidavits of two private investigators to demonstrate that genuine issues of material fact remain.[4] Michael Hebert, a private investigator, testified in an affidavit that when he visited the retail store at 1000 Highway 98 East in Destin, FL on March 18, 2007, it was being operated under the name "WINGS," and was using Plaintiff's unique trade dress. Tina Combs, a second private investigator, also submitted a sworn affidavit. She testified that, during a visit on March 26, 2007, she observed a retail store at 12208 Front Beach Road, Panama City, FL being operated under the name "WINGS." Furthermore, Ariel Levy, Vice President of Wings, submitted a "D&B Business Background Report" for Defendant Panama Surf. The report lists the address for Panama Surf at 12208 Front Beach Road, Panama City, FL.

---

[3] Under Federal Rule of Civil Procedure 56(f), "if a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:(1) deny the motion;(2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or (3) issue any other just order." Fed. R. Civ. P. 56(f). "Summary judgment should only be entered on the ground that the nonmovant's proof is insufficient when the nonmovant has had an adequate opportunity to conduct discovery." Infostar Inc. v. Worcester Ins. Co., 924 F. Supp. 25, 29 (S.D.N.Y 1996) (citing Celotex, 477 U.S. at 322). "The Court should not permit the nonmoving party to be 'railroaded' by a premature motion for summary judgment." Id. (citing Celotex, 477 U.S. at 326). If the Court finds that the nonmovants lack information necessary to oppose summary judgment, it may grant relief under Rule 56(f). See Infostar, 924 F. Supp at 29; see also Meloff v. New York Life Ins. Co., 51 F.3d 372, 375 (2d Cir. 1995).

[4] The Court permitted Plaintiff Wings to file a Supplemental Opposition to Defendants' Motion for Summary Judgment in connection with the private investigators' reports. Moving Defendants were permitted to submit a rebuttal.

4

## II. Summary Judgment Standard

A party moving for summary judgment under Federal Rule of Civil Procedure 56(c) must show that no genuine issues of material fact remain to be tried and that it therefore is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In order to defeat a motion for summary judgment, the non-moving party must adduce admissible evidence that demonstrates that genuine issues of material fact remain. See G.D. Searle & Co. v. Medicore Commc'ns, Inc., 843 F. Supp. 895, 903 (S.D.N.Y. 1994). In deciding the motion, the district court "is not to resolve issues of fact but only to determine whether there is a genuine triable issue as to a material fact." Howley v. Town of Stratford, 217 F.3d 141, 150 (2d Cir. 2000). The court must consider the evidence and draw all reasonable inferences in favor of the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). Summary judgment is improper if, looking at the record in this light, there is any evidence from any source from which a reasonable inference could be drawn in favor of the non-moving party. Chambers v. TRM Copy Ctrs. Corp., 43 F.3d 29, 37 (2d Cir. 1994). However, a party opposing summary judgment "may not rest upon mere conclusory allegations or denials, but must bring forward some affirmative indication that [its] version of relevant events is not fanciful." Podell

v. Citicorp Diners Club, Inc., 112 F.3d 98, 101 (2d Cir. 1997) (internal citations and quotation marks omitted).

### III. Discussion

In the present case, the Agreement states in relevant part that "[u]pon expiration . . . of the License granted hereunder, by operation of law or otherwise: [a]ll rights of [the Moving Defendants] to use the [trademark] granted hereunder...including the right to use the name "Wings" and the Licensor's Trade Dress shall...cease." Each of the Moving Defendants entered into this Agreement with Wings, which permitted them to use Wings' trademark and/or trade dress until October 31, 2006.

The Moving Defendants presently claim that they never used Wings' trademark and/or trade dress, either during or following the licensing term. Thus, the Moving Defendants assert, no genuine issue of material fact exists as to whether they have any liability under the Agreement or the applicable statutes. According to Levy, 1000 Highway is merely a real estate holding corporation which leases real estate to others, while Panama Surf only provides senior management level consultants for various stores. The Moving Defendants are, in fact, so certain that they have not been associated with the trademark and/or

6

trade dress of Wings that they question why they were "required" to enter into the Agreement in the first place.[5] See Def. Memo at 3.

In response, Wings claims that it has met its burden of adducing admissible evidence that would demonstrate that genuine issues of material fact remain by submitting the declarations of the two private investigators who observed the mark and trade dress being used at locations affiliated with the Moving Defendants. See G.D. Searle, 843 F. Supp. at 903. Hebert's declaration states that a retail store at 1000 Highway 98 East in Destin, FL was being operated under the name "WINGS" and using Plaintiff's unique "wave" trade dress at the time of his visit, while Combs' declaration reports that a retail store is being operated at 12208 Front Beach Road in Panama City, FL under the name "WINGS." Furthermore, the D&B Business Report along with Combs' affidavit is evidence from which a reasonable juror could determine that a "Wings" retail store is being operated at 12208 Front Beach Road in Panama City, FL, the address for Panama Surf.

Viewing the record in the light most favorable to Wings, the Court finds that from the investigative reports testified to

---

[5] Defendants have made counterclaims against Plaintiff for rescission, revocation and/or reformation of the Agreement on the grounds that Plaintiff misrepresented certain facts and fraudulently induced Defendants to rely on those facts in signing the Agreement. See Answer to Compl. & Counterclaims at 8-14.

by Hebert and Combs a reasonable inference can be drawn that a question of fact exists as to whether the Moving Defendants have used or authorized the use of Wings' trademark and/or trade dress since their respective licenses under the Agreement expired. Wings is not, as the Moving Defendants claim, resting on conclusory allegations. Instead, Wings has provided affidavits made on personal knowledge that set out facts sufficient to demonstrate a genuine issue for trial.

Further discovery on the issue of who in fact operates these retail stores may clarify the various parties' positions in the litigation going forward. However, in light of the submissions presently before the Court, a genuinely triable issue exists as to the Moving Defendants' use of the Wings mark and trade dress following the licensing term under the Agreement.[6] Therefore, the motion for summary judgment of Moving Defendants' 1000 Highway and Panama Surf is DENIED.

---

[6] If, in fact, it is shown that Moving Defendants do use the mark and trade dress in connection with these retail stores, the Court will examine the implications of the present motion in light of Rule 11 of the Federal Rules of Civil Procedure, which precludes counsel from submitting frivolous motions that delay the proceedings of the Court. See Fed.R.Civ.P. 11(b).

8

### IV. Conclusion

For the foregoing reasons, the Motion for Summary Judgment on behalf of Moving Defendants' 1000 Highway and Panama Surf is DENIED.

*Barbara S. Jones*
**Barbara S. Jones**
**UNITED STATES DISTRICT JUDGE**

New York, New York
June 24, 2008

9