Richard S. Taffet
Diane C. Hertz
John P. Son
BINGHAM McCUTCHEN LLP
399 Park Avenue
New York, New York 10022
Tel: (212) 705-7000

and

Bennett D. Krasner
1233 Beech Street #49
Atlantic Beach, NY 11509
Tel: (516) 889-9353

*Attorneys for Plaintiff*
*L & L Wings, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

L & L WINGS, INC.,

        Plaintiff and Counterclaim Defendant,

        -against-

MARCO-DESTIN INC., 1000 HIGHWAY
98 EAST CORP., PANAMA SURF &
SPORT, INC. AND E & T INC.,

        Defendants and Counterclaim Plaintiffs.

ECF Case

Civil Action No. CV-07-4137
(BSJ) (GWG)

## PLAINTIFF L & L WINGS, INC.'S MEMORANDUM OF LAW
## IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL DISCOVERY

Plaintiff L & L Wings, Inc. ("Plaintiff"), through its attorneys Bingham McCutchen LLP, respectfully submits this memorandum of law in opposition to Defendants' Motion to Compel Discovery. Defendants seek a broad array of financial documents, purportedly to demonstrate that the liquidated damages clause contained in the parties' License Agreement is unenforceable.

A/72586204.1

As the requested financial documents are irrelevant to that inquiry as a matter of law, Defendants' motion should be denied in its entirety.

## BACKGROUND

Plaintiff and Defendants are parties to a License Agreement, executed on February 17, 2000, which provides that Defendants' license would terminate on October 31, 2006. The License Agreement further provides that should Defendants continue to use the Plaintiff's "WINGS" mark and its trade dress beyond the termination date, as has occurred here, Defendants must pay liquidated damages:

> Licensee [Defendants] specifically acknowledges that the use of the Mark, the name "Wings" or any Similar Name and/or the use of Licensor's Trade Dress after the Termination Date will cause Licensor [Plaintiff] to suffer irreparable harm, damages for which would be extremely difficult to ascertain. Therefore, in addition to all other remedies . . . in the event of Licensee's breach of this Agreement . . . Licensor shall be entitled to . . . liquidated damages in the sum of $200.00 per day per business establishment utilizing the Mark and/or name "Wings" and/or any Similar Name or Trade Dress until cessation of any improper use . . . .

*See* Section 8 of the License Agreement attached hereto as Exhibit A.

On April 28, 2008, Defendants served their second set of document requests upon Plaintiff (the "Requests"). The specific Requests that are the subject of Defendants' motion (Nos. 41, 50 and 51) seek broad categories of financial documents, as well as documents relating to sales of any product or in-store item by Plaintiff that bears the Mark and/or Trade Dress, for the period November 1, 1998 to the present. Plaintiff has objected to the production of such documents as irrelevant.

During the meet and confer process, the Court Conference on June 19, and in the instant motion, Defendants' counsel made a variety of arguments as to why the information Defendants seek is relevant. Defendants have now abandoned their contentions that these documents are

somehow related to the issue of secondary meaning[1] or Plaintiff's lost profits as a measure of damages. Defendants now contend that these documents are needed to challenge the liquidated damages provision. As the applicable case law makes clear, however, Defendants simply fail to apply the pertinent test under New York law. Plaintiff's financial and sales documents are not relevant to the issue of whether the liquidated damages provision is enforceable. Accordingly, Defendants motion should be denied in its entirety.

## ARGUMENT

A.   *The Applicable Test Under New York Law*

On a motion to compel pursuant to Federal Rule 37, the party seeking discovery bears the burden of demonstrating the relevance of that discovery. *See Zanowic v. Reno*, No. 97 Civ. 5292, 2000 WL 1376251, at *6 (S.D.N.Y. Sept. 25, 2000) (Pitman, Mag. J.). Here, Defendants fail to satisfy their burden.

Under New York law, a liquidated damages provision is valid if, *at the time the agreement containing the provision was executed*, 1) it bears a reasonable proportion to the probable loss, and 2) the amount of actual loss is incapable or difficult of precise estimation. *Wechsler v. Hunt Health Sys., Ltd.,* 330 F. Supp. 2d 383, 413 (S.D.N.Y. 2004) (Leisure, J.); *DAR & Assocs., Inc. v. Uniforce Servs., Inc.*, 37 F. Supp. 2d 192, 200-01 (E.D.N.Y. 1999) (Gleeson, J.) (the liquidated damages clause "must be assessed as of the time the contract [was] made").

---

[1]   Defendants misunderstand Plaintiff's position regarding the secondary meaning of the WINGS mark. A mark or trade dress is protected under Section 43(a) of the Lanham Act if it is inherently distinctive, without the need to show acquired distinctiveness through secondary meaning. A mark is inherently distinctive if it is arbitrary, *i.e.*, a word that does not describe the goods or services offered under the mark. Plaintiff does not concede that the WINGS mark has not achieved secondary meaning. The mark may have acquired distinctiveness by obtaining a secondary meaning in the public's mind. However, it is Plaintiff's position that the WINGS mark is arbitrary and therefore inherently distinctive, thus entitling it to Lanham Act protection without having to show acquired distinctiveness through secondary meaning.

*See also Rattigan v. Commodore Int'l Ltd.*, 739 F. Supp. 167, 169 (S.D.N.Y. 1990) (Mukasey, J.) ("The reasonableness of the liquidated damages and the certainty of actual damages both must be measured as of the time the parties enter the contract, *not as of the time of the breach*." (emphasis added)). Moreover, where the actual loss is difficult to establish, the provision is upheld in any event unless it is "plainly or grossly disproportionate to the *probable loss anticipated when the contract was executed*." *Wechsler,* 330 F. Supp. 2d at 413 (emphasis added).

Here, Defendants contend that in order to meet their burden of establishing that the liquidated damages clause is unenforceable as a penalty, they need evidence of "Plaintiff's revenue (income, expense, profit) and will seek to demonstrate that there has been absolutely no financial harm to Plaintiff." Moving Brief, p. 5. But Defendants disregard the applicable test under New York law. Consequently, Defendants cannot and do not establish the relevance of Plaintiff's financial information. Therefore, Defendants have failed to meet their burden on this motion.

B. *Defendants Have Failed to Demonstrate that Plaintiff's Financials and Sales Documents Are Relevant to the Enforceability of the Liquidated Damages Provision*

Defendants argue that the appropriate inquiry here is whether Plaintiff has actually suffered damages as a result of Defendants' breach of the License Agreement on November 1, 2006, and whether those damages are in proportion to the liquidated damages. Moving Brief, pp. 5-6. But this is not the proper analysis.

Rather, the test is, on February 17, 2000, when the parties entered into the License Agreement, whether 1) the liquidated damages provision bore a reasonable proportion to the probable loss contemplated at that time in the event of Defendants' breach, and 2) the amount of actual loss was difficult to estimate. The actual losses suffered by Plaintiff as of and subsequent to the date of Defendants' breach, *i.e.,* November 1, 2006, are irrelevant to this inquiry and thus

do not entitle Defendants to any of Plaintiff's financial documents.

The authorities on which Defendants rely do not support their position. The cases cited are inapposite because the aggrieved party's actual damages were readily capable of precise estimation at the time of the agreement, such as rent due on an expired lease, interest payments due on an overdue note, or other prescribed penalty in the event of a default on a loan. *See Evangelista v. Ward*, 308 A.D.2d 504, 764 N.Y.S.2d 705 (N.Y. App. Div. 2003) (liquidated damages provision of $150 per day for failure to vacate apartment was an unenforceable penalty, where plaintiff's actual loss of the use of the apartment was readily calculable, and such damages were plainly disproportionate to the injury); *Quaker Oats Co. v. Reilly*, 274 A.D.2d 565, 711 N.Y.S.2d 498 (N.Y. App. Div. 2000) (liquidated damages provision unenforceable where damage in the form of interest was easily ascertainable); *Bristol Investment Fund, Inc. v. Carnegie Int'l Corp.*, 310 F. Supp. 2d 556 (S.D.N.Y. 2003) (liquidated damages provision unenforceable where plaintiff was already entitled to recover 135% of its original loan to defendant in the event of default). Thus, these authorities are not relevant to Defendants' application. Relevant caselaw, such as where a liquidated damages clause is meant to provide compensation for loss of goodwill in an infringed mark, finds such provisions to be particularly appropriate. *Jordache Enter., Inc. v. Global Union Bank*, 688 F. Supp. 939, 944 (S.D.N.Y. 1988) (Leval, J.) (in an action for trademark infringement where "[t]he circumstances make it very difficult, even impossible, for [plaintiff] to prove the precise amount of its damages," and where it would be impossible to "prove with any specificity" "damage[] [to] the goodwill of its mark," the court found that "[t]his is a particularly suitable case for liquidated damages . . .").

Thus, Defendants 1) do not apply the proper test for evaluating the liquidated damages provision, 2) seek information that is irrelevant to the applicable test, and 3) cite no authority on

facts similar to those before the Court justifying their entitlement to the broad discovery that they seek. Accordingly, Defendants fail to satisfy their burden under Fed R. Civ. P. 37 and their motion should be denied.

## CONCLUSION

For the foregoing reasons, Plaintiff L & L Wings, Inc. respectfully requests that Defendants' Motion to Compel Discovery be denied in its entirety.

Dated: New York, New York.  
July 3, 2008

BINGHAM McCUTCHEN LLP

By: s/ Diane C. Hertz  
    Richard S. Taffet  
    (richard.taffet@bingham.com)  
    Diane C. Hertz  
    (diane.hertz@bingham.com)  
    John P. Son  
    (john.son@bingham.com)  
    399 Park Avenue  
    New York, NY 10022-4689  
    Telephone: (212) 705-7000

-and-

Bennett D. Krasner  
(bkrasner@bdklaw.net)  
1233 Beech Street #49  
Atlantic Beach, NY 11509  
Telephone: (516) 889-9353

*Attorneys for Plaintiff*

A/72586204.1