Not Reported in F.Supp.2d                                                                                                              Page 1
Not Reported in F.Supp.2d, 2000 WL 1376251 (S.D.N.Y.)
**(Cite as: 2000 WL 1376251 (S.D.N.Y.))**

Only the Westlaw citation is currently available.

United States District Court, S.D. New York.
Stephen M. ZANOWIC, Jr., Plaintiff,
v.
Janet RENO, et al., Defendants.
**No. 97Civ.5292(JGK)(HBP).**

Sept. 25, 2000.

*MEMORANDUM OPINION AND ORDER*
PITMAN, Magistrate J.

I. *Introduction*

***1** Defendants move to compel responses to certain discovery requests. For the reasons set forth below, the motion is granted in part and denied in part.

II. *Facts*

A. *The Complaint*

This is an employment discrimination action. Plaintiff alleges that he has been employed as a Deputy United States Marshal in the Southern District of New York since June 1988 (Complaint ¶ 6). Plaintiff claims that during his tenure, he "has witnessed and openly voiced his opposition to the hostile work environment to which his African-American (Black) colleagues were subjected because of their race" (Complaint ¶ 8).

As a consequence of his criticism of the unfair treatment of African American Marshals, plaintiff claims that he was "subjected to harassment and disparate treatment, [that he] was, *inter alia,* denied service training that he had requested; referred to as a 'white rat' by his colleagues; and subjected to other forms of harassment" (Complaint ¶ 12). Among other things, plaintiff alleges that he was subjected to physical and verbal abuse, that his locker was vandalized, that he was given undesirable assignments, that his performance reviews were unfairly downgraded and that his supervisors repeatedly failed to investigate his charges of retaliatory and disparate treatment or to take any corrective action.

As a result of these and other retaliatory acts, plaintiff alleges that he suffered "extreme emotional distress, requiring him to seek treatment and to request a leave of absence from the [Marshals Service]" (Complaint ¶ 48).

Plaintiff seeks to recover the wages he lost as a result of being denied desirable assignments, promotions and overtime, compensatory damages, punitive damages, injunctive relief and attorney's fees.

Although plaintiff was represented by counsel at the time the complaint was filed and for some months thereafter, his attorney has withdrawn from the case and he is now proceeding *pro se.*

B. *The Pending Motion*

In their pending motion, defendants seek (1) to compel responses to certain items in their Second Set of Interrogatories and Document Requests; (2) to compel plaintiff to verify his responses to defendants First and Second Set of Interrogatories and (3) to have plaintiff execute consents for the release of documents maintained by the United States Department of Justice, Employee Assistance Program and the United States Department of Labor, Office of Workers Compensation Program.

III. *Analysis*

A. *Response to Interrogatories and Document Requests*

Defendants seek further answers to nine interrogatories and two related document requests set forth in their Second Set of Interrogatories and Document Requests.

1. *Interrogatories 5 and 6*

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Case 1:07-cv-04137-BSJ-GWG   Document 57-2   Filed 07/03/2008   Page 2 of 6

Not Reported in F.Supp.2d                                                                                                                Page 2
Not Reported in F.Supp.2d, 2000 WL 1376251 (S.D.N.Y.)
**(Cite as: 2000 WL 1376251 (S.D.N.Y.))**

In Interrogatory 5, defendants seek the identity of "all persons with knowledge of information concerning plaintiff's marriage(s), separation(s) and divorce(s)." Plaintiff asserted certain objections to this interrogatory and responded by stating that "in addition to various acquaintances, friends and family, plaintiff, his former wife and her attorney have knowledge and information concerning plaintiff's marriage, separation and divorce." Interrogatory 6 seeks the identification of all documents concerning plaintiff's marriage(s), separation(s) and divorce(s). Plaintiff responded to this interrogatory by identifying only his divorce certificate.

**\*2** Defendants claim that the information sought in these interrogatories is relevant because plaintiff alleges that, as part of the campaign of retaliation against him, he was unfairly denied a transfer to Florida in 1990 which would have enabled him to live with his wife and that the denial of this transfer contributed the disintegration of his second marriage (Complaint ¶ 21; Exhibit J at 243-62 to the Declaration of Assistant United States Attorney Marianne O'Toole, dated January 24, 2000 ("O'Toole Dec.")). Defendants further claim that they are entitled to information concerning the break-up of plaintiff's first marriage, notwithstanding the fact that plaintiff's first marriage ended before he joined the Marshals Service, on the theory that such evidence is relevant to plaintiff's claim of emotional distress. Plaintiff opposes the motion, claiming that the names and addresses of some family members have been provided elsewhere in response to interrogatories, that he is unable to recall the names of other individuals who may have knowledge and that information concerning his first marriage is too remote to be relevant.

There can be no dispute that, although not unlimited, relevance, for the purposes of discovery, is an extremely broad concept.

> Th[e] obviously broad rule [of relevance set forth in Fed.R.Civ.P. 26(b)(1) ] is liberally construed. See Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351, 98 S.Ct. 2380, 2389, 57 L.Ed.2d 253 (1978) (relevance under Rule 26(b)(1) broadly construed "to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case"); Morse/Diesel, Inc. v. Fidelity & Deposit Co., 122 F.R.D. 447, 449 (S.D.N.Y.1988) (term "reasonably calculated" in the quoted provision means " " 'any possibility that the information sought may be relevant to the subject matter of the action" " ') (quoting Mallinckrodt Chem. Works v. Goldman, Sachs & Co., 58 F.R.D. 348, 353 (S.D.N.Y.1973) (quoting Charles A. Wright, Law of Federal Courts § 81 at 359 n. 47 (2d ed.1970))) (emphasis added in *Malinckrodt* ).

Daval Steel Prods. v. M/V Fakredine, 951 F.2d 1357, 1367 (2d Cir.1991). See also Estee Lauder, Inc. v. Fragrance Counter, Inc., 189 F.R.D. 269, 274 (S.D.N.Y.1999) ("It is well-settled within this Circuit that 'any possibility' that the sought-after information may be relevant to the subject-matter of the action will satisfy Rule 26(b)(1)'s requirements ...." (citations omitted)); Burda Media, Inc. v. Blumenberg, 97 Civ. 7167(RWS), 1999 WL 413469 at \*3 (S.D.N.Y. June 21, 1999); *Desmeth v. Samsung America, Inc.,* 92 Civ. 3710(LBS)(RLE), 1998 WL 74297 at \*3 (S.D.N.Y. Feb. 20, 1998); Kerman v. City of New York, 96 Civ. 7865(LMM), 1997 WL 666261 at \*6 (S.D.N.Y. Oct. 24, 1997); *Pray v.* New York City Ballet Co., 96 Civ. 5723(RLC)(HBP), 1997 WL 317411 at \*1 (S.D.N.Y. June 11, 1997); *United States v. Barrier Industries, Inc.,* 95 Civ. 9114(BSJ), 1997 WL 97842 at \*2 (S.D.N.Y. Mar. 5, 1997).

**\*3** To the extent the interrogatories seek information concerning plaintiff's second marriage, the information sought is plainly relevant to plaintiff's claim for compensatory damages. The fact that plaintiff may have identified some friends and family members elsewhere in his interrogatory answers does not substitute for a complete answer to Interrogatories 5 and 6. Defendants should not be made to guess which individuals identified elsewhere in plaintiff's interrogatory answers might also have information concerning plaintiff's marriages.

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Case 1:07-cv-04137-BSJ-GWG   Document 57-2   Filed 07/03/2008   Page 3 of 6

Not Reported in F.Supp.2d                                                                                           Page 3
Not Reported in F.Supp.2d, 2000 WL 1376251 (S.D.N.Y.)
**(Cite as: 2000 WL 1376251 (S.D.N.Y.))**

To the extent the interrogatories seek information concerning plaintiff's first marriage, they are also relevant. Plaintiff claims his first marriage ended in or about 1986, that he joined the Marshals Service in 1988 and that he has been subjected to harassment and resultant emotional distress throughout his entire tenure with the Marshals Service. Thus, the end of plaintiff's first marriage was only two years distant from the alleged onset of the emotional distress plaintiff claims was caused by improper retaliation. Given the broad definition of relevance set forth above, I conclude that information concerning the end of plaintiff's first marriage is not too remote to be undiscoverable. [FN1]

> FN1. Plaintiff defends his limited response, in part, by claiming lack of knowledge. Rule 33 does not require a party to provide information that is unknown and unknowable to that party. In responding to interrogatories, however, a party is under a duty to make a reasonable inquiry concerning the information sought in interrogatories, and a party's failure to describe his efforts to obtain the information sought by plaintiffs renders his responses insufficient. Rule 26(g), Fed.R.Civ.P.; *Continental Illinois Nat'l Bank & Trust Co. v. Caton,* 136 F.R.D. 682, 684 (D.Kan.1991); *Miller v. Doctor's Gen. Hosp.,* 76 F.R.D. 136, 140 (W.D.Okla.1977); *International Fertilizer & Chem. Corp. v. Brasileiro,* 21 F.R.D. 193, 194 (S.D.N.Y.1957); 8A Charles Alan Wright, *et al ., Federal Practice & Procedure* § 2177 at 323 (2d ed. 1994) (Interrogatory answers sufficient "when the answers as a whole disclose a conscientious endeavor to understand the questions and to answer fully those questions as are proper...."); 7 *Moore's Federal Practice* ¶¶ 33.100, 33.102[3] (3d ed.1996). Thus, in providing supplemental responses to the interrogatories, plaintiff must either provide the information sought or describe his efforts to obtain the information.

2. *Interrogatory 12*

In Interrogatory 12, defendants seek identification of all documents concerning "all apartments, houses, condominiums, cooperatives and/or residences that plaintiff and/or Luz Maria Correa resided in, stayed in, rented, sublet or otherwise inhabited between June 1988 and the present." Ms. Correa is or was a friend of plaintiff. To the extent the interrogatory seeks information concerning plaintiff, defendants claim that they "are entitled to the requested documents to determine plaintiff's residency when he claims to have been the subject of discrimination and reprisal by the Marshals Service" (Defendants' Memorandum of Law in Support of their Motion to Compel Discovery at 15). Defendants claim that to the extent the interrogatory seeks information concerning Ms. Correa, the information sought is relevant to plaintiff's claim that Ms. Correa was harassed by the Marshals Service and to rebut plaintiff's claim that retaliation against him contributed to the break-up of his second marriage.

In other discovery responses and in a supplemental response to Interrogatory Twelve, plaintiff has identified the addresses at which he and Ms. Correa resided together and has provided leases for these two apartments. This response is sufficient, and defendants' motion to compel a further response to this interrogatory is, therefore, denied.

3. *Interrogatory 13*

In Interrogatory 13, defendants seek identification, as that term is defined in Local Civil Rule 26.3(c)(3), of plaintiff's mother, father, sister(s) and brother(s). Plaintiff objects primarily on the ground of relevance.

Defendants are entitled to the information sought in this interrogatory. The members of plaintiff's immediate family are reasonable potential sources of information concerning plaintiff's claim of mental anguish, and the identifying information sought is

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Case 1:07-cv-04137-BSJ-GWG   Document 57-2   Filed 07/03/2008   Page 4 of 6

Not Reported in F.Supp.2d                                                                                      Page 4
Not Reported in F.Supp.2d, 2000 WL 1376251 (S.D.N.Y.)
**(Cite as: 2000 WL 1376251 (S.D.N.Y.))**

appropriate to enable defendants to interview or subpoena these individuals.

4. *Interrogatory 14*

**\*4** In Interrogatory 14, defendants seek to have plaintiff identify his second wife's mother, father, sister(s) and brother(s). Defendants claim this information is relevant to plaintiff's claim that his mistreatment on the job contributed to the disintegration of his second marriage.

Since the pending motion was served, defendants have taken the deposition in Scotland of plaintiff's second wife. She testified that all of her family members reside in the United Kingdom. Given the fact that defendants have deposed both plaintiff and his second wife concerning the termination of their marriage and given the fact that plaintiff's second wife's family all reside overseas, the information sought in Interrogatory 14 is of no practical value and would not yield any information that would not be cumulative of the discovery already taken by defendants. Accordingly, defendants' motion to compel a further response to Interrogatory 14 is denied.

5. *Interrogatory 15 and 16*

Interrogatory 15 seeks "all telephone numbers listed in plaintiff's name between June 1988 and the present and the corresponding address(es) of those numbers." Interrogatory 16 seeks the same information for plaintiff's parents. Defendants claim that plaintiff's telephone numbers are necessary to confirm plaintiff's testimony concerning his living arrangements; plaintiff claims they are irrelevant. Defendants also claim discovery of this information is appropriate to determine subscriber information for a telephone number plaintiff provided to third persons during a period of extended sick leave. Defendants offer no comprehensible explanation of the relevance of plaintiff's parents' telephone numbers.

As drafted, Interrogatory 15 is overbroad. If defendants seek a list of plaintiff's residences over a period of time, the question should be asked directly. If defendants seek subscriber information concerning a particular telephone number, that question should be asked directly. Plaintiff's telephone number in 1988 simply has no logical connection to the issues raised in this action.

Interrogatory 16 seeks irrelevant information. Even given the broad definition of relevance applicable to discovery proceedings, plaintiff's parents' telephone numbers over a twelve year period bear no reasonable likelihood of disclosing relevant evidence.

6. *Interrogatories 19 and 21 and Document Requests 1 and 2*

Interrogatory 19 seeks the identity of "all documents concerning attempts by plaintiff to find employment from July 1990 to the present." Interrogatory 21 seeks the identity of "all documents, including ... applications and promotional packages, concerning plaintiff's attempts to obtain transfers or promotions within the U.S. Marshals Service from June 1998 to the present." Document Requests 1 and 2 seek production of the documents identified in response to Interrogatories 19 and 21. Plaintiff has produced some documents in response to these items. It appears that defendants' principal issue on this motion is plaintiff's failure to complete production in response to these items. In his opposition to the pending motion, plaintiff has further supplemented his response to Interrogatories 19 and 21.

**\*5** Defendants are entitled to complete answers to these four items. The information sought is relevant to damages and plaintiff's claim of mental anguish. Accordingly, no later than thirty (30) days from the date of this Order, plaintiff shall certify that his responses to Interrogatories 19 and 21 and Document 1 and 2 are complete.

B. *Verification of Interrogatory Answers*

The precise nature of defendants' argument in this regard is unclear, since plaintiff has, in fact, sub-

Case 1:07-cv-04137-BSJ-GWG   Document 57-2   Filed 07/03/2008   Page 5 of 6

Not Reported in F.Supp.2d                                                                                              Page 5
Not Reported in F.Supp.2d, 2000 WL 1376251 (S.D.N.Y.)
**(Cite as: 2000 WL 1376251 (S.D.N.Y.))**

mitted verifications in connection with his responses to both the First and Second Sets of Interrogatories.

The verification annexed to plaintiff's answers to the First Set of Interrogatories states:
> STEPHEN M. ZANOWIC, JR., being duly sworn, deposes and says:
> I am the Plaintiff herein; I have read the foregoing Plaintiff's Objections and Responses to Defendants' First Set of Interrogatories and Request for Documents and know the contends thereof; the same is true of my own knowledge, except as to those matters therein stated on information and belief, and as to those matters, I believe them to be true.

(O'Toole Dec., Ex. A at 22).

The verification annexed to plaintiff's answers to the Second Set of Interrogatories states:
> STEPHEN M. ZANOWIC, JR., being duly sworn, deposes and says:
> I am the Plaintiff in the within action. I have read the foregoing Plaintiff's Objections and Responses to Defendants' Second Set of Interrogatories. I believe the information contained therein to be true.

(O'Toole Dec., Ex. C at 16).

Both verifications recite that they were sworn to before a notary public, are signed by the notary public and provide the notary public's registration number, the county of registration and the date on which the registration expires.

Defendants seem to be claiming the verifications are deficient because they are not executed in accordance with the provisions of 28 U.S.C. § 1746 (*see* Defendants' Memorandum of Law in Support of their Motion to Compel Discovery at 19). If this is defendants' argument, it is without merit. Rule 33 does not prescribe any particular form of verification. Either a declaration pursuant to Section 1746 or a statement under oath is sufficient to sustain a conviction for perjury. 18 U.S.C. § 1621. Since there is no material difference between plaintiff's verifications, which were sworn to before a notary, and a declaration pursuant to Section 1746, the verifications submitted by plaintiff are sufficient.

C. *Consents to Disclosure of Employee Assistance Program and Workers' Compensation Records*

Finally, defendants claim that plaintiff should be directed to execute releases for the records concerning plaintiff that are maintained by the Department of Justice's Employee Assistance Program and the Department of Labor's Workers' Compensation Program. Plaintiff objects to executing the releases on the ground that the records in issue are either already in defendants' possession or are irrelevant.

**\*6** Plaintiff's objections are overruled in part. Defendants have provided no explanation of what the Employee Assistance Program is or explained how the information in its files might yield information relevant to this action. Since the party seeking discovery bears the burden of initially showing relevance, *Sprout-Bauer, Inc. v. Beazer East, Inc.,* 174 F.R.D. 609, 631 (M.D.Pa.1997), defendants' failure to explain the relevance of this information is fatal to their motion to compel.

Plaintiff's objection to signing a release for his Worker's Compensation records is overruled. Plaintiff has placed his physical and emotional condition in issue in this matter, and it appears that on at least two occasions, plaintiff received Workers' Compensation benefits for conditions that plaintiff claims were caused by the harassment in issue here (see O'Toole Dec. ¶ 15). Thus, the Workers Compensation records are clearly relevant to damages issues.

D. *Attorney's Fees*

Defendants also seek an award of their attorney's fees in connection with this motion. However, given plaintiff's *pro se* status, the lack of any evidence of bad faith on plaintiff's part and the fact that the motion is being granted in part and denied in part, I decline to award attorney's fees.

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Case 1:07-cv-04137-BSJ-GWG   Document 57-2   Filed 07/03/2008   Page 6 of 6

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2000 WL 1376251 (S.D.N.Y.)
**(Cite as: 2000 WL 1376251 (S.D.N.Y.))**

Page 6

IV. *Conclusion*

Accordingly, for all the foregoing reasons, it is hereby ORDERED that, no later than thirty (30) days from the date of this Memorandum Opinion and Order, plaintiff shall:

1. Provide supplemental responses to Interrogatories 5, 6, 13, 19 and 21 and Document Requests 1 and 2 of Defendants' Second Set of Interrogatories and Document. The supplemental interrogatory answers shall be accompanied by a verification attesting to their completeness and truthfulness.

2. No later than thirty (30) from the date of this Memorandum Opinion and Order, plaintiff shall deliver to defendants?counsel an executed consent to the release to defendants' counsel of the United States Department of Labor's Workers Compensation files concerning plaintiff.

3. In all other respect, defendants' motion to compel further discovery response and for attorney's fees is denied.

Not Reported in F.Supp.2d, 2000 WL 1376251 (S.D.N.Y.)

END OF DOCUMENT

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.