John C. Vetter
Jerold I. Schneider *pro hac vice*
AKERMAN SENTERFITT LLP
222 Lakeview Avenue
West Palm Beach, FL 33401
Tel: (561) 653-5000

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x

L & L WINGS, INC.,                                             **ECF CASE**

       Plaintiff,  :  07 Civ. 4137 (BSJ) (GWG)

    - against -  :  **DEFENDANTS' REPLY IN**
             **SUPPORT OF DEFENDANTS'**
MARCO-DESTIN INC., 1000 HIGHWAY : **MOTION TO COMPEL**
98 EAST CORP., PANAMA SURF &   **DISCOVERY**
SPORT, INC. and E & T INC.,   :

       Defendants. :

-----------------------------------------------------------------x

   Defendants, MARCO-DESTIN INC., 1000 HIGHWAY 98 EAST CORP., PANAMA

SURF & SPORT, INC., and E & T INC. (collectively, "Defendants"), by and through their

undersigned counsel, hereby file this Reply in Support of Defendants' Motion To Compel.

**I.  FACTUAL BACKGROUND**

   Plaintiff seeks both liquidated damages pursuant to a License Agreement and Defendants'

profits for alleged trademark infringement.  In response to Defendants' Second Requests for

Production of Documents filed on April 28, 2008, Plaintiff objected to producing any financial

documents, contending that the requests were overly broad, unduly burdensome, and sought the production of irrelevant documents.[1]

Plaintiff's objections are meritless because, under the applicable authorities, the requested financial documents are relevant to the determination of whether the liquidated damages provision constitutes an unenforceable penalty.

## II.    ARGUMENT

Plaintiff agrees that Defendants seek financial information to demonstrate that there has been no actual, financial harm to Plaintiff, i.e., that the liquidated damages provision constitutes an unenforceable penalty, but argues that actual financial harm <u>subsequent</u> to the execution of the Licensing Agreement containing the liquidated damages clause is not relevant because it constitutes an improper test for evaluating the penal nature of a liquidated damages provision. Pl.'s Opp'n 4.  (emphasis added) Plaintiff is legally incorrect.

Plaintiff asserts that the validity of a liquidated damages clause must be determined as of the time the parties enter into a contract, *see, e.g., Wechsler v. Hunt Health Sys., Ltd.*, 330 F. Supp. 2d 383, 413 (S.D.N.Y. 2004), but Plaintiff unjustifiably leaps to the legal conclusion that financial and sales information evidencing actual losses suffered after the date of the Licensing Agreement (which contains the liquidated damages clause) is irrelevant to an assessment of the penal nature of such a clause. Pl.'s Opp'n 4.  ***Plaintiff is legally incorrect***.  Evidence of any disparity between actual damages suffered (not prospective but actual) and a liquidated damages provision is relevant and helpful to the court's determination of the reasonableness of the liquidated damages provision in the first instance.  *DAR & Assoc., Inc. v. Uniforce Servs., Inc.*, 37 F. Supp. 2d 192, 202 (E.D.N.Y. 1999); *Koylum, Inc. v. Peksen Realty Corp.*, 2004 U.S. Dist.

---

[1]    Certain advertising type expenses have subsequently been produced but not any of the remaining information sought by the document requests.

{WP511498;1}

LEXIS 24158, *22 (E.D.N.Y. 2004) ("Although the reasonableness of the liquidated-damages clause is to be measured at the time the parties enter into the contract, <u>a comparison of actual damages and liquidated damages</u> is helpful to the court in determining whether the amount is reasonable."), *rev'd on other grounds*, 160 Fed. App'x 91 (2d Cir. 2005)(emphasis added); *see also In re: T.R. Acquisition Corp.*, 309 B.R. 830, 837 (S.D.N.Y. 2003) (comparing evidence of actual damages with the liquidated damages and holding that the liquidated damages provision was grossly disproportionate and thus unenforceable).

Thus the financial information sought here, including evidence of actual damages (if any) subsequent to the signing of the Licensing Agreement is relevant the inquiry as to whether the liquidated damages provision is an unenforceable penalty. The authorities cited by Defendants demonstrate that alleged actual damages are relevant to a determination as to whether the liquidated damages provision is an unenforceable penalty. The standard under Fed. R.Civ.P. 26(b)(1) is relevance, not admissibility. Relevancy has been established.

Plaintiff has not argued that the requested financial information is irrelevant to the proof of its actual damages (if any), but only that actual damages *per se* are not relevant. Plaintiff's position is directly contrary to the cited authorities. Production of all the requested financial information should be compelled.

## III.    CONCLUSION

For the foregoing reasons, as well as the reasons set forth in Defendants' initial Motion and Memorandum of Law in Support of its Motion to Compel, the Defendants request this Court enter an Order compelling Plaintiff to produce the requested documents within five (5) business days so that Defendants can prepare for and proceed with the depositions of Plaintiff presently scheduled (by agreement) to commence on July 23, 2008.

{WP511498;1}

Dated:  July 8, 2008                      Respectfully submitted,
        West Palm Beach, FL


                                  */s/ John C. Vetter*
                        John C. Vetter (JV8584)
                        Jerold I. Schneider *pro hac vice*
                        **AKERMAN SENTERFITT**
                        222 Lakeview Avenue
                        West Palm Beach, FL 33401
                        Telephone: (561) 653-5000
                        Facsimile:  (561) 659-6313

                        *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 8, 2008, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By:  /s/ John C. Vetter
        John C. Vetter

{WP511498;1}

**SERVICE LIST**
L&L Wings, Inc. v. Marco-Destin Inc., et al.
Case no. 07-Civ-4137(BSJ) (GWG)
United States District Court, Southern District of New York

| | |
|---|---|
| **Bennett David Krasner**<br>The Law Offices of Bennett D. Krasner<br>1233 Beech Street<br>No. 49<br>Atlantic Beach, NY 11509<br>(516) 889-9353<br>Fax: (516) 432-7016<br>Email: bkrasner@optonline.net<br><br>*Attorneys for Plaintiff,*<br>Service by Notice of Electronic Filing | **Diane C Hertz**<br>diane.hertz@bingham.com<br>**Richard S. Taffet**<br>richard.taffet@bingham.com<br>**John Paul Son**<br>john.son@bingham.com<br>Bingham McCutchen LLP (NY)<br>399 Park Avenue<br>New York, NY 10022<br>212-705-7000<br>Fax: 212-752-5378<br><br>*Attorneys for Plaintiff,*<br>Service by Notice of Electronic Filing |
| **John C. Vetter**<br>john.vetter@akerman.com<br>**Jerold Ira Schneider** *pro hac vice*<br>jerold.schneider@akerman.com<br> Akerman Senterfitt<br>222 Lakeview Avenue<br>West Palm Beach, FL 33401<br>(561) 653-5000<br>Fax: (561) 659-6313<br><br>*Attorneys for Defendants,*<br>Service by Notice of Electronic Filing | |