Richard S. Taffet
Diane C. Hertz
John P. Son
BINGHAM McCUTCHEN LLP
399 Park Avenue
New York, New York 10022
Tel: (212) 705-7000

and

Bennett D. Krasner
1233 Beech Street #49
Atlantic Beach, NY 11509
Tel: (516) 889-9353

*Attorneys for Plaintiff*
*L & L Wings, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| L & L WINGS, INC., <br><br> Plaintiff and Counterclaim Defendant, <br><br> -against- <br><br> MARCO-DESTIN INC., 1000 HIGHWAY 98 EAST CORP., PANAMA SURF & SPORT, INC. AND E & T INC., <br><br> Defendants and Counterclaim Plaintiffs. | ECF Case <br><br> Civil Action No. CV-07-4137 (BSJ) (GWG) |

**PLAINTIFF L & L WINGS, INC.'S MEMORANDUM OF LAW IN SUPPORT
OF ITS MOTION TO COMPEL DISCOVERY AND FOR COSTS**

Plaintiff L & L Wings, Inc. ("Plaintiff"), through its attorneys Bingham McCutchen LLP, respectfully submits this memorandum of law in support of its motion to compel production from non-party Morty Etgar, CPA, of those documents being withheld under the Florida "accountant-client" privilege. Plaintiff further seeks an order requiring Defendants and/or Morty Etgar to

bear the costs of any continuation of the deposition of Mr. Etgar, via telephone, as well as the costs of this motion.

## BACKGROUND

On March 25, 2008, Plaintiff served a Subpoena Duces Tecum (the "Subpoena") upon Morty Etgar ("Etgar"), accountant for Defendants, seeking, *inter alia*, financial statements, tax returns and work papers prepared by Etgar on behalf of Defendants. The requested documents are relevant to Plaintiff's Lanham Act claims, and specifically, to the issue of trademark damages. In response, nearly three months later, on June 17, 2008, Etgar, represented by counsel for Defendants, served a privilege log indicating that he was withholding a number of documents on the grounds of the accountant-client privilege under Fla. Stat. § 473.316. A copy of Etgar's first privilege log is attached hereto as Exhibit A.

In response to the log, Plaintiff directed Defendants' and Etgar's counsel, on a number of different occasions, to multiple binding authorities that make clear the "accountant-client" privilege is not available in federal question cases, whether the documents being withheld relate to the federal claims or to pendent state claims. Those letters and emails to Defendants' counsel are attached hereto as Exhibit B, collectively. Notwithstanding the foregoing, on July 2, 2008, Etgar produced an amended privilege log, on which the attorney-client privilege was added as an additional basis for withholding certain documents between himself and Defendants' counsel. The amended privilege log is attached hereto as Exhibit C. Etgar continues to assert Florida's accountant-client privilege with respect to all documents on his privilege log.

After receiving Plaintiff's pre-motion letter, the Court issued an Order on July 8, 2008, granting Plaintiff leave to file the instant motion. The Court also gave the parties the option of postponing the deposition of Etgar, scheduled for July 11, 2008 in Florida, pending disposition

of the instant motion. However, in light of the fact that the depositions of Defendants' witnesses, Eli Tabib and Dror Levy, were scheduled to (and did) take place on July 9 and 10, also in Florida, Plaintiff elected to proceed with Etgar's July 11 deposition as well. Due to Defendants' and Etgar's refusal to produce the withheld documents, Plaintiff's counsel was unable to question Etgar with regard to those documents.

## ARGUMENT

**I.    Florida's Accountant-Client Privilege is Unavailable in this Action**

Under the Federal Rules of Evidence, in federal question civil cases, federal privilege law applies to both federal claims and to any pendent state law claims. Fed. R. Evid. 501, advisory committee's note; *see also Lego v. Stratos Lightwave, Inc.*, 224 F.R.D. 576, 578 (S.D.N.Y. 2004) ("To the extent that the discovery requested . . . is relevant to [a] federal counterclaim (or to a defense based on federal law), or to both federal and state claims, privileges are determined in accordance with federal law."); *In re Ramaekers*, 33 F. Supp. 2d 312, 315 (S.D.N.Y. 1999) (where complaint alleged federal securities law claims, court held that "[f]ederal privilege law is controlling notwithstanding . . . supplemental state law claims"); *von Bulow by Auersperg v. von Bulow*, 811 F.2d 136, 141 (2d Cir. 1987) (where action involved "a federal claim based on RICO and state law claims based on pendent and diversity jurisdiction," and the evidence sought was "relevant to both the federal and state claims," federal law of privilege held to control). This is because, in such actions, "it is Federal policy which is being enforced." Fed. R. Evid. 501, advisory committee's note.

It is also well-settled that federal law does not provide for or recognize an "accountant-client" privilege. *See, e.g., In re Pfizer Inc. Securities Litig.*, No. 90 Civ. 1260, 1993 WL 561125, at *7 (S.D.N.Y. Dec. 23, 1993) (Buchwald, Mag. J.) ("the communications . . . are not

independently protected under an accountant-client privilege, as such a privilege is not recognized by the federal courts"), *citing Couch v. U.S.*, 409 U.S. 322, 335 (1973) ("no confidential accountant-client privilege exists under federal law, and no state-created privilege has been recognized in federal cases"); *see also Cavallaro v. U.S.*, 284 F.3d 236, 246 (1st Cir. 2002) ("In contrast to the attorney-client privilege, no confidential accountant-client privilege exists under federal law." (citation omitted)); *In re Sahlen & Assocs., Inc.,* No. 89 Civ. 6308, 1990 WL 284508, at *1 (S.D. Fla. Nov. 5, 1990) ("The Florida accountant-client privilege is not applicable in these federal actions."); *Enforce Administrative Subpoenas of S.E.C. v. Coopers & Lybrand,* 98 F.R.D. 414, 415 (S.D. Fla. 1982) (where the "interest asserted . . . is based upon the Florida statutory accountant-client privilege, . . . [t]he Court holds that there is no confidential accountant-client privilege under federal law, and that in a fundamentally federal proceeding such as this, the court may not recognize a state-created privilege.").

In its Complaint herein, Plaintiff asserts subject matter jurisdiction based upon the Lanham Act and supplemental jurisdiction. Therefore, federal privilege law (and not Florida state privilege law) must apply to *all* claims, including pendent state law claims. As such, neither Etgar nor Defendants have any ground on which to withhold the production of those documents listed on Etgar's privilege log under the "Accountant/Client" privilege. Accordingly, Plaintiff respectfully requests that the Court order the production of documents withheld solely on the accountant-client privilege, as well as those being withheld on both the attorney-client and accountant-client privileges.

**II. Defendants Should Bear the Costs of Continuing the Deposition of Etgar**

In its July 8, 2008 Order, the Court granted leave to make an application for costs of a continued deposition should the Court grant the instant motion to compel. The imposition of costs against Defendants and/or Etgar is appropriate here.

-5-

On at least four separate occasions, Plaintiff directed Defendants' counsel to clear, controlling and well-settled authority demonstrating the frivolous nature of Defendants' and Etgar's argument in support of withholding documents.  Defendants' and Etgar's continued assertion of that position has created the likelihood that Plaintiff will be subjected to the cost and inconvenience of continuing Etgar's deposition.

Therefore, Plaintiff respectfully requests that the Court order (a) the continued deposition of Etgar, via telephone, within ten days after the withheld documents are produced, should Plaintiff deem such continued deposition necessary, and (b) that Defendants and/or Etgar bear any and all costs associated with such continued deposition, as well as the costs of this motion.

## **CONCLUSION**

For the foregoing reasons, Plaintiff L & L Wings, Inc. respectfully requests that its Motion to Compel Discovery and Payment of Costs Associated with Discovery be granted, with costs, as provided for by Fed. R. Civ. P. 37(a)(5)(A).

Dated: New York, New York.
July 17, 2008

BINGHAM McCUTCHEN LLP

By:   /s/ John P. Son
    Richard S. Taffet
    (richard.taffet@bingham.com)
    Diane C. Hertz
    (diane.hertz@bingham.com)
    John P. Son
    (john.son@bingham.com)
    399 Park Avenue
    New York, NY 10022-4689
    Telephone:  (212) 705-7000

    -and-

    Bennett D. Krasner
    (bkrasner@bdklaw.net)
    1233 Beech Street #49
    Atlantic Beach, NY 11509
    Telephone: (516) 889-9353

*Attorneys for Plaintiff*