Not Reported in F.Supp.  Page 1
Not Reported in F.Supp., 1990 WL 284508 (S.D.Fla.), Fed. Sec. L. Rep. P 95,822
**(Cite as: 1990 WL 284508 (S.D.Fla.))**

United States District Court, S.D. Florida.
In re SAHLEN & ASSOCIATES, INC.
**No. 89-6308-CIV-HOEVELER.**

Nov. 5, 1990.

Opinion

JOHNSON, United States Magistrate.

*1 THIS CAUSE is before the Court on the following motions: (1) Defendant Harold F. Sahlen, Jr.'s Motion to Compel Discovery from Peat Marwick Main & Co. ("Peat Marwick"), filed March 29, 1990 (Docket Entry 70 in Master File No. 89-6308-CIV-WMH); and (2) plaintiff's Motion to Compel Peat Marwick to Answer Interrogatories and Produce Documents, filed August 22, 1990 (Docket Entry 117 in Master File No. 89-6308-CIV-WMH). Hearing on these matters was held before the undersigned United States Magistrate on October 5, 1990.

After a comprehensive review of the record in this case and the pleadings filed by the parties and having heard argument of counsel, this Court makes the following specific rulings:

1. Peat Marwick's general and specific objections to plaintiffs' and Sahlen's interrogatories and requests for production on the grounds that the information and documents requested are protected from disclosure by the Florida accountant-client privilege, Fla.Stat. § 473.316, are hereby overruled. The Florida accountant-client privilege is not applicable in these federal actions. *United States v. Arthur Young & Co.,* 465 U.S. 805, 818 (1984); *Couch v. United States,* 409 U.S. 322, 335 (1973).

2. Peat Marwick's objection to production of documents created after April 13, 1989, the closing date of the class period in the consolidated class actions, on the grounds that documents created after this date are not relevant to the subject matter of this litigation, and that production of responsive documents up to the present date would be unduly burdensome is overruled. Peat Marwick is directed to produce documents responsive to plaintiffs' and Sahlen's requests for production created and/or relating to the period from January 1, 1984, to the present.

3. Peat Marwick's objection to production of personnel files and peer review files on the grounds that they are irrelevant to these actions and that these materials are "confidential or proprietary in nature and protected by the self-evaluative privilege" is overruled. Based upon the pleadings in these actions, the Court finds that the personnel files requested by plaintiffs are clearly relevant to the plaintiffs' claims. In addition, the Court finds that plaintiffs have demonstrated a compelling need for these documents given the nature of these cases. Moreover, assuming *arguendo,* the existence of a "self-evaluative" privilege, it is inapplicable in these actions for securities fraud. The parties are directed to enter into an appropriate protective order to govern disclosure of these materials within thirty days of the hearing date, October 5, 1990.

4. Peat Marwick's relevance and confidentiality objections to production of its internal audit manuals are overruled. Peat Marwick is directed to produce the requested internal audit manuals insofar as they relate to accounts receivables and the process of confirming accounts receivables. Any confidentiality concerns raised by Peat Marwick can be remedied by the entry of an appropriate protective order.

*2 5. Peat Marwick's relevance and confidentiality objections to production of time records, calendars and diaries of Peat Marwick partners and employees who worked on Sahlen & Associates' audits are overruled. Based upon the pleadings, the Court finds that the time records, diaries and calendars requested by plaintiffs are relevant to the issues raised in these cases. Any confidentiality concerns

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.
Not Reported in F.Supp., 1990 WL 284508 (S.D.Fla.), Fed. Sec. L. Rep. P 95,822
**(Cite as: 1990 WL 284508 (S.D.Fla.))**

Page 2

raised by Peat Marwick can be remedied by the entry of an appropriate protective order. Peat Marwick may, however redact the names of other clients that appear in such records.

6. Peat Marwick's objection to production of the salary information requested by plaintiffs is sustained.

7. Peat Marwick's objection to production of transcripts of testimony of its partners and employees who have testified before the Securities & Exchange Commission ("SEC") in connection with the SEC's investigation of Sahlen & Associates is overruled. Peat Marwick is directed to have its present partners and employees request transcripts of their testimony before the SEC and to request former employees to do likewise. If the SEC makes such transcripts available, Peat Marwick is directed to turn them over to plaintiffs and Sahlen. If these requests are refused but Peat Marwick nonetheless comes into possession of such transcripts at a later time, Peat Marwick is directed to turn such transcripts over to plaintiffs and Sahlen upon receipt.

8. Peat Marwick's general objections numbered 3, 6 and 7 to Sahlen's first set of interrogatories to Peat Marwick are overruled.

9. Peat Marwick's specific objections to Sahlen's first set of interrogatories numbered 2, 3, 5, 6, and 9 through 25 are overruled. Sahlen's motion to compel addressed to those interrogatories is granted. Peat Marwick shall provide more specific answers to those interrogatories.

10. If Peat Marwick elects to produce business records pursuant to Rule 33(c) of the Federal Rules of Civil Procedure in lieu of providing an answer to an interrogatory, Peat Marwick shall specify the documents that answer the interrogatory.

11. Peat Marwick's specific objection to requests 1, 2, 5, 6, and 9 through 28 of Sahlen's first request for production are overruled. Sahlen's motion to compel production of the documents responsive to those requests is granted. Peat Marwick shall produce all documents responsive to those requests.

It is further ordered that Peat Marwick produce documents responsive to plaintiffs' and Sahlen's requests for production within thirty days of the hearing date, October 5, 1990.

Further, in an effort to avoid the needless expenditure of judicial and attorney time, effort, and resources, the following analysis of the attorney-client and work product privilege should be borne in mind by all counsel of record. The attorney-client privilege protects confidential communications between a lawyer and his client for the purpose of obtaining legal advice. Fisher v. United States, 425 U.S. 391, 403 (1976); In re Grand Jury Subpoena (Bierman), 788 F.2d 1511, 1512 (11th Cir.1986). Thus, material involving confidential communications between the attorney or the client which fall within the purview of the privilege are rendered immune from discovery. Fisher, 425 U.S. at 403. Ordinarily, the attorney-client privilege attaches only to the content of communications not to matters concerning identity or procedure. In re Grand Jury Proceedings (Twist), 689 F.2d 1351 11th Cir.1982). Further, voluntary disclosure of the facts in question constitutes a waiver of the privilege. United States v. Woodall, 438 F.2d 1317 (5th Cir.1970) cert. denied 403 U.S. 933 (1971). Finally, the burden is on the party invoking the privilege to establish the existence of an attorney-client relationship and the confidential nature of the information sought. In re Grand Jury Subpoena (Bierman), 788 F.2d 1511-1512; In re Grand Jury Proceedings, 73 F.R.D. 647, 651 (N.D.Fla.1977). Thus, when asserting the privilege it is incumbent upon the proponent to specifically and factually support his claim. In Re Grand Jury Subpoena, 831 F.2d 225, 227 (11th Cir.1987). A blanket claim of privilege is improper. "The privilege must be specifically asserted with respect to particular documents." In Re Grand Jury Subpoena, 831 F.2d at 227, (citing United States v. El Paso Co., 682 F.2d 530, 539 (5th Cir.1982), cert. denied, 466 U.S. 944

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Case 1:07-cv-04137-BSJ-GWG    Document 62-3    Filed 07/17/2008    Page 3 of 3

Not Reported in F.Supp.
Not Reported in F.Supp., 1990 WL 284508 (S.D.Fla.), Fed. Sec. L. Rep. P 95,822
**(Cite as: 1990 WL 284508 (S.D.Fla.))**

Page 3

(1984)).

***3** The work product doctrine attaches to documents and tangible things prepared in anticipation of litigation. Fed.R.Civ.P., Rule 26(b)(3). [FN1] The doctrine applies only to documents a party has assembled and not to facts learned from those documents. *Id. See also Cedolin v. C.S. Hill Saw Mills, Inc.,* 41 FRD 524 (D.C.N.C.1967); *Smith v. Insurance Co. of North America,* 30 FRD 534 (D.C.Tenn 1962). Further, to constitute work product the prospect of litigation must be identifiable. *Kent Corporation v. National Labor Relations Board,* 530 F.2d 612 (5th Cir.1976), *cert. denied,* 429 U.S.C. 920 (1976).

Under the doctrine a party may obtain factual work product only upon a showing of substantial need and undue hardship *Hickman,* 329 U.S. at 495; *Castle v. Sangamo Weston, Inc.,* 774 F.2d 1464 (11th Cir.1984). Opinion work product, however, is absolutely protected even if the requisite showing of substantial need and undue hardship is made. *Board of Trustees of Leland Stanford Junior Univ. v. Coulter Corp.,* 118 F.R.D. 532 (S.D.Fla.1987). As with the attorney-client privilege the party invoking the work product doctrine must specify those documents affected and state the grounds justifying their protection. *Willemijn Houdstermaatschaapij BV v. Apollo Computer,* 707 F.Supp. 1429 (D.Del.1989).

This Court additionally directs to the attention of all counsel record of the following observation made by the District Court in *Symonds v. Smith,* No. CV 487-084 (S.D.Ga. August 25, 1987):

[The] parties are strongly advised to meet again and, with these observations in mind, resolve any remaining discovery dispute in a productive manner. The parties should also bear in mind that this Court will not tolerate discovery requests or objections not taken in good faith. The Court can ill afford to waste its resources supervising the discovery process, a process that is intended to operate without judicial intervention. The Court will, of course, issue appropriate rulings with regard to discovery disputes that cannot, after ardent good faith efforts, be resolved by the parties themselves. With the same ease, the Court will not be reluctant to award costs and sanctions against either party or their attorney if these disputes are being used to gain a tactical advantage or for other bad purpose.

This Court concurs with the foregoing comment and, thus, cautions the parties to act accordingly.

> FN1. Fed.R.Civ.P. 26(b)(3) was adopted in 1970 to codify the holding in *Hickman v. Taylor,* 329 U.S. 495 (1947).

Not Reported in F.Supp., 1990 WL 284508 (S.D.Fla.), Fed. Sec. L. Rep. P 95,822

END OF DOCUMENT

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.