BINGHAM

Diane C. Hertz
Direct Phone: 212.705.7821
Direct Fax: 212.702.3655
Diane.Hertz@bingham.com

June 17, 2008

**VIA PDF**

Jerold Schneider, Esq.
Akerman Senterfitt
Esperante Building
222 Lakeview Avenue
Suite 400
West Palm Beach, FL  33402-3188

Re:  L & L Wings, Inc. v. Marco-Destin Inc. et al.
       Case No. CV-07-4137 (BSJ) (GWG)

Dear Jerry:

I am writing in regard to the privilege log for Morty Etgar's production that we received from you today. Based on our review, that privilege log is incomplete. Several hundred pages are unaccounted-for, including ETGAR 000000896-901, 930-946, 967, 1038-1076, 1082-1142, 1147-1187, 1223-1397, 1622-1631, 1633-1653, 1657-1658, and 1666-1670.

Further, as to the entries that are included in the privilege log, under well-settled federal law the asserted "Accountant/Client" privilege is not a valid basis for withholding documents. *In re Pfizer Inc. Securities Litig.*, No. 90 Civ. 1260, 1993 WL 561125, at *7 (S.D.N.Y. Dec. 23, 1993) ("the communications between Pfizer and Peat Marwick are not independently protected under an accountant-client privilege, as such a privilege is not recognized by the federal courts"), citing *Couch v. U.S.*, 409 U.S. 322, 335 (1973) ("no confidential accountant-client privilege exists under federal law, and no state-created privilege has been recognized in federal cases"); see also *Cavallaro v. U.S.*, 284 F.3d 236, 246 (1st Cir. 2002) ("In contrast to the attorney-client privilege, no confidential accountant-client privilege exists under federal law").

Accordingly, please provide to us a <u>complete</u> privilege log by tomorrow, asserting proper bases for withholding any documents contained therein. Please also produce, along with the corrected privilege log, any documents for which there exist no cognizable privilege.

Boston
Hartford
Hong Kong
London
Los Angeles

Orange County
San Francisco
Santa Monica
Silicon Valley
Tokyo
Walnut Creek
Washington

Bingham McCutchen LLP
399 Park Avenue
New York NY 10022-4689

212.705.7000
212.752.5378
bingham.com

A/72569610.1



Jerold Schneider, Esq.
June 17, 2008
Page 2

Finally, please also produce documents relating to advertising, as agreed during our conversation today.

Sincerely,

Diane C. Hertz

cc:  Richard S. Taffet, Esq.
     Bennett Krasner, Esq.
     John Vetter, Esq.

Boston
Hartford
Hong Kong
London
Los Angeles

Orange County
San Francisco
Santa Monica
Silicon Valley
Tokyo
Walnut Creek
Washington

Bingham McCutchen LLP
399 Park Avenue
New York, NY 10022-4689

212.705.7000
212.752.5378
bingham.com

A/72569610.1

## Son, John P.

**From:** Hertz, Diane C.
**Sent:** Monday, June 30, 2008 4:08 PM
**To:** 'Schneider, Jerold'
**Cc:** Maluf, Edward F.; Son, John P.; 'Bennett D. Krasner'
**Subject:** Wings

Jerry :

We believe that a Florida federal court would <u>not</u> recognize Florida's accountant-client privilege.  *See In re Sahlen & Assocs., Inc.,* No. 89 Civ. 6308, 1990 WL 284508, at *1 (S.D. Fla. Nov. 5, 1990) ("Peat Marwick's general and specific objections to plaintiffs' and Sahlen's interrogatories and requests for production on the grounds that the information and documents requested are protected from disclosure by the Florida accountant-client privilege, Fla.Stat. § 473.316, are hereby overruled.  The Florida accountant-client privilege is not applicable in these federal actions."); *Enforce Administrative Subpoenas of S.E.C. v. Coopers & Lybrand,* 98 F.R.D. 414, 415 (S.D. Fla. 1982) ("Taking as true the well-pleaded allegations of the motions to intervene, the interest asserted by Bliss and Nationwide is based upon the Florida statutory accountant-client privilege, Fla. Stat. § 473.316.  The Court holds that there is no confidential accountant-client privilege under federal law, and that in a fundamentally federal proceeding such as this, the court may not recognize a state-created privilege.").
Please produce the documents and a corrected privilege log immediately .

Also, I expect in light of this authority that you will not object on those grounds to any question posed to Mr. Etgar at his deposition.

Diane.

---

**From:** Schneider, Jerold [mailto:jerold.schneider@akerman.com]
**Sent:** Monday, June 30, 2008 2:08 PM
**To:** Hertz, Diane C.
**Subject:** RE: Wings

Diane,

Received your e-mail of Saturday morning.  I am leaving for depositions (actually, trial testimony by deposition) in another case and expect to be back on Tuesday the 8th.

1 - Regarding the depositions in New York, please confirm the identity of the Rule 30(b)(6) witness.
2 - Regarding Morty Etgar, we believe that a federal Court sitting in Florida would apply Florida law to the working arrangement between Mr. Etgar and the Defendants, and Florida law, by statute, recognizes the accountant/client privilege - FSA 473.316.  Accordingly, while other privileges may apply (if, for example, a document originated with Moses & Singer) we believe the accountant/client privilege is sufficient.

3 - I have been informed that Mr. Tabib is due to arrive Sunday the 6th.

4 - If you choose to start with Mr. Levy on the 9th, by my calculations you have less than 4 hours remaining. Mr. Tabib does not plan to sit around our office until you complete the Levy deposition, in which case, you can start Mr. Tabib on the 10th. If you elect to start with Mr. Tabib, however, Mr. Levy will remain at our office in the event that you complete Mr. Tabib in less than a full day. We will honor your choice, so please let us know.

Thanks,

Jerry

Jerold I. Schneider
Akerman Senterfitt
222 Lakeview Avenue
West Palm Beach, FL 33401
Main Number:     561-653-5000
Direct Dial:         561-671-3661
Main Fax:           561-659-6313
Mobile:              561-400-9561
jerold.schneider@akerman.com



www.akerman.com | Bio | V Card

CONFIDENTIALITY NOTE: The information contained in this transmission may be privileged and confidential information, and is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this transmission in error, please immediately reply to the sender that you have received this communication in error and then delete it. Thank you.

CIRCULAR 230 NOTICE: To comply with U.S. Treasury Department and IRS regulations, we are required to advise you that, unless expressly stated otherwise, any U.S. federal tax advice contained in this transmittal, is not intended or written to be used, and cannot be used, by any person for the purpose of (i) avoiding penalties under the U.S. Internal Revenue Code, or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this e-mail or attachment.

---

**From:** Hertz, Diane C. [mailto:diane.hertz@bingham.com]
**Sent:** Saturday, June 28, 2008 11:25 AM
**To:** Schneider, Jerold
**Subject:** Wings

:

Jerry --

This is to confirm that Messrs. Meir Levy, Shaul Levy and Krasner are available for depositions in NY on July 23, 24 and 25 in the order listed.

7/15/2008

In addition, I await responses from you on the following issues:

1.     You represented that defendants had not withheld any documents on the grounds of attorney-client privilege.  Please confirm that they did not withhold any documents based upon any other privileges, including work-product.

2.     Please let us know when we can receive an updated privilege log from Morty Etgar, as well as the documents originally listed thereon as being withheld under the Accountant/Client privilege, which is not recognized in either NY or Federal Court.

3.     Please provide to us immediately verifications for defendants' responses to plaintiff's second set of interrogatories.

4.     Please confirm that Dror Levy is available for deposition on July 9.

I look forward to hearing from you immediately on the above issues.

Diane.

================================================================================
Bingham McCutchen LLP Circular 230 Notice: To ensure compliance with IRS requirements, we inform you that any U.S. federal tax advice contained in this communication is not intended or written to be used, and cannot be used by any taxpayer, for the purpose of avoiding any federal tax penalties. Any legal advice expressed in this message is being delivered to you solely for your use in connection with the matters addressed herein and may not be relied upon by any other person or entity or used for any other purpose without our prior written consent.
================================================================================

7/15/2008

## Son, John P.

| | |
|---|---|
| **From:** | Hertz, Diane C. |
| **Sent:** | Thursday, July 03, 2008 10:00 AM |
| **To:** | 'Vetter, John'; 'Schneider, Jerold' |
| **Cc:** | Maluf, Edward F.; Son, John P.; Bennett D. Krasner |
| **Subject:** | Telephone conference |

John,

Thank you for your e-mail. However, I disagree with your interpretation of federal law regarding privilege.

Please refer to the annotations to Federal Rule of Evidence 501. The advisory committee clearly states that in federal question civil cases, federal rules on privilege apply. Federal law applies to pendant state law claims as well. State privilege law only applies to *state law* questions in *diversity* cases. You note that we assert jurisdiction under the Lanham Act, as well as under 28 USC Section 1367. This is correct. The Lanham Act is federal law -- federal courts have original jurisdiction of claims arising under the Act. Section 1367 refers to supplemental (pendant) state jurisdiction. Please note that plaintiff does *not* assert diversity jurisdiction under Section 1332. Thus, federal privilege law applies. Accountant-client privilege does not exist under either statutory or common federal law.

As to your comment that all of Wings' causes of action arise after October 31, 2006, I am afraid that I do not quite see your point. Please consult with Mr. Schneider, because to suggest that documents created prior to November 1, 2006 are not relevant to this action demonstrates a fundamental misunderstanding of both the issues involved and the history of discussions between the parties regarding discovery. Specifically, Defendants' own counterclaims and affirmative defenses are based upon events that occurred well before the expiration of the trademark license in November 2006.

Once again, we ask that you produce those documents in the privilege log that reflect only the accountant-client privilege. If we do not receive these documents by tomorrow we will be forced to bring this matter to the Magistrate Gorenstein's attention.

Diane.

---

**From:** Vetter, John [mailto:john.vetter@akerman.com]
**Sent:** Wednesday, July 02, 2008 6:22 PM
**To:** Hertz, Diane C.
**Cc:** Maluf, Edward F.; Bennett D. Krasner
**Subject:** Telephone conference

Diane,

This is in response to your most recent email of this afternoon. As Jerry is out of the office for depositions, I have no idea of Jerry's schedule tomorrow, or at what time he will be able to call you.

The cases you sent us are not controlling. *Coopers & Lybrand* is a denial of motion to intervene in an SEC action to enforce a subpoena issued pursuant to the SEC's plenary statutory powers. *In re Sahlen & Associates* is a securities fraud and RICO case in which the accounting firm is a defendant. In the instant case, Wings asserts counts in its complaint based on the Lanham Act and state law. (As an aside, I note that Wings did not plead federal question subject matter jurisdiction under 28 U.S.C. section 1331). Furthermore, all of Wings' causes of action averred in its complaint arose after October 31, 2006, upon expiration of the license "agreement." Mr. Etgar's log of withheld documents reflects that the most recent withheld documents is dated nearly a year before that time.

A copy of Mr. Etgar's amended log of withheld documents is attached below.

John

<<Etgar's Amended Log of Withheld Documents (WP510700).PDF>>

**John C. Vetter**
Akerman Senterfitt
222 Lakeview Avenue, Suite 400
West Palm Beach, FL 33426
(561) 671-3618 dir
(561) 671-5000 main
(561) 671-3676 fax
john.vetter@akerman.com



www.akerman.com | Bio | V Card

CONFIDENTIALITY NOTE: The information contained in this transmission may be privileged and confidential information, and is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this transmission in error, please immediately reply to the sender that you have received this communication in error and then delete it. Thank you.

CIRCULAR 230 NOTICE: To comply with U.S. Treasury Department and IRS regulations, we are required to advise you that, unless expressly stated otherwise, any U.S. federal tax advice contained in this transmittal, is not intended or written to be used, and cannot be used, by any person for the purpose of (i) avoiding penalties under the U.S. Internal Revenue Code, or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this e-mail or attachment.