UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

L&L WINGS,                                          :

                                                    :
              Plaintiff,
                                                    :    ORDER
       -v.-
                                                    :    07 Civ. 4137 (BSJ) (GWG)

MARCO-DESTIN, INC. et al.,                          :

                                                    :
              Defendants.
------------------------------------------------------------------x

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

     Plaintiff obtained a subpoena from the United States District Court for the Southern District of Florida that was served upon defendants' accountant, Morty Etgar, in Miami, Florida and calls for production of documents in Miami, Florida. A July 7, 2008 letter from plaintiff to the Court stated that "Mr. Etgar and Defendants" were withholding certain documents called for by the subpoena on the basis of Florida's accountant-client privilege. On July 8, 2008, the Court issued an Order waiving the Court's pre-motion conference requirement and granting plaintiff permission to file a motion to compel on or before July 17, 2008. The Court is now in receipt of the motion to compel (Docket # 61). The motion seeks an order "compelling non-party Morty Etgar" to produce the documents called for by the subpoena.

     Under Fed. R. Civ. P. 45(c)(2)(B)(i), however, a party serving subpoena may make a motion to compel compliance with the subpoena only in "the issuing court." Fed. R. Civ. P. 37(a)(2) says essentially the same thing: "A motion for an order to a nonparty must be made in the court where the discovery is or will be taken." Accord Beller & Keller v. Kindor, 2003 WL 21693869, at *3 (S.D.N.Y. June 4, 2003); Robbins & Myers, Inc. v. J.M. Huber Corp., 2003 WL 21384304, at *4 (W.D.N.Y. May 9, 2003). Because the subpoena was issued by the United States District Court for the Southern District of Florida, there does not appear to be any basis on which this Court may grant plaintiff's motion to compel. Therefore, plaintiff is directed to submit a letter to the Court by Wednesday, July 23, 2008, either (1) indicating that it is withdrawing the pending motion or (2) providing argument as to why this Court has jurisdiction to rule on the motion. If plaintiff chooses the second option, defendant may respond to the points raised in plaintiff's letter on or before July 29, 2008. The parties may extend these dates by agreement without order as long as the agreement is disclosed in a letter to the Court.

     The time for defendants to respond to the motion is stayed until further order of the Court.

SO ORDERED.

Dated: New York, New York
       July 18, 2008

                                                   GABRIEL W. GORENSTEIN
                                                   United States Magistrate Judge