John C. Vetter
Jerold I. Schneider *pro hac vice*
AKERMAN SENTERFITT LLP
222 Lakeview Avenue
West Palm Beach, FL 33401
Tel: (561) 653-5000

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x

L & L WINGS, INC.,                               :                      **ECF CASE**

                             Plaintiff,          :          07 Civ. 4137 (BSJ) (GWG)

            - against -                          :

MARCO-DESTIN INC., 1000 HIGHWAY                  :
98 EAST CORP., PANAMA SURF &
SPORT, INC. and E & T INC.,                      :

                             Defendants.         :

-----------------------------------------------------------------x


**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO**
**PLAINTIFF'S MOTION TO "REQUIRE DEFENDANT TO**
**WITHDRAW ASSERTION OF PRIVILEGE" AND FOR COSTS**

TABLE OF CONTENTS

Page

Overview of Defendants' Opposition ............................................................. 2

Additional Facts .......................................................................................... 3

Argument ..................................................................................................... 5

     I.     Plaintiff's Motion Should Be Denied On Relevancy Grounds
          Because The Documents Are Not Relevant To Any Of
          Plaintiff's Claims, Including The Alleged Trademark Damages ................. 5

     II.    Plaintiff's Motion Should Be Denied Because There Is No
          Authority Requiring Defendants to Withdraw A Claim Of
          Privilege ..................................................................................... 7

     III.   Plaintiff's Motion Should Be Denied Because The Florida
          Accountant-Client Privilege Is Applicable .................................... 10

          A.   Florida Law Applies to the Documents ................................. 10

          B.   New York law, not Federal law, Is Applicable ..................... 11

          C.   New York Courts Would Sustain The Privilege ................... 13

     IV.   The Relief Sought Is Unclear ................................................... 15

Conclusion ................................................................................................ 15

John C. Vetter
Jerold I. Schneider *pro hac vice*
AKERMAN SENTERFITT LLP
222 Lakeview Avenue
West Palm Beach, FL 33401
Tel: (561) 653-5000

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x

L & L WINGS, INC.,                                   :                    **ECF CASE**

                        Plaintiff,          :          07 Civ. 4137 (BSJ) (GWG)

            - against -                     :          **DEFENDANTS' MEMORANDUM**
                                                       **OF LAW IN OPPOSITION TO**
MARCO-DESTIN INC., 1000 HIGHWAY             :          **PLAINTIFF'S MOTION TO**
98 EAST CORP., PANAMA SURF &                           **"REQUIRE DEFENDANT TO**
SPORT, INC. and E & T INC.,                 :          **WITHDRAW ASSERTION OF**
                                                       **PRIVILEGE" AND FOR COSTS**
                        Defendants.         :

-------------------------------------------------------------------x

        Defendants oppose Plaintiff's Request that Defendants' be required to withdraw its

assertion of a statutorily recognized privilege and ask that the Request be denied in all respects.

Since the Court, on July 25, 2008, (Docket # 66) expressly ordered that Plaintiff's Motion

(Docket # 61) is deemed withdrawn, it is not clear procedurally whether Defendants are required

to respond to Plaintiff's "revised" motion (i.e., Docket # 61 as revised by Plaintiff's letter to the

Court dated July 21, 2008, withdrawing the motion) or to respond solely to Plaintiff's letter under

this Court's Individual Practices.  Indeed, it is not even clear from Plaintiff's letter of July 21,

2008, which "revised" the motion, whether Plaintiff is now merely seeking the documents, or

whether Plaintiff still seeks to continue the deposition of the accountant and/or for an award of

costs. Out of an abundance of caution, Defendants are responding and noting their opposition to any continuation of the Etgar deposition (the documents were not addressed at the deposition) and oppose any taxation of costs.

## OVERVIEW OF DEFENDANTS' OPPOSITION

Defendants' opposition to the "revised" motion is premised on several bases. First, the documents are not relevant to the issue now asserted by Plaintiff – the documents were listed on a privilege log out of an abundance of caution in response to Plaintiff's scorched earth discovery. Second, Plaintiff cites no authority for requiring Defendants to withdraw a claim of privilege (as distinguished from overruling the privilege).[1]    Third, Florida law, which recognizes the Accountant-Client privilege, applies to any claim to which these documents might relate, other than potentially a "federal" claim, but the documents are not relevant to any such claim.

The reason for Plaintiff's "revised" motion appears to be that Defendants demonstrated to Plaintiff, (citing authorities) that because Plaintiff's suit was essentially based on state law issues (breach of contract), a federal Court sitting in New York, applying New York law to an out-of-state entity, an out-of-state witness, an out-of-state deposition and an out-of-state privilege, would sustain the privilege as explained below. While not willing to agree to Defendants' analysis, Plaintiff shifted tactics and disingenuously asserted that the requested documents are relevant, "specifically, to the issue of trademark damages" (a federal claim).    Had Plaintiff initially limited its subpoena to seek documents relevant to the issue of trademark damages, the four documents in question never would have been produced nor listed on a privilege log, because they are not relevant to that issue as will be demonstrated below. But, because Plaintiff's

---

[1]    As noted above, Plaintiff's letter to the Court of July 21, 2008 which "withdraws" the pending motion seeks only to have Defendants withdraw the assertion of privilege and to have Defendants produce the documents.

2

subpoena, as part of its scorched earth discovery, was far broader than Plaintiff now asserts as relevant, the documents were listed on a privilege log.[2]

## ADDITIONAL FACTS

Third party Morty Etgar is Florida-based, Florida-licensed C.P.A. Mr. Etgar has been retained by Defendants as an accountant for many years. Defendants all have their principal place of business located in Florida, and retained Third Party Morty Etgar under Florida law, and have an expectation that they are entitled to the rights and privileges afforded by Florida law, including its statutory Accountant-Client privilege.

Plaintiff and Defendants are well-known to each other, having conducted business together as owners and/or operating stores under an unregistered trademark and in some cases a certain trade dress. The parties decided to go their separate ways effective November 1, 1998, and various agreements were executed on or before February 17, 2000. One of those agreements, a Licensing Agreement, is the basis of this dispute. For the purpose of this Response, there is no dispute that under the literal terms of the Licensing Agreement, Defendants were to cease using plaintiff's unregistered trade mark and trade dress by October 31, 2006.

Plaintiff filed its complaint in May 2007, apparently pursuant to paragraph 5.4 of the Licensing Agreement, which applies upon expiration of the Agreement (otherwise, the Licensing Agreement provides for arbitration in paragraph 12).

Plaintiff's complaint avers breach of contract by Defendants for failing to cease using the unregistered mark and trade dress and unfair competition under state law. Plaintiff seeks liquidated damages as provided in the Licensing Agreement. Plaintiff further avers trademark

---

[2]    As an example of the scorched earth discovery, Mr. Etgar a non-party, was required to and did produce over 2500 documents -- about 500 more documents than even Plaintiff itself produced in this action.

3

infringement (under the Lanham Act). But, Plaintiff did not plead federal question subject matter jurisdiction under 28 U.S.C. § 1331. Instead, Plaintiff averred subject matter jurisdiction under 28 U.S.C. §§ 1338(a) and (b), which vests the district court with original, but not exclusive, subject matter jurisdiction for alleged trademark infringement and related unfair competition law.

In their responsive pleading, Defendants averred affirmative defenses relating to state law claims, including breach of contract, duress, fraudulent inducement, failure to mitigate damages, unclean hands, waiver, and estoppel. Defendants also averred state law counterclaims seeking rescission, revocation, or reformation, and counterclaimed that certain defendants never used the unregistered trademark or the trade dress.

Thus no claim, and no defense, is predicated on any theory for which this Court has exclusive subject matter jurisdiction.

Plaintiff served Defendants' accountant, Morty Etgar, a third party, with a subpoena *duces tecum* and *ad testificundum* on March 25, 2008. In response, Third Party Morty Etgar served objections to the subpoena on April 11, 2008, and has produced over 2500 pages of documents. Mr. Etgar was deposed in July 11, 2008.

As part of his compliance with the subpoena, Third Party Morty Etgar served a privilege log and thereafter an amended privilege log. The amended log lists 16 documents, 12 of which are withheld on the grounds of both Attorney-Client privilege and Accountant-Client privilege. There are 4 documents (five total pages) identified on the privilege log as withheld on the ground of Accountant-Client privilege alone, ETGAR 000000002; 000001632; 000001654-1655; and 000001665. Third Party Morty Etgar is asserting the privilege, pursuant to Fla. Stat. § 473.316(3)(e).

4

On July 16, 2008, counsel for the parties exchanged e-mail correspondence as part of their joint obligation to attempt to reduce or resolve the discovery dispute. Defendants contended lack of relevancy based on the time frame of the documents. Plaintiff's contended relevancy based on all issues including trademark [infringement] damages. Plaintiff's position changed, however, and their July 21, 2008, letter to the Court, alleges relevancy solely based on trademark [infringement] damages.

The four documents included on Thirty Party Etgar's amended privilege log for which only the Accountant-Client privilege is asserted, are dated, or contemporaneous with, events that occurred, <u>between</u> February 18, 2000 [after the Agreements were signed] and  November 17, 2005, [one year <u>before</u> the "expiration date" in the License Agreement]. The documents which have been withheld are, of course, in the possession of counsel <u>for the accountant</u> who is also counsel for Defendants.  The assertion of privilege was made <u>by the accountant on  behalf of the client</u> as required by Florida Law.

Defendants contend that the withheld documents can not be relevant to trademark damages because trademark infringement could not occur, and thus damages could not accrue, prior to November 1, 2006, the day after the literal expiration date in the Licensing Agreement, and the documents all predate November 1, 2006, by 11½ months to about 6 years.

## ARGUMENT

I.    **Plaintiff's Motion Should Be Denied On Relevancy Grounds Because The Documents Are Not Relevant To Any of Plaintiff's Claims, Including The Alleged Trademark Damages.**

This Court need not reach the Accountant-Client privilege issue, as the documents are not relevant to the issue as now asserted by Plaintiff.  The "Agreements", effective November 1,

5

1998, were actually signed February 17, 2000. The "expiration" date in the Licensing Agreement is October 31, 2006.

All four withheld documents are either dated (a) _after_ February 17, 2000, but not later than November 17, 2005, about a year _before_ the "expiration" date in the Licensing Agreement, or (b) are contemporaneous to events that occurred during that interval _after_ February 17, 2000, but not later than November 17, 2005.

Plaintiff, in its Memorandum of Law (Docket # 62) has represented to this Court that "the requested documents are relevant to Plaintiff's Lanham Act claims, and specifically to the issue of trademark damages."[3]

Trademark damages, if any exist, can only accrue when trademark infringement occurs, but that must be _after_ October 31, _2006, i.e., after_ the "expiration date" mentioned in the Licensing Agreement. The four documents being withheld are during the period of one to five years _prior to_ October 31, 2006, and can not be relevant to the damages issue.

We expect Plaintiff to again shift its focus and allege that the documents are relevant to some other issue. What "other" issue might cause these documents to be relevant? The negotiation of the Agreements signed February 17, 2000, before the earliest dated document that is withheld? Hardly, since the documents are _later_ in time. Any other of Plaintiff's theories of recovery? Not relevant for the same reason. Any of Defendants' theories? Again, not likely for the same reason.

At the deposition of the Accountant Mr. Etgar, including when tax returns and financial statements were identified, the Plaintiff, having the privilege log, was free to ask if the withheld documents had any bearing on any issue for which Plaintiff thought the documents might be

---

[3]      Plaintiff's Memorandum, (Docket # 62), page 3, first full paragraph, lines 3-5.

relevant, (e.g., not only damages but any other issue which Plaintiff might now conjure up as a basis for arguing relevancy). But, Plaintiff elected not to ask any such questions. Now, any alleged relevancy would be nothing more than unsubstantiated speculation.

Plaintiff has failed to demonstrate which particular paragraph of the subpoena encompasses the withheld documents. Plaintiff has failed to demonstrate relevancy of the withheld documents. The party seeking discovery bears the burden of initially showing relevance. *Mandell v. The Maxon Co., Inc.,* 2007 WL 3022552 (S.D.N.Y. 2007)(citing *Zanowic v. Reno,* No. 97 Civ 5292, 2000 U.S. Dist. LEXIS 13845 at *15 (S.D.N.Y. Sep. 22, 2000) which indicates that the [moving party's] failure to explain the relevance of this information is fatal to their motion to compel.)

Since Plaintiff has failed to demonstrate the relevancy of the requested documents, and since Defendants have made a *prima facie* showing of lack of relevancy, the Etgar objection based on lack of relevancy, initially made in paragraph 4 of Mr. Etgar's response to the subpoena, should be sustained. Should the Court agree with Defendants, then there is no reason to address the issue of the applicability of the privilege – a decision on that issue would be advisory in nature.

## II.    Plaintiff's Motion Should Be Denied Because There Is No Authority Requiring Defendants to Withdraw a Claim of Privilege.

Third party Morty Etgar is a C.P.A. licensed by the state of Florida. The Defendants, each with a principal place of business in Florida, retained Mr. Etgar under Florida law and reasonably expected that their business will be conducted in accordance with Florida law, and subject to all rights and privileges afforded by Florida law. The Accountant asserted the privilege on behalf of the client as required under Florida Law. (Fla. Stat. §473.316(3)). The privilege itself is statutory. (Fla. Stat. §473.316(2))

7

{WP517643;1}

The question now presented by Plaintiff is whether this Court should Order Defendants to withdraw an assertion of the statutorily conferred Accountant-Client privilege. Ordering a party to withdraw the privilege is not the same as overruling a claim of privilege, and appears to be an extraordinary remedy for which Plaintiff, as moving party, cites no authority. Of course seeking such relief without any citation of authority is consistent with Plaintiff's scorched earth tactics including filing the Motion To Compel, Docket # 61, in this Court instead of in the court which issued the subpoena.[4]

Plaintiff does not dispute the existence of the Florida Accountant-Client privilege nor its applicability to the documents in question *per se*. Rather, Plaintiff takes the position that since New York Law does not recognize an Accountant-Client privilege, this Court should strip Defendants of the privilege by ordering Defendants to withdraw their assertion of the privilege.

The sole authority relied upon by Plaintiff for ordering Defendants to withdraw the privilege is *Platypus Wear, Inc. v. K.D. Co.*, 905 F.Supp. 808, 810 (S.D.Cal. 1995)(See, Plaintiff's Letter of July 21, 2008, page one, last paragraph.) But the cited case does not support the requested relief. In *Platypus*, the accountant was willing to testify (*Id.* at 810) but was instructed at his deposition not to testify because of the privilege. (*Ibid.*) The Court overruled the claim of privilege. The Court did not Order the Defendant in that case to "withdraw" its assertion of the privilege, which is a unique remedy sought here. There is a legal difference between

---

[4]    There apparently is no other way to challenge this burdensome, scorched earth discovery except to select some issue and formally object and oppose the discovery as a matter of principal, since yielding to such discovery creates a never-ending situation where more and more documents are demanded. To date, for example, Plaintiff has had as many as three lawyers at a deposition, and as many as five lawyers on this case at one time. Privilege is certain a valid issue upon which Defendants are entitled to take their present position

8

overruling an objection, *Platypus, supra*, and depriving a party of its rights by ordering the party not to assert those rights.[5]

Plaintiff also cites *Platypus* as part of its request that Defendants be required to produce the documents. *Platypus* does not address that issue either. *Platypus* was concerned only with testimony that the Accountant was willing to provide. There is no evidence that Defendants here have the requested documents or that Defendants here are entitled to those documents from their Accountant. Counsel for the witness has the documents; counsel for the witness filed the objections to the subpoena. There is no dispute that counsel for the Defendants and counsel for the witness is the same. But the documents are not in Defendants' possession, custody or control – they are in the possession of the Accountant (and his counsel). Plaintiff has not made any showing that the Accountant would be required to turn over these documents to the Defendants. No showing has been made by Plaintiff that under Florida law the Accountant has the obligation to turn over his notes to a client so that the client can then turn them over in litigation.[6] These are the accountant's documents, not the client's documents.

There is no dispute that the Accountant-Client privilege belongs to the client, and that the Accountant must assert the privilege on behalf of the Client. Equally, there is no dispute that the Client [Defendants] can waive the privilege (which has not been done here) and that the Defendants are subject to the jurisdiction of this Court. What is lacking in Plaintiff's motion, however, is any evidence that (a) these are the client's documents, as distinguished from being

---

[5] There are fundamental due process differences between asserting a right and being overruled, waiving a right, and being ordered not to assert a right. Here, Plaintiff seeks the latter, namely, an Order prohibiting Defendants from asserting a right, but cite no authority for the specific remedy sought.

[6] While documents in the client's "possession, custody or control" are typically sought in a Fed. R. Civ. P. 34 Document Request, there is no showing that the documents in dispute here are the client's documents such that they must be provided to the client [by the Accountant] and thereafter produced by the client in response to any document requests, let alone in response to a subpoena to the third party and not to the client.

9

{WP517643;1}

the Accountant's documents, and (b) that Defendants <u>have</u> copies of these documents in their files, and (c) that these documents are encompassed by any Document request <u>to the Defendants</u>. As to the last point, Plaintiff's motion is based solely on the subpoena to Mr. Etgar.

For each of the foregoing reasons, Plaintiff's request for an Order requiring Defendants to withdraw their privilege, <u>and to thereafter produce documents it does not have</u> is improper and unsupported by the cited authority, and should be denied. Only the Florida Court could order Mr. Etgar to turn over the documents. What Plaintiff can not get by going through the front door (a motion to compel, in the Southern District of Florida which issued the subpoena) Plaintiff improperly seeks to obtain by alternate means.

### III.    Plaintiff's Motion Should Be Denied Because The Florida Accountant-Client Privilege Is Applicable.

Plaintiff, apparently recognizing that the Florida courts would uphold the privilege, improperly sought to enforce the subpoena in this Court. Plaintiff's revised Motion does not seek to enforce the subpoena, but rather asks the Court Order the Defendants to withdraw their objections, i.e., to waive their rights. In this section, Defendants will first demonstrate that Florida law applies to the documents, second, that the New York law, not Federal law, applies, and third, that New York Courts would sustain the Florida privilege.

### A.    Florida Law Applies to the Documents

Florida's legislature has created an accountant-client privilege which states:

> (2) A client has a privilege to refuse to disclose, and to prevent any other person from disclosing, the contents of confidential communications with an accountant when such other person learned of the communications because they were made in the rendition of accounting services to the client. This privilege includes other confidential information obtained by the accountant

10

from the client for the purpose of rendering accounting advice. (Fla Stat. § 473.316(2)

(3)    The privilege may be claimed by:

(a)    The client;
*****
(e)    The accountant, but only on behalf of the client. The accountant's authority to claim the privilege is presumed in the absence of contrary evidence. (Fla. Stat. §473.316(3))

This privilege is recognized by Florida Courts. *See, e.g.*, *In re Hillsborough Holding Corp.*, 176 B.R. 223, 236 (M.D. Fla. 1994) and cases cited therein. The Florida statutes include exceptions, such as crime or fraud, and breach of duty, Fla. Stat. § 473.316(4), none of which are alleged to be applicable here. Plaintiff has not even attempted to demonstrate that the privilege is not applicable to the specific documents, arguing, instead, only for the broad proposition that the privilege *per se* is inapplicable.

**B.    New York law, not Federal law, Is Applicable.**

Since this suit is essentially a state law claim (breach of license) with an ancillary Lanham Act claim, over which the Federal Courts do <u>not</u> have exclusive jurisdiction (28 U.S. C. 1338(a)) and the complaint did not invoke this Courts' subject matter jurisdiction over the Lanham Act claim except by asserting <u>ancillary</u> jurisdiction, it is clear that this is a state law controversy.

Fed. R. Evid. 501 expressly provides for application of state law privileges in Federal Courts. The policy underlying Rule 501 is that "federal law should not supersede that of the States in substantive areas such as privilege <u>absent a compelling reason</u>." Notes of Committee on the Judiciary, House Report No. 93-650. (emphasis added)

No such compelling reason has been demonstrated by Plaintiff.

11

As the courts have noted, an issue arises in cases where both federal and state law provides rules of decision. Courts recognize that conflict and undertake to resolve it, *e.g., Sprague v. Thorn Americas, Inc.*, 129 F.3d 1355, 1368-1370 (10th Cir. 1997); *Lora v. Board of Ed. of City of New Yor*k, 74 F.R.D. 565, 576-79 (S.D. N.Y. 1977) (balancing and flexibility for privileged matters as well as work product).

> Here, with both federal and pendent state law claims implicated, we should consider both bodies of evidence under ... Fed.R.Evid. Rule 501. If the privilege is upheld by one body of law, but denied by the other, problems have been noted..... If such a conflict on the privilege exists, then an analytical solution must be worked out to accommodate the conflicting policies embodied in the state and federal privilege law.

*Sprague,* 129 F.3d at 1369 (citations omitted). State privileges should be recognized "'where this can be accomplished at no cost to federal substantive and procedural policy.'" *Lora*, 74 F.R.D. at 576 quoting *United States v. King*, 73 F.R.D. 103, 105 (E.D. N.Y. 1976). "If the state holds out the expectation of protection to its citizens, they should not be disappointed by a mechanical and unnecessary application of the federal rule." *Lora*, 74 F.R.D. at 576. Although the *Lora* court held that the requested information was needed to establish a pattern of racial discrimination, it found that minimal intrusion on state and personal interests is a sufficient ground for denying discovery if plaintiff failed to show a genuine need for the material or that the information sought is unavailable from other sources. *Lora*, 74 F.R.D. at 584. Here, unlike the plaintiff in *Lora*, Plaintiff has made no such showing of need or a compelling reason not to apply state law.

The federal interests in this case are lower than those in the cases relied upon by Plaintiff. This action could have been brought in state court (Licensing Agreement, ¶¶ 5.4, 17). Plaintiff failed to even plead federal question subject matter jurisdiction under 28 U.S.C. § 1331. In contrast, Plaintiff's cited cases (Docket # 62) have significantly higher federal interests, *e.g., In re Ramaekers*, 33 F.Supp.2d 312 (S.D. N.Y. 1999) (conflict between the laws of the United

12

States Courts of Appeals for the First and Second Circuits); *Couch v. U.S.*, 409 United States, 322 (1973) and *Cavallero v. United States,* 284 F.3d 236 (1st Cir. 2002) (I.R.S. enforcement proceedings); *Enforcement Administrative Subpoena of S.E.C. v. Coopers & Lybrand*, 98 F.R.D. 414 (S.D. Fla. 1982) (S.E.C. enforcement proceeding), and in those cases, federal privilege law was applied to all claims and defenses.

Other cases cited by Plaintiff concern alleged illegal activity on the part of the accountant, *In re Sahlen & Assoc., Inc.*, No. 89-6308, 1990 WL 284508 (S.D. Fla. Nov. 5, 1990) (motion to compel discovery from defendant accounting firm accused of securities fraud and RICO violation). *See In re Sahlen & Associates,* 773 F.Supp. 342, 349-351, 360-361 (S.D. Fla. 1991)), or other securities fraud issues on the part of the accountant's clients, *In re Pfizer Inc. Securities Litigation,* 1993 WL 561125No. 90 Civ. 1260 (S.D. N.Y. Dec. 23, 1993) (shareholder securities fraud class action). Florida's statutory accountant-client privilege does not apply to cover crimes or fraud by the accountant or its client. Fla. Stat. § 473.316(4)(a). In this essentially breach of contract action, neither Third Party Morty Etgar nor Defendants are accused of such activities.

Accordingly, the law as it would be applied by the New York Courts, not the Federal "law" (not recognizing the privilege) for an exclusively federal claim, should be applied.

**C.    New York Courts Would Sustain The Privilege**

Plaintiff relies on *Lego v. Stratos Lightwave*, 224 F.R.D. 576 (S.D. N.Y. 2004), a diversity case, in its opening memorandum, (Docket # 62). *Lego* involved a case pending in California federal court with one <u>exclusively</u> federal counterclaim, and the remaining claims and defenses based on state law. The plaintiff in *Lego* served a subpoena issued by the United States District Court for the Southern District of New York on Ernst & Young, the defendant's

13

{WP517643;1}

accountant, which was located in New York. *Id.* at 577-578. Ernst & Young objected on the ground of <u>Illinois</u> accountant-client privilege. *Id.* at 578.(emphasis added)   The Plaintiff in *Lego* properly sought to enforce the subpoena in the court that issued the subpoena, the Southern District of New York.   The court held that all evidence except that relating to defenses to the federal law counterclaim were subject to the Illinois state privilege law. *Id.* at 578   Even though the underlying case was pending in California, which does <u>not</u> recognize the Accountant-Client privilege, (*see, Platypus, supra* at 812 and *Lego, supra,* at 578, fn 6) the federal court sitting in New York applied Illinois law to uphold the privilege because the auditing work was performed in Illinois by Ernst & Young for Defendant Stratos who was also based in Illinois.

The same approach is applicable here.   All the accounting work was done by Mr. Etgar, in Florida, for the Florida-based Defendants.   This Court, following New York "choice of law principles" (*Id.* at 578) must apply Florida Law.   Therefore, the privilege must be upheld as to all "state" claims.(*Id.* at 578).

Therefore, the <u>only</u> basis for not upholding the privilege, is arguably if the Court were to determine that the Lanham Act claim, for which federal jurisdiction is non-exclusive, is the type of "federal claim" contemplated by the Court in *Lego* (a claim under the Securities Exchange Act of 1934, 15 U.S.C. § 78j, and SEC Rule 10(b), 17 C.F.R. § 240.10b-5, for which federal courts have exclusive jurisdiction).   Once this Court makes an initial determination that Plaintiff's Lanham Act claim, for which federal courts do <u>not</u> have exclusive jurisdiction is the type of "federal" claim contemplated by *Lago* for overruling the privilege, then, this Court would have to make the second determination that accountant work notes dated November 2005 and earlier, are relevant to this <u>sole</u> issue asserted by Plaintiff for relevance, i.e., the sole "federal issue" of trademark [infringement] damages accruing November 1, 200<u>6</u> and thereafter.

14

Defendants submit that there just is too big a gap, and too much speculation, between Plaintiff's <u>argument</u> for discovery, and the relevancy of the documents themselves. Any belated response by Plaintiff on the potential relevancy is sheer speculation.

### IV.     The Relief Sought Is Unclear

First, does Plaintiff <u>only</u> seek the documents, (no other relief is set forth in its Letter of July 21, 2008) or does Plaintiff intend to resume the deposition of Mr. Etgar, as set forth in its withdrawn motion?

Second, does Plaintiff now seek costs (again, no other relief is set forth in its Letter of July 21, 2008) or has that issue been rendered moot by the withdrawal of the initial motion?

Defendants respectfully note their objection to continuing the deposition and/or to any award of costs against them, to avoid being accused of waiving those objections. Defendants further object to the lack of clarity in the relief requested by Plaintiff, and respectfully request the opportunity for further briefing if Plaintiff seeks <u>more</u> than just the documents and if Plaintiff's motion is otherwise granted.

### CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Compel should be denied.

Dated:  August 1, 2008                          Respectfully submitted,
West Palm Beach, FL

                                         ___ */s/ John C. Vetter*
                                         John C. Vetter (JV8584)
                                         Jerold I. Schneider *pro hac vice*
                                         **AKERMAN SENTERFITT LLP**
                                         222 Lakeview Avenue

15

West Palm Beach, FL 33401
Telephone: (561) 653-5000

*Attorneys for Defendants*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 1, 2008, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By:  ___*/s/ John C. Vetter*_____
        John C. Vetter

16

{WP517643;1}

**SERVICE LIST**
L&L Wings, Inc. v. Marco-Destin Inc., et al.
Case no. 07-Civ-4137(BSJ) (GWG)
United States District Court, Southern District of New York

| | |
|---|---|
| **Bennett David Krasner**<br>The Law Offices of Bennett D. Krasner<br>1233 Beech Street<br>No. 49<br>Atlantic Beach, NY 11509<br>(516) 889-9353<br>Fax: (516) 432-7016<br>Email: bkrasner@optonline.net<br><br>*Attorneys for Plaintiff,*<br>Service by Notice of Electronic Filing | **Diane C Hertz**<br>diane.hertz@bingham.com<br>**Richard S. Taffet**<br>richard.taffet@bingham.com<br>**John Paul Son**<br>john.son@bingham.com<br>Bingham McCutchen LLP (NY)<br>399 Park Avenue<br>New York, NY 10022<br>212-705-7000<br>Fax: 212-752-5378<br><br>*Attorneys for Plaintiff,*<br>Service by Notice of Electronic Filing |
| **John C. Vetter**<br>Akerman Senterfitt<br>222 Lakeview Avenue<br>West Palm Beach, FL 33401<br>(561) 653-5000<br>Fax: (561) 659-6313<br>Email: john.vetter@akerman.com<br><br>*Attorneys for Defendants,*<br>Service by Notice of Electronic Filing | |

17

{WP517643;1}