Richard S. Taffet
Diane C. Hertz
John P. Son
BINGHAM McCUTCHEN LLP
399 Park Avenue
New York, New York 10022
Tel: (212) 705-7000

and

Bennett D. Krasner
1233 Beech Street #49
Atlantic Beach, NY 11509
Tel: (516) 889-9353

*Attorneys for Plaintiff*
*L & L Wings, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| L & L WINGS, INC., | ECF Case |
| Plaintiff and Counterclaim Defendant, | Civil Action No. CV-07-4137 (BSJ) (GWG) |
| -against- | |
| MARCO-DESTIN INC., 1000 HIGHWAY 98 EAST CORP., PANAMA SURF & SPORT, INC. AND E & T INC., | |
| Defendants and Counterclaim Plaintiffs. | |

**PLAINTIFF L & L WINGS, INC.'S REPLY MEMORANDUM OF LAW
IN FURTHER SUPPORT OF ITS MOTION TO COMPEL WITHDRAWAL OF
DEFENDANTS' ASSERTION OF ACCOUNTANT-CLIENT PRIVILEGE AND
PRODUCTION OF WITHHELD DOCUMENTS BY DEFENDANTS**

This motion involves four documents identified on the privilege log of Defendants'

accountant, Morty Etgar. Defendants' sole basis for denying Plaintiff access to these documents,

which are now in the possession of Defendants' counsel, is the unwarranted assertion of

A/72615386.4

Florida's accountant-client privilege. As Plaintiff demonstrated in its moving brief, however, state accountant-client privileges are unavailable where, as here, an action is based upon federal question jurisdiction.

In opposition to this motion, Defendants for the first time raise three additional grounds to block production of the documents: (1) that the four documents are not relevant for purposes of this case; (2) that Plaintiff cites no authority requiring Defendants to withdraw their claim of privilege; and (3) that Plaintiff's motion is unclear on the relief sought. Each of these arguments is equally unmeritorious.

Defendants should, therefore, be directed to withdraw their improperly asserted accountant-client privilege and immediately produce the four documents in question.

## I. Federal Law Controls.

As explained in Plaintiff's opening brief, Defendants' position that Florida's accountant-client privilege applies in this case is simply wrong. Defendants' arguments to the contrary do not compel a different conclusion.

*First,* Defendants argue, relying on *Lora v. Board of Ed.*, 74 F.R.D. 565, 576-79 (E.D.N.Y. 1977) and *Sprague v. Thorn Americas, Inc.*, 129 F.3d 1355, 1368-70 (10th Cir. 1997), that a balancing test must be applied between the relevant federal and state policies. Opp. Br. at 12. This authority, however, has been soundly rejected by the Supreme Court. *See Jaffee v. Redmond*, 518 U.S. 1, 17-18, 116 S. Ct. 1923, 1932 (1996); *see also Perez v. City of Chicago*, No. 02 C 1969, 2004 WL 1151570, at *3 (N.D. Ill. Apr. 29, 2004) (explicitly noting that "*Jaffe* [sic] rejected the balancing test used by the *Lora* court to determine the appropriateness of production").[1]

---

[1] In addition, *Sprague* did not even involve an analysis of conflicting federal and state interests. Rather, the court found that federal and state privilege law were in accord on the privilege issue in that case.

2

*Second*, the Second Circuit and this Court have consistently held, post-*Lora*, that state privilege law is inapplicable to any claim, state or federal, where as here the action is based on federal question jurisdiction.  *See von Bulow by Auersperg v. von Bulow*, 811 F.2d 136, 141 (2d Cir. 1987); *Lego v. Stratos Lightwave, Inc.*, 224 F.R.D. 576, 578 (S.D.N.Y. 2004) (Kaplan, J.); *In re Ramaekers*, 33 F. Supp. 2d 312, 315 (S.D.N.Y. 1999) (Pauley, J.).  Thus, because the complaint in this action alleges federal question jurisdiction (*see* Complaint at 2 (May 29, 2007) (Dkt. No. 1)), any potential state law privilege is unavailable.[2]

*Third*, Defendants' reliance on an excerpt from the advisory committee's note to Federal Rule of Evidence 501 (Opp. Br. at 11) is equally misguided because that section is wholly inapplicable in federal question cases, and relates solely to "actions founded upon a State-created right or defense."  Fed. R. Evid. 501, advisory committee's note.

## II. The Requested Documents Are Reasonably Calculated To Lead To The Discovery of Admissible Evidence.

Defendants' relevance argument fares no better, and indeed seeks to impose a standard for obtaining discovery that is not supported by the Federal Rules of Civil Procedure.

Under Federal Rule of Civil Procedure 26(b)(1), requested documents must be produced, even though they may not necessarily be admissible at trial, including on grounds of relevance, so long as they "appear[] reasonably calculated to lead to the discovery of admissible evidence." *See also Hogan-Cross v. Met. Life Ins. Co.*, No. 08 Civ. 0012, 2008 WL 2938056, at *2-3 (S.D.N.Y. July 31, 2008) (Kaplan, J.).  Thus, Defendants cannot avoid their obligation to produce the four documents in question based upon the position, as they now argue, that the documents ultimately may be determined to be irrelevant.

---

*Sprague*, 129 F.3d at 1369.

[2] Defendants' effort to characterize the suit as "a state law claim . . . with an ancillary Lanham Act claim, . . ." (Opp. Br. at 11) is yet another misstatement.

Nor can Defendants credibly argue that the instant documents are not reasonably calculated to lead to the discovery of admissible evidence. Based upon the scant description in Defendants' privilege log, these documents clearly pertain to the accounting work performed by Mr. Etgar on behalf of the Defendants, including the preparation and accuracy of Defendants' financial statements and tax returns, which documents go directly to Plaintiff's claim for trademark infringement and to the calculation of damages in connection with that claim. This is so because Plaintiff claims damages based upon Defendants' infringing sales revenues.[3]

That the documents in question may lead to the discovery of admissible evidence in connection with Plaintiff's trademark claim and its alleged trademark damages is made even more plain in light of Defendants' First Counterclaim for rescission, revocation and/or reformation of the Licensing Agreement. *See* Defendants' Answer to Complaint and Counterclaims ¶ 102 (Sept. 18, 2007) (Dkt. No. 9). If Defendants were to prevail on either rescission or revocation (which Plaintiff does not concede in any way that they will), then Defendants' use of Plaintiff's trademark prior to the termination of the license agreement would have been infringing. Defendants' argument regarding the dates of the requested documents (Opp. Br. at 6) should therefore be given no weight.

### III. It Is Well Within The Court's Authority To Direct Defendants To Withdraw Their Assertion Of Privilege And To Produce The Documents In Question.

Defendants' argument that this Court lacks the authority to direct Defendants to withdraw their improperly asserted claim of privilege is, at best, cynical. If accepted, then any party in a

---

[3] Defendants' suggestion that Plaintiff at this stage must make a detailed showing of how the specific subject matter of the documents would be relevant to its trademark claims is again premised on the incorrect position that "relevance" is the standard in this context, rather than whether the documents are likely to lead to the discovery of admissible evidence. Nor can Defendants' argument be taken seriously that Plaintiff should have inquired of the subject matter of the documents at the Etgar deposition. Opp. Br. at 6-7. In view of Defendants' improper assertion of privilege, any such inquiry would have been met with an objection and a direction to Mr. Etgar not to respond. Defendants' argument in this regard shows the futility of their position.

litigation could assert a privilege without basis and never be subject to the production of documents in its possession and control.

Defendants' argument also flies in the face of the Federal Rules of Civil Procedure and of controlling law.  It is well-settled that a district court has "broad discretion to direct and manage the pre-trial discovery process."  *In re Convolve, Inc.*, No. 00 Civ. 5141, 2006 WL 2792687, at *2 (S.D.N.Y. Sept. 27, 2006) (Daniels, J.)  In particular, issues involving privilege fall soundly "within the district court's discretion."  *Id.*  Moreover, the decision in *Platypus Wear, Inc. v. K.D. Co., Inc.*, 905 F. Supp. 808 (S.D. Cal. 1995) provides guidance that this Court is the proper forum in which the issue of Defendants' improper assertion of privilege should be heard.[4]

Nor can Defendants' attempt to argue that its counsel is really holding the documents in question for Mr. Etgar, rather than in counsel's capacity as representative of Defendants, be taken seriously.  The Akerman firm, without dispute, is in possession of the documents only as a result of its work for Defendants, and its representation of Mr. Etgar is clearly one of accommodation.  Moreover, the documents exist only as the result of Mr. Etgar's conduct on behalf of Defendants as their representative.  This shows yet further the transparency of Defendants' argument in this regard.  For these purposes, not only is the Akerman firm the agent and representative of Defendants, but so is Mr. Etgar, and the documents only exist as the result of each of their relationships to Defendants.

**IV.  The Relief Sought Is Clear.**

Finally, Plaintiff's request for relief is clear.  Once it is determined by this Court that the

---

[4] Defendants' attempt to distinguish *Platypus* is unavailing.  Without citing a single case or other authority, Defendants attempt to draw a distinction between the *Platypus* court's power to overrule a privilege assertion made at a deposition, and the power of this Court to require Defendants to withdraw their improper privilege assertion as to the at-issue documents.  The effect is the same -- to prevent the withholding of evidence based upon improper assertions of privilege.  Defendants' play on words should therefore be rejected.

5

assertion of privilege is inappropriate, Defendants' counsel should cease acting as an impediment in this proceeding and produce the requested documents. There would be no basis upon which it could decline to do so, and to suggest that it would be necessary for the parties to engage in further motion practice to seek an express order only highlights the obstructionist nature of Defendants' position, which required this motion in the first instance.

## V. Conclusion

For the foregoing reasons, Plaintiff L & L Wings, Inc. respectfully requests that its Motion to Compel Withdrawal of Defendants' Assertion of Accountant-Client Privilege and Production by Defendants as to Morty Etgar's documents be granted, with costs and such other relief as the Court may deem appropriate.

Dated: New York, New York.
August 8, 2008

BINGHAM McCUTCHEN LLP

By: */s/ John P. Son*
Richard S. Taffet
(richard.taffet@bingham.com)
Diane C. Hertz
(diane.hertz@bingham.com)
John P. Son
(john.son@bingham.com)
399 Park Avenue
New York, NY 10022-4689
Telephone: (212) 705-7000

-and-

Bennett D. Krasner
(bkrasner@bdklaw.net)
1233 Beech Street #49
Atlantic Beach, NY 11509
Telephone: (516) 889-9353

*Attorneys for Plaintiff
L & L Wings, Inc.*

A/72615386.4