Not Reported in F.Supp.2d                                                                                                           Page 1
Not Reported in F.Supp.2d, 2006 WL 2792687 (S.D.N.Y.)
**(Cite as: 2006 WL 2792687 (S.D.N.Y.))**

Only the Westlaw citation is currently available.

United States District Court,
S.D. New York.
CONVOLVE, INC. and Massachusetts Institute of Technology, Plaintiffs,
v.
COMPAQ COMPUTER CORP. and Seagate Technology LLC, Defendants.
No. 00 Civ.5141 GBD.

Sept. 27, 2006.

*MEMORANDUM DECISION AND ORDER*

DANIELS, J.

*1 Seagate Technology LLC ("Seagate") moves for certification of an interlocutory appeal, pursuant to 28 U.S.C. § 1292(b), of two orders issued by Magistrate Judge Francis, and two motions denied by this Court, relating to defendants' obligation to produce certain communications to and from their respective trial attorneys, which are relevant to defendants' advice-of-counsel defense. The motion is denied.

Plaintiffs Convolve, Inc. and Massachusetts Institute of Technology (collectively "Plaintiffs") sued defendants Seagate and Compaq Computer Corp. ("Compaq") for, *inter alia,* willful patent infringement of certain patents owned by Plaintiffs. Both Seagate and Compaq asserted the advice-of-counsel defense, i.e., that they acted in good faith because they relied on the advice of counsel when engaging in the allegedly infringing conduct. Seagate and Compaq conceded that by asserting the advice-of-counsel defense, they waived the attorney-client privilege as to communications between them and the attorneys they hired to provide opinions on the legality of their conduct. [FN1] Seagate and Compaq disputed, however, whether the waiver extended to communications to and from their respective trial attorneys. This Court referred the case to Magistrate Judge Francis for pre-trial supervision and for resolution of these discovery disputes.

> FN1. In Seagate's case, that attorney was Gerald T. Sekimura. His opinions will be referred to as the "Sekimura Opinions."

Magistrate Judge Francis issued an order on May 28, 2004, published as *Convolve, Inc. V. Compaq Computer Corp.,* 224 F.R.D. 98 (S.D.N.Y.2004), holding that in asserting the advice-of-counsel defense, Seagate "waived the attorney-client privilege as to all communications not only with Mr. Sekimura, but also with its other attorneys, including trial counsel, concerning the subject matter of Mr. Sekimura's advice." *Id.* at 104. Therefore, Magistrate Judge Francis ordered Seagate to "produce all documents, answers to interrogatories, and deposition testimony concerning communications between Seagate (or its in-house counsel) and any of its attorneys, including trial counsel," related to the subject matter of the Sekimura Opinions. *Id.* At 105. Magistrate Judge Francis issued a second order, dated September 8, 2004, granting plaintiff Convolve's application to compel Seagate and Compaq to produce all documents subject to disclosure under the May 28th order.

Seagate moved, pursuant to Fed.R.Civ.P. 72(a), for an order by this Court sustaining its objections to, and overruling, the May 28th order. Seagate also sought an order by this Court, pursuant to Fed.R.Civ.P. 72(a), sustaining its objections to, and overruling, the Magistrate Judge's Sept. 8th order. Both of Seagate's Rule 72(a) motions were denied by this Court on July 11, 2006. Seagate now seeks certification of an interlocutory appeal of all four decisions.

An interlocutory appeal is "a rare exception to the final judgement rule that generally prohibits piecemeal appeals," *Koehler v. Bank of Bermuda, Ltd.,* 101 F.3d 863, 865 (2d Cir.1996), and only "excep-

Not Reported in F.Supp.2d                                                                                                  Page 2
Not Reported in F.Supp.2d, 2006 WL 2792687 (S.D.N.Y.)
**(Cite as: 2006 WL 2792687 (S.D.N.Y.))**

tional circumstances will justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment, *In re Flor,* 79 F.3d 281, 284 (2d Cir.1996) (citations and alteration omitted). Certification of an interlocutory appeal is appropriate only if the challenged order (1) involves a controlling issue of law, (2) as to which there is a substantial ground for difference of opinion, and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b); *Taylor v. PPG Industries, Inc.,* 256 F.3d 1315, 1316 (Fed.Cir.2001) (citing 28 U.S.C. § 1292(b)).

 *2 Seagate cannot satisfy the requirements of 28 U.S.C. § 1292(b). In this case, the orders at issue only address a pre-trial discovery dispute, namely, the scope of Seagate's waiver of the attorney-client and work-product privileges, a determination that lies within the sound discretion of the district court, *see, e.g., In re EchoStar Communications Corp.,* 448 F.3d 1294, 1300 (Fed.Cir.2006) ("We review the district court's determination as to the scope of the waiver for an abuse of discretion."), and "depends heavily on the factual context in which the privilege is asserted." *In re Sealed Case,* 877 F.2d 976, 981 (D.C.Cir.1989); *see also Wills v. Amerada Hess Corp.,* 379 F.3d 32, 41 (2d Cir.2004) (stating that the district court has "broad discretion to direct and manage the pretrial discovery process"). Fact-dependent matters that are within the district court's discretion, such as the scope of a privilege waiver, do not involve a "controlling issue of law" under § 1292(b). *See, e.g., White v. Nix,* 43 F.3d 374, 376, 377-78 (8th Cir.1994) (holding that the district court's order requiring production of documents claimed to be protected by the attorney work product doctrine, a matter "committed to the district court's discretion," did not involve a controlling issue of law under § 1292(b) warranting certification for an interlocutory appeal); *Casey v. Long Island R. Co.,* 406 F.3d 142, 146-47 (2d Cir.2005) (holding that the district court's decision to set aside the jury award did not present a controlling issue of law warranting certification of an interlocutory appeal under § 1292(b) because the excessiveness of the jury's award "presents a question as to the proper evaluation of the evidence introduced at trial" and that evaluation "is accorded *deferential* review") (emphasis added); *Schine v. Schine,* 367 F.2d 685, 688 (2d Cir.1966) (holding that an order denying defendants' motion for a separate trial did not meet the requirements for certification of an interlocutory appeal because *"whether the district court abused his discretion* in granting or denying a separate trial ... may rarely, if ever, involve a 'controlling question of law' " under § 1292(b)) (emphasis added).

Nor has Seagate demonstrated that this is an extraordinary case warranting departure from the general rule that appeals may only be taken from final judgments. The material that Seagate is required to produce under the May 28th order is limited--only "documents, answers to interrogatories, and deposition testimony" that relate to the subject matter of the Sekimura Opinions must be produced. *Convolve, Inc.* 224 F.D.R. at 105. In addition, in an effort to minimize disclosure of trial or litigation strategy, any material that Seagate believes would reveal protected information can be submitted for *in camera* review. Even though Magistrate Judge Francis ordered the production of certain communications between Seagate and its trial counsel, he specifically provided:

> *3 Nevertheless, care should be taken to minimize the disclosure of communications pertaining to trial or litigation strategy. To be sure, trial counsel's advise that undermines the reasonableness of the client's reliance on advice of opinion counsel must be disclosed even if it is communicated in the context of trial preparation. But, at the same time, trial counsel will surely address with the client trial strategy concerning validity, infringement, and enforcement in ways that do not implicate the advice-of-counsel defense. Therefore, to the extent that Seagate wishes to withhold or redact documents that would reveal trial strategy or planning, it shall submit those documents for my *in camera* review.

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Case 1:07-cv-04137-BSJ-GWG    Document 68-2    Filed 08/08/2008    Page 3 of 3

Not Reported in F.Supp.2d                                                                                   Page 3
Not Reported in F.Supp.2d, 2006 WL 2792687 (S.D.N.Y.)
**(Cite as: 2006 WL 2792687 (S.D.N.Y.))**

*Convolve, Inc.* 224 F.D.R. at 105. Seagate's opportunity to submit for *in camera* review any documents it "wishes to withhold or redact," makes this an issue not ripe for appellate review.

Seagate's motion for certification of an interlocutory appeal pursuant to 28 U.S.C. § 1292(b) is DENIED.

   SO ORDERED:

END OF DOCUMENT

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.