John C. Vetter
Jerold I. Schneider *pro hac vice*
AKERMAN SENTERFITT LLP
222 Lakeview Avenue
West Palm Beach, FL 33401
Tel: (561) 653-5000

Scott M. Kessler
AKERMAN SENTERFITT LLP
335 Madison Avenue, Suite 2600
New York, NY 10017
Tel.: (212) 880-3800

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x

| | | |
|---|---|---|
| L & L WINGS, INC., | : | **ECF CASE** |
| Plaintiff, | : | 07 Civ. 4137 (BSJ) (GWG) |
| - against - | : | |
| MARCO-DESTIN INC., 1000 HIGHWAY 98 EAST CORP., PANAMA SURF & SPORT, INC. and E & T INC., | : | |
| Defendants. | : | |

-----------------------------------------------------------------x

**DEFENDANTS' SUPPLEMENTAL MEMORANDUM OF
LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO "REQUIRE
DEFENDANT TO WITHDRAW ASSERTION OF PRIVILEGE" AND FOR COSTS**

John C. Vetter
Jerold I. Schneider *pro hac vice*
AKERMAN SENTERFITT LLP
222 Lakeview Avenue
West Palm Beach, FL 33401
Tel: (561) 653-5000

Scott M. Kessler
AKERMAN SENTERFITT LLP
335 Madison Avenue, Suite 2600
New York, NY 10017
Tel.: (212) 880-3800

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x

| | | |
|---|---|---|
| L & L WINGS, INC., | : | **ECF CASE** |
| Plaintiff, | : | 07 Civ. 4137 (BSJ) (GWG) |
| - against - | : | **DEFENDANTS' SUPPLEMENTAL MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO "REQUIRE DEFENDANT TO WITHDRAW ASSERTION OF PRIVILEGE" AND FOR COSTS** |
| MARCO-DESTIN INC., 1000 HIGHWAY 98 EAST CORP., PANAMA SURF & SPORT, INC. and E & T INC., | : | |
| Defendants. | : | |

-------------------------------------------------------------x

Defendants oppose Plaintiff's Request that Defendants be required to withdraw its assertion of a statutorily recognized privilege and ask that the Request be denied in all respects, and respectfully submit this memorandum in accordance with the Court's request during the August 27, 2008 oral argument in connection with the instant motion.

{NY037582;1}
1

## STATEMENT OF FACTS

Third party Morty Etgar is Florida-based, Florida-licensed C.P.A. Mr. Etgar has been retained by Defendants as an accountant for many years. Defendants all have their principal place of business located in Florida, and retained Third Party Morty Etgar under Florida law, and have an expectation that they are entitled to the rights and privileges afforded by Florida law, including its statutory Accountant-Client privilege.

Plaintiff served Defendants' accountant, Morty Etgar, a third party, with a subpoena *duces tecum* and *ad testificundum* on March 25, 2008. In response, Third Party Morty Etgar served objections to the subpoena on April 11, 2008, and has produced over 2500 pages of documents. Mr. Etgar was deposed in July 11, 2008.

As part of his compliance with the subpoena, Third Party Morty Etgar served a privilege log and thereafter an amended privilege log. The amended log lists 16 documents, 12 of which are withheld on the grounds of both Attorney-Client privilege and Accountant-Client privilege. There are 4 documents (five total pages) identified on the privilege log as withheld on the ground of Accountant-Client privilege alone, ETGAR 000000002; 000001632; 000001654-1655; and 000001665. Third Party Morty Etgar is asserting the privilege, pursuant to Fla. Stat. § 473.316(3)(e).

On July 16, 2008, counsel for the parties exchanged e-mail correspondence as part of their joint obligation to attempt to reduce or resolve the discovery dispute. Defendants contended lack of relevancy based on the time frame of the documents. Plaintiff contended relevancy based on all issues including trademark [infringement] damages. Plaintiff's position changed, however, and their July 21, 2008, letter to the Court, alleges relevancy solely based on trademark [infringement] damages.

The four documents included on Thirty Party Etgar's amended privilege log for which only the Accountant-Client privilege is asserted, are dated, or contemporaneous with, events that occurred, <u>between</u> February 18, 2000 [after the Agreements were signed] and November 17, 2005, [one year <u>before</u> the "expiration date" in the License Agreement]. The documents which have been withheld are, of course, in the possession of counsel <u>for the accountant</u> who is also counsel for Defendants. The assertion of privilege was made <u>by the accountant on behalf of the client</u> as required by Florida Law. All of these documents contain the accountant's notes. None of these documents with Mr. Etgar's notes were given to Defendants. None of these documents were created at the direct request of Defendants, and, in fact, the existence of these documents was never even discussed with Defendants.

## ARGUMENT

As a preliminary matter, a party is not obliged to produce, at the risk of sanctions, documents that it does not possess or cannot obtain. *See Shcherbakovskiy v. Da Capo Al Fine, Ltd.*, 490 F. 3d 130, 138 (2d Cir. 2007). The Second Circuit also held that "we also think it fairly obvious that a party also need not seek such documents from third parties if compulsory process against the third parties is available to the party seeking the documents. However, if a party has access and the practical ability to possess documents not available to the party seeking them, production may be required." *Id.*

Rule 34(a) of the Federal Rules of Civil Procedure provides that a party may serve a request for the production of documents that are in the possession, custody or control of the party upon whom the request is served. *In re Flag Telecom Holdings, Ltd. Securities Litigation*, 236 F.R.D. 177, 180 (S.D.N.Y 2006). The party seeking the production bears the burden of demonstrating that the other party has control over the documents sought. *Id.* (citations omitted).

{NY037582;1}

3

Courts have construed the concept of control broadly in that if the "producing party has the legal right or practical ability to obtain the documents, then it is deemed to have 'control,' even if the documents are actually in the possession of a non-party." *Id.* (citations omitted); *see also Export-Import Bank of U.S. v. Asia Pulp & Paper Co., Ltd.*, 233 F.R.D. 338, 341 (S.D.N.Y. 2005). It is important to note that the test for the production of documents is control, not location. *See In re Flag Telecom Holdings, Ltd. Securities Litigation*, 236 F.R.D. at 180. However, in the instant matter, Plaintiff has sought production of the documents in dispute only from Defendants' accountant, not from Defendants themselves.

Further, it is not disputed that documents provided to an accountant by his client are deemed within the client's control because the client has the right to demand their return. *See Arkwright Mutual Ins. Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, No. 90 Civ. 7811 (AGS), 1994 WL 510043 at * 3 (S.D.N.Y. Sept. 16, 1994) (citations omitted). Additionally, financial records prepared by an accountant are documents within the client's control. *See Bank of New York v. Meridien BIAO Bank Tanzania Ltd.*, 171 F.R.D. 135, 154 (S.D.N.Y. 1997). However, documents which were not originally produced by the client may not be deemed within the party's control. *See M.L.C., Inc. v. North Am. Philips Corp.*, 109 F.R.D. 134, 136 (S.D.N.Y. 1986) ("Whether documents in the possession of a party's attorney are under the control of the party is resolved by discerning their origin.")[1] (citing *Hanson v. Gartland Steamship Co.*, 34 F.R.D. 493, 496 (N.D.Ohio 1964)).

It is not disputed that documents at issue are in physical possession of Defendants' accountant, Morty Etgar. All of these documents contain Mr. Etgar's handwritten notes. *See*

---

[1] Although the language cited in *M.L.C., Inc.*, refers to documents in the possession of the party's attorney, the same analysis should apply to documents within the possession of a party's accountant.

{NY037582;1}

4

Declaration of Morty Etgar, dated August 29, 2008 ("Etgar Decl.") at ¶ 4. None of these documents with Mr. Etgar's notes were ever given to Defendants. *See id.* None of these documents were created at the direct request of Defendants, and, in fact, the existence of these documents with Mr. Etgar's notes was never even discussed with Defendants. *See id.*

In accordance with Mr. Etgar's practices and procedures, documents with these kinds of notes are never given to his clients, and probably would never be given to his client (except, of course, in the event of litigation between the client and Mr. Etgar). *See* Etgar Decl. at ¶ 5. Furthermore, should a client transfer its work to another Certified Public Accountant, the notes of the type on these documents would not be turned over to the next Certified Public Accountant. *See id.*

Furthermore, Mr. Etgar considers the documents in dispute to be his documents, not Defendants' documents. *See* Etgar Decl. at ¶ 6. In fact, Mr. Etgar's clients do not know specifically of these types of documents, and certainly Defendants in this suit do not even know of the existence of the documents other than the fact that certain unspecified documents were withheld on the basis of accountant-client privilege, and Defendants still do not know the content of these documents. *See id.*

Since the documents at issue were not provided to Mr. Etgar by Defendants, nor are the documents financial records created by Mr. Etgar on Defendants' behalf, such documents are not within the possession, custody or control of Defendants. However, should the Court find that such documents are in within Defendants' possession, custody or control, Florida law applies to the documents so that the accountant-client privilege prevents disclosure.[2]

---

[2]   Defendants respectfully refer to their memorandum of law in opposition to Plaintiff's motion to "require Defendant to withdraw assertion of privilege" and for costs, dated August 1, 2008, and incorporate the legal argument and analysis contained therein by reference.

{NY037582;1}

5

Case 1:07-cv-04137-BSJ-GWG   Document 71   Filed 09/03/2008   Page 7 of 8

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Compel should be denied.

Dated: Wet Palm Beach, FL
       September 3, 2008

Respectfully submitted,

/s/ Scott M. Kessler
Scott M. Kessler (SK5510)
AKERMAN SENTERFITT LLP
335 Madison Avenue, Suite 2600
New York, NY 10017
Telephone: (212) 880-3800

-and-

John C. Vetter (JV8584)
Jerold I. Schneider *pro hac vice*
**AKERMAN SENTERFITT LLP**
222 Lakeview Avenue
West Palm Beach, FL 33401
Telephone: (561) 653-5000
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 3, 2008, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By:  /s/ Scott M. Kessler
      Scott M. Kessler

{NY037582;1}

6

## SERVICE LIST
L&L Wings, Inc. v. Marco-Destin Inc., et al.
Case no. 07-Civ-4137(BSJ) (GWG)
United States District Court, Southern District of New York

| | |
|---|---|
| **Bennett David Krasner**<br>The Law Offices of Bennett D. Krasner<br>1233 Beech Street<br>No. 49<br>Atlantic Beach, NY 11509<br>(516) 889-9353<br>Fax: (516) 432-7016<br>Email: bkrasner@optonline.net<br><br>*Attorneys for Plaintiff,*<br>Service by Notice of Electronic Filing | **Diane C Hertz**<br>diane.hertz@bingham.com<br>**Richard S. Taffet**<br>richard.taffet@bingham.com<br>**John Paul Son**<br>john.son@bingham.com<br>Bingham McCutchen LLP (NY)<br>399 Park Avenue<br>New York, NY 10022<br>212-705-7000<br>Fax: 212-752-5378<br><br>*Attorneys for Plaintiff,*<br>Service by Notice of Electronic Filing |
| **John C. Vetter**<br>Akerman Senterfitt<br>222 Lakeview Avenue<br>West Palm Beach, FL 33401<br>(561) 653-5000<br>Fax: (561) 659-6313<br>Email: john.vetter@akerman.com<br><br>*Attorneys for Defendants,*<br>Service by Notice of Electronic Filing | |