Richard S. Taffet
Diane C. Hertz
John P. Son
BINGHAM McCUTCHEN LLP
399 Park Avenue
New York, New York 10022
Tel: (212) 705-7000

and

Bennett D. Krasner
1233 Beech Street #49
Atlantic Beach, NY 11509
Tel: (516) 889-9353

*Attorneys for Plaintiff*
*L & L Wings, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

L & L WINGS, INC.,

        Plaintiff and Counterclaim Defendant,

        -against-

MARCO-DESTIN INC., 1000 HIGHWAY
98 EAST CORP., PANAMA SURF &
SPORT, INC. AND E & T INC.,

        Defendants and Counterclaim Plaintiffs.

ECF Case

Civil Action No. CV-07-4137
(BSJ) (GWG)

**PLAINTIFF L & L WINGS, INC.'S SUPPLEMENTAL MEMORANDUM OF LAW
IN FURTHER SUPPORT OF ITS MOTION TO COMPEL WITHDRAWAL OF
DEFENDANTS' ASSERTION OF ACCOUNTANT-CLIENT PRIVILEGE AND
<u>PRODUCTION OF WITHHELD DOCUMENTS BY DEFENDANTS</u>**

      Under Federal Rule of Civil Procedure 34(a), a party may be requested to produce

documents in its possession, custody or control.  The concept of "control" is construed broadly.

*In re Flag Telecom Holdings, Ltd. Securities Litig.*, 236 F.R.D. 177, 180 (S.D.N.Y. 2006)

(Conner, J.). A party has control if it has the legal right or the practical ability to obtain the documents, notwithstanding possession of those documents by a non-party. *Id.* Rule 34 therefore requires production if the party has "the *practical ability to obtain the documents from another*, irrespective of his legal entitlement to the documents." *In re NTL, Inc. Securities Litig.*, 244 F.R.D. 179, 195 (S.D.N.Y. 2007) (Peck, Mag. J.) (emphasis in original, citation omitted).

Because Defendants have both the practical ability and legal right to obtain the four documents at issue, both through their counsel, Akerman Senterfitt, and through their accountant, Morty Etgar, they should be deemed to be in possession, custody and control. Further, contrary to this Court's directive at oral argument on August 27, 2008, Defendants have failed to provide an affidavit stating that they are not in possession of the documents at issue.

## I. Defendants Have Constructive Possession of the Documents Through Their Counsel's Concurrent Representation of Defendants and Etgar

As it is undisputed that the documents at issue are in the possession of Defendants' counsel (Defendants' Supp. Memo. at 3), they should be deemed to be in Defendants' control. *See MTB Bank v. Fed. Armored Express, Inc.*, No. 93 Civ. 5594, 1998 WL 43125, at *4 (S.D.N.Y. Feb. 2, 1998) (Sand, J.) ("the clear rule is that documents in the possession of a party's *current or former* counsel are deemed to be within that party's 'possession, custody and control'" (emphasis in original)).[1] Notwithstanding this, Defendants essentially argue that the Akerman firm, which represents both Defendants and Etgar in this action, should be deemed to wear two hats in its possession of documents that originate from Defendants and those that purportedly originate from Mr. Etgar. This position is not supportable by law. *See M.L.C., Inc. v. North American Philips Corp.*, 109 F.R.D. 134, 138 (S.D.N.Y. 1986) (Kram, J.) (where three parties shared one attorney, each deemed to have control of documents).

---

[1] Unpublished decisions are attached hereto.

The Northern District of New York addressed and rejected this very argument in *Hall v. Voyagers Int'l Tours, Inc.*, No. 5:01-CV-1375, 2007 WL 2088878 (N.D.N.Y. July 19, 2007) (Mordue, J.). In that case, counsel for defendants concurrently represented a non-party that had been voluntarily dismissed from the action. *Id.* at *1. There, as here, counsel for defendants was in possession of documents provided to him by the non-party. *Id.* at *2. In response to plaintiff's motion to compel those documents, defendants' counsel asserted that he had never disclosed those documents to defendants. *Id.*

In ordering production, the court found that counsel knew "what [was] in [the non-party's documents] and had the opportunity to consider whether or not they would assist in the defense of [defendants]," and that "[p]laintiff [did] not share the same benefit." *Id.* Accordingly, the court held that the defendants "essentially enjoyed constructive possession" of the non-party's documents and that plaintiff was entitled to all documents in counsel's control. *Id.*

The same result is required here. Defendants' counsel has been able to pick and choose which documents to use in support of Defendants' case, and to consider the impact of those documents on Defendants' strategy, while at the same time denying Plaintiff this very opportunity. Under these circumstances, Defendants should be deemed in constructive possession of the subject documents. *See Hall*, 2007 WL 2088878, at *2; *see also M.L.C., Inc.*, 109 F.R.D. at 138.

## II. Defendants Have the Legal and Practical Ability to Obtain the Documents from Etgar

Because the four withheld documents are in the possession of Defendants' long-time accountant, Morty Etgar, they are within Defendants' control for purposes of Rule 34. *De Vos v. Lee*, No. 07-CV-804, 2008 WL 2946010, at *1 (E.D.N.Y. July 29, 2008) (Mann, Mag. J.); *see also CSI Investment Partners II, L.P. v. Cendant Corp.*, No. 00 Civ. 1422, 2006 WL 617983, at *6 (S.D.N.Y. Mar. 13, 2006) (Eaton, Mag. J.) (corporate party ordered to use best efforts to

cause its auditors to produce all documents pertaining to valuation of party).[2]

In determining whether "control" exists for purposes of production, courts look to the nature of the relationship between the party and its accountant. Where, as here, the relationship is such that the party has the practical ability to obtain those documents, the party will be deemed to be in "control" thereof. *NTL, Inc.*, 244 F.R.D. at 195. Thus, it has been held that where there is "no allegation of hostility" between a client and attorney, "the fact that [the client's] relationship with [its counsel] [was] ongoing only reinforce[d] the conclusion that [counsel] would have assisted [the client] in its quest to locate the relevant documentation." *See MTB Bank*, 1998 WL 43125, at *5.[3]

Here, the record demonstrates that the relationship between Mr. Etgar and Defendants is longstanding and amicable. Mr. Etgar has been the accountant for the four Defendants' sole owner, Eli Tabib, for the past ten years. Transcript of Deposition of Morty Etgar (July 11, 2008) at 10:22-24, 13:14-20, 14:5-9, excerpts of which are attached as Exhibit A, hereto. During that time, Mr. Etgar has also performed accounting work for all four Defendants, as well as for TLE Management, Inc., through which Mr. Tabib owns 100% of the Defendants, and various other companies controlled by Mr. Tabib. *Id.* at 9:22-10:21. Thus, Defendants have provided, and continue to provide, significant business to Mr. Etgar.

Neither Mr. Etgar nor Defendants should be heard to argue that Mr. Etgar would have

---

[2] Defendants cite *M.L.C., Inc.*, 109 F.R.D. at 136 and *Hanson v. Gartland Steamship Co.*, 34 F.R.D. 493, 496 (N.D. Ohio 1964) for the proposition that "documents which were not originally produced by the client may not be deemed within the party's control." However, neither the cases nor the language quoted by Defendants stand for this proposition, even by inference. Indeed, the *Hanson* court explicitly states that while the origin of a document "may be a suitable standard for delineating the concept of 'work product,' . . . it is a ragged distinction in the concept of 'control.' This proposition ignores the fact of agency between attorney and client." *Hanson*, 34 F.R.D. at 496.

[3] Any attempt to draw a distinction between a party's control over documents in possession of its attorney and control over documents in possession of its accountant for these purposes fails. *See CSI Investment*, 2006 WL 617983, at *6 (rejecting argument that "auditors are different from legal counsel," in ordering party to produce its documents in possession of its auditors concerning services performed for party).

jeopardized this longstanding, ongoing and extensive relationship by refusing to provide these four documents to Defendants, had they but asked. *See MTB Bank*, 1998 WL 43125, at *5. Indeed, although Mr. Etgar states in his Declaration that he never discussed the documents at issue with his clients, that he "considers" the documents to be his, and that "[i]n accordance with [his] practice," such documents would "probably" never be given to his clients, nowhere does Mr. Etgar say that he would refuse to provide such documents to Defendants if so requested.[4] This omission is fatal to Defendants' position. *See Johnson v. Askin Capital Mgmt., L.P.*, 202 F.R.D. 112, 114 (S.D.N.Y. 2001) (Sweet, J.) (holding that party had control of document in possession of its counsel where counsel's declaration "fail[ed] to suggest that [counsel] would have withheld the [document] if asked to produce it"). Accordingly, Defendants should also be deemed to be in control for this reason as well.

---

[4] Indeed, there is no evidence in the record that Mr. Etgar would not have produced the subject documents to Defendants if asked.

A/72643829.2

## **CONCULSION**

For the foregoing reasons, Plaintiff L & L Wings, Inc. respectfully requests that the Court find that the four documents at issue are within the possession, custody and control of Defendants for purposes of Federal Rule of Civil Procedure 34(a); and further, for the reasons set forth in its moving and reply papers on the underlying motion, that its motion to compel be granted, with costs and such other relief as the Court may deem appropriate.

Dated: New York, New York.
       September 9, 2008

BINGHAM McCUTCHEN LLP

By:  */s/ John P. Son*
     Richard S. Taffet
     (richard.taffet@bingham.com)
     Diane C. Hertz
     (diane.hertz@bingham.com)
     John P. Son
     (john.son@bingham.com)
     399 Park Avenue
     New York, NY 10022-4689
     Telephone:  (212) 705-7000

     -and-

     Bennett D. Krasner
     (bkrasner@bdklaw.net)
     1233 Beech Street #49
     Atlantic Beach, NY 11509
     Telephone: (516) 889-9353

*Attorneys for Plaintiff*