Slip Copy                                                                                                                                Page 1
Slip Copy, 2007 WL 2088878 (N.D.N.Y.)

Hall v. Voyagers Intern. Tours, Inc.
N.D.N.Y.,2007.
Only the Westlaw citation is currently available.
United States District Court,N.D. New York.
Patrick HALL, as Executor of the Estate of Donald F. Hall, Plaintiff,
v.
VOYAGERS INTERNATIONAL TOURS, INC., Boyd Norton and Wilderness Safaris Namibia, Defendants.
No. 5:01-CV-1375.

July 19, 2007.

Paniccia & Beck, LLP, Alfred Paniccia, Jr., Esq., of counsel, Binghamton, NY, for Plaintiff.
Rubin, Hay & Gould, P.C., Rodney E. Gould, Esq., of counsel, Robert C. Mueller, Esq., of counsel, Framingham, MA, for the Defendants.

### MEMORANDUM-DECISION AND ORDER

Hon. NORMAN A. MORDUE, Chief U.S. District Judge.

### BACKGROUND

**\*1** There are currently three motions before the Court.

1. Defendants Voyagers International Tours, Inc. ("Voyagers") and Boyd Norton ("Norton") (collectively, "defendants") move for summary judgment (Dkt. No. 79);

2. Plaintiff cross-moves for discovery (Dkt. No. 80); and

3. Plaintiff makes a supplemental cross motion to compel discovery (Dkt. No. 89).

This action stems from the death of Donald Hall, plaintiff's decedent, when he was trampled by a wild elephant during a photographic safari to Namibia. Plaintiff sued Voyagers, the tour operator; Norton, the photographic leader of the safari; and Wilderness Safaris Namibia ("Wilderness"), the ground operator and provider of the safari guide. Plaintiff voluntarily dismissed his claims against Wilderness.

### DISCUSSION

**Summary Judgment Motion (Dkt. No. 79)**

The Court has thoroughly reviewed the parties' submissions, including the deposition transcripts. Based on this review, the Court concludes that defendants have not established their entitlement to judgment as a matter of law with respect to plaintiff's claims against Voyagers. There is evidence in the record that, if believed by a jury, would support a determination of direct negligence on the part of Voyagers. Further, there is evidence that would support a determination that Voyagers was vicariously liable for the conduct of Wilderness under a theory of apparent agency or agency by estoppel. Moreover, although it is not strong, the evidence regarding Norton's relationship to Voyagers is sufficient to allow the case to go forward on the theory that Voyagers is vicariously liable for the conduct of Norton.

Further, although again it is not strong, the evidence regarding Norton's role in the tour and his conduct on the day of the attack is sufficient to raise questions of fact regarding whether Norton owed any duty to decedent and whether he was negligent. The Court is aware that duty is a legal question for the Court; here, however, determination of the nature of Norton's duty (if any) depends on determination of underlying factual issues.

The Court rejects defendants' contention that summary judgment is warranted on the ground that as a matter of law the risks posed by wild animals, including elephants, was an open and obvious danger

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

of which decedent was aware. Likewise, the Court rejects defendants' contention that as a matter of law the actions of Homer Papageorge, a tourist from another group, in shouting and throwing rocks constituted a superseding cause severing any connection between Norton's actions and decedent's death. Nor can it be said on this record that plaintiff's failure to designate experts is fatal to his claims. Defendants' motion for summary judgment is denied in all respects.

**Plaintiff's Cross Motion for Discovery (Dkt. No. 80)**

Plaintiff cross moves (Dkt. No. 80) for discovery of documents, stating that he became aware of their existence during the telephonic depositions of Andy Payne and Dave van Smeerdijk, employees or agents of Wilderness or its parent company. As noted, Wilderness is no longer a party to this action. Rodney E. Gould, Esq., counsel for Voyagers and Norton, also represented Wilderness while it was a defendant and at the depositions of Payne and van Smeerdijk. Plaintiff did not attempt to obtain the documents directly from Wilderness.

*2 The documents in issue are as follows:

1. Statements made by several members of the Norton group.

2. Statements made by two Wilderness guides who were at the site of the elephant attacks, identified as Patrick Stevens and Charles Rhyn.

3. Statements made by Boyd Norton.

4. A report/statement made by a psychologist who was brought to the Damaraland camp by Wilderness on the day of the attack for the purpose of speaking to members of the Norton group and others. (Apparently, the psychologist disclosed his findings to Wilderness.)

5. Statements by a number of Wilderness employees.

6. Photographs.

7. Files pertaining to the Wilderness driver known as Patrick.

If these documents had been in the defendants' possession, custody, or control, plaintiff would have been entitled to their production in the absence of privilege or some other ground for protection. *See* Fed.R.Civ.P. 34. Here, on the record before the Court, it appears that defendants Voyagers and Norton essentially enjoyed constructive possession, **custody**, or **control** of any of these documents that came into possession, **custody**, or **control** of their **attorney** by virtue of his concurrent representation of Wilderness. Gould states that he did not disclose any such documents to Voyagers and Norton; nevertheless, it appears that he knows what is in them and had the opportunity to consider whether or not they would assist in the defense of Voyagers and Norton.[FN1] Plaintiff does not share the same benefit. Under these circumstances, plaintiff is entitled to disclosure of any and all responsive documents within the possession, **custody**, or **control** of defendants or their **counsel**.

> FN1. The cases relied upon by defendants are distinguishable on this ground.

In opposition, defendants assert attorney-client, work-product and psychotherapist/patient privilege. On the present record, the Court cannot determine the existence of privilege with respect to each document in issue.

Accordingly, plaintiff's motion for production of documents is granted to the extent that defendants and their counsel are directed to disclose any and all responsive documents within their possession, custody, or control within 20 days from the date of this order, unless within that time defendants move for a protective order and produce the documents to the court for *in camera* review accompanied by a detailed declaration specifying the following with respect to each document: the basis for asserting that it is privileged; whether it is within the posses-

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

sion, custody or control of counsel, Voyagers, and/or Norton; whether it was reviewed by Payne and/or van Smeerdijk to prepare for their depositions; whether defendants' counsel orally reviewed it with Payne, van Smeerdijk, Voyagers, and/or Norton; any other relevant information. With respect to any responsive documents not produced to the Court for *in camera* review, defendants and/or counsel shall explain why they were not produced. All factual assertions shall be made under penalty of perjury by a person with first-hand knowledge.

**Plaintiff's Supplemental Cross Motion (Dkt. No. 89)**

**\*3** District Judge Donald E. Walter issued an Order (Dkt. No. 94) granting defendants' motion (Dkt. No. 88) to supplement their summary judgment motion with a declaration from Boyd Norton. Attached to the declaration were a number of color photographs which defendants had previously produced only in black and white. Plaintiff's counsel did not object to the supplementation of the motion, but seeks to depose Norton in person regarding the photographs. Norton's deposition has not yet been completed and was to be completed by telephone. Plaintiff argues that Norton should be deposed in upstate New York, not in Denver, Colorado, where he resides, since the need for an in-person deposition results from defendants' disclosure delays.

Plaintiff is entitled to a further opportunity to depose Boyd Norton. Plaintiff may do so telephonically at any time. If, after further deposing Norton by telephone, plaintiff still desires to depose him in person, plaintiff may do so the day prior to the commencement of trial, at the location where the trial is scheduled to take place.

Plaintiff further requests that defendants be compelled to respond to plaintiff's document demand dated March 8, 2006. Defendants' counsel states that the failure to respond was inadvertent and that defendants have located the document. If defendants have not yet provided it to plaintiff's counsel, they should do so within 10 days of the date of this order.

**CONCLUSION**

It is therefore

ORDERED that the motion for summary judgment (Dkt. No. 79) by defendants Voyagers International Tours, Inc. and Boyd Norton is denied; and it is further

ORDERED that plaintiff's cross motion for discovery (Dkt. No. 80) is granted as follows:

Defendants and their counsel are directed to disclose any and all responsive documents within their possession, custody, or control within 20 days from the date of this order, unless within that time defendants move for a protective order and produce the documents to the court for *in camera* review accompanied by a detailed declaration specifying the following with respect to each document: the basis for asserting that it is privileged; whether it is within the possession, custody or control of counsel, Voyagers, and/or Norton; whether it was reviewed by Payne and/or van Smeerdijk to prepare for their depositions; whether defendants' counsel orally reviewed it with Payne, van Smeerdijk, Voyagers, and/or Norton; and any other relevant information. With respect to any responsive documents not produced to the Court for *in camera* review, defendants and/or counsel shall explain why they were not produced. All factual assertions shall be made under penalty of perjury by a person with first-hand knowledge.

and it is further

ORDERED that plaintiff's supplemental cross motion to compel discovery (Dkt. No. 89) is granted as follows:

Plaintiff may depose Norton telephonically at any time. If, after further deposing Norton by telephone, plaintiff still wishes to question him in person,

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

plaintiff may do so the day prior to the commencement of trial, at the location where the trial is scheduled to take place.

**\*4** If defendants have not yet responded to plaintiff's document demand dated March 8, 2006, they are directed to do so within 10 days of this order.

IT IS SO ORDERED.

N.D.N.Y.,2007.  
Hall v. Voyagers Intern. Tours, Inc.  
Slip Copy, 2007 WL 2088878 (N.D.N.Y.)

END OF DOCUMENT

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.